UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased,**

    Plaintiff,

VS.                                                               2:23-cv-02224-MSN-atc

**CITY OF MEMPHIS, a municipality,
CHIEF CERELYN DAVIS in her
official capacity,
EMITT MARTIN III in his individual capacity,
DEMETRIUS HALEY in his individual capacity,
JUSTIN SMITH in his individual capacity,
DESMOND MILLS, Jr. in his individual capacity,
TADARRIUS BEAN in his individual capacity,
PRESTON HEMPHILL in his individual capacity,
ROBERT LONG in his individual capacity,
JAMICHAEL SANDRIDGE in his individual capacity,
MICHELLE WHITAKER in her individual capacity, and
DEWAYNE SMITH in his individual capacity and as
an agent of the City of Memphis,**

    Defendants.

---

### MOTION OF DEFENDANT, DEMETRIUS HALEY, TO STAY CIVIL PROCEEDINGS UNTIL CRIMINAL PROCEEDINGS ARE RESOLVED AND MEMORANDUM IN SUPPORT THEREOF

---

Demetrius Haley moves the Court to stay or suspend the proceedings in this cause of action including, but not limited to, civil discovery, including, the taking of depositions, written discovery, and requests for production of documents of Defendant, motions (both dispositive and otherwise), and any efforts at mediation, arbitration or any other efforts toward resolution of the

1

matter through alternative means for so long as this there are active criminal proceedings against Defendant. As grounds for this motion, Demetrius Haley would state and show as follows:

On January 26, 2023, Demetrius Haley, along with certain other defendants in this case, was indicted in the Criminal Court of Shelby County, Tennessee, alleging that Haley and others were criminally responsible for the death of Tyree Nichols on January 7, 2023, in Memphis, Shelby County, Tennessee. A copy of the indictment is attached hereto as Exhibit 1. Haley has been arraigned on the criminal charges and the criminal case is being actively litigated with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court. Defendant further anticipates that a federal criminal indictment is forthcoming.

Haley is requesting that the proceedings in this case be suspended or stayed until the criminal charges against him are resolved. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977). See also, Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983)("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."); Wehling v. Columbia Broadcasting System, 608 F.2d. 1084, 1088-1089 (5th Cir. 1979)(Finding that the district court abused its discretion in refusing to stay discovery).

District courts balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case considering: (1) the extent to which the issues in the

criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* An additional factor is "the extent to which the defendant's fifth amendment rights are implicated." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).

Here, there is a clear overlap between the civil and the criminal proceedings. The criminal charges came quickly. This civil case was filed shortly after the criminal case was initiated by state indictment. Both charging instruments, the complaint in the civil case and the indictment in the criminal case, allege the same facts. There have already been a number of court appearances by the defendants in the criminal case.

Discovery in the criminal case continues to be exchanged. Discovery is typically more limited in a criminal case. Rule 16 of the Rules of Criminal Procedure only offers four categories of discovery available to the criminal defendant. Civil discovery, on the other hand, is much broader. The plaintiff in the civil case may attempt to use the broader discovery available to them at the risk of infringing the constitutional rights of the criminal defendant against self-incrimination.

A stay of a civil case is most appropriate where, as here, a party to the civil case has already been indicted for the same conduct. An incriminating statement made by a defendant during the course of a deposition taken under oath could be unduly prejudicial. The answer to written interrogatories requires that the answers be sworn to by the defendant, thus creating a potential admission against interest.

Even filing an answer to the civil complaint could result in statements that could be used

3

against the defendant in the criminal case. That, of course, could be avoided by the defendant exercising his Fifth Amendment privilege on the record. But that scenario is of no benefit to either side and a waste of time and money. On the other hand, the prejudice of the passage of time to the civil plaintiff is slight since the criminal case will likely be quickly resolved due to Speedy Trial considerations. FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611 (6th Cir. 2014).

There is a stark contrast between the private interests of the respective parties. Any statement a defendant makes in the course of the civil case, in either an individual or representative capacity, may be used against the defendant in the criminal case as a party admission. Fed. R. Evid. 801. The same protections that secure the defendant's constitutional rights in the criminal forum are not necessarily applicable in the civil case. Even if the defendant exercises his constitutional right and refuses to answer a question in the civil case, the refusal itself could be used in the civil case to draw an adverse inference. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

The defendant is in the position of making a choice: whether to (1) actively defend against the civil suit, likely waiving his Fifth Amendment right against self-incrimination and risking the use of his statements against him in the criminal proceedings; or (2) passively defending the civil case, likely resulting in a sizable civil judgment against him. For example, if the civil plaintiff opts to seek summary judgment on one or more issues in the civil proceedings, the criminal defendants would be ham-strung in their efforts to fight it without risking the valuable constitutional right to remain silent.

The most important factor is the balance of the hardships. International Brotherhood of Electrical Workers v. AT&T Network System, 879 F.2d 864 (6th Cir. 1989). The criminal defendant faces the prospect of life imprisonment. The civil plaintiff is seeking money damages

only. The defendants have all been relieved of law enforcement duties and thus pose no danger to the public.

The factors weigh heavily in favor of delaying the civil proceedings until the criminal proceedings are resolved.

WHEREFORE, Defendant Demetrius Haley hereby moves for a stay of the civil proceedings until the criminal proceedings have been resolved.

Respectfully submitted,
LAW OFFICE OF STEPHEN R. LEFFLER, P.C.

s/Stephen R. Leffler    #11038
Attorney for Defendant
1519 Union Ave., Box 212
Memphis, Tennessee 38104
(901) 527-8830
Stephen@LefflerLaw.com

**CERTIFICATE OF CONSULTATION**

Defendant, Demetrius Haley, certifies, through counsel, that counsel has discussed the motion with counsel for Plaintiff and that Plaintiff objects to the relief sought.

s/Stephen R. Leffler