UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased,

    Plaintiff,

VS.                                        2:23-cv-02224-MSN-atc

CITY OF MEMPHIS, a municipality,
CHIEF CERELYN DAVIS in her
official capacity,
EMITT MARTIN III in his individual capacity,
DEMETRIUS HALEY in his individual capacity,
JUSTIN SMITH in his individual capacity,
DESMOND MILLS, Jr. in his individual capacity,
TADARRIUS BEAN in his individual capacity,
PRESTON HEMPHILL in his individual capacity,
ROBERT LONG in his individual capacity,
JAMICHAEL SANDRIDGE in his individual capacity,
MICHELLE WHITAKER in her individual capacity, and
DEWAYNE SMITH in his individual capacity and as
an agent of the City of Memphis,

    Defendants.

---

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
EMMITT MARTIN'S MOTION TO STAY
CIVIL PROCEEDINGS UNTIL CRIMINAL PROCEEDINGS ARE RESOLVED**

---

    COMES NOW, Emmitt Martin, III and moves the Court to stay or suspend the proceedings in this cause of action, including, but not limited to, motions (both dispositive and otherwise), civil discovery, including but not limited to the taking of depositions of defendants, written discovery, and requests for production of documents, the amendment of pleadings and

1

any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means for so long as this there are active criminal proceedings against Defendant, Emmitt Martin, III.

I.

*Brief Statement of Facts*

Defendant, Emmitt Martin, III states as follows:

On January 26, 2023, Emmitt Martin, along with individually named Defendants, Demetrius Haley, Tadarrius Bean in this case, was indicted in the Criminal Court of Shelby County, Tennessee, alleging that Haley, Bean, and Martin others were criminally responsible for the death of Tyree Nichols on January 7, 2023, in Memphis, Shelby County, Tennessee. Martin has been arraigned on criminal charges and the criminal case is being actively litigated with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court. Martin is requesting that the proceedings in this case be suspended or stayed until the criminal charges against him are resolved.

II.

*Applicability of Stay To Civil Proceedings*

The Sixth Circuit has spoken to the issues raised within this Motion. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). *See also,* Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)

("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

A reviewing court will typically apply a deferential standard to the decision of the district court. *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 267 (6th Cir. 2001). That standard has been adopted due to the fact that "[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy." *United States v. Ogbazion,* No. 3:12-cv-95, 2012 U.S. Dist. LEXIS 136016, 2012 WL 4364306, at *1 (S.D. Ohio Sept. 24, 2012). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012). *See also, Plain Dealer Publishing Co. v. City of Lakewood,* 794 F.2d 1139, 1148 (6th Cir. 1986) ("Under the abuse of discretion standard, an appellate court may overturn a lower court's ruling only if it finds that the ruling was arbitrary, unjustifiable or clearly unreasonable.").

"Nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings," *S.E.C. v. Novaferon Labs, Inc.*, 941 F.2d 1210 (6th Cir. 1991). As a result, district courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao*, 498 F. Supp. 2d at 1037.

District courts balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case considering: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case,

including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* Additional factors for this Court to consider exist in the form of Fifth Amendment considerations for the named Defendants in the case at hand, "the extent to which the defendant's fifth amendment rights are implicated." *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995).

  The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself." *See*, U. S. Constitution, Amendment V. The Fifth Amendment offers persons the right against self-incrimination which can occur in a civil context through many avenues including written discovery and oral deposition testimony. Because of the possibility of the use of statements in a civil proceeding against a party in a subsequent criminal proceeding, attorneys for individuals facing the possibility of parallel civil and criminal proceedings must remain cognizant of the fact that their representations in a civil proceeding could be used against their clients in future criminal prosecutions.

  "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council,* 565 F.2d at 396. The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *International Brotherhood of Electrical Workers v. AT&T Network System,* 879 F.2d 864 (6th Cir. 1989).

  There is a clear overlap between the civil and the criminal proceedings. The criminal

4

charges came quickly after the incident and this civil case was filed shortly after the criminal case was initiated. Both charging instruments, the Complaint in the civil case and the indictment in the criminal case, allege the same facts. There have already been a number of court appearances by the defendants in the criminal case.

Discovery in the criminal case continues to be exchanged. Discovery is typically more limited in a criminal case. Rule 16 of the Rules of Criminal Procedure only offers four categories of discovery available to the criminal defendant. Civil discovery, on the other hand, is much broader. There is a tendency for the plaintiffs in the civil case to attempt to use the broader discovery available to them at the risk of infringing the constitutional rights of the criminal defendants against self-incrimination.

A stay of a civil case is most appropriate where, as here, a party to the civil case has already been indicted for the same conduct. An incriminating statement made by a defendant during the course of a deposition could be devastating. In this matter, the Complaint itself is more than 140 pages in length and even *filing an answer* could result in statements that could be used against Defendant Martin in the criminal case or a full waiver of the privilege against self-incrimination. That, of course, could be avoided by the Defendant exercising his Fifth Amendment privilege on the record. But that scenario is of no benefit to neither side and a waste of time and money. On the other hand, the prejudice of the passage of time to the civil plaintiffs is slight since the criminal case will likely be quickly resolved due to Speedy Trial considerations. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014).

There is a stark contrast between the private interests of the respective parties. The criminal defendants face the prospect of life imprisonment. The Plaintiffs' in this cause are

5

seeking massive money damages as the sole form of remedy. The Defendant, Officers in this cause and Martin specifically have all been relieved of law enforcement duties and thus pose no danger to the public. If the civil Plaintiffs opt to seek summary judgment on one or more issues in the civil proceedings, the criminal Defendants would be ham-strung in their efforts to fight it without risking the valuable constitutional right to remain silent. This request to stay in is not made for the purposes of delay but based on constitutional considerations and efficiency of the civil court processes.

The factors weigh heavily in favor of delaying the civil proceedings until the criminal proceedings are resolved.

### III.

*Conclusion*

WHEREFORE, Defendant Emmitt Martin, III hereby moves for a stay of all civil proceedings until the criminal proceedings have been resolved.

RESPECTFULLY SUBMITTED,

/s/ Florence M. Johnson
Florence M. Johnson (#015499)
Johnson and Johnson, P.C.
1407 Union Avenue, Suite 1002
Memphis, Tn 38104
(901) 725-7520 Telephone
fjohnson@johnsonandjohnsonattys.com

Attorney for Defendant, EMMITT MARTIN, III

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the listed counsel of record via the Court's ECF electronic filing data base on this the 16th day of June, 2023:

Antonio Romanucci
Bhavani Raveendran
Bryce Thomas Hensley
Sarah M. Raisch
Romanucci & Blandin, LLC
321 North Clark Street, Suite 900
Chicago, IL 60654

David Louis Mendelson
Mendelson Law Firm
799 Estate Place
Memphis, TN 38187-0235


Bruce McMullen
Freeman B. Foster
Jennie Vee Silk
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Ave., Ste 2000
Memphis, TN 38103

Florence M. Johnson
Johnson and Johnson, PC
1407 Union Avenue, Suite 1002
Memphis, Tennessee 38104


Deborah Godwin
Mary Elizabeth McKinney
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 N. Front Street, Suite 800
Memphis, TN 38103
P.O. Box 3290,
Memphis, TN 38173-0290

John Keith Perry
Perry and Griffin, PC
5699 Getwell Rd., Bldg. G5

Southaven, MS 38672

Darrell J. O'Neal
Law Office of Darrell J. O'Neal
2129 Winchester Road
Memphis, TN 38116

Laura Elizabeth Smittick
Smittick Law Firm
242 Poplar Avenue
Memphis, TN 38103

Robert L. J. Spence , Jr
65 Union Avenue, Suite 900
Memphis, TN 38103

                                                /s/ Florence M. Johnson