IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually and as
ADMINISTRATRIX AD LITEM of the Estate of
TYRE DEANDRE NICHOLS, Deceased,

    Plaintiff,

v.                                                                                          No. 2:23-cv-2224-MSN-atc

CITY OF MEMPHIS, a municipality,
CHIEF CERELYN DAVIS, in her official capacity,
EMMITT MARTIN III, in his individual capacity,
DEMETRIUS HALEY, in his individual capacity,
JUSTIN SMITH, in his individual capacity,
DESMOND MILLS, JR., in his individual capacity,
TADARRIUS BEAN, in his individual capacity,
PRESTON HEMPHILL, in his individual capacity,
ROBERT LONG, in his individual capacity,
JAMICHAEL SANDRIDGE, in his individual capacity,
MICHELLE WHITAKER, in her individual capacity,
DEWAYNE SMITH, in his individual capacity, and
as an agent of the City of Memphis,

    Defendants.

---

MOTION OF DEFENDANTS PRESTON HEMPHILL AND DEWAYNE SMITH,
INDIVIDUALY, TO STAY CIVIL CASE PENDING RESOLUTION OF CRIMINAL
PROCEEDINGS AND MEMORANDUM IN SUPPORT

---

    COME NOW, Defendants Preston Hemphill and Dewayne Smith, individually, through Counsel, and file this Motion to Stay all proceedings in this matter, including, but not limited to, pleadings, motions, written discovery, oral depositions, efforts to mediate and/or arbitrate, or any other efforts to resolve this matter through alternative means for as long as there are active, parallel criminal investigations and/or proceedings. In support of this motion, Defendants Hemphill and Smith would incorporate by reference those arguments of Defendant Demetrius Haley as set forth

in his Motion To Stay Civil Proceedings and Memorandum in Support filed in this matter at Docket Entry Number 57, the arguments of Defendant Emmitt Martin, III, in his Motion to Stay Civil Proceedings and Memorandum in Support filed at Docket Entry Number 60, and would further note the following:

I. INTRODUCTION

On January 26, 2023, certain Defendants in this case were indicted in the Criminal Court of Shelby County, Tennessee, for the 30th Judicial District, alleging that they were criminally responsible for the death of Tyree Nichols between January 6, 2023, and January 11, 2023. A copy of the indictment was attached as an exhibit, at Docket Entry Number 57-1, to Defendant Demetrius Haley's Motion To Stay Civil Proceedings. According to Defendant Haley's motion, certain Defendants in this matter have already been arraigned on the criminal charges and the criminal case is being "actively litigated with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court". (D.E. 57, Haley Motion to Stay Civil Proceedings, Page ID 602).

Additionally, federal criminal indictments are anticipated. The Tennessee Bureau of Investigation is investigating the death of Tyre Nichols. The United States Attorney, Kevin G. Ritz, has stated that Nichols' death is an "open investigation" in coordination with the FBI Memphis Field Office and the Civil Rights Division of the United States Department of Justice. (January 18, 2023, Press Release: Statement from United States Attorney Kevin G. Ritz, U.S. Attorney's Office, Western District of Tennessee, https://justice.gov/usao-wdtn/pr/statement-united-states-attorney-kevin-g-ritz). At this time, because it is unclear whether Defendants Hemphill and Smith are the focus of these criminal investigations and/or any resulting criminal charges, Defendants join in Defendants Haley and Martin's Motions, and are requesting a stay of

the civil case pending resolution of the criminal proceedings. Absent a stay, in light of potential criminal exposure, Defendants Hemphill and Smith will have no alternative but to invoke their Fifth Amendment privilege against self-incrimination in any parallel civil proceedings, including this matter.[1]

## II.     ARGUMENT

The interest of justice requires a stay of this civil matter. *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970). It is well established that this Court has discretionary power to stay civil proceedings pending the outcomes of criminal proceedings. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977). See also, *Clinton v. Jones,* 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."); *Wehling v. Columbia Broadcasting System*, 608 F.2d. 1084, 1088-1089 (5th Cir. 1979)(Finding that the district court abused its discretion in refusing to stay discovery). Factors to consider when deciding whether or not to grant a stay include:

1. The plaintiff's interest in moving forward with the civil litigation, and the potential prejudice to plaintiff caused by delay;
2. The burden on the defendant caused by the proceedings;
3. Judicial efficiency;
4. The interests of nonparties; and

---

[1] Pleadings, discovery, and testimony have been considered to be waivers of the Fifth Amendment right against self-incrimination.

      5.   The public interest in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* 457 F.3d 322, 324-25 (9th Cir. 1995).  An additional factor is "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324.

      In this case the listed factors weigh heavily in favor of delaying the civil proceedings until the criminal matters are resolved.  Here, there is a clear overlap between this civil matter and the criminal proceedings, as both matters share the same parties, the identical subject matter, and the same operative facts.  Much of the discovery materials will overlap, and given the fact that civil discovery is much broader, there is a real danger that the broader civil discovery materials will be used to infringe upon the constitutional rights against self-incrimination of any current and potential criminal defendants.[2]  Moreover, any statement a defendant makes in the course of the civil case, in either an individual or representative capacity, may be used against them in the criminal case as a party admission. Fed. R. Evid. 801.  There can be no question that this case has been highly publicized, and as such, the public has a clear interest in the prompt disposition of any related litigation.  However, courts have also held that there is a strong public interest in ensuring that criminal matters proceed untainted by civil litigation.  *Jones v. City of Indianapolis,* 216 F.R.D. 440, 452 (S.D. Ind. 2003).

      In this matter, additional criminal charges have not been ruled out.  The Shelby County District Attorney's Office confirmed "more charges could be filed as part of the 'ongoing investigation' into the death of Tyre Nichols…." (*Officials Aren't Ruling Out More Charges in Tyre Nichols' Death, DA Says,* http://www.cbsnews.com/news/tyre-nichols-district-attorney-additional -charges-possible/).   As more information is discovered during the ongoing

---

[2] The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution.  *Slagowski v. Central Wash. Asphalt,* 291 F.R.D. 563 (D.Nev. July 2, 2013)(quoting *Hoffman v. United States,* 341 U.S. 479, 4860487 (1951)).

investigations, more charges could result. Given the current posture of the criminal matters, many of the defendant officers, including Hemphill and Smith will be forced to invoke their Fifth Amendment Rights in the civil cases rather than participating. Each defendant's decision to invoke his Fifth Amendment right may also impact his co-defendants. *Ruszczyk as Trustee for Ruszczyk v. Noor,* 349 Fed.R.Serv.3d 754,762 (U.S.D.C. D.Minn. 2018). Not only is this a waste of judicial resources, but the resulting negative inference, *Harris v. City of Chicago,* 266 F.3d 750, 753 (7th Cir. 2001), would be highly prejudicial.[3] The Fifth Amendment permits an adverse inference when the privilege against self-incrimination is claimed by a party in a civil case. *Baxter v. Palmigiano,* 425 U.S. 308, 320 (1976). Effective defense of both the civil and criminal proceedings can be impossible. *Koester v. Am. Republic Invs., Inc.,* 11 F.3d 818, 823 (8th Cir. 1993)(internal citations omitted). Defendant Officers should not be forced to choose between claiming their Fifth Amendment privileges and potentially prejudicing their defense in the civil case or testifying and potentially prejudicing their defense of any potential criminal charge. *Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 944 (U.S.D.C., N.D. Ill. East. Div., 2008).

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Preston Hemphill and Dewayne Smith, individually, respectfully request that the Court grant their Motion to Stay these civil proceedings pending the conclusion of the criminal matters.

---

[3] Courts have referred to this predicament as "a Hobson's choice." *Keating v. Office of Thrift Supervision,* 457 F.3d 322, 326 (9th Cir. 1995); *Square 1 Bank v. Lo,* No. 12-CV-05595-JSC, 2014, WL 7206874, at *1 (N.D. Cal. Dec. 17, 2014).

        Respectfully Submitted,

        s/ Deborah Godwin
DEBORAH GODWIN, Bar No. 9972
MARY ELIZABETH MCKINNEY, Bar No. 21597
Attorneys for Defendants Dewayne Smith and Preston Hemphill, Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800
Memphis, TN 38103
Telephone: (901) 528-1702
Facsimile: (901) 528-0246
dgodwin@gmlblaw.com
bmckinney@gmlblaw.com

## CERTIFICATE OF CONSULTATION

I, Deborah Godwin, counsel to Defendants Dewayne Smith and Preston Hemphill, individually, hereby certify that I contacted all counsel via email regarding the relief requested in this Motion. Counsel for Plaintiff has indicated that they object to the stay. Robert Spence, counsel for Defendant M. Whitaker, objects to the requested relief. Laura Smittick and Darrell O'Neal counsel for Defendants J. Sandridge and R. Long respectively also object. Bruce McMullen, Counsel for the City of Memphis objects to the stay. Stephen R. Leffler, Counsel for D. Haley, individually, John Perry, Counsel for T. Bean, individually and Florence Johnson, Counsel for E. Martin, individually, do not object.

        s/ Deborah Godwin

## CERTIFICATE OF SERVICE

    I, Deborah Godwin, hereby certify that on June 16, 2023 I filed a copy of the foregoing with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in this case.

s/ Deborah Godwin