**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

RowVaughn Wells, Individually and as
Administratrix Ad Litem of the Estate of
Tyre Deandre Nichols, deceased.

Plaintiff,

v.

Case No.: 2:23-cv-2224
**JURY DEMANDED**

The City of Memphis, a municipality;
Chief Cerelyn Davis, in her official capacity;
Emmitt Martin III, in his individual capacity;
Demetrius Haley, in his individual capacity;
Justin Smith, in his individual capacity;
Desmond Mills, Jr., in his individual capacity;
Tadarrius Bean, in his individual capacity;
Preston Hemphill, in his individual capacity
Robert Long, in his individual capacity;
JaMichael Sandridge, in his individual capacity;
Michelle Whitaker, in her individual capacity;
DeWayne Smith, in his individual capacity and
as an agent of the City of Memphis,

Defendants.

---

**DEFENDANT MICHELLE WHITAKER'S COMBINED RESPONSE IN OPPOSITION TO MOTIONS TO STAY CIVIL CASE PENDING RESOLUTION OF CRIMINAL PROCEEDINGS FILED BY DEFENDANTS PRESTON HEMPHILL, DEWAYNE SMITH, EMMITT MARTIN, DEMETRIUS HALEY AND TADDARRIUS BEAN**

---

**COMES NOW**, Defendant, Michelle Whitaker (hereinafter referred to as "Defendant Whitaker"), by and through undersigned counsel of record, and files her Combined Response in Opposition to the Motions to Stay Civil Case Pending Resolution of Criminal Proceedings ("Motions") filed by Defendants Preston Hemphill (hereinafter referred to as "Defendant

Hemphill"),[1] Dewayne Smith (hereinafter referred to as "Defendant Smith"),[2] Emmitt Martin (hereinafter referred to as "Defendant Martin"),[3] Demetrius Haley (hereinafter referred to as "Defendant Haley"),[4] and Taddarrius Bean (hereinafter referred to as "Defendant Bean")[5] (collectively referred to hereinafter as "Police Officer Defendants").

## I. INTRODUCTION

The Police Officer Defendants' Motions raise legitimate concerns and should not be taken lightly. The right provided by the Fifth Amendment to be free from self-incrimination is fundamental and the existence of parallel criminal and civil proceedings may impair this right if left unaddressed. However, broad and all-encompassing motions similar to those filed by the Police Officer Defendants invoke a multitude of competing concerns, not the least of which is the right of other Parties to timely and expeditiously resolve litigation without it stalling out for years.

The Police Officer Defendants request a total stay of these proceedings, instead of a temporary or partial stay of discovery as to themselves individually. Defendant Whitaker opposes the Motions primarily because they are overly broad and, if granted, would bring this case to a complete stop. Such a ruling is not necessary to protect the rights of the Police Officer Defendants, especially when the Court can institute appropriate safeguards through a carefully sculpted discovery plan that protects their Fifth Amendment rights.

Specifically, Defendant Whitaker proposes that rather than order a complete stay as requested by the Police Officer Defendants, this Court should instead enter an order that provides for a limited or partial stay of discovery. Specifically, Defendant Whitaker proposes that this Court

[1] Doc. 62. Defendant Hemphill has not been indicted.
[2] Doc. 62. Defendant Smith has not been indicted.
[3] Doc. 60.
[4] Doc. 57.
[5] Doc. 70.

enter a discovery plan that provides for the following safeguards while the parallel criminal proceedings are on-going:

1) Police Officer Defendants may refrain from filing a responsive pleading to the Complaint;[6]

2) Police Officer Defendants may refrain from serving responses to written discovery; and

3) Police Officer Defendants may refrain from sitting as witnesses for depositions.

In addition to the above proposed discovery plan, the Court can also provide further protection through the entry of orders that address the following matters:

1) A Protective Order that restricts access to documents; and
2) A Protective Order that prohibits parties from disseminating discovery documents or transcripts of depositions.

With these limitations (and maybe others) in place, the rights of the Police Officers Defendants will not be compromised **and** they will permit the remaining Parties to fully participate in discovery to keep this matter moving forward and facilitate an earlier disposition. There is no sound reason to bring the totality of this case to a complete halt for an indefinite period of time when reasonable alternatives exist which, when implemented, would permit this litigation to proceed without infringing upon the Police Officer Defendants' Fifth Amendment rights. Further, allowing the case to still move forward in this manner will allow for the development of necessary evidence for Defendant Whitaker to properly mount her defense in this matter.

[6] In these proceedings the Police Officer Defendants currently fall into two classes: i) those that are presently indicted (Bean, Haley, Martin, Mills and Justin Smith) and, ii) those that may be under criminal investigation, but have not yet been indicted (Hemphill and Dewayne Smith). If Defendants Hemphill and Dewayne Smith are not indicted within a reasonable period of time, the Court should review any limited or partial stay order as it pertains to them.

Accordingly, Defendant Whitaker respectfully requests that the Court deny Defendants' Motion and instead impose a limited or partial stay of discovery, either as set forth above or at the discretion of the Court.

## II. LEGAL ARGUMENT

### A. Legal Standard

The power to stay proceedings stems from a court's ability "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Williams v. Webster Cnty., Kentucky*, No. 4:21-CV-00093-JHM, 2022 WL 1156967, at *1 (W.D. Ky. Apr. 19, 2022). Courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). Nonetheless, "a stay of a civil case is an extraordinary remedy," and "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." *Id.*

When considering whether to stay civil proceedings, district courts consider the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Johnson, next friend of C.P.S. v. Hamilton Cnty. Gov't*, No. 1:19-CV-329, 2020 WL 6479558, at *1 (E.D. Tenn. Feb. 26, 2020). District courts also consider "the extent to which the defendant's Fifth Amendment rights are implicated and whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* Additionally, district courts have concluded

that "**a general stay of all civil discovery is not by any means the best option available to the court or to the litigants" and have stated that its preferable to "allow civil proceedings to progress as much as possible without prejudicing the relative interests of the litigants**." *D.R. v. Bigda*, No. 3:20-CV-30085-MGM, 2021 WL 1080244 at *1 (D. Mass. Mar. 18, 2021) (citing *Green v. Cosby*, 177 F. Supp. 3d 673, 678-79 (D. Mass. 2016) (emphasis added).

**B. This Court Should Deny Defendants' Motion and Instead Impose a Limited Stay**

As stated above, this Court should deny in part the Police Officer Defendants' Motions and instead impose a limited stay, which permits the Police Officer Defendants to refrain from:

- Answering the Complaint;
- Responding to written discovery; and
- Sitting for depositions as a witness.

Since complete stays are disfavored by courts, particularly when other alternatives exist that will allow the case to proceed without infringing upon Fifth Amendment rights, Defendant Whitaker's proposal herein effectively quells any legitimate concern raised by Defendants' Motions. Not only will a limited or partial stay protect the Police Officer Defendants' constitutional rights, it also addresses Defendant Whitaker's legitimate concerns with, in essence, putting this case on the shelf until the conclusion of criminal proceedings.[7] *See ING Bank v. Korn*, No. C09-124Z, 2009 U.S. Dist. LEXIS 138314, at *15 (W.D. Wash. July 8, 2009) (stating that a stay should be narrowly tailored to protect the rights of the indicted defendants); *Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2020 U.S. Dist. LEXIS 84075, at *6 (D. Me. May 13, 2020) (reasoning that the un-indicted parties have an interest in concluding the civil matter without undue delay).

[7] A complete stay would notably impede the timely adjudication of Defendant Whitaker's constitutional rights in this matter.

Defendant Whitaker's proposed limited stay or similar partial stays have been implemented in other cases with similar facts. For instance, in *D.R. v. Bigda*, a police officer faced multiple charges relating to an incident where he was alleged to have used excessive force. No. 3:20-cv-30085-MGM, 2021 U.S. Dist. LEXIS 52067, at *3 (D. Mass. Mar. 18, 2021). Instead of granting the defendant the complete stay he requested, the trial court instead entered a scheduling order which expressly did not require him "to answer interrogatories, requests for admissions, or give deposition testimony until his criminal trial is completed to verdict." *Id.* at *1.

Accordingly, since another viable alternative exists that would allow this matter to progress without implicating the Police Officer Defendants' Fifth Amendment rights, the complete stay requested by the Police Officer Defendants is unnecessary and unwarranted.

## III. CONCLUSION

For the foregoing reasons, the Police Officer Defendants' Motions should be denied, in part, to the extent that they seek a complete stay. Rather, the Court should adopt a limited stay alternative, an example of which is set forth herein, which would protect the interests of all of the Parties, including the Fifth Amendment Rights of the Police Officer Defendants.

Respectfully submitted,

**SPENCE PARTNERS**

By: /s/ Jarrett M.D. Spence
Robert L. J. Spence, Jr. (BPR #12256)
Jarrett M.D. Spence (BPR #34577)
Andrew M. Horvath (BPR #33862)
Cotton Exchange Building
65 Union Avenue
Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
jspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com

*Attorneys for Defendant Michelle Whitaker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2023, true and correct copy of the foregoing has been filed with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in the case.

/s/ Jarrett M.D. Spence