IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224 JURY DEMAND |
| THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILL, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**RESPONSE OF DEFENDANTS, THE CITY OF MEMPHIS AND CHIEF CERELYN DAVIS IN HER OFFICIAL CAPACITY, IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY CIVIL PROCEEDINGS UNTIL CRIMINAL PROCEEDINGS ARE RESOLVED**

Defendants, the City of Memphis ("the City") and Chief Cerelyn Davis in her Official

Capacity ("Chief Davis") (collectively, "the City Defendants"), file this response in opposition to

1

the Motions to Stay Civil Proceedings filed by Defendants Demetrius Haley ("Haley") (ECF No. 57), Emmitt Martin III ("Martin") (ECF No. 60), Preston Hemphill ("Hemphill") (ECF No. 62), Dewayne Smith ("Lt. Smith") ("ECF No. 62), and Defendant Tadarrius Bean's ("Bean") Joinder to Motions to Stay Civil Proceedings Until Criminal Proceedings are Resolved (ECF No. 70).

## I.     BACKGROUND

On January 26, 2023, five former Memphis Police Department officers, Defendants Haley, Martin, Bean, Justin Smith ("J. Smith"), and Desmond Mills, Jr. ("Mills) (collectively, "Indicted Defendants"), were indicted in the Criminal Court of Shelby County, Tennessee, in connection with the death of Mr. Tyre Nichols. The five Indicted Defendants were arraigned on the criminal charges. No trial date has been set in any of the criminal proceedings.

On April 19, 2023, Plaintiff, RowVaughn Wells, Individually and as Administratrix Ad Litem for the Estate of Tyre Deandre Nichols ("Plaintiff"), filed this civil action against numerous defendants including the City, Chief Davis in her official capacity, seven former Memphis police officers in their individual capacities, three former Memphis EMTs in their individual capacities, and Lt. Smith as an agent of the City. (*See* Compl., PageID 1.) Of the eleven individual defendants, only five were indicted, while the remaining six individual defendants—namely Chief Davis, Defendant Preston Hemphill, the three former Memphis EMTs, and Lt. Smith—have not been indicted.

On June 16, 2023, Defendants Haley, Martin, Hemphill, and Lt. Smith filed their Motions to Stay,[1] asking this Court to stay or suspend the instant action "including, but not limited to, civil

---

[1] Bean filed his Joinder Motion to Stay on June 26, 2023. (ECF No. 70.) As of today, Defendants Haley, Martin, and Bean are the only Indicted Defendants to file a motion to stay the civil action pending the outcome of the criminal proceedings. The only unindicted defendants to file a motion to stay the civil action are Defendants Preston Hemphill and Lt. Smith.

4884-5614-9869

discovery, including, the taking of depositions, written discovery, and requests for production of documents of Defendant…," pending the outcome of the criminal proceedings against them. (Motion to Stay, ECF No. 57, PageID 601-602.) Additionally, these Defendants seek to stay "motions (both dispositive and otherwise), and any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means for so long as this there are active criminal proceedings against Defendant." *(Id.)* They assert that the "criminal case is being actively litigated with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court." *(Id.)* These Defendants argue that a stay will prevent them from dealing with certain issues that may arise in the event that criminal and civil proceedings went forward simultaneously. (*Id*. at PageID 603-604.) Moreover, they argue that an incriminating statement made by them during the course of a deposition "could be unduly prejudicial", answering written interrogatories could create "a potential admission against interest", and "[e]ven filing an answer to the civil complaint could result in statements that could be used against the defendant in the criminal case." (*Id.*) According to Defendants, a failure to stay the civil proceeding could undermine their Fifth Amendment privilege against self-incrimination. *(Id.)* They further assert that federal criminal indictments are "forthcoming" and "anticipated." (*Id*. at PageID 602.)

Defendants Hemphill and Lt. Smith, two of the six unindicted individuals, further claim that Mr. Nichols' death is being investigated by the Tennessee Bureau of Investigation, the FBI Memphis Field Office, and the Civil Rights Division of the United States Department of Justice. (ECF No. 62, PageID 635.) They allege that "it is unclear whether [they] are the focus of these criminal investigations and/or any resulting criminal charges…". *(Id*.)

The particular circumstances of this case and the competing interests of the parties involved in this matter, however, weigh in favor of denying the Motions to Stay. Alternatively, if this Court

is inclined to grant the Motions to Stay, the City Defendants contend that any stay in this matter should be limited in scope. As such, the City Defendants propose the following parameters for a limited stay:

1. Defendants Haley, Martin, and Bean[2] will be granted a stay with regard to filing an Answer to the Complaint or any amended Complaint until the criminal proceedings have concluded by verdict, plea, or judgment;

2. Defendants Haley, Martin, and Bean will be granted a stay with regard to answering any discovery that requires their sworn testimony, such as interrogatories and depositions;

3. Defendants Haley, Martin, and Bean will not be granted a stay with regard to responding to Requests for Production of Documents filed by any party; and

4. The civil cases of Defendants Hemphill and Lt. Smith will not be stayed.

A partial stay as proposed by the City Defendants would protect the interests of the parties, while allowing this case to move forward without undue prejudice to the parties or the public interest.

## II. LAW AND ARGUMENT

It is clear that "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings*." S.E.C. v. Novaferon Labs, Inc.*, No. 91–3102, 941 F.2d 1210, 1991 WL 158757, at *2 (6th Cir. 1991). While district courts have "broad discretion in determining whether

---

[2] The City Defendants note that two of the Indicted Defendants, J. Smith and Mills, have not filed Motions to Stay, but the City Defendants are not opposed to the same limited stay applying to them, as well.

to stay a civil action while a criminal action is pending or impending,"... "[a] stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao*, 498 F. Supp. 2d at 1037.

The decision to stay a case requires an examination of the specific circumstances, considering the competing interests involved. *Id.* District courts in this circuit generally consider and balance the following factors when determining whether a stay of civil proceedings is appropriate in a given case:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (internal quotation marks omitted). Courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quotations and citations omitted). The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. 1989) (internal citations omitted). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Based on these factors, the moving Defendants failed to establish that a total and indefinite stay is warranted under the circumstances of this case.

### A. The extent to which the issues in the civil and criminal cases overlap weighs against a complete stay.

Because Defendants Hemphill and Lt. Smith were not indicted, and no charges were brought against them, they have no pending criminal case to overlap with this civil action. "In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted." *Chao*, 498 F. Supp.2d at 1037 (citing cases). Pre-indictment requests for a stay usually are denied "because the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial. *State Farm Mut. Auto. Ins. Co. v. Beckham–Easley*, No. Civ. A. 01–5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept.18, 2002) (citations omitted). Some courts have expressed that, where a defendant filing a motion to stay has not been indicted, the motion may be denied on that ground alone. *Id.* (citations omitted).

Defendants Hemphill and Lt. Smith argue that certain state and federal agencies are investigating Mr. Nichols' death and, thus, a complete stay is warranted in this matter. They have failed, however, to provide any evidence that they are the targets of an investigation or any information as to the specific focus of the investigation. In fact, they acknowledge that it is "unclear" whether they are the focus of a criminal investigations or any resulting criminal charges. (*See* ECF No. 62, PageID 635.) Without evidence that they are in fact the focus of a parallel criminal investigation, unindicted Defendants Hemphill and Lt. Smith have not demonstrated that a complete stay is justified.

Plaintiff's 138-page Complaint consists of 897 allegations against twelve defendants. Importantly, Plaintiff's claims against the Indicted Defendants are different from her claims against the EMT Defendants, who allegedly failed to render aid to Tyre when they arrived on the scene, and different from the claims against the City of Memphis for failure to train and supervise

its officers. While there is overlap between this civil action and the criminal cases of the five Indicted Defendants, the extent of the overlap is not global enough to warrant a complete stay of the case.

### B. The status of the criminal case and the City's interest in proceeding expeditiously weigh against staying this matter indefinitely.

Staying this case would needlessly delay this matter for an indeterminate amount of time. While the criminal cases against the Indicted Defendants have been pending since January of 2023, no trial dates have been scheduled in any of their criminal cases. It could be literally years before the Indicted Defendants go to trial, especially given the recent data on the backlog and infrequency of trials in the Shelby County Criminal Court system.[3]

This lawsuit presents the potential for significant and uncertain contingent exposure to the City, and that uncertainty could extend through two, and possibly three, different City administrations. Moreover, discovery could become difficult due to the passage of time and the fading memory of witnesses.

The City Defendants, thus, have a significant in interest in moving this case forward towards closure, which would be impeded by a complete stay of the case. Moreover, it is doubtful that the parties, if they chose, could conduct informed, productive negotiations absent the information needed to assess the strengths and weaknesses of their own and each other's positions for possible settlement, as would be the case if the case is stayed indefinitely. *See, e.g., eBay Inc. v. Bidder's Edge Inc.*, 2000 WL 1863564, at *4 (N.D. Cal. July 25, 2000) ("[D]iscovery will educate the parties ... and will facilitate settlement."); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D.

---

[3] Julia Baker, Recipe for a Backlog: 10,557 Adult Arrests in 2022, and 35 Criminal Court Trials, Daily Memphian, January 14, 2023, last accessed June 30, 2023.

281, 286 (C.D. Cal. 1998) ("[O]ne of the purposes behind the broad federal discovery rules is to facilitate settlement....").

Thus, this factor does not weigh in favor of an indefinite and total stay of the case.

### C. The interests of fairness and potential prejudice to the City Defendants of a complete and indefinite stay far outweigh any burden on the indicted and unindicted Defendants.

As explained above, the City Defendants have an interest in concluding this litigation expeditiously. This interest far outweighs the burden on the Indicted Defendants of a limited stay.

If the Court grants the City Defendants' proposed limited stay as to the Indicted Defendants, the burden on those individuals will be minimal. They will not be required to answer the complaint; nor will they be required to testify under oath in the form of interrogatory answers or deposition testimony. This essentially eliminates the Fifth Amendment implications of allowing the case to proceed. While the impact of parallel criminal and civil proceedings on a defendant's Fifth Amendment rights is a factor in determining whether to grant a stay, "it is only one consideration to be weighed against others." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995). Moreover, because Defendants Hemphill and Lt. Smith have not been indicted, they face little risk of burdening their Fifth Amendment rights by proceeding in the instant case.

This factor, therefore, weighs in favor of denial of a complete stay.

### D. The court's interest would not be furthered by a complete stay.

An indefinite stay until criminal litigation is concluded would disrupt the civil litigation system. *See, e.g.*, *IBM Corp. v. Brown*, 857 F. Supp. 1384, 1392 (C.D. Cal. 1994) ("A stay would disrupt the court's calendar by indefinitely postponing trial as the defendants' criminal proceedings wend their way through the state criminal justice system."). This fourth factor looks to "the

8

convenience of the court in the management of its cases, and the efficient use of judicial resources." *Keating*, 45 F.3d at 325.

The Indicted Defendants failed to show that the interest of the Court would be furthered by excusing them from participating in this case pending the conclusion of the criminal proceedings against them. Delaying all discovery and other proceedings in the instant case until the resolution of the criminal case will unnecessarily delay the instant case and would not be an "efficient use of judicial resources." *See Keating*, 45 F.3d at 325. If a partial stay were granted as to the Indicted Defendants, efficiency would be furthered by continuing with these proceedings as to all other matters, including discovery regarding the unindicted Defendants and others.

Accordingly, this factor weighs in favor of the partial stay proposed by City Defendants, which allows the parties to move this case forward.

### E. The public's interest will be furthered if a complete stay is denied.

The public's interest is best served with moving forward in this case. The public at large needs closure in this case, and the tax paying citizens of Memphis are best served by having the civil lawsuit resolved expeditiously. Staying this case pending a resolution of criminal proceedings would needlessly delay litigation for an indefinite amount of time, which would serve no one other than the moving Defendants.

### CONCLUSION

For the foregoing reasons, the Court should deny the Motions to Stay, or alternatively implement a partial limited stay, as outlined *supra*, as to the Indicted Defendants only.

9

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Freeman B. Foster (#23265)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendants City of Memphis and Chief Cerelyn Davis in her Official Capacity*

## CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on June 30, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4884-5614-9869