IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ROW VAUGHN WELLS, Individually and as Administratix Ad Litem of the ESTATE OF TYRE DEANDRE NICHOLS, deceased.**

     Plaintiff,

v.

**THE CITY OF MEMPHIS, a municipality; CHIEF OF POLICE CERELYN DAVIS, in her official capacity; EMMITT MARTIN III, in his individual capacity; DEMETRIUS HALEY, in his individual capacity; TADARRIUS BEAN, in his individual capacity;  PRESTON HEMPHILL, in his individual capacity; ROBERT LONG, in his individual capacity; JAMICHAEL SANDRIDGE, in his individual capacity MICHELLE WHITAKER, in her individual capacity DEWAYNE SMITH, in his individual capacity and as an agent of the CITY OF MEMPHIS,**

     Defendants.

CASE NO. 2:23-CV-2224

---

### DEFENDANT JAMICHAEL SANDRIDGE'S RESPONSE IN OPPOSITION TO DEFENDANTS HALEY, MARTIN, HEMPHILL, SMITH AND BEAN'S MOTIONS TO STAY ALL PROCEEDINGS

---

COMES NOW, Defendant JaMichael Sandridge ("Defendant") or ("Mr. Sandridge") by and through his counsel of record, and files this his Response in Opposition to Defendants Haley, Martin, Hemphill, Smith and Bean's (collectively "Defendant Officers") various Motions to Stay Proceedings.  In support thereof, Mr. Sandridge states as follows:

### FACTS

Defendants Haley, Hemphill and Smith each filed separate Motions to Stay in the current matter. Defendant Bean then filed a Motion for Joinder incorporating by reference the arguments made by

1

Haley, Hemphill Martin and Smith. Each of the Defendant Officers argue that because there are pending criminal proceedings against them that this current civil proceeding should be stayed. However, Mr. Sandridge respectfully requests that this Honorable Court DENY the Defendant Officers Motions and instead allow the parties to engage in limited discovery that does not require sworn testimony.

## **LAW AND ARGUMENT**

Our Sixth Circuit Court of Appeals has clearly ruled that the decision of whether to stay a proceeding is a discretionary one. *see Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court."); *see also Clinton v. Jones*, 520 U.S. 681, 706, (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Although the decision of whether to stay is discretionary, a court's decision "to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). Some of the factors that a court should consider when deciding whether to grant a Motion to Stay include the following:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused

>by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.
>
>*Id*. citing *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139.

However, just because a party requests a stay of the proceedings this request is not automatically granted. Rather, "[a]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the latter." *See, e.g., United States v. Lot 5, Fox Grove, Alachua County, Fla.,* 23 F.3d 359, 364 (11th Cir. 1994) ("a court must stay a civil proceeding pending resolution of a related criminal prosecution ***only*** when special circumstances so require in the interests of justice") Emphasis added; *U.S. ex rel. Gonzalez v. Fresenius Medical Care North America,* 571 F. Supp.2d 758, 762 (W.D. Tex. 2008) ("a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay").

The party requesting a stay has a burden to show that there is some "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. Here in the current matter, Mr. Sandridge asserts that the Defendant Officers have failed to show a pressing need for delay such that this matter should be fully stayed. Rather, Mr. Sandridge requests that this Honorable Court rule that the parties be allowed to engage in limited discovery that does not require sworn testimony. A district court must analyze the factors above, but it also "must [ ] consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864, at *8 (6th Cir. Jul. 17, 1989) (internal citations omitted).

Allowing limited discovery that does not require sworn testimony would allow the current civil matter to proceed and also be a more efficient use of judicial time and resources than a complete and total stay of the civil proceedings. The Defendant Officers all address the need for a full and total stay, but they do not argue why a partial stay as outlined above would not work in this matter.

## CONCLUSION

For the foregoing reasons, Defendant Sandridge respectfully requests that this Honorable Court DENY the Defendant Officers' request for a complete and total stay of the civil proceedings. However, Defendant Sandridge respectfully requests that this Honorable Court allows limited discovery that does not require any sworn testimony.

Respectfully Submitted,
/s/Laura E. Smittick
Laura E. Smittick #32374
SMITTICK LAW FIRM
242 Poplar Avenue
Memphis, TN 38103
Phone: (901) 338-0404
Fax:    (888) 338-1208
support@smitticklaw.com
*Attorney for Defendant JaMichael Sandridge*

## CERTIFICATE OF SERVICE

I, Laura E. Smittick, hereby certify that I have forwarded a copy of the foregoing document via the Court's ECF/ECM system on the 30th day of June 2023 to all counsel of record.

/s/Laura E. Smittick
Laura E. Smittick