IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROW VAUGHN WELLS, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF TYRE
DEANDRE NICHOLS, DECEASED

    Plaintiff

VS.                                                CAUSE NO.: 2:23-CV-02224-MSN-atc

THE CITY OF MEMPHIS, a Municipality;
CHIEF CERELYN DAVIS, in her official capacity;
EMMITT MARTIN, III, in his individual capacity;
DEMETRIUS HALEY, in his individual capacity;
JUSTIN SMITH, in his individual capacity;
DESMOND MILLS, JR., in his individual capacity;
TADARRIUS BEAN, in his individual capacity;
PRESTON HEMPHILL, in his individual capacity;
ROBERT LONG, in his individual capacity;
JAMICHAEL SANDRIDGE, in his individual capacity;
MICHELLE WHITAKER, in her individual capacity;
DEWAYNE SMITH, in his individual capacity and as an
agent of the City of Memphis

    Defendants

---

### DEFENDANT, JUSTIN SMITH'S, IN HIS INDIVIDUAL CAPACITY, **RESPONSE** TO VARIOUS CO-DEFENDANTS' MOTIONS FOR STAY OF CIVIL PROCEEDINGS AS WELL AS RESPONSES FILED BY PLAINTIFF AND UN-INDICTED CO-DEFENDANTS

---

COMES NOW, Defendant Justin Smith (hereinafter "Smith"), individually, by and through counsel, namely Martin W. Zummach, and files this his Response to Various Co-Defendants' Motions for Stay of Civil Proceedings as well as Responses filed by Plaintiff and Un-Indicted Co-Defendants, and in support of same would state as follows:

1. Smith has been indicted for criminal charges involving the death of Tyre Nichols. Smith has criminal co-defendants who are also named as co-defendants in the pending civil litigation herein.

2. Smith was served with process for <u>this</u> civil case on June 23, 2023, while attending a mandatory appearance in Division 3 of Shelby County Criminal Court.

3. The undersigned attorney of record filed his Notice of Appearance with this Honorable Court on July 6, 2023.

4. The undersigned has reviewed the pending Motions to Stay All Civil Proceedings pending resolution of the criminal proceedings as well as the Responses filed by the Defendants, City of Memphis and Michelle Whitaker, as well as the Plaintiff, RowVaughn Wells.

5. In the Response of the plaintiff and selected defendants, certain proposals were made regarding <u>limited</u> stays of proceedings.

6. Of those proposed, the Defendant, Michelle Whitaker, by and through her counsel, Robert Spence and Jarrett Spence, suggested the following as a plan:

> 1. **Police Officer Defendants may refrain from filing a responsive pleading to the Complaint[1];**
>
> 2. **Police Officer Defendants may refrain from serving responses to written discovery; and**
>
> 3. **Police Officer Defendants may refrain from sitting as witnesses for depositions.**

---

[1] In these proceedings, the Police Officer Defendants currently fall into two classes: (i) those that are presently indicted (Bean, Haley, Martin, Mills and Justin Smith) and (ii) those that may be under criminal investigation but have not yet been indicted (Hemphill and DeWayne Smith). If Defendants, Hemphill and DeWayne Smith are not indicted within a reasonable period of time, the Court should review any limited or partial stay order as it pertains to them.

2

7.  Of all of the proposals of the various parties to date, Smith would adopt and agree to, if the Court finds same appropriate, the proposals made as set out above by the un-indicted civil Defendant, Michelle Whitaker.

8.  Additionally, Defendant, Michelle Whitaker, by and through counsel, suggested or offered further protections through the entry of certain orders that address the following matters:

> **1. A Protective Order that restricts access to documents; and**
>
> **2. A Protective Order that prohibits parties from disseminating discovery documents or transcripts of depositions.**

9.  Smith also adopts, as appropriate, the additional proposed protections.

10. It is indisputable that Smith has the constitutional right against any self-incrimination by making any statements which would affect the defense of the criminal charges brought against him. On that, it seems everyone agrees.

11. Plaintiff, in her proposals, seems to suggest that Smith would need to respond to Request for Production of Documents which is objectionable on its face because those documents, if generated, produced, or drafted by the defendant, would in fact be a statement which might be used to incriminate Smith.

12. Plaintiff also states in her proposal that a stay be placed on the Criminally Indicted Defendant Officers' answering any discovery that requires their *"sworn"* testimony (i.e., interrogatories, request for admissions and depositions). This suggestion is also objectionable because a statement in order to incriminate does not have to be a sworn statement, but any statement whatsoever which would include Interrogatory responses.

3

13. As it relates to Defendant, the City of Memphis' proposal, it seems to be nearly an exact duplicate of what plaintiff proposes, so therefore, the same objections would stand as made herein against plaintiff's proposal.

14. Never in the twenty-nine (29) years of representing both police officers and municipalities has the undersigned experienced what is happening in this case. It appears that the City of Memphis and some of its other un-indicted employees are in lock step with plaintiff in urging this Court to deny the Motion to Stay Proceedings while the criminal defendants, who are former employees of the City of Memphis, proceed through the process of criminal prosecution. In this case, the municipality has exposure to *Monell* liability for the actions of their employees, and yet, the City of Memphis urges the Court to rush this matter to resolution through trial in this civil case while some of their employees, for whom they may have *Monell* liability, are processed through the criminal courts. This strange position of the City of Memphis in contravention to the protections extended to a criminal defendant/former employee by way of the Fifth Amendment of the United States Constitution and the evidentiary negative inference which attaches to an individual who asserts his or her Fifth Amendment rights, is patently unfair and unheard of.

15. Plaintiff's urged resolution of her civil case by proceeding to court and having her day in court is very understandable, but to have a co-defendant/former employer of the named defendants rushing to have their day in court strains credulity.

16. Plaintiff controls her own civil litigation in the naming of defendants and the theories of recovery against one, some, or all of those civil defendants. Here, the plaintiff has elected to sue five (5) police officers along with their employer and some co-employees for $550,000,000.00 when the theory of recovery against the individual criminal defendants has

4

nothing to do with the *Monell* liability of the employer. Plaintiff could very well proceed in her civil litigation against the City of Memphis but forcing the five (5) employees, including Smith, to take part in discovery or waive his Fifth Amendment rights against self-incrimination is a choice that plaintiff has made. As stated by counsel for Preston Hemphill and DeWayne Smith, this conundrum places Smith with a choice of waiving a constitutional right by taking part in the civil discovery process or guarding his constitutional right with the negative inference that is attached to it.

17. To reiterate, if a limited stay is made regarding the indicted police officers, it appears that the fairest and most even-handed proposal is that offered by the un-indicted Defendant, Michelle Whitaker.

Respectfully Submitted,

SPARKMAN-ZUMMACH, P.C.

*S/Martin Zummach*
Martin Zummach, #16352
Attorney for Defendant, Justin Smith
7125 Getwell Road, Ste. 201
Southaven, MS 38671
662-349-6900
martin@sparkman-zummach.com

Certificate of Service

The undersigned certifies that on the _____ day of July, 2023, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

*S/Martin Zummach*

5