IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually and as
ADMINISTRATRIX AD LITEM of the Estate of
TYRE DEANDRE NICHOLS, Deceased,

    Plaintiff,

v.                                        No. 2:23-cv-2224-MSN-atc

CITY OF MEMPHIS, a municipality,
CHIEF CERELYN DAVIS, in her official capacity,
EMMITT MARTIN III, in his individual capacity,
DEMETRIUS HALEY, in his individual capacity,
JUSTIN SMITH, in his individual capacity,
DESMOND MILLS, JR., in his individual capacity,
TADARRIUS BEAN, in his individual capacity,
PRESTON HEMPHILL, in his individual capacity,
ROBERT LONG, in his individual capacity,
JAMICHAEL SANDRIDGE, in his individual capacity,
MICHELLE WHITAKER, in her individual capacity,
DEWAYNE SMITH, in his individual capacity, and
as an agent of the City of Memphis,

    Defendants.

---

REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS
PRESTON HEMPHILL AND DEWAYNE SMITH, INDIVIDUALY,
TO STAY CIVIL CASE PENDING RESOLUTION OF CRIMINAL PROCEEDINGS

---

COME NOW, Defendants Preston Hemphill and Dewayne Smith, individually, through Counsel, and file this Reply Memorandum in Support of their Motion to Stay all proceedings in this matter, as long as there are active, parallel criminal investigations and/or proceedings. In support of the pending Motions to Stay, and in Reply to the Parties' Responses Opposing the Motions to Stay, Defendants Hemphill and Smith would note the following:

The interests of justice requires a stay of this civil matter. *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970). It is well established that this Court has discretionary power to stay civil proceedings pending the outcomes of criminal proceedings. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977).

Factors to consider when deciding whether or not to grant a stay include:

1. The plaintiff's interest in moving forward with the civil litigation, and the potential prejudice to plaintiff caused by delay;
2. The burden on the defendant caused by the proceedings;
3. Judicial efficiency;
4. The interests of nonparties; and
5. The public interest in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* 457 F.3d 322, 324-25 (9th Cir. 1995). An additional factor is "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324.

1. The Overlap Between the Civil and Criminal Cases

The first factor, the overlap between the civil and criminal cases, weighs in favor of a stay for the Defendant former Officers. Contrary to Plaintiff's statement, it is not "impossible to predict the extent to which the criminal and civil matter would overlap." It is quite possible to outline the overlap in both the criminal and civil cases as both deal with the exact same subject matter, the January 7, 2023, incident leading to the death of Tyree Nichols. There is a clear overlap between the civil matter and the criminal proceedings, as both matters share the same parties, the identical subject matter, and the same operative facts. Given the fact that civil discovery is much broader than criminal, there is a real danger that the broader civil discovery materials will be used to infringe upon the constitutional rights against self-incrimination of any current and potential

criminal defendants.[1] Defendant Officers should not be forced to choose between claiming their Fifth Amendment privileges and potentially prejudicing their defense in the civil case or testifying and potentially prejudicing their defense of any potential criminal charge. *Id*. at 944. The core facts and obviously close relationship between the civil and criminal matters weighs in favor of a stay. *Doe v. City of Chicago,* 360 F.Supp.2d 880, 881 (N.D.Ill. 2005).

   2. The Implicated Rights of Both the Indicted and Unindicted Defendants

Contrary to Plaintiff's argument, Defendant Hemphill and Smith's constitutional rights against self-incrimination are clearly implicated. Each defendant's decision to invoke his Fifth Amendment right may also impact his co-defendants. *Ruszczyk as Trustee for Ruszczyk v. Noor,* 349 Fed.R.Serv.3d 754,762 (U.S.D.C. D.Minn. 2018). In support of their position, Defendants Hemphill and Smith cite to caselaw supporting a stay in all proceedings for both indicted and unindicted officers. In the case of *Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 944 (U.S.D.C., N.D. Ill. East. Div., 2008), unindicted officers argued that in the absence of a stay in the proceedings, they would be "forced into the untenable position of defending themselves without the full benefit of discovery from, and consultation with, all the defendants in this matter" because their indicted co-defendants were likely to invoke the privilege against self-incrimination. *Chagolla*, 529 F.Supp.2d at 944. In that case, the unindicted officers noted that they themselves might have to consider invoking the privilege and argued that they should not be forced to choose between claiming the privilege, and thus potentially prejudicing their defense of the civil case with a negative inference, or testifying, and thus potentially prejudicing their defense of any potential criminal charge. *Id*.

---

[1] The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution. *Slagowski v. Central Wash. Asphalt,* 291 F.R.D. 563 (D.Nev. July 2, 2013)(quoting *Hoffman v. United States,* 341 U.S. 479, 4860487 (1951)).

In the current matter, it is possible that discovery in the civil case could lead to new criminal charges. Criminal prosecutors could use sworn statements or responses to pursue new criminal charges against any of the defendants. Investigations are ongoing. A federal grand jury has been impaneled to investigate the death of Tyree Nichols as well as the Memphis Police Department Scorpion Unit. Several members of the Memphis Police Department have been called to testify. The fact that some defendants in this civil case have already been indicted by a state grand jury, weighs in the favor of a stay. The court in *Chagolla* held that the unindicted defendants were entitled to the same constitutional protections as those that had been indicted, and all officers were granted a stay in the civil proceedings. *Id.* at 988.

3. Judicial Efficiency and the Court's Discretion to Control Its Docket

As previously discussed, the District Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997). Except for their request for full protection of their Fifth Amendment rights, Defendants Hemphill and Smith would not presume to advise the Court as to the specific manner in which it implements any stay in this case. Defendants would certainly not expect the Court to set a stay for an indefinite period of time as Plaintiff has suggested. For example, in *Chagolla,* the court initially set a stay for a period of four (4) months. Thereafter, the parties would meet periodically and discuss any developments in the case, including updates as to the criminal matters, and would reevaluate whether it was necessary for the stay to continue. *Chagolla*, 529 F.Supp.2d at 948. Additionally, in the *Chagolla* matter, the plaintiff was allowed to obtain paper discovery solely from the municipality regarding the encounter with plaintiff as well as other incidents of alleged misconduct and how the municipality had dealt with such incidents in the past. This modification was allowed as the municipality itself was not entitled to

a Fifth Amendment stay, but there was "little to be gained by requiring a municipality to proceed with discovery generally." *Id.* In this case Defendants Hemphill and Smith are well aware that it is within the Court's sole discretion to control its docket and any implementation of a stay in this case.

4. Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants Preston Hemphill and Dewayne Smith, individually, respectfully request that the Court grant their Motion to Stay these civil proceedings pending the conclusion of the criminal matters.

Respectfully Submitted,

s/Mary Elizabeth McKinney
MARY ELIZABETH MCKINNEY, Bar No. 21597
DEBORAH GODWIN, Bar No. 9972
Attorneys for Defendants Dewayne Smith and
Preston Hemphill, Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800
Memphis, TN 38103
Telephone: (901) 528-1702
Facsimile: (901) 528-0246
dgodwin@gmlblaw.com
bmckinney@gmlblaw.com

CERTIFICATE OF SERVICE

I, Mary Elizabeth McKinney, hereby certify that on July 17, 2023 I filed a copy of the foregoing with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in this case.

s/ Mary Elizabeth McKinney