IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224 |
| THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILL, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE** |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF MEMPHIS AND DEFENDANT CHIEF CERELYN DAVIS' MOTION TO STRIKE ALLEGATIONS FROM COMPLAINT**

1

Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, by and through her attorneys, hereby submits this Response in Opposition to Defendant City of Memphis ("the City"), Memphis Police Department Chief Cerelyn Davis in her official capacity ("Chief Davis"), and Memphis Police Department Lieutenant Dewayne Smith in his official capacity ("Lt. Smith") collectively ("City Defendants") Motion to Strike Allegations from Complaint. In support thereof, Plaintiff states as follows:

## I.     INTRODUCTION

City Defendants erroneously seek to strike passages of the Complaint which reference Chief Davis' past employment as a supervisor in the Atlanta Police Department ("APD"), specifically within the specialized "Run Every Drug Dealer Out of Georgia" ("RED DOG") unit. Dkt. 82-1 at p. 3. The City deems those sections of the Complaint to be "immaterial, impertinent, or scandalous," "having no bearing on the alleged liability in this case," and "unduly prejudicial." Dkt. 82-1 at pp. 3-4. The Defendants are incorrect; they are at the heart of the City of Memphis and Chief Davis' knowledge of the highly predictable consequences of their unconstitutional policies and customs, as well as their deliberate indifference to constitutional violations.

References to the RED DOG unit are material, pertinent, and relevant, as they have significant bearing on the alleged liability in this case by providing critical context and background for Chief Davis' role and knowledge in ultimately forming the SCORPION Unit within the Memphis Police Department. They show that the violations of Tyre's Fourth Amendment rights were a foreseeable result of this type of policing. Information concerning APD and RED DOG was part of the public record, were easily discoverable, and were known or should have been known to the City when they hired Davis as their Chief of Police.  Furthermore, they are not scandalous or highly prejudicial- the

2

passages are simply factual statements regarding the APD's specialized RED DOG unit, Chief Davis' role in it, and Chief Davis' knowledge and awareness because of her role.

City Defendants incorrectly assert that the Court should take the drastic measure of striking all APD and RED DOG references because Plaintiff seeks to prove her *Monell* claims[1] by pointing to constitutional violations of the APD and its RED DOG Unit. Dkt. 82-1 at p. 6. Plaintiff does no such thing. Rather, Plaintiff provides the Court with this critical background and context to support the *Monell* claims against the City of Memphis, who hired Chief Davis with full knowledge of her history as a RED DOG unit officer. As thoroughly pled in the complaint, Chief Davis' role in forming SCORPION; promulgating Department policies, practices, and customs governing its conduct; and failing to train and supervise SCORPION officers were the moving force behind their violations of Tyre's constitutional rights alleged in the complaint.

Plaintiff opposes striking all passages City Defendants move to strike. Plaintiff's statements concerning the RED DOG unit and Chief Davis' prior leadership within the APD are relevant and material. None of the passages merit the extreme and disfavored measure of being stricken from the Complaint.

## II. LAW AND ARGUMENT

**A. Legal standard: Motions to Strike are a disfavored and drastic remedy only to be granted where the statements have no possible relation to the controversy.**

Rule 12(f) of the Federal Rules of Civil Procedure governs Motions to Strike; the language "is permissive and not mandatory…courts should not tamper with the pleadings unless there is a strong reason for so doing." *Williams v. E. I. du Pont de Nemours & Co., Inc.,* No. 215CV02111STADKV, 2016 WL 7192173, at *2 (W.D. Tenn. Dec. 12, 2016). Motions to strike are a disfavored, "drastic remedy" that are not frequently granted. *Operating Engineers Local 324 Health*

---

[1] *See* Plaintiff's Complaint at Law, Causes of Action I-IV, ECF. Dkt. 1, ¶¶ 294-376.

*Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (2015); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822 . The Sixth Circuit further cautions against granting motions to strike at this early procedural juncture "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687 (N.D. Ohio 2010) (*citing Brown & Williamson Tobacco Corp. v,* 201 F.2d at 822 (internal citations omitted)).

  B. **References to the RED DOG unit provide relevant and material context for the inception of the Memphis Police Department's SCORPION Unit.**

First, Defendant alleges that all references to the Atlanta-based RED DOG unit and Chief Davis' role while employed with the APD should be stricken as immaterial or irrelevant. Dkt. 82-1 at pp. 6-7. An allegation is immaterial "when it is not relevant to the issues involved in the action." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC,* 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015). Evidence is of course "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401.

The passages concerning the APD and RED DOG are both material and relevant because they serve to achieve a better understanding of Plaintiff's case. *See Starnes Fam. Off., LLC v. McCullar*, 765 F. Supp. 2d 1036, 1059 (W.D. Tenn. 2011)*, citing Sherrills v. Beison,* No. 1:05–CV–310, 2005 WL 1711132, at *1 (W.D.Mich. July 21, 2005) ("Where the challenged allegations "might serve to achieve a better understanding of the ... claim for relief or perform some other useful purpose in promoting the just and efficient disposition of litigation," a motion to strike should be denied.). Simply put, they make it more likely that the City and Chief Davis were aware and able to predict the consequences of their policies, practices, and failures; therefore making it more likely they were

4

deliberately indifferent. Fed. R. Ev. 401; *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997) ("[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of [their] action.")

All statements in the complaint concerning the RED DOG Unit demonstrate Chief Davis' participation in a previous and similar police suppression unit that inspired and informed her creation of SCORPION and its operational contours. Her history with RED DOG and the APD clearly relates to Plaintiff's lawsuit and the subject matter of the litigation— the *Monell* allegations and the City of Memphis' pattern, practice, and policies that were the moving force behind the constitutional violations that ultimately led to the death of Tyre Nichols.

The City Defendants contend that Plaintiff attempts to substantiate her *Monell* claims against the City Defendants by presenting allegations against the APD, an entirely separate police department. Dkt. 82-1 at pp. 6-7. That contention is false. Plaintiff is certainly not alleging that RED DOG or the APD are responsible for the City of Memphis' unconstitutional policies and practices. Chief Davis spent a substantial portion of her career with the APD, and part of that time with the aggressive police suppression unit, RED DOG. Dkt. 1, ¶ 54. As the City Defendants point out, Plaintiff references the RED DOG unit to illustrate the similarities between RED DOG and SCORPION. Dkt. 1, ¶¶ 57-65, 78-79, 82, 87-89. For instance, both units worked in small roving teams of officers who engulfed high-crime areas, both units engaged in aggressive "jump out" tactics to conduct public searches, both units used unmarked cars and tactical style clothing, and both regularly used falsified statements to obtain search warrants or justify baseless stops, seizures, and arrests. Dkt. 1, ¶¶ 57-59, 76-89. The similarities between the two units demonstrate how the City of Memphis- through Chief Davis- created SCORPION modeled on RED DOG' organizational structure and directives despite knowing the risks and foreseeable consequences of doing so. Chief

Davis—and therefore the City—created a policy, pattern, and practice based on and with full knowledge of her experience with the RED DOG unit. Dkt. 1, ¶¶ 90-95.

Not only do Atlanta's RED DOG unit and Memphis' SCORPION unit bear striking similarities in their makeup and tactics, but the similarities in the two policing units also provided reasonable foreseeability to the City of Memphis. It was reasonably foreseeable that, after the myriad of constitutional violations and ultimate disbandment of the RED DOG unit, that the same would—or at least were more likely to—occur in Memphis with the strikingly similar SCORPION unit. The RED DOG unit's aggressive policing and violence were publicly available, documented facts that the City of Memphis could easily have accessed and used to inform their policing practices. Likewise, Chief Davis' experience in the RED DOG unit put her on notice, as the Chief of Police, of the substantial need for additional and specialized training for officers in the specialized SCORPION unit. The inclusion of the APD and RED DOG unit passages are necessary, material, and relevant to illustrate this foreseeability and notice.

The City Defendants also incorrectly claim that the passages they seek to strike "confuse the issues in the case." Dkt. 82-1 at pp. 7-8. As argued above, Chief Davis' history with the APD and the RED DOG unit serves to provide a better understanding of Plaintiff's contentions and are therefore related to the controversy. There is no "strong reason" for the Court to take the extreme measures that the City Defendants demand. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. Indeed, the passages the City Defendants seek to strike are highly material and relevant. Plaintiff's statements concerning the RED DOG, the APD, and Chief Davis' role within it are based on publicly available information and certainly not rooted in inflammatory language or accusations.

### C. Plaintiff's RED DOG and Atlanta Police Department passages are not "scandalous" or "highly prejudicial."

Next, City Defendants argues that the portions of the complaint referring to the APD and RED DOG unit are "scandalous." Dkt. 82-1 at p. 8. An allegation is considered "scandalous" and subject to being stricken when it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *L & L Gold Associates, Inc. v. Am. Cash for Gold, LLC*, No. 09-10801, 2009 WL 1658108, at 1 (E.D. Mich. June 10, 2009), *citing Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C.2004)). The portions of the complaint that the Defendant points to as "scandalous" are nothing of the sort.

The RED DOG and APD portions of the complaint are simply factual statements about the RED DOG unit's makeup, leadership, and policing tactics. These passages do not implicate or attack the City Defendants moral character, nor do they use any repulsive language. "[S]triking scandalous or impertinent portions of a pleading under Rule 12(f) is more appropriate where the claim is either outrageous, offensive, or devoid of a basis in fact." *Thompson v. Hartford Life And Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010). Nothing about Plaintiff's complaint is "outrageous, offensive, or devoid of a basis in fact." The RED DOG and APD portions of the complaint are based on publicly available information[2]

---

[2] There are a myriad of publicly available articles publishing details of the RED DOG unit and Chief Davis' involvement with it, including the City of Memphis Police Department's own website which touts Chief Davis' past experiences as a Commander in the APD where " she led the Special Operations Section, which included…REDDOG Unit [and other units]." *See* https://memphispolice.org/about/chief-message/ (last visited August 11, 2023). As Defendants note, *see* Dkt. 81-1 p. 6, the Court may take judicial notice of such facts at this stage of proceeding given their public nature. *See* Fed. R. Ev. 201. Publicly available information includes: Eileen Grench, *Black Atlantans Terrorized by Memphis PD Chief's Old Unit Speak Out: 'They'd Beat Your Ass''*, The Daily Beast, https://www.thedailybeast.com/atlantans-on-memphis-police-chief-cerelyn-davis-reddog-unit-theyd-beat-your-ass (last visited August 11, 2023), Rick Schapiro, Jon Schupppe, Simone Weichselbaum and Safia Samee Ali, *Memphis Police Chief once led the aggressive 'Red Dog' anti-crime unit in Atlanta,* NBC News, https://www.nbcnews.com/news/us-news/memphis-police-chief-cerelyn-cj-davis-atlanta-red-dog-rcna67674 (last visited August 11, 2023), Bobeth

Plaintiff's passages concerning the RED DOG unit and Chief Davis' role within the APD do not prejudice the City Defendants or espouse accusations about Chief Davis' personal life or character. They simply provide context for a special operations policing unit that Chief Davis was involved with in Atlanta before starting SCORPION in Memphis, provide additional context that the City was aware of, or should have been aware of at the time they hired Davis, and show that violation of Memphis citizens' rights, including those of Tyre Nichols. Motions to strike based on scandalous allegations are proper when they "cast aspersions in relation to [defendant's] character" by bringing up unrelated personal matters before the Court. *See Novolex Holdings, LLC v. Wurzburger*, No. 19-145-DLB-CJS, 2022 WL 391307, at 3 (E.D. Ky. Feb. 8, 2022) (finding a motion to strike appropriate when plaintiff's complaint alleged that, unrelated to the disputed business transaction, defendant "participated in extra-marital relationships and a secret gambling ring"), *see also Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014) (granting a motion to strike in a lawsuit alleging that defendants fraudulently induced plaintiffs into investing into real estate properties where plaintiffs alleged that defendants "openly attack Jewish people and that the defendants have laundered the plaintiffs' money to support terrorist activities"), *see also Drake v. Frederick W. Smith Fedex Corp.*, 2022 WL 17415115 at *9-10 (W.D.TN Dec. 5, 2022) (striking personal attacks against opposing lawyers and judges and unrelated discussions of modern politics).

Plaintiffs' inclusion of allegations regarding the RED DOG unit falls far short of the personal attacks noted in the Defendants' cited cases. The RED DOG portions of the complaint are neither personal in nature, nor unrelated to the issues presented in the Complaint. Rather, they are highly relevant and provide context for Chief Davis' actions in creating a police suppression unit in

---

Yates, *Tactical unit used in Memphis police beating similar to unit previously used in Atalanta*, 11 Alive news, https://www.11alive.com/article/news/local/reddog-unit-scorpion-unit-memphis-pd-atlanta-pd-comparisons/85-e7a0b5dd-686c-4de3-8fa5-c7c503364931 (last visited August 11, 2023).

Memphis that is extremely similar to a police suppression unit she previously worked with in Atlanta. As such, the allegations the City Defendants seek to strike are not impermissibly prejudicial or scandalous - they are adverse, properly pled facts that the Defendants must grapple with.

### III.   CONCLUSION

The City Defendants seek to strike relevant, material, and informative passages of the Plaintiff's Complaint at Law based on incorrect assertions that those passages are improper, immaterial, and scandalous. Plaintiff's statements concerning the RED DOG unit and Chief Davis' prior leadership within the APD are directly relevant and material to proving Plaintiff's *Monell* claims, specifically the deliberate indifference to the known, predictable consequences of unconstitutional policies, customs, and failures. None of the passages merit the extreme, rare, and disfavored measure of being stricken from the Complaint.

Plaintiff respectfully requests that the Court deny the City Defendant's Motion to Strike Allegations from Complaint in its entirety.

**Dated:  August 11, 2023**                          **Respectfully Submitted,**

/s/ Sarah Raisch
**ROMANUCCI & BLANDIN, LLC**
Antonio Romanucci (*pro hac vice*)
(Illinois ARDC No. 6190290)
Bryce Hensley
(Illinois ARDC/WDTN No. 6327025)
Bhavani Raveendran (*pro hac vice*)
(Illinois ARDC No. 6309968)
Sarah Raisch (*pro hac vice*)
(Illinois ARDC No. 6305374)
321 North Clark St., Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: aromanucci@rblaw.net
E-mail: bhensley@rblaw.net
Email: b.raveendran@rblaw.net

9

Email: sraisch@rblaw.net

**MENDELSON LAW FIRM**
David Mendelson
(Tennessee Bar No. 016812)
Benjamin Wachtel
(Tennessee Bar No. 037986)
799 Estate Place
Memphis, Tennessee 38187
Tel: (901) 763-2500 ext. 103
Fax: (901) 763-2525
Email: dm@mendelsonfirm.com
Email: bwachtel@mendelsonfirm.com

**BEN CRUMP LAW**
Ben Crump (*pro hac vice pending*)
(Washington, D.C. Bar No. 1552623)
(Tennessee Bar No. 038054)
Chris O'Neal (*pro hac vice pending)*
(Florida Bar No. 910201)
Brooke Cluse
(Texas Bar No. 24123034)
717 D Street N.W., Suite 310
Washington, D.C. 20004
Email: ben@bencrump.com
Email: chris@bencrump.com
Email: brooke@bencrump.com

**COUNCIL & ASSOCIATES, LLC**
Lashonda Council Rogers
(Georgia Bar No. 190276)
50 Hunt Plaza, SE Suite 740
Atlanta, Georgia 30303
Tel: (404) 526-8857
Fax: (404) 478-8423
Email: lrogers@thecouncilfirm.com

**EARNESTINE HUNT DORSE**
Earnestine Hunt Dorse
(Tennessee Bar No. 012126)
3268 N Waynoka Circle
Memphis, Tennessee 38111-3616
Tel: (901) 604-8866
Email: ehdorse@gmail.com

**CERTIFICATE OF SERVICE**

      I, Sarah Raisch, hereby certify that on August 11, 2023 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

                                                            *s/ Sarah Raisch*
                                                            Sarah Raisch