## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased.

      Plaintiff,

v.

THE CITY OF MEMPHIS, a municipality;
CHIEF CERELYN DAVIS, in Her Official
Capacity; EMMITT MARTIN III, in His
Individual Capacity; DEMETRIUS HALEY,
in His Individual Capacity; JUSTIN SMITH,
in His Individual Capacity; DESMOND MILLS,
JR., in His Individual Capacity; TADARRIUS
BEAN, in His Individual Capacity; PRESTON
HEMPHILL, in His Individual Capacity;
ROBERT LONG, in His Individual Capacity;
JAMICHAEL SANDRIDGE, in His Individual
Capacity; MICHELLE WHITAKER, in Her
Individual Capacity; and DEWAYNE SMITH,
in His Individual Capacity and as an Agent of the
City of Memphis,

      Defendants.

Case No. 2:23-cv-02224-MSN-atc
JURY DEMAND

---

### ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO STAY FILED BY DEFENDANTS HALEY, MARTIN, BEAN, MILLS, AND JUSTIN SMITH; ORDER DENYING MOTION TO STAY FILED BY DEFENDANTS HEMPHILL AND DEWAYNE SMITH

---

Before the Court are the Motions to Stay Civil Case Pending Resolution of Criminal Proceedings filed June 16, 2023 by Defendants Demetrius Haley (ECF No. 57), Emmitt Martin III

(ECF No. 60), Tadarrius Bean (*see* ECF No. 70, 109),[1] Desmond Mills (*see* ECF No. 104, 109),[2] Justin Smith,[3] and Preston Hemphill and DeWayne Smith (ECF No. 62).  Plaintiffs responded in opposition to these Motions on June 30, 2023 (ECF No. 72), as did Defendants Michelle Whitaker (ECF No. 74), Robert Long (ECF No. 75), City of Memphis and Chief Cerelyn Davis (ECF No. 76), and JaMichael Sandridge (ECF No. 77).  After receiving leave from the Court, Defendants Hemphill and DeWayne Smith submitted a Reply to the Responses to the Motions to Stay on July 17, 2023.  (ECF No. 85.)

For the reasons below, the Motions to Stay filed by Defendants Haley, Martin, Bean, Mills, and Justin Smith (ECF Nos. 57 and 60) are **GRANTED IN PART**.  The Motion to Stay filed by Defendants Hemphill and DeWayne Smith (ECF No. 62) is **DENIED**.

---

[1] Defendant Bean did not file his own motion to stay, but rather a Motion for Joinder to Motions of Defendants Demetrius Haley, Emmitt Martin, Preston Hemphill, and DeWayne Smith, Individually, to Stay Civil Case on June 26, 2023.  (ECF No. 70.)  As discussed in open court on September 15, 2023, Plaintiff did not oppose this Motion, and the Court granted it later that day.  (ECF No. 109 at PageID 918.)

[2] Defendant Mills also did not file his own motion to stay, but rather a Motion for Joinder to Motions of Defendants Demetrius Haley, Emmitt Martin, Preston Hemphill, and DeWayne Smith, Individually, to Stay Civil Case on August 29, 2023.  (ECF No. 104.)  As discussed in open court on September 15, 2023, Plaintiff did not oppose this Motion, and the Court granted it later that day.  (ECF No. 109 at PageID 918.)

[3] Defendant Justin Smith did not file his own motion to stay either, but he did file a Response to the Motions to Stay and to the Responses of other parties to those Motions.  (ECF No. 79.)  He also filed a Motion for Joinder to Defendants Preston Hemphill and DeWayne Smith's Reply memorandum in Support of Defendants Preston Hemphill and DeWayne Smith's Motion to Stay Civil Case Pending Resolution of Criminal Proceedings on July 7, 2023.  (ECF No. 86.)  As discussed in open court on September 15, 2023, Plaintiff did not oppose this Motion, and the Court granted it later that day.  (ECF No. 109 at PageID 918.)

## BACKGROUND[4]

This matter arises out of the death of Tyre Deandre Nichols. Following a series of encounters with officers of the Memphis Police Department on the night of January 7, 2023, Mr. Nichols was transported to St. Francis Hospital, where he succumbed to the injuries he sustained during those encounters three days later. (ECF No. 1 at PageID 4, 51.) On January 26, 2023, Defendants Bean, Haley, Martin, Mills, and Justin Smith were indicted in the Criminal Court of Shelby County, Tennessee on charges of second degree murder, aggravated assault, aggravated kidnapping, official misconduct, and official oppression related to their actions on January 7. (*See* ECF No. 57-1.)

On April 19, 2023, Plaintiff RowVaughn Wells filed suit individually and as Administratrix Ad Litem of Mr. Nichols's estate, bringing four *Monell* claims against Defendant City of Memphis and eighteen claims under 42 U.S.C. § 1983 for violations of Mr. Nichols's Fourth and Fourteenth Amendment rights by Defendants Martin, Haley, Justin Smith, Mills, Bean, Hemphill, Long, Sandridge, and Whitaker. (ECF No. 1.) Plaintiff also brought one count of intentional infliction of emotional distress, one count of negligent infliction of emotional distress, and one count of fraudulent misrepresentation against Defendant DeWayne Smith under state law. (*Id.*) Certain Defendants then filed the Motions now before the Court seeking a stay of this matter pending resolution of the state criminal proceedings. (*See* ECF Nos. 57, 60, and 62.)

On September 12, 2023—after briefing of the Motions to Stay had concluded—Defendants Bean, Haley, Martin, Mills, and Justin Smith were also indicted in federal court for alleged violations of 18 U.S.C. §§ 242, 1512(b)(3), and 1512(k). *United States of America v. Martin III,*

---

[4] The facts stated herein are included for background and for purposes of these Motions only.

3

*et al.*, Case No. 2:23-cr-20191-MSN (W.D. Tenn. filed Sept. 12, 2023). On September 15, 2023, the Court held a Scheduling Conference at which it heard argument from parties on whether and to what extent a stay would be appropriate in this matter. At the end of that setting, the Court informed parties that it would take the stay issue under advisement.

## STANDARD OF REVIEW

Incident to its inherent authority to manage its docket, a court has "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). The Constitution does not require that a civil action be stayed due to a pending (or impending) criminal indictment. *Id.* (citing *Chao*, 498 F. Supp. 2d at 1037). Nor does it mandate such a stay pending the criminal proceeding's outcome. *Id.* (citing *S.E.C. v. Novaferon Labs, Inc.*, 941 F.2d 1210, 1991 WL 158757, at *2 (6th Cir. 1991)).

When determining whether to grant a stay due to a pending criminal proceeding, courts generally consider six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (citing *Chao*, 498 F. Supp. 2d at 1037). While "the balance of the hardships" is the most important of these factors, the court "must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* (quoting *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864, 1989 U.S. App. LEXIS 10266, at *8 (6th Cir. July 17, 1989)). Courts should also consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

4

The party seeking the stay bears the burden of showing "there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627–28 (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

## **DISCUSSION**

The Defendants seeking a stay of this matter fall into two camps: (1) those who have been criminally indicted ("Indicted Defendants") and (2) those who have not ("Non-indicted Defendants"). As this distinction is central to several parties' responses to the Motions to Stay, the Court addresses these groups separately.

**I.     Stay as to Entirety of Proceedings**

At the outset, the Court denies the Indicted and Non-indicted Defendants' requests for a stay of "all proceedings" insofar as they define "all proceedings" to also include Plaintiff's claims against the Defendants who do not want a stay. (*See* ECF No. 57 at PageID 601, ECF No. 60 at PageID 618, and ECF No. 62 at PageID 634.)[5] Those Defendants are anxious for their day in court and face allegations concerning conduct that does not form the basis of the state and federal criminal proceedings. Discovery as to these Defendants and claims could thus proceed without infringing on the Fifth Amendment rights of the Indicted Defendants or the Non-indicted

---

[5] The Defendants seeking a stay of these proceedings against them do not clearly state their position on this question in their Motions or related briefs. Counsel for the Non-indicted Defendants argued at the Scheduling Conference that this Court should stay the entirety of this case because a different court in this District did so in a separate civil matter involving the Indicted Defendants, the City of Memphis, and "John Does 1–4." *See Harris v. City of Memphis et al.*, No. 2:23-cv-02058-JTF-tmp (W.D. Tenn. filed February 7, 2023). Although there is passing reference to *Harris* in the Complaint, it was not briefed regarding the Motions to Stay. Having now reviewed *Harris*, it is distinguishable and is arguably of lesser public interest.

5

Defendants. Accordingly, the requests by Defendants Bean, Haley, Martin, Mills, Justin Smith, Hemphill, and DeWayne Smith for a complete stay of these proceedings are **DENIED**.

II.     **Indicted Defendants (Defendants Bean, Haley, Martin, Mills, and Justin Smith)**[6]

The scope of the stays the Indicted Defendants seek are similar, if not identical, to one another. They ask that the Court:

> [S]tay or suspend the proceedings in this cause of action including, but not limited to, civil discovery, including, the taking of depositions, written discovery, and requests for production of documents of [Defendants], motions (both dispositive and otherwise), and any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means for so long as [ ] there are active criminal proceedings against [Defendants]."

(ECF No. 57 at PageID 601–02. *See also* ECF No. 60-2 at PageID 623–24.) Their arguments for why a stay is appropriate here are also very similar. They argue that the issues in this case and their criminal matters overlap significantly and that the availability of broader discovery in the civil case could infringe on the right against self-incrimination in their criminal matters. (ECF No. 57 at PageID 603.) For example, Defendants' answers to the Complaint or sworn statements furnished in response to written interrogatories would double as potential admissions against interest. (*Id.* at PageID 603–04.) Though Defendants could refuse to answer questions by invoking their Fifth Amendment right against self-incrimination, such invocation can form the basis of an adverse inference in this matter, since it is a civil case. (*Id.* at PageID 604 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).) In sum, they posit that absent a stay, they must choose between "(1) actively defend[ing] against the civil suit, likely waiving [their] Fifth Amendment

---

[6] Though the Court granted the Motions for Joinder to the stay motions, (*see supra* notes 1–3), the Court also observes that Plaintiff and Defendants City of Memphis and Chief Cerelyn Davis (in her Official Capacity) include all indicted Defendants in their analysis of whether a stay would be appropriate, regardless of whether they filed a motion to stay. (*See* ECF No. 72 at PageID 672 n.1 and ECF No. 76 at PageID 699 n.2.) The City Defendants also state that they "are not opposed to the same limited stay applying to them, as well." (ECF No. 76 at PageID 699 n.2.)

right against self-incrimination and risking the use of [their] statements against [them] in the criminal proceedings; or (2) passively defending the civil case, likely resulting in a sizable civil judgment against [them]." (*Id.* at PageID 604.)

Plaintiff does not oppose a stay but contends that the scope of the Indicted Defendants' requested stay is overly broad, unnecessary, and prejudicial to her, Defendant City of Memphis, and the Defendants who want this case to proceed. (ECF No. 72 at PageID 672.) In an attempt to strike a balance, Plaintiff suggests a modified stay that she believes protects these Defendants' Fifth Amendment rights while allowing the case to move forward. (*Id.*) Specifically, she proposes:

> 1. A stay on the Criminally Indicted Defendant Officers' Answers to Plaintiff's Complaint or any Amended Complaint;
>
> 2. A stay on the Criminally Indicted Defendant Officers' answering any discovery that requires their sworn testimony (i.e., interrogatories, requests for admission, depositions), but does not include a stay on the production of documents or other information under FRCP 34; and
>
> 3. That all other Defendants, including Defendant Hemphill, Defendant D. Smith, the City of Memphis, Chief Cerelyn Davis, and the Paramedic Defendants shall have to answer Plaintiff's Complaint, answer and issue discovery, and otherwise participate in the litigation of this case subject to the Federal Rules of Civil Procedure, the Orders of this Court, or any agreements by and between the parties.

(*Id.* at PageID 673.) In support of the requirement that the Indicted Defendants produce documents, Plaintiff notes that the Fifth Amendment's protections do not apply to non-testimonial documents, and that Defendants must at least try to respond to requests for such documents before levying a Fifth Amendment challenge to their production. (*Id.* at PageID 675 (quoting *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (arguing that Defendants are required to "demonstrate a real danger of incrimination if he were to respond to any particular discovery request").) Defendants City of Memphis and Defendant Chief Cerelyn Davis (in her Official

7

Capacity) ("City Defendants") set forth the same proposal as Plaintiff.  (ECF No. 76 at PageID 699.)

Defendant Whitaker agrees that Defendants' requests are overly broad but proposes a slightly different compromise than Plaintiff.  She suggests the following:

1) Police Officer Defendants may refrain from filing a responsive pleading to the Complaint;
2) Police Officer Defendants may refrain from serving responses to written discovery; and
3) Police Officer Defendants may refrain from sitting as witnesses for depositions.

   In addition to the above proposed discovery plan, the Court can also provide further protection through the entry of orders that address the following matters:

1) A Protective Order that restricts access to documents; and
2) A Protective Order that prohibits parties from disseminating discovery documents or transcripts of depositions.

(ECF No. 74 at PageID 687 (footnote omitted).)  While Defendant Whitaker acknowledges that not all of the Defendants have been indicted, her proposal does not distinguish between the two camps of Defendants.  Rather, she suggests that "[i]f Defendants Hemphill and De[W]ayne Smith are not indicted within a reasonable period of time, the Court should review any limited or partial stay order as it pertains to them."  (*Id.* at PageID 687 n.6.)

Defendant Justin Smith responded in support of Defendant Whitaker's broader proposal.  (ECF No. 79.)  He argues that Plaintiff's request for production of documents is "objectionable on its face because those documents, if generated, produced, or drafted by the defendant, would in fact be a statement which might be used to incriminate [him]."  (*Id.* at PageID 714.)  He also opposes Plaintiff's suggestion that the Indicted Defendants be required to answer discovery that does not require "sworn" testimony "because a statement in order to incriminate does not have to be a sworn statement, but any statement whatsoever which would include Interrogatory responses."  (*Id.*)

8

Like Defendant Whitaker, Defendant Long does not distinguish between the Indicted and Non-indicted Defendants. He otherwise adheres more closely to Plaintiff's proposal, however, stating that he "would agree not to depose any of the Defendant Officers or direct anything towards them that requires a response under oath" but requesting that "any discovery that does not require sworn testimony be allowed." (ECF No. 75 at PageID 693.) Defendant Sandridge follows the same tack. (*See* ECF No. 77 at PageID 708.)

After considerable deliberation, the Court finds that a complete stay as to the Indicted Defendants is appropriate here. Concerning the first stay factor, parties concede that the issues in these Defendants' state criminal proceedings overlap with those presented in this matter. (*See, e.g.*, ECF No. 72 at PageID 674 (stating that given the similarities between the state criminal charges and the allegations in Plaintiff's Complaint, the Indicted Defendants "are therefore guaranteed certain protections against self-incrimination guaranteed by the Fifth Amendment").) The Court agrees, and notes for clarification that both the federal and state Indictments charge the Indicted Defendants with crimes for their alleged actions the night of January 7,[7] and that Plaintiff here alleges civil claims related to those actions. The Court finds this factor to weigh in favor of a stay.

The second factor to consider concerns the status of the criminal cases. "In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted . . . ." *Chao*, 498 F. Supp.2d at 1037. Here, these Defendants have already been indicted in two separate cases. As of the entry of this Order, no trial has been set for any of the Indicted Defendants and

---

[7] The relevant dates in the state Indictment span January 6 to January 11, 2023. (*See* ECF No. 57-1.) The events leading to Mr. Nichols's death occurred on January 7, and Mr. Nichols died on January 10, 2023. (ECF No. 1.) The federal Indictment alleges that the relevant conduct for all counts occurred "[o]n or about January 7, 2023." *See* Indictment, *United States of America v. Martin III, et al.*, No. 2:23-cr-20191-MSN (W.D. Tenn. filed Sept. 12, 2023).

the Court is not in a position to estimate when the trials may be; it has no specific knowledge about the progress of the state matter and the federal criminal case, while assigned to this Court, was filed only a week ago. Defendants represent to the Court that the state matter is "being actively litigated," however, "with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court." (ECF No. 57 at PageID 602, ECF No. 60-2 at PageID 624.) This Court is also hopeful that the federal criminal case will not face unnecessary delay. Absent additional information indicating excessive delays of the proceedings at issue in this matter, the Court finds this factor to weigh slightly in favor of a stay.

As to the third factor, the Court weighs Plaintiff's interests in proceeding with this case against the potential prejudice to her in the event of delay. Here, a stay of the entire case would certainly impede Plaintiff's interest in the expeditious litigation of this case, especially if the Court's assessment of the timing of the criminal proceedings' resolution proves to be overly optimistic. A total stay as to only the Indicted Defendants, however, significantly diminishes such prejudice. Indeed, even Plaintiff "does not object to a limited stay" to excuse the Indicted Defendants from participating in a large portion of the discovery process. (ECF No. 72 at PageID 674–75.)[8] And since Plaintiff has not informed the Court of the documents or information the Indicted Defendants might have, the Court cannot say a total stay would render a much different result than a partial stay would, or that a total stay as to the Indicted Defendants would delay Plaintiff's case against the other Defendants. Further, the Court's rulings below permitting Plaintiff to proceed with discovery as to other Defendants alleviates some of the prejudice to

---

[8] In fact, with the exception of the City Defendants, who would have the Court deny a stay in the first instance, (ECF No. 76 at PageID 698–99), all of the parties that responded to the Motions to Stay contend that the Indicted Defendants should receive at least a partial stay.

10

Plaintiff that would result from a total stay as to the Indicted Defendants. This factor therefore weighs in favor of a stay as to the Indicted Defendants.

The fourth factor requires consideration of Defendants' interest in a stay and the burden on them should they be denied one. Absent any stay, the Indicted Defendants would be forced to decide between an effective defense and fulfillment of their discovery obligations in this matter and the assertion of their Fifth Amendment rights for purposes of their state and federal criminal proceedings. A partial stay as Plaintiff suggests would minimize this burden, but not eliminate it. Indeed, it is certainly foreseeable that the Indicted Defendants would need to weigh those competing interests in responding to the requests parties' various proposals would permit. For example, Plaintiff proposes that the Indicted Defendants be excused from answering discovery requiring their sworn statements but required to produce "documents or other information under FRCP 34." (ECF No. 72 at PageID 673.) The production of documents can be testimonial, however, and thus implicate one's rights under the Fifth Amendment. *Butcher v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985) (citing *United States v. Doe*, 465 U.S. 605, 613–14, 613 n.11 (1984)); *Fisher v. United States*, 425 U.S. 391, 411 (1975). Furthermore, "other information" allowed by Fed. R. Civ. P. 34 covers a broad scope of documents and information. *See, e.g.*, Fed. R. Civ. P. 34(a)(1)(A) (permitting parties to serve requests for "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations"). Thus, while Plaintiff's proposal reads as though it would only implicate a small category of information, it could potentially permit requests for a great deal of information the disclosure of which could give rise to valid objections under the Fifth Amendment. This factor weighs in favor of a total stay as to the Indicted Defendants.

The Court's and the public's interest counsel in support of a total stay as to the Indicted Defendants for many of the same reasons as the fourth factor. Indeed, given (1) the lack of information about the amount of and types of information Plaintiff and others might request from the Indicted Defendants and (2) the breadth of the documents that parties could request from the Indicted Defendants under the proposals set forth in this matter, the Court considers it likely that a partial stay would embroil it in significant discovery disputes that might not even be necessary.[9] Such a state of affairs would burden the Court and delay the resolution of Plaintiff's claims against the remaining Defendants, which is not in the Court's interest and also runs against the public interest in the efficient use of court resources, the expeditious resolution of disputes, and protection of the Indicted Defendants' Fifth Amendment rights.

For these reasons, the Court finds that the stay factors militate in support of a total stay as to the Indicted Defendants. In short, while the Court applauds the attempts by various parties to strike an appropriate balance between the timely advancement of the claims in this matter and the Indicted Defendants' Fifth Amendment rights, these compromises open an avenue of discovery that would likely entangle the Court in discovery disputes that would result in considerable delay.

The Motions to Stay filed by Defendants Haley, Martin, Mills, Bean, and Justin Smith are **GRANTED IN PART**.

### III.     Non-indicted Defendants (Defendants Hemphill and DeWayne Smith)

The Non-indicted Defendants seek a stay with a scope very similar to that requested by the Indicted Defendants. (*See* ECF No. 62 at PageID 634 (moving to stay "pleadings, motions, written discovery, oral depositions, efforts to mediate and/or arbitrate, or any other efforts to resolve this

---

[9] For example, Plaintiff's Counsel suggested at the Scheduling Conference that they might seek training documents from the Indicted Defendants. This information would likely be obtainable from the City Defendants.

matter through alternative means for so long as there are active, parallel criminal investigations and/or proceedings").)  Though these Defendants are not currently under state or federal indictment,[10] they argue that a stay is nonetheless appropriate because "criminal charges have not been ruled out" on the state or federal level.[11]  (ECF No. 62 at PageID 635, 637.)  Consequently, they assert that they "will be forced to invoke their Fifth Amendment Rights in the civil cases rather than participating," and that the resulting negative inference from this silence would be highly prejudicial.  (*Id.* at PageID 638.)

Plaintiff sees "no basis" for staying this matter against the Non-indicted Defendants.  (ECF No. 72 at PageID 676.)  She argues that Defendants Hemphill and DeWayne Smith "are not subject to the same constitutional protections" as the Defendants who have been indicted and have failed to provide case law indicating that Fifth Amendment's protections counsel in favor of a stay for them.  (*Id.* at PageID 676–77.)  Plaintiff also pushes back on the assertion that these Defendants may be subject to future criminal charges; she references a news article indicating that the District Attorney does not intend to charge Defendant Hemphill and argues that there is no indication of criminal investigations related to the counts she brings against Defendant DeWayne Smith.  (*Id.* at PageID 677.)  Accordingly, Plaintiff requests that the Non-indicted Defendants be required to answer the Complaint and participate in the discovery and litigation of this case.  (*Id.* at PageID 673.)  As mentioned, the City Defendants agree with Plaintiff while Defendants Whitaker, Long, and Sandridge do not distinguish between the Indicted and Non-indicted Defendants.

---

[10] Since Defendants Hemphill and DeWayne Smith filed their Motion, the United States filed an Indictment that, like the state Indictment, does not name these Defendants.

[11] Counsel for Defendants Hemphill and DeWayne Smith (in his individual capacity) suggested at the Scheduling Conference that even though the federal criminal case did not name these Defendants, the federal investigation was ongoing.  Plaintiff objected to that characterization, citing a lack of evidence to support it.  The Court is not in a position to evaluate Counsel's representation and will consequently not consider this argument in assessing the stay request.

The Court does not find that a stay is appropriate for Defendants Hemphill and DeWayne Smith. "[C]ourts generally do not stay proceedings in the absence of an indictment." *F.T.C.*, 767 F.3d at 628. Certainly consideration of the first factor would be difficult, since one cannot compare the extent of two cases' overlap without knowing the specific charges in both cases. The second factor also weighs against a stay since there has been no indictment of these individuals, and thus no information as to the statuses of those cases. Balancing the interests of the parties, Plaintiff would be prejudiced should she not be permitted to proceed with her case against these Defendants, especially since there has been no indication that they ever will be indicted. In contrast, the Non-indicted Defendants' interest in a stay—which they frame as sounding in the Fifth Amendment (*see* ECF No. 62 at PageID 636)—is not significant since they are not under indictment. *See F.T.C.*, 767 F.3d at 629 (observing that in the absence of an indictment, Fifth Amendment concerns are "not very compelling"). Finally, the interest of the Court, the public interest in judicial economy, and the expeditious resolution of court proceedings weigh against allowing the Non-indicted Defendants a stay. Accordingly, the Court does not find that the factors support a stay as to the Non-indicted Defendants.

For these reasons, the Court **DENIES** Defendants Hemphill and DeWayne Smith's Motion to Stay (ECF No. 62).

## **CONCLUSION**

For the reasons set forth above, it is **ORDERED** as follows:

(1) The Motions to Stay filed by Defendants Haley, Martin, Bean, Mills, Justin Smith, Hemphill, and DeWayne Smith (in his individual capacity) (ECF Nos. 57, 60, and 62) are **DENIED** insofar as they request a stay of the entirety of these proceedings.

(2) The Motion to Stay filed by Defendants Hemphill and DeWayne Smith (ECF No. 62) is **DENIED**.

(3) The Motions to Stay filed by Defendants Haley, Martin, Bean, Mills, and Justin Smith (ECF Nos. 57 and 60) are **GRANTED** insofar as they request a total stay of this case as it applies to them.  This matter, to include all pending and future discovery propounded on these Defendants and all efforts to resolve this matter through alternative means, is **STAYED** as to these Defendants.

(4) Defendants Haley, Martin, Bean, Mills, and Justin Smith shall file a status report on or before **November 1, 2023 and every sixty (60) days thereafter** regarding the status of their state criminal proceedings.[12]

(5) Plaintiff may proceed with her claims, to include efforts at resolution, against Defendants City of Memphis, Chief Cerelyn Davis (in her official capacity), Preston Hemphill, Robert Long, JaMichael Sandridge, Michelle Whitaker, and DeWayne Smith (in his individual capacity and as an agent of the City of Memphis).

**IT IS SO ORDERED**, this 21st day of September, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[12] It is the Court's preference that Defendants file a single report jointly.  Should that be or become unworkable for Defendants, however, they may file this report separately.