# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased.

    Plaintiff,

v.

THE CITY OF MEMPHIS, a municipality;
CHIEF CERELYN DAVIS, in Her Official
Capacity; EMMITT MARTIN III, in His
Individual Capacity; DEMETRIUS HALEY,
in His Individual Capacity; JUSTIN SMITH,
in His Individual Capacity; DESMOND MILLS,
JR., in His Individual Capacity; TADARRIUS
BEAN, in His Individual Capacity; PRESTON
HEMPHILL, in His Individual Capacity;
ROBERT LONG, in His Individual Capacity;
JAMICHAEL SANDRIDGE, in His Individual
Capacity; MICHELLE WHITAKER, in Her
Individual Capacity; and DEWAYNE SMITH,
in His Individual Capacity and as an Agent of the
City of Memphis,

    Defendants.

Case No. 2:23-cv-02224-MSN-atc
JURY DEMAND

## SCHEDULING ORDER

Pursuant to Local Rule 16.1, a Scheduling Conference was held on September 15, 2023. Present were Antonio Romanucci, Bryce Thomas Hensley, Sarah M. Raisch, and David Louis Mendelson, counsel for Plaintiff; Bruce McMullen, Freeman B. Foster, and Jennie Vee Silk, counsel for Defendants City of Memphis and Chief Cerelyn Davis; Florence M. Johnson, counsel for Defendant Emmitt Martin III; Stephen R. Leffler, counsel for Defendant Demetrius Haley; Martin W. Zummach, counsel for Defendant Justin Smith; John Keith Perry, Jr., counsel for

Defendant Tadarrius Bean; Deborah E. Godwin, counsel for Defendants Preston Hemphill and DeWayne Smith; Darrell J. O'Neal, counsel for Defendant Robert Long; Laura Elizabeth Smittick, counsel for Defendant JaMichael Sandridge; Robert L.J. Spence, Jr. and Jarrett Michael Dean Spence, counsel for Defendant Michelle Whitaker; and Clyde W. Keenan, counsel for Defendant Desmond Mills, Jr. Prior to the Scheduling Conference, on July 28 and 31, 2023, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).[1]

At the Scheduling Conference, the Court informed parties that it would take the proposed Scheduling Order under advisement until after the Motions to Stay had been resolved. The Court has now ruled on those Motions. (*See* ECF No 110.) Since parties submitted their proposed dates only last week, the Court does not find a subsequent scheduling conference necessary. The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: September 8, 2023[2]

**MOTIONS TO JOIN PARTIES**: November 10, 2023

**MOTIONS TO AMEND PLEADINGS**: November 10, 2023

**MOTIONS TO DISMISS**: December 8, 2023

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** February 29, 2024
        Mediator must file Mediation Certification Form:
        https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

---

[1] Due to the pending Motions to Stay at the time of the Rule 26(f) conference, certain Defendants' participation was premised on the understanding that they would not be required to abide by this schedule depending on the Court's rulings on those Motions. In light of those rulings, this Order only applies to Defendants City of Memphis, Chief Cerelyn Davis (in her official capacity), DeWayne Smith (in his individual capacity and as an agent of the City of Memphis), Preston Hemphill, Robert Long, JaMichael Sandridge, and Michelle Whitaker.

[2] Parties informed the Court that these disclosures have already been made.

**(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

**STIPULATION FILING DATE:** December 1, 2023[3]

**COMPLETING ALL DISCOVERY**: April 30, 2024

(a) **DOCUMENT PRODUCTION AND INTERROGATORIES:** Propounded by February 1, 2024

(b) **DEPOSITIONS:** Completed by April 30, 2024

(c) **REQUESTS FOR ADMISSIONS:** Propounded by February 1, 2024

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

(a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: February 29, 2024

(b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: April 1, 2024

(c) **EXPERT WITNESS DEPOSITIONS**: May 31, 2024

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: June 28, 2024

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: April 30, 2024

**FILING DISPOSITIVE MOTIONS**: August 2, 2024

**JOINT PROPOSED PRETRIAL ORDER DUE**: Friday, January 10, 2025
(E-mail Joint Proposed Pretrial Order in Word format to:
ECF_Judge_Norris@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE**: Friday, January 17, 2025 at 9:30 a.m.

**JURY TRIAL**: Monday, January 27, 2025 at 9:30 a.m.  Trial is anticipated to last approximately 15 days.

*The parties do not consent to trial before the Magistrate Judge.*

---

[3] If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), Plaintiff, Defendant City, Defendant Chief Davis, and the Paramedic Defendants have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have engaged in discussions regarding an agreement regarding e-discovery and will submit the parties' e-discovery plan for the court's approval. All remaining Defendant Officers request to address e-discovery parameters after the Court has ruled on the pending Motion to Stay Civil Proceedings.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60.)

The opposing party must file a response to any opposed motion.   Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

No parties may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court.   Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

*This order has been entered after consultation with the parties.   Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**IT IS SO ORDERED**, this 21st day of September, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE