IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

ROWVAUGHN WELLS, Individually and as
ADMINISTRATRIX AD LITEM of the Estate of
TYRE DEANDRE NICHOLS, Deceased,

Plaintiff,

v.                                                          No. 2:23-cv-2224-MSN-atc

CITY OF MEMPHIS, a municipality,
CHIEF CERELYN DAVIS, in her official capacity,
EMMITT MARTIN III, in his individual capacity,
DEMETRIUS HALEY, in his individual capacity,
JUSTIN SMITH, in his individual capacity,
DESMOND MILLS, JR., in his individual capacity,
TADARRIUS BEAN, in his individual capacity,
PRESTON HEMPHILL, in his individual capacity,
ROBERT LONG, in his individual capacity,
JAMICHAEL SANDRIDGE, in his individual capacity,
MICHELLE WHITAKER, in her individual capacity,
DEWAYNE SMITH, in his individual capacity, and
as an agent of the City of Memphis,

Defendants.

## DEFENDANTS PRESTON HEMPHILL AND DEWAYNE SMITHS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW Defendants Preston Hemphill and Dwayne Smith, individually, through

counsel, and file this their Memorandum in Support of their Motion to Dismiss,[1] noting in support

the following:

I.      INTRODUCTION

Defendants Hemphill and Smith respectfully submit that Plaintiff's Complaint fails to state

---

[1] Although not addressed in this motion, Defendant Officers are in no way waiving any of their affirmative defenses, including but not limited to the defense of qualified immunity.

a cause of action against them in their individual capacities under both Federal and Tennessee state law and therefore should be dismissed.

This matter arises out of the death of Tyre Deandre Nichols ("Nichols"). (DE 110, Order Granting in Part Motions to Stay and Order Denying Motion to Stay ("Order"), Page ID 921).[2] Following a series of encounters with officers of the Memphis Police Department on the night of January 7, 2023, Nichols was transported to St. Frances Hospital, where he succumbed to his injuries three days later. (Id.). Plaintiff RowVaughn Wells filed this action on April 19, 2023, individually and as the Administratrix Ad Litem of Nichols' estate. (Id.). According to her Complaint, at the time of his death, Nichols was survived by a minor son. (DE 1, Complaint, ¶ 7, Page ID 6). Plaintiff did not specifically name the minor child as the sole beneficiary of her cause of action.

Defendants Hemphill and Smith, individually, submit that Plaintiff has failed to state a cause of action against them under federal law or Tennessee state law, and the matter should be dismissed. The failure to specifically name the minor child as the sole beneficiary of this action, renders the original Complaint "fatally defective." *Louisville & N.R. Co. v. Pitt*, 18 S.W. 118, 119 (Tenn. 1892). Based upon the existence of the minor child, Defendants submit that Plaintiff lacks the capacity and/or standing to bring this action, and Plaintiff's Complaint should be dismissed. Additionally, Plaintiff's Fourteenth Amendment claims are more appropriately analyzed under the Fourth Amendment, and therefore should be dismissed. Finally, Plaintiff has failed to state a cause of action under state law and those claims should also be dismissed.

II.    ARGUMENT

A. Motion to Dismiss Standard

---

[2] These facts are taken directly from the Court's Order of September 21, 2023, and are submitted by Defendants for the purposes of this motion only.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." The object of Rule 12(b)(6) is to test the sufficiency of the pleading.  *Davis H. Elliott Co. v. Caribbean Utilities Co.,* 513 F.2d 1176 (6th Cir. 1975).  Courts may grant motions to dismiss for failure to state a claim where the allegations are legally insufficient.  *Dunn v. Tennessee,* 697 F.2d 121 (6th Cir.), *cert. den.*, 76 L.Ed. 2d 349 (1982).  When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, *Saylor v. Parker Seal Co.,* 975 F.2d 2523, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  While pleadings are to be liberally construed, essential elements not pled in the complaint cannot be assumed or supplied by the court.  *Harris v. White,* 479 F.Supp. 996 (D.C. Mass. 1979).

In this case Defendants submit that Plaintiff's Complaint fails to state a claim upon which relief could be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

B.  42 U.S.C. § 1983

Section 1983 imposes liability on any "person who, under the color of any statute, ordinance, regulation, custom or usage, of any State subjects another to deprivation of any rights, privileges, or immunities secured by the Constitution or laws."  42 U.S.C. § 1983.  In order to prevail on such a claim, a plaintiff must show "(1) there was a deprivation of a right secured by

the Constitution, and (2) that the deprivation was caused by a person acting under the color of state law." *Wittstock v. Mark A. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir. 2003). In this case, although Defendants Hemphill and Smith agree that they were at all times acting within the scope of their employment and therefore under of the color of law, they submit that Plaintiff's claims fail to support a finding that either of them caused Nichols to suffer a constitutional violation.

      C.  Plaintiff Lacks Capacity and/or Standing to Bring this Cause of Action

      The Sixth Circuit Court of Appeals has held that challenging the lack of capacity to sue is governed by Rule 9 of the Federal Rules of Civil Procedure. *Soto v. City of Memphis, et al.,* Case No. 2:17-cv-2323-cgc, *4-5 (W.D. Tenn. Oct. 11, 2017) citing, Fed. R. Civ. P. 9(a)(1)-(2); *Miller v. City of Cincinnati*, 970 F.Supp.2d 534, 540-541 (S.D. Ohio May 9, 2012); *Theresa Srock v. United States*, 2006 WL 2460769, No. 04-CV-72788-DT, at *2-5 (E.D. Mich. Aug. 23, 2006). Rule 9(a) states, in pertinent part as follows:

> **(a) Capacity or Authority to Sue, Legal Existence**
>     **(1) In General**. Except when required to show that the court has jurisdiction, a pleading need not allege:
>         **(A)** a party's capacity to sue or be sued in a representative capacity; or
>         **(B)** a party's authority to sue or be sued in a representative capacity; or
>         **(C)** the legal existence of an organized association of persons that is made party.
>     **(2) Raising Those Issues**. To raise any of those issues, a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

      The law of the forum state in which a federal civil rights action is brought applies where federal law is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law." *Sipes v. Madison Cnty*., 12-1130-JDB-egb, 2014 WL 2035685 (W.D. Tenn., May 16, 2014) citing, 42 U.S.C. § 1988. The state law is controlling so long as it does not conflict with the Constitution or the laws of the United States. *Id.*, citing, *Robertson v. Wegmann,* 436 U.S. 584, 593-94 (1978) (holding that forum state laws regarding survival and wrongful death

apply to § 1983 claims so long as they do not independently adversely affect the policies underlying such claims).   Under Tennessee law, the right to prosecute an action for wrongful death passes in an order created by statute:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent of next of kin.

> Tenn. Code Ann. § 20-5-106.

> The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin.

> Tenn. Code Ann. § 20-5-107.

Tennessee courts have observed that there are certain priorities dictating who may bring an action.   The party with the highest priority is a surviving spouse, followed by any children, and then to the next of kin.   *Foster v. Jeffers,* 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991).

In this case, upon information and belief, Nichols was not survived by a spouse at the time of his death.   Instead, the Complaint indicates that he was survived by a minor son.   Therefore, pursuant to statute, the claims in this matter would pass to his minor child, as his next of kin. Under Tennessee Law, "in the law of descent and distribution, the term 'next of kin' properly denotes the persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood." *Soto,* Case No. 2:17-cv-2323-cgc at *7, citing, *Sneed v. Henderson*, 366 S.W.2d 758, 766 (Tenn. 1963).   "The strict legal meaning of the phrase 'next of kin' is 'next or nearest in blood.'   In ascertaining who the next of kin is, the law follows the line of consanguinity.   It is the same in this state under our general statute of distribution." *Id.*   As it appears that Nichols did not

have a surviving spouse at the time of his death, his minor son is his next of kin. *Id.,* citing, Tenn. Code Ann. § 31-2-104(b)(1). As a result, at this stage of the proceedings, Plaintiff lacks the capacity and/or standing to pursue the wrongful death claim as Nichols' representative or next of kin. *Id.* at *8.

In *Marine v. City of Chattanooga,* the parents of a decedent brought a wrongful death action "individually and as parents" and "on behalf of wrongful death beneficiaries of [the decedent]". *Marine v. City of Chattanooga*, No. 1:09-CV-219, 2009 U.S. Dist. LEXIS 109825 (E.D. Tenn. Nov. 24, 2009). The matter was based upon alleged violations of the decedent's constitutional rights under 42 U.S.C. § 1983 and a claim of wrongful death under Tennessee state law. *Id.* at *3-4. In the absence of a surviving spouse, the court determined that the appropriate plaintiffs for both the federal and state law causes of action were the decedent's children. *Id.* at *8. As a result, the court dismissed the suit filed by the decedent's parents.

In this case, the wrongful death action has been brought by Nichols' mother, as the Administratrix Ad Litem of his estate. While an action for wrongful death may be instituted and maintained by an administrator, T.C.A. § 20-5-107, it has long been settled that the administrator sues as a representative of the next of kin, and not as a representative of the estate or of creditors. *Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, 665 S.W.2d 717, 718 (Tenn. 1984)(citing *Memphis Street Railway Company v. Cooper,* 203 Tenn. 425, 444 (1958). An estate has no standing to bring a wrongful death action "because it is clear that an estate lacks any interest in a wrongful death suit in Tennessee." *Sipes,* 12-1130-JDB-egb, 2014 WL 2035685, fn.2 (W.D. Tenn., May 16, 2014) citing, *Martin v. Corr. Corp. of Am.,* 231 F.R.D. 532, 536-537 (W.D. Tenn., 2005) (neither the claim nor the recovery becomes part of the estate). "The administrator's rank in the group of persons who have priority to the right to bring a wrongful death action varies"

6

according to the beneficiary they are representing. *Foster v. Jeffers,* 813 S.W.2d 449, 452 (Tenn. Ct. App. 1991). The right of action depends upon the existence of persons entitled to take the recovery as beneficiaries under the statute and not upon the qualification of a personal representative. *Id.* It is necessary both to plead and to prove the existence of requisite beneficiaries before the action can be maintained. *Id.,* citing, *Hale v. Johnston,* 140 Tenn. 182, 203 S.W. 949 (1918). "[I]f the existence of a statutory beneficiary at the time the suit is commenced is not disclosed in the progress of the case, the action fails." *Whitson v. Tenn. Cent. Ry. Co.*, 40 S.W.2d 396, 398 (Tenn. 1931); see also *Louisville & N.R. Co. v. Pitt*, 18 S.W. 118, 119 (Tenn. 1892) (An action is "fatally defective unless it avers that the deceased left a widow, child, or next of kin surviving him.").

While Plaintiff brings this wrongful death action as Administratrix Ad Litem of the estate of Tyre Nichols, Nichols' minor child, *the real party in interest*, must have been specifically plead in the Complaint. Fed. R. Civ. P. 17(a)(3)(A). Prior to commencing this action, Plaintiff knew this child existed but failed to properly identify and name the minor child as the ***actual beneficiary*** in the Complaint. As a minor, Tyre Nichols' child is under a legal disability and may not bring an action in his own name, but must be represented by either a general guardian, a committee, a conservator, a like fiduciary, a next friend, or a guardian ad litem. Fed.R.Civ.P 17(c).

There is no evidence that Plaintiff has been given any legal authority whatsoever to sue on behalf of Nichols' minor child. Whether Plaintiff can sue for the benefit of Nichols' minor son is a question of who has the right to litigate on his behalf. *Hill v. Martinez,* 87 F.Supp. 2d 1115, 1122 (D. Colo. Feb. 11, 2000). In the absence of any documentation to the contrary, it is assumed that the minor child resides with his mother, as his lawful guardian. She alone would have the right to litigate on the minor's behalf. Therefore, her consent and either ratification, joinder or substitution

on behalf of the minor as his guardian would be required in this case.  (Id.).  Given the knowledge of the existence of Nichols' minor child as his sole heir, the lack of legal authority to pursue this matter on the minor's behalf, and Plaintiff's failure to specifically name the child as the actual beneficiary in this cause renders the action "fatally deficient" warranting dismissal.

D.  Plaintiff Fails to State a Claim Based Upon the Fourteenth Amendment.

Additionally, Plaintiff seeks redress for alleged violations of Decedent's constitutional rights under the Fourteenth Amendments.  However, since the claim is based upon an alleged use of excessive force during an arrest, this seizure appropriately falls withing the purview of the Fourth Amendment.  *Tennessee v. Garner,* 471 U.S. 1, 7 (1985).

In *Graham v. Connor,* 490 U.S. 386, 394 (1989) the Supreme Court held that if a constitutional claim is covered by specific constitutional provisions such as the Fourth Amendment, the claim must be analyzed under the standard appropriate to that specific provision and not under the more general rubric of substantive due process.  In other words, a substantive due process claim under the Fourteenth Amendment would lie only if the Fourth Amendment does not apply.  *City of Sacramento v. Lewis,* 523 U.S. 833, 847 (1988).  Since Plaintiff's claim is based upon an unreasonable seizure it should be analyzed under the Fourth and not the Fourteenth Amendment, and therefore the Fourteenth Amendment claim should be dismissed.

E.  Additional State Law Claims

In addition to specifically incorporating by reference the arguments of Defendant City of Memphis regarding Plaintiff's state law claims of intentional and/or negligent infliction of emotional distress and fraudulent misrepresentation (DE 81-1, Memorandum in Support of Defendant City of Memphis, Page ID #739-742), Defendants Hemphill and Smith would further submit that they are immune for any such acts under the Tennessee Governmental Tort Liability

Act.  State law claims against governmental employees fall under the purview of the Tennessee Governmental Tort Liability Act.  While Defendant Officers would dispute Plaintiff has sufficiently plead a cause of action under the Tennessee Governmental Tort Liability Act (hereinafter "TGTLA"), no claim can be brought against them individually for negligent acts or omissions committed by them within the scope of their employment.  *Robinson v. City of Memphis,* 340 F.Supp.2d 864 (2004); *Pinnix v. Pollock,* 338 F.Supp.2d 885 (2004).  Such claims fall under the purview of the Governmental Tort Liability Act, Tenn. Code Ann. §29-20-101 et. seq. which specifically provides:

> No claim can be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity has been removed by this chapter unless the claim is one for medical malpractice brought against a healthcare practitioner...  Tenn. Code Ann.§29-20-310(b).
> In addition, Tenn. Code Ann. §29-20-205 states in pertinent part:
> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omissions of any employee within the scope of his employment except if the injury arises out of:
> (2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, liable, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights; ...

Defendants Hemphill and Smith are immune from suit for negligence under Tennessee law and any such claims made against them in their individual capacities should be dismissed.

III.    CONCLUSION

Based upon the above arguments, Defendants Hemphill and Smtih respectfully move this Court to dismiss Plaintiff's claims against them in their individual capacities.

Respectfully submitted,

**GODWIN, MORRIS, LAURENZI
& BLOOMFIELD, P.C.**

9

s/ Mary Elizabeth McKinney_____
Mary Elizabeth McKinney (TN Bar #21597)
Deborah E. Godwin (TN Bar #9972)
*Attorneys for Defendants, Preston Hemphill*
*and Dewayne Smith, Individually*
GODWIN, MORRIS, LAURENZI
AND BLOOMFIELD, P.C.
50 North Front St., Suite 800
Memphis, TN 38103
(901) 528-1702
bmckinney@gmlblaw.com
dgodwin@gmlblaw.com

<u>CERTIFICATE OF SERVICE</u>

I, Mary Elizabeth McKinney, hereby certify that on October 16, 2023, I filed a copy of the foregoing with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in this case.

I further certify that there are no non-registered parties in this case.

s/ Mary Elizabeth McKinney _____
Mary Elizabeth McKinney