IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased.

    Plaintiff,

v.

THE CITY OF MEMPHIS, a municipality;
CHIEF CERELYN DAVIS, in Her Official
Capacity; EMMITT MARTIN III, in His
Individual Capacity; DEMETRIUS HALEY,
in His Individual Capacity; JUSTIN SMITH,
in His Individual Capacity; DESMOND MILLS,
JR., in His Individual Capacity; TADARRIUS
BEAN, in His Individual Capacity; PRESTON
HEMPHILL, in His Individual Capacity;
ROBERT LONG, in His Individual Capacity;
JAMICHAEL SANDRIDGE, in His Individual
Capacity; MICHELLE WHITAKER, in Her
Individual Capacity; and DEWAYNE SMITH,
in His Individual Capacity and as an Agent of the
City of Memphis,

    Defendants.

Case No. 2:23-cv-02224-MSN-atc
JURY DEMAND

---

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF MEMPHIS'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Before the Court is Defendant City of Memphis's ("Defendant") Motion for an Extension of Time to Respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF No. 118, "Motion"). Defendant points to the broad language of Plaintiff's requests to indicate that the relevant materials will likely be voluminous and further explains that

the Department of Justice's ("DOJ") simultaneous discovery requests have "necessarily diverted resources away from responding to Plaintiff's discovery requests." (*Id.* at PageID 975.) Defendant also notes that it must carefully review its documents for *Garrity* or *Garrity*-derived information. (*Id.*) Concerning the extension, Defendant states that it previously asked Plaintiff for a modest extension, which Plaintiff rejected, and now seeks sixty additional days in which to respond to Plaintiff's discovery requests. (*Id.* at PageID 976.)

Plaintiff objects on the grounds that Defendant waited until the last minute to request an extension despite knowing it might need one for weeks. (ECF No. 120 at PageID 981.) Plaintiff also argues that it is "especially critical" that Defendant begin turning over documents because (1) none have been turned over yet, (2) depositions have been scheduled in December for two of the other Defendants, and (3) discovery closes on April 30, 2023. (*Id.* at PageID 981–82.) As for the sixty-day request, Plaintiff states that Defendant only asked them for a twenty-one day extension and further explains that Plaintiff offered a four-day extension to provide written responses and a rolling production schedule until November 16, 2023. (*Id.* at PageID 981.) In support, Plaintiff attached the email chain relating to Defendant's extension request. (*See* ECF No. 120-1.)

The Court finds that good cause exists to extend the deadline for Defendant to respond to Plaintiff's discovery requests. Specifically, Defendant's arguments that it is also producing discovery to DOJ and that it must review its productions carefully given the nature of this case and other related cases are well-taken. The Court does not find, however, that a sixty-day extension is necessary or appropriate, particularly since Defendant waited so long to seek such relief and previously indicated to Plaintiff that a lesser extension would be sufficient. Plaintiff's arguments that it needs discovery so it can prepare for the next steps in this litigation are also well-taken.

In light of these considerations, the Court **GRANTS IN PART** Defendant's Motion. Having considered the initial framework Plaintiff offered Defendant, the Court finds it reasonable and adjusts it as follows:

- Written responses shall be due **Friday, November 24, 2023**;

- Available documents shall be produced on a rolling basis on or before **Thursday, November 16**; **Friday, November 24, 2023**; and **Thursday, November 30, 2023**.

**IT IS SO ORDERED**, this 6th day of November, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE