**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

RowVaughn Wells, Individually and as
Administratrix Ad Litem of the Estate of
Tyre Deandre Nichols, deceased,

    Plaintiff,

v.

The City of Memphis, a municipality;
Chief Cerelyn Davis, in her official capacity;
Emmitt Martin III, in his individual capacity;
Demetrius Haley, in his individual capacity;
Justin Smith, in his individual capacity;
Desmond Mills, Jr., in his individual capacity;
Tadarrius Bean, in his individual capacity;
Preston Hemphill, in his individual capacity
Robert Long, in his individual capacity;
JaMichael Sandridge, in his individual capacity;
Michelle Whitaker, in her individual capacity;
DeWayne Smith, in his individual capacity and
as an agent of the City of Memphis,

    Defendants.

Case No.: 2:23-cv-2224
**JURY DEMANDED**

**DEFENDANT MICHELLE WHITAKER'S REPLY BRIEF IN SUPPORT OF HER
MOTION TO DISMISS PURSUANT TO QUALIFIED IMMUNITY**

    **COMES NOW**, Defendant, Michelle Whitaker (hereinafter referred to as "Defendant Whitaker"), by and through undersigned counsel of record, and submits this Reply Brief in Support of the Motion to Dismiss based on Qualified Immunity. Specifically, Ms. Whitaker replies as follows:

## I.     INTRODUCTION

When Defendant Whitaker raised the defense of qualified immunity in her initial motion, the burden shifted to Plaintiff to demonstrate that she is not entitled to qualified immunity.[1] Simply put, Plaintiff has not met this burden and the Court should grant Ms. Whitaker's request for dismissal on the basis of qualified immunity.

Fundamentally, Plaintiff has not adequately pled a Fourteenth Amendment violation against Defendant Whitaker.  As discussed below, the cases relied upon by Plaintiff are clearly distinguishable from the instant matter and provide no support for the fallacious contention that Defendant Whitaker violated a "clearly established right."[2]  As the Sixth Circuit has made clear in numerous cases, a qualified immunity inquiry is made within the specific context of a case.[3] Additionally, the analysis of Plaintiff's claims against Defendant Whitaker are indeed governed by *DeShaney* and its progeny.  Finally, the City of Memphis patient care records submitted by Defendant Whitaker in support of dismissal are central to the claims in the Complaint, meaning the submission of these documents do not convert the Fed. R. Civ. P. 12 motion to a Fed. R. Civ. P. 56 motion for summary judgment.

At this stage of these proceedings, Defendant Whitaker has properly raised qualified immunity as a defense, Plaintiff has failed to meet her burden, and qualified immunity insulates Defendant Whitaker from further liability in this cause of action.

---

[1] *Nelson v. City of Battle Creek*, 802 F. App'x 983, 986 (6th Cir. 2020).
[2] *Harlow v. Fitzgerald*, 457 U.S. 800, 802, 102 S. Ct. 2727, 2729, 73 L.Ed.2d 396, 400 (1982).
[3] *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 878 (6th Cir. 2020) (citing *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255, 259 (2015)).

## I. LAW & ARGUMENT

### A. Plaintiff has not adequately pled a Fourteenth Amendment violation against Defendant Whitaker.

Plaintiff first argues she has met the Sixth Circuit's standard for establishing deliberate indifference to serious medical needs under the Fourteenth Amendment for pretrial detainees. The standard articulated by the Sixth Circuit states that "a pretrial detainee must make a showing (1) that he had an objectively serious medical need and (2) that each defendant acted deliberately [and] also recklessly in the face of an unjustly high risk of harm that is either known or so obvious that it should be known."[4] Plaintiff asserts that Tyre Nichol's (hereinafter referred to as "Decedent") medical needs were apparent when Defendant Whitaker (and the other Defendant paramedics) arrived and that they all had sufficiently culpable states of mind in denying him medical attention. As stated in the Motion, these allegations are categorically false and belied by the video evidence and the patient care records.

Defendant Whitaker could not have known that Decedent had an objectively serious medical injury prior to arriving, because the only communication to Fire Engine 55 from the 911 dispatch office requested assistance for a victim who had been maced, not assaulted. In fact, no one outside of the Police Officer Defendants was immediately aware that the Decedent had been physically assaulted or sustained serious bodily injury.[5] Plaintiff also cannot demonstrate that Defendant Whitaker acted deliberately and recklessly, because even the facts she relies upon acknowledge that an ambulance was dispatched to transport him to a hospital within a few minutes of their arrival.[6] The discretionary decisions related to Decedent's medical treatment was based

---

[4] *Howell v. NaphCare, Inc.*, 67 F.4th 302, 311 (6th Cir. 2023) (citing *Brawner v. Scott County*, 14 F.4th 585 (6th Cir. 2021).
[5] The videotape of the brutal assault has now been shown to literally the entire world. However, it was not live streamed and was not made available by the City of Memphis until January 27, 2023.
[6] *See* Complaint ¶¶ 252-254.

3

on Defendant Whitaker's professional judgment derived from the information available at the time, rather than a conscious disregard for Nichols' well-being. Accordingly, even the Complaint concedes that Defendant Whitaker "never left the engine to assist on the scene."[7]

### B. The cases upon which Plaintiff relies are inapposite and do not support a finding that Defendant Whitaker violated a "clearly established" right.

Plaintiff principally relies on four (4) cases to support her contention that Defendant Whitaker violated a "clearly established" right. However, each of these cases is easily distinguishable from the extant case and fails to provide a safe harbor for Plaintiff's Complaint.

Plaintiff first relies on *City of Revere v. Massachusetts General Hospital*.[8] However, this case is factually dissimilar from the present case and has no analytical relevance, because the central issue in *Revere* did not concern an allegation of deliberate indifference or qualified immunity. Rather, the **novel** issue before the *Revere* court was whether a municipality is legally responsible for the cost of necessary medical care incurred by a person injured by police officers performing their duties.[9] *Revere* provides no assistance to Plaintiff in establishing, with a particularized showing, that the right at issue was clearly established.

Plaintiff also relies on *Estate of Owensby v. City of Cincinnati*,[10] but the case is neither legally nor factually similar to the facts here and therefore has no application. *Owensby* primarily deals with an issue of sovereign immunity in the context of an Ohio state statute and its application to negligent conduct of police officers during and subsequent to an arrest.[11] Further, the case involves police officers and their duty to summon or to administer medical care to a detainee they

---

[7] *See* Complaint ¶¶ 238.
[8] 463 U.S. 239 (1983).
[9] *Id.* at 240.
[10] 414 F.3d 596 (6th Cir. 2005).
[11] *Id.* at 601.

injured while effectuating an arrest."[12] The facts set forth in Plaintiff's Complaint do not contend Defendant Whitaker arrested or injured Decedent. The thrust of Plaintiff's allegations against Defendant Whitaker is that she failed to provide adequate medical care upon her arrival at the scene. There is a vast difference between an allegation of failure to provide adequate medical care versus the denial of medical care. *Owensby* provides no assistance to Plaintiff in establishing, with a particularized showing, that the right at issue was clearly established.

The third case Plaintiff relies on is *Estate of Carter v. City of Detroit*.[13] In *Estate of Carter*, the particularized facts of that case led to the holding that qualified immunity did not shield the police officer's conduct, because he consistently ignored the pretrial detainee's complaints of chest pains, shortness of breath, impending heart attack, knew the detainee had not taken heart medication for three (3) days, and failed to transport the detainee to the hospital or to alert anyone else to her complaints.[14] Based on the particularized facts of the case, the Court found that the police officer could not invoke qualified immunity. *Estate of Carter* provides no assistance to Plaintiff in establishing, with a particularized showing, that the right at issue was clearly established.

Finally, Plaintiff relies on *Scozzari v. Miedzianowski*.[15] This case is also inapposite as it involves police officers who were denied qualified immunity because they delayed calling for medical assistance for a suspect they shot and then impeded emergency responders from providing treatment even though the injuries he suffered were such injuries that even a layperson would have known they were significant.

---

[12] 414 F.3d at 603.
[13] 408 F.3d 305 (6th Cir. 2005).
[14] *Id.* at 310.
[15] 54 Fed. Appx. 455 (6th Cir. 2012).

In contrast, Defendant Whitaker responded to the dispatch request to treat a victim of macing, a minor injury, which also makes the converse true – lay people are aware that exposure to mace is not generally associated with a significant or serious injury.  Plaintiff is clearly not able to demonstrate the existence of any controlling case law at the time of the alleged misconduct that would "truly compel" the conclusion that Defendant Whitaker's specific actions violated federal law.  Plaintiff cannot demonstrate that Defendant Whitaker deliberately denied Decedent necessary medical care or that she was aware that he had suffered any serious injury prior to her arrival and then intentionally chose to withhold medical treatment.  *Scozzari* provides no assistance to Plaintiff in establishing, with a particularized showing, that the right at issue was clearly established.

### C.  Plaintiff completely mischaracterizes Ms. Whitaker's contentions in the Motion.

The factual inaccuracies within Plaintiff's Complaint are mirrored in her Response to the Motion.  Specifically, Plaintiff incorrectly asserts Defendant Whitaker claimed Decedent was not in custody during the assault by police officers.  This is incorrect - the actual assertion was that no acts or omissions by her resulted in Decedent being placed into custody.

Moreover, Plaintiff contends the caselaw cited by Defendant Whitaker is distinguishable from the present case.  Specifically, Plaintiff claims that the *DeShaney v. Winnebago County Department of Social Services*[16] and its progeny are not applicable to the facts, but provides no authority to support this claim.  Plaintiff then suggests that if the Court applies the standard outlined in *DeShaney*, the custody exception should be invoked.  All of the cases cited by Defendant Whitaker involve assessing whether EMTs were entitled to qualified immunity amid claims of inadequate medical care, which is consistent with the allegations set forth in Plaintiff's

---

[16] 489 U.S. 189 (1989).

Complaint against Defendant Whitaker. Also, the custody exception does not apply for the simple reason – Defendant Whitaker did not engage in any physical restraint of Decedent and played no part in rendering him incapacitated – even the Complaint does not make these assertions.

### D. The City of Memphis Patient Care Records are central to Plaintiff's claims.

Although the allegations in Plaintiff's Complaint against the paramedic Defendants provides a recitation of the constitutionally deficient medical care she asserts was not provided, Plaintiff also contends that Defendant Whitaker's reliance on the City of Memphis 911 emergency dispatch call and Decedent's patient medical records – which document the following: i) the **exact** 911 dispatch call communicated to Fire Engine 55 regarding the macing; ii) the **exact** time Fire Engine 55 arrived at Decedent's location; iii) the **exact** medical treatment provided by the paramedic Defendants; iv) how long it took to provide medical treatment to Decedent; and, v) the **exact** time and the **exact** medical treatment provided by ambulance personnel upon their arrival – is improper. Importantly, Plaintiff does not contest the authenticity or accuracy of the records, but nevertheless insists that reliance upon them at this stage converts the Motion to Dismiss into a Motion for Summary Judgment.[17] Plaintiff is in error because under certain circumstances additional documents are considered part of the pleadings, and this is such a case.[18]

Plaintiff' Complaint makes the alleged inadequacy of the medical treatment Decedent received the central theme of her Complaint.[19] In actuality, the facts set forth in the Motion were taken directly from Decedent's patient care records, which are essential and central to the allegations Plaintiff advances in the Complaint against the paramedic Defendants.[20] Second,

---

[17] Fed. R. Civ. P. 12(d) – "[I]f … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties shall be given a reasonable opportunity to present all material that is pertinent to the motion."
[18] *See*, Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (citing 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed. 1998)).
[19] *See* Compl. ¶¶ 236-251.
[20] *See* Compl. ¶¶ 236, 238, 243, 252, 253 and 254.

because the alleged inadequacy of the medical treatment is essential to the claims Plaintiff's makes, the patient care medical records which document this treatment can be used at this stage of the proceedings. For example, *Jones v. Benitez* was a case that concerned alleged inadequate medical treatment provided by a physician to an inmate incarcerated at West Tennessee State Penitentiary.[21] The plaintiff filed a Complaint and alleged causes of action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA).[22] The Section 1983 claim made allegations under the Eighth Amendment based on inadequate medical treatment, incorrect medications, failure to timely refer to a specialist, failure to transfer to a special needs facility, and failure to prescribe pain medication.[23]

In response to the Complaint, the defendant filed a motion to dismiss for failure to state a claim.[24] In support of the motion defendant attached plaintiff's medical records.[25] The court determined that it could review plaintiff's medical records without converting the motion to dismiss into a motion for summary judgment "**because the medical records are central to Plaintiff's complaint**."[26] Here, the medical records are equally central to the contentions of inadequate medical treatment, because they directly relate to the claim that Defendant Whitaker demonstrated deliberate indifference to Decedent's serious medical needs. The patient care medical records patently demonstrate otherwise and establish beyond any reasonable dispute that the allegations upon which Plaintiff seeks to make a claim are categorically false.

---

[21] 2018 U.S. Dist. LEXIS 164909, *1, 2018 WL 4624821.
[22] *Id.*
[23] *Id.* at *1-*2.
[24] *Id.* at *6.
[25] *Id.* at *8-*9.
[26] *Id.* at *9 (citing *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (holding that documents central to a complaint but not formally incorporated by reference or attachment to a complaint may be considered part of the pleadings)) (emphasis added).

8

### E. Even if the City of Memphis Patient Care Records are not considered, Defendant Whitaker is still entitled to dismissal based on qualified immunity.

Even under Plaintiff's false factual narrative, the pleadings before the court support a dismissal. Essentially, the governmental actions in this case are exactly the type of conduct that qualified immunity is designed to protect. In sum, Plaintiff attacks discretionary medical decisions made in an emergency setting, during a brief time period while Defendant Whitaker was performing official duties.

Plaintiff's Response fails to demonstrate that the constitutional right she claims was violated by Defendant Whitaker was clearly established at the time of the alleged conduct. To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that their conduct violated the right at issue.[27] The analytical tool used by courts to determine whether a right is clearly established involves a comparison of the extant circumstances faced by a government official with prior decisional law, to determine whether the earlier decisions would have made clear to the official that the conduct violated the law.[28] However, the precedent from which the comparison is made must be particularized to the facts of the case.[29] The particularized facts here, involve discretionary medical decisions made by Fire Department officials, including Defendant Whitaker, while responding to a request for medical assistance. There is no precedent – no comparison – that Plaintiff has been able to identify which makes the right at issue clearly established. A dismissal based on qualified immunity is the appropriate action.

## II. CONCLUSION

Based upon the foregoing, the Court should grant Defendant's Motion.

---

[27] *Garza*, 972 F.3d at 878 (citing *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255, 259 (2015)).
[28] *Lee v. Ritter*, No. 1:02-CV-282, 2005 U.S. Dist. LEXIS 34988, at *26 (E.D. Tenn. Dec. 12, 2005).
[29] *See White v. Pauly*, 137 S.Ct. 548, 552 (2017) (quoting *Anderson v. Creighton*, 483 U.S.635, 640 (1987)).

9

Respectfully submitted,

**SPENCE PARTNERS**

By: /s/ Robert L.J. Spence Jr.
Robert L.J. Spence, Jr. (BPR #12256)
Jarrett M.D. Spence (BPR#34577)
Alexxas J. Johnson (BPR#40938)
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
jspence@spencepartnerslaw.com
ajohnson@spencepartnerslaw.com

*Attorneys for Defendant Michelle Whitaker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2024, a true and correct copy of the foregoing has been filed with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in the case.

/s/ Robert L.J. Spence, Jr.

10