IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased.

    Plaintiff,

v.

THE CITY OF MEMPHIS, a municipality;
CHIEF CERELYN DAVIS, in Her Official
Capacity; EMMITT MARTIN III, in His
Individual Capacity; DEMETRIUS HALEY,
in His Individual Capacity; JUSTIN SMITH,
in His Individual Capacity; DESMOND MILLS,
JR., in His Individual Capacity; TADARRIUS
BEAN, in His Individual Capacity; PRESTON
HEMPHILL, in His Individual Capacity;
ROBERT LONG, in His Individual Capacity;
JAMICHAEL SANDRIDGE, in His Individual
Capacity; MICHELLE WHITAKER, in Her
Individual Capacity; and DEWAYNE SMITH,
in His Individual Capacity and as an Agent of the
City of Memphis,

    Defendants.

Case No. 2:23-cv-02224-MSN-atc
JURY DEMAND

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR MODIFIED SCHEDULING ORDER; FIRST AMENDED SCHEDULING ORDER

---

Before the Court is Plaintiff's Unopposed Motion for Modified Scheduling Order. (ECF No. 149, "Motion"). Plaintiff requests an approximately 60-day extension of most of the dates in the Scheduling Order, (ECF No. 111), citing the volume of discovery in this case, the imminent departure of one of Plaintiff's Counsel, and Plaintiff's current inability to depose the Defendant

Officers in light of other pending cases involving those Defendants. (ECF No. 149 at PageID 1188–89.) Plaintiff does not request extensions of the trial-related dates.

For the reasons Plaintiff provides, and because Plaintiff's Motion is unopposed, the Court finds it well-taken as it pertains to all of the requested extensions except for the dispositive motions deadline. Because the Court thinks it premature to extend that deadline, it will remain the same. Accordingly, the following dates are established as the final deadlines for:

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** April 30, 2024
    Mediator must file Mediation Certification Form:
    https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:** February 1, 2024

**COMPLETING ALL DISCOVERY**: June 30, 2024

    (a) **DOCUMENT PRODUCTION AND INTERROGATORIES:** April 1, 2024

    (b) **DEPOSITIONS:** June 30, 2024

    (c) **REQUESTS FOR ADMISSIONS:** April 1, 2024

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: April 30, 2024

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: June 1, 2024

    (c) **EXPERT WITNESS DEPOSITIONS**: July 31, 2024

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: August 28, 2024

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: June 30, 2024

**FILING DISPOSITIVE MOTIONS**: August 2, 2024

**JOINT PROPOSED PRETRIAL ORDER DUE**: Friday, January 10, 2025
(E-mail Joint Proposed Pretrial Order in Word format to:
ECF_Judge_Norris@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE**: Friday, January 17, 2025 at 9:30 a.m.

**JURY TRIAL**: Monday, January 27, 2025 at 9:30 a.m.  Trial is anticipated to last approximately 15 days.

*The parties do not consent to trial before the Magistrate Judge.*

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), Plaintiff, Defendant City, Defendant Chief Davis, and the Paramedic Defendants have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have engaged in discussions regarding an agreement regarding e-discovery and will submit the parties' e-discovery plan for the court's approval. All remaining Defendant Officers request to address e-discovery parameters after the Court has ruled on the pending Motion to Stay Civil Proceedings.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60.)

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

No parties may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court.  Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the parties.   Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**IT IS SO ORDERED**, this 23rd day of January, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE