IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, Individually and as Administratix Ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF MEMPHIS, a municipality, *et al.*,<br><br>*Defendants*. | Case No.: 2:23-cv-02224-MSN-atc<br><br>**PLAINTIFF'S MOTION FOR LEAVE:**<br><br>**(1) TO TAKE A MAXIMUM OF THIRTY-FIVE DEPOSITIONS;** *and…*<br><br>**(2) TO CONDUCT CERTAIN DEPOSITIONS OVER THE PERMITTED SEVEN HOURS** |

**PLAINTIFF'S MOTION FOR LEAVE (1) TO TAKE A MAXIMUM OF THIRTY-FIVE DEPOSITIONS; AND (2) TO CONDUCT CERTAIN DEPOSITIONS OVER THE PERMITTED SEVEN (7) HOURS**

**COMES NOW** the Plaintiff, RowVaughn Wells, individually and as Administratix Ad Litem of the Estate of Tyre Deandre Nichols, deceased, ("Plaintiff"), by and through her attorneys of record, and, pursuant to Rule 26(b)(2) and Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff respectfully moves this Honorable Court for the entry of an Order granting her leave (1) to take a maximum of thirty-five (35) (non-expert) depositions, and (2) to conduct certain (identified) depositions over the permitted seven (7) hours, and, in support her motion, the Plaintiff states as follows:

1. Plaintiff's Complaint at Law as against Defendants The City of Memphis, Chief Cerelyn Davis, Emmett Martin III, Demetrius Haley, Justin Smith, Desmond Mills, Jr., Tadarrius Bean, Preston Hemphill, Robert Long, JaMichael Sandridge, Michelle Whitaker, and DeWayne Smith was filed on April 19, 2023 – the allegations of which concern the alleged wrongful

death of Plaintiff's decedent, Tyre Deandre Nichols, on January 10, 2023, "[f]ollowing a series of encounters with officers of the Memphis Police Department on the night of January 7, 2023[.]" *See generally* ECF Dkt. 1; *see also* ECF Dkt. 110, p. 3.

2. On January 17, 2024, Plaintiff filed her unopposed motion for entry of a modified scheduling order (*see generally* ECF Dkt. 149), and, on January 23, 2024, this Court issued an Order granting in part and denying in part Plaintiff's unopposed motion (*see generally* ECF Dkt. 151), establishing, for the purposes of fact discovery, the following dates as final deadlines:

   i. Completing All Discovery: June 30, 2024

      1. Document Production and Interrogatories: April 1, 2024

      2. Depositions: June 30, 2024

      3. Requests for Admission: April 1, 2024

3. Ever mindful of the imminency of the June 30, 2024 deadline for the completion of all depositions in this matter, on February 20, 2024, at approximately 4:41 PM CT, counsel for the Plaintiff dispatched an email to all members of counsel inquiring as to their availability for a conference call in order to discuss, among other things, (1) the "[l]ength of time (in hours) required to conduct Rule 30(b)(6) depositions in this matter (including the necessity of a motion)[;]" (2) the "[l]ength of time (in hours) required to conduct depositions of what Plaintiff's counsel will designate as either "apex" or "Class A" deponents, including, but not limited to, named Defendants and supervisors, [as an] example[;]" and (3) the "[n]umber of depositions to be allotted to counsel for the Plaintiff (including the necessity of a motion)." *See* Email from Plaintiff's counsel Javier Rodriguez, Jr. ("**Exhibit 1**") (dated Feb. 20, 2024), p. 1.

4. The conference call would then proceed on February 22, 2024, at approximately 3:30 PM CT/4:30 PM ET, with the following members of counsel in attendance:

    i. Counsel for the Plaintiff: Antonio M. Romanucci, Bhavani K. Raveendran, Sarah Raisch, and Javier Rodriguez, Jr. of Romanucci & Blandin, LLC;

    ii. Counsel for Defendants City of Memphis and Chief Cerelyn Davis: Jennie V. Silk and Bruce McMullen of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC;

    iii. Counsel for Defendants Preston Hemphill and DeWayne Smith: Deborah E. Godwin of Godwin Morris Laurenzi & Bloomfield, P.C.;

    iv. Counsel for Defendant Robert Long: Darrell J. O'Neal of the Law Office of Darrell J. O'Neal;

    v. Counsel for Defendant JaMichael Sandridge: Laura E. Smittick of Smittick Law Firm; *and…*

    vi. Counsel for Defendant Michelle Whitaker: Jarrett M.D. Spence of Spence Partners.[1]

5. As was memorialized in a February 28, 2024 email from Plaintiff's counsel (*see generally* Email from Plaintiff's counsel Javier Rodriguez, Jr. ("**Exhibit 2**") (dated Feb. 28, 2024)), during the February 22, 2024 conference call, counsel for the Plaintiff made counsel for the Defendants aware of the following:

    i. On the subject of those hours required to conduct Rule 30(b)(6) depositions:

        1. In the event Defendant Chief Cerelyn Davis were to be designated by Defendant City of Memphis as the sole Rule 30(b)(6) deponent for all matters or topics concerning the Memphis Police Department, as an example, Plaintiff's counsel would be requesting leave of Court to conduct this component of any soon-coming Rule 30(b)(6) deposition for Defendant City of Memphis over the course of thirty-five (35) hours (none of which, Plaintiff would request, be deemed a component of Defendant Chief Cerelyn Davis' own deposition in her capacity as a named-Defendant); *and…*

        2. Otherwise, Plaintiff's counsel would be requesting leave of Court to conduct fourteen (14) hour depositions per topic so identified within her Rule 30(b)(6) notice. *See generally* Plaintiff's Rider for Defendant City of Memphis'

---

[1] The following members of counsel did not participate in the February 22, 2024 phone conference: (1) counsel for Defendant Emmitt Martin, III, Florence M. Johnson of Johnson & Johnson, PC; (2) counsel for Defendant Officer Demetrius Haley, Stephen R. Leffler of the Law Office of Stephen R. Leffler, P.C.; (3) counsel for Defendant Justin Smith, Martin W. Zummach of Sparkman Zummach, P.C.; (4) counsel for Defendant Desmond Mills, Jr., Clyde W. Keenan of Keenan Law & Consulting; and (5) counsel for Defendant Tadarrius Bean, John K. Perry, Jr. of Perry Griffin, PC. As the Court is aware, on September 21, 2023, an Order was entered granting in part Defendants Haley, Martin, Bean, (Justin) Smith, and Mills' motions to stay the instant civil case pending the resolution of related criminal proceedings. *See* ECF Dkt. 110, at pp. 1-2.

  designated Rule 30(b)(6) Deponent(s) ("**Exhibit 3**") (relayed to counsel for Defendants Mar. 8, 2024).

 ii. On the subject of those hours required to conduct the depositions of named-Defendants:

  1. Plaintiff's counsel would be requesting leave of Court to conduct fourteen (14) hour depositions for each named-Defendant in this action; *and*…

  2. With respect to Defendant Chief Cerelyn Davis, Plaintiff's counsel would be seeking leave of Court to conduct her deposition over the course of twenty-one (21) hours in her capacity as a named-Defendant (not inclusive of any testimony gathered in her capacity as a Rule 30(b)(6) deponent for Defendant City of Memphis were she to be so designated).

 iii. As to the number of depositions to be allotted to the Plaintiff (and as of the date of the instant filing), the following forty-five (45) potential deponents have been identified by the Plaintiff and the Plaintiff would be moving the Court for an enlargement of those depositions permitted under Rule 30 to take, *at least*, thirty-five (35) depositions, pulling from the following list of potential deponents:

  1. Defendant Demetrius Haley;

  2. Defendant Emmitt Martin, III;

  3. Defendant Justin Smith;

  4. Defendant Tadarrius Bean;

  5. Defendant Desmond Mills, Jr.;

  6. Defendant Chief Cerelyn Davis;

  7. Defendant Robert Long;

  8. Defendant JaMichael Sandridge;

  9. Defendant Michelle Whitaker;

  10. Defendant DeWayne Smith;

  11. Defendant Preston Hemphill;

  12. Defendant City of Memphis' designated Rule 30(b)(6) deponent(s);[2]

---

[2] "Generally, the Rule 30(b)(6) deposition, no matter how many deponents are designated, is treated as one deposition." *Fleming v. Lyash*, 3:21-CV-283-KAC-DCP, 2022 WL 18401015, *1 n.1 (E.D. Tenn. Dec. 16, 2022) (citing *Smith v. Smith*, 19-10330, 2020 WL 1933820, *6 (E.D. Mich. Apr. 22, 2020)).

Page 4

13. Sgt. Denetta Craig, #4164;

14. Lt. Monique Williams, #4181;

15. Officer Cornell McKinnie;

16. Officer Darrell Mathis;

17. Officer "C. Mohney;"

18. Officer Samuel Lively;

19. Officer Jamil Matthews;

20. Officer "Roberts;"

21. Officer Irma Montes;

22. Officer Christopher Wilson;

23. Officer Tony Moore;

24. Officer Adrian Blakes;

25. Officer Carlos Ivy;

26. Deputy Chief "Jones;"

27. Deputy Chief "Crowe;"

28. Deputy Chief Michael Hardy;

29. Col. Sharon Cunningham;

30. Officer Wann Reed;

31. Officer Charles White ;

32. Officer Victor Lester;

33. Col. J.D. Smith;

34. Lt. Kevin Lake;

35. Lt. Patrick Fox;

    36. Lt. Brandon Harris;

    37. Lt. Michael Jackson;

    38. Lt. Andrew Kosso;

    39. Lt. Israel Taylor;

    40. Officer "Patson;"

    41. Plaintiff RowVaughn Wells;

    42. Rodney Wells;

    43. Lenge Dupree;

    44. Michael Cutrer; *and*…

    45. Kenyana Dixon.

6. Because each of those individuals identified above as potential deponents clearly have discoverable information (information that will require an enlargement of those "[seven] hours [deemed] the standard for depositions" for any named-Defendants and soon-to-be-designated Rule 30(b)(6) deponents given "the needs of [the] case"), permitting these depositions (and for the requested length(s) of time as to certain identified deponents) is both appropriate and consistent with the principles set forth in Rule 26(b)(2) and Rule 30 of the Federal Rules of Civil Procedure. *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-CV-00433, 2019 WL 3003661, *1 (M.D. Tenn. Apr. 19, 2019) (denying a motion for review of a magistrate judge's nondispositive order extending the time for a named-defendant's deposition, wherein the magistrate judge's order observed that "the needs of a case may justify […] extensions[ ]" of both the hourly-standard and limitation on more than ten depositions, and finding, too, that the defendant need not have "be[en] deposed first for seven hours before a determination [was] made as to whether additional time [was] needed"); *see also, Pierce v. Wyndham Vacation*

Page 6

*Resorts, Inc.*, 3:13-CV-641-CCS, 2017 WL 10434733, **1 (E.D. Tenn. May 18, 2017) (granting defendants' motion to take the depositions of twenty-three plaintiffs that, effectively, served as a representative sample of a larger group of 164 plaintiffs, finding the defendants' "request to depose [said] Plaintiffs proportional to the needs of the case").

7. As of the authorship of this filing (and following consultation with counsel for Defendants), Plaintiff has noticed the videotaped depositions for the following deponents:

    i. Defendant Preston Hemphill, to proceed on April 11, 2024, at 9:00 AM CT;[3] *and*…

    ii. Defendant DeWayne Smith, to proceed on April 12, 2024, at 9:00 AM CT.[4]

8. Plaintiff would note, too, that she is making every effort to proceed with the depositions of the following deponents *prior* to the depositions of Defendants Preston Hemphill and DeWayne Smith (contingent upon the deponents' availability, as well as that of counsel for Defendants):

    i. Sgt. Denetta Craig; *and*…

    ii. Lt. Monique Williams.

9. Ever mindful that those limitations imposed upon depositions within the Federal Rules of Civil Procedure are "intended to curb abusive discovery practices[,]" Plaintiff insists that the requested enlargement of deposition-related discovery in this case is absolutely "necessary." *Goree v. United Parcel Service, Inc.*, 14-cv-2505-SHL-tmp, 2016 WL 3647681, *2 (W.D. Tenn. Apr. 12, 2016) (quoting *Moore v. Abbott Labs.*, 2:05-cv-1065, 2009 WL 73876, *1 (S.D. Ohio Jan. 8, 2009)).

---

[3] Should Plaintiff be granted the relief so requested herein, contingent upon the deponent's availability, it is the intention of the Plaintiff to proceed with the deposition of Defendant Preston Hemphill over the course of fourteen (14) hours on both April 11, 2024 and April 12, 2024.
[4] Should Plaintiff be granted the relief so requested herein, contingent upon the deponent's availability, it is the intention of the Plaintiff to proceed with the deposition of Defendant DeWayne Smith over the course of fourteen (14) hours across two, seven (7) hour days.

Page 7

10. Accordingly, Plaintiff's motion for leave (1) to take a maximum of thirty-five (35) (non-expert) depositions, and (2) to conduct certain (identified) depositions over the permitted seven (7) hours, should be granted for those reasons more fully articulated within Plaintiff's memorandum of law filed contemporaneously with the instant motion. Plaintiff hereby incorporates those arguments made within the memorandum of law referenced above herein in full by reference.

11. As to those positions voiced by counsel for the Defendants concerning Plaintiff's requested relief, Plaintiff would note the following:

    i. On March 11, 2024, at approximately 8:54 AM CT, counsel for Defendant Michelle Whitaker indicated that she does not oppose the instant motion. *See* Email from Defendant Michelle Whitaker's counsel Jarrett M.D. Spence ("**Exhibit 4**"), p. 1 (dated Mar. 11, 2024).

    ii. On February 28, 2024, at approximately 4:46 PM CT, counsel for Defendant Robert Long indicated that he opposes Plaintiff's motion to conduct his deposition over the course of more than seven (7) hours. *See* Email from Defendant Robert Long's counsel Darrell J. O'Neal ("**Exhibit 5**"), p. 1 (dated Feb. 28, 2024).

    iii. On February 29, 2024, at approximately 5:03 PM CT, counsel for Defendants Preston Hemphill and DeWayne Smith indicated that they did not oppose Plaintiff's motion to enlarge the number of depositions permitted under Rule 30, but they do oppose Plaintiff's motion to conduct their depositions over the course of more than seven (7) hours each. *See* Email from Defendants Preston Hemphill and DeWayne Smith's counsel Betsy B. McKinney ("**Exhibit 6**"), p. 1 (dated Feb. 29, 2024).

    iv. On March 1, 2024, at approximately 12:04 PM CT, counsel for Defendants City of Memphis, Chief Cerelyn Davis, and DeWayne Smith (in his capacity as an agent for Defendant City of Memphis) (otherwise referred to as the "City Defendants") indicated that they do not oppose Plaintiff's motion to enlarge the number of depositions permitted under Rule 30, though (1) they oppose Plaintiff's request for thirty-five depositions, specifically; (2) they oppose Plaintiff's motion to conduct each named-Defendant's deposition over the course of fourteen (14) hours; (3) they (anticipatorily) oppose Plaintiff's motion to conduct Defendant Chief Cerelyn Davis' deposition, in her capacity as a Rule 30(b)(6) deponent for Defendant City of Memphis (were she to be so designated), over the course of thirty-five (35) hours; and (4) they oppose Plaintiff's motion to conduct fourteen (14) hour depositions per topic so identified within her Rule 30(b)(6) notice. *See* Email from City Defendants' counsel Jennie V. Silk ("**Exhibit 7**"), p. 1 (dated Mar. 1, 2024).

Page 8

**WHEREFORE** the Plaintiff, RowVaughn Wells, individually and as Administratix Ad Litem of the Estate of Tyre Deandre Nichols, deceased, by and through her attorneys of record, and, pursuant to Rule 26(b)(2) and Rule 30 of the Federal Rules of Civil Procedure, respectfully requests that this Honorable Court enter an Order granting Plaintiff the following, in addition to all such other and further relief to which the Plaintiff may be justly entitled:

    i.    Leave to take a maximum of thirty-five (35) (non-expert) depositions; *and…*

    ii.    Leave to conduct the following depositions over the permitted seven (7) hours:

1. Defendant Demetrius Haley, with leave to conduct the deposition over the course of fourteen (14) hours;

2. Defendant Emmitt Martin, III, with leave to conduct the deposition over the course of fourteen (14) hours;

3. Defendant Justin Smith, with leave to conduct the deposition over the course of fourteen (14) hours;

4. Defendant Tadarrius Bean, with leave to conduct the deposition over the course of fourteen (14) hours;

5. Defendant Desmond Mills, Jr., with leave to conduct the deposition over the course of fourteen (14) hours;

6. Defendant Chief Cerelyn Davis, with leave to conduct the deposition over the course of twenty-one (21) hours, in her capacity as a named-Defendant and not as a potential Rule 30(b)(6) designee for Defendant City of Memphis;

7. Defendant Robert Long, with leave to conduct the deposition over the course of fourteen (14) hours;

8. Defendant JaMichael Sandridge, with leave to conduct the deposition over the course of fourteen (14) hours;

9. Defendant Michelle Whitaker, with leave to conduct the deposition over the course of fourteen (14) hours;

10. Defendant DeWayne Smith, with leave to conduct the deposition over the course of fourteen (14) hours;

11. Defendant Preston Hemphill, with leave to conduct the deposition over the course of fourteen (14) hours; *and*…

12. Defendant City of Memphis' designated Rule 30(b)(6) deponent(s), with leave to conduct in the following manner:

    a. Over the course of thirty-five (35) hours, in the event Defendant Chief Cerelyn Davis were to be designated by Defendant City of Memphis as the sole Rule 30(b)(6) deponent for all matters or topics concerning the Memphis Police Department;

    b. Otherwise, over the course of fourteen (14) hours per topic so identified within Plaintiff's Rule 30(b)(6) notice.

Date: March 14, 2024

Respectfully submitted,
**ROMANUCCI & BLANDIN, LLC**

/s/ Javier Rodriguez, Jr.
_____
One of Plaintiff's attorneys

Antonio M. Romanucci (Illinois Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Illinois Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Illinois Bar No. 6305374) (*pro hac vice*)
Javier Rodriguez, Jr. (Illinois and W.D. Tenn. Bar No. 6330351)
Sam Harton (Illinois Bar No. 6342112) (*pro hac vice pending*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, *Main*
+1 (312) 458-1004, *Facsimile*
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jrodriguez@rblaw.net
sharton@rblaw.net

David L. Mendelson (Tennessee Bar No. 016812)
Benjamin Wachtel (Tennessee Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place

Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), *Telephone*
+1 (901) 763-2525, *Facsimile*
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Ben Crump (Wash., D.C. Bar No. 1552623; Tennessee Bar No. 038054)
Chris O'Neal (Florida Bar No. 910201) (*pro hac vice pending*)
Brooke Cluse (Texas Bar No. 24123034) (*pro hac vice pending*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), *Telephone*
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Georgia Bar No. 190276) (*pro hac vice pending*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, *Telephone*
+1 (404) 478-8423, *Facsimile*
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tennessee Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, *Telephone*
ehdorse@gmail.com

*Attorneys for Plaintiff, RowVaughn Wells, individually
and as Administratix Ad Litem of the Estate of Tyre
Deandre Nichols, deceased.*

## CERTIFICATE OF COUNSEL

In accordance with Local (civil) Rule 7.2 ("Rule 7.2") for the United States District Court for the Western District of Tennessee, counsel for the Plaintiff, RowVaughn Wells, individually

Page 11

and as Administratix Ad Litem of the Estate of Tyre Deandre Nichols, deceased, notes here that, after consultation between the parties to the controversy, they are unable to reach an accord as to *all* issues and as to *each* action requested by the motion.

Specifically, the following members of counsel participated in a phone conference on February 22, 2024, at approximately 3:30 PM CT/4:30 PM ET – a conference that was initiated (though scheduled via electronic mail following the input of other members of counsel following an initial communication via electronic mail by counsel for the Plaintiff on February 20, 2024, at approximately 4:41 PM CT) by counsel for the Plaintiff upon the giving of reasonable notice of the time, place, and specific nature of the conference to all members of counsel:

1. Counsel for the Plaintiff: Antonio M. Romanucci, Bhavani K. Raveendran, Sarah Raisch, and Javier Rodriguez, Jr. of Romanucci & Blandin, LLC;

2. Counsel for Defendants City of Memphis and Chief Cerelyn Davis: Jennie Vee Silk and Bruce McMullen of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC;

3. Counsel for Defendants Preston Hemphill and DeWayne Smith: Deborah E. Godwin of Godwin Morris Laurenzi & Bloomfield, P.C.;

4. Counsel for Defendant Robert Long: Darrell J. O'Neal of the Law Office of Darrell J. O'Neal;

5. Counsel for Defendant JaMichael Sandridge: Laura E. Smittick of Smittick Law Firm; *and*…

6. Counsel for Defendant Michelle Whitaker: Jarrett M.D. Spence of Spence Partners.

Counsel for the Plaintiff notes, too, in accordance with Rule 7.2, that the following members of counsel did not participate in the February 22, 2024 phone conference:

1. Counsel for Defendant Emmitt Martin, III: Florence M. Johnson of Johnson & Johnson, PC;

2. Counsel for Defendant Officer Demetrius Haley: Stephen R. Leffler of the Law Office of Stephen R. Leffler, P.C.;

3. Counsel for Defendant Justin Smith: Martin W. Zummach of Sparkman Zummach, P.C.;

4. Counsel for Defendant Desmond Mills, Jr.: Clyde W. Keenan of Keenan Law & Consulting; *and*…

5. Counsel for Defendant Tadarrius Bean: John Keith Perry, Jr. of Perry Griffin, PC.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 14, 2024, they electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Tennessee by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

Date: March 14, 2024

Respectfully submitted,
**ROMANUCCI & BLANDIN, LLC**

/s/ Javier Rodriguez, Jr.
One of Plaintiff's attorneys

Page 13