**Javier Rodriguez**

| | |
|---|---|
| From: | Javier Rodriguez |
| Sent: | Wednesday, February 28, 2024 11:21 AM |
| To: | 'Office'; Laura Smittick; Silk, Jennie; Florence Johnson; Deborah Godwin; Jarrett Spence; McMullen, Bruce; Foster, Freeman; jkp@perrygriffin.com; stephenrleffler@yahoo.com; Curtis Johnson, Jr.; keenandl@aol.com; Betsy McKinney; Robert Spence; Andrew Horvath; Antonio Romanucci; Bhavani Raveendran; Sarah Raisch; Sam Harton; Mirena Fontana; Amanda Marini; Kaitlyn Boelter-Eberhardt; Eva Dickey; support@smitticklaw.com |
| Subject: | RE: Regarding: Nichols, Tyre: Request for a "Meet and Confer" attendant to discovery and depositions. |

Good morning, counsel:

Please allow the instant correspondence to serve as a memorialization of the "meet-and-confer" phone conference that occurred as between the following members of counsel on Thursday, February 22, 2024: (1) counsel for the Plaintiff; (2) counsel for Defendant Michelle Whitaker; (3) counsel for Defendant Robert Long; (4) counsel for Defendants Preston Hemphill and DeWayne Smith; (5) counsel for Defendants City of Memphis and Chief Cerelyn J. Davis; and (6) counsel for Defendant JaMichael Sandridge.

During said conference, the following items were discussed:

1. **Number of depositions to be allotted to the Plaintiff (including the necessity of a motion).**

Plaintiff's counsel needs to conduct (*at a minimum*) thirty-five (35) depositions in this case, though, in truth, forty-two (43) potential deponents have been identified by the Plaintiff and Plaintiff will move the Court for an enlargement of those depositions permitted under Rule 30. Counsel for Defendants asked that a list of those deponents so identified by the Plaintiff be provided, and that list is as follows:

    (1) Defendant Demetrius Haley;

    (2) Defendant Emmitt Martin III;

    (3) Defendant Justin Smith;

    (4) Defendant Tadarrius Bean;

    (5) Defendant Desmond Mills Jr.;

    (6) Defendant Chief Cerelyn J. Davis;

    (7) Defendant Robert Long;

    (8) Defendant JaMichael Sandridge;

    (9) Defendant Michelle Whitaker;

    (10) Defendant DeWayne Smith;

    (11) Defendant Preston Hemphill;

    (12) Defendant City of Memphis' designated Rule 30(b)(6) deponent(s);

    (13) Officer Cornell McKinnie;

    (14) Officer Darrell Mathis;

1

(15) Officer "C. Mohney;"

(16) Officer Samuel Lively;

(17) Officer Jamil Matthews;

(18) Officer "Roberts;"

(19) Officer Irma Montes;

(20) Officer Christopher Wilson;

(21) Officer Tony Moore;

(22) Officer Adrian Blakes;

(23) Officer Carlos Ivy;

(24) Deputy Chief "Jones;"

(25) Deputy Chief "Crowe;"

(26) Deputy Chief Michael Hardy;

(27) Col. Sharon Cunningham;

(28) Officer Wann Reed;

(29) Officer Charles White;

(30) Officer Victor Lester;

(31) Col. J.D. Smith;

(32) Lt. Kevin Lake;

(33) Lt. Patrick Fox;

(34) Lt. Brandon Harris;

(35) Lt. Michael Jackson;

(36) Lt. Andrew Kosso;

(37) Lt. Israel Taylor;

(38) Officer "Patson;"

(39) Plaintiff RowVaughn Wells;

(40) Rodney Wells;

(41) Lenge Dupree;

(42) Michael Cutrer; *and*…

(43) Kenyana Dixon.

Having been provided with the list above, please note your clients' position regarding Plaintiff's soon-coming motion for an enlargement of those depositions permitted under Rule 30, and leave, on the part of the Plaintiff, to conduct thirty-five (35)

depositions. Plaintiff will note, for the sake of preserving a record of these proceedings, that, when Plaintiff's counsel Antonio M. Romanucci inquired as to whether Defendants would voice any "hard opposition to [Plaintiff's request that they be allowed] more than ten" depositions, no such opposition was raised.

2. **Entry of a protective order and issue of cell-phone imaging.**

Ever mindful of Plaintiff's April 30, 2024 deadline for her Rule 26(a)(2) expert disclosures and the necessity of relaying materials to her experts, it is imperative that a protective order be entered in this case as soon as possible. As Plaintiff's counsel Mr. Romanucci noted over email yesterday, counsel for Defendants City of Memphis and Chief Cerelyn J. Davis, Jennie V. Silk, had indicated that her office would review a previous draft of the protective order contemplated by the parties and relay to all counsel any edits or modifications to same by either Monday or Tuesday of this week (*i.e.*, February 26, 2024 or February 27, 2024).

On the subject of cell-phone imaging, counsel for both the Plaintiff and Defendants owe one another supplemental requests for production concerning any particular party's cell phone for cell phone imaging. Plaintiff's counsel will be dispatching such a request to counsel for relevant Defendants posthaste.

3. **ESI Protocol**

Regarding the implementation of an ESI protocol in this case, it is the recollection of Plaintiff's counsel that counsel for Defendants City of Memphis and Chief Cerelyn J. Davis, Ms. Silk, and Plaintiff's counsel Bhavani K. Raveendran are to confer regarding the use of particular search terms.

4. **Deposition availability on the part of Plaintiff's counsel, but, especially, for the depositions of Defendants Preston Hemphill, DeWayne Smith, and Chief Cerelyn J. Davis.**

Plaintiff's counsel is available to conduct depositions (**in-person**, in Memphis, Tennessee) during the following dates and timeframes:

    (1) Monday, April 1, 2024, through Wednesday, April 3, 2024;

    (2) Monday, April 8, 2024, through Friday, April 12, 2024;

    (3) Friday, April 19, 2024;

    (4) Monday, April 22, 2024, through Tuesday, April 23, 2024;

    (5) Monday, May 6, 2024, through Wednesday, May 8, 2024;

    (6) Tuesday, May 14, 2024, through Friday, May 17, 2024; *and*…

    (7) Monday, May 20, 2024, through Friday, May 24, 2024.

As it concerns the depositions of any on-scene supervisors, Plaintiff's counsel would recommend the following dates and timeframes:

    (1) Monday, April 1, 2024, through Wednesday, April 3, 2024; *and*…

    (2) Monday, April 8, 2024.

As it concerns the deposition of Defendants Preston Hemphill, Plaintiff's counsel would recommend the following dates and timeframes:

    (1) Thursday, April 11, 2024, *and* (depending on the Court's allowance) Friday, April 12, 2024.

As it concerns the deposition of Defendant DeWayne Smith, Plaintiff's counsel would recommend the following dates and timeframes:

    (1) Monday, April 22, 2024, *and* (depending on the Court's allowance) Tuesday, April 23, 2024.

Counsel for Defendants, within these parameters, note your availability and the availability of your clients for their own depositions as soon as possible.

5. **Length in time (in hours) required to conduct Rule 30(b)(6) depositions in this matter (including the necessity of a motion).**

While Plaintiff's counsel continues to finalize Plaintiff's Rule 30(b)(6) notice delineating those topics to be discussed at a soon-coming Rule 30(b)(6) deposition, counsel for Defendants are on notice that Plaintiff will be seeking leave of Court to proceed in the following manner:

(1) In the event Defendant Chief Cerelyn J. Davis were to be designated *the* Rule 30(b)(6) deponent for all matters or topics concerning the Memphis Police Department, as an example, Plaintiff's counsel will be requesting leave of Court to conduct this component of the Rule 30(b)(6) deposition over the course of **thirty-five** (35) hours (none of which, Plaintiff will request, should be deemed a component of Defendant Chief Cerelyn J. Davis' soon-coming deposition in her capacity as a named-Defendant); *and*…

(2) Otherwise, Plaintiff's counsel will be requesting leave of Court to conduct **fourteen** (14) hour depositions *per* topic so identified within her forthcoming Rule 30(b)(6) notice.

Upon receipt of Plaintiff's Rule 30(b)(6) notice, counsel for Defendants, note your clients' position regarding this component of Plaintiff's request.

6. **Length in time (in hours) required to conduct depositions of what Plaintiff's counsel will designate as either "apex" or "Class A" deponents, including, but not limited to, named Defendants and supervisors, as an example.**

Counsel for Defendants are on notice that Plaintiff will be seeking leave of Court to conduct **fourteen** (14) hour depositions for *each* named Defendant in this action. Accordingly, note your clients' position regarding this component of Plaintiff's request. Though, for the sake of preserving a record of these proceedings, it is the recollection of Plaintiff's counsel that all but Defendant Michelle Whitaker are opposed to this component of Plaintiff's soon-coming motion.

Note, too, that, with respect to Defendant Chief Cerelyn J. Davis, Plaintiff's counsel will be seeking leave of Court conduct her deposition, *in her capacity as a named-Defendant*, over the course of **twenty-one** (21) hours.

We await Defendants' responses where requested. Thank you.

Respectfully yours,

**Javier Rodriguez, Jr.**
*Attorney*

**Office:** 312.253.8592
**Email:** jrodriguez@rblaw.net
www.rblaw.net







**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 and/or by reply e-mail.