**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-02224 |
| | ) | |
| THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILL, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

**THE CITY OF MEMPHIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE (1) TO TAKE A MAXIMUM OF THIRTY-FIVE DEPOSITIONS; AND (2) TO CONDUCT CERTAIN DEPOSITIONS OVER THE PERMITTED SEVEN (7) HOURS**

---

Defendant the City of Memphis ("the City"), hereby respectfully submits this Response

in Opposition to Plaintiff's Motion for Leave (1) To Take a Maximum of Thirty-Five

1

Depositions; and (2) To Conduct Certain Depositions Over the Permitted Seven (7) Hours ("Plaintiff's Motion for Leave").  (*See generally* Pl.'s Mot. for Leave, ECF No. 163.)  In support, the City states as follows:

## I.   <u>INTRODUCTION</u>

Plaintiff filed her Complaint on April 19, 2023.  (*See generally* Compl., ECF No. 1.) This case arises from the tragic and untimely death of Plaintiff's son, Mr. Tyre Nichols ("Mr. Nichols"), which was the result of the conduct of five rogue police officers.  Plaintiff has asserted claims against the named parties as administratrix of Mr. Nichols estate, as well as some in her individual capacity.  (*See id.* at PageID 1.)  These claims include § 1983 claims against the City, claims against various officers and EMTs in their individual capacities, and claims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Fraudulent Misrepresentation against Lt. DeWayne Smith ("Lt. Smith"), individually and as Agent of the City.  (*See id.* at PageID 52-133.)

On March 14, 2024, Plaintiff filed her Motion for Leave (*see generally* Pl.'s Mot. for Leave, ECF No. 163) and contemporaneously filed her Memorandum in Support of Her Motion for Leave ("Plaintiff's Memorandum in Support").  (*See generally* Pl.'s Mem. in Support, ECF No. 163-1.)  While addressed more thoroughly below, Plaintiff requests either (1) to the extent that Chief Cerelyn Davis ("Chief Davis") is designated as the sole 30(b)(6) witness for the City, she be subjected to a thirty-five (35) hour deposition or (2) to the extent that other individuals are designated by the City, each individual be subjected to fourteen (14) hour depositions *per topic* for which they are designated.  (*See* Pl.'s Mot. for Leave, at PageID 1243, ¶ 12(a)-(b).)

Plaintiff also seeks leave of Court to allow Plaintiff to conduct depositions over the course of fourteen hours (14) for each named Defendant and twenty-one (21) hours for Chief

4886-1941-9313v1
2545600-000270 03/28/2024

Davis.[1]  (*See id.*, at PageID 1242-43, ¶¶ 1-11.)  The twenty-one (21) hours requested for Chief Davis is in her capacity as a named Defendant is separate and apart from the thirty-five (35) hours requested if Chief Davis is designated as the sole 30(b)(6) witness for the City.  (*See id.* at PageID 1242, ¶ 6.)  Plaintiff further requests that this Court allow her to take *at a minimum* thirty-five (35) non-expert depositions.  (*See* Pl.'s Mot. for Leave, ECF No. 163, at PageID 1237; Pl.'s Mem. in Support, ECF No. 163-1, at PageID 1263.)  Considering Plaintiff identifies forty-five (45) potential deponents, it is fair to assume that she plans to exceed the minimum of thirty-five (35) depositions she claims to require.[2]  (*See* Pl.'s Mot. for Leave, ECF No. 163, at PageID 1237.)

## II.   <u>LAW AND ARGUMENT</u>

### A.  Legal Standard

Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court," a deposition is "limited to one day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  Further, when a party seeks to an order expanding the length of a deposition, "the burden is upon [the moving party] to establish good cause for altering the limitations contained in Rule 30(d)(1), and not upon" the party opposing such expansion.  *Arista Music v. Time Warner, Inc.*, No. 3:09-0827, 2010 WL 11497095, at *2 (M.D. Tenn. Jan. 8, 2010).  Likewise, Rule 30(a)(2) allows each party a maximum of 10 depositions. Fed. R. Civ. P. 30(a)(2)(A)(ii).  A party may seek leave from the Court to conduct a deposition in excess of the seven-hour allowance or to take more than 10 depositions. Fed. R. Civ. P. 30(a)(2)(A)(ii) and 30(d)(1).

---

[1] Counsel for the City notes that it represents the City, Chief Davis as to the claims against her in her official capacity, and Lt. Smith as an Agent of the City.  Thus, Plaintiff's request for leave to conduct fourteen (14) hour depositions for each named Defendant includes Lt. Smith as an Agent of the City.

[2] Since the filing of the Motion, Plaintiff has since subpoenaed two additional witnesses not on her list of 45 potential deponents, which brings the list to 47.

While the scope of discovery is generally quite broad, discovery is not unlimited. "The party seeking discovery is obliged to demonstrate relevance." *Johnson v. CoreCivic, Inc.*, No. 18-cv-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). And even theoretically "relevant" evidence is not discoverable if the burden of doing so would be disproportionate. The proportionality analysis considers: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see also Whiting v. Trew*, No. 22-5448, 2023 WL 5352133, at *3 (6th Cir. Aug. 21, 2023) (noting that the fifth and sixth proportionality factors are particularly relevant to determinations regarding the length and number of depositions).

"Determinations as to proportionality are subject to change with the circumstances of the case." *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-cv-2104-JTF-tmp, 2020 WL 1527827, at *2 (W.D. Tenn. Mar. 30, 2020) (internal citations and quotations omitted). "This is in part because '[c]onsiderations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns.'" *Id.* (quoting *Abbott v. Wyo. Cty. Sheriff's Off.*, 15-CV531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017)). In addition, a court "*must* limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) (emphasis added). Thus, "even where good cause exists to extend a deposition, the court must limit the additional time if it determines that any of the circumstances set forth in Rule

4

26(b)(2)(C) are present." *Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-CV-4661, 2022 WL 605439, at *6 (E.D. Pa. Feb. 28, 2022) (quotations omitted); *see Sabol-Krutz v. Quad Elecs., Inc.*, No. 2:15-CV-13328, 2016 WL 6277083, at *2 (E.D. Mich. Oct. 27, 2016) (granting request for additional time for deposition, but allotting less time than the requested amount).

**B. Plaintiff's Request to Increase the Duration for the Rule 30(b)(6) Deposition of Defendant the City of Memphis Is Unreasonably Cumulative, Duplicative, Burdensome, and Premature.**

Plaintiff seeks leave from the Court for additional time for the depositions of several witnesses.  Most relevant here, Plaintiff requests that for the Rule 30(b)(6) deposition for the City, either (1) to the extent that Chief Cerelyn Davis is designated as the sole Rule 30(b)(6) witness, Chief Davis be subjected to a thirty-five (35) hour deposition or (2) to the extent that other individuals are designated by the City, each individual be subjected to fourteen (14) hour depositions *per topic* for which they are designated.  (Pl.'s Mem. in Support, ECF No. 163-1, at PageID 1251-52.)  In other words, Plaintiff would like either 35 hours to depose a single witness (Chief Davis) or 126 hours to depose multiple witnesses regarding the nine topics identified. (*See id.* at PageID 1255-57.)

The City cannot fathom how the circumstances of this case would warrant such an excessive length of time for taking depositions.  Indeed, "seven hours, when used wisely, is a substantial amount of time to question a deponent."  *Stockwell v. Hamilton*, No. CV 15-11609, 2018 WL 10279116, at *4 (E.D. Mich. May 3, 2018) (denying motion to extend deposition time); *see* Advisory Committee Notes, Fed. R. Civ. P. 30(d)(1) (2000) (cautioning that where multiple parties are involved "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest").

4886-1941-9313v1
2545600-000270 03/28/2024

To support her request, Plaintiff relies on *Buie v. D.C.*, 327 F.R.D. 1, 15 (D.D.C. 2018). Specifically, Plaintiff points to that court's determination that eighteen hours of Rule 30(b)(6) testimony covering four topics was appropriate and proportionate to the needs of that case. Plaintiff failed to note however, that the plaintiff in *Buie* originally requested seven hours per topic (for a total of twenty-eight hours), but the court declined that length, describing it as "excessively long." *Id.* at 15. Thus, that court declined to even implement the standard duration. To reiterate, Plaintiff here is requesting either thirty-five hours of testimony for a single deponent or fourteen hours per topic from multiple deponents, totaling 126 hours. The City cannot see how either of those requests compares to the eighteen hour *decreased* allowance afforded to the plaintiff in *Buie*.

Further, requesting that Chief Davis, if she were to be designated as the sole Rule 30(b)(6) deponent, be deposed for the equivalent of an entire work week (five days with seven hours of questioning each day) is extremely burdensome and out of proportion to the needs of case, as is the equivalent of requiring multiple 30(b)(6) witnesses to sit for **eighteen days** of depositions (fourteen hours for each of nine designated topics). Not only would such lengthy depositions surely produce untold duplicative and cumulative testimony, but it would also require that the Memphis Police Department's Chief of Police be absent and unavailable from her duties for an entire week is unduly burdensome to both MPD and the larger Memphis community as a whole.

Moreover, some courts have considered requests for additional deposition length prior to the deposition taking place as premature. *See, e.g.*, *Arista Music*, 2010 WL 11497095, at *3 ("A party generally should not seek additional time for a deposition before the deposition is taken") (quoting Moore's Federal Practice 3d § 30.45)). In fact, the court in *Arista Music* characterized a

6

determination extending the length of a deposition before the deposition is taken as an "advisory opinion." *Id.* That court thus concluded that the motion for enlargement of time was "not yet ripe for adjudication." *Id.* Indeed, the court noted that the issue would not arise "until: (1) Plaintiffs complete Mr. Norman's first deposition; (2) Plaintiffs seek a further deposition of Mr. Norman; (3) Defendants object; and (4) Plaintiffs show that a further deposition is appropriate." *Id.* None of these four steps have occurred here. Instead, Plaintiff filed her Motion without even taking a single Rule 30(b)(6) deposition.

Plaintiff cannot reasonably predict the length of any of the depositions she seeks. It may be the case that Plaintiff may not need thirty-five (35) hours of testimony for Chief Davis, or fourteen (14) hours per deposition topic for other Rule 30(b)(6) deponents. If Plaintiff is awarded that much time on the front end, however, it is almost certain that Plaintiff will make every attempt to fill that time—perhaps unnecessarily. Accordingly, the Court should deny the Plaintiff's Motion with respect to the sought extension of Rule 30(b)(6) depositions.

### C. Plaintiff's Request to Increase the Duration for the Depositions of Each Named Defendant and Chief Davis in Her Capacity as a Named Defendant is Unreasonably Cumulative, Duplicative, Burdensome, and Premature.

Plaintiff additionally requests that this Court allow her to conduct depositions over the course of fourteen (14) hours for each named Defendant and twenty-one (21) hours for Chief Davis. (*See* Pl.'s Mot. for Leave, ECF No. 163, at PageID 1242-43, ¶¶ 1-11.) Again, the twenty-one (21) hours requested for Chief Davis is in her capacity as a named Defendant is separate and apart from the thirty-five (35) hours requested if Chief Davis is designated as the

7

sole 30(b)(6) witness for the City.  (*See id.* at PageID 1242, ¶ 6.)  This request is unreasonably cumulative, duplicative, burdensome, and premature at this juncture.[3]

With respect to Chief Davis, it is relevant to note that if the relief Plaintiff requests is granted in full, and if Chief Davis is indeed the sole Rule 30(b)(6) deponent for the City, Chief Davis would then be required to sit for <u>fifty-six (56) hours</u> of deposition testimony.  Presuming that each deposition lasted seven hours, this would amount to <u>eight business days</u> of questioning.  This case does not warrant such excessive time for taking the deposition of Chief Davis, whether that be for fifty-six (56) hours if Plaintiff's Motion is granted and Chief Davis is the City's only Rule 30(b)(6) deponent, or for twenty-one (21) hours if Chief Davis is not offered as a Rule 30(b)(6) deponent.  This is particularly true since "seven hours, when used wisely, is a substantial amount of time to question a deponent."  *Stockwell*, 2018 WL 10279116, at *4 (denying motion to extend deposition time).  Extending Chief Davis's deposition from seven (7) hours to twenty-one (21) hours is sure to result in cumulative and "duplicative questioning" which "should be avoided."  Advisory Committee Notes, Fed. R. Civ. P. 30(d)(1) (2000).

With respect to Lt. Smith as an Agent of the City of Memphis, similar reasoning applies.  Plaintiff cannot, at this point, meet its burden "to establish good cause for altering the limitations contained in Rule 30(d)(1)."  *Arista Music*, 2010 WL 11497095, at *2.  In fact, Plaintiff's reasoning rests squarely on the assumption that seven (7) hours will be an insufficient amount of time to depose Lt. Smith based on the relevant and discoverable information she believes Lt. Smith to possess.  (*See* Pl.'s Mem. in Support, ECF No. 163-1, PageID 1261-62.)  It seems

---

[3] Plaintiff's summarization of the City's objections to the motion at-issue does not expressly include the City's objection to Chief Davis's deposition, as a named Defendant, being extended from seven (7) hours to twenty-one (21) hours.  (*See* Pl.'s Mot. for Leave, ECF No. 163, at PageID 1241.)  The City does object to this requested relief, and such was indicated when counsel for the City stated the City "objects to an enlargement of time for each individual deposition."  (*See* Pl.'s Mem. in Support, ECF No. 163-8, at PageID 1281.)

unreasonable to suggest that "good cause" can be established where the basis is a subjective belief and assumption of the party seeking relief.  Further, it seems inevitable that a deposition of fourteen (14) hours would result in cumulative and duplicative questioning.

Regarding the proposed increase in the depositions of both Lt. Smith and Chief Davis as named Defendants, both requests are premature at this stage, for reasons similar to those proffered in the proceeding section.  *See supra* Part II Sect. B.  Again, "[a] party generally should not seek additional time for a deposition before the deposition is taken."  *Arista Music*, 2010 WL 11497095, at *3 (quoting Moore's Federal Practice 3d § 30.45).  To grant the relief Plaintiff seeks would amount to an "advisory opinion," as this motion for the enlargement of time for depositions is "not yet ripe for adjudication."  *Id.*  The issue presented to this Court has not yet arisen and will not arise "until: (1) Plaintiffs complete [Chief Davis or Lt. Smith's] first deposition; (2) Plaintiffs seek a further deposition of [Chief Davis or Lt. Smith]; (3) [the City] objects; and (4) Plaintiffs show that a further deposition is appropriate."  *Id.*  Instead, Plaintiff has filed the at-issue Motion without so much as taking the deposition of Chief Davis or Lt. Smith.  Accordingly, Plaintiff's Motion is premature.

Based on the foregoing, the City firmly believes the standard seven (7) hour deposition length is sufficient for Plaintiff's purposes.  This Court should deny Plaintiff's request to extend Chief Davis's deposition to twenty-one (21) hours and Lt. Smith's to fourteen (14) hours.

### D. Plaintiff's Request to Take a Minimum of Thirty-five (35) Depositions Is Not Proportional to the Needs of This Case and is Premature.

Plaintiff also requests leave to take a minimum of thirty-five depositions.  (*See* Pl.'s Mot. for Leave, ECF No. 163, at PageID 1237; Pl.'s Mem. in Support, ECF No. 163-1, at PageID 1263.)  While the City can understand the need for more than ten depositions, particularly in light of the number of parties in this case, Plaintiff's request is unreasonable.

9

If the moving party cannot put forth a justifiable reason to allow additional depositions, "[a] district court has the discretion (and perhaps the obligation) to deny leave." *Profitt v. Highlands Hosp. Corp.*, No. 7:19-CV-15-KKC-EBA, 2021 WL 787131, at *1 (E.D. Ky. Mar. 1, 2021); *Reed v. United States*, No. 3:18-CV-201, 2021 WL 6254452, at *2 (E.D. Tenn. Sept. 7, 2021); *see also Talismanic Properties, LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017) ("[A] party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary."). "[T]his limit is intended to curb abusive discovery practices." *Talismanic Properties, LLC*, 309 F. Supp. 3d at 497.

Notably, Courts both inside and outside the Sixth Circuit have recognized that "the mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Talismanic Properties, LLC*, 309 F. Supp. 3d at 497 (S.D. Ohio 2017) (quoting *United States v. Goertz*, No. A–09–CA–179 LY, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010) and citing *Smith v. Ardew Wood Prod., Ltd.*, No. C07–5641 FDB, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008)); *Profitt*, 2021 WL 787131, at *2; *Reed*, 2021 WL 6254452, at *2; *Moore v. Abbott Lab'ys*, No. 2:05-CV-1065, 2009 WL 73876, at *2 (S.D. Ohio Jan. 8, 2009).

To illustrate, in *Profitt*, the plaintiffs sought to depose two additional witnesses—a doctor and a nurse who provided care to a plaintiff—claiming that testimony in other depositions gave rise to the need to depose these witnesses. *Profitt*, 2021 WL 787131, at *2 (E.D. Ky. Mar. 1, 2021). The court granted the motion as to the doctor but denied the motion as to the nurse. The court concluded that while the nurse "might possess some relevant and otherwise discoverable evidence," this is not enough to warrant an additional deposition. *Id.* Also, the court reasoned that it was not clear that deposing the nurse would "garner any information not already

discovered through other depositions or in written discovery." *Id.* The court's decision was based on evidence in the record showing little to no involvement by the nurse in the incident giving rise to the lawsuit. *Id.* On the other hand, the court allowed the plaintiffs to depose the doctor because the evidence indicated that the doctor "played a significant role in the care administered" and made critical decisions, such as to transfer a pediatric patient to a different hospital. *Id.* at *3. Thus, the record indicated that the doctor's involvement would make her "uniquely situated to provide a factual account of what occurred" during the incident. *Id.* The court also noted that while the doctor might give duplicative or cumulative testimony, "the burden of deposing someone who played a significant role in the alleged negligent care is proportional to the needs of the case." *Id.*

Moreover, some requests for additional depositions prior to any depositions taking place have been deemed to be premature. For example, *Knox Trailers, Inc. v. Clark*, the plaintiffs requested leave, in relevant part, to take the depositions of two third-party fact witnesses in addition to the nine defendants and one previously noticed third-party fact witness. *Knox Trailers*, No. 3:20-CV-137-TRM-DCP, 2022 WL 55535, at *1 (E.D. Tenn. Jan. 5, 2022). The court denied the plaintiffs' motion as not ripe for adjudication. *Id.* at *2. While other deponents had been identified, none of the depositions had taken place at the time of the plaintiffs' motion. *Id.* As such, the court determined that the information sought from the additional witnesses may be learned through the depositions already noticed, and the need for the additional witnesses for specific testimony was not clear. *Id.*

Here, the additional depositions sought by Plaintiff are largely more akin to the nurse than the doctor in *Profitt*. For example, Plaintiff seeks the depositions of eleven additional MPD officers who allegedly arrived at the scene of the accident. (Pl.'s Mem. in Support, ECF No.

163-1, at PageID 1265.)  Without more information regarding the alleged level of involvement at the scene, the burden of conducting depositions that will likely illicit mostly duplicative and cumulative testimony is disproportionate to the current needs of this case.  It would be more appropriate if, as in *Knox Trailers*, Plaintiff sought leave for more than ten depositions after a few initial depositions take place.  Indeed, it is possible that the information sought from these additional witnesses will be learned through other witnesses.

Accordingly, the Court should deny Plaintiff's Motion with respect to her request to enlarge the number of depositions Plaintiff is allowed to take to thirty-five (35) depositions, at this stage of the litigation. The City is willing, of course, to work with Plaintiff to depose the first ten witnesses she seeks, and then revisit the list of potential deponents following the culmination of the first ten.

III.   **CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motion for Leave (1) To Take a Maximum of Thirty-Five Depositions; and (2) To Conduct Certain Depositions Over the Permitted Seven (7) Hours.

4886-1941-9313v1
2545600-000270 03/28/2024

Respectfully Submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.**

s/ *Bruce McMullen*

Bruce A. McMullen (#18126)
Jennie V. Silk (#35319)
Freeman B. Foster (#23265)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
E-mail:  jsilk@bakerdonelson.com
*E-mail:*  ffoster@bakerdonelson.com

*Attorneys for Defendants City of Memphis
and Chief Cerelyn Davis in her official
capacity*

13

## CERTIFICATE OF SERVICE

The undersigned certifies that on Thursday, March 28, 2024, the foregoing was served by email on all counsel of record.

s/ *Bruce McMullen*
Bruce McMullen

4886-1941-9313v1
2545600-000270 03/28/2024