IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, </br></br> Plaintiffs, </br></br> v. </br></br> THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILLS, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, </br></br> Defendants. | CASE NO. 2:23-CV-02224 </br> JURY DEMAND |

## MOTION FOR THE APPOINTMENT OF GUARDIAN AD LITEM

Defendant, City of Memphis (the "City"), moves this Court to appoint a guardian ad litem to represent the interests of Decedent Tyre Deandre Nichols' Minor Child ("Minor Child")[1]

---

[1] The name of the Minor Child is being withheld from this filing to protect his privacy.

1

in this action. The Plaintiff, RowVaughn Wells ("Ms. Wells" or 'Plaintiff'), brings <u>claims on behalf of the Estate of Tyre Nichols</u> ("the Estate"), and his sole heir, the Minor Child, <u>as well as her own individual claims</u> against the City. Plaintiff, therefore, has a conflict when evaluating any global settlement offer that would resolve both her individual claims and those made on behalf of the Estate and the Minor Child. Accordingly, the City respectfully requests that the Court appoint a guardian ad litem to represent the interests of the Minor Child in this litigation. In support of its Motion, the City states as follows:

I.   **FACTUAL BACKGROUND**

   A.   **The Aftermath of the Death of Mr. Nichols**

On March 29, 2023, the Shelby County Probate Court appointed Plaintiff as "Administratrix Ad Litem of the estate of her son, Tyre Deandre Nichols." (*See* Pl.'s Resp. in Opp'n to Defs. Preston Hemphill and Dewayne Smith's Mot. to Dismiss ("Response"), ECF No. 125-3, PageID 1022, at ¶ 1.) The purpose of Plaintiff's appointment as administratrix ad litem was so that she could "pursue wrongful death and other lawsuits on behalf of Decedent's next of kin and heir." (*See id.* at ¶ 7.)

Prior to the entry of that Order, purportedly on March 5, 2023, the Minor Child's Mother[2] purportedly executed an Affidavit and Declaration where she declined "to serve as the Administratrix over Decedent's Estate," and asked "the Court to appoint Decedent's mother, RowVaughn Wells, to serve as the Administratrix over Decedent's Estate." (*See* Resp., ECF No. 125-4, PageID 1024.) This Affidavit and Declaration does not appear to have ever been filed in Probate Court.[3]

---

[2] The Minor Child's Mother's Name is being withheld to protect the privacy of the Minor Child.
[3] The Probate Court docket is no longer publicly available. See Case No. PR-2536.

2

On October 28, 2023, the Minor Child's Mother executed another Affidavit and Declaration, which is similar to the prior affidavit, but expressly states that Ms. Wells "shall have the right to represent and pursue any and all litigation, for wrongful death, Civil Rights violations, or otherwise on behalf of my son as the Decedent's legal next of kin." (*See* Resp., ECF No. 125-6, PageID 1029.) The Minor Child's Mother also declined "to serve and waive[d] any right to pursue any and all litigation, in any and all courts, on behalf of [her] son.' (*See id.*) Unlike the March 5, 2023 Affidavit and Declaration, this Affidavit and Declaration was filed with the Probate Court on November 1, 2023.

On November 8, 2023, upon the petition of Ms. Wells (*see* Resp., ECF No. 125-5, PageID 1025-28), the Shelby County Probate Court entered an Order Converting Administratrix Ad Litem to Administratrix and Opening the Estate of Tyre Deandre Nichols. (*See* Resp., ECF No. 125-2, PageID 1017-20.) This order confirmed that Mr. Nichols died intestate (*see id.* at ¶ 4); Mr. Nichols' heir-at-law and next-of-kin is his Minor Child; and his Minor Child is next of kin for purposes of intestate succession. (*see id.* at ¶ 5-6.) The order "appointed and converted [Ms. Wells] to Administratrix of the intestate Estate of Tyre Deandre Nichols," and provided, in part, that Ms. Wells "may continue to serve and pursue any and all litigation, for Wrongful Death or otherwise, on behalf of Decedent's next of kin and heir." (*See id.* at PageID 1019-20, ¶¶ 1, 6.)

Accordingly, Ms. Wells, who was formerly the administratrix ad litem for purposes of filing litigation is now the adminstratrix of the Estate.

### B.    The Litigation

The case arises from the tragic and untimely death of Mr. Nichols, which was the result of the conduct of five rogue police officers. Ms. Wells brought claims arising out of that incident ***both individually and as administratrix ad litem*** of the Estate. (*See* Compl., ECF No. 1, PageID

1.) Plaintiff has asserted various § 1983 claims against the City, claims against various officers and EMTs in their individual capacities, and claims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Fraudulent Misrepresentation against Lt. DeWayne Smith, individually and as agent of the City. (*See id.* at PageID 52-133.) Importantly, the § 1983 claims against the City and the claims against various officers and EMTs in their individual capacities ***are brought by Plaintiff as administratrix ad litem for the Estate of Mr. Nichols***. (*See id.* at PageID 52-125.) On the other hand, Plaintiff's claims against Lt. Smith, individually and as agent of the City ***are brought <u>individually</u> by Plaintiff***, and not by Plaintiff for the Estate of Mr. Nichols. (*See id.* at PageID 127-133.)

The City respectfully asserts that a conflict exists with the Plaintiff acting on behalf of the Minor Child as well as acting in her own interests in this litigation, and that the Court should appoint a neutral party to evaluate any settlement offers that would benefit the Minor Child. Accordingly, the City respectfully requests the appointment of a guardian ad litem to represent the interests of the Minor Child.[4]

## II.  LAW AND ARGUMENT

The Court should appoint a guardian ad litem to represent the interest of the Minor Child in this litigation because the Plaintiff's individual interests do not necessarily align with the best interests of the Minor Child.

Under Federal law and Sixth Circuit precedent, "[t]he decision of whether or not to appoint a guardian ad litem is within the sound discretion of the trial court and will not be disturbed unless there has been an abuse of discretion." *J.H. v. Williamson Cty.*, No. 3:14-2356, 2016 WL 6071892, at * 2 (M.D. Tenn. Oct. 17, 2016), *aff'd*, 2016 WL 7230506, at *3 (M.D.

---

[4] On February 9, 2024, the parties engaged in Court-ordered mediation.

Tenn. Dec. 14, 2016) (citing *Black v. Koch Transfer Co.*, 861 F.2d 719 (6th Cir. 1988)). Thus, this Court has discretion to appoint a guardian ad litem in this matter.

For purposes of this Motion, there is no dispute that Ms. Wells may bring this suit, as administratrix of Mr. Nichols' estate, on behalf of the Minor Child. Tennessee law provides that a wrongful death action "may be instituted by the personal representative of the deceased." Tenn. Code Ann. § 20-5-107(a). Likewise, when a minor child "has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf" of that minor child. Tenn. R. Civ. P. 17.03.

Under Tennessee law, "[i]t is well established that '[a]n executor [i.e., an administratrix] occupies a fiduciary position' and owes certain duties to the estate and the beneficiaries." *In re Estate of Burnette*, No. E2016-02452-COA-R3-CV, 2018 WL 1413122, at *3 (Tenn. Ct. App. Mar. 21, 2018) (citation omitted); *see also Busby v. Massey*, 686 S.W.2d 60, 62 (Tenn. 1984) (stating that when an administrator brings a wrongful death action "[t]he minor is the real plaintiff, not the fiduciary in whose name he sues").

Even though Ms. Wells is a legally sufficient representative of the Minor Child, "when the minor's [representative] refuses to act or the [representative's] own interests conflict with those of the minor, '[c]ourts, both state and federal, always have had the power to appoint special representatives under those circumstances.'" *Williamson Cty.*, 2016 WL 6071892, at *2 (quoting Charles Alan Wright *et al.*, Federal Practice & Procedure § 1570 (3d ed.)); *see also Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981) (stating "[c]ourts have consistently recognized that they have inherent power to appoint a guardian ad litem when it <u>appears</u> that the minor's general representative has interests which may conflict with those of the person he is supposed to represent") (emphasis added).

In this case, there is a clear conflict of interest sufficient to justify the appointment of a guardian ad litem to represent the interests of the Minor Child. Ms. Wells has three claims in this lawsuit that are particularized to her, made in her individual capacity, and any recovery would be for her personal benefit and/or compensation, not for the benefit of the Minor Child. She also is charged with independently representing the interests of the Estate, which will pass to the Minor Child. Respectfully, the competing financial interests between Plaintiff and those of the Minor Child she represents warrant the appointment of a guardian ad litem.

Regarding this potential conflict, *Williamson County* is particularly instructive. *See* 2016 WL 6071892, at *2. In that case, the court considered "Williamson County's argument that Plaintiff [a minor] and [plaintiff's representative] have competing financial interests in the outcome" of the litigation at issue. *Id.* Specifically, Plaintiff's representative claimed damages, in conjunction with Plaintiff's claims, for millions of dollars for "loss of business revenues, home foreclosure, property tax penalties, moving costs, and payments to outside individuals." *Id.*

Moreover, in *Williamson County*, the court, without assessing the Plaintiff's representative's likelihood of success on the merits, found that the representative's "interest in obtaining some <u>kind of recompense</u> for what is a very substantial personal loss to her creates a conflict between her interests and those of Plaintiff." 2016 WL 6071892, at *2 (emphasis added). The court noted this finding was "not meant to imply that [Plaintiff's personal representative] is unable or unwilling to protect the interests" of Plaintiff. *Id.* Rather, if Plaintiff's personal representative's "own financial interests make a potential settlement or other resolution of this case more difficult for [Plaintiff] to <u>any</u> extent, that fact causes sufficient concern for the Court to find that a guardian ad litem is necessary." *Id.* (emphasis added).

Based, in large part on the reasoning addressed above, the court granted Defendant's motion for appointment of a guardian ad litem to protect the interests of the minor child. *Id.* at *4.

So, too, here. The Minor Child's representative, Ms. Wells, in her individual capacity, seeks monetary damages for the alleged Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Fraudulent Misrepresentation claims she alleged. (*See* Compl., ECF No. 1, PageID 137, at ¶¶ 893-95.) Specifically, Ms. Wells seeks money damages for "pecuniary loss, including medical expenses; lost wages and earnings; as well as emotional damages in the form of severe emotional distress, loss of normal life, suffering, anguish, and disability in an amount to be determined by a jury." (*See* Compl., ECF No. 1, PageID 129, 131, 133, at ¶¶ 844, 857, 870.)

Given that the Plaintiff's public request for damages is more than $500 million, it is fair to assume that Ms. Wells claims make up some number in the millions of those damages.[5] Regardless of the amount and magnitude of Ms. Wells' individually claimed damages, the fact remains that she is attempting to "obtain[] some kind of recompense for what is a very substantial personal loss to her creates a conflict between her interests and those of [the Minor Child]." *Williamson Cty.*, 2016 WL 6071892, at *2.

This Court has found the appointment of a guardian ad litem appropriate under similar circumstances. In *Graham v. Shelby County*, this Court entered an Order Appointing Guardian *Ad Litem*, and stated when "the extent of the potential conflict at issue causes sufficient concern" the Court may find the appointment of a guardian ad litem "necessary to ensure the adequate

---

[5] *See* Meredith Deliso, *Tyre Nichols' mother files $550M civil lawsuit against city of Memphis, police over his death: Attorney*, ABC NEWS (Apr. 19, 2023, 1:03 PM), https://abcnews.go.com/US/tyre-nichols-family-file-civil-lawsuit-city-memphis/story?id=98666003 (stating "[h]er attorney . . . . said the lawsuit is seeking $550 million for the 'torture' of Nichols…").

protection of the minors' interests." Order Appointing Guardian Ad Litem, *Graham v. Shelby County*, No. 2:21-cv-02357-MSN-cgc (W.D. Tenn. Feb. 9, 2023), ECF No. 147.  The Court noted that even if the Plaintiff's representative(s) "are willing and able to protect the minors' interests" the appointment of a guardian ad litem may still be necessary in the face of conflicting interests.  *See id.*

Just as in *Williamson County* and *Graham*, this Court should find that the potential conflict in this case justifies the appointment of a guardian ad litem to properly "ensure the adequate protection of the minors' interests."  *See id.*

The City also notes that this appointment in no way would, nor is it intended to, deprive the Minor Child of "any right he may have to his own attorney." *Williamson Cty.*, 2016 WL 6071892, at *3 (stating the "appointment of a guardian ad litem does not deprive [Plaintiff] of any right he may have to his own attorney").  In fact, "the duties of the guardian ad litem involve 'a role not ordinarily contemplated by the simple attorney-client relationship.'" *Id.* (quoting *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)).  Instead, "[t]he purpose of a guardian ad litem under [Federal Rule of Civil Procedure] 17(c) is to assist the court in arriving at an outcome that is in the minor's best interests." *Williamson Cty.*, 2016 WL 6071892, at *3.  The City seeks the appointment of a guardian ad litem to serve as a "representative of the court to act for the minor in the cause." *Id.* (quoting *Noe*, 507 F.2d at 12).

There is an undeniable conflict between the Plaintiff's pecuniary interests and those of the Minor Child.  This Court should appoint a guardian ad litem to "ensure that <u>there is no question</u> about whether" the Minor Child's "interests, including his financial interests in the outcome of this case, are adequately protected." *Williamson Cty.*, 2016 WL 6071892, at *2 (emphasis added). Additionally, appointment of a guardian ad litem now will avoid the potential

of the issue of a conflict arising later should there be a subsequent request for approval of a settlement. *Id.* at n. 7.

Therefore, the City respectfully requests that this Court grant its Motion and appoint a guardian ad litem to represent the interests of the Minor Child in this litigation.

**Respectfully submitted,**

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Freeman B. Foster (#23265)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Official Capacity, and Dewayne Smith as Agent of the City of Memphis*

4883-0388-4203

**CERTIFICATE OF CONSULTATION**

I, Bruce McMullen, certify that on April 4, 2024, counsel for the City, Jennie Silk, consulted with the Plaintiff and other Defendants regarding the relief sought in this Motion via email.  Counsel for Plaintiff, Ben Crump, opposes the relief sought in this Motion. Counsel for Hemphill and DeWayne Smith, Betsy McKinney, does not oppose the relief sought in this Motion. Counsel for Whitaker, Jarrett Spence, takes no position on the relief sought in this Motion. Counsel for Sandridge, Laura Smittick, does not oppose the relief sought in this Motion. Counsel for Long, Darrell O'Neal, does not oppose the relief sought in this Motion.

*s/ Bruce McMullen*
Bruce McMullen

**CERTIFICATE OF SERVICE**

I, Bruce McMullen, hereby certify that on April 5, 2024**,** I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4883-0388-4203