# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix Ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, a municipality, et al.,<br><br>    Defendants. | No. 2:23-cv-02224-MSN-atc |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO TAKE THIRTY-FIVE DEPOSITIONS AND CONDUCT CERTAIN DEPOSITIONS OVER SEVEN HOURS

Before the Court is Plaintiff RowVaughn Wells's Motion for Leave (1) to Take a Maximum of Thirty-Five Depositions; and (2) to Conduct Certain Depositions over the Permitted Seven (7) Hours, filed March 14, 2024. (ECF No. 163.) On March 21, 2024, District Judge Mark S. Norris referred the motion to the undersigned for determination or report and recommendation as appropriate. (ECF No. 164.) On March 26, 2024, Defendants Preston Hemphill and DeWayne Smith filed a response, stating that they do not oppose Wells's request to take thirty-five depositions and have agreed to extended depositions of Hemphill and Smith. (ECF No. 168.) Defendants City of Memphis and Cerelyn Davis (the "City Defendants") filed a

response in opposition to Wells's motion on March 28, 2024.  (ECF No. 170.)  A hearing was held on April 8, 2024.[1]  (ECF No. 178.)

Wells's motion requests three types of relief.  First, Wells seeks to depose each named Defendant for fourteen hours,[2] exceeding the seven-hour limit set by Federal Rule of Civil Procedure 30(d)(1).[3]  Because Wells failed to adequately demonstrate that additional time was needed to fairly depose each named Defendant, and for the reasons stated at the hearing, that request is DENIED.

Wells's second request is to depose the City's Rule 30(b)(6) witnesses for fourteen hours per topic identified in Wells's deposition notice or, if Chief Davis is designated as the witness for all topics, to depose her for a total of thirty-five hours.  At the hearing, counsel for the City Defendants indicated that a determination has not yet been made as to which witnesses will be designated to testify about each topic.  The Court therefore ordered the City Defendants to communicate the Rule 30(b)(6) witness designations to Wells by April 22, 2024, after which counsel shall continue to work to resolve any disputes regarding the deposition(s).  By May 6,

---

[1] At the hearing, counsel for Defendant Michelle Whitaker confirmed that Whitaker has no opposition to the motion.  Counsel for Defendant Robert Long and for Defendant JaMichael Sandridge, on the other hand, indicated that their clients concurred with the City Defendants' position on the motion.

[2] In addition, Wells initially requested that she be permitted to depose Chief Davis for twenty-one hours.  At the hearing, a question arose as to whether Wells is entitled to depose Chief Davis beyond her capacity as a Rule 30(b)(6) witness, as Chief Davis is currently being sued in this action in her official capacity.  (*See* ECF No. 1.)  Counsel for Wells then indicated that an amended complaint is forthcoming, which may impact the analysis, and withdrew the request for an extended deposition of Chief Davis individually at this time.

[3] Wells also seeks this relief as to Defendants Emmett Martin, III, Desmond Mills, Demetrius Haley, Justin Smith, and Tadarrius Bean, for whom this case has been stayed in its entirety.  (*See* ECF No. 110.)  At the hearing, counsel for Wells clarified that the request as to the stayed Defendants is that, if the relief is granted, it would take effect once the stay is lifted.  As the Court explained at the hearing, however, entry of relief as to these Defendants is inappropriate at this time due to the stay.  The request as to the stayed Defendants is therefore DENIED without prejudice to renew once the stay is lifted.

2024, Wells shall file a status report indicating whether any issues related to the Rule 30(b)(6) deposition remain for the Court to resolve.

Wells's third request is to conduct thirty-five or more depositions, exceeding the ten-deposition limit set by Rule 30(a)(2)(A)(1).  After balancing the relevance of the depositions Wells seeks to conduct against the proportional needs of the case and the burden associated with the extra depositions, for the reasons stated at the hearing, the Court ordered that Wells may conduct thirty fact witness depositions, and thus this request is GRANTED IN PART.

Therefore, for the reasons set forth above and at the hearing, the motion is GRANTED IN PART AND DENIED IN PART.

SO ORDERED this 10th day of April, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE