IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased.<br><br>                Plaintiff,<br><br>     vs.<br><br>The City of Memphis, a municipality; Chief Cerelyn Davis, in her official capacity; Emmitt Martin III, in his individual capacity; Demetrius Haley, in his individual capacity; Justin Smith, in his individual capacity; Desmond Mills, Jr., in his individual capacity; Tadarrius Bean, in his individual capacity; Preston Hemphill, in his individual capacity; Robert Long, in his individual capacity; JaMichael Sandridge, in his individual capacity; Michelle Whitaker, in her individual capacity; DeWayne Smith, in his individual capacity and as an agent of the City of Memphis.<br><br>                Defendants. | Case No. 2:23-CV-02224-MSN-atc<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF MEMPHIS'S MOTION TO APPOINT GUARDIAN AD LITEM** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CITY OF MEMPHIS' MOTION TO APPOINT GUARDIAN AD LITEM**

Plaintiff, RowVaughn Wells, by and through her attorneys, hereby files this response to Defendant City of Memphis's Motion to Appoint Guardian Ad Litem. In opposition thereof, Plaintiff states as follows:

1

Defendant City of Memphis moves this Court to appoint a guardian *ad litem* to represent the interests of the minor child and sole heir to the Estate of Tyre Deandre Nichols in this case. Plaintiff opposes Defendant City's motion because it is premature as there is no active conflict or controversy of interest. Further, the Probate Court of Shelby County appointed RowVaughn Wells as Administratrix of the Estate of Tyre Nichols to pursue this litigation on behalf of the minor child, and the minor child's mother and natural guardian has specifically agreed to Ms. Wells' representation of the minor child in this litigation. The substantial interests of the minor child are adequately protected here, and the appointment of a guardian *ad litem* will only serve to unnecessarily complicate this litigation and undermine the minor child's natural guardian at this early stage. The appointment of a guardian *ad litem* at this stage also serves to increase the costs taxed to any future settlement or verdict for the guardian *ad litem*'s fees. Judicial economy and efficiency, the consent of the minor child's parent and natural guardian to Ms. Wells' representation of the minor child, and the lack of a conflict of interest weigh against the appointment of a guardian *ad litem*. For those reasons, the Court should strike Defendant City's motion from the record, or in the alternative, deny the motion in its entirety.

I.     **Legal Standard**

Federal Rule of Civil Procedure 17 "directs a court to 'appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Mate v. Fields*, No. 16-2730, 2017 WL 6398028, *2 (6th Cir. 2017) (quoting Fed. R. Civ. P. 17(c)(2)). "[T]he district court has 'substantial discretion' in determining whether to appoint a guardian ad litem, and may decline to appoint one if the incompetent party's interests 'may be protected in an alternative manner.'" *Id.* (quoting *Gardner by Gardner v. Parson*, 874 F.2d 131, 139, 140 (3d Cir. 1989)). "Although the district court may not allow the interest of an incompetent litigant to go unprotected, the court's decision whether to appoint a next friend or

guardian ad litem 'rests with the sound discretion of the district court[.]'" *Id.* "The Court may waive the appointment of a guardian ad litem if the court determines the waiver is in the best interests of the minor or person with disability." T.C.A. § 34-1-107(A)(3).

## II.     Argument

### A. Defendant City's motion is untimely and premature.

Defendant City of Memphis asks this Court to appoint a guardian *ad litem* for the sole heir and beneficiary of the Estate of Tyre Deandre Nichols. Defendant City's motion is untimely and should be struck from the record, or in the alternative, denied in its entirety. First, Defendant City has known about the claims in this case and of any purported potential future conflict present in those claims for approximately a year but only now raises the issue before the Court. Second, there are no significant assets in the Estate and there are no pending settlement discussions in this case, and thus any argument regarding a potential future conflict raised by settlement negotiations is premature.

The complaint in this case was filed on April 19, 2023. *See*, ECF No. 1. The complaint makes clear that the bulk of causes of action (I-XXII) are federal § 1983 claims brought on behalf of the Estate of Tyre Deandre Nichols; three state court claims are brought on Ms. Wells' individual behalf. Id. On May 1, 2023, at the request of counsel for Defendant City, Plaintiff's and Defendant City's counsel (Bruce McMullen along with an associate of his), appeared before Judge Joe Townsend in Division II of the Probate Court of Shelby County, Tennessee. After addressing the Court, Judge Townsend agreed to lift the seal placed on the probate proceedings to protect the minor's identity, specifically so that counsel for the City could review the probate record. After the hearing, counsel for Defendant City reviewed the probate pleadings and, specifically, the Petition and Order, which made it clear as to: (1) who the administratrix *ad litem* was; (2) the fact that there

3

was a minor beneficiary; and (3) the fact that the minor's mother joined in the Petition. Thus, Defendant City has, for 11 months, been aware of the purported potential future conflict they now bring before the Court.

At the time of the filing of this response, the parties in this matter are in the midst of written fact discovery, and depositions of City-controlled witnesses are expected to commence in the near future. The parties have also participated in early mediation. Defendant City now argues that future settlement discussions may bring a purported potential conflict of interest between RowVaughn Wells' recovery for her individual state tort claims and in her role on behalf of the Estate of Tyre Deandre Nichols, in its recovery on Tyre's § 1983 federal civil rights claims. Defendant City has made no allegations that Ms. Wells has acted in bad faith, fraudulently, or without diligence in her prosecution of the federal constitutional claims or in negotiations. Nor has Defendant City alleged that Ms. Wells has prejudiced those claims to benefit or overvalue her own state tort claims.

Without any argument that there is an actual, current conflict of interest, and a showing of such, Defendant City has asked this Court to rule on a future hypothetical situation where Ms. Wells *may* not, in the City's baseless opinion, act with the best interests of the minor child beneficiary of the Estate in mind at settlement. Further, there are no significant assets in the Estate of Tyre Deandre Nichols or the Estate of the minor child. At the time when there are assets, a limited guardian can be appointed to oversee the distribution; this Court will approve any settlement in this case as in the best interest of the minor. The speculative nature of Defendant City's argument shows that no actual conflict of interest exists here.

Defendant City's motion is premature, as settlement discussions have come to a standstill, with nothing pending, and Defendant City points to no other sources of potential conflict. The

motion to appoint a guardian *ad litem* should be struck from the record, or in the alternative, denied in its entirety.

### B. A guardian *ad litem* is unnecessary because there is no conflict of interests between Ms. Wells and the minor child.

"In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). "Accordingly, only the purported victim, or his estate's representative(s) may prosecute a section 1983 claim." *Id.* "It is 'well established' that a representative bringing suit 'has no interest in the recovery and acts only as a medium for enforcing the rights of others.'" *Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 682 (W.D. Tenn. 2015).

Ms. Wells has been appointed the Administratrix of the Estate of Tyre Deandre Nichols by the Probate Court of Shelby County. *See*, Probate Court of Shelby County Order, attached hereto as Exhibit 1; *see also*, ECF Nos. 125-2, 125-3, 125-5. As the minor child is the sole heir, the minor child's mother and natural guardian had the superior right to file this action on behalf of the minor child. However, she knowingly waived that right and instead asked the Probate Court of Shelby County to name Ms. Wells as the Administratrix. ECF No. 125-4, 125-6. In ordering the probate record seal broken for limited purposes in the instant litigation, the Probate Court ordered:

> That Petitioner and Petitioner's counsel may … break the seal entered in this matter for the limited purpose of showing that Tyre Deandre Nichols' Wrongful Death beneficiary and Next of Kin joins and consents to Tyre Deandre Nichols' mother, RowVaughn Wells, in her capacity as Administratrix Ad litem or as Administratrix over Tyre Deandre Nichols' Estate, **to serve as the Plaintiff in any and all litigation on behalf of Tyre Deandre Nichols' minor son**.

*See*, Exhibit 1 (emphasis added). In accordance with the minor child's mother's directive and consent, the Probate Court of Tennessee therefore appointed Ms. Wells as the representative of the minor child in "any and all litigation" on the minor child's behalf.

5

Defendant City ignores its long-standing knowledge of the probate record and instead attempts to rely on its assumption that Ms. Wells' potential rejection of a settlement offer would either be a failure to act or bad faith *per se* in her representation of the Estate. The record and written discovery to date shows that Ms. Wells is diligently pursuing the federal claims in this case for the benefit of the Estate. Defendant City does not offer this Court any evidence that the Estate's interests are not or will not be represented more than adequately throughout this litigation. Ms. Wells' potential, and for the purposes of this response, hypothetical rejection of settlement offers from Defendant City, or other Defendants, in this case does not imply in any way that her interests in recovery are detrimental to or in conflict with the Estate's, and by extension the minor child beneficiary's, interests in recovery.

### C. Even if there is a potential future conflict, it has been waived by the minor child's mother and natural guardian.

As Defendant admits in its motion, as recent as in November 2023, the parent and natural guardian of the minor child, here the child's mother, has explicitly consented more than once via sworn affidavit in the Probate Court of Shelby County to the appointment of Ms. Wells as Administratrix of the Estate of Tyre Deandre Nichols as well as to Ms. Wells' continuation as her minor child's representative in "any and all litigation" including this case. *See*, ECF No. 177 at PageID 1365-66; *see also*, ECF Nos. 125-2, 125-4, 125-6. Indeed, as parent and natural guardian, the minor child's mother could have prosecuted the lawsuit for the benefit of the Estate on her own, but decided that it was in the best interest of the minor child for Ms. Wells to be formally appointed to do so through the Probate Court of Shelby County. ECF Nos. 125-2, 125-4, 125-6. There is absolutely no evidence nor allegations that the minor child's mother is not acting in her child's best interest or that a Court-appointed guardian would protect those interests to a higher degree. The minor child's mother has no conflict with Ms. Wells. The minor child's mother's sworn

6

affidavits, ECF Nos. 125-4, 125-6, consenting to Ms. Wells' representation of the Estate on behalf of her minor child, clearly waives any perceived conflict, however unlikely, in potential future settlement negotiations. *See*, ECF No. 125-6 at PageID 1029-1030 ("I hereby expressly confirm my consent, joinder, ratification and support for the lawsuit filed in the United States District Court for The Western District of Tennessee, Case No. 2:23-cv-2224-MSN-atc, brought forth by RowVaughn Wells, Individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols on behalf of my son as Decedent's legal next of kin.").

Furthermore, Plaintiff has attempted to make the minor child's mother available to Defendant City for deposition. Plaintiff's counsel has provided a number of dates throughout the months of May, June, and July on which the minor child's mother is available to be deposed. Given that she has no interests whatsoever in this case, aside from protecting her minor son's best interests, presumably such a deposition would be an express opportunity to explore whether a potential settlement conflict exists. Were Defendant City truly concerned about whether this case is being prosecuted in the best interests of the minor child—or believed that a conflict truly existed—one would have to imagine that this deposition would be of the utmost urgency and importance. Yet as of the date of this filing, Defendant City has rejected all dates the minor child's mother is available and no deposition has yet been noticed or set.

Ultimately this Court has great discretion to determine whether a guardian *ad litem* is necessary or appropriate here. *See*, *Black v. Koch Transfer Co.*, 861 F.2d 719, *2 (6th Cir. 1988) (Table) ("The decision as to whether or not to appoint a guardian ad litem rests with the sound discretion of the district judge and will not be disturbed unless there has been an abuse of discretion."); T.C.A. § 34-1-107(A)(3). Given that the Probate Court of Shelby County and the minor child's mother have concluded, in court filings, that Ms. Wells is in the superior position to

7

adjudicate this case in the best interests of the Estate and the minor child, and have appointed her to do so, this Court should decline to appoint a guardian *ad litem* here. The minor child's interests are adequately protected in this litigation without such an appointment. *See*, *Black*, 861 F.2d at *2 (court must consider the necessity of a guardian *ad litem* and make a determination appointing one or finding that the minor's interests were protected without one; and finding that district court did not commit error in failing to appoint one to decedent's five minor children when children's interest in a money judgment was adequately represented (collecting cases)); *Jordan v. Graco Children's Prods., Inc.*, No. 1:09 CV 00079, 2010 WL 3603420, *2 (E.D. Tenn. Sep. 10, 2010) ("The Court finds that it is appropriate to waive the appointment of a guardian *ad litem* for Adisyn Jordan, as the petitioners are the minor's parents and this waiver is in the minor petitioner's best interests.").

Although the minor child's mother has consented to Ms. Wells' representation multiple times in sworn affidavits, *see* ECF Nos. 125-4, 125-6, should this Court find her consent in the Probate Court of Shelby County to be insufficient to waive any potential future conflict in this case, Plaintiff requests leave for the minor child's mother to file her consent with this Court as well. Under Tennessee law, "[t]he court may waive the appointment of a guardian ad litem if the court determines the waiver is in the best interests of the minor or person with disability." T.C.A. § 34-1-107(A)(3).

Given the high-profile nature of this case, the minor child's mother has tried to maintain the anonymity of herself and her minor child. *See*, ECF Nos 125-2 at PageID 1020; 125-3 at PageID 1023. Additionally, as the litigation is taking place in the Western District of Tennessee, the minor child's mother has understandably deemed Ms. Wells to be the most suitable representative of the Estate because she lives in the district. The minor child's mother's consent to Ms. Wells' representation for the minor child and waiver of any potential future conflicts of

8

interests should be taken seriously by this Court. The minor child's mother's waiver here is in the best interests of the minor child for a number of reasons.

### D. Rule 17 does not require a guardian *ad litem* here.

Federal Rule of Civil Procedure 17(c) governs the representation of minors in court, and does not apply in the case before the Court because Ms. Wells has been duly authorized by the Courts of the State of Tennessee as representative of the Estate and in all related litigation. Rule 17(c)(1) states, "The following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) *a like fiduciary*." Fed. R. Civ. P. 17(c)(1) (emphasis added); *see*, Faught v. Estate of Faught, 730 S.W. 2d 323, 326 ("As co-administrators of the estate, the decedent's children occupied a fiduciary role in their dealings with Mr. Faught who was a beneficiary of the estate."). Rule 17(c)(2) advises that "A minor … who *does not have a duly appointed representative* may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor … who is *unrepresented* in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). "'As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the minor already is represented by someone who is considered appropriate under the law of the forum state.'" *J.H. v. Williamson County*, No. 3:14-2356, 2016 WL 6071892, *2 (M.D. Tenn. Oct. 17, 2016) (alteration included) (quoting § 1570, Charles Alan Wright et al., *Suits by or Against Infants and Incompetent Persons—In General*, 6A Fed. Prac. & Proc. Civ. § 1570 (3d ed.) (April 2016 update)). "[C]ourts are 'obligated to abide by the State's determination of who shall represent the incompetent…and the court's power to appoint under Rule 17(c) should not be used to circumvent the mandate in Rule 17(b) to observe state law.'" *M.F. ex rel. Branson v. Malott*, Case No. 1:11-cv-807, 2012 WL 1950274, *4 (S.D. Ohio May 30, 2012).

9

The Probate Court of Shelby County has previously unsealed its record "for the limited purpose of showing that Tyre Deandre Nichols' Wrongful Death beneficiary and Next of Kin joins and consents…to RowVaughn Wells…to serve as the Plaintiff in any and all litigation on behalf of Tyre Deandre Nichols' minor son." Exhibit 1. Defendant City fails to provide any evidence whatsoever that Ms. Wells has acted in bad faith, fraudulently, or without diligence in prosecuting this case for the benefit of the Estate. *See generally*, ECF No. 177. Rather, Defendant City clearly lays out that Ms. Wells has been properly named as the representative of the Estate of Tyre Deandre Nichols by a Probate Court of the State of Tennessee and has expressly been instructed to "serve and pursue any and all litigation" on behalf of the minor child. Id. at PageID 1365-66. Defendant City also concedes that the minor child's parent and natural guardian consents to Ms. Wells' court-approved representation of the Estate and the interests of the minor child in this matter. Id. By all accounts and measures, Ms. Wells has been duly authorized by the Courts of the State of Tennessee to direct the litigation and negotiation of all settlements in this case, and has a fiduciary duty to protect the minor child's best interest as the sole heir of the Estate. Nothing in this case requires or encourages the appointment of a guardian *ad litem*.

Additionally, the cases Defendant City relies on for its motion are factually inapposite to the litigation here. Defendant City relies primarily on the case *J.H. v. Williamson County* to support its argument that a guardian *ad litem* should be appointed in this litigation. 2016 WL 6071892. In *Williamson County*, a mother brought suit against Williamson County and several county and jail employees after her son's rape in a juvenile detention center. *Id.* at *1. The minor was represented in the suit by his next friend and mother, who also had individual claims on her own behalf. *Id.* Williamson County requested the appointment of a guardian *ad litem* after the minor's deposition when it became clear that the minor had not been informed by his mother of a settlement offer in

the case. *Id.* Unlike our case, the Court determined that a guardian *ad litem* should be appointed because the minor *did not* have "a duly appointed representative," and was instead represented by an *unappointed party*—his mother acting on her own as his next friend. *Id*. at **1-2. This Court's determination to appoint a guardian *ad litem* in *Graham v. Shelby County,* is likewise factually similar to *Williamson County*. *See*, Case No. 2:21-cv-02357-MSN-cgc (W.D. Tenn. Feb. 9, 2023), ECF No. 147. There, minor children were represented in a wrongful death suit by their grandparents who served in their capacities as next friends. *See*, *Id.* at PageID 3123. This Court determined, without opposition from the parties, that the appointment of a guardian *ad litem* during *settlement approval* was appropriate in that case and appointed one from a list of agreed-upon candidates. *Id.* "The provision permitting a next friend to sue under Rule 17(c)(2) applies only where an incompetent person [or minor] '*does not have a duly appointed representative*.'" *Malott*, 2012 WL 1950274 at *4 (emphasis added).

The case before the Court presents the exact opposite factual scenario. Ms. Wells was duly appointed the Administratrix Ad Litem and eventually converted to Administratrix of the Estate for the benefit of the minor child through regular proceedings in the Probate Court of Shelby County, Tennessee. Similar Court appointment did not occur in either *Williamson County* or *Graham*, the authority upon which the City relies. *See*, Exhibit 1; ECF Nos. 125 at Page ID 1004-1007, 125-2, 125-3, 125-4, 125-5, 125-6. The minor child's mother has been kept informed of the progress of this litigation and any negotiations and continues to consent to Ms. Wells' representation of the minor child's interests in this case. Defendant City has provided this Court with absolutely no reason to second guess the Probate Court's determination that Ms. Wells is an adequate, appropriate, and diligent representative of the Estate's, and thereby the minor child's,

best interests in prosecuting this case and negotiating settlement. There is no doubt that Ms. Wells is an "appropriate person" under the laws of the State of Tennessee.

Likewise, the nature of the conflict in the cases cited by Defendant is not present here. In *Williamson County* and *Graham*, the alleged conflict of interest is between the minor and the minor's parent or grandparent representing the minor as next friend in court. Here, there is no conflict between the minor child's mother and natural guardian, who has only the best interests of the minor to protect, and Ms. Wells as the Administratrix of the Estate. Unlike *Williamson County and Graham*, the mother and natural guardian in *this case* can consent to Ms. Wells' actions throughout the litigation as in the best interests of the minor child.

None of the individuals in the *best* position to understand the minor's interests here, namely Plaintiff, the Shelby County Probate Court, and the minor child's mother and natural guardian, believe that any conflict has arisen or will arise whatsoever. As there is no conflict of interest and no reason under Rule 17(c) to appoint a guardian *ad litem* for the minor child, the Court should exercise its discretion and decline Defendant City's request to do so.

### E. There are sufficient protections in place to safeguard the best interests of the minor child.

Defendant City has not provided this Court with anything but a hypothetical scenario in which it has determined that Ms. Wells *may* not, in the City's own unsubstantiated opinion, act with the best interests of the minor child in mind at settlement, despite the minor child's mother's sworn affidavits filed with the probate court expressly providing her consent to Ms. Wells' representation. ECF Nos. 125-4, 125-6. Defendant City's opinion of what is in the best interest of the minor child makes no difference here—the question is what the minor child's natural guardian and the Court believe is in the minor child's best interests. Regardless, Defendant City makes its argument despite the many protections put in place, including the Probate Court of Shelby

County's approval of Ms. Wells' representation of the Estate and the minor child in "any and all litigation" and Court approval of any future settlement, to ensure that the minor child's best interests are protected in this litigation. In this district, should a settlement offer be accepted, the Court will approve settlement as in the best interest of the minor and either distribute to the minor child's natural guardian, hold in trust, or hold by the Clerk until the minor child reaches the age of majority. *See*, *Hargrove v. Jefferson Cnty. Bd. of Educ.*, No. 3:16-cv-806-DJH-RSE, 2022 WL 188190, *3 (W.D. Kent. Jan. 20, 2022) ("Nonetheless, since the parties' settlements here involve minors, the Court has a duty under Sixth Circuit authority to make an independent determination that the settlements are in the minors' best interest." (cleaned up)); *Wood v. Van Over*, No. 3:18-cv-380-TRM-DCP, 2019 WL 7882568, *3 (E.D. Tenn. Nov. 26, 2019) (same); *Henry v. Knox Cnty., Tenn.*, No. 3:18-cv-321-TRM-DCP, 2019 WL 1387713, *3 (E.D. Tenn. Feb. 25, 2019) (same); *Thrivent Financial for Lutherans v. Camp*, No. 1:15-cv-146-SKL, 2015 WL 9587725, *1 (E.D. Tenn. Dec. 30, 2015) (same); *see also* T.C.A. § 29-34-105(a)(1).

Essentially, the City's motion is an attempt to manufacture a conflict of interest on behalf of its ***own interest***. The minor child's mother has asked the Probate Court of Shelby County to appoint Ms. Wells to the position, the Probate Court has agreed, and Ms. Wells has not done anything to bring her representation into question. Exhibit 1; ECF Nos. 125-2, 125-4, 125-6. The Court will have the opportunity to determine whether the settlement is in the minor child's best interest. Yet, should a guardian *ad litem* be appointed in this circumstance, against the wishes of the minor child's natural guardian, additional costs taxed to any future settlement for a guardian *ad litem*'s fees are decidedly not in the Estate's, and thereby the minor child's, best interests.

### F. Appointing a guardian *ad litem* at this early stage of the litigation only serves to further delay the case.

The parties are in the midst of written discovery in this case, with depositions of Defendant City-controlled witnesses to begin in the near future. Although Plaintiff has been asking for the availability of City-controlled witnesses since February, Counsel for Defendant City has failed to provide a single witness's availability for deposition due to their eventful trial schedule in other matters. To date, Defendant City has provided three days in May and one week in June that they are available to schedule depositions of individuals that are not under their control. Despite a pending request to extend the Court's Scheduling Order, *see* ECF No. 175, under the currently active Scheduling Order, *see* ECF No. 151, discovery in this case ends on June 30, 2024. Plaintiff has been granted leave to take 30 fact depositions in this case, *see* ECF No. 179. Even if the pending motion to extend the Scheduling Order is granted, that would extend the time to complete depositions to August 30, 2024. *See* ECF No. 175. Defendant City's motion is an attempt to further delay discovery and depositions of City-controlled witnesses in this matter by creating additional scheduling conflicts among counsel and a guardian *ad litem* to strongarm Plaintiff into settlement negotiations that are in the best interests of Defendant City, not the minor child. Judicial economy and efficiency, the lack of an actual conflict of interests, the minor child's natural guardian's consent to Ms. Wells' representation, Court approval of any settlement, and the other protections in place for the benefit of the minor child in this case weigh against the appointment of a guardian *ad litem*.

The minor child's mother is the minor child's natural guardian charged with the care, management, and expenditure of the minor child's estate. T.C.A. § 34-1-102(a), (c). Under the laws of Tennessee, "the court shall consider the following persons in the order listed for appointment of the guardian: (1) the parent or parents of the minor; (2) the person or persons

14

designated by the parent or parents in a will or other written document[.]" T.C.A. § 34-2-103. Should this Court determine that a guardian *ad litem* is necessary, the minor child's mother should have a role in nominating who is appointed to the position.

### III. Conclusion

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests the Court strike, or in the alternative, deny Defendant City of Memphis's Motion to Appoint Guardian Ad Litem in its entirety.

In the alternative, should the Court find that there is a potential future conflict of interest that has not yet been waived by the minor child's mother, Plaintiff requests leave to allow the minor child's mother and natural guardian to waive any said conflict with the Court;

Should the Court find that the potential future conflict is unwaivable and a guardian *ad litem* must be appointed, that the minor child's mother and natural guardian be allowed to some say in which local attorney serves as guardian *ad litem* in this case.

**Respectfully submitted,**

**Dated: April 19, 2024**

**/s/ Antonio Romanucci**
**ROMANUCCI & BLANDIN, LLC**
Antonio Romanucci (*pro hac vice*)
(Illinois ARDC No. 6190290)
Bhavani Raveendran (*pro hac vice*)
(Illinois ARDC No. 6309968)
Sarah Raisch (*pro hac vice*)
(Illinois ARDC No. 6305374)
Javier Rodriguez, Jr.
(Illinois and W.D. Tenn. Bar No. 6330351)
Sam Harton
(Illinois Bar No. 6342112) (*pro hac vice*)
321 North Clark St., Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net

15

        b.raveendran@rblaw.net
        sraisch@rblaw.net
        jrodriguez@rblaw.net
        sharton@rblaw.net

**MENDELSON LAW FIRM**
David Mendelson
(Tennessee Bar No. 016812)
Benjamin Wachtel
(Tennessee Bar No. 037986)
799 Estate Place
Memphis, Tennessee 38187
Tel: (901) 763-2500 ext. 103
Fax: (901) 763-2525
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

**BEN CRUMP LAW**
Ben Crump (*pro hac vice pending*)
(Washington, D.C. Bar No. 1552623)
(Tennessee Bar No. 038054)
Chris O'Neal (*pro hac vice pending*)
(Florida Bar No. 910201)
Brooke Cluse
(Texas Bar No. 24123034)
717 D Street N.W., Suite 310
Washington, D.C. 20004
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

**COUNCIL & ASSOCIATES, LLC**
Lashonda Council Rogers
(Georgia Bar No. 190276)
50 Hunt Plaza, SE Suite 740
Atlanta, Georgia 30303
Tel: (404) 526-8857
Fax: (404) 478-8423
lrogers@thecouncilfirm.com

**EARNESTINE HUNT DORSE**
Earnestine Hunt Dorse
(Tennessee Bar No. 012126)
3268 N Waynoka Circle
Memphis, Tennessee 38111-3616

16

Tel: (901) 604-8866
ehdorse@gmail.com

17