IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILLS, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS,<br><br>    Defendants. | CASE NO. 2:23-CV-02224<br>JURY DEMAND |

**[PROPOSED] AGREED PROTECTIVE ORDER**

In the course of discovery under the Federal Rules of Civil Procedure, Defendants the City of Memphis ("the City"), Chief Cerelyn Davis in her Official Capacity ("Chief Davis"), Dewayne Smith in his individual capacity and as Agent of the City of Memphis ("Lt. Smith"), Preston Hemphill in his individual capacity, Robert Long in his individual capacity, JaMichael Sandridge

1

in his individual capacity, Michelle Whitaker in her individual capacity (collectively "Defendants") and Plaintiff Row Vaughn Wells, individually and as administratrix of the estate of Tyre Deandre Nichols ("Plaintiff"), may produce documents, data, discovery responses and other material that are confidential, proprietary, privileged, and/or otherwise to be protected from public dissemination.[1] To ensure that such material is kept and remains confidential and not used for any purpose other than for purposes of this civil case, the parties stipulate to the following:

I.   **CONFIDENTIAL MATERIAL**

The documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order shall be hereafter individually and collectively referred to as "**Confidential Material**" as the context requires.  Confidential Material includes:

A.   **Documents designated as "CONFIDENTIAL"**

1. Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by any party (including any current or former employee, agent, and/or representative of the City and/or any of the City's affiliates) during the course of discovery that contains, discloses, or reveals: (i) confidential or proprietary business information; or (ii) private and/or sensitive information including, but not limited to, financial information, medical information, leave information, disciplinary information, social security numbers, dates of birth and other private employee information;

2. Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by any party during the course of discovery that contains,

---

[1] The Court granted Defendants Emmitt Martin III, Demetrius Haley, Justin Smith, Desmond Mills, and Tadarrius Bean's Motions to Stay Civil Proceedings pending resolution of their criminal cases. *See* ECF No. 110. Accordingly, these Defendants are not included in this Protective Order at this time. When the Court lifts the stay and allows discovery to proceed against Defendants Emmitt Martin III, Demetrius Haley, Justin Smith, Desmond Mills, and Tadarrius Bean, the parties will revise this Protective Order to include these Defendants.

discloses, or reveals: (i) information concerning any person's past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s);

  3. Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by any party during the course of discovery that contains, discloses, or reveals personal financial or tax information; but if a social security number is the only Confidential Material contained in a document, the social security number should simply be redacted prior to filing or dissemination;

  4. Any unredacted body worn camera footage that is not already part of the public domain;

  5. Any information not subject to disclosure under Tennessee Rule of Criminal Procedure 16(a)(2) and Federal Rule of Criminal Procedure 16(a)(2); or

  6. Any other type of information that is maintained by the producing party on a confidential basis, provided that the producing party has a legitimate interest in maintaining the confidentiality/privacy of said information.

  **B.** **Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

  1. Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by any party during the course of discovery that contains, discloses, or reveals any statements and information protected under *Garrity v. State of N.J.*, 385 U.S. 493 (1967).

**II.** **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

  1. This Order shall be applicable to and govern the handling of all disclosures, documents, answers to interrogatories, responses and requests for admission, testimony, and other information, including all copies and excerpts thereof produced, given, or filed during discovery

and other proceedings in this action.

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Material disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. Unless otherwise ordered by this Court, each party who receives Confidential Material from another party or witness in this civil action is prohibited from using or disclosing such Confidential Material, except as otherwise permitted by this Protective Order.

4. Except as otherwise provided in this Protective Order, any person receiving Confidential Material shall keep such Confidential Material secure within his or her possession and shall make reasonable efforts to place such Confidential Material in a secure location.

5. To designate a document as Confidential Material, a party or non-party witness can place or affix the appropriate confidentiality designation (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with its legibility.

6. A party that has designated material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also choose to remove that designation at any time by notifying opposing counsel in writing and specifying specifically which materials will no longer be considered confidential.

7. In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a party to this action, and any non-party from whom discovery is sought in connection with this action, shall make such a designation only as to materials that the party or non-party in good faith believes constitute Confidential Material.

8. All discovery material designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal, or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders or warrants within seven (7) business days of receipt of same.

### III. DISCLOSURE OF CONFIDENTIAL MATERIAL

#### A. Disclosure of Documents Designated as "CONFIDENTIAL"

Confidential Materials designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

1. The parties, including employees and officers of the corporate parties who are assisting counsel in the prosecution or defense of this case;

2. Counsel for the parties, including in-house counsel of the corporate parties, and regular employees of such counsel whose functions are necessary to the prosecution or defense of this action;

3. Consultants or experts retained by the parties, or the parties' counsel, and the employees of such consultants, or experts, only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A.

4. Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the Confidential Material, or who are already possess a copy of the Confidential Material, or who are an employee or agent of the entity that authored, sourced, addressed, or received the Confidential Material;

5. Persons who are providing depositions or testimony in this matter, during the course of the deposition or testimony or preparation for the same;

6. The Court and court personnel, court reporters, employees of outside copy services used to make copies of the documents designated as "CONFIDENTIAL," and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action; and

7. Any other person as to whom the parties agree in writing, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A.

8. Nothing in this Protective Order shall prohibit a disclosing party from making available to whomever it chooses documents that it has designated "CONFIDENTIAL", however notice must be reasonably provided to counsel if those individuals are not those designated above and said sharing of "CONFIDENTIAL" material will render the designation withdrawn.

**B.  Disclosure of Documents Designated as Attorneys' Eyes Only Material**

Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person except:

1. Counsel for the parties, including in-house counsel of the corporate parties, and regular employees of such counsel whose functions are necessary to the prosecution or defense of this case;

2. Consultants or experts retained by the parties, or the parties' counsel, and the employees of such consultants, or experts, only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as Exhibit A;

3. Persons who are providing depositions or testimony in this matter, during the course of the deposition or testimony or preparation for the same, if they are the individual who gave the statement marked "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY" and/or were

present when the statement was made;

4. Chief of Police Cerelyn Davis;

5. Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" material or persons who already possess a copy of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material; and,

6. The Court and court personnel, court reporters, employees of outside copy services used to make copies of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, and mediators, arbitrators, or other personnel engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action.

7. Nothing in this Protective Order shall prohibit a disclosing party from making available to whomever chooses documents that it has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", however notice must be reasonably provided to counsel if those individuals are not those designated above and said sharing of "CONFIDENTIAL" material will render the designation withdrawn.

8. To the extent exhibits marked "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" are used in depositions, they will be identified by Bates number but not attached to the transcript.

**IV. DESIGNATING DEPOSITION TESTIMONY AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"**

Portions of depositions shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" subject to this Protective Order if designated as such no later than ten (10) business days after the designating party's or witness's receipt of the transcript of such deposition. Any testimony that describes a document designated as

7

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Protective Order shall be deemed designated without the need for further designation and treated accordingly.

## V. DISCLOSURE IN VIOLATION OF THIS PROTECTIVE ORDER

In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.

In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

## VI. INADVERTENT FAILURE TO DESIGNATE MATERIALS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY"

If timely corrected, an inadvertent failure to designate Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such Confidential Material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the Confidential Material is treated in accordance with the provision of this Protective Order.

## VII. FILING CONFIDENTIAL MATERIALS

If any Party desires to file in the public record in this action any Confidential Material or material marked "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY", that party must seek to file such materials under seal. Any party wishing to file any Confidential Material under seal with the Court shall follow all federal and local rules and the directives of the United States Court of Appeals for the Sixth Circuit in its holding in *Shane Grp., Inc. v. Blue Cross Blue Shield*

*of Michigan,* 825 F.3d 299, 302 (6th Cir. 2016*)* in order to do so.

Except as the Court may order, the parties shall not disseminate Confidential Material to individuals other than those identified above. Further, no lawyer for a Party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" without first having obtained permission from the Court to do so.

### VIII. LIMITATIONS OF THIS PROTECTIVE ORDER.

Nothing in this Protective Order shall be construed: (a) as expanding the scope of permissible discovery; (b) as a waiver of any party or witness of its right to object to discovery requests; or (c) as relieving any party requesting discovery from making a showing as required by applicable law that the information sought is discoverable.

### IX. CHALLENGING THE "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" DESIGNATION.

In the event of a Party's challenge to the "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Each party specifically reserves the right to object to the use or admissibility of all Confidential Material disclosed, in accordance with applicable law and rules.

### X. TERMINATION AND RETURN/DESTRUCTION OF CONFIDENTIAL MATERIAL.

At the conclusion of matter, the Confidential Material, and any copies thereof, shall be promptly (and in no event later than sixty (60) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

## XI.   MISCELLANEOUS

The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

Nothing in this Order shall be construed as a waiver by either party of its right to object to the discoverability or admissibility of any material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

ENTERED this ___ day of _____, 2024.

_____
MARK NORRIS
UNITED STATES DISTRICT COURT JUDGE

4878-0706-7826