# AFFIDAVIT OF SERVICE

| Case: 2:23-CV-02224 | Court: United State District Court for the Western District of Tennessee | County: , TN | Job: 11043595 |
|---|---|---|---|
| **Plaintiff / Petitioner:** ROW VAUGHN WELLS ET AL | | **Defendant / Respondent:** THE CITY OF MEMPHIS ET AL | |
| **Received by:** Moonlighters Enterprises | | **For:** Baker, Donelson, Bearman, Caldwell & Berkowitz, PC | |
| **To be served upon:** SHELBY COUNTY DISTRICT ATTORNEYS OFFICE, ATTN: STEVE MULROY | | | |

I, Christi Copeland, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Timothy A. Beacham, Public Records Counsel, 201 Poplar Avenue, Memphis, TN 38103
**Manner of Service:** Personal/Individual, May 14, 2024, 11:23 am CDT
**Documents:** SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**Additional Comments:**
1) Successful Attempt: May 14, 2024, 11:23 am CDT at 201 Poplar Avenue, Memphis, TN 38103 received by Timothy A. Beacham, Public Records Counsel. Age: 60+/-; Ethnicity: Caucasian; Gender: Male; Weight: 160lbs +/-; Hair: Gray; Other: Male white 60+/- years old medium to heavy build, wearing a white shirt gray pants and in a wheelchair;
The District Attorney's office does not accept subpoenas.

_____    5/14/24
Christi Copeland                 Date
3061

Moonlighters Enterprises
44 N Second Street Suite 503
Memphis, TN 38103
901-618-3031

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
5/14/24
Date        Commission Expires 11/29/27

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| | | |
|---|---|---|
| Row Vaughn Wells, et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-CV-02224 |
| The City of Memphis, et al | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Shelby County District Attorney's Office, Attn: Steve Mulroy, 201 Poplar Ave, 11th Floor, Memphis, TN 38103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A.

| Place: Baker Donelson, Attn: Bruce McMullen<br>165 Madison Ave, Suite 2000<br>Memphis, TN 38103 | Date and Time:<br>05/28/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* the City of Memphis, _____, who issues or requests this subpoena, are:

Bruce McMullen - 901.577.2356 - bmcmullen@bakerdonelson.com - 165 Madison Ave, Suite 2000, Memphis, TN 38103

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-CV-02224

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A to Subpoena to the Shelby County District Attorney's Office

## INSTRUCTIONS AND DEFINITIONS

1. The term "**Document**" means as used herein, is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure.

2. The terms "**Communicate**" and "**Communication**" mean and include any documents or oral or written exchange of words, thoughts, or ideas to another person(s) whether person-to-person, in a group, by telephone, by letter, by text messages, by social media, by e-mail or by any other process, electric, electronic, computer, or otherwise, using means of communications such as mobile phones or personal devices purchased or controlled by you.

3. "**You**" or "**Your**" means the SHELBY COUNTY DISTRICT ATTORNEY'S OFFICE and all parties acting on its behalf including but not limited to, attorneys, and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of information or documents obtained for or on behalf of the SHELBY COUNTY DISTRICT ATTORNEY'S OFFICE.

4. "**Plaintiff**" means Row Vaughn Wells, individually and as administratix ad litem of the estate of Tyre Deandre Nichols. The term "**Plaintiff**" includes all family members of Plaintiff including but not limited to Row Vaughn Wells, Rodney Wells, Steven Nichols, Lenge Dupree, Keyana Dixon, and Michael Cutrer.

5. The term "**Plaintiff's Counsel**" includes any attorney representing Plaintiff at any time including but not limited to Antonio Romanucci, Bryce Hensley, Kareem Ali, Bhavani K. Raveendran, Sarah M. Raisch, Javier Rodriguez, Jr., Sam Harton, David L. Mendelson, Benjamin Wachtel, Ben Crump, Chris O'Neal, Brooke Cluse, LaShonda Council Rogers, and Earnestine Hunt Dorse.

1

6.   The term **"DOJ"** means the United States Department of Justice Civil Rights Division, and includes any person representing the Department of Justice including but not limited to Vanita Gupta, Kristin Clarke, Suraj Kumar, Maureen Johnston, Emily Keller, Haley Van Erem, Ranit Patel, and Syeda "Mehveen" Riaz.

7.   In responding to the Subpoena, You are requested to consult Your records and any other documents in your possession, custody, and control, as well as any other source of information that may be available to You, and to furnish all information thus available to You, regardless of whether this information is possessed directly by You or by Your partners, directors, officers, attorneys, agents, accountants, employees, representatives, investigators, or experts.

8.   Unless otherwise specified, the relevant time period for the requests is from January 7, 2023 to the present.

## DOCUMENTS REQUESTED

1.   Any and all **Communications** between **You** and **Plaintiff** and/or **Plaintiff's Counsel**.

2.   Any and all **Documents** and things exchanged between **You** and **Plaintiff** and/or **Plaintiff's Counsel**.

3.   Any all voicemails, or other audio recordings, exchanged between **You** and **Plaintiff** and/or **Plaintiff's Counsel**.

4.   Any and all **Documents** evidencing any authority **You** claim **You** have to participate in the civil litigation of *Wells, et al. v. The City of Memphis, et al.*

5.   Any and all **Communications** between **You** and the **DOJ** regarding Tyre Nichols and the incident occurring the night of January 7, 2023 involving Tyre Nichols.

6. Any and all **Communications** between **You** and the **DOJ** regarding the policies, rules, procedures, and practices of the Memphis Police Department and Memphis Fire Department.

7. Any and all **Documents** and things exchanged between **You** and **DOJ** regarding Tyre Nichols and the incident occurring the night of January 7, 2023 involving Tyre Nichols.

8. Any and all **Documents** and things exchanged between **You** and **DOJ** regarding the policies, rules, procedures, and practices of the Memphis Police Department and/or Memphis Fire Department.

9. Any and all **Documents** evidencing any authority **You** claim **You** have to initiate an investigation into the policies, procedures, and practices of the Memphis Police Department and/or the Memphis Fire Department.

10. Any and all **Communications** between **You** and **Preston Hemphill** and/or attorneys for Preston Hemphill.

11. Any and all **Documents** and things exchanged between **You** and **Preston Hemphill** and/or attorneys for **Preston Hemphill.** This request includes any audio and/or video recordings of any interviews **You** had with Mr. Hemphill or his attorneys as well as any and all notes from any meetings with Mr. Hemphill or his attorneys.

12. Any and all **Communications** between **You** and **Dewayne Smith** and/or attorneys for **Dewayne Smith.**

13. Any and all **Documents** and things exchanged between **You** and **Dewayne Smith** and/or attorneys for **Dewayne Smith.** This request includes any audio and/or video recordings of any interviews **You** had with Mr. Smith or his attorneys as well as any and all notes from any meetings with Mr. Smith or his attorneys.

4855-8960-9661

14. Any and all **Documents** in **Your** possession related to **Your** investigation of the Memphis Police Department and/or Memphis Fire Department.

15. All **Documents** evidencing **Your** new policy of transparency that requires **You** to provide investigative materials to civil litigants prior to the conclusion of all related criminal prosecutions that are at issue in the civil litigation.

4