# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224<br>JURY DEMAND |
| THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILLS, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF GUARDIAN AD LITEM**

4894-0220-5375

Defendant, City of Memphis (the "City"), files this Reply in support its Motion to Appoint Guardian Ad Litem ("Motion"), which was filed on April 5, 2024. (*See generally* Mot., ECF No. 177.) In further support of its Motion, the City states as follows:

## I. ARGUMENT

### A. The City's Motion is not untimely or premature.

Confusingly, Plaintiff asserts that the City's Motion is untimely because the City "has known . . . of any purported future conflict present . . . for approximately a year but only now raises the issue before the Court," while simultaneously arguing that "any argument regarding a potential future conflict raised by settlement negotiations is premature." (*Id.* at PageID 1432.) Plaintiff essentially argues that the City filed its Motion at precisely the wrong time – too late, but also too soon.

In addressing the more specific aspects of the Plaintiff's Opposition, Plaintiff contends that there are "no pending settlement negotiations in this case," but that contention disregards the fact that *significant settlement negotiations have* taken place in this case. (*Id.*) The Court-ordered mediation took place on February 9, 2024, which has not yet been closed by the mediator.

In any event, the possibility of future settlement negotiations is not inherently "hypothetical" and is a proper consideration for this Court in the context of the appointment of a guardian ad litem. *See J.H. v. Williamson Cty.*, No. 3:14-2356, 2016 WL 6071892, at *2 (M.D. Tenn. Oct. 17, 2016) (considering a conflict necessitating the appointment of guardian ad litem in the context of "potential settlement or other resolution" of the case).

### B. Plaintiff misconstrues the thrust of the City's argument.

Throughout Plaintiff's Opposition, Plaintiff repeatedly asserts that "there is no actual, current conflict of interest." (Pl.'s Opp'n, ECF No. 181, at PageID 1433, 1435.) Plaintiff also asserts that "Defendant City fails to provide any evidence whatsoever that Ms. Wells has acted in

2

bad faith, fraudulently, or without diligence in prosecuting this case for the benefit of the Estate." (*Id.* at PageID 1439; *see also id.* at PageID 1433.)  First, there need not necessarily be any actual, current conflict of interest to justify the appointment of a guardian ad litem— the potential of a conflict is enough. In *Williamson Cty.*, the Court found that a conflict as to plaintiff and his mother, who plaintiff sued through as next of friend, existed because plaintiff's mother's "interest in obtaining some kind of recompense for what is a very substantial personal loss to her creates a conflict between her interests and those of Plaintiff."  2016 WL 6071892, at *3, *1.

In *Williamson* County, the party seeking the appointment of a guardian ad litem did argue the conflict was "further demonstrated by the fact that no one informed J.H. of the existence of a settlement offer made at the previous mediation," but the Court merely stated "[t]hat fact further bolsters the need for a guardian ad litem in this case." *Williamson Cty.*, 2016 WL 6071892, at *3. Even in light of that consideration, the Court still <u>clearly</u> found that if the plaintiff's mother's "own financial interests make a potential settlement or other resolution of this case more difficult for J.H. to any extent, that fact causes sufficient concern for the Court to find that a guardian ad litem is necessary."  *Id.* at *2.

This is <u>precisely</u> the conflict which exists here.  Ms. Wells asserted claims against Lt. Dewayne Smith, individually and as agent of the City, (*see* Compl., ECF No. 1, PageID 127-133), while also bringing claims as administratrix ad litem for the Estate of Mr. Nichols, the benefit of which will enure to Mr. Nichols' Minor Child.  (*See id.* at PageID 52-125.) There is no contention or allegation Ms. Wells has acted improperly or in bad faith, only that her competing financial interest that arises out of her own claims creates an actual conflict with the claims brought on behalf of the Estate.

4894-0220-5375

### C. The Probate Court's Appointment of Ms. Wells as Administratrix Ad Litem has no bearing on whether Ms. Wells has the best interest of the Minor Child in mind.

Plaintiff also repeatedly relies on the undisputed fact that "Ms. Wells has been appointed Administratrix of the Estate of Tyre Deandre Nichols by the Probate Court of Shelby County." (*See* Pl.'s Opp'n, ECF No. 181, at PageID 1434, 1435.) As clearly outlined in the City's Motion, the City does not contend that Ms. Wells is an insufficient representative under Tennessee law.[1] (*See* Mot., at ECF No. 177, PageID 1368.) Moreover, the fact that Ms. Wells was appointed as Administratrix of the Estate does not mean this Court cannot exercise its discretion to appoint a guardian ad litem.

Plaintiff asserts that even if there is a potential conflict of interest, it was waived by the Mother of the Minor Child when she consented to the appointment of Ms. Wells as Administratrix of the Estate. Plaintiff admits that the Mother of the Minor Child "could have prosecuted the lawsuit for the benefit of the Estate on her own, but [the Mother of the Minor Child] decided it was in the best interest of the Minor Child for Ms. Wells to be formally appointed to do so…." (*Id.*, ECF No. 181, at PageID 1435.) But just because the Mother of the Minor Child *believes* Ms. Wells is acting in the best interest of the child does not mean that there is not a competing financial interest in the outcome of this litigation.

Moreover, Plaintiff's waiver argument is based on the assumption that the custodial Mother of the Minor Child *herself* has the best interests of the Minor Child in mind. That assumption has

---

[1] The City notes, however, that the Probate Court's decision was rendered on March 29, 2023, prior to the filing of the Complaint; and the Probate Court expressly found that Ms. Wells could "serve as the Plaintiff in any and all litigation on behalf of Decedent's minor son." (Pl.'s Opp'n, at ECF No. 181-1, PageID 1447-48, ¶ 4.) Accordingly, the Probate Court's decision merely establishes that Ms. Wells is a legally sufficient Administratrix of the Estate under applicable Tennessee statutes. It does not somehow dispense of the clear conflict that exists between Ms. Wells' pecuniary interest in the litigation and that of the Estate and its sole beneficiary.

not been established. Considering the amount of money the Minor Child could potentially recover as a result of this litigation, the fact that the custodial Mother of the Minor Child waived her rights to participate in that recovery for her child is unusual.

It is partially because of these peculiarities in the handling of the Estate and initiation of the lawsuit that the City seeks the appointment of a guardian ad litem. Plaintiff's contention that "the City's motion is an attempt to manufacture a conflict of interest on behalf of its own interest," is both offensive and meritless. (*Id.* at PageID 1442.) Insofar as the Plaintiff insinuates that asking for the appointment of a guardian ad litem to protect the best interest of the child is in the City's "own interest," the Plaintiff is correct. The best interest of the Minor Child should be in the Plaintiff's interest, too. The appointment of the guardian ad litem will ensure the Minor Child's interest is protected.

The City acknowledges that the general rule is that a federal court should not appoint a guardian ad litem in an action in which the minor already is represented by someone who is considered appropriate under the law of the forum state, however such a rule is inapplicable when the representative's own interests conflict with those of the minor. "Courts, both state and federal, always have the power to appoint special representatives under those circumstances." *Williamson Cty.*, 2016 WL 6071892, at *2 (quoting Charles Alan Wright *et al.*, Federal Practice & Procedure § 1570 (3d ed.)). Accordingly, the City respectfully asks the Court to exercise its discretion to appoint a guardian ad litem, because there is a potential conflict between Ms. Wells' interests and those of the Minor Child.

D. *J.H. v. Williamson Cty.* **is applicable to the present Motion.**

Plaintiff attempts to distinguish *Williamson County* on the basis that "Ms. Wells was duly appointed the Administratrix Ad Litem and eventually converted to Administratrix of the Estate . . . through regular proceedings in the Probate Court of Shelby County, Tennessee," but that

5

"[s]imilar appointment did not occur in . . . *Williamson County*." (Pl.'s Opp'n, ECF No. 181, PageID 1440.) This distinction has little impact on the analysis. There is no difference for the purposes of the present analysis between a next of friend and the Administratrix of an estate. In *Williamson County*, the court noted that "[u]nder Tennessee law, a parent may maintain a civil action as next of friend on behalf of her minor child." 2016 WL 6071892, at *2. That is <u>no different</u> than Ms. Wells being allowed, under Tennessee law, to bring this lawsuit. Even though Ms. Wells was appointed by the Shelby County Probate Court, it does not change the fact that like the mother in *Williamson County*, Ms. Wells has her own particularized financial interest in the outcome of this litigation. Such an interest is sufficient to create a conflict. *Id.* at *2-3.

      **E.**    **The City has attempted to schedule the deposition of the Minor Child's Mother.**

Plaintiff contends that if the City was concerned about a conflict in this case "one would have to imagine that [the] deposition [of the Minor Child's mother] would be of the utmost urgency and importance." (Pl.'s Opp'n, ECF No. 181, PageID 1436.) Plaintiff also contends that the City "has rejected all dates the minor child's mother is available." (*Id.*) That assertion is disingenuous. The email correspondence to which Plaintiff is referring is attached to this Reply as <u>Exhibit 1</u>.[2] As this Court can plainly see, counsel for Plaintiff proposed dates in June for this deposition, despite the fact that counsel for the City has (repeatedly) communicated their unavailability due to an upcoming trial. Counsel for the City then asked for dates during the second or third week of July, to which counsel for Plaintiff responded with one date during the last week of July, where counsel for the City is also unavailable. On April 4, 2024, counsel for the City proposed ***fourteen alternative dates in July*** for the Mother's deposition and has received no response from Plaintiff.

---

[2] To respect the privacy of the Minor Child's mother, her name and location have been redacted from the attached Exhibit.

4894-0220-5375

Thus, contrary to Plaintiff's assertions, the City has attempted to schedule a date to depose the Minor Child's Mother.

## CONCLUSION

Based on the foregoing, the City respectfully requests that this Court grant its Motion and appoint a guardian ad litem to represent the interests of the Minor Child in this litigation. The City also requests a hearing on this issue if the Court would find it helpful.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Freeman B. Foster (#23265)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Official Capacity, and Dewayne Smith as Agent of the City of Memphis*

## CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on May 16, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4894-0220-5375