## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix Ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 2:23-cv-02224-MSN-atc |
| THE CITY OF MEMPHIS, a municipality, *et al.*, | ) ) ) | |
| **Defendants.** | ) | |

## ORDER GRANTING MOTION
## FOR APPOINTMENT OF GUARDIAN AD LITEM

Before the Court by Order of Reference[1] is the Motion for the Appointment of Guardian ad Litem, filed on April 5, 2024, by Defendant City of Memphis ("the City"). (ECF No. 177.) On April 19, 2024, Plaintiff RowVaughn Wells filed a response in opposition to the Motion. (ECF No. 181.) With leave of Court, the City filed a reply on May 16, 2024. (ECF No. 194.) For the reasons set forth below, the motion is GRANTED.

### FACTUAL BACKGROUND

This action arises from the death of Tyre Nichols on January 10, 2023. (ECF No. 1 ¶ 49.) On March 29, 2023, the Probate Court of Shelby County, Tennessee (the "Probate Court"), appointed Wells, Nichols's mother, to serve as administratrix ad litem of Nichols's estate. (ECF No. 125-3.) That appointment was deemed necessary "so that lawsuits may be pursued on behalf

---

[1] On April 22, 2024, District Judge Mark S. Norris referred the motion to the undersigned for determination or for proposed findings and recommendation, as appropriate. (ECF No. 182.)

of" Nichols's next of kin, Minor Child.[2]  (*Id.* at 2.)  Preceding that appointment, on March 5, 2023, Minor Child's Mother had executed an affidavit declining to serve as administratrix and requesting that Wells be appointed instead.  (ECF No. 125-4.)  On November 8, 2023, the Probate Court granted Wells's petition to convert her role from administratrix ad litem to administratrix.  (ECF No. 125-2.)  Wells's petition was accompanied by another affidavit of Minor Child's Mother stating that she declined "to serve as the Administratrix over Decedent's full Probate Estate" and waived "any right to pursue any and all litigation, in any and all courts on behalf of" Minor Child.  (ECF No. 125-6.)  Minor Child's Mother also confirmed that Wells "shall have the right to represent and pursue any and all litigation, for wrongful death, Civil Rights violations, or otherwise, on behalf of" Minor Child.  (*Id.*)

Meanwhile, on April 19, 2023, Wells initiated the instant case, asserting claims on behalf of Nichols's estate against all Defendants for violations of 42 U.S.C. § 1983 and asserting her own individual claims against Defendant DeWayne Smith, individually and as agent for the City, for negligent and intentional infliction of emotional distress and fraudulent misrepresentation. (ECF No. 1 ¶¶ 871–96.)

The City now asks for appointment of a guardian ad litem to represent Minor Child, arguing that Wells's litigation of claims in her individual capacity creates a potential conflict of interest as to the claims she brings on behalf of Nichols's estate.  Wells counters that no such conflict exists.

## LEGAL STANDARD

Federal Rule of Civil Procedure 17 allows a representative—that is, a general guardian, committee, conservator, or like fiduciary—to sue or defend on behalf of a minor or incompetent

---

[2] The Court adopts the parties' practice of referring to Nichols's next of kin, his son, as Minor Child and to the mother of that child as Minor Child's Mother.

person.  Fed. R. Civ. P. 17(c)(1).  When a minor lacks such a representative, Rule 17 requires

that the Court appoint a guardian ad litem.  Fed. R. Civ. P. 17(c)(2).  "As a general rule, a federal

court cannot appoint a guardian ad litem in an action in which the [minor] already is represented

by someone who is considered appropriate under the law of the forum state."  *J.H. v. Williamson

Cnty.*, No. 3:14-2356, 2016 WL 6071892, at *2 (M.D. Tenn. Oct. 17, 2016), *aff'd* 2016 WL

7230506 (M.D. Tenn. Dec. 14, 2016) (quoting 6A Charles A. Wright, Arthur R. Miller, & Mary

Kay Kane, *Fed. Prac. & Proc.* § 1570 (3d ed. 2016)).  In Tennessee, a "general guardian,

conservator, or other like fiduciary" may serve as a minor's representative and sue or defend in

an action on behalf of the minor.  Tenn. R. Civ. P. 17.03.

However, when the representative's interests conflict with the minor's, "[c]ourts, both

state and federal, always have had the power to appoint special representatives under those

circumstances."  *Williamson Cnty.*, 2016 WL 6071892, at *2 (quoting Wright et. al., *supra*,

§ 1570); *see also Graham v. Shelby Cnty., Tenn.*, No. 2:21-cv-02357-MSN-cgc, ECF No. 147

(W.D. Tenn. Feb. 9, 2023) ("While it may very well be that [the minors' grandparents] are

willing and able to protect the minors' interests in this matter, the extent of the potential conflict

at issue causes sufficient concern for the Court to find appointment of a guardian ad litem

necessary to ensure the adequate protection of the minors' interests."); *Williams v. City of Flint*,

No. 06-10427, 2008 WL 220626, at *1 (E.D. Mich. Jan. 25, 2008) ("[C]ourts recognize their

inherent power to appoint a guardian ad litem when it appears the minor's general representative

has interests that may conflict with the minor's interests." (citing *Hoffert v. Gen. Motors Corp.*,

656 F.2d 161, 164 (5th Cir. 1981))).  "This power fulfills the courts' obligation to protect the

interests of minors.  A federal court may enter orders or appoint such guardians as is necessary

for the protection of those interests."  *Williamson Cnty.*, 2016 WL 6071892, at *2 (citing Fed. R.

Civ. P. 17(c); *Noe v. True*, 507 F.2d 9, 11 (6th Cir. 1974)).  "The decision of whether or not to appoint a guardian ad litem is within the sound discretion of the trial court and will not be disturbed unless there has been an abuse of discretion." *Id.* (citing *Black v. Koch Transfer Co.*, 861 F.2d 719, 1988 WL 117155, at *2 (6th Cir. 1988) (unpublished table decision)).  "[I]f there is any question whether a minor's interests are adequately protected, those interests are best safeguarded by appointment of a guardian ad litem." *Id.* at *4.

## ANALYSIS

The City argues that a conflict of interest exists because Wells is pursuing claims in this case on behalf of both Minor Child and herself.  (ECF No. 177, at 4.)  In resisting appointment of a guardian ad litem, Wells focuses largely on uncontested premises:  that Wells was properly appointed administratrix of Nichols's estate, that she is authorized to bring claims on behalf of Minor Child, that she is diligently pursuing those claims, and that no evidence exists that Wells has acted in bad faith or has prejudiced Minor Child's claims in favor of her own.  (*See generally* ECF No. 181.)

The City does not disagree with any of those points.  The basis of the City's request is instead that, because Wells has asserted individual claims, any recovery on those claims "would be for her personal benefit and/or compensation, not for the benefit of the Minor Child."  (ECF No. 177, at 6.)  The City posits that, "[g]iven that the Plaintiff's public request for damages is more than $500 million, it is fair to assume that Ms. Wells['s] claims make up some number in the millions of those damages."  (*Id.* at 7.)  Thus, any decision-making as to apportionment of those damages between Wells and Minor Child—for example, in settlement negotiations— would place Wells in a financially conflicted position.

The issue before the Court is thus whether appointment of a guardian ad litem is necessary when an otherwise appropriate representative brings claims on behalf of the

represented party and on her own behalf as well, in the same lawsuit. *Williamson County* is particularly instructive. In that case, arising from an alleged rape at a detention center, the plaintiff, a juvenile, brought claims through his mother acting as his next friend, with his mother also asserting claims of her own. 2016 WL 6071892, at *1. In considering the potential conflict of interest between the plaintiff and his mother, the court found that, "[w]ithout expressing any opinion as to whether these damages will ultimately be recoverable, . . . Ms. Harris's interest in obtaining some kind of recompense for what is a very substantial personal loss to her creates a conflict between her interests and those of Plaintiff."[3] *Id.* at *2. The conflict arose because "Ms. Harris's own financial interests [could] make a potential settlement or other resolution of this case more difficult for J.H." *Id.* Thus, "[a]ppointment of a guardian ad litem will ensure that there is no question about whether J.H[.]'s interests, including his financial interests in the outcome of this case, are adequately protected." *Id.*

The logic of *Williamson County* applies equally in this case. No challenge has been brought to Wells's right or ability to assert claims on Minor Child's behalf. But the fact remains that the potential for conflict exists, particularly when considering the possibility of a global settlement paid by Defendants who do not have unlimited funds. In such a setting, where any dollar allocated to Wells could—may not, but could—be a dollar not allocated to Minor Child,

---

[3] Wells asserts that a guardian ad litem was appointed in *Williamson County* "because the minor *did not* have 'a duly appointed representative,' and was instead represented by an *unappointed party*—his mother acting on her own as his next friend." (ECF No. 181, at 11 (quoting *Williamson Cnty.*, 2016 WL 6071892, at *1–2).) To the contrary, the *Williamson County* court based its decision on the potential financial conflict between the plaintiff and his mother due to their concurrently asserted claims, not on the mother's appointment status. 2016 WL 6071892, at *2. The district court confirmed that conclusion in affirming the magistrate judge's order, finding that the representative "claimed damages personal to her and not recoverable by" the minor, which created a "potential conflict and financial interest in the outcome of this litigation" sufficient to justify appointment of a guardian ad litem. 2016 WL 7230506, at *2.

the interests of Wells and Minor Child are in conflict.[4]  Thus, just as in *Williamson County*, appointment of a guardian ad litem is necessary to ensure Minor Child's interests are fully represented and asserted.

Wells challenges that outcome on several bases.  First, she asserts that the City's request is premature because "there are no pending settlement discussions in this case" and thus no current conflict.[5]  (ECF No. 181, at 3.)  The City counters that "*significant settlement negotiations have* taken place" and that the mediation that occurred on February 9, 2024, "has not yet been closed by the mediator."  (ECF No. 194, at 2.)  It thus appears that settlement remains a live issue, and, in any event, there is a reasonable likelihood that settlement discussions will resume in the future.  Appointment of a guardian ad litem now will ensure that Minor Child's interests are best represented in any ongoing and future negotiations.

Relatedly, Wells asserts that the Court will be required to approve any settlement involving Minor Child's claims and will be in a position at that time to assess whether Minor Child's interests were adequately represented, without the necessity of a guardian ad litem. (ECF No. 181, at 4.)  Under that proposition, the Court could be called on to unravel the parties' negotiations, including their respective positions, discussions, and offers, to determine whether

---

[4] Wells asserts that "there are no significant assets in the Estate of Tyre Deandre Nichols or the Estate of the minor child.  At the time when there are assets, a limited guardian can be appointed to oversee the distribution . . . ."  (ECF No. 181, at 4.)  Though that proposal may eventually be necessary to ensure appropriate distribution of the estate's assets, it does nothing to address conflict-of-interest concerns arising from the potential recovery and division of funds in the future as between Wells and the estate.

[5] Wells also argues that the City's request is untimely because it has known about "any purported potential future conflict . . . for approximately a year but only now raises the issue before the Court."  (ECF No. 181, at 3.)  Regardless of when the City could have previously raised this issue, it is before the Court now.  Appointment of a guardian ad litem is dependent on the interests of Minor Child, not the City, and thus any untimeliness by the City is not a basis for denying relief to Minor Child.

Wells put the interests of Minor Child above her own in reaching the settlement.  That difficult, post hoc fact-finding and analysis would be avoided by appointment of a guardian ad litem now, as the guardian would ensure protection of Minor Child's interests throughout the settlement process.  As found in *Williamson County*, "appointment of a guardian ad litem now will avoid the potential of this issue arising later should there be a subsequent request for approval of a settlement."  2016 WL 6071892, at *2 n.7.  "The purpose of a guardian ad litem under Rule 17(c) is to assist the court in arriving at an outcome that is in the minor's best interests . . . ."  *Id.* at *3; *see also Williams*, 2008 WL 220626, at *1 (finding that, where the representative of minors also had a personal interest in the settlement, "the Court can't know that Plaintiff adequately protected the interests of these children," creating a potential conflict of interest that necessitated the appointment of a guardian ad litem).  The interests of Minor Child and judicial economy are best served by ex ante appointment of a guardian ad litem.

Wells also asserts that she is not in conflict with Minor Child's Mother and that, in fact, Minor Child's Mother has already waived any future potential conflict between Minor Child and Wells.  (ECF No. 181, at 5.)  As described by Wells in her response, however, Minor Child's Mother has elected to allow Wells to make decisions in the best interest of Minor Child.  And, as discussed above, Wells may soon be in a position that would require her to put the interests of Minor Child above her own.  Whether or not Wells would be able to do so, the potential for conflict exists and indeed is readily evident, necessitating appointment of a guardian ad litem.

Finally, Wells argues that appointment of a guardian ad litem would result in unnecessary expense and delay in this case, though she fails to specify the extent of the costs and disruption

she anticipates.[6]  Given the reasonable possibility of conflict and the large amount of damages potentially at issue, the Court finds any expense or delay resulting from the appointment of a guardian ad litem justified by the needs of the case and in the best interest of Minor Child.

## CONCLUSION

For the reasons set forth above, the City's Motion for the Appointment of Guardian ad Litem is GRANTED.  The parties are to consult regarding potential guardian ad litem candidates and are directed to file a notice by August 16, 2024, identifying any agreed-upon candidates or, if no agreement is reached, up to three candidates proposed by Wells and up to three candidates proposed by Defendants.  For any candidate identified, the parties shall also summarize the candidate's qualifications to serve as a guardian ad litem in this case.

SO ORDERED this 2nd day of August, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

---

[6] Wells also argues, without explanation, that the City is seeking to manufacture a conflict to further its own interests.  (ECF No. 181, at 13.)  Again, the Court considers whether appointment of a guardian ad litem is in the best interest of Minor Child, not the City.