# Exhibit B

**Alexis Johnson**

| | |
|---|---|
| **From:** | Joshua Levin |
| **Sent:** | Tuesday, September 24, 2024 1:49 PM |
| **To:** | McMullen, Bruce; Sarah Raisch; Antonio Romanucci |
| **Cc:** | Silk, Jennie |
| **Subject:** | RE: Volker and Morgan Jackson  Depositions & Phone records |

Our motion will be filed before then. We are not withdrawing our objections.

---

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Tuesday, September 24, 2024 1:45 PM
**To:** Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Joshua Levin <JLevin@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>
**Subject:** RE: Volker and Morgan Jackson Depositions & Phone records

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

If no motion is filed by Friday end of the business day, we will assume you are withdrawing your objection?

**Bruce A. McMullen**

Shareholder
Direct Dial:  901.577.2356

> **From:** Sarah Raisch <sraisch@rblaw.net>
> **Sent:** Tuesday, September 24, 2024 1:36 PM
> **To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; Joshua Levin <JLevin@rblaw.net>
> **Cc:** Silk, Jennie <jsilk@bakerdonelson.com>
> **Subject:** RE: Volker and Morgan Jackson Depositions & Phone records
>
> Hi Bruce,
>
> Thank you for rescheduling Ms. Jackson's deposition in light of Mr. Crump's brother's funeral. I have reached out to him to confirm his availability the week of November 11 and for Mr. and Mrs. Wells' availability to be deposed. I will get back to you ASAP. I request that you extend the same courtesy to us as we have to you, in waiting issue notices until I confirm that our team can actually attend on November 12, 13, and 14.
>
> Concerning the subpoenas, we strongly disagree with your assessment btu it is not productive to continue to discuss over email. As stated previously, we are filing a motion with the Court imminently. Thank you for confirming that you will not be reviewing the records to enable us to file the motion, the City should continue to refrain from reviewing the documents until the Court has ruled on our impending motion.

Thank you,
Sarah



**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Tuesday, September 24, 2024 1:11 PM
**To:** Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Joshua Levin <JLevin@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>
**Subject:** RE: Volker and Morgan Jackson Depositions & Phone records

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Tony, Sarah, and Josh,

We are sorry for Mr. Crump's loss, and if it is necessary for him to participate in the deposition, we understand and will reschedule Ms. Jackson's deposition.

In any event, it makes no sense for us to travel to the west coast twice, which would mean 4 full days of travel instead of 2, and double the expense. In light of this, we will move the depositions of Ms. Jackson and the Volkers. The soonest week we have available to reschedule is the week of November 11. We will issue notices today for Morgan Jackson November 12, and the Volkers on November 13-14.  Please confirm that you and Mr. Crump will clear your calendars for that week, or we will be forced to get the court involved.

Regarding the phone records, we noted in our email of September 16 the possibility that Verizon and/or T-Mobile might still decline to produce the call logs, and that was the impetus for submitting RFPs for the phone records. Now that T-Mobile has provided the phone records, there is no reason to issue those RFPs. We also asked you to provide Sixth Circuit authority regarding the SCA, but you never did. We must

assume that T-Mobile is aware of its obligations under the SCA, so your objection on that ground is baseless.

Your other objections are also baseless. The documents are relevant to the issues we discussed in our meet and confer. We are entitled to discover information about Mr. Nichols' life, and his phone records are just a small yet important piece of that. Your objection on the bases of burden and proportionality have absolutely no merit. You literally had to do nothing for these records to be produced. We issued a subpoena, and quickly obtained the records. What burden did you suffer? It took us fifteen minutes of effort to obtain these records. Are you serious about proportionality, or was that just a form objection? If there is any cost associated with the production of these relevant phone records, we will bear it. Finally, discovery of phone records is not harassment-- it is routine discovery, and the fact that you are objecting so vehemently to the production of something so routine and harmless speaks volumes.

As a courtesy to you, we have not reviewed the call records. However, we will not destroy the records, nor will we produce the records to you or anyone else until you have had an opportunity to file what you think is the appropriate motion with the c Court. If you don't file a motion by the end of this week, we will assume that you are withdrawing your baseless objections, and we will review, and provide the documents as the Rules require for review to all the parties, the documents.

With respect to your request that we produce the documents to you only, I am sure you understand that Local Rule 26.1(c) requires that we produce the documents to "each party to the action." If we produce the documents to you, then we must produce them to all the parties under the Local Rule. Given your position that the documents should not be produced to the City, it is nonsensical to suggest that all the parties (but the City) should have the documents.

Finally, we will not be withdrawing our subpoenas from Meta and Snap. Meta and Snap have confirmed that they are not producing documents responsive to the subpoenas. That is all that is required at present.

Please confirm the week of November 11 immediately. We also need to schedule Ms. Wells and Mr. Wells, as well as a date to reopen the deposition of Marco Ross, in light of his review of "the toxicology results… that affect[ed] [his] previous interpretation  of the ethanol results" in his first deposition.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

**From:** Sarah Raisch <sraisch@rblaw.net>
**Sent:** Monday, September 23, 2024 4:37 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; Joshua Levin <JLevin@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>
**Subject:** RE: Volker and Morgan Jackson Depositions & Phone records

Hi Bruce,

Whether Ben has attended previous depositions has nothing to do with him attending future depositions. And, the City has not actually had any depositions to date. Ben Crump is one of two lead counsel on this case, and he has always planned to attend Morgan Jackson's deposition. Because Ben was going to attend Ms. Jackson's deposition, and cleared his calendar to do so, Tony was *not* planning to attend depositions that week as a result of multiple scheduling conflicts. However, since you are unwilling to move these depositions entirely, Tony is re-arranging his schedule and I am making space in mine so that one of us can attend in person in Sacramento on Wednesday, Oct. 3 and in Eureka on Thursday, Oct. 4. However, no one can attend on Tuesday Oct. 1, most critically Ben. **Please reschedule Morgan Jackson's Oct. 1 deposition in light of Ben's brother passing away.**

As far as the subpoenaed phone records, we stand on our objections to these subpoenas on all grounds that we have previously raised, including relevance, proportionality, undue burden, harassment, and violation of the Stored Communications Act ("SCA"). We have raised these objections in our meet and confers and in writing on multiple occasions, and have never withdrawn them. The reason we had not yet filed a motion for protective order regarding the subpoenaed phone records is that we were relying on the City's representation on September 16 that the City would be issuing RFPs to Ms. Wells for the subpoenaed cell phone records, and the City specifically requested that the parties tee up our respective motions (our motion for protective order as to the subpoenas and your motion to compel as to the RFPs) "at one time" in the interest of efficiency. On September 17, we responded that we are open to discussing how to present the subpoena/RFP disputes to the Court in the most efficient manner, yet as of today, the City still has not propounded those RFPs. Therefore, to protect our client's rights—particularly now that we know T-Mobile has produced phone records—we will be filing a motion imminently.

Under Local Rule 26.1(c), the City is required to provide us a copy of any documents produced pursuant to the City's subpoenas. **Please immediately provide us with all documents produced to date in response to any of the City's subpoenas.** With respect to the T-Mobile production that you received, because the City's subpoenas to the cell phone providers violate the scope of discovery under Rule 26 and the SCA, we demand that you do not review those documents and that you destroy them after providing the copy to us. **Please confirm in writing that you have not reviewed these documents and that you have destroyed them.**

Lastly, I am reiterating our prior requests that the City send a letter to Snap and Meta withdrawing the City's subpoenas and provide a copy of that correspondence to us. **Please do so immediately.** We made this request in our September 12 and 17 emails and have received no response.

Thank you,
Sarah

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Monday, September 23, 2024 1:44 PM
**To:** Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>
**Subject:** Volker and Morgan Jackson Depositions & Phone records

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Toney, Sarah & Joshua,

We are sorry to hear about the passing of Ben's brother. Please send our condolences. Unfortunately, we have gone to great expense and effort to schedule these depositions on the West Coast. As we are sure you understand, it takes an almost herculean effort to move an entire week of scheduling to a different week. While we are sensitive to Ben's personal situation, he has not been present at one deposition in this case, either in person or virtual. Frankly, his participation has never even been contemplated since we began depositions. There is no reason why these depositions cannot proceed without him, as every other deposition in this case has done. As for Tony's conflict, we cannot agree to moving the depositions for an unspecified "conflict." Keep in mind we conferred on these dates and issued subpoenas on August 30.  Cancelling the depositions a few days prior is unacceptable unless there is a legitimate unforeseen conflict from the active participants in the litigation. Tony needs to be specific about his conflict in order for us to  reevaluate our opposition.

On another note we  received an email containing the subpoenaed phone records from T-Mobile on Friday. We have not reviewed the records substantively yet. We wanted to let you know that we received them as soon as practicable because you stated on September 12 that you would be filing a motion to prevent the production of these documents. That motion was not filed, and the records have been produced.  I have not personally looked at the records yet, but an associate opened the email and advised of the accompanying explanatory documents that revealed that T-Mobile only has a two-year retention policy for records. Thus, it seems that the records that

5

have been produced only go back to September 2022, which is an even narrower time frame than we proposed.

Since you have not filed any Motions (protective order or to Quash) related to these documents nor communicated with the subpoenaed party noting your objections, we assume you are not opposing the production and we will proceed with our review of the documents.

**Bruce A. McMullen**
Managing Shareholder

Baker, Donelson, Bearman, Caldwell & Berkowitz
First Tennessee Building
165 Madison Avenue - Suite 2000
Memphis, TN 38103
Direct Dial: 901.577.2356
Direct Fax: 901.577.4262
Email: bmcmullen@bakerdonelson.com
Firm Website: www.bakerdonelson.com

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.