# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY ) <br> AND AS ADMINISTRATRIX OF THE ) <br> ESTATE OF TYRE DEANDRE NICHOLS, ) <br> DECEASED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF MEMPHIS, A MUNICIPALITY; ) <br> CHIEF CERELYN DAVIS, IN HER OFFICIAL ) <br> CAPACITY; EMMITT MARTIN III, IN HIS ) <br> INDIVIDUAL CAPACITY; DEMETRIUS ) <br> HALEY, IN HIS INDIVIDUAL CAPACITY; ) <br> JUSTIN SMITH, IN HIS INDIVIDUAL ) <br> CAPACITY; DESMOND MILL, JR. IN HIS ) <br> INDIVIDUAL CAPACITY; TADARRIUS ) <br> BEAN, IN HIS INDIVIDUAL CAPACITY; ) <br> PRESTON HEMPHILL, IN HIS INDIVIDUAL ) <br> CAPACITY; ROBERT LONG, IN HIS ) <br> INDIVIDUAL CAPACITY; JAMICHAEL ) <br> SANDRIDGE, IN HIS INDIVIDUAL ) <br> CAPACITY; MICHELLE WHITAKER, IN HER ) <br> INDIVIDUAL CAPACITY; DEWAYNE ) <br> SMITH, IN HIS INDIVIDUAL CAPACITY ) <br> AND AS AGENT OF THE CITY OF ) <br> MEMPHIS, ) <br> ) <br> Defendants. ) | CASE NO. 2:23-CV-02224 <br> JURY DEMAND |

**RESPONSESE OF PLAINTIFF ROWVAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX AD LITEM OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, DEFENDANT CITY OF MEMPHIS' FIRST SET OF INTERROGATORIES**

**COMES NOW** Plaintiff RowVaughn Wells Individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols ("Plaintiff"), by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and propounds the following responses to Defendant City of Memphis' First

Set of Interrogatories:

**INTERROGATORY NO. 1:** Identify all persons known or believed by You to possess information related to the matters set forth in the Complaint, including in Your answer the subject matter of such information.

**RESPONSE: Please see Plaintiff's Initial and Supplemental Rule 26(a)(1) Disclosures. Discovery continues, plaintiff will seasonally supplement.**

**INTERROGATORY NO. 2:** Identify any witness or potential witness whom You, or someone on Your behalf, has interviewed or obtained a statement from with respect to the allegations set forth in the Complaint, including in Your answer the identity of who was present during such communication(s).

**RESPONSE: Objection. The terms "interviewed" and "statement" are overbroad and render this request unduly burdensome. The incident at issue involved the death of Plaintiff's son, a significant life event that was the subject of conversation amongst Ms. Wells and her loved ones. To the extent this interrogatory seeks to identify every individual Ms. Wells has ever spoken to about the death of her son in the past year, such would be unduly burdensome and overbroad. Subject to and without waiving, Plaintiff's agents have spoken with individuals knowledgeable about the facts and circumstances of Tyre Nichols' death, including Jennifer Roberts, agents of the Tennessee Bureau of Investigation, agents of the Shelby County District Attorney's Office, and agents of the Federal Bureau of Investigation. No formal, written statements have been obtained.**

**INTERROGATORY NO. 3:** Please list all addresses Mr. Nichols occupied in the ten (10) years prior to January 2023, including the length of time at each residence and the name of any individuals living in the same residence with Mr. Nichols during the same period.

**RESPONSE:**
**2020 – 1/10/2023: Mr. Nichols resided with his mother RowVaughn Wells and stepfather Rodney Wells at**
**6743 Castlegate Lane**
**Memphis, TN**

**2015 – 2020: Mr. Nichols resided at various addresses in or around Sacramento, CA including 5650 Garfield Avenue, Unit 2 with his sister Keyana Dixon.**

**2013-2015: Mr. Nichols resided with his mother RowVaughn Wells at**
**6405 Mariah Run Unit 112**
**Memphis, TN**

**INTERROGATORY NO. 4:** Identify all health care providers of any kind, including, but not limited to, hospitals, clinics, rehabilitation/recovery facilities (whether in- patient or out-patient), doctors, chiropractors, mental health professionals, or other health care providers that Mr. Nichols

saw in the past ten (10), including but not limited to, any individual/provider seen for injuries allegedly related to the subject incident, and provide a brief description of the treatment received from each provider and the approximate dates of treatment.

**RESPONSE: This request exceeds the scope of relevant information to which Defendants are entitled. Mr. Nichols' mental health has not been put at issue, nor was it known to any Defendant at the time of the use of force, so his mental health history and/or treatment would not be relevant. Subject thereto and without waiving, Plaintiff responds that she does not have information concerning the identity of Mr. Nichols' healthcare providers for the last 10 years.**

**INTERROGATORY NO. 5:** Identify all Your and Mr. Nichols's employers, or if self-employed, Mr. Nichols's businesses, within the ten (10) years prior to January 2023. For each employer, please indicate dates of employment, wage/salary information, reason for terminating each employment, and Mr. Nichols's job duties.

**RESPONSE: Objection. This request for ten years of employment history for Plaintiff exceeds the scope of relevant information to which Defendants are entitled. There is no need to conduct discovery into Plaintiff's past employment history. Subject to and without waiving, Plaintiff responds as follows: Plaintiff was employed at First Horizon Bank in Memphis, TN for the entire 10 years prior to Mr. Nichols death, and to the best of Plaintiff's knowledge Mr. Nichols' employment history is as follows:**

**2023
FedEx – shipping & receiving
Memphis, TN**

**2020
Sprint/TMobile
Memphis, TN**

**2013
Sprint/TMobile/Verizon
Memphis, TN**

**INTERROGATORY NO. 6:** Describe Your and Mr. Nichols' educational background, including the name and locale of all schools and trade or professional institutions attended, the dates of attendance at each, and any degrees, certificates, or licenses awarded.

**RESPONSE: Objection. This request exceeds the scope of relevant information to which Defendants are entitled. There is no need to conduct discovery into Plaintiff's educational history. Subject to and without waiving, Plaintiff responds as follows concerning Mr. Nichols' educational history: Mr. Nichols attended the Art Institute of California (Sacramento). Plaintiff is gathering materials relating to Mr. Nichols' educational history and will seasonably supplement.**

**INTERROGATORY NO. 7:** Please identify all social media websites that You and Mr. Nichols have used or maintained at any time within the last ten (10) years. This includes, but is not limited to, Facebook, LinkedIn, Twitter, Instagram, Tik Tok, SnapChat, X, or any other similar social media applications. Please identify the "url" for any such pages, as well as the username and password for each account.

> **RESPONSE:**
> **Facebook**
> RowVaughn Wells: https://www.facebook.com/Drknlovely61
> Tyre Nichols: https://www.facebook.com/deandre.nichols.71
>
> **Instagram**
> @tnicholsphotography
> @lone.wolfee

**INTERROGATORY NO. 8:** State whether You and/or Mr. Nichols had ever been a plaintiff, defendant, claimant, or witness in any other litigation or claim, civil or criminal (including but not limited to traffic, DUI, bankruptcy, divorce, or child custody) in the last ten (10) years, and include the approximate date, place, court, nature of the lawsuit, docket number, names of parties and attorneys involved, and disposition of each suit or claim.

> **RESPONSE: Objection. This request exceeds the scope of relevant information to which Defendants are entitled. Any statements by Ms. Wells or Mr. Nichols in a previous proceeding would not be related to the issues attendant to this case. No officer was aware of Mr. Nichols' identity, much less his criminal history, at the time of the constitutional violation, so it would not be relevant to the analysis of whether their conduct was objectively reasonable. Further, any unrelated lawsuits brought by a party are generally not relevant or discoverable. See *Steeg v. Vilsack*, No. 5:13-CV-00086-TBR, 2016 WL 6465814 at \*2(W.D. Ky. Oct. 28, 2016).**

**INTERROGATORY NO. 9:** Please list by state, county, and date the circumstances and facts surrounding any arrest (including but not limited to traffic violations) of You or Mr. Nichols by any law enforcement official, whether or not charges were ultimately placed against You or Mr. Nichols, for the last ten (10) years. Include the date and nature of the charge, place of arrest, felony or misdemeanor, conviction, guilty plea or nolo contender, and the fine, jail term or punishment of any type which was assessed against You or Mr. Nichols as a result thereof.

> **RESPONSE: Objection. This request exceeds the scope of relevant information to which Defendants are entitled. Interaction with law enforcement is only admissible insofar is it arises to a felony within the last ten years. Fed. R. Evid. 609. Otherwise, it is impermissible character evidence. Plaintiff recognizes that any prior interactions with City of Memphis personnel would be relevant to this matter, but information regarding those interactions would be equally available to the City of Memphis. Accordingly, Plaintiff cannot fathom any relevant purpose for evidence of an arrest of Mr. Nichols or Ms. Wells that would render it discoverable.**

**INTERROGATORY NO. 10:** Please identify all email addresses or accounts, cell phones, cell phone numbers, and personal computers used by You or Mr. Nichols in the last ten years.

**RESPONSE: Objection.** This request exceeds the scope of relevant information to which Defendants are entitled. Plaintiff can conceive of no reason why ten-years-worth of her own or her late son's cell phone records would be relevant to the reasonability of Defendants uses of force or any other claim in this matter. Subject to and without waiving, Plaintiff produces Ms. Wells' and Mr. Nichols' most recent email addresses and cell phone numbers:

**RowVaughn Wells:  Mswells61@yahoo.com;  (901) 319 -8908
Tyre Nichols: Tyrenichols23@yahoo.com; (916) 969-5800**

**INTERROGATORY NO. 11:** Please identify and describe in detail any oral or written communications You have had with any employee, agent, and/or representative of the City of Memphis concerning or relating to the facts alleged in the Complaint, claimed damages, allegations of civil rights violations, or any other matter related to the issues raised in Your lawsuit, and state the following:

   a. The date of the communication(s);

   b. The substance of the communication(s);

   c. The individual(s) involved in the communication(s); and

   d. Whether the communication(s) were oral or written.

**RESPONSE:** Information concerning any such communication are equally available to plaintiff and defendant. See *Corp. Servs. v. Shumaker*, No. 5:07-CV-00024-R, 2012 WL 13026981, at *1 (W.D. Ky. Mar. 28, 2012) (where "information is readily available to [a party ] by propounding subpoenas [ ] or by reviewing their own files, rather than requesting action by Plaintiff[,]" the records cannot be compelled from the responding party.").

**INTERROGATORY NO. 12:** Identify all documents, statements, and/or conversations that You contend constitute an admission against interest by the City of Memphis (or any of its current or former employees, agents, or representatives) concerning any of the allegations and/or claims in Your Complaint.

**RESPONSE: Objection.** This request is unduly burdensome, premature, seeks a legal conclusion, and seeks attorney work product. Defendant has produced thousands of documents in which there may be statements by the city that may potentially be labelled "admissions against interest." To require Plaintiff to identify every admission against interest at this early stage of litigation, when not a single deposition has occurred, would be unduly burdensome. Further, whether a piece of evidence is an admission against interest All such documents, statements, or information concerning conversations with the City of Memphis are equally available to plaintiff and defendant. Finally, to the extent this request is a contention interrogatory, such is premature at this stage of discovery.

**INTERROGATORY NO. 13:** Identify all injuries claimed by You individually as a result of the allegations in the Complaint, by describing the nature of the alleged injury, how the injury occurred, and who, if any person, caused the alleged injury.

**RESPONSE: Plaintiff has provided medical records associated with Mr. Nichols' death that will support a portion of Plaintiff's claims for damages (*see* Wells Initial Production 000001-000146), but the total damages in this matter will be left for a jury to decide.**

**NTERROGATORY NO. 14:** Identify all injuries claimed by You as Administratrix of the Estate of Mr. Nichols as a result of the allegations in the Complaint, by describing the nature of the alleged injury, how the injury occurred, and who, if any person, caused the alleged injury.

**RESPONSE: As a result of the vicious conduct of the City of Memphis and its agents / employees, Plaintiff has suffered significant emotional distress and toll on her mental health. Plaintiff tragically, suddenly, and inexplicably lost the life of her son, who she spent time with on a daily basis, at the hands of the City of Memphis and continues to suffer the consequences of that loss.**

**Discovery continues. Plaintiff will supplement. Plaintiff will describe her own damages upon the solicitation of her testimony. Nothing in this paragraph should be construed as a complete description of damages sought in this matter.**

**INTERROGATORY NO. 15:** Describe the circumstances that resulted in Mr. Nichols relocating to Memphis, Tennessee without his son, as referenced in Paragraph 41 of the Complaint.

**RESPONSE: Objection. This request exceeds the scope of relevant information to which Defendants are entitled. Subject to and without waiving, Plaintiff responds as follows: Tyre Nichols moved to Memphis, Tennessee in 2020 to spend time with his mother and to pursue additional employment opportunities to provide future financial support for his son. He did not bring his son with him because his son primarily resided with his mother. Mr. Nichols obtained stable and promising employment, and stayed through the COVID-19 pandemic until his death on January 10, 2023.**

**INTERROGATORY NO. 16:** Identify all persons known or believed by You to possess information related to the circumstances leading to Mr. Nichols's relocation to Memphis, including the mother of Mr. Nichols's son, as referenced in Paragraph 41 of the Complaint, including in Your answer the following:
   a. name, address(es), and telephone number(s) for each person identified;
   b. the person's relationship to You and/or Mr. Nichols; and
   c. the substance of such information possessed.

**RESPONSE:**

**1. Keyana Dixon (Tyre Nichols' sister)- contact information available through Plaintiff's**

   **counsel.**

2. **Michael Cutrer (Tyre Nichols' brother)- contact information available through Plaintiff's counsel.**

3. **Lenge Dupree (Tyre Nichols' brother)- contact information available through Plaintiff's counsel.**

4. **The mother of Tyre Nichols' son may be contacted through Plaintiff's counsel, and will be made available for deposition as previously offered by Plaintiff's.**

**INTERROGATORY NO. 17:** Identify all persons who have ever resided with Mr. Nichols's son, as referenced in Paragraph 41 of the Complaint.

   **RESPONSE: Objection. This request exceeds the scope of relevant information to which Defendants are entitled.**

**INTERROGATORY NO. 18:** Identify all government agencies to whom You have made complaints or otherwise reported the allegations in the Complaint to, including but not limited to the Memphis Police Department, Shelby County District Attorney's Office, Tennessee Attorney General's Office, United States Attorney's Office, the Federal Bureau of Investigation, and the United States Department of Justice.

   **RESPONSE: Plaintiff has reported the allegations to The Tennessee Bureau of Investigations.**

**INTERROGATORY NO. 19:** Identify all public records requests made by You or by anyone on Your behalf, pursuant to the Freedom of Information Act or Tennessee's Public Records Act and any responses thereto, concerning Your claims in this litigation.

   **RESPONSE: Plaintiff's counsel has made Freedom of Information Act / Tennessee Public Records Act requests to the Memphis Police Department, Memphis Fire Department, and City of Memphis.**


**INTERROGATORY NO. 20:** Identify all damages You claim individually and as Administratrix of the Estate of Mr. Nichols. Include all past, present, and future medical, economic, and any and all other damages You contend You and Mr. Nichols suffered as a result of the incident giving rise to the lawsuit.

   **RESPONSE: Plaintiff claims damages in an amount that is continually being calculated on behalf of the Estate of Tyre Nichols, and on behalf of Plaintiff RowVaughn Wells as a result of the wrongful death of Decedent Nichols at the hands of the defendants. These damages include but are not limited to:**

1. **Past necessary medical expenses: Medical bills for Decedent Nichols' medical care at St. Francis Hospital between January 7, 2023 – January 10, 2023, currently totals $255,157. See Wells_000288 - 000294. Plaintiff will supplement this response, including during deposition, as the costs of those medical expenses are continually gathered.**

2. **Exemplary / punitive damages:** As a result of the reprehensibility of the individual Defendants' misconduct, Plaintiff seeks exemplary, or punitive, damages to punish those individual Defendants and to deter future misconduct. The quantification of such damages will be left to a jury to determine.

3. **Compensatory Damages – Economic:** Plaintiff has suffered economic damages, including but not limited to, medical expenses, the past and future loss of income, and attorneys' fees and costs. Investigation continues and Plaintiff will supplement upon receipt of any records and/or bills. The quantification of such damages will be left to a jury to determine.

4. **Compensatory Damages – Non-Economic:** Plaintiff has suffered non-economic damages, including but not limited to: (a) mental and emotional distress; (b) psychological pain and suffering; (c) physical pain and suffering; (d) grief; and (e) the violation of constitutional rights. Theses damages are difficult to quantify and investigation continues. The quantification of such damages will be left to a jury to determine.

**Plaintiff reserves the right to reasonably supplement this response, including during deposition.**

Dated:  May 14, 2024                   Respectfully Submitted,

/s/ Sarah Raisch_____
**ROMANUCCI & BLANDIN, LLC**
Antonio Romanucci (*pro hac vice*)
(Illinois ARDC No. 6190290)
Bhavani Raveendran (*pro hac vice*)
(Illinois ARDC No. 6309968)
Sarah Raisch (*pro hac vice*)
(Illinois ARDC No. 6305374)
Sam Harton (*pro hac vice*)
Javier Rodriguez (*pro hac vice*)
321 North Clark St., Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: aromanucci@rblaw.net
Email: b.raveendran@rblaw.net
Email: sraisch@rblaw.net
Email: sharton@rblaw.net
Email: jrodriguez@rblaw.net

**MENDELSON LAW FIRM**
David Mendelson
(Tennessee Bar No. 016812)
Benjamin Wachtel

(Tennessee Bar No. 037986)
799 Estate Place
Memphis, Tennessee 38187
Tel: (901) 763-2500 ext. 103
Fax: (901) 763-2525
Email: dm@mendelsonfirm.com
Email: bwachtel@mendelsonfirm.com

**BEN CRUMP LAW**
Ben Crump (*pro hac vice pending*)
(Washington, D.C. Bar No. 1552623)
(Tennessee Bar No. 038054)
Chris O'Neal (*pro hac vice pending)*
(Florida Bar No. 910201)
Brooke Cluse
(Texas Bar No. 24123034)
717 D Street N.W., Suite 310
Washington, D.C. 20004
Email: ben@bencrump.com
Email: chris@bencrump.com
Email: brooke@bencrump.com

**COUNCIL & ASSOCIATES, LLC**
Lashonda Council Rogers
(Georgia Bar No. 190276)
50 Hunt Plaza, SE Suite 740
Atlanta, Georgia 30303
Tel: (404) 526-8857
Fax: (404) 478-8423
Email: lrogers@thecouncilfirm.com

**EARNESTINE HUNT DORSE**
Earnestine Hunt Dorse
(Tennessee Bar No. 012126)
3268 N Waynoka Circle
Memphis, Tennessee 38111-3616
Tel: (901) 604-8866
Email: ehdorse@gmail.com

## **CERTIFICATE OF SERVICE**

      I, Sarah M. Raisch, hereby certify that on May 14, 2024, I served all Counsel of Record listed on the ECF System for this action via email.

*s/ Sarah M. Raisch*
Sarah M. Raisch

**VERIFICATION FOR PLAINTIFF'S RESPONSES TO DEFENDANT MICHELLE WHITAKER'S REQUESTS FOR PRODUCTION AND INTERROGATORIES**

I, RowVaughn Wells, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the answers contained in the Responses and Objections to Defendant City of Memphis's First Set of Requests for Production and Interrogatories dated May 14, 2024, are true and correct in substance and in fact to the best of my belief and knowledge.

DocuSigned by:

*RowVaughn Wells*

1BAB8A4316CE422...