# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY ) <br> AND AS ADMINISTRATRIX OF THE ) <br> ESTATE OF TYRE DEANDRE NICHOLS, ) <br> DECEASED, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF MEMPHIS, A MUNICIPALITY; ) <br> CHIEF CERELYN DAVIS, IN HER OFFICIAL ) <br> CAPACITY; EMMITT MARTIN III, IN HIS ) <br> INDIVIDUAL CAPACITY; DEMETRIUS ) <br> HALEY, IN HIS INDIVIDUAL CAPACITY; ) <br> JUSTIN SMITH, IN HIS INDIVIDUAL ) <br> CAPACITY; DESMOND MILL, JR. IN HIS ) <br> INDIVIDUAL CAPACITY; TADARRIUS ) <br> BEAN, IN HIS INDIVIDUAL CAPACITY; ) <br> PRESTON HEMPHILL, IN HIS INDIVIDUAL ) <br> CAPACITY; ROBERT LONG, IN HIS ) <br> INDIVIDUAL CAPACITY; JAMICHAEL ) <br> SANDRIDGE, IN HIS INDIVIDUAL ) <br> CAPACITY; MICHELLE WHITAKER, IN HER ) <br> INDIVIDUAL CAPACITY; DEWAYNE ) <br> SMITH, IN HIS INDIVIDUAL CAPACITY ) <br> AND AS AGENT OF THE CITY OF ) <br> MEMPHIS, ) <br> ) <br>     Defendants. ) | CASE NO. 2:23-CV-02224 <br> JURY DEMAND |

**RESPONSESE OF PLAINTIFF ROWVAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX AD LITEM OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, TO DEFENDANT CITY OF MEMPHIS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

**COMES NOW** Plaintiff RowVaughn Wells Individually and as Administratrix Ad Litem

of the Estate of Tyre Deandre Nichols ("Plaintiff"), by and through her attorneys, ROMANUCCI

& BLANDIN, LLC, and propounds the following responses to Defendant City of Memphis' First Set of Requests for Production of Documents and Tangible Things:

**REQUEST NO. 1:** Produce any and all written statements, recordings of statements, notes of statements, and the like of any person that contain any information about facts or matters in any way relating to the allegations in the Complaint, including, but not limited to, City of Memphis's employees, agents, and/or representatives.

**RESPONSE: Objection. This request is overly broad, unduly burdensome, and seeks information pertaining to third parties not parties to this action. To the extent that such information is contained in discovery produced to or by Defendant City of Memphis, it is equally available to plaintiff and defendant. Subject to and without waiving, Plaintiff refers Defendant to all discovery produced in this matter. Investigation continues. Plaintiff will seasonably supplement.**

**REQUEST NO. 2:** Produce all statements, signed or unsigned, recorded electronically or otherwise, prepared by You, or any other person relating to Your allegations in the Complaint.

**RESPONSE: Objection. The term "statements" is overbroad and renders this request unduly burdensome. The incident at issue involved the death of Plaintiff's son, a significant life event that was the subject of conversation amongst Ms. Wells and her loved ones. To the extent this request seeks to identify every individual Ms. Wells has ever spoken to about the death of her son in the past year, such would be unduly burdensome and overbroad. To the extent that such information is contained in discovery produced to or by Defendant City of Memphis, or is publicly available, it is equally available to plaintiff and defendant. Plaintiff will seasonally supplement as additional documents are obtained.**

**REQUEST NO. 3:** Produce all documents reflecting or relating in any way to communications You (or Your representatives, agents, or attorneys) had with any other person that relate to this lawsuit.

**RESPONSE: Objection. The term "communications" is overbroad and renders this request unduly burdensome. The incident at issue involved the death of Plaintiff's son, a significant life event that was the subject of conversation amongst Ms. Wells and her loved ones. To the extent this request seeks to identify every individual Ms. Wells has ever spoken to about the death of her son in the past year, such would be unduly burdensome and overbroad. Subject to and without waiving, Plaintiff's agents have spoken with individuals knowledgeable about the facts and circumstances of Tyre Nichols' death, including Jennifer Roberts, agents of the Tennessee Bureau of Investigation, agents of the Shelby County District Attorney's Office, and agents of the Federal Bureau of Investigation. No formal, written statements have been obtained.**

**REQUEST NO. 4:** Produce all calendars, diaries, personal notes, or similar documents or writings

of any kind that contain or convey any information about facts or matters relating to any allegations in the Complaint.

> **RESPONSE: Objection. This request for "writings of any kind that contain or convey any information about facts or matters relating to any allegations in the Complaint" is overbroad and renders this request unduly burdensome. The death of Tyre Nichols was a highly publicized occurrence of which a broad span of the public discussed and wrote about. To the extent this request calls for writings and other documents created by third parties, such would be irrelevant and much would be equally accessible to all parties. Accordingly, Plaintiff construes this vague and overbroad request in its most reasonable construction, which would be requesting such documentation created by the Plaintiff and her representatives. Subject to and without waiving her objections, Plaintiff responds that she does not have any diaries, journal entries, or personal notes pertaining to allegations of the Complaint.**

**REQUEST NO. 5:** Produce all cell phone records, emails, computer files, text messages, picture messages, or any other electronic documents of any kind whatsoever that are related to any allegations in the Complaint.

> **RESPONSE: As Defendant City of Memphis is aware, the parties are engaging in a cell-phone imaging and electronically stored information protocol. Plaintiff will participate in that protocol with respect to relevant records / electronic documents, and will seasonally supplement as additional documents are obtained.**

**REQUEST NO. 6:** Produce a forensic image of Mr. Nichols's mobile phones and any other electronic devices including but not limited to laptop computers, desktop computers, and/or tablets.

> **RESPONSE: As Defendant City of Memphis is aware, the parties are engaging in a cell-phone imaging protocol. Tyre Nichols' cell phone is not in possession of Plaintiff. Plaintiff will participate in the electronic imaging protocol set by the parties and will seasonally supplement as additional documents or information are obtained.**

**REQUEST NO. 7:** Produce all Your communications with Morgan Jackson (aka Morgan Ellison) regarding anything related to Mr. Nichols, including but not limited to his estate, this litigation, or his son, as referenced in Paragraph 41 of the Complaint.

> **RESPONSE: Objection. This request calls for material subject to attorney client-privilege.**

**REQUEST NO. 8:** Produce all your communications with Kris Volker, Lori Volker, Brandon Volker, Marvin Volker, or any other member of the Volker family regarding anything related to Mr. Nichols, his estate, this litigation, or his son, as referenced in Paragraph 41 of the Complaint.

> **RESPONSE:** *See* **Wells_004375 – 004408.**

**REQUEST NO. 9:**   Produce copies of all Your social media postings and messages, including

but not limited to Facebook, LinkedIn, SnapChat, Instagram, TikTok, Twitter, etc. that are related to this lawsuit, including but not limited to postings and messages regarding Mr. Nichols and/or the Scorpion Unit officers, the facts alleged in the Complaint, Your claimed damages, allegations of civil rights violations, excessive force, or any other matter related to the issues raised in this lawsuit.

**RESPONSE:** *See* **Wells__004444-004445.**

**REQUEST NO. 10:** Produce copies of all social media postings by and messages between You, Mr. Nichols, and/or anyone connected to You or Mr. Nichols, including but not limited to Facebook, LinkedIn, SnapChat, Instagram, TikTok, Twitter, etc. that are related to the Mr. Nichols' son referenced in Paragraph 41 of the Complaint, including but not limited to postings and messages regarding the identities of the child's biological, adoptive, or step-parents.

**RESPONSE: Plaintiff is not aware of the existence of any responsive records at this time. Investigation continues and Plaintiff reserves the right to seasonably supplement.**

**REQUEST NO. 11:** Produce copies of all documents, communications, and records related to the birth of Mr. Nichols' son referenced in Paragraph 41 of the Complaint, including but not limited to, the birth certificate, hospital records, birth announcements, social media postings and messages, text messages, and audio or video recordings.

**RESPONSE:** *See* **Wells_003402 (*for attorneys eyes only*).**

**REQUEST NO. 12:** Produce copies of any and all medical records, radiographic or diagnostic studies on any media, including, but not limited to, x-rays, CT scans, ultrasound films, echocardiograms, or heart catheterization procedures, and any other document or media regarding health care services provided to You or Mr. Nichols in the ten (10) years prior to January 2023.

**RESPONSE: Plaintiff is not presently aware of any records in her possession. Investigation continues. Plaintiff will seasonably supplement upon discovery of responsive documentation.**

**REQUEST NO. 13:** Produce copies of any and all documents, which in any way describe, reflect, or substantiate any non-economic losses that You are claiming in this case, including, but not limited to, damages for pain and suffering and/or emotional distress.

**RESPONSE: Objection. This request is premature to the extent it requires Plaintiff to establish her entire damages case at such an early stage of litigation. Subject to and without waiving, this case involves the brutal beating of Ms. Wells' son, so virtually each record attendant to this case, including videos of the beating, pictures of the injuries, reports reflecting the brutality of the beating, and medical records, are relevant towards damages. Investigation continues. Plaintiff will seasonably supplement with photos, documents, and other items substantiating non-economic losses.**

**REQUEST NO. 14:** Produce copies of any and all hospital, clinic, or medical bills,

explanations of benefits (EOBs) or any other financial or billing documents reflecting any and all medical expenses You claim as damages in this case and as identified in Your Interrogatory Answers.

**RESPONSE:** *See* **Wells_000288-000294, Wells_004416 – 004425. Plaintiff will supplement this response, including during deposition, as the costs of those medical expenses are continually gathered.**

**REQUEST NO. 15:** Produce Your and Mr. Nichols's state and federal income tax returns for the past five (5) years.

**RESPONSE:** *See* **Wells_004413 – 004415, Wells_004426 – 004443. Plaintiff attempted to retrieve five years of federal income tax returns for Mr. Nichols, but the Income Revenue Service only provided Plaintiff with tax returns for 2020, 2021, and 2022 (*see* Wells_004413 – 004415). Plaintiff is continuing to gather personal tax returns and will seasonably supplement.**

**REQUEST NO. 16:** Produce check stubs or other documentation providing the amount of salary, wages, or commissions You and Mr. Nichols earned during the past five (5) years. This should include documents that describe, substantiate, or reflect the loss of earning capacity that You are claiming in this case, if any.

**RESPONSE: Please see response to Request No. 15.**

**REQUEST NO. 17:** To the extent not otherwise produced, produce any and all documents which in any way describe, reflect, or substantiate any financial or material loss that You are claiming in this case, including, but not limited to, out-of-pocket expenses.

**RESPONSE: All responsive documentation obtained to date has been produced. Investigation continues and Plaintiff will supplement upon receipt of any records and/or bills. The quantification of such damages will be left to a jury to determine.**

**REQUEST NO. 18:** To the extent there is a claim for medical expenses that has been paid by Medicaid, Medicare, or TennCare, produce copies of all claims for Medicaid, Medicare, or TennCare payment (if within Your possession and control) and records of Medicaid, Medicare, or TennCare payments, including but not limited to payments for the medical expenses for any healthcare provider involved in Your or Mr. Nichols's care and treatment. Please indicate which payments you allege are causally related to injuries or damages You are claiming in this lawsuit.

**RESPONSE: Please see Wells_000288 - 000294 for billing records from St. Francis Hospital. With respect to Plaintiff's medical care, Plaintiff does not believe that any medical expenses were paid for by Medicaid, Medicare, or TennCare.**

**REQUEST NO. 19:** Produce any and all documents relating to any medical insurance (whether

private, Medicaid, Medicare, TennCare or otherwise) which has paid or is available to pay any of the medical expenses incurred by or in regard to Your or Mr. Nichols' or health care expenses for any injuries or damages You are claiming in this lawsuit.

**RESPONSE:** *See* **Wells_004416 – 004425 concerning Plaintiff's own medical care. Plaintiff is not in possession of any additional records at this time. Investigation continues and Plaintiff will supplement if they become available.**

**REQUEST NO. 20:** Produce a copy of the front and back of any insurance cards along with any and all documents relating to any medical insurance (whether private, Medicaid, Medicare, TennCare, or otherwise) which has paid or is available to pay any of the medical expenses that You and/or Mr. Nichols are claiming as damages in this matter.

**RESPONSE: See Response to Request No. 19.**

**REQUEST NO. 21:** Produce an executed copy of the releases attached to these Requests: (1) Authorization for Release of Protected Health Information, (2) Authorization for Release of Mental Health Information, (3) Consent for Release of Information from the Social Security Administration, (4) Authorization and Releases for Insurance Records and Reports, (5) Authorization and Release for Employment Records, (6) Authorization to Request Transcript of Tax Returns, (7) CMS approved form requesting information regarding Medicare benefits, (8) Medicare Secondary Payment Recovery Contractor Consent to Release form, and (9) TennCare release of information form. These authorizations are not being filed with the Court.

The Authorization for Release of Protected Health Information includes blank spaces; please identify any health care providers identified in Your Answers to Interrogatories and any health care providers who are not otherwise listed in Your Answers to Interrogatories in this Authorization. Please complete an Authorization and Release for Employment Records for each of Your and Mr. Nichols' employers identified in Your Answer to Interrogatories

**RESPONSE: Releases are forthcoming.**

**REQUEST NO. 22:** Produce copies of any and all documents, communications, and/or correspondence reflecting or relating in any way to communications You (or Your representatives, agents, or attorneys) sent to or received from the Memphis Police Department.

**RESPONSE: Objection. Any such documents, communications, and/or correspondence are equally available to plaintiff and defendant. See** *Corp. Servs. v. Shumaker***, No. 5:07-CV-00024-R, 2012 WL 13026981, at \*1 (W.D. Ky. Mar. 28, 2012) (where "information is readily available to [a party ] by propounding subpoenas [ ] or by reviewing their own files, rather than requesting action by Plaintiff[,]" the records cannot be compelled from the responding party.").**

**REQUEST NO. 23:** Produce copies of any and all documents, communications, and/or correspondence reflecting or relating in any way to communications You (or Your representatives,

agents, or attorneys) sent to or received from the Shelby County District Attorney's Office.

**RESPONSE:** *See* **Wells_003754 – 003969, Wells_004031 – 004268, Wells_004269 – 004374, Wells_00446-004448, Wells_004451-004452.**

**REQUEST NO. 24:** Produce copies of any and all documents, communications, and/or correspondence reflecting or relating in any way to communications You (or Your representatives, agents, or attorneys) sent to or received from the Tennessee Attorney General's Office.

**RESPONSE: Plaintiff is not presently aware of any documents or communications in her possession. Investigation continues. Plaintiff will seasonably supplement upon discovery of responsive documentation**

**REQUEST NO. 25:** Produce copies of any and all documents, communications, and/or correspondence reflecting or relating in any way to communications You (or Your representatives, agents, or attorneys) sent to or received from the United States Attorney's Office, the Federal Bureau of Investigation, and/or the United States Department of Justice (or any of the foregoing entities' current or former employees, agents, or representatives).

**RESPONSE:** *See* **Wells_004453-004456.**

**REQUEST NO. 26:** Produce all documents, communications, and/or correspondence relating to any public records requests made by You or by anyone on Your behalf, pursuant to the Freedom of Information Act or Tennessee's Public Records Act and any responses thereto, concerning Your claims in this litigation.

**RESPONSE:** *See* **Wells_004409 – 004412. Plaintiff will seasonably supplement upon discovery of responsive documentation**

**REQUEST NO. 27:** Produce all communications with Steven Nichols related to Mr. Nichols, this litigation, Mr. Nichols's estate, or his son, as referenced in Paragraph 41 or the Complaint.

**RESPONSE: No records of such communication exists as Steven Nichols died in 2015.**

**REQUEST NO. 28:** Produce all documents which relate to any other litigation or claim, civil or criminal (including but not limited to traffic, DUI, bankruptcy, divorce, or child custody), that You or Mr. Nichols have been involved in and/or where You or Mr. Nichols were named a plaintiff, defendant, claimant, or witness, in the 10 years prior to January 2023.

**RESPONSE: Objection. This request exceeds the scope of relevant information to which Defendants are entitled. Any statements by Ms. Wells or Mr. Nichols in a previous proceeding would not be related to the issues attendant to this case. No officer was aware of Mr. Nichols' identity, much less his criminal history, at the time of the constitutional violation, so it would not be relevant to the analysis of whether their conduct was objectively reasonable. Further,**

any unrelated lawsuits brought by a party are generally not relevant or discoverable. See *Steeg v. Vilsack*, No. 5:13-CV-00086-TBR, 2016 WL 6465814 at *2(W.D. Ky. Oct. 28, 2016).

**REQUEST NO. 29:** Produce any and all materials or documents of any kind provided to and/or received from any expert witness that You intend to call as a witness at trial, including, but not limited to, documents, reports, curriculum vitae, tangible items, articles, treatises, etc.

**RESPONSE: Plaintiff objects to this request as premature. Plaintiff is under no duty to produce expert discovery at this early stage of fact discovery. Plaintiff will disclose expert witnesses and attendant discoverable material in a timely manner in accordance with the Court's Scheduling order.**

**REQUEST NO. 30:** Produce a copy of any written reports, correspondence, charts, diagrams, photographs, videotapes, or other documents prepared by any expert witness, whom You intend to call to testify at trial.

**RESPONSE: Plaintiff objects to this request as premature. Plaintiff is under no duty to produce expert discovery at this early stage of fact discovery. Plaintiff will disclose expert witnesses and corresponding materials in a timely manner in accordance with the Court's Scheduling order.**

**REQUEST NO. 31:** To the extent not otherwise produced, produce any and all documents and/or communications that support or relate to any claim or the allegations described in the Complaint, including but not limited to all documents identified in Your Answers to the City's First Set of Interrogatories to Plaintiff and all documents identified in Your 26(a)(1) Initial Disclosures and any amendments thereto.

**RESPONSE: Plaintiff has produced those documents which satisfy her obligations under Rules 26, 33, and 34 at this time. Plaintiff will continue to comply with their discovery obligations and seasonably supplement as additional materials are gathered.**

Dated:  May 14, 2024              Respectfully Submitted,

/s/ Sarah Raisch_____
**ROMANUCCI & BLANDIN, LLC**
Antonio Romanucci (*pro hac vice*)
(Illinois ARDC No. 6190290)
Bhavani Raveendran (*pro hac vice*)
(Illinois ARDC No. 6309968)
Sarah Raisch (*pro hac vice*)
(Illinois ARDC No. 6305374)
Sam Harton (*pro hac vice*)
Javier Rodriguez (*pro hac vice*)
321 North Clark St., Suite 900

Chicago, Illinois 60654  
Tel: (312) 458-1000  
Fax: (312) 458-1004  
Email: aromanucci@rblaw.net  
Email: b.raveendran@rblaw.net  
Email: sraisch@rblaw.net  
Email: sharton@rblaw.net  
Email: jrodriguez@rblaw.net  

**MENDELSON LAW FIRM**  
David Mendelson  
(Tennessee Bar No. 016812)  
Benjamin Wachtel  
(Tennessee Bar No. 037986)  
799 Estate Place  
Memphis, Tennessee 38187  
Tel: (901) 763-2500 ext. 103  
Fax: (901) 763-2525  
Email: dm@mendelsonfirm.com  
Email: bwachtel@mendelsonfirm.com  

**BEN CRUMP LAW**  
Ben Crump (*pro hac vice pending*)  
(Washington, D.C. Bar No. 1552623)  
(Tennessee Bar No. 038054)  
Chris O'Neal (*pro hac vice pending*)  
(Florida Bar No. 910201)  
Brooke Cluse  
(Texas Bar No. 24123034)  
717 D Street N.W., Suite 310  
Washington, D.C. 20004  
Email: ben@bencrump.com  
Email: chris@bencrump.com  
Email: brooke@bencrump.com  

**COUNCIL & ASSOCIATES, LLC**  
Lashonda Council Rogers  
(Georgia Bar No. 190276)  
50 Hunt Plaza, SE Suite 740  
Atlanta, Georgia 30303  
Tel: (404) 526-8857  
Fax: (404) 478-8423  
Email: lrogers@thecouncilfirm.com  

**EARNESTINE HUNT DORSE**  
Earnestine Hunt Dorse  
(Tennessee Bar No. 012126)  
3268 N Waynoka Circle  
Memphis, Tennessee 38111-3616

Tel: (901) 604-8866
Email: ehdorse@gmail.com

## **CERTIFICATE OF SERVICE**

I, Sarah M. Raisch, hereby certify that on May 14, 2024, I served all Counsel of Record listed on the ECF System for this action via email.

*s/ Sarah M. Raisch*
Sarah M. Raisch

**VERIFICATION FOR PLAINTIFF'S RESPONSES TO DEFENDANT MICHELLE WHITAKER'S REQUESTS FOR PRODUCTION AND INTERROGATORIES**

I, RowVaughn Wells, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the answers contained in the Responses and Objections to Defendant City of Memphis's First Set of Requests for Production and Interrogatories dated May 14, 2024, are true and correct in substance and in fact to the best of my belief and knowledge.

DocuSigned by:

*RowVaughn Wells*

1BAB8A4316CE422...