# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILLS, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, <br><br> Defendants. | CASE NO. 2:23-CV-02224 <br> JURY DEMAND |

## DEFENDANT CITY OF MEMPHIS'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant City of Memphis (the "City"), by and through its undersigned counsel and

pursuant to Local Rule 7.2, moves this Court for leave to file a supplemental response in

4855-2756-1978

opposition to Plaintiff's Motion for Protective Order (ECF No. 211). In support, the City states the following:

1. On August 30, 2024, the City notified all counsel of record via email that it intended to serve subpoenas *duces tecum* pursuant to Federal Rule of Civil Procedure 45 upon five individuals: Morgan Jackson, Marvin Volker, Lori Volker, Melissa Volker, and Kris Volker.

2. Morgan Jackson is the mother of Mr. Nichols's minor child.

3. The members of the Volker family were close friends with Mr. Nichols's for most of his life.

4. Counsel for Plaintiff, Romanucci & Blandin Law responded to inform the City that it was authorized to accept service on behalf of Ms. Jackson.

5. The City served the subpoenas on Marvin Volker, Lori Volker, and Kris Volker on September 4, 2024 and on Melissa Volker on August 30, 2024. *See* ECF Nos. 211-3, 211-4, 211-5, 211-6.)

6. On September 25, 2024, Plaintiff filed a Motion for Protective Order (ECF No. 211) seeking to prevent the discovery of written communications of the Volker family and the production of cell phone records.

7. Plaintiff's Motion sought a protective order as to the Volker family, specifically, on relevance, overbreadth, and proportionality grounds. (ECF No. 211, at PageID 1560.)

8. On October 10, 2024, the City timely responded in opposition to Plaintiff's Motion. (ECF No. 216.)

9. Plaintiff's Motion remains pending before this Court.

10. On November 11–13, 2024, the City deposed Morgan Jackson, Marvin Volker, Lori Volker, and Kris Volker.

11. In light of testimony given during these depositions by Morgan Jackson and the Volker family, the City seeks leave to file a supplemental response in opposition to Plaintiff's Motion for Protective Order.

12. Specifically, the City requests leave for the purpose of bringing to the Court's attention additional evidence demonstrating that the subpoenas are not overbroad, are not disproportional to the needs of the case, and are highly relevant to the litigation.

13. For example, Morgan Jackson testified that Mr. Nichols was physically abusive to her on a number of occasions. She also testified that she received $400,000 from Plaintiff's attorney at the Crump Firm on the same day that she signed an affidavit relinquishing her right to administer the Estate of Tyre Nichols and assigning the representation to Plaintiff. The phone records of Plaintiff could reveal additional evidence regarding this decision.

14. Marvin Volker testified that he, too, received money from Plaintiff, after agreeing to have his daughter, Melissa Volker, "stand down" from making public comments about the relationship between Tyre Nichols and Plaintiff RowVaughn Wells. The subpoena seeks precisely those type of communications.

15. Further, Lori Volker testified regarding a physical incident between her daughter-in-law and Mr. Nichols that resulted in Mr. Nichols's broken front tooth. The defendants are entitled to discover communications that shed light on that situation.

16. Kris Volker testified that Mr. Nichols and RowVaughn Wells had an argument just days before the incident that resulted in Mr. Nichols living in his car. Clearly, communications regarding Mr. Nichols's situation on the night of the incident is relevant to the claims and defenses in the litigation.

4855-2756-1978

17. To take another example, Ms. Jackson and the Volkers testified that Mr. Nichols had no contact with his son following his arrest in 2017 for domestic violence. The subpoena seeks communications between the Volkers and anyone regarding Mr. Nichols' son.

18. The third-party subpoenas propounded on the Volker family and the cell phone providers are likely to lead to discovery of material that is relevant to the issues in this litigation. Moreover, the discovery sought is proportionate to the needs of the case—a case Plaintiff values at $550 million.

19. The City asked counsel via email for all parties whether they oppose the relief requested in this motion. All parties who responded stated no opposition.

20. For these reasons, the City requests leave to file a supplemental brief in support of its opposition to Plaintiff's Motion for Protective Order.

Dated: November 15, 2024

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Freeman B. Foster (#23265)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Official Capacity, and Dewayne Smith as Agent of the City of Memphis*

4855-2756-1978

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, certify that on November 15, 2024, Jennie Silk, counsel for the City of Memphis, conferred with counsel for all parties via email regarding this motion. The parties were asked whether they oppose the relief requested in this motion. A chart detailing the parties' responses is below:

| Party | Responding Counsel | Opposition? |
|---|---|---|
| Plaintiff | Sarah Raisch | No |
| Long | Darryl O'Neal | No |
| Hemphill | Betsy McKinney | No |
| D. Smith | Betsy McKinney | No |
| Whitaker | Robert Spence | No |
| Sandridge | Laura Smittick | No |
| Haley | No response | N/A |
| Bean | No response | N/A |
| Martin III | Florence Johnson | No |
| Mills, Jr. | No response | N/A |
| J. Smith | Martin Zummach | No |

*s/ Bruce McMullen*
Bruce McMullen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record and the Guardian Ad Litem via the Court's electronic filing system on November 15, 2024.

*s/ Bruce McMullen*
Bruce McMullen

5