IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>                Plaintiff,<br><br>v.<br><br>The City of Memphis *et al.*,<br><br>                Defendants. | Case No. 2:23-CV-02224<br><br>JURY DEMAND |

## PLAINTIFF'S MOTION TO SEAL PORTIONS OF CITY'S FILING (ECF No. 230) THAT RISK HARMING MINOR CHILD

Plaintiff RowVaughn Wells, through her counsel, moves to seal portions of the City of Memphis's Motion for Leave to File Supplemental Response in Opposition to Plaintiff's Motion for Protective Order (ECF No. 230) (the "City's Motion") to prevent a risk of harm to Mr. Nichols' minor child. The Court has already removed the City's filing from the public docket, which Plaintiff assumes is the Court's interim measure while the parties brief the issue. For the reasons explained below, any portions of the City's Motion (and any portions of past or future filings) that refer to Mr. Nichols' child or the child's mother should be sealed.

1.      On November 11 through November 13, 2024, the City of Memphis ("City") took the depositions of several non-parties, including the mother of Mr. Nichols' minor child, ███ ███████████████████.

2.      On November 15, 2024, the City filed its Motion for Leave to File Supplemental Response in Opposition to Plaintiff's Motion for Protective Order (ECF No. 230).

1

3. The City's Motion publicizes for the first time the identity of the minor child's mother and personal details about her and her family that jeopardize the safety and well-being of the minor child, as well as the safety and well-being of the mother and her other minor children.[1]

4. For example, the City's Motion publicly discloses the mother's receipt of a large amount of money and discloses other salacious details about her relationship with Mr. Nichols.

5. As the administrator of Mr. Nichols' estate, Plaintiff has a fiduciary duty to protect and serve the interests of the minor child ███████████.

6. The Plaintiff is gravely concerned that the City's public filing has endangered the minor child and, if not sealed, will continue to pose a serious risk of harm to the child. While the City's motion does not identify the child by name, it would not be difficult, with internet searching and the like, to identify the family's address and likely the child's identity based on the information the City disclosed. The public disclosure of the mother's identity and personal details compromises the privacy and safety of the minor child and creates a needless risk of harassment or other harm to the minor child and the child's family. These are precisely the concerns that underlie Federal Rule of Civil Procedure 5.2(a), which requires the redaction of any minor's name.

7. Due to these concerns, when facts related to ███████████████████ were raised during the recent deposition, Plaintiff's counsel, as well as various defense counsel, and the mother's attorney all stated that portions of the transcript need to be sealed, redacted, or otherwise protected. Those discussions were ongoing when the City's Motion was filed.

---

[1] The City's Motion is the first filing in this case that draws public attention to the mother's identity. To Plaintiff's knowledge, there is one prior filing by the City (ECF No. 217-1) that included a passing reference to her name as the mother of Mr. Nichols' son, in the context of paraphrasing one of the City's requests for production. There are three other filings (ECF Nos. ECF 211-2, 217-3, and 217-5) where the mother's name was buried in exhibits, but with no disclosure identifying her as the mother of Mr. Nichols' son, much less any disclosure of any personal or financial information. Unlike the City's recent motion, none of these prior filings caused the mother of Mr. Nichols' son to receive any media attention.

8. Publicizing the mother's identity and other facts through which the child's identity/address could be discovered has heightened risks in this case because of the high-profile and politically sensitive nature of this litigation. Indeed, the information in the City's Motion (filed just two days ago) has already been broadcast in press coverage that discusses the minor child, the identity of the child's mother, ███████████████████████████ and other personal details.[2]

9. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

10. From the outset of this litigation, the child's mother has taken great care to maintain the privacy of her son, her son's relationship to Mr. Nichols, and her son's connection to this case. For example, throughout the probate proceedings, both the mother's name and the child's name were redacted, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[3]

---

[2] *See, e.g.*, Samuel Hardiman, *City Takes Aim at Nichols' Family in New Court Filing*, Daily Memphian (Nov. 16, 2024), https://dailymemphian.com/subscriber/section/metrocity-of-memphis/article/47963/city-of-memphis-new-claims-tyre-nichols-civil-suit..; Lucas Finton, *City Alleges Domestic Violence, Family Troubles in Latest Tyre Nichols Filing*, Memphis Commercial Appeal (Nov. 16, 2024), https://www.commercialappeal.com/story/news/local/2024/11/16/city-of-memphis-targeting-tyre-nichols-california-history-in-filing/76361482007/.

[3] ███████████████████████████████████████ and to protect the privacy and wellbeing of the minor child as explained above, Plaintiff has redacted from the publicly-filed version of this motion █ ███████████████████ and any factual descriptions about the child or the child's mother, and seeks leave to file this unredacted version under seal.

11. █████████████████████████████████ to protect against the significant risk of harm explained above, compelling interests justify sealing any portions of the City's Motion that refer to Mr. Nichols' child or the child's mother and ordering that any references to them be redacted from any prior or future public filings in this Court. *See, e.g.*, *Jane Doe v. Teays Valley Local Sch. Bd. Of Edu.*, No. 2:23-CV-02704, 2024 WL 3841212, at *2 (S.D. Ohio Aug. 15, 2024) ("[T]here is [] a compelling interest in sealing portions of documents that refer to [the minor child] by his initials when those initials may be used to ascertain his identity, and in sealing portions of documents that contain his or his parents' personally identifying information."). The requested relief is narrowly tailored to serve the compelling interests of protecting the privacy, safety, and wellbeing of the minor child and the child's mother. *See id.*; *Finley v. Kelly*, No. 3:19-CV-00129, 2019 WL 13195859, at *1 (M.D. Tenn. Apr. 18, 2019) (sealing portions of document that "contains private facts and personal information about the [movants] and their family members, including their minor children"). Additionally, the interests in protecting the minor child and the child's mother far outweigh any value of public disclosure, because the City had no legitimate purpose for exposing the son's mother in its Motion, as explained in detail in Plaintiff's Response to the City's Motion (ECF No. 232).

12. Plaintiff's counsel has consulted with the mother's counsel, and she is in agreement with the relief requested in this motion.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that the Court seal any portions of the City's Motion (ECF No. 230) that refer to Mr. Nichols' child or the child's mother and order that any reference to the mother or the child be redacted from any prior or future public filings. In addition, Plaintiff respectfully requests that the Court file this Motion under seal

4

██████████████████████████████████████ with a redacted version to be filed on the Court's public docket.

Dated: November 17, 2024                                                  Respectfully submitted,

**ROMANUCCI & BLANDIN, LLC**

/s/ *Antonio M. Romanucci*
Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Ben Crump (Wash., D.C. Bar No. 1552623;
Tennessee Bar No. 038054)
Chris O'Neal (Fla. Bar No. 910201) (*pro hac vice pending*)
Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice pending*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Ga. Bar No. 190276) (*pro hac vice pending*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, Telephone
+1 (404) 478-8423, Facsimile
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tenn. Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, Telephone
ehdorse@gmail.com

*Attorneys for Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased*

## CERTIFICATE OF SERVICE

I, Antonio M. Romanucci, hereby certify that on November 17, 2024, I caused the forgoing to be electronically filed with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action, and that Plaintiff's counsel served an unredacted version of the foregoing to all counsel of record via email.

/s/ *Antonio M. Romanucci*
Antonio M. Romanucci

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned hereby certifies that on November 15, 2024, counsel for the Plaintiff consulted with counsel for the City via email, and Counsel for the City stated that the City opposes the relief requested in this motion.

/s/ *Antonio M. Romanucci*
Antonio M. Romanucci