IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis *et al.*, <br><br> Defendants. | Case No. 2:23-CV-02224 <br><br> JURY DEMAND |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT CITY OF MEMPHIS'S MOTION TO SUPPLEMENT**

Plaintiff RowVaughn Wells, through her undersigned counsel, respectfully submits this supplement to ECF 232, which is Plaintiff's response in opposition to the City's filing of ECF 230.

The City filed ECF 230 near the close of business on Friday November 15, 2024, forcing Plaintiff counsel to draft ECF 232 over a few hours on the weekend of November 16. Members of Plaintiff's litigation team were traveling and attending to pre-existing obligations, and did not have a full opportunity to weigh in on the response and the grave problems presented by the City's filing of ECF 230.

With time today for further contribution by the members of Plaintiff's attorney team, Plaintiff believes it necessary and appropriate to bring an additional, serious matter to the Court's attention: the City's filing of ECF 230 circumvented the protections provided for in the Court's Protective Order, ECF 213. Specifically, the Court's Protective Order explicitly set out that the parties would have 10 business days, after receipt of transcripts, to designate portions of a transcript as confidential and thereby protect them from public dissemination. In filing ECF 230 on November 15, before the transcripts of the November 11-13 depositions were even generated,

1

the City circumvented this protection and disseminated into the public highly sensitive information long before Plaintiff had the opportunity to designate it as confidential. That brought about the very harm that the Court's Protective order was designed to guard against, resulting in broad press attention to the various derogatory claims set out in the City's filing.

The Court's Protective Order treats as confidential any document or deposition testimony that reveals "private and/or sensitive information," including "any . . . information that is maintained by the producing party on a confidential basis, provided that the producing party has a legitimate interest in maintaining the confidentiality/privacy of said information." ECF 213 ¶¶ (I)(A)(1), (6). With respect to confidential information revealed at depositions, the Protective Order provides:

> Portions of depositions shall be deemed [confidential] subject to this Protective Order if designated as such no later than [10] business days after the designating party's business days after the designating party's or witness's receipt of the transcript of such deposition. Any testimony that describes a document designated as [confidential] under this Protective Order shall be deemed designated without the need for further designation and treated accordingly.

ECF 213 ¶ IV.

The City's publication in ECF 230 of various incendiary claims, all of which the City asserted, in ECF 230, were gathered in the depositions taken the week of November 15, was a naked circumvention of the Protective Order, depriving Plaintiff even of the opportunity to designate the cited portions of the deposition transcripts as confidential. And the various claims set out in ECF 230 are the exact sort of private information that the Protective Order was designed to safeguard from public broadcast, involving as they do intimate family relations and other private, highly sensitive matters, as Plaintiff has described in the sealed versions of both in ECF 232 and ECF 234. In circumventing the obligations of the Protective Order, the City improperly exposed all these private matters to the public.

2

The damage from the City's circumvention of the Protective Order has been considerable, as described in Plaintiff's response brief, ECF 232.  Since Plaintiff filed that response, there has been additional print and television coverage of the City's filing and its salacious claims, as an internet search for Mr. Nichols's name quickly reveals.

For the reasons set forth in Plaintiff's response—and, additionally, because in filing ECF 230 the City circumvented the protections of the Protective Order—Plaintiff respectfully requests that the Court order the relief sought in Plaintiffs' response, and reserves the right to seek additional remedies to redress the harms the City's publication of ECF 230 has caused.


Dated: November 18, 2024                                    Respectfully submitted,



**ROMANUCCI & BLANDIN, LLC**


/s/ *Antonio M. Romanucci*
Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)

3

**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Ben Crump (Wash., D.C. Bar No. 1552623; Tennessee Bar No. 038054)
Chris O'Neal (Fla. Bar No. 910201) (*pro hac vice pending*)
Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice pending*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Ga. Bar No. 190276) (*pro hac vice pending*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, Telephone
+1 (404) 478-8423, Facsimile
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tenn. Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, Telephone
ehdorse@gmail.com

*Attorneys for Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased*