IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224 JURY DEMAND |
| THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILL, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE CITY'S FILING (ECF No. 230)

Defendant, the City of Memphis ("Defendant") hereby submits this Response in

Opposition to Plaintiff's Motion to Seal Portions of City's Filing (ECF No. 230) That Risk

1

4888-8465-6378

Harming Minor Child ( "Motion to Seal") filed by Plaintiff RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Nichols ("Plaintiff") (ECF No. 234.)

Plaintiff seeks to seal the identity of the custodial mother ("Mother") of the sole heir to the estate of Tyre Nichols, who accepted $400,000 from the attorney for Plaintiff RowVaughn Wells on the same day that she signed an affidavit relinquishing her rights to administer the estate of Tyre Nichols and appointing Plaintiff the administratrix.

In a separate filing, however, Plaintiff asks the Court for much broader relief. "Plaintiff adds that the City's Motion should be sealed in its entirety to remove from the public record the other incendiary and highly prejudicial allegations set out in the City's filing, which threaten to poison the jury pool." (Pl.'s Resp. in Opp. To Def.'s Mot. to Suppl. And Request for Relief to Cure Prejudice ("Plaintiff's Response"), ECF No. 233, p. 7.)

For the reasons set forth below, the City has no objection to Mother proceeding pseudonymously in this litigation, but the City strenuously objects to the continued sealing of the Motion for Leave to File Supplemental Response. (ECF No. 230.)

I.    **THE CITY HAS NO OBJECTION TO THE REDACTION OF MOTHER'S NAME IN COURT FILINGS.**

While the City has no objection to Mother's name being redacted from public filings, it must be noted that the first time the City learned that Plaintiff sought to protect the identity of Mother was on the evening of Friday, November 15, 2024, after the City filed its Motion for Leave to File Supplemental Response.

It should also be noted that Plaintiff herself was the first party to put Mother's name into the public sphere. Plaintiff filed Mother's name publicly in attachments to Plaintiff's Motion for Protective Order. See ECF No. 211-2. And Plaintiff never raised concerns over the disclosure of Mother's name in connection with the City's Motion to Compel. See ECF Nos. 217-1, 217-3,

2

4888-8465-6378

217-5. Importantly, there has never been a discussion among the parties about the need to keep

Mother's name out of public view.

While the City does not believe that Plaintiff has put forth any reasonable basis for the

confidentiality of Mother's name in court filings, the City has no objection to the redaction going

forward.

**II.    THE CITY'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE
SHOULD NOT BE SEALED.**

In a separate filing, Plaintiff makes an additional, much broader request of this Court.

(*See* Plaintiff's Response, ECF No. 233, p. 7.) In that filing, Plaintiff asks the Court to

permanently seal the City's Motion for Leave to File Supplemental Response. Plaintiff's request

is not grounded in law or fact, and it should denied.

Plaintiff has not met the burden for the Court to seal any document that has been filed in

this case including the City's Motion (ECF No. 230) and Plaintiff's Response (ECF No. 234),

which was filed improperly under seal without an accompanying motion to seal.

**A.    The *Shane Group* Factors weigh heavily against sealing any document in this
case.**

For the Court to even temporarily seal a document, Plaintiff must meet the very high

Sixth Circuit standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825

F.3d 299 (6th Cir. 2016). The default position of evidence filed of record with the court is that it

should be open to public review. *See id.* at 305. In fact, there is a strong presumption in favor of

leaving court records open. *Id.* "Only the most compelling reasons can justify non-disclosure of

judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The

greater the public interest is in the subject matter of the litigation, the greater the burden

necessary to overcome the presumption of openness. *Shane Grp. Inc.*, 825 F.3d at 305. Even

when a party can meet this exacting burden, the seal must be narrowly tailored to serve the

reasons given. *Shane Grp., Inc.*, 825 F. 3d at 308.

In fact, "[i]n civil litigation, only trade secrets, information covered by a recognized

privilege (such as the attorney-client privilege), and information required by statute to be

maintained in confidence (such as the name of a minor victim of a sexual assault)," is typically

enough to overcome the presumption of access. *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297

F.3d 544, 546 (7th Cir. 2002)).

The fact that information or records were designated as confidential and prevented from

disclosure under a protective order is not alone reason to order the evidence to be sealed. *Id.* at

306. Nor is that relevant in the instant situation because the deposition testimony paraphrased in

the City's Motion was not designated confidential and was not the subject of any protective

order.

> 1.    **THE PUBLIC HAS A STRONG INTEREST IN ACCESS TO THIS
> CASE**.

The public has a strong interest in access to this case. Plaintiff brings a lawsuit intended

to bankrupt the City of Memphis. *See* Julia Baker, *Hundreds celebrate what would have been

Tyre Nichols' 30th birthday*, THE DAILY MEMPHIAN, (June 6, 2023, 11:54 AM).[1]  Moreover, the

gravamen of Plaintiff's case is the conduct of the Memphis Police Department towards its own

residents.  It is undisputed that the public has a very strong interest in this case particularly in

light of the enormous amount of taxpayer resources at risk.

For almost two years, the allegations that are the substance of Plaintiff's case have played

out in the public sphere. Now, when information that is not flattering to Plaintiff is made public

---

[1] https://dailymemphian.com/article/36585/tyre-nichols-birthday-party-fourth-bluff-park

4888-8465-6378

Plaintiff balks and seeks to have that information shielded from public view.  This is not grounds

for sealing court documents.

In *Shane Group, Inc.*, the court explained the public interest in access to court records

goes beyond the outcome or result of a case.

> Sometimes, the public's interest is focused primarily upon the litigation's result—whether
> a right does or does not exist, or a statute is or is not constitutional. In other cases —
> including "antitrust" cases, — the public's interest is focused not only on the result, but
> also on the conduct giving rise to the case. In those cases, **"secrecy insulates the
> participants, masking impropriety, obscuring incompetence, and concealing
> corruption."** And in any of these cases, the public is entitled to assess for itself the merits
> of judicial decisions. Thus,**"[t]he public has an interest in ascertaining what evidence
> and records the District Court and this Court have relied upon in reaching our
> decisions."**

*Id.* at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir.

1983) (citations omitted) (emphasis added)).

Much like in *Shane Group*, the public has a similar interest in the case at hand, which

involves the conduct of public officials who govern the city in which they reside and the group

of people – Plaintiff and Plaintiff's attorneys—intent on bankrupting the City. Secrecy in this

case would serve only to insulate Plaintiff and those associated with Plaintiff from public

scrutiny regarding issues in this litigation.

Because the evidence in this case is of such high public importance, the resulting burden

to justify sealing the evidence is extremely high.

> **2.     IN LIGHT OF THE STRONG PUBLIC INTEREST IN
>         DISCLOSURE, PLAINTIFF HAS NOT MET THE HEAVY
>         BURDEN TO JUSTIFY SEALING THE DOCUMENTS FROM
>         PUBLIC VIEW.**

The City's Motion for Leave to File a Supplemental Response does not meet the high

standard established in the Sixth Circuit to justify treatment as confidential. The information

5

4888-8465-6378

listed in the Motion was proffered during depositions that <u>were not designated as confidential</u> and <u>testimony that was not given under seal.</u>

To justify sealing the City's Motion, Plaintiff has made only baseless assertions that the allegations set out in the City's Motion "threaten to poison the jury pool." The City can make the same argument about the Plaintiff's and Plaintiff's counsel's public statements

Regardless, the application of the *Shane Group* factors shows that the City's Motion should not be sealed, nor should Plaintiff's Response (ECF No. 233.).

The City will submit a redacted version of its Motion ECF No. 230 to the Court's email for re-filing, along with a proposed order.

## CONCLUSION

The City has no objection to the redaction of Mother's name from Court filings, but the City asks that the Court deny Plaintiff's request to entirely seal the City's Motion ECF No. 230. The City further requests that the Court re-enter a redacted version of the City's Motion ECF No. 230, submitted to the Court via email, on the public docket.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*

Bruce McMullen (#18126)
Freeman B. Foster (#23265)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

6

4888-8465-6378

*Attorneys for Defendant City of Memphis,*
*Chief Cerelyn Davis in her Official Capacity*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record and the Guardian Ad Litem via the Court's electronic filing system on November 18, 2024.

s/ *Bruce A. McMullen*

7

4888-8465-6378