IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED,<br><br>  Plaintiffs,<br><br>v.<br><br>THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILLS, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS,<br><br>  Defendants. | CASE NO. 2:23-CV-02224<br>JURY DEMAND |

**DEFENDANT CITY OF MEMPHIS'S MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF MEMPHIS'S MOTION TO SUPPLEMENT AND REQUEST FOR RELIEF TO CURE PREJUDICE**

Defendant the City of Memphis (the "City") moves this Court to strike Plaintiff's

improper Response in Opposition to the City's Motion to Supplement and Request for Relief to

1

Cure Prejudice ("Plaintiff's Response") (ECF No. 233). Plaintiff's Response was improperly filed and is violative of Federal Rules of Civil Procedure.

**I.      The City's Motion Was Properly Filed and the Court Entered an Order Granting the Motion, Therefore, Plaintiff's Response Should be Stricken.**

Plaintiff filed her Motion for Protective Order (ECF No. 211) on September 25, 2024—almost two months ago. On October 10, 2024, the City timely responded in opposition to Plaintiff's Motion. (ECF No. 216.) The Motion remains pending before the Court.

Despite not yet having a ruling on the Motion for Protective Order, the City proceeded with the scheduled depositions of the mother of Mr. Nichols's minor child ("Mother") and the Volker family on November 11–13, 2024. Because the Court had not yet ruled on the Motion for Protective Order, and in light of the watershed testimony elicited during these depositions, the City sought immediate leave to file a supplemental response to the Motion for Protective Order. (ECF No. 230.) There was nothing improper about City's filing, and no party objected to the filing.

The City's Motion, filed just one day after the City's counsel returned from the depositions, contained a summary of some of the facts learned from the deposition testimony to further support its opposition to the Motion for Protective Order. The City put forth such information so that the Court could have an appropriate basis on which to rule on the Motion for Protective Order.

This Court granted the City's Motion. (*See* Order, ECF No. 231.) The City will file a more fulsome response in opposition to the Motion for Protective Order with citations to the deposition transcripts. (ECF No. 230.)

Since an Order was entered by the Court granting the City leave to file a supplemental response to the Motion for Protective Order, the proper approach to address the Order of the

Court is outlined in Federal Rule of Civil Procedure 60(b), which permits motions to alter or amend a judgment or order. *See* Fed. R. Civ. P. 60(b) (stating "[o]n <u>motion</u> and just terms, the court may relieve a party or its legal representative from a final judgment, <u>order</u>, or proceeding . . .") (emphasis added).

## II.     The Court Should Strike Plaintiff's Response as Improperly Filed.

Plaintiff's "Response" is not a response to the City's Motion at all, and it should be stricken as a nullity. Although the City is unsure how to categorize the document filed by Plaintiff as ECF No. 233, it is clearly not contemplated under any Rule of Civil Procedure.

As stated above, the proper mechanism to challenge the Court's prior Order is to move to for relief from the Order under Rule 60(b). Plaintiff's counsel either is not aware of the Rules or ignored them in order to file the public relations narrative outlined in Plaintiff's filing. (ECF No. 233.)

Consequently, the City requests that the Court exercise its inherent authority to manage its docket and strike Plaintiff's filing. (ECF No. 233); *In re Fine Paper Antitrust Litigation,* 685 F.2d 810, 817 (3d Cir.1982) (citations and internal quotation omitted), *cert. denied,* 459 U.S. 1156 (1983); *see also City of Mount Clemens v. EPA*, 917 F.2d 908, 914 (6th Cir. 1990) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.")

## III.    The Court Should Not Seal the City's Motion.

In the Sixth Circuit, there is a presumption of access to documents filed with the court. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (stating there is "a 'strong presumption in favor of openness' as to court records") (citation

3

omitted); *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (stating "[o]nly the most compelling reasons can justify non-disclosure of judicial records"). The Court should deny Plaintiff's request to seal for all the reasons set forth in the City's accompanying Response to Plaintiff's Motion to Seal. (ECF No. 237.) In short, Plaintiff has failed to elucidate a single valid reason why this information should not be on the public docket and cited no analysis using the *Shane Group* factors. *See Shane Grp.,* 825 F.3d 299 (6th Cir. 2016).

Accordingly, Plaintiff's request to seal the City's Motion (ECF No. 234) should be denied.

### IV.    The Court need not "cure any prejudice" through juror strikes.

The City is baffled by Plaintiff's request to strike any juror for cause to the extent that a juror has any knowledge about Mr. Nichols through the media or the Court's public docket. Those issues should be handled in voir dire, and jurors should be subject to preemptory challenges and dismissed for cause only if they indicate an inability to be impartial. Fed. R. Civ. P. 47. As the Court knows, this case has received a fair amount of publicity, from the airing of the incident, to the criminal trial, to the various press conferences Plaintiff's counsel has held. The extent of the impact this publicity may have on potential jurors should be explored and addressed during the voir dire process.

Finally, the City wants to remind the Court that Plaintiff put Mr. Nichols' character and relationships at issue in the litigation, and within the public eye.[1]  (*See* Pl.'s Initial Rule 26(a)(1)

---

[1] Plaintiff's Initial Rule 26(a)(1) Disclosures state that Plaintiff will offer testimony about Mr. Nichols' "personal habits of sobriety and industry" in the context of damages. (ECF No. 216–1, PageID 1671–72.) Moreover, Plaintiff states proof of damages will be offered related to Mr. Nichols' "life and aspirations," his "loss of earning capacity," and his "strength and capacity to work and for earning money." (*Id.*)

4

Disclosures, ECF No. 216–1; *see also* Compl., ECF No. 1, PageID 12, ¶¶ 40, 41.) Consequently, the City is entitled to explore Mr. Nichols' character and relationships in the litigation.

## V.     CONCLUSION

The City, therefore, asks the Court to (1) strike Plaintiff's Response, (2) deny Plaintiff's request to seal the City's Motion; and (3) deny Plaintiff's request to strike any juror for cause who learns anything negative about Mr. Nichols character.

Dated: November 18, 2024

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Freeman B. Foster (#23265)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Official Capacity, and Dewayne Smith as Agent of the City of Memphis*

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record and the Guardian Ad Litem via the Court's electronic filing system on November 18, 2024.

                                            *s/ Bruce McMullen*
                                            Bruce McMullen

4864-3607-6540