**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| RowVaughn Wells,<br><br>                 Plaintiff,<br><br>     v.<br><br>The City of Memphis *et al.*,<br><br>                 Defendants. | Case No. 2:23-CV-02224<br><br>JURY DEMAND |

**PLAINTIFF'S MOTION FOR ORDER SETTING
COMPREHENSIVE BRIEFING SCHEDULE**

Plaintiff RowVaughn Wells, through her undersigned counsel, hereby moves this Court for an order to set a comprehensive briefing schedule to address the matters arising from ECF 230.

ECF 230 was the City's November 15, 2024 filing in which it made disclosures and allegations based on depositions the City took between November 11-13, 2024. Over the course of just three days, the filing of ECF 230 led to a flurry of motions, responses, and supplements, including motions to seal, to strike, and additional requests for relief. *See* ECF 233, ECF 235, ECF 236, ECF 237, ECF 238. Each of these filings concerns the allegations the City publicized in ECF 230, but each addresses different aspects of that filing, such that the parties' positions have been scattered across multiple pleadings. And those pleadings, which were drafted on a few hours' notice, often talk past each other and do not engage with arguments made by the other side.

There are more filings yet to come. Plaintiff intends to seek leave to file a reply in support of her motion to seal (ECF 234), which is due November 25. Plaintiff's response in opposition to the City's motion to strike (ECF 238) is due December 2. And there are sure to be additional filings, as the parties are all but certain to come to issue about Plaintiff's confidentiality

1

designations of the November 11-13 deposition transcripts, which are due on December 5 and 6. Then there is the putative point of ECF 230 itself—the City's supplemental response to Plaintiff's motion for protective order (ECF 211), which the City has proposed should be filed after the parties' disputes regarding confidentiality have been resolved by the Court, *see* ECF 239 (a proposition with which Plaintiff agrees, *see* ECF 241).

The upshot of all this is that the parties have a serious and vigorously contested dispute on significant issues—but one which has been presented in a series of hastily assembled briefs that frequently talk past each other and that will be of limited value to the Court in adjudicating the issues at stake, and with more briefing to come that is in need of scheduling.

Plaintiff respectfully submits that the appropriate course forward is for the Court to set a comprehensive briefing schedule in which the parties can consolidate their positions with respect to ECF 230 and provide the Court with considered arguments that allow the parties to actually engage each other and present their points to the Court in an orderly and organized fashion. That, Plaintiff submits, is best accomplished by creating a consolidated briefing schedule, which Plaintiff sets out below.

Plaintiff's proposed schedule permits each side to submit omnibus briefs setting out their positions with respect to ECF 230, after first coming to issue on confidentiality designations for the November 11-13 deposition transcripts. Each side would file omnibus cross-briefs setting out their arguments arising from the City's filing of ECF 230, and then each side would file cross-responses to those opening briefs. To spare the Court from even more filings regarding ECF 230, there would be no replies.

Plaintiff consulted with counsel for the City regarding this proposal. The City opposes it. The City agrees on the need for a briefing schedule but believes the briefing should address only

one issue: whether Plaintiff's confidentiality designations are covered by the Court's Protective
Order (ECF 213). Under the City's preferred briefing schedule, the City would submit an opening
brief on this topic; Plaintiff would file a response; and the City, it is presumed, would try to get the
last word by seeking leave to reply.

The City's proposal is inadequate because it does not capture the full range of disputes
before the Court. The dispute regarding ECF 230 is not confined to whether each confidentiality
designation falls within the four corners of the Protective Order. As Plaintiff pointed out in her
response to ECF 230, there is settled case law prohibiting the use of the court's public docket to
sway a jury pool, especially in cases, like this one, that receive extraordinary attention in the local
press. *See* ECF 232. That is particularly concerning here, where there is a strong likelihood that
the allegations that the City seeks to broadcast throughout the Memphis media market via public
court filings may never be admitted at trial because they would be barred as irrelevant and unduly
prejudicial. The City evidently disagrees, but Plaintiff certainly should be allowed to present these
arguments in a full, considered manner to the Court. In addition, there is the question, not yet
briefed, of how to address the City's violation of the Protective Order when it published deposition
testimony in ECF 230 that undoubtedly risks tainting the jury pool before Plaintiff had the
opportunity to designate the testimony as confidential pursuant to the Protective Order (*see* ECF
236), and what remedies are appropriate to cure the damage done. Plaintiff would address some of
these issues in her reply in support of ECF 234 (currently due November 25) and her response in
opposition to ECF 238 (currently due December 2), but this would further scatter the parties'
positions across even more pleadings whereas an omnibus brief would be more streamlined.

The proper sequence is to afford the parties the time they are allowed under the Protective
Order to designate portions of the November 11-13 deposition transcripts as confidential (and to

attempt to resolve any disputes regarding those designations), and then, after the confidentiality designation process has concluded, consolidate the parties' briefing on the full range of issues raised by ECF 230 in the organized cross-briefing that Plaintiff proposes herein.  That achieves the ends of fairness and efficiency, while allowing the parties to organize their arguments in the manner likely to be most helpful for the Court.

To that end, Plaintiff respectfully proposes the following schedule to govern both briefing and confidentiality designations:

1. **December 5, 2024:** Plaintiff provides the City with confidentiality designations for the transcripts of the four depositions that took place November 11-13, 2024.

2. **December 9, 2024:** City provides objections to Plaintiff's confidentiality designations.

3. **December 11, 2024:** Plaintiff and City meet and confer on confidentiality designations.

4. **December 19, 2024:**  Both the City and Plaintiff file cross opening omnibus briefs on the merits of the sealing disputes, any issues related to ECF Nos. 232, 234, and 238, and any disputes regarding confidentiality designations.

5. **January 7, 2024:** Both the City and Plaintiff file cross response briefs addressing issues in the December 19, 2024 omnibus briefs. Plaintiff suggests that if the Court orders the above briefing schedule that neither party should be permitted a reply for the sake of efficiency and judicial economy.

6. **Seven days after the Court's order addressing the sealing disputes:** The City shall file its Supplemental Response to Plaintiff's Motion for Protective Order (the filing currently set to be filed on November 22, 2024).

7.  **Seven days after the City's supplemental response is filed:** Plaintiff shall file her reply to the City's supplemental response.[1]

In the event that the Court declines to set the above briefing schedule, Plaintiff requests, in the alternative, that the Court extend Plaintiff's deadlines *(i)* to seek leave to file a reply in support of her motion to seal (ECF 234) and *(ii)* to file her response to the City's motion to strike (ECF 238) to December 18, 2024—seven days after the date (December 11) that the parties have agreed to meet and confer regarding any confidentiality designation disputes.

Plaintiff further requests that ECF 230 remain under seal, and that all filings related to ECF 230 be filed under seal, until the various issues raised by the City's filing of ECF 230 have been ruled on by the Court.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court:

a)  Grant this Motion;

b)  Enter the schedule for briefing and confidentiality designations proposed above or, in the alternative, extend Plaintiff's deadlines *(i)* to seek leave to file a reply in support of her motion to seal (ECF 234) and *(ii)* to file her response to the City's motion to strike (ECF 238) to December 18; and

c)  Order that ECF 230 remain under seal, and that all filings related to ECF 230 be filed under seal, until the disputed sealing and confidentiality issues have been ruled on by the Court.

---

[1] Plaintiff's non-opposition to the City's motion for leave to file a supplemental response (ECF 230) was conditioned on the City's agreement not to oppose Plaintiff seeking leave to file a reply. Because the City represented to the Court that its motion for leave was unopposed, the City evidently does not oppose Plaintiff seeking leave to file a reply.

Dated: November 22, 2024                    Respectfully submitted,


/s/ *Antonio M. Romanucci*
Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net


David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com


Ben Crump (Wash., D.C. Bar No. 1552623; Tennessee Bar
No. 038054)
Chris O'Neal (Fla. Bar No. 910201) (*pro hac vice pending*)
Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice
pending*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone

ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Ga. Bar No. 190276) (*pro hac vice pending*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, Telephone
+1 (404) 478-8423, Facsimile
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tenn. Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, Telephone
ehdorse@gmail.com

*Attorneys for Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased*

## <u>CERTIFICATE OF CONSULTATION</u>

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned hereby certifies that on November 21, 2024, counsel for Plaintiff consulted with all parties via email regarding the relief requested in the foregoing motion. Counsel for the City stated it is opposed. Counsel for Defendants Hemphill and DeWayne Smith stated that parties beyond Plaintiff and the City "should be included in any discussions regarding confidentiality issues that may arise pursuant to the agreed upon protective order." No other parties responded as of the time of this filing.

*/s/ Antonio M. Romanucci*
Antonio M. Romanucci