IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RowVaughn Wells, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:23-CV-02224 |
| | ) | |
| v | ) | |
| | ) | JURY DEMAND |
| The City of Memphis *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINITFF'S RESPONSE IN OPPOSITION TO MOTION BY
DEFENDANT CITY OF MEMPHIS TO ENTER A SCHEDULING ORDER (ECF 246)**

Plaintiff RowVaughn Wells, through her undersigned counsel, submits this response to the motion by Defendant City of Memphis to enter a scheduling order, ECF 246.

For the reasons set forth herein, the Court should deny the City's motion. The motion is framed as a renewed request to enter a schedule that the parties jointly proposed last July, and set out in ECF 201. The schedule proposed in ECF 201, however, was long ago overtaken by events, including the continuance of the criminal trial(s) and sentencing of the individual defendants herein, and it no longer reflects reality.

If the schedule proposed in ECF 201 were retroactively imposed today, the results would be preposterous: *(1)* Fact discovery would close ***before*** the freeze in discovery against the officers who beat Mr. Nichols is set to expire. *(2)* Fact discovery would almost certainly close before the City had even answered Plaintiff's complaint and pleaded whatever affirmative defenses it will be asserting against Plaintiff's claims. *(3)* As Plaintiff has informed the City multiple times since September, there were multiple revelations during the *United States v. Bean et al.* criminal trial regarding the practices within the Memphis Police Department that drove and enabled the beating

1

of Mr. Nichols, which require the filing of an amended complaint (which Plaintiff will be seeking leave to file shortly)—all of which would be preemptively cut off if the Court were to retroactively enter the case deadlines in ECF 201. **(4)** The discovery deadline would cut off Plaintiff's months' long effort to enforce her existing discovery against the City.

In light of these realities, Plaintiff in October proposed an adjusted schedule to the City and followed up asking for a conference to discuss the matter. The City never responded. Instead, on November 25, the City wrote that it would be moving the Court to retroactively impose the schedule that had previously been proposed in ECF 201. Plaintiff responded the next day, proposing the schedule set out herein, and asking the City for a conference to arrive at a schedule that reflected the realities in the case. The City refused, refusing even to meet and confer before filing its motion to retroactively impose ECF 201.

This is not how parties, under the Federal Rules, are to behave. Plaintiff respectfully submits that the City's motion should be denied. Plaintiff favors the entry of the schedule proposed below. Any schedule entered must be one that accounts for the events which have transpired in this case and how they will affect its completion. Plaintiff respectfully submits that the following schedule reflects reality and will permit the parties to bring this case to a conclusion in a just and orderly manner:

**Completing All Discovery:** August 29, 2025

    (A) **Document Production and Interrogatories:** July 12, 2025

    (B) **Depositions:** August 29, 2025

    (C) **Requests for Admissions:** July 12, 2025

**Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2):**

    (A) **Disclosure of Plaintiff's (or Party with Burden Of Proof) Rule 26(a)(2) Expert Information**: September 19, 2025

    (B) **Disclosure of Defendant's (or Opposing Party) Rule 26(a)(2) Expert Information**: October 10, 2025

      (C) **Expert Witness Depositions**: November 7, 2025

**Motions to Exclude Experts/Daubert Motions:** December 19, 2025

**Supplementation Under Rule 26(e)(1)**: September 29, 2025

**Filing Dispositive Motions:** December 19, 2025

**Responses to Dispositive Motions:** January 19, 2026

**Replies to Dispositive Motions:** February 9, 2026

**Joint Proposed Pretrial Order Due**: TBD by Court

**Pretrial Conference Date**: TBD by Court

**Jury Trial**: TBD by Court

The Court should enter a schedule along these lines, or minimally instruct the City to meet and confer with counsel for Plaintiff in good faith so that the parties can discuss and come to terms on a realistic schedule which they can propose to the Court.

## DISCUSSION

Earlier this year, the parties met and conferred regarding a proposed schedule to manage this case going forward, and on July 18, 2024 they filed a joint motion proposing various dates for a modified scheduling order. *See* ECF 201.

The schedule set out in ECF 201 reflected Plaintiff's best estimate, as of July 2024, of the time that would be required to complete discovery in this case and move forward for trial. And since then, Plaintiff has pursued discovery aggressively with that goal in mind. Since July Plaintiff has taken nine depositions of many critical witnesses in this case, has negotiated matters such as Rule 30(b)(6) designations and testimony that should streamline depositions going forward. Beginning in July, Plaintiff has sent multiple Rule 37 letters and emails, and has held lengthy conferences with counsel for the City in an effort to gather the documents requested in Plaintiff's written discovery. Those enforcement efforts are ongoing.

In a complex case like this one, however, the events impacting the case schedule are simply not within the control of any party. Multiple events have occurred here.

3

*First,* the criminal cases against the officer-defendants who beat Mr. Nichols have not yet concluded. Far from it—the state-court criminal trials of those defendants have been set to begin at the end of April 2025. That means that the complete freeze of discovery against these defendants in *this* case, *see* ECF 110, can be expected to remain in place at least through May 2025.

Under the City's currently proposed schedule in ECF 246, fact discovery would close in one month, on December 30, 2024. That deadline is many months before the Court would lift the stay for the Criminal Defendants, who have either sentencing or state criminal trials scheduled deep into 2025.[1] Defendants Bean, Haley, and J. Smith's Shelby County criminal trials are set for April of 2025, and if they are similar in length to the federal criminal trials, those state criminal trials will conclude in mid-late May of 2025. Further, in the event some, or all, of the Criminal Defendants are found guilty, sentencing could take additional weeks. Thus, the state criminal cases may not be fully resolved until sometime in late summer of 2025, and may possibly take longer. That is a patently unreasonable result for Plaintiff's ability to complete her discovery, and would effectively prevent Plaintiff from even deposing the officers who beat Mr. Nichols to death.

*Second*, the City has not yet answered Plaintiff's complaint or pleaded its affirmative defenses. Nor has the Court ruled on pending Motions to Dismiss. The City filed their Motion to Dismiss July 7, 2023 (ECF 81), Defendants Preston Hemphill and Dewayne Smith filed their Motions to Dismiss on October 16, 2023 (ECF 112), Defendant Robert Long filed his Motion to Dismiss on November 19, 2023 (ECF 128), Defendant Michelle Whitaker filed her Motion to

---

[1] Desmond Mills entered a guilty plea in both the state and federal criminal cases on November 2, 2024. He is currently scheduled to be sentenced on February 20, 2025. Emmitt Martin III entered a guilty plea in his federal criminal case on August 23, 2024, and is scheduled to be sentenced on January 28, 2025. Tadarrius Bean, Demetrius Haley, and Justin Smith were found guilty in their federal criminal cases and are scheduled to be sentenced on January 22-24, 2025. Their state criminal trials are scheduled for April 28, 2025.

Dismiss on December 8, 2023 (ECF 131) and Defendant JaMichael Sandridge filed his Motion to Dismiss on December 8, 2023 (ECF 133). The Court has not ruled on any of those motions. And again, the City has not yet filed an answer or provided affirmative defenses, so Plaintiff is in the dark as to what matters remain in dispute for trial or are ripe for discovery.

**Third**, the *United States v. Bean* federal criminal trial featured multiple, blockbuster revelations about the policies and practices of the Memphis Police Department. The federal criminal trial revealed a completely new scope of Monell allegations, including a "run tax" instituted by Memphis Police Department Officers against citizens who resisted arrest, a code of silence amongst officers and supervisors, and new allegations against the department as a whole.

In light of those revelations at trial, Plaintiff has repeatedly told the City that she will be filing a new complaint and pursuing new *Monell* discovery in light of these revelations. All of this would be cut off by the City's proposed schedule.

**Fourth**, Plaintiff continues to enforce existing discovery. Plaintiff and the City are engaging in meet and confers, including a two-hour conference scheduled for December 4, concerning outstanding discovery pursuant to Rule 37. This discovery would be cut off under the City's proposed schedule.

## CONCLUSION

The schedule proposed in July defies the current reality. That is not the fault of Plaintiff, who has been pursuing discovery vigorously. Rather, it is the result of events in this considerably complex civil case and the parallel criminal cases arising from Mr. Nichols' death. The City's effort to have the Court retroactively impose a months' old scheduling proposal would have little effect except to cut off vital discovery and allow the City and its employees to skirt liability for Mr. Nichols' death. This litigation should not be driven by such maneuvers. The Court, rather,

5

should enter a real-world scheduling order that permits resolution of this case in a just and orderly manner.

Dated: November 27, 2024

Respectfully submitted,

/s/ *Stephen H. Weil*
Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Ben Crump (Wash., D.C. Bar No. 1552623; Tennessee Bar No. 038054)
Chris O'Neal (Fla. Bar No. 910201) (*pro hac vice pending*)
Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice pending*)
**BEN CRUMP LAW, PLLC**

6

717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Ga. Bar No. 190276) (*pro hac vice pending*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, Telephone
+1 (404) 478-8423, Facsimile
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tenn. Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, Telephone
ehdorse@gmail.com

*Attorneys for Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased*