IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RowVaughn Wells, Individually and as
Administratrix Ad Litem of the Estate of
Tyre Deandre Nichols, deceased,

    Plaintiff,

v.

The City of Memphis, a municipality;
Chief Cerelyn Davis, in her official capacity;
Emmitt Martin III, in his individual capacity;
Demetrius Haley, in his individual capacity;
Justin Smith, in his individual capacity;
Desmond Mills, Jr., in his individual capacity;
Tadarrius Bean, in his individual capacity;
Preston Hemphill, in his individual capacity
Robert Long, in his individual capacity;
JaMichael Sandridge, in his individual capacity;
Michelle Whitaker, in her individual capacity;
DeWayne Smith, in his individual capacity and
as an agent of the City of Memphis,

    Defendants.

Case No.: 2:23-cv-2224
**JURY DEMANDED**

### DEFENDANT MICHELLE WHITAKER'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF MEMPHIS' MOTION TO MODIFY THE SECOND AMENDED SCHEDULING ORDER

**COMES NOW**, Defendant, Michelle Whitaker (hereinafter referred to as "Defendant Whitaker"), by and through undersigned counsel of record, and submits this Response in Opposition to Defendant City of Memphis' (hereinafter referred to as the "City") Motion to Modify the Second Amended Scheduling Order (hereinafter referred to as the "Motion"). Defendant Whitaker states to the Court as follows:

Fed. R Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "In determining whether good cause exists, courts consider the diligence of the party seeking the extension and whether the opposing party will suffer prejudice by virtue of the amendment." *Ruffino v. Archer*, 2018 U.S. Dist. LEXIS 232121, at *3 (M.D. Tenn. 2018) (citing *Ott v. Publix Super Markets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014)).

The City has failed to demonstrate good cause to justify the modification of expired deadlines for discovery, expert disclosures, and dispositive motions, as set forth in the Second Amended Scheduling Order. Nevertheless, in its Motion, the City seeks sweeping modifications that would revive these expired deadlines, drastically altering the course of this litigation. While Defendant Whitaker recognizes the inherent complexities of this case, including the pending criminal proceedings involving certain Defendant Officers, the City's proposed revisions would disrupt the orderly progression of this matter, violate principles of fairness, and unduly prejudice Defendant Whitaker. As such, she opposes the wholesale reopening of this case as proposed by the City.

The Second Amended Scheduling Order established a comprehensive timeline to ensure the efficient progression of this matter. Critical deadlines included a discovery cutoff of August 30, 2024, a deadline for expert disclosures on October 1, 2024, and a dispositive motion deadline of October 28, 2024. These deadlines, now expired, provided a framework upon which all Parties were supposed to have relied upon to prepare their respective cases. Defendant Whitaker has complied fully with these deadlines, relying in good faith on the expectation that all Parties would adhere to the Court's Second Amended Scheduling Order. Allowing these expired deadlines to be retroactively extended would unfairly reward dilatory conduct by other parties, namely the City

and Plaintiff, while unjustly disadvantaging Defendant Whitaker. The City's Motion, if granted in its entirety, would undermine the efficient administration of this case by creating a precedent that deadlines may be disregarded without consequence.

However, notwithstanding her opposition to the City's Motion, Defendant Whitaker does not oppose limited and narrowly tailored modifications to accommodate unique circumstances specifically related to the Defendant Officers who face ongoing criminal proceedings. Reasonable adjustments, such as extending deadlines solely to allow for the completion of these officers' depositions and rescheduling the trial date accordingly, are equitable and preserve the fairness and efficiency intended by the original scheduling order.

Accordingly, Defendant Whitaker respectfully urges the Court to deny the City's broad request to modify the Second Amended Scheduling Order, except for limited changes to accommodate the completion of depositions for the Defendant Officers and a corresponding adjustment to the trial date.

Respectfully submitted,

**SPENCE PARTNERS**

By:   /s/ Jarrett M.D. Spence
Robert L.J. Spence, Jr. (BPR #12256)
Jarrett M.D. Spence (BPR#34577)
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
jspence@spencepartnerslaw.com

*Attorneys for Defendant Michelle Whitaker*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2024, a true and correct copy of the foregoing has been filed with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in the case.

/s/ Jarrett M.D. Spence