1

```
                 IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

---

RowVAUGHN WELLS, Individually and as
Administratrix Ad Litem of the Estate
of Tyre Deandre Nichols, Deceased.

       Plaintiff,

vs.                              NO. 2:23-cv-02224

CITY OF MEMPHIS, et al.

       Defendants.

---

**FTR-RECORDED** TEAMS PROCEEDINGS

MOTION HEARING

BEFORE THE HONORABLE ANNIE CHRISTOFF, JUDGE

WEDNESDAY

4TH OF DECEMBER, 2024

```
                    LASHAWN MARSHALL, RPR
                    OFFICIAL COURT REPORTER
             167 NORTH MAIN STREET - SUITE 242
                    MEMPHIS, TENNESSEE 38103
```

*UNREDACTED TRANSCRIPT*

1             **A P P E A R A N C E S**

2

3   **Appearing on behalf of the Plaintiff:**

4              MR. ANTONIO ROMANUCCI
             MR. JOSHUA LEVIN
5              MR. STEPHEN H. WEIL
             MS. SARAH M. RAISCH
6              Attorneys at Law
             ROMANUCCI & BLANDIN, LLC
7              321 North Clark Street, Suite 900
             Chicago, Illinois  60654
8              Phone: (312) 458-1000

9

10  **Appearing on behalf of the City of Memphis:**

11             MR. BRUCE McMULLEN
             MS. JENNIE VEE SILK
12             Attorneys at Law
             BAKER DONELSON
13             165 Madison Avenue, Suite 2000
             Memphis, Tennessee  38103
14             Phone: (901) 577-2303

15

16  **Appearing on behalf of Preston Hemphill:**

17             MS. MARY E. McKINNEY
             Attorney at Law
18             GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
             50 North Front Street, Suite 800
19             Memphis, Tennessee  38103
             Phone: (901) 528-1702

20

21  **Appearing on behalf of Emmitt Martin, III:**

22             MS. FLORENCE M. JOHNSON
             Attorney at Law
23             JOHNSON AND JOHNSON, PLLC
             1407 Union Avenue, Suite 1002
24             Memphis, Tennessee  38104
             Phone: (901) 725-7520

25

*UNREDACTED TRANSCRIPT*

1          **A P P E A R A N C E S**
                   **(Continued)**
2

3   **Appearing on behalf of Desmond Mills, Jr.:**

4              MR. CLYDE W. KEENAN
               Attorney at Law
5              KEENAN LAW & CONSULTING
               6465 North Quail Hollow Road
6              Memphis, Tennessee  38120
               Phone: (901) 767-1842
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*UNREDACTED TRANSCRIPT*

4

WEDNESDAY

December 4, 2024

****VIA FTR-RECORDED TEAMS***


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


**THE COURT:**  Good afternoon, everyone.  We are
here in Case 23-2224, Wells versus City of Memphis, et al.

And just as a reminder, there is to be no
recording of any kind here in federal court.  I know there
was some sort of read (phonetic) dot AI notification that
popped up.  I don't know what that is.  I know that y'all
don't know what that is.  So we'll go forward today, but just
please be sure that if -- if any of you-all have some sort
of, you know, transcribing software running in the background
that you may not even know about currently, please look into
that and make sure that that's disabled whenever you're
appearing virtually in federal court.

All right.  So we are here on a number of
motions.  Let me start by saying that I appreciate
Plaintiff's filing the motion for -- and it sounds like we're
getting some feedback.  So if you-all would mute until you
want to speak, that will probably help.

Mr. Keenan, it looks like maybe we're getting

*UNREDACTED TRANSCRIPT*

 1    some feedback on your end.

 2            Okay.  Good.

 3            So I appreciate the City filing -- or excuse

 4    me -- the Plaintiffs filing the -- the motion to set a

 5    briefing schedule because I did think it was a good idea for

 6    us all to get together.

 7            And Mr. Keenan, if you could mute, please.

 8            **MR. KEENAN:**  Your Honor, I'm not sure.

 9            **THE COURT:**  You had it muted for a second, but

10    then you -- there we go.

11            Okay.  Good.  That's good.

12            All right.  So it prompted us to set this hearing

13    so that we could get all on the same page and hopefully keep

14    you-all from having to do unnecessary panic filing, which I

15    completely understand.

16            And I also very much appreciated the City's

17    filing yesterday that laid out all of the motions and the

18    status.  And so I just wanted to, you know, from the top, let

19    you-all know that this was a procedurally unusual set of

20    circumstances that arose.  I don't think anybody handled

21    anything inappropriately, given the -- the time constraints

22    that you were under and the holiday.

23            I've noticed that the rhetoric in the filings has

24    gotten a little bit more heated.  It has been my impression

25    so far that you-all have been getting along well.  I hope

*UNREDACTED TRANSCRIPT*

1  that that continues.  You know, there's been some allegations

2  of gamesmanship from both sides.  You know, I know that we

3  have a lot of excellent lawyers on this call today, so I

4  would just remind everyone of Judge Turner's rules of

5  professional courtesy.  They're available on our website.

6  You know, read them; take them to heart.  I think it's a good

7  idea to read through those at least once a year just because

8  they're wonderful sentiments that we should all be following.

9  But I know that you-all are familiar with them and are doing

10  your best to do that.

11          So having said that, my goal for today is purely

12  logistical, not substantive.  I hope that that was clear from

13  the notice so that you-all didn't over-prepare; although, I'm

14  sure you did anyway.

15          So what we have are some motions that have now

16  been dealt with, so I'll go through those quickly.

17          The motion at 230, the City's motion to file the

18  supplemental response, has been granted, so that motion is

19  resolved.  I realize that there are issues raised in the

20  response, but I think those issues are covered by the other

21  motions and will be dealt with.  But that is -- that motion

22  itself is not pending anymore.

23          The City's motion for an extension became moot

24  because we didn't get a chance to rule on it before the City

25  filed their supplemental response.  And so we will deny that

*UNREDACTED  TRANSCRIPT*

1    one as moot.

2          The motion at 238, the City's motion to strike, I

3    realize that no response was filed to that motion, but I'm

4    going to deny that motion.  As I said, there is just a lot of

5    moving pieces here, and, you know, I have a pretty liberal

6    policy towards allowing the parties to file filings that they

7    think would be helpful to the Court.  I hope you-all have

8    realized that.  And so, in general, I am inclined to

9    consider, not always but certainly in general.  And so I'm

10   going to deny that motion to strike.

11         So that leaves us with -- that leaves us with the

12   underlying motion for protective order at 211 and the motion

13   to seal at 235.  And so let's talk about the motion to seal

14   first.

15         As I said, I know that there are issues that have

16   been raised in that motion and the response that have also --

17   there have been arguments along those lines made in other

18   filings.  I reviewed all of those.  I don't -- I'm not

19   interested in any additional briefing on whether the filings

20   that were filed publicly should have been sealed when they

21   were filed or should have been redacted in some way.  I think

22   that's -- that issue is fully briefed, along with the issue

23   of, you know, whether the parties think that some relief is

24   or is not warranted in relation to that.  So that -- that is

25   fully teed up.

*UNREDACTED TRANSCRIPT*

1          I am curious, however, as to whether there -- I

2    need to hear more from the parties on the -- the more

3    fundamental issue about whether this information needs to be

4    sealed, redacted, protected in some way.  And so, as I said,

5    we have the pending motion to seal.  We have the City's

6    response.

7          There was a suggestion in the motion for briefing

8    schedule that additional consultation might be useful among

9    the parties to identify what -- what the parties agree or at

10   least do not dispute should be redacted and/or sealed and

11   where the issues remain.

12         Mr. Romanucci, how does that sound?  Does that

13   sound right to you?

14         **MR. ROMANUCCI:**  It does sound right, Your Honor.

15   And if I could just beg for 30 seconds of your time because I

16   know I may disappoint some people on this call, but I have a

17   very serious conflict that I'm already late for.  And I know

18   it's no fault of the Court that we started late.  But if I

19   don't leave now, I am going to jeopardize this very important

20   conflict.  I have a two-hour presentation that I'm starting

21   at three o'clock my local time, and I have to get there.  And

22   there are literally hundreds of people waiting for me.  So if

23   I may --

24         **THE COURT:**  That's totally fine.

25         **MR. ROMANUCCI:**  If I may, Your Honor, I'm going

*UNREDACTED TRANSCRIPT*

1   to log off, with your -- with your blessing.  And I know that

2   the attorneys from R and B, who include today Ms. Raisch,

3   Mr. Levin, and Mr. Weil -- they can take over from here.

4   And, again, my apologies and regrets for not being able to

5   stay on the call because, as you said, definitely

6   over-prepared and anxious for it, too.

7           **THE COURT:**  All right.  Thank you, Mr. Romanucci,

8   and good luck in your presentation.

9           **MR. ROMANUCCI:**  Thank you.  Thank you, Your

10  Honor.

11          **THE COURT:**  All right.  So Ms. Raisch, will you

12  be speaking?

13          **MR. LEVIN:**  Your Honor?

14          **THE COURT:**  Yes.

15          **MR. LEVIN:**  Your Honor, I'm happy to jump in.

16  This is Joshua Levin for the Plaintiff.

17          **THE COURT:**  Mr. Levin, good afternoon.

18          **MR. LEVIN:**  I think Your Honor was exactly right

19  in noting that the briefing that took place in that flurry

20  over the weekend about two and a half weeks ago was under

21  serious time constraints, and then there was the Thanksgiving

22  holiday.  And that -- our view, in looking at what

23  transpired, is that there was a tremendous amount of rush and

24  still outstanding briefing to be done for the Court on these

25  very fundamental issues that go to the fairness of these

*UNREDACTED TRANSCRIPT*

proceedings and whether, fundamentally, a jury will be chosen

in a way that is not bias or prejudice.  And so our proposal

was to allow both sides to provide cross-briefings

simultaneously to the Court to address the items in an

omnibus fashion in order to put everything before the Court

and get a full and fair hearing.  And so that would cover the

outstanding motion 230 to seal.  That would cover the --

**THE COURT:**  So yeah, I just want to talk about

the sealing issue right now.  So the question is -- and it

was in your motion, so I assume that you agree -- that

additional consultation among the parties would be beneficial

at this point.

**MR. LEVIN:**  Yes, Your Honor, and additional

consultation specifically with regard to the confidentiality

destinations under the protective order in this case.

**THE COURT:**  Right.  And, you know, I -- one of

the reasons that I think it would be good for you-all to get

together is that the -- the confidentiality destinations of

the transcripts and the then diagram of overlap with the

redaction issue that I'm facing had some overlap but not

complete overlap.  And so I realize and appreciate that

you-all may have significant work to do with those

destinations that does not impact the motion for protective

order that I'm currently looking at, just, you know, as a

matter of logistics again, because that's the only thing that

*UNREDACTED TRANSCRIPT*

1  has been referred to me presently.

2          And I'm handling the motions, the corollary

3  motions that impact that -- that underlying 211 motion for

4  protective order.  And so if there are -- I'm only saying

5  that because I don't want you-all to expect that I will be

6  prepared to holistically deal with any issues that arise with

7  destinations of the transcripts.  It very well may be that if

8  you end up needing to file a motion, that it gets referred to

9  me.  But just so you know, at this point, that's not what I

10  am concerned with right now.

11          **MR. LEVIN:**  Your Honor, if I -- if I may just

12  make sure that we're all clear because I think you're right.

13  There are sort of different buckets of briefing.  So there is

14  the ECF 211, which is the Plaintiff's motion for protective

15  order regarding the subpoenas by the City.  And the subpoenas

16  for the -- for the Plaintiff's phone records, that is the

17  filing for which the City was granted leave and has already

18  filed its supplemental response.  And so at this point,

19  what's remaining with regard to that bucket is the Plaintiff

20  moving for leave to file our reply to --

21          **THE COURT:**  We're going to get there.  We're not

22  there yet.

23          **MR. LEVIN:**  Okay.  I just -- right.  I'm just

24  trying to lay out the difference.  I think that's one, and

25  the City has expressed that it is not opposed to us moving

*UNREDACTED TRANSCRIPT*

1    the --

2            **THE COURT:**  We'll get there.  We'll get there.

3            **MR. LEVIN:**  So that's one.  Then there's the

4    bucket of the sealing and confidentiality disputes and

5    pending disputes.

6            **THE COURT:**  And so that's what I'm speaking

7    about, is that the motion that's pending at 235 is the motion

8    to seal portions of 230.  And, of course, you know, I think

9    that could be rationally extended to the related filings.

10   But I just want to be clear that what is before me right now

11   is not all of the disputes that you-all may or may not have

12   regarding confidentiality destinations of the transcripts,

13   unless they are confidentiality destinations that are pieces

14   of what's being cited and relied on in 211 and the related

15   filings.

16           **MR. LEVIN:**  Right.  And I understood that all

17   that's been referred to you is 211 and not 235.

18           **THE COURT:**  No, no, no; 235 is before me.  I just

19   read 235 as requesting sealing of the docket filings that

20   relate to 211, not as requesting a resolution of all of

21   confidentiality issues regarding the transcripts.

22           **MR. LEVIN:**  So 235 is Plaintiff's motion to seal

23   portions of ECF 230?

24           **THE COURT:**  Exactly.

25           **MR. LEVIN:**  And then our response brief to 230

*UNREDACTED TRANSCRIPT*

1  also provided a different set of arguments about why the

2  information in 230 should be sealed.  And so it is broader

3  than just the confidentiality destinations within the scope

4  of the --

5          **THE COURT:**  Absolutely.

6          **MR. LEVIN:**  -- of the confidentiality order.

7          **THE COURT:**  Yeah.

8          **MR. LEVIN:**  And so our proposal is that

9  cross-briefing would help all parties and the Court to have a

10  full hearing of what is a really complex set of issues, and

11  there are briefs that have not yet been filed that still need

12  to be wrangled.  And it would make more sense for everyone to

13  not continue to have these arguments put forward in a

14  scatter-shot way, and, instead, we can just have

15  cross-briefing, put everything out before the Court.  And

16  whether it ends up being Your Honor or Judge Norris, then

17  this serious set of disputes can be ruled on.

18          **THE COURT:**  Okay.  Mr. McMullen, let me turn to

19  you because I see what is before me as somewhat narrower than

20  what Mr. Levin has just set out.

21          I think that there are -- there is an issue of

22  what should be made publicly available in this case.  My

23  jurisdiction over that issue is limited to the filings that

24  relate to 211.  So, you know, the motion, the response, the

25  supplemental response, the reply that is yet to be filed, and

*UNREDACTED TRANSCRIPT*

1    then all of these subsidiary motions that have come up around

2    that, that themselves contain information that may or may not

3    need to be sealed.  Is that your understanding, Mr. McMullen?

4            **MR. McMULLEN:**  That's my understanding, Your

5    Honor.

6            And I think it's very confusing when you try to

7    mix all this in an omnibus motion.  That's why we outlined,

8    in our brief, everything that had been fully briefed and

9    everything that is moot at this point.

10            In 211, I don't know.  I think they filed the

11    motion.  We filed a response, and then we filed a

12    supplemental response.  And I don't think they asked for

13    leave to respond to that, so we think that is fully briefed

14    and ready for the Court to rule on.

15            I know -- I noted that in 235 -- I think your

16    question -- and it got kind of confused, ECF 235.  I think

17    your question was do we need further consultation on that

18    motion.  I think that was the narrow question that you asked

19    Mr. Levin when he went into his argument on the omnibus, his

20    omnibus motion.  And to answer your question:  I don't think

21    any further consultation would move the ball with us.  I

22    think we're both very clear on our opinions on the motions,

23    based on meeting with them, so I don't think any further

24    consultation is needed.  It's fully briefed.

25            **THE COURT:**  Okay.  Then I am going to ask you-all

*UNREDACTED TRANSCRIPT*

1  to just confirm that with each other, since there's a

2  difference of opinion on whether there is even an agreement,

3  or, I suppose, not agreement but collective understanding of

4  where the dispute lies.  And so I would like for you-all to

5  get together.

6         And, again, as I said, as it relates to me -- and

7  I realize this may result in somewhat of a

8  piecemeal-discussion process on your part, but that's the

9  nature of the system that we have -- to get together and --

10  and just confirm either agreement or lack of dispute or

11  dispute about what of the different portions of the filings

12  that relate to 211 need to remain under seal and what should,

13  instead, be publicly released and/or redacted in some way.

14  And, you know, if you-all already, you know, are on the same

15  page about that, then it would be a short conversation.  And

16  I'll just ask that you file a notice setting that out, and I

17  would love to get that in two weeks.

18         Mr. Levin, does that sound doable?

19         **MR. LEVIN:**  Well, I think what I would say, Your

20  Honor, is we have already had a series of those conversations

21  with the City in the two weeks between their November 15th

22  filing -- or, sorry -- in the one week, between the

23  November 15th filing of 230 and our November 22nd filing of

24  this proposed briefing schedule.  And our whole point in

25  filing the motion for the briefing schedule is that we had

*UNREDACTED TRANSCRIPT*

1    seen that we were already clearly at an impasse on kind of

2    this big sealing issue.  And then there's the separate

3    confidentiality destination issue that still needed to play

4    itself out under the allotted time period in this case's

5    confidentiality order.  And I think, you know, Bruce has said

6    that he thinks no further consultation is necessary.  But in

7    the City's motion, response brief last night, they said the

8    parties do still need to confer on the confidentiality

9    destination issues.

10                So we think we put forward a really timely

11    process for the parties to designate, as appropriate, confer,

12    if there are any disputes.  Then we would file cross-briefing

13    on that, and it would encompass all the issues.

14                **THE COURT:**  So Mr. Levin, I'm going to interrupt

15    you.  I know that you think that your proposal is reasonable.

16    I'm proposing something different, which is that you-all meet

17    and confer and file a notice in two weeks and --

18                (Indiscernible cross-talk).

19                **MS. McKINNEY:**  Your Honor?

20                **THE COURT:**  -- the disputes last --

21                **THE COURT:**  Ms. McKinney?

22                **MS. McKINNEY:**  Yes.  One thing that has been

23    troublesome for all the rest of us is that we're not included

24    in any of this.  And (videoconference audio distortion) --

25                **THE COURT:**  Ms. McKinney, I just lost you.  I

*UNREDACTED TRANSCRIPT*

1    lost your audio.  I think this might have happened last time.

2         Well, Ms. McKinney, keep trying.  I still can't

3    hear you.  I'm sorry.  Can anyone else hear her?

4         Mr. McMullen, can you hear?  No.

5         **MR. McMULLEN:**  I can't hear her.

6         **THE COURT:**  Okay.  Okay.  Good.

7         So Ms. McKinney, what I would say is -- and thank

8    you for reminding me -- is that all counsel should be

9    involved, to the extent that they have a position one way or

10   the other, certainly.  And -- and that's why I want to know

11   the feasibility of two weeks.  I know December is a very busy

12   time.  But also, you know, I think some of you have very firm

13   ideas about where you think you are.  So as I said, there may

14   not need to be a lot of discussion.

15        So Mr. Levin, what do you think about two weeks

16   for counsel to just confirm and then prepare that notice of

17   where the disputes lie and do not lie?

18        **MR. WEIL:**  Judge, if I may, this is Steve Weil.

19   We're in different rooms here, so it's a little hard for us

20   to communicate with each other.

21        **THE COURT:**  Sure.

22        **MR. WEIL:**  I think we understand half of what

23   you're asking, but maybe not -- don't have the -- just want

24   to make sure we have the full picture before we get off here.

25        So there -- you have all the list of briefs that

*UNREDACTED TRANSCRIPT*

```
 1    have been filed.  You want us to meet and confer and -- about

 2    the confidentiality.  Set aside the protective order for one

 3    minute, just about the confidentiality and what should be on

 4    the docket.  There's a bunch of different arguments made and

 5    a bunch of different registers about those.  You want us to

 6    meet and confer about those issues, figure out where we may

 7    disagree or not disagree, and then come to the court and say

 8    here's where we line up, and here's where we don't?  Is

 9    that -- is that what you're looking for?

10              THE COURT:  That is exactly it, Mr. Weil.  Thank

11    you.

12              MR. WEIL:  Okay.

13              THE COURT:  And I know that, in some instances,

14    it's going to be as simple as, you know, certain parties

15    should be -- or certain individuals should be referred to by

16    initials or by a pseudonym:  We agree; we don't agree.  In

17    other situations, I realize, as Mr. Levin and I were

18    discussing, that it may involve a more thorough discussion

19    about -- as set out in the -- in the basic protective order

20    about the process of designating confidentiality.

21              And so to the extent that this two-week period

22    accelerates that timeline as to, again, any portions of the

23    transcript that you would like to be relying on in relation

24    to the -- the text message subpoena issue, that those would

25    need to at least be conferred upon and identified as disputed
```

*UNREDACTED TRANSCRIPT*

1    or not.

2              **MR. WEIL:**  Judge, understood.  Steve Weil again.

3              So in the -- in the report that we're filing, are

4    we going to be making, then, just sort of setting out our

5    positions in that and -- okay.

6              **THE COURT:**  Yeah.  I don't -- I don't think that

7    additional briefing is necessary on the sealing issue, but --

8    well, you know what?  Let me just say.

9              Okay.  So to -- because as you're working through

10   these issues, you may identify other arguments that you want

11   to make about those, so I would love to have a joint notice

12   with no argument, just identification of, you know, this is

13   the filing; this is our position on whether or not it should

14   be fully released; it should be -- remain sealed; it should

15   be redacted or changed in some way.

16             And then the same day, in that two-week period,

17   if you would like to make an additional argumentative filing,

18   any party may do that as well.

19             **MR. WEIL:**  Okay.

20             **THE COURT:**  On -- on the sealing issue, on the

21   confidentiality issue, on the -- on the protection of this

22   information from the public.

23             And let me also say that, you know, to the extent

24   that the parties may agree that there is information that

25   would remain protective, protected, I understand, of course,

*UNREDACTED TRANSCRIPT*

1   that your job is to further the best interest of your

2   clients, and it may not be in the best interest of your

3   clients for that information to be public.

4          My job is to not only resolve those disputes but

5   also protect the interest of the public to access to these

6   proceedings.  And so just because the parties agree does not

7   mean that I would ultimately rule that something should or

8   should not be sealed.  But I do -- I would love for you-all

9   to have that in the back of your mind, that that is an

10  important consideration to the Court, because, you know, as

11  some of the briefing as established, the default position is

12  public access.

13         And so, you know, it's just a little bit of a --

14  in our adversarial system, this is one area where sometimes

15  the Court really has to step in and be the advocate for the

16  people for access to information.  Not saying that I'd make

17  any determinations one way or the other, but I'm just saying

18  that that is part of our decision-making process.

19         **MR. WEIL:**  Understood, Judge.

20         And then for -- to shift gears, so it's the

21  report and the brief, and each side gets a brief.

22         In terms of 211 -- so just going back to our

23  protective motion or motion for protective order, that was

24  the other matter.  And then there's the response and the

25  supplemental response.

*UNREDACTED TRANSCRIPT*

1          Setting aside confidentiality, we did want to

2    have a -- well --

3          **THE COURT:**  Okay.  Let's put that -- let's put a

4    pin in that real quick, Mr. Weil.  Let me just check with

5    Mr. McMullen.

6          Does that two-week period sound doable to you,

7    Mr. McMullen?

8          **MR. McMULLEN:**  Yeah, I'm a little confused

9    because Mr. Weil keeps adding stuff to it, and Mr. Levin

10   keeps adding stuff to it.

11         211 are what we're talking about first, the

12   motion for a protective order.  You said you want us to

13   confer and let the Court know whether we were -- what we're

14   able to agree on and not agree on, and that's ECF 211.  Is

15   that correct?

16         **THE COURT:**  No.  What we're talking about right

17   now is the sealing issue.

18         So there have been a number of documents filed on

19   the docket under seal since the original 230 was filed that

20   kicked all of this off.  And so as you-all know, when the

21   question was raised about whether the information in 230

22   should be sealed, the Court decided to just go ahead and seal

23   it, as an interim measure, and we would get to that later,

24   and directed the parties, as you have done, to continue

25   filing that information under seal until the issue is

*UNREDACTED TRANSCRIPT*

1    resolved.

2           However, because they are currently under seal

3    does not mean they will remain under seal.  And so that is

4    sort of the first bite at this apple that we're going to try

5    and do, is determine what can be unsealed, what needs to

6    remain under seal.  And that's why I want you-all to just get

7    back together and confirm whether or not there's dispute

8    about what -- which of those documents, including which

9    portions of those documents, need to remain under seal, can

10   be unsealed, needs some redaction, or needs some alteration,

11   you know, to a pseudonym or something like that.

12           **MR. WEIL:**  Judge, Steve Weil.

13           **THE COURT:**  That's what I'm asking for in two

14   weeks.

15           **MR. McMULLEN:**  Hold on, Steve.  Let me get a

16   clear understanding before you jump in again, please.

17           All right.  So -- all right.  So you want us to

18   report back to the Court what, if anything, we agree upon

19   needs to be sealed and not be sealed with respect to all the

20   documents that were filed, especially the ones that you

21   sealed in the interim basis, until we work that out.  You

22   want a report back to the Court from us on that; is that

23   correct?

24           **THE COURT:**  That's exactly right.

25           So basically any -- any document on the docket

*UNREDACTED TRANSCRIPT*

right now that is under seal that's been filed from 230

onward -- I believe all of those -- anything that's been

filed since November 15th --

        **MR. McMULLEN:**  Okay.

        **THE COURT:**  **--** falls into my lap.  I think that's

right.  I don't think that y'all have filed anything else

under seal that's not been referred to me.

        And by the way, I'll also throw in, while we're

talking about it, the -- the motion to amend the scheduling

order has not been referred to me.  I know that Judge Norris

is aware of that motion and is thinking about it and may be

setting up some time to talk to y'all about it soon.  But

that is not before me, so we're not dealing with modifying

the scheduling order at this point.

        So Mr. McMullen, does that sound doable?

        **MR. McMULLEN:**  So if we submit that report, and

then are you suggesting that we have a additional briefing on

that?  Because I think those issues have been fully briefed

on our part.  We spent weekend and late nights getting it

done, and I think they've been fully briefed.  I don't see

that it would really assist the Court, any other briefing,

but --

        **THE COURT:**  I tend to agree with you,

Mr. McMullen.  I just want to leave open that opportunity

because I know that Plaintiffs really do want to file some

*UNREDACTED TRANSCRIPT*

1    additional briefing.  I would love for it to not be

2    repetitive of what's already been briefed because I think

3    that I've reviewed them all.  I know it was a little

4    confusing, but it's not that many documents.  We got through

5    them all.  We can get it organized.  But to the extent

6    something else comes up while you-all are in conversation

7    that, you know -- or additional points that you'd like me to

8    consider when I'm deciding whether to unseal any of these

9    documents, I'm happy to receive that on the 18th as well.

10             **MR. McMULLEN:**  Okay.  On the 18th --

11             **THE COURT:**  Yes.

12             **MR. McMULLEN:**  -- along with the report?

13             Okay.  So anything we want to -- any additional

14   arguments that we want to make will be made along with the

15   report on December 18th?

16             **THE COURT:**  Yes.  I'm envisioning a joint filing

17   about where the disputes lie and don't lie.  And then if

18   you-all would like to make separate arguments, you can do

19   that in a separate filing; any party can do that.

20             **MR. McMULLEN:**  All of which are due --

21             **THE COURT:**  Just on the sealing issue.

22             **MR. McMULLEN:**  Right, just on the sealing issue.

23   Okay.  I think I understand.

24             **THE COURT:**  Okay.  Good.

25             And just to reiterate, I am not interested in

*UNREDACTED TRANSCRIPT*

1   hearing disputes about the confidentiality destinations that

2   do not relate to documents that have been sealed.  So I fully

3   appreciate that there may be a lot in those transcripts that

4   you-all have to talk about, but unless it relates to one of

5   the transcripts that's been filed under seal -- but specific

6   portions of the transcript that you would like to rely on

7   that's been filed under seal -- then I just don't think

8   that's before me at this point.

9         **MR. WEIL:**  Judge, just one other matter regarding

10  that:  We would like to, at least provisionally, have at

11  least part of the filing, this filing you're contemplating,

12  be at least temporarily under seal.

13        **THE COURT:**  Yes.  Thank you.

14        **MR. WEIL:**  One of the challenge -- okay.

15        **THE COURT:**  I was going to say that as well.

16        Again, because I'm going to consider it

17  holistically, I think this filing should be under seal as

18  well just so you-all don't have to have any dispute about

19  what part of this should be under seal or not.  And then once

20  it's -- and in addition, the separate filings, if you wish to

21  make them on the 18th, those may be under seal as well.

22  Actually, let's just say this:  Should be under seal,

23  because, you know, to the extent there's a dispute about what

24  should be sealed or not, let's just leave those under seal.

25  And then once a decision is made, then they can be unsealed

*UNREDACTED TRANSCRIPT*

1   at that time, if necessary.

2           Good question.

3           Okay.  So those will be due by the 18th.

4           And then going back to 211, the motion for the

5   protective order:  So I have the Plaintiff's motion, the

6   City's response, the City's supplemental response.

7   Plaintiff's have indicated in several places that they would

8   like to file a reply.  As I said, I have a pretty liberal

9   policy towards that.  I'm happy to accept a reply on that as

10  well.  And --

11          **MR. McMULLEN:**  Your Honor, I hate to be a -- I

12  don't know what to call it.  But under the rules, they've had

13  an opportunity.  I mean, we rushed hard to file within the

14  rules, leave to file a reply.  And, you know, we've done that

15  and didn't get a relief.  And we had to go ahead and file the

16  supplemental motion.  I'm just -- I'm just a little concerned

17  that we're just briefing this thing to death and --

18          **THE COURT:**  I hear you, Mr. McMullen, but I'm

19  going to let them file the reply.

20          **MR. McMULLEN:**  Okay.  Thank you, Your Honor.

21          **THE COURT:**  Okay.  I -- you know, there was a lot

22  of new information that was raised in the supplemental

23  response, and it will be most helpful to me to hear from the

24  Plaintiffs about it.

25          In addition, I may end up setting a hearing on

*UNREDACTED  TRANSCRIPT*

1    that; I don't know yet.  I'll wait and see the reply and try

2    to work through some of these sealing issues because, of

3    course, whether that hearing would be sealed or not would be

4    part of the sealing determination.  And so I'm hoping to get

5    through that determination first.

6              So in that vein, then, I think I can give

7    Plaintiffs a little more breathing room to do that because I

8    would like for you to -- you-all to focus on the sealing

9    issue.  So I would give you three weeks, but that's Christmas

10   day.  And then four weeks is New Year's Day.  So what if we

11   say January 3rd for that reply brief?

12             Mr. Levin, Mr. Weil, does that sound doable?

13             **MR. LEVIN:**  Yeah, we can do that.

14             **MR. WEIL:**  We'll be able to get it done, Judge.

15             **THE COURT:**  Okay.

16             **MR. McMULLEN:**  I would like to say, for the

17   record, Your Honor, the information in our supplemental brief

18   was not new to the Plaintiffs.  They got the information --

19             **THE COURT:**  No, no, It was new to me, though.  It

20   was new to me.

21             **MR. McMULLEN:**  I understand.

22             **THE COURT:**  You know, these are -- these are

23   complicated issues, and they have come fast and furious to

24   me.  And so, as I said, I may even still set a substantive

25   hearing on that.  I don't -- I'm not sure yet.

*UNREDACTED TRANSCRIPT*

28

1          **MR. McMULLEN:**  Thank you.

2          **THE COURT:**  Okay.  So we have the notice about

3  what is disputed or not about sealing on the 18th.  We have

4  any additional argument about sealing on the 18th.  We have

5  the reply to 211 on the 3rd.

6          I've covered, I believe, all of the other

7  motions.  So Mr. Levin, is there anything else that we need

8  to talk about today?

9          **MR. LEVIN:**  Not on my part.  Steve or Sarah?

10          **THE COURT:**  Mr. Weil?  Ms. Raisch?

11          **MR. WEIL:**  Nothing here, Judge.

12          **THE COURT:**  All right.  Mr. McMullen?

13          I'm sorry.  Ms. Raisch?

14          **MS. RAISCH:**  I just said no, Your Honor.  Thank

15  you.

16          **THE COURT:**  Okay.  Mr. McMullen?  Ms. Silk?

17  Anything from the City's end?

18          (No verbal response was rendered.)

19          **THE COURT:**  Okay.  And then anyone else?

20          Ms. McKinney, I don't know.  Hopefully we handled

21  any issues that you wanted to raise.

22          **MS. McKINNEY:**  Yes, Your Honor.

23          **THE COURT:**  Okay.  Excellent.  And I can hear you

24  now.

25          Anyone else want to weigh in on anything?  Any

*UNREDACTED TRANSCRIPT*

1    other lawyers, I should say.

2                    (No verbal response was rendered.)

3                    **THE COURT:**  All right.  Then, I appreciate

4    you-all getting together on this.  I hope everyone had a good

5    Thanksgiving and is staying warm out there.  I look forward

6    to getting these filings.  As I said, I may try to get

7    you-all together again, but I may not need to.  So we will

8    look forward to seeing what you get for us.  Thank you-all

9    very much.  Court is adjourned.

10                   (**FTR-RECORDED** videoconference (Teams) proceedings

11   concluded.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*UNREDACTED TRANSCRIPT*

30

# C E R T I F I C A T E

1

2

3        I, LASHAWN MARSHALL, RPR, do hereby certify that

4   the foregoing 29 pages are, to the best of my knowledge,

5   skill and ability to discern testimony and comments via

6   videoconference transmission, a true and accurate transcript

7   from my stenotype notes of the **FTR-RECORDED** Motion Hearing

8   Proceedings on the 4th day of December, 2024, in the matter

9   of:

10

11

12

13  RowVAUGHN WELLS

14  vs.

15  CITY OF MEMPHIS, et al.

16

17  Dated this 16th day of December, 2024,

18

19

20

21

22

23        *S/Lashawn Marshall*

24                Lashawn Marshall, RPR
                Official Court Reporter
25                United States District Court
                Western District of Tennessee

*UNREDACTED TRANSCRIPT*