UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ROWVAUGH WELLS, INDIVIDUALLY ) <br> AND AS ADMINISTRATIX OF THE ) <br> ESTATE OF TYE DEANDRE NICHOLS, ) <br> DECEASED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF MEMPHIS, A ) <br> MUNICIPALITY, et al. ) <br> ) <br> Defendants. ) | Case No. 2:23-cv-02224 |

---

### DEFENDANT LONG'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

---

**COMES NOW**, Defendant Robert Long by and through counsel, and pursuant to Federal Rule of Civil Procedure 15 respectfully submits the following Response in Opposition to Plaintiffs' Motion for Leave to Amend. Plaintiffs' Motion for Leave to Amend should be denied for two reasons: (1) Plaintiffs have failed to Comply with the scheduling order; and (2) Defendant Long will be prejudiced if Plaintiffs are allowed to amend their complaint.

### PERTINENT FACTS

On April 26, 2024, this Court Granted the Parties' Unopposed Second Amended Scheduling Order. (D.E. 185). According to the scheduling order, discovery closed on August 30, 2024. Moreover, the Court ruled that the Plaintiff must amend their complaint by November 10, 2023. (D.E. 111). Plaintiffs have failed to comply with the Court's deadline. The court stated:

1

***This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

(D.E. 111). Plaintiffs have failed to establish good cause for waiting for over a year to amend its complaint.

## LAW AND ARGUMENT

### 1. PLAINTIFFS HAVE FAILED TO COMPLY WITH THE SCHEDULING ORDER

Generally, "[l]eave to amend [the pleadings] should be freely given to promote justice." *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022) (citing Fed. R. Civ. R. 15(a)). When a party seeks to amend after court-imposed deadlines for doing so, however, the stricter standards of Federal Rule of Civil Procedure 16 apply. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); see also *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013) ("[A] motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause[.]").

In *Sherman*, the court contrasted the more stringent requirement of Rule 16(b) with the liberal standard under Rule 15, noting that the good cause standard in Rule 16(b) is "not optional." 532 F.3d at 716-18 ("Given the absence of good cause, we must conclude that the district court abused its discretion in allowing [the movant] to amend its answer so long after the scheduling deadline."). The movant's diligence in attempting to meet the case management order's requirements is the "primary measure" of good cause. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then we may conclude that the moving party has failed to show good cause." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 718). In the case at hand, the

2

Plaintiffs have failed to plead or allege "good cause" for amending the scheduling. Like *Sherman*, Plaintiffs are not entitled to any amendment to the scheduling order because Plaintiffs have failed to establish "good cause." Thus, the Court should deny Plaintiffs' Motion for Leave to Amend because it does not comply with the Court's scheduling order.

    **2. DEFENDANT LONG WILL BE PREJUDICED IF PLAINTIFFS ARE ALLOWED TO AMEND THEIR COMPLAINT**

According to Rule 15(a)(2), courts "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, granting "leave to amend is by no means automatic." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted). Rather, the court can consider a variety of factors including "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2004). If allowing an amendment would be futile, the court may deny a motion for leave to amend. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). A proposed amendment is futile if it fails to cure the deficiencies in the original complaint. *Id*.

When ruling on a motion to amend, whether the non-movant will be prejudiced is the key factor. See *Zenith Radio Corp.*, 401 U.S. at 330-31. "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (simplified). The party opposing the amendment has the burden of demonstrating undue prejudice within the meaning of Rule 15, and "[w]hile any amendment invariably causes some practical prejudice, undue prejudice means that the amendment would work an injustice to the defendants." *Koehler v. Freightquote.com, Inc.*, No.

12-2505-KHV-GLR, 2013 U.S. Dist. LEXIS 104824, 2013 WL 3878170, at *3 (D. Kan. July 26, 2013) (simplified).

Prejudice is found "only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Velocity Press v. Key Bank, NA*, 570 Fed. Appx. 783, 788 citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). In the case at hand, Defendant Long would be prejudiced if the Plaintiffs were allowed to amend their complaint at this late stage of the case Defendant Long would be invalidated and he would not be allowed to file a new Motion to Dismiss because the time to file a Motion to Dismiss has passed. Moreover, our Supreme Court has made it clear, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685, (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, (1991) (Kennedy, J., concurring in the judgment)). Here, Defendant Long filed a Motion to Dismiss based on a theory of qualified immunity on November 19, 2023 more than a year ago. (D.E. 128). As the law allows a defendant to first raise a qualified immunity defense at the pleadings stage in a motion to dismiss, and "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985). Defendant Long timely filed his Motion to Dismiss and if the Plaintiffs are allowed to amend, Defendant's Motion to Dismiss would be procedurally invalidated. Thus, allowing Plaintiffs the right to amend would substantially prejudice Defendant Long.

Lastly, in some circuits undue delay is a valid reason for denying a motion to amend. See e.g., *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006). Yet, delay or "lateness" alone does not justify denying the motion. See *Minter*, 451 F.3d at 1205. "At some point, however,

delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id*. (citing *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004)). Simply as stated *supra*., all deadlines have expired and allowing the Plaintiffs the right to amend at its stage would prejudice Defendant Long unless he is allowed to refile his Motion to Dismiss. Thus, Plaintiffs' Motion for Leave to Amend should be denied.

For the foregoing reasons, Defendant Long requests that Plaintiffs' Motion for Leave to Amend be denied.

Respectfully Submitted,

s/Darrell J. O'Neal

_____

Darrell J. O'Neal (BPR #20927)
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009 telephone
(901) 345-8014 facsimile
domemphislaw@darrelloneal.com
*Attorney for Robert Long*

## CERTIFICATE OF SERVICE

I, Darrell J. O'Neal, hereby certify that I have forwarded a copy of the foregoing document through the ECF/ECM system on this 16th day of December 2024.

s/ Darrell J. O'Neal

_____

Darrell J. O'Neal