IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RowVaughn Wells, Individually and as
Administratrix Ad Litem of the Estate of
Tyre Deandre Nichols, deceased,

    Plaintiff,

v.

The City of Memphis, a municipality;
Chief Cerelyn Davis, in her official capacity;
Emmitt Martin III, in his individual capacity;
Demetrius Haley, in his individual capacity;
Justin Smith, in his individual capacity;
Desmond Mills, Jr., in his individual capacity;
Tadarrius Bean, in his individual capacity;
Preston Hemphill, in his individual capacity
Robert Long, in his individual capacity;
JaMichael Sandridge, in his individual capacity;
Michelle Whitaker, in her individual capacity;
DeWayne Smith, in his individual capacity and
as an agent of the City of Memphis,

    Defendants.

Case No.: 2:23-cv-2224
**JURY DEMANDED**

---

### DEFENDANT MICHELLE WHITAKER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

**COMES NOW**, Defendant Michelle Whitaker (hereinafter referred to as "Defendant Whitaker"), by and through undersigned counsel of record, and submits this Response in Opposition to Plaintiff RowVaughn Wells' (hereinafter referred to as the "Plaintiff") Motion for Leave to File Amended Complaint (hereinafter referred to as the "Motion"). Defendant Whitaker states to the Court as follows:

## I.    INTRODUCTION

While Fed. Civ. P. 15(a)(2) encourages courts to "freely give leave when justice so requires," courts have consistently held that undue delay, bad faith, repeated failure to address deficiencies, undue prejudice, or futility of the proposed amendments warrant denial of such motions. Here, Plaintiff's Motion fails under multiple prongs of this standard. Plaintiff's Motion is untimely, coming well after the court-established deadline for amending pleadings and the close of discovery.[1] Allowing an amendment at this late stage – trial is scheduled to begin on March 24, 2025 – would unduly prejudice Defendant Whitaker, undermining her ability to fairly defend against new factual allegations and claims. Additionally, Plaintiff's proposed amendments are futile as they provide no substantive change to the claims already set out in detail in the original 138-page complaint she filed.[2] For these reasons, as further detailed below, Plaintiff's Motion should be denied.

## II.    LAW & ARGUMENT

### A. Motion for Leave to Amend Complaint

Amendments to pleadings are governed by Fed. Civ. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that a "court should freely give leave when justice so requires." However, a district court may deny a motion to amend where there is "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *M.P.T.C. v. Nelson Cty. Sch. Dist.*, 192 F. Supp. 3d 798, 811 (W.D. Ky. 2016) (quoting

---

[1] *See* ECF. 111 – Scheduling Order deadline for amending pleadings **expired** on November 10, 2023. Also, ECF. 185 – Order Granting Plaintiff's Unopposed Motion for Modified Scheduling Order; Second Amended Scheduling Order –the deadline for completing all discovery **expired** on August 30, 2024.
[2] *See* ECF. 248-1 Proposed First Amended Complaint contains 144 pages.

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Furthermore, courts may deny a motion to leave to amend if they deem the proposed amendment futile.  *Kissinger v. Mahoning Cty. Republican Party*, 2023 U.S. Dist. LEXIS 105560, at *12 (N.D. Ohio June 16, 2023).

### B. Plaintiff's Motion for Leave to Amend is Untimely

Plaintiff's request to amend the complaint at this late stage in the proceedings should be denied because it is both very untimely and prejudicial.  The Court's original scheduling order set a deadline for amending pleadings which expired on **November 10, 2023**,[3] a deadline that expired over one (1) year ago and which Plaintiff allowed to lapse without seeking leave to enlarge or amend the deadline.  Furthermore, the Second Amended Scheduling Order provided that discovery closed on **August 30, 2024**, Plaintiff's expert disclosures were due by **September 2, 2024**, and the dispositive motion deadline was **October 28, 2024**.[4]  All of these deadlines have also now expired.

Allowing Plaintiff to amend the complaint after the close of discovery and the expiration of the dispositive motion deadline would unduly prejudice Defendant Whitaker.  The Sixth Circuit has recognized that significant prejudice exists where both discovery and dispositive motion deadlines have passed.  *Olsen v. Regions Bank*, 2010 U.S. Dist. LEXIS 62791, at *10 (W.D. Tenn. 2010) (citing *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).  More specifically, in *Duggins* the Sixth Circuit stated that "**[p]utting [a] defendant through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be prejudicial**." 195 F.3d at 834 (emphasis added).  The same rationale applies here.  Allowing Plaintiff to amend the complaint at this stage of the litigation would force Defendant Whitaker to incur additional time and expense defending against newly raised factual

---

[3] *See* ECF 111 – Scheduling Order
[4] *See* ECF 185 – Second Amended Scheduling Order

allegations and claims, effectively undermining all of the scheduling order deadlines, creating great prejudice and the orderly administration and resolution of this case.

### C. Plaintiff's Proposed Amendments are Futile and Would Unfairly Prejudice Defendant Whitaker

Furthermore, permitting Plaintiff to amend the complaint at this stage, long after the deadline to amend pleadings and the close of discovery, would unfairly prejudice Defendant Whitaker. Defendant Whitaker has prepared her defense and engaged in discovery based on the allegations contained in the original complaint. Plaintiff's attempt to inject new factual allegations and claims for liability at this stage would require more discovery, forcing Defendant Whitaker to incur additional legal expenses and would prolong the resolution of this case. As the Sixth Circuit noted in *Olsen*, **"[a]t some point, the right to amend should be denied to avoid subjecting the opposing party to repeated or prolonged litigation."** 2010 U.S. Dist. LEXIS 62791, at *10 (emphasis added). That point has been reached here. The additional time and resources required to address new factual allegations would create a substantial and unjust burden on Defendant Whitaker.

Plaintiff's Motion does not even attempt to demonstrate "**good cause**" as required by Fed. R. Civ. P. 16(b), which is required because the scheduling order deadline for an amendment has elapsed. The Sixth Circuit has held that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting **to meet the case management order's requirements**." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (emphasis added). Allowing Plaintiff to amend her complaint would disrupt the existing case schedule and delay the resolution of this matter because simply she failed to abide by the scheduling order deadlines and does not even attempt to provide a convincing justification for this failure.

4

While Plaintiff's proposed amendment is an attempt to incorporate testimony that was given during recently concluded *United States v. Bean* criminal trial as the predicate for the proposed amendment, this does nothing more than repackage allegations which already appear in the original complaint with a few more details, but does not offer any substantive change to the original complaint that could or might address deficiencies in the extant claims. In the initial pleading, Plaintiff alleged unconstitutional policies and practices within the MPD and asserted that these policies caused the constitutional violations which caused Mr. Nichols' death. The proposed amendment seeks to incorporate factual evidence from the *United States v. Bean* trial, such as testimony regarding a purported "run tax," "evidence manipulation", and a "code of silence" within the MPD. However, Plaintiff does not have to amend the complaint to proffer this proof at trial. The proposed amendment does not substantively change or alter the core allegations, does not change the legal framework of the case, or provide any new ground for relief. Accordingly, the proposed amendment merely re-packages allegations that are already before the Court in the original complaint.

### III.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Leave to File First Amended Complaint should be denied.

        Respectfully submitted,

        **SPENCE PARTNERS**

By:   /s/ Robert L.J. Spence, Jr.
       Robert L.J. Spence, Jr. (BPR #12256)
       Jarrett M.D. Spence (BPR#34577)
       Alexxas J. Johnson (BPR#40938)
       65 Union Avenue, Suite 900
       Memphis, Tennessee 38103
       Office: (901) 312-9160
       Facsimile: (901) 521-9550
       rspence@spencepartnerslaw.com
       jspence@spencepartnerslaw.com
       ajohnson@spencepartnerslaw.com

       *Attorneys for Defendant Michelle Whitaker*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 17th day of December, 2024, a true and correct copy of the foregoing has been filed with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in the case.

                                            /s/ Robert L.J. Spence, Jr.