IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>      Plaintiff,<br><br> v.<br><br>The City of Memphis *et al.*,<br><br>      Defendants. | Case No. 2:23-CV-02224<br><br>JURY DEMAND |

**PLAINTIFF'S UNOPPOSED MOTION FOR HEARING ON**
**CASE SCHEDULING ORDER**

 Pursuant to Local Rule 7.2(d), Plaintiff RowVaughn Wells, through her undersigned counsel, hereby moves for a status hearing in order to get clarity from the Court regarding the case schedule in this action, including a resolution of the competing proposed schedules that have been submitted by the City of Memphis ("City") (ECF 246) and Plaintiff (ECF 247). The City does not oppose this request for a hearing and no other defendant has indicated opposition.

**DISCUSSION**

***Discovery In this Case Has Come to a Standstill***

 This case recently has come to a standstill because there is no operative scheduling order in place. For this case to move forward and proceed with discovery effectively and efficiently, the parties need guidance from the Court and entry of a new scheduling order.

 The last scheduling order that the Court entered—the Second Amended Scheduling Order (ECF 185), entered April 26, 2024—has been inoperable for months. Under that schedule, fact discovery would have ended on August 30, 2024 (with written discovery ending July 2, 2024),

1

and dispositive motions would have been filed by October 28, 2024. But all parties agreed that neither of those deadlines were workable as depositions and discovery were ongoing. One of the bases for this realization was that the sheer number of parties in this litigation made it difficult to schedule deposition dates that all parties could agree on, as trials and other matters routinely conflicted with potential deposition dates. (The federal criminal trial of the individual defendants wiped out approximately six weeks of any scheduling of depositions, alone.) In addition, discovery has been stayed since September 2023 as to the five criminally charged defendants (Desmond Mills, Emmitt Martin III, Tadarrius Bean, Demetrius Haley, and Justin Smith) (ECF 110), and nearly all of the defendants, including the City, have yet to file answers or affirmative defenses due to the criminal stay and the pending motions to dismiss.

Even without an operative scheduling order, Plaintiff and the City have—until recently—continued to make substantial progress with discovery. Plaintiff and the City agreed not to enforce the defunct Second Amended Scheduling Order, and proceeded for months with depositions, written discovery, and Rule 37 conferences. *See* Ex. A (City's and Plaintiff's Oct. 28, 2024 emails). But Plaintiff's ability to make progress came to a halt on December 23, 2024, when counsel for the City informed Plaintiff's counsel that the City is "not going to schedule any depositions or hold any dates for depositions past December 30 until the Court gives us some guidance." *See* Ex. B at 2 (City's Dec. 23, 2024 email). Several of the individual defendants have also recently refused to provide deposition availability past December 30, 2024 absent an operative scheduling order, as noted in the City's December 23, 2024 email.

Just yesterday, the City made clear that it is using the absence of an operative scheduling order to halt not only depositions but also written discovery. On December 26, 2024, the City served its responses and objections to Plaintiff's latest (sixth) set of requests for production. The

2

City objected to *all 74* of Plaintiff's document requests as "untimely," citing the defunct July 2, 2024 written discovery deadline in the Second Amended Scheduling Order. (Never mind that the City and Plaintiff have both been engaging in discovery for months since that "deadline," and expressly agreed not to enforce the Second Amended Scheduling Order, *see* Ex. A.) The City refused to produce a single document in response to any of Plaintiff's 74 requests, noting that "the City will revise its Responses to the Requests if the Court allows additional discovery in the case."

Given that the City and other defendants are now refusing to proceed with discovery absent a new scheduling order—and given that the parties' proposed new schedules are fully briefed for the Court (ECF Nos. 246 & 247)—a hearing is necessary, so that the Court can weigh the various arguments related to scheduling issues, provide clarity on the scheduling disputes, and enter a new scheduling order.

### *The Parties' Competing Proposed Schedules*

In October 2024, Plaintiff proposed an adjusted schedule to the City, but the City refused to confer about Plaintiff's proposal, leading to the current disagreement on the case schedule that is now before the Court. In November 2024, the City and Plaintiff each filed their respective proposals for new case schedules. *See* ECF 246 (City's proposal); ECF 247 (Plaintiff's proposal). Under the City's proposal, fact discovery would end December 30, 2024; under Plaintiff's proposal, fact discovery would end August 29, 2025. The parties are currently awaiting the Court's ruling on these competing proposals.

For the Court's reference, Plaintiff's proposed schedule is set forth below:

**Completing All Discovery:** August 29, 2025
    (A) **Document Production and Interrogatories:** July 12, 2025
    (B) **Depositions:** August 29, 2025
    (C) **Requests for Admissions:** July 12, 2025
**Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2):**

3

    (A) **Disclosure of Plaintiff's (or Party with Burden Of Proof) Rule 26(a)(2) Expert Information**: September 19, 2025

    (B) **Disclosure of Defendant's (or Opposing Party) Rule 26(a)(2) Expert Information**: October 10, 2025

    (C) **Expert Witness Depositions**: November 7, 2025

**Motions to Exclude Experts/Daubert Motions:** December 19, 2025

**Supplementation Under Rule 26(e)(1)**: September 29, 2025

**Filing Dispositive Motions:** December 19, 2025

**Responses to Dispositive Motions:** January 19, 2026

**Replies to Dispositive Motions:** February 9, 2026

**Joint Proposed Pretrial Order Due**: TBD by Court

**Pretrial Conference Date**: TBD by Court

**Jury Trial**: TBD by Court

As explained in Plaintiff's prior brief in support of her proposal (*see* ECF 247), Plaintiff believes that her proposed schedule reflects the realities of this case, including the following factors: (1) it allows Plaintiff to take the necessary discovery from the criminally charged defendants once the criminal stay is lifted (their state criminal trials are scheduled for April 28, 2025); (2) it allows the defendants to file answers and affirmative defenses once the Court rules on the pending motions to dismiss (*See* ECF Nos. 81, 112, 128, 131, 133); (3) it allows the Court to decide whether Plaintiff may amend her complaint in light of the many *Monell* revelations that came to light during the *United States v. Bean* criminal trial; and (4) it allows Plaintiff to continue enforcement of the City's outstanding discovery, including discovery issued in light of the revelations from the *United States v. Bean* trial.

Now that the stayed criminal defendants have all of their criminal trials and sentencings scheduled to finish by May or June 2025, the Court and the parties are well-positioned to establish a final scheduling order that is both realistic and meets the goals of judicial efficiency and economy. It is clear that discovery cannot be completed until the parties receive guidance from

4

the Court on the discovery deadlines, including setting deadlines that account for the end of the criminal proceedings, which will allow all parties an opportunity to fully plead and defend their respective positions.

### ***Consultation on this Motion***

Plaintiff's counsel consulted with Defendants' counsel about this request for a hearing. The City responded that it has no opposition to this request. As of the time of this filing, the remaining Defendants have not responded.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion and set a hearing to address the parties' arguments concerning the case schedule and enter a new, operative scheduling order.

Dated: December 27, 2024

Respectfully submitted,

/s/ Antonio M. Romanucci

Antonio M. Romanucci (Ill. Bar No. 6190290) (pro hac vice)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (pro hac vice)
Sarah Raisch (Ill. Bar No. 6305374) (pro hac vice)
Joshua M. Levin (Ill. Bar No. 6320993) (pro hac vice)
Stephen H. Weil (Ill. Bar No. 6291026) (pro hac vice)
Sam Harton (Ill. Bar No. 6342112) (pro hac vice)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Ben Crump (Wash., D.C. Bar No. 1552623; Tennessee Bar
No. 038054)
Chris O'Neal (Fla. Bar No. 910201) (*pro hac vice pending*)
Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice pending*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Ga. Bar No. 190276) (*pro hac vice pending*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, Telephone
+1 (404) 478-8423, Facsimile
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tenn. Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, Telephone
ehdorse@gmail.com

***Attorneys for Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased***

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned hereby certifies that on December 23, 2024, counsel for Plaintiff consulted with all parties via email regarding the relief requested in the foregoing motion. The City stated via email that it "has no opposition to a request for a status conference." No other parties responded as of the time of this filing.

                                                    /s/ *Antonio M. Romanucci*
                                                    Antonio M. Romanucci