IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, | |
| Plaintiff, | Case No. 2:23-cv-02224-MSN-ATC |
| v. | JURY DEMAND |
| THE CITY OF MEMPHIS *et al.*, | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO AMEND COMPLAINT**

On November 30 Plaintiff moved for leave to amend her complaint. *See* ECF 248 ("Motion to Amend"). Three defendants submitted responses in opposition. *See* ECF 257 (City of Memphis), ECF 256 (Defendant Long), and ECF 263 (Defendant Whittaker). Plaintiff submits this omnibus reply to those responses, and in support of her motion to amend.

## DISCUSSION

In her Motion to Amend, Plaintiff explained that she sought to amend her complaint after reviewing testimony by multiple Memphis Police Department ("MPD") witnesses at the *United States v. Bean* trial. Those witnesses revealed settled practices within the MPD that are at the heart of what enabled Mr. Nichols' killing: officers brutalizing civilians via a "run tax," lies and manipulation of evidence to hide such brutality, and a code of silence that perpetuated this misconduct. ECF 248 at 4-6. The witnesses also testified that these customs were widespread within the MPD, predating and going beyond the Scorpion Unit. *Id.* This testimony, Plaintiff explained, was new, watershed *Monell* evidence, revealing that MPD's culture of brutality and coverup was broad and longstanding. *Id.* at 6-9. And, Plaintiff noted, this evidence had only come to light because prosecutors were able to wield the threat of prosecution against the witnesses to obtain their cooperation. *Id.* Plaintiff sought to amend her complaint in light of this new evidence.

1

In their responses, the defendants contest none of this. They do not dispute that revelations of a "run tax" and code of silence are significant *Monell* evidence. They do not contest that this evidence is new, and they do not dispute that Plaintiff, lacking the ability to threaten prosecution, had no practical means to extract this testimony on her own. Nor do they dispute that Plaintiff sought to amend promptly after reviewing the *Bean* trial transcripts. Instead, they raise a series of arguments that are either formalistic or entirely unsupported.

As Plaintiff sets out below, these arguments do not withstand scrutiny. It is critical, moreover, to consider them in context. At the heart of this case is a basic question: in a professional police department that purports to protect the rights of Memphis residents, how could multiple MPD officers feel comfortable beating Mr. Nichols so savagely, and what made them think they could get away with it? The intervention of the U.S. Department of Justice in the matter of Mr. Nichols' death—both its *Bean* prosecution and its pattern and practice investigation[1] of the MPD— has unearthed a wealth of evidence that will help answer those and other basic questions in this case. Plaintiff's proposed amended complaint, and her related proposed discovery schedule, *see* ECF 247, are intended, among other things, to marshal that evidence so that it may be presented to a jury. The defendants' opposition to Plaintiff's Motion to Amend, and their related effort to cut off fact discovery now, has no discernable purpose other than to prevent a jury from hearing this new, important evidence. The Court should not permit that. It should allow the complaint to be amended and for discovery to proceed, so that the jury will be equipped with the best evidence to decide the truth in this matter. Plaintiff now turns to defendants' arguments.

---

[1] *See* U.S. Dep't of Justice, *Investigation of the Memphis Police Department and the City of Memphis* (Dec. 4, 2024). Available at: https://www.justice.gov/crt/media/1379096/dl?inline.

**Rule 16(b)**. Plaintiff agrees with the defendants that her motion to amend should have been styled as arising under Rule 16 as well as Rule 15, since "[s]eeking leave to amend a complaint after the scheduling order's deadline implicates . . . Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 367 (6th Cir. 2016). Plaintiff will seek the Court's guidance on this at the upcoming January 3 hearing. If the Court wishes Plaintiff to file a standalone Rule 16(b) motion before it rules on Plaintiff's Motion to Amend, Plaintiff will do so promptly. Plaintiff submits, however, that such a motion would not be different in substance than Plaintiff's Motion to Amend and this reply, because the touchstones of Rule 16(b)(4) analysis—good cause and lack of undue prejudice to the non-moving parties—are amply set out and satisfied in that briefing. Under both Rule 15 and Rule 16, Plaintiff's request for leave to amend should be granted.

**Good cause**. Newly discovered facts that a party could not have found earlier despite their diligence is paradigmatic good cause to amend. *See, e.g.*, *Nesby v. Heisner*, No. 5:20-cv-00042, 2021 WL 1886296, at *3 (W.D. Ky. May 11, 2021) (granting Rule 16(b) request where "Plaintiff's motion . . . show[s] that Plaintiff's proposed amendments are based on newly discovered facts."). Here, the revelations in the *Bean* trial came well after the November 2023 date for amendment in this case (ECF 111), bringing Plaintiff's motion squarely within the settled good-cause standard.

The City, however, argues Plaintiff should have *anticipated* there might be new revelations at the criminal trials and sought a deadline to amend after the *Bean* trial. ECF 257 at 7. This would be no different than insisting that the amendment deadline be put off until the end of a case, since discovery *might* reveal new facts too. Not surprisingly, the City identifies no authorities to support this *anticipatory* argument. There is simply no dispute that the *Bean* trial revealed new evidence Plaintiff had no practical way of obtaining. That is good cause to amend the complaint.

**Prejudice**. "[T]he party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Defendants' prejudice claims fail. ***First*** the City says amending the complaint will cause prejudice through delay. ECF 257 at 9.[2] But that is true only under the City's proposed schedule, which would cut off fact discovery on Dec. 30, 2024. *See id*. (City citing its proposed schedule, ECF 246). As Plaintiff explained in her response to the City's scheduling motion, the City's proposal is not realistic for a number of reasons, including that discovery of the criminally charged officer defendants will remain frozen at least through this summer. *See* ECF 247 at 1. Indeed the City claims prejudice because it cannot cross examine Defendants Desmond Mills or Emmitt Martin about their *Bean* testimony until the stay is lifted. ECF 257 at 12. But that just shows why the City's proposed December 30 discovery cutoff is unworkable and why Plaintiff's proposed schedule should be adopted. It is not a reason to deny Plaintiff's proposed amendment.

***Second***, the City makes a variety of discovery arguments. It says it will be prejudiced because the new allegations will require additional discovery and a response to the complaint. ECF 257 at 11, 14.[3] "Additional discovery alone," however, "does not constitute prejudice for purposes of deciding whether the Court should permit amendment." *Periodontal Assocs. of Memphis, P.C. v. Peerless Indem. Ins. Co.*, No. 16-cv-2751, 2017 WL 4122623, at *6 (W.D. Tenn. Sept. 18, 2017). The City claims that some depositions may need to be re-opened—but never says which ones. ECF 257 at 11. It says Plaintiff has withdrawn some deposition notices. *Id.* at 12. That is to be expected of attorneys trying to economize resources in a complex, dynamic case like this one.

---

[2] Whittaker makes a similar argument, based on the Second Amended Scheduling Order that closed fact discovery in August 2024. ECF 263 at 3; ECF 185 at 2.

[3] Long similarly argues prejudice unless he is allowed to file a Rule 12 motion, ECF 256 at 5. Plaintiff does not object to the filing of Rule 12 motions regarding her amended complaint.

4

*Third*, the City says that the amendments "serve no practical purpose" because "[m]any" of the new allegations are "merely more detailed versions of the same allegations." *Id.* at 13. The City takes the opposite position in its motion to dismiss the current complaint, however, arguing that "Plaintiff must establish [] the existence of a ***clear and persistent pattern*** of misconduct by the ***Scorpion Unit***," such that allegations of misconduct which "***pre-dated*** the formation of the Scorpion Unit" in 2021 cannot support Plaintiff's *Monell* claim against the City. ECF 81-1 at 14 (emphases original). The City cannot have it both ways. The amended complaint is not duplicative.

*Fourth*, the City argues Plaintiff should not be allowed to amend the complaint on the strength of the *Bean* trial testimony because it was coerced by federal prosecutors. ECF 257 at 14-15. The Court should disregard this baseless suggestion that the U.S. DOJ suborned perjury.

**Chief Davis**. Chief Davis argues that the complaint should not be amended to assert amended claims against her because they would be futile. ECF 257 at 16. Davis emphasizes that she was not directly involved in Mr. Nichols' beating, *id.*, but that is irrelevant since Plaintiff's proposed amended complaint sues her as a supervisor. *See, e.g.*, ECF 248-1 ¶¶ 70-71, 73, 82-83, 88, 97, 104, 107, 119, 293. Davis's remaining arguments merely declare her lack of liability, unsupported by any case law or developed argument. ECF 257 at 16-17. Plaintiff submits that the Court will better be able to consider the adequacy of the allegations against Chief Davis through Rule 12 briefing. Chief Davis's cursory arguments do not permit development of the issue here.

## CONCLUSION

The Court should grant Plaintiff's Motion to Amend and permit this case to move forward on a workable schedule that permits Plaintiff the opportunity to develop her case.

Dated: January 1, 2025                                              Respectfully submitted,

*/s/ Antonio M. Romanucci*

Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356
ben@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

6