# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ROWVAUGHN WELLS, Individually and
as Administratrix Ad Litem of the Estate of
Tyre Deandre Nichols, deceased,

    Plaintiff,

v.                                                                                             Case No. 2:23-cv-02224-MSN-atc
                                                                                       JURY DEMAND

THE CITY OF MEMPHIS, a municipality,
*et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Before the Court is Plaintiff RowVaughn Wells' Motion for Leave to File an Amended Complaint (ECF No. 248), filed on November 20, 2024. Several Defendants, including the City of Memphis and individual officers, oppose the Motion. (*See* ECF Nos. 256, 257, and 263.) The Court held a status conference on January 3, 2025, to address pending motions and the progress of the case. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff seeks to amend her complaint to incorporate new evidence that came to light during the recent federal criminal trial, *United States v. Bean, et al.*, involving several of the individual Defendants. Plaintiff asserts that the proposed amendments include newly discovered information regarding unconstitutional customs and practices within the Memphis Police Department ("MPD"), including the "run tax" and a "code of silence," which purportedly

contributed to Tyre Nichols' death. Plaintiff further seeks to add Defendant Chief Cerelyn Davis, in her individual capacity, to refine her claims under *Monell* liability.

*Monell* liability, derived from *Monell v. Department of Social Services*, 436 U.S. 658 (1978), holds that municipalities can be liable under 42 U.S.C. § 1983 for constitutional violations resulting from their policies, customs, or practices. Here, Plaintiff alleges that longstanding unconstitutional practices within the MPD, such as the "run tax" and a "code of silence," constitute the type of customs actionable under *Monell*.

The Second Amended Scheduling Order (ECF No. 185), entered April 26, 2024, set a deadline of November 10, 2023, for amending pleadings. Discovery has been stayed as to several individual Defendants due to their pending criminal sentencing and an upcoming state trial. The Court will enter a Third Amended Scheduling Order to address these developments and set new case management deadlines.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, pursuant to Rule 16(b), a scheduling order must limit the time to amend the pleadings. Fed. R. Civ. P. 16(b). As such, a party seeking leave to amend its pleadings after the scheduling order deadline for amending has passed "must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether the amendment is

2

proper under Rule 15(a)." *Leary*, 349 F.3d at 909 (citing *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). Rule 16(b)'s good cause standard requires a showing that the party could not meet the scheduling order deadline despite its diligence. *Id.* at 907; Fed. R. Civ. P. 16, 1983 advisory committee notes. The Sixth Circuit has held that in addition to the explicit good cause requirement of Rule 16(b), the Court should also consider the potential prejudice to the non-moving party when deciding whether to amend a scheduling order. *Leary*, 349 F.3d at 907.

## DISCUSSION

### A.     Good Cause Under Rule 16(b)

Plaintiff's Motion satisfies the good cause requirement under Rule 16(b). The proposed amendments are based on evidence disclosed during the criminal trial, which concluded after the amendment deadline. Plaintiff acted promptly, seeking leave to amend upon reviewing the trial transcripts and serving additional discovery requests targeting *Monell* issues. This diligence supports a finding of good cause.

### B.     Prejudice to Defendants

The Court finds that allowing amendment will not unduly prejudice Defendants. While Plaintiff's amendments introduce new allegations, they primarily build upon the existing claims and do not fundamentally alter the nature of the case. Defendants will have sufficient time to address the amended claims under the Third Amended Scheduling Order.

### C.     Futility of Amendment

The Court finds that the proposed amendment incorporating evidence of the "run tax" and the "code of silence" is not necessarily futile. These allegations address Plaintiff's *Monell* claims and provide a plausible basis for relief. The legal sufficiency of the proposed claims regarding Chief Davis are more appropriately addressed through subsequent motion practice rather than at

the amendment stage. While Defendants argue that these amendments may ultimately fail, the Court concludes that such arguments are better addressed through further briefing under a Rule 12 motion to dismiss. Allowing the amendment ensures these issues receive full consideration, and if they are truly futile, they can be resolved at that stage.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.

The filing of an amended complaint supersedes all prior complaints, rendering motions related to previous pleadings moot. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). Since the Second Amended Complaint will be the operative pleading, motions to dismiss or other motions addressing earlier complaints are now moot. Accordingly, the pending motions to dismiss ECF Nos. 81, 112, 128, 131, and 133 are hereby **DENIED AS MOOT** without prejudice to refile as to the Amended Complaint.

**IT IS SO ORDERED**, this 3rd day of January 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE