**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-02224 |
| | ) | JURY DEMAND |
| THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILLS, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF MEMPHIS' RESPONSES TO PLAINTIFF'S
THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant the City of Memphis ("the City"), pursuant to Rule 34 of the Federal Rules of

Civil Procedure, responds to Plaintiff's Third Requests for Production as follows:

The City reserves the right to amend or supplement these responses as additional information

become available through discovery and/or expert opinion or otherwise.

1

All Bates Numbers listed in this document refer to the beginning Bates Number of the document unless specifically noted otherwise.

## RESPONSES TO THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

71.     Produce any and all information, data, statistics, and reports collected by Memphis Police Department, including demographic information (e.g., race, gender, neighborhood of stop, the reasonable articulable suspicion for the stop), in relation to all *Terry* stops initiated by MPD Officers for the time period January 1, 2018 through December 31, 2022.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," "data," and "statistics," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request.").

The City states that it is withholding raw data that could be responsive to this Request, but it is not withholding any responsive documents.

72.     Produce any and all information, data, statistics, and reports collected by Memphis Police Department, including demographic information (e.g., race, gender, neighborhood of stop, the reasonable articulable suspicion for the stop), in relation to all vehicular stops initiated by SCORPION Unit Officers for the time period November 1, 2021 through January 28, 2023.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

2

The City further objects to this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," "data," and "statistics," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request.").

The City states that it is withholding raw data that could be responsive to this Request, but it is not withholding any responsive documents.

73.    Produce all minutes, reports, data, and compiled statistics from all MPD CompStat meetings, as referred to by Chief Davis in her speech to the Memphis Crime Commission Forum held on November 10, 2021, for the time period January 1, 2018 through December 31, 2023.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City further objects to this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," "data," and "statistics," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City states that it is withholding raw data that could be responsive to this Request, but it is not withholding any responsive documents.

The City is producing minutes and notes from the TRAC/Comp Stat meetings from 2021

3

through 2023, identified as Bates Nos. COM_0024490 through COM_0024781.

74.    Produce the Memphis Police CompStat Annual Reports for the years 2018, 2019,

2020, 2021, 2022, and 2023; otherwise produce Memphis Police Annual Reports of the same nature

as those found at https://www.memphispolice.org/reports-and-public-info/annual- reports/ for the

years 2018, 2019, 2020, 2021, 2022, and 2023.

**RESPONSE**: The City is producing the 2018 and 2019 Memphis Police Annual Report,

identified as Bates Nos COM_0024782 and COM_0024814, respectively. The City is continuing to

search for documents responsive to this Request and will supplement accordingly.

75.    Produce Chief Davis's notes, information, and data that she was reading from and/or

referring to during her speech to the Memphis Crime Commission Forum held on November 10,

2021.

**RESPONSE**:  The City states that it does not maintain the documents that the Request seeks.

As such, the City does not believe it is withholding any documents to this Request, but the City will

continue to search to confirm this.

76.    Produce a list of all Chief Davis's speaking engagements from April 19, 2021 through

January 7, 2023.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to

lead to relevant evidence, and not proportional to the needs of this case. The City further objects to

this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. The

City does not maintain in the ordinary course of business documents with the information that this

Request seeks, and the City "is not required to generate documents that do not already exist." *Keyes*

*v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4,

2021); *see also Harris v. Advance Am. Cash Advance Centers, Inc.*, 288 F.R.D. 170, 172 (S.D. Ohio

4

2012) ("[T]o the extent plaintiff asks defendant to create a 'list of the names, race, date of hire, position hired into, job title, etc.,' that request is denied. Defendant is not required to create documents in response to plaintiff's requests for discovery."). Accordingly, the City has no documents responsive to this Request.

77.     Produce the following information for the six MPD officers who enrolled into the Federal Bureau of Investigations National Academy (FBINA) in 2022-2023:

> a. The names, ranks, and positions and/or units of all MPD officers who attended FBINA;
>
> b. The subject areas studied by each MPD officer who attended FBINA; and
>
> c. The names of all MPD officers who graduated from FBINA.

**RESPONSE**: The City objects to this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). Accordingly, the City has no documents responsive to this Request.

78.     Produce the following information for all MPD officers who enrolled in FBI – National Executive Institute Training:

> a. The names, ranks, and positions and/or units of all MPD officers who enrolled in FBI – National Executive Institute Training;
>
> b. The subject areas in which each MPD officer received training at FBI – National Executive Institute Training; and
>
> c. The names of all MPD officers who completed FBI – National Executive Institute Training.

**RESPONSE**: The City objects to this Request on the basis that it seeks information beyond

5

4854-1093-7784

the obligations imposed by Rule 34. To the extent that this Request seeks "information," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). Accordingly, the City has no documents responsive to this Request.

79.    Produce the following information for all MPD first-line supervisors who enrolled in FBI – LEEDA Training:

   a.  The names, ranks, and positions and/or units of all MPD officers who enrolled in FBI – LEEDA Training;

   b.  The subject areas in which each MPD Officer received training at FBI – LEEDA Training; and

   c.  The names of all MPD officers who completed FBI – LEEDA Training.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City further objects that the term "first-line supervisors" is undefined.

The City further objects to this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). Accordingly, the City has no documents responsive to this Request.

80.    Produce the following information for all MPD officers who enrolled into the Senior Management Institute for Police Leadership (SMIP) at Boston University – Police Executive

6

Research Forum:

      a. The names, ranks, and positions and/or units for all MPD officers who enrolled into SMIP;

      b. The subject areas studied by each MPD officer who attended SMIP; and

      c. The names of all MPD officers who completed SMIP.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City further objects to this Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). Accordingly, the City has no documents responsive to this Request.

81. Produce the following data regarding traffic stops and citations for the year 2018:

    a. All traffic stops:

       i. Total amount of traffic stops for any reason;

      ii. Total amount of all traffic stops for which a citation was issued;

     iii. Total amount of all traffic stops that resulted in arrest;

     iv. Total amount of all traffic stops that did not result in either citation or arrest;

     v. Demographic information specific to race for all citations identified in (ii);

     vi. Demographic information specific to race for all arrests identified in (iii); and

    vii. Demographic information specific to race for all stops that did not result in either citation or arrest as identified in (iv).

7

b.  Traffic stops for reckless driving specifically:

    i.    Total amount of traffic stops for reckless driving;

    ii.    Total amount of reckless driving stops for which a citation was issued;

    iii.    Total amount of reckless driving stops that resulted in arrest;

    iv.    Total amount of reckless driving stops that did not result in citation or arrest;

    v.    Total number of reckless driving stops that resulted in the seizure of the vehicle;

    vi.    Demographic information specific to race for all citations identified in (ii);

    vii.    Demographic information specific to race for all arrests identified in (iii);

    viii.    Demographic information specific to race for all reckless driving stops that did not result in either citation or arrest as identified in (iv); and

    ix.    Demographic information specific to race for all vehicle seizures identified in (v).

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request to the extent that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "data," that the City does not maintain in the ordinary course of business, the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request.").

82.  Produce the following data regarding traffic stops and citations for the year 2019:

a.  All traffic stops:

    i.    Total amount of traffic stops for any reason;

i.  Total amount of all traffic stops for which a citation was issued;

ii.  Total amount of all traffic stops that resulted in arrest;

iii.  Total amount of all traffic stops that did not result in either citation or arrest;

iv.  Demographic information specific to race for all citations identified in (ii);

v.  Demographic information specific to race for all arrests identified in (iii); and

vi.  Demographic information specific to race for all stops that did not result in either citation or arrest as identified in (iv).

b.  Traffic stops for reckless driving specifically:

i.  Total amount of traffic stops for reckless driving;

ii.  Total amount of reckless driving stops for which a citation was issued;

iii.  Total amount of reckless driving stops that resulted in arrest;

iv.  Total amount of reckless driving stops that did not result in citation or arrest;

v.  Total number of reckless driving stops that resulted in the seizure of the vehicle;

vi.  Demographic information specific to race for all citations identified in (ii);

vii.  Demographic information specific to race for all arrests identified in (iii);

viii.  Demographic information specific to race for all reckless driving stops that did not result in either citation or arrest as identified in (iv); and

ix.  Demographic information specific to race for all vehicle seizures identified in (v).

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request to the extent that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "data," that the City does not

9

maintain in the ordinary course of business, the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City is withholding raw data responsive to this Request.

83.   Produce the following data regarding traffic stops and citations for the year 2020:

a.   All traffic stops:

    i.   Total amount of traffic stops for any reason;

    ii.   Total amount of all traffic stops for which a citation was issued;

    iii.   Total amount of all traffic stops that resulted in arrest;

    iv.   Total amount of all traffic stops that did not result in either citation or arrest;

    v.   Demographic information specific to race for all citations identified in (ii);

    vi.   Demographic information specific to race for all arrests identified in (iii); and

    vii.   Demographic information specific to race for all stops that did not result in either citation or arrest as identified in (iv).

b.   Traffic stops for reckless driving specifically:

    i.   Total amount of traffic stops for reckless driving;

    ii.   Total amount of reckless driving stops for which a citation was issued;

    iii.   Total amount of reckless driving stops that resulted in arrest;

    iv.   Total amount of reckless driving stops that did not result in citation or arrest;

    v.   Total number of reckless driving stops that resulted in the seizure of the vehicle;

vi.    Demographic information specific to race for all citations identified in (ii);

vii.   Demographic information specific to race for all arrests identified in (iii);

viii.  Demographic information specific to race for all reckless driving stops that did not result in either citation or arrest as identified in (iv); and

ix.    Demographic information specific to race for all vehicle seizures identified in (v).

**RESPONSE**:  The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request to the extent that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "data," that the City does not maintain in the ordinary course of business, the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City is withholding raw data responsive to this Request.

84.    Produce the following data regarding traffic stops and citations for the year 2021:

a.  All traffic stops:

i.     Total amount of traffic stops for any reason;

ii.    Total amount of all traffic stops for which a citation was issued;

iii.   Total amount of all traffic stops that resulted in arrest;

iv.    Total amount of all traffic stops that did not result in either citation or arrest;

v.     Demographic information specific to race for all citations identified in (ii);

vi.    Demographic information specific to race for all arrests identified in (iii);

and

    vii.    Demographic information specific to race for all stops that did not result in either citation or arrest as identified in (iv).

  b.  Traffic stops for reckless driving specifically:

    i.    Total amount of traffic stops for reckless driving;

    ii.    Total amount of reckless driving stops for which a citation was issued;

    iii.    Total amount of reckless driving stops that resulted in arrest;

    iv.    Total amount of reckless driving stops that did not result in citation or arrest;

    v.    Total number of reckless driving stops that resulted in the seizure of the vehicle;

    vi.    Demographic information specific to race for all citations identified in (ii);

    vii.    Demographic information specific to race for all arrests identified in (iii);

    viii.    Demographic information specific to race for all reckless driving stops that did not result in either citation or arrest as identified in (iv); and

    ix.    Demographic information specific to race for all vehicle seizures identified in (v).

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request to the extent that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "data," that the City does not maintain in the ordinary course of business, the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City is withholding raw data

responsive to this Request.

85.    Produce the following data regarding traffic stops and citations for the year 2022:

    a.   All traffic stops:

        i.   Total amount of traffic stops for any reason;

        ii.   Total amount of all traffic stops for which a citation was issued;

        iii.   Total amount of all traffic stops that resulted in arrest;

        iv.   Total amount of all traffic stops that did not result in either citation or arrest;

        v.   Demographic information specific to race for all citations identified in (ii);

        vi.   Demographic information specific to race for all arrests identified in (iii); and

        vii.   Demographic information specific to race for all stops that did not result in either citation or arrest as identified in (iv).

    b.   Traffic stops for reckless driving specifically:

        i.   Total amount of traffic stops for reckless driving;

        ii.   Total amount of reckless driving stops for which a citation was issued;

        iii.   Total amount of reckless driving stops that resulted in arrest;

        iv.   Total amount of reckless driving stops that did not result in citation or arrest;

        v.   Total number of reckless driving stops that resulted in the seizure of the vehicle;

        vi.   Demographic information specific to race for all citations identified in (ii);

        vii.   Demographic information specific to race for all arrests identified in (iii);

        viii.   Demographic information specific to race for all reckless driving stops that did not result in either citation or arrest as identified in (iv); and

        ix.   Demographic information specific to race for all vehicle seizures identified in (v).

13

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request to the extent that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "data," that the City does not maintain in the ordinary course of business, the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at \*6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at \*5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City is withholding raw data responsive to this Request.

86. Produce the following data regarding traffic stops and citations for the year 2023:

    a. All traffic stops:

        i. Total amount of traffic stops for any reason;

        ii. Total amount of all traffic stops for which a citation was issued;

        iii. Total amount of all traffic stops that resulted in arrest;

        iv. Total amount of all traffic stops that did not result in either citation or arrest;

        v. Demographic information specific to race for all citations identified in (ii);

        vi. Demographic information specific to race for all arrests identified in (iii); and

        vii. Demographic information specific to race for all stops that did not result in either citation or arrest as identified in (iv).

    b. Traffic stops for reckless driving specifically:

        i. Total amount of traffic stops for reckless driving;

        ii. Total amount of reckless driving stops for which a citation was issued;

14

iii.   Total amount of reckless driving stops that resulted in arrest;

iv.   Total amount of reckless driving stops that did not result in citation or arrest;

v.   Total number of reckless driving stops that resulted in the seizure of the vehicle;

vi.   Demographic information specific to race for all citations identified in (ii);

vii.   Demographic information specific to race for all arrests identified in (iii);

viii.   Demographic information specific to race for all reckless driving stops that did not result in either citation or arrest as identified in (iv); and

ix.   Demographic information specific to race for all vehicle seizures identified in (v).

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.

The City further objects to this Request to the extent that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "data," that the City does not maintain in the ordinary course of business, the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City is withholding raw data responsive to this Request.

87.   Produce the 126 excessive force complaints provided to WMC Action News Five from the period 2015 to 2019 that were referenced in the November 19, 2020 news article The Investigators: MPD excessive force complaints rarely get more than an internal review ("The Investigators news article") written by Jessica Jaglois and available at:

4854-1093-7784

https://www.actionnews5.com/2020/11/19/investigators-mpd-excessive-force-   complaints-rarely-
get-more-than-an-internal-review/.

**RESPONSE**: The City states that it did not release any documents to WMC Action News
Five, but the City permitted the requestor to inspect the documents at the Memphis Police
Department. The City objects to producing the documents on the grounds that it is overly
burdensome, not reasonably calculated to lead to relevant evidence, and not proportional to the needs
of this case. The City is withholding documents responsive to this Request.

88.     Produce all Response to Resistance forms for each of the 126 excessive force
complaints referenced in the The Investigators news article.

**RESPONSE**: The City states that it did not release any documents to WMC Action News
Five, but the City permitted the requestor to inspect the documents at the Memphis Police
Department. The City objects to producing the documents on the grounds that it is overly
burdensome, not reasonably calculated to lead to relevant evidence, and not proportional to the needs
of this case. The City is withholding documents responsive to this Request.

89.     Produce all Inspectional Services Bureau (ISB) Investigation Case Files that
investigated the 126 excessive force complaints referenced in the The Investigators news article.

**RESPONSE**: The City states that it did not release any documents to WMC Action News
Five, but the City permitted the requestor to inspect the documents at the Memphis Police
Department. The City objects to producing the documents on the grounds that it is overly
burdensome, not reasonably calculated to lead to relevant evidence, and not proportional to the needs
of this case. The City is withholding documents responsive to this Request.

90.     Produce all ISB Investigation Case Files for any ISB investigation referenced on the
Reimagining Policing in Memphis ISB Dashboard found at https://reimagine.memphistn.gov/isb-

16

dashboard/ as follows:

a. DR 101 (Compliance With Regulations: In-Car Video / Bodyworn Cameras)
    i.   34 alleged violations in 2019;
    ii.  70 alleged violations in 2020;
    iii. 54 alleged violations in 2021;
    iv.  98 alleged violations in 2022;
    v.   96 alleged violations in 2023.

b. DR 104 (Personal Conduct)
    i.   111 alleged violations in 2019;
    ii.  117 alleged violations in 2020;
    iii. 143 alleged violations in 2021;
    iv.  125 alleged violations in 2022;
    v.   97 alleged violations in 2023.

c. DR 301 (Excessive / Unnecessary Force)
    i.   60 alleged violations in 2019;
    ii.  100 alleged violations in 2020;
    iii. 69 alleged violations in 2021;
    iv.  132 alleged violations in 2022;
    v.   72 alleged violations in 2023.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City is withholding documents responsive to this Request.

91.     Produce all bodycam, in-car, Skycam, or Real Time Crime Center video referenced as providing a view of the incident and/or relied on by ISB investigators during their investigation for each of the ISB Investigation Case Files responsive to Request for Production No. 79.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City further objects to this request as vague in that it contains an unclear cross-reference. The City is withholding documents responsive to this Request.

92.     Produce all ISB Investigation Case Files, which are not included in the response to Request for Production No. 79, that investigated alleged violations of:

17

    a.   DR 105 (Adherence to Law);

    b.   DR 108 (Truthfulness);

    c.   DR 120 (Neglect of Duty); and/or

    d.   DR 127 (Duty to Intervene)

for the years 2019, 2020, 2021, 2022, and 2023.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City further objects to this request as vague in that it contains an unclear cross-reference. The City is withholding documents responsive to this Request.

93.    Produce all bodycam, in-car, Skycam, or Real Time Crime Center video referenced as providing a view of the incident and/or relied on by ISB investigators during their investigation for the ISB Investigation Case Files response to Request for Production No. 81.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City further objects to this request as vague in that it contains an unclear cross-reference. The City is withholding documents responsive to this Request.

94.    Produce all Response to Resistance forms completed by SCORPION Unit Officers for the period November 2021 to January 2023.

**RESPONSE**: The City is continuing to search for documents responsive to this Request and will supplement accordingly.

95.    Produce all bodycam, in-car, skycam, or Real Time Crime Center video footage that show the resistance incidents responsive to Request for Production No. 83.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to

lead to relevant evidence, and not proportional to the needs of this case. The City is withholding documents responsive to this Request.

96.    Produce all Response to Resistance forms, not responsive to Request for Production No. 83, referenced on the Reimagining Policing in Memphis Response to Resistance Dashboard located at https://reimagine.memphistn.gov/isb-dashboard/response-to- resistance/ as follows:

  a. 1033 Response to Resistance Forms from 2018;

  b. 920 Response to Resistance Forms from 2019;

  c. 815 Response to Resistance Forms from 2020;

  d. 1330 Response to Resistance Forms from 2021;

  e. 1388 Response to Resistance Forms from 2022;

  f. All Response to Resistance Forms from January, 2023.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case. The City is withholding documents responsive to this Request.

97.    Produce all bodycam, in-car, skycam, or Real Time Crime Center video that show the incidents responsive to Request for Production No. 85.

**RESPONSE**: The City is withholding documents responsive to this Request.

98.    Produce any minutes, memorandum, recordings, notes, information, data, statistics, documentation, and reports created during, in preparation for, or as a result of, all of Mayor Strickland's Advisory Council on Reimagining Policing's meetings.

**RESPONSE**: To the extent this Request seeks "data" and "statistics", the City objects to the Request on the basis that it seeks information beyond the obligations imposed by Rule 34. To the extent that this Request seeks "information," "data," and "statistics," the City "is not required to

4854-1093-7784

generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request."). The City is producing the Advisory Council's Report of Findings and the Advisory Council's Final Recommendations, identified as Bates Nos. COM_0024846 and COM_0024914.

99.    Produce any minutes, memorandum, recordings, notes, information, data, statistics, documentation, and reports created during, in preparation for, or as a result of, all focus groups convened in relation to and/or as part of Mayor Strickland's Advisory Council on Reimagining Policing evaluation of the MPD.

**RESPONSE**: The City refers to the documents produced in response to RFP No. 98. The City is continuing to search for documents responsive to this Request and will supplement accordingly.

100.    Produce any minutes, memorandum, recordings, notes, information, data, statistics, documentation, and reports regarding the implementation and current status of the "Six Pillars" of Mayor Strickland's Reimagining Policing initiative.

**RESPONSE**: The City objects to this Request as overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of this case.  The Six Pillars are extremely broad categories, i.e., building trust and legitimacy, policy and oversight, technology and social media, community policing and crime reduction, training and education, and officer wellness and safety, that would necessarily require the production of an unlimited range and quantity of documents.

The City further objects to this Request on the basis that it seeks information beyond the

20

obligations imposed by Rule 34. To the extent that this Request seeks "information," "data," and "statistics," the City "is not required to generate documents that do not already exist." *Keyes v. Cir. Playhouse, Inc.*, No. 219CV02788MSNATC, 2021 WL 6752198, at *6 (W.D. Tenn. Nov. 4, 2021); *see also Numbers v. Snyder*, No. 3:18-CV-00912, 2019 WL 13203778, at *5 (M.D. Tenn. Dec. 4, 2019) ("Defendants are not obligated to create additional documents solely for the purpose of responding to the Request.").

101.    Produce any minutes, memorandum, recordings, notes, information, data, statistics, documentation, and reports regarding the implementation and current status of the "Eight Can't Wait" policy initiative.

**RESPONSE**: The City refers to the documents produced in response to RFP No. 98.

> **Respectfully submitted,**
>
> **BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, P.C.**
>
> *s/ Bruce McMullen*
> Bruce McMullen (#18126)
> Jennie Vee Silk (#35319)
> Freeman B. Foster (#23265)
> 165 Madison Avenue, Suite 2000
> Memphis, Tennessee 38103
> Telephone: (901) 526-2000
> bmcmullen@bakerdonelson.com
> jsilk@bakerdonelson.com
> ffoster@bakerdonelson.com
>
> *Attorneys for Defendant City of Memphis,
> Chief Cerelyn Davis in her Official Capacity,
> and Dewayne Smith as Agent of the City of
> Memphis*

4854-1093-7784

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2024, a copy of the foregoing document was served on all

counsel of record via e-mail:

<u><em>s/ Bruce McMullen</em></u>

4854-1093-7784