**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

2000 FIRST HORIZON BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE:  901.526.2000
FAX:       901.577.2303

www.bakerdonelson.com

BRUCE MCMULLEN, SHAREHOLDER
**Direct Dial**: 901-577-2356
**E-Mail Address**: bmcmullen@bakerdonelson.com

October 31, 2024

<u>**VIA EMAIL**</u>

Antonio Romanucci
Sarah Raisch
Joshua Levin
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654

      **Re:**      *Wells v. City of Memphis, et al.*
                Case No. 2:23-cv-02224-MSN-atc

Dear Counsel:

      Thank you for meeting with us on October 28, 2024, and for sending the follow-up letter dated October 30, 2024. This letter shall serve as notice of the City's position on certain items discussed during the October 28, 2024, meet and confer.

**I.**      <u>**The City's Proposed Change to its Request for Production No. 3**</u>

      The City suggests the following change in language to its Request for Production No. 3:

      <u>**REQUEST NO. 3:**</u> Produce all non-privileged documents or communications prepared or sent by You (or Your attorneys, agents, or representatives) reflecting or relating to the claims or damages in this lawsuit.

This language change is intended to address the concerns expressed by Plaintiff's counsel regarding the documents sought by the City. The City is not seeking production of every instance Plaintiff has communicated with an individual about the death of her son. Instead, the

4870-1177-2660

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • NORTH CAROLINA •
SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

October 31, 2024
Page 2

City seeks production of documents and communications related to the claims or damages asserted in this lawsuit. The City also makes clear it is not seeking the production of any privileged material.

**II.     The City's Position on Section B, Parts II through V Raised in Plaintiff's October 16, 2024, Rule 37 Letter**

   **A.     Plaintiff's Request for Production No. 96 (Response to Resistance Forms from 2018–2023)**

In Request for Production No. 96, Plaintiff seeks the production of all Response to Resistance forms generated from 2018 to January 2023, specifically those referenced on the Reimagining Policing in Memphis Response to Resistance Dashboard. As explicitly stated in Plaintiff's request, there were 5,486 Response to Resistance forms generated from 2018 to 2022, not including those generated in January 2023. In response to this request, the City objected based on overbreadth, that the request is not reasonably calculated to lead to relevant evidence, and that it is not proportional to the needs of the case.

Upon consultation with the Inspectional Services Bureau for the City of Memphis ("ISB"), the City was advised that it would take an individual approximately one to two minutes to convert a single Response to Resistance form into a produceable format. Based on this conservative estimate, presuming each of the 5,486 Response to Resistance forms were processed in one and a half minutes, production of the requested documents would take approximately 140 hours. This estimate does not include the time the City's legal team would need to review such documents prior to production.

It is also relevant to point out that ISB is completely walled off from the other departments of the Memphis Police Department ("MPD"). This fact is due to the confidential nature of ISB's work, as well as the need for impartiality in ISB decision-making. So, the document compilation would necessarily have to be done by an ISB employee because MPD could not assign an officer to ISB for the limited purpose of compiling documents. It is also relevant to note that ISB does not have the staff to devote approximately 140 hours on this production effort for a single request for production.

Accordingly, the City intends to stand on its objections to Plaintiff's Request for Production No. 96, with one small caveat. The City will produce the Response to Resistance forms generated from 2021 to January 2023. This would mean production of approximately 2,718 Response to Resistance forms, not including whatever number of forms were generated in January 2023. Again, if the preparation of each document takes approximately one and a half minutes, that would mean approximately 70 hours of labor, exclusive of any review by the City's legal team prior to production. Considering these factors, the City believes its proposed compromise strikes an appropriate balance between the parties' respective interests. Moreover, as discussed in the below sections of this letter, if Plaintiff were to agree to the proposed compromise, Plaintiff's review of the produced forms could help inform Plaintiff of a narrower subset of ISB Case Files that may be relevant to the claims asserted in this lawsuit.

4870-1177-2660

Case 2:23-cv-02224-MSN-atc   Document 279-5   Filed 01/10/25   Page 3 of 5
                        PageID 3533

October 31, 2024
Page 3

### B.    Plaintiff's Request for Production No. 73 (CompStat Meeting Documents)

The City is currently in the process of searching its email database for documents or data responsive to this request, for the timeframe of 2018 to 2023. Any documents, reports, or data associated with any CompStat or TRAC Meeting that are discovered will be produced as soon as practical.

The City's understanding is that the underlying data related to the CompStat reports is maintained, to whatever extent it is maintained, on Power BI. The City also understands that this platform is interactive, that it does not store the underlying data in any categorized format, and that it cannot be recreated for purposes of production. The City is investigating if any "reports" or "data" related to CompStat or TRAC Meetings are attached to relevant emails and if so, will produce the responsive items. Plaintiff has advised that the City has until November 8, 2024, to respond to this issue. To the extent further discussion is needed, the City is willing to discuss. The City will supplement its production accordingly.

### C.    Plaintiff's Request for Production No. 90 (Memphis ISB Dashboard Files)

Plaintiff has requested the ISB Case Files for any ISB investigation from 2019 to 2023 for the categories of Bodyworn Cameras (DR 101), Personal Conduct (DR 104), and Excessive or Unnecessary Force (DR 301). The City objected to this request on the grounds that it is overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of the case.

The City stores the requested documents at ISB. An entire ISB Case File is stored in a hard copy medium with a CD disc that contains any digital evidence, such as car or bodyworn camera footage or audio files. The hard copy/CD mediums are the only way that a complete ISB Case File is stored.

The City also notes three points of clarification regarding this request. While the entire number of alleged violations, as referenced by Plaintiff in the request, equals 1,380 alleged violations, that is not the amount of ISB Case Files that were created arising from those allegations. First, an alleged violation may not result in an ISB Case File being created for a variety of reasons, such as the individual who alleged the violation refuses to provide an interview or to follow up with information required to open an ISB file. Second, if multiple officers have allegations against them arising from the same incident, this would be reflected in a single ISB Case File. For instance, the ISB Case File underlying this lawsuit involved multiple officers, but only one ISB Case File was created. Finally, there may be crossover in relation to allegations, for instance, an officer might have been alleged to violate DR 101 and DR 104 during the same incident – this would result in only one ISB Case File being created.

Upon further investigation, and in light of the above discussed nuances, there would be approximately 500–600 unique ISB Case Files responsive to Request for Production No. 90. Since the complete ISB Case File is kept in hard copy and CD format, a conservative estimate for the time to compile a *single* ISB Case File responsive to this request (which would include scanning the hardcopy files and copying the CD) is approximately *45 minutes to an hour*. This

October 31, 2024
Page 4

means that it would take approximately 375–600 hours to simply compile the requested documentation into a produceable format. This does not account for any time the City's legal team will need to review any documents prior to production. Again, if a MPD employee were to spend time compiling the requested documents, it would have to be an employee assigned to ISB.

In a good faith attempt to compromise, the City is willing to allow Plaintiff's counsel to inspect the hard copy files referenced above at a mutually convenient and agreed upon time. This inspection itself will be extremely time consuming and the parties will need to discuss the parameters of the suggested inspection. Moreover, as referenced in Part II Section A of this letter, if Plaintiff agrees to the City's proposed course regarding the Response to Resistance Forms, that may inform Plaintiff of ISB Case Files it would like produced. For instance, if a Response to Resistance Form contained information that seemed relevant to Plaintiff's claims, Plaintiff could seek production of the underlying ISB Case File.

While the City is willing to work with Plaintiff regarding the ISB Case Files, the City stands on its objections to Request for Production No. 90 to the extent Plaintiff is unwilling to discuss the City's proposed course.

**D.     Plaintiff's Request for Production Nos. 87, 88, and 89 (Production of Excessive Force ISB Files the City allowed for Inspection to WMC Action News)**

Plaintiff's Request for Production Nos. 87, 88, and 89 seek production of the ISB Case Files from 2015 to 2019 the City "made available" to WMC Action News Five. The City noted that it never "produced" these documents to WMC Action News Five, rather the City permitted the inspection of the 126 ISB Case Files referenced by Plaintiff. The City also objected because the requests are overbroad, not reasonably calculated to lead to relevant evidence, and not proportional to the needs of the case.

As stated in the proceeding section, the requested documentation is stored in a hardcopy format with media stored on a CD disc. It would take the City approximately 95–126 hours to compile the requested documentation in a produceable format. Again, this does not account for any additional time the City's legal team would need to review these documents prior to production.

Accordingly, the City is willing to permit Plaintiff's to inspect the requested hard copy files referenced above at a mutually convenient and agreed upon time. If Plaintiff is willing to make this compromise, the parties will need to discuss further the parameters of any such inspection. To the extent Plaintiff is unwilling to agree to inspection as opposed to production, the City intends to stand on its objections to Plaintiff's Requests for Production Nos. 87, 88, and 89.

October 31, 2024
Page 5

### E. Plaintiff's Request for Production 118 (SCORPION Unit Documents made available to news outlets through Public Records Requests)

The City has identified 22 instances where a media or news outlet submitted a public records request seeking documentation related to SCORPION Unit and the City subsequently provided the requesting party with responsive documentation pursuant to the public records request. The City is in the process of compiling and reviewing the responsive documents produced to the various media or news outlets, which will be produced to the parties.

The City believes this resolves the issue(s) pertaining to Request for Production No. 118. To the extent Plaintiff does not find that this resolves the issue(s), the City requests further consultation by Plaintiff.

* * *

Thank you for your time. Nothing in this letter shall be construed, nor is it intended to be, a waiver of any right on behalf of the City. The City is willing to confer further, if necessary, but if Plaintiff is unwilling to compromise the parties appear to be at an impasse.

Respectfully submitted,

_/s/ Bruce McMullen_
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Bruce McMullen, Shareholder

cc:   Jennie Vee Silk
      Kelsey W. McKinney
      Ian West Reagan

4870-1177-2660