

Joshua M. Levin<br>
Direct: (312) 253-8623<br>
Email: jlevin@rblaw.net

November 11, 2024

<u>**VIA EMAIL**</u>

Bruce McMullen
Jennie Vee Silk
Freeman B. Foster
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103

      Re: ***Wells v. City of Memphis, et al.***, Case No. 2:23-cv-02224 – Rule 37 Letter

Dear Counsel:

    In our July 29, 2024 Rule 37 correspondence, we identified certain deficiencies in the City's discovery responses, which we have been working together since then to resolve. This letter identifies multiple, additional deficiencies with the City's discovery responses. We write this letter pursuant to Rule 37 to address those deficiencies.

    We request a Rule 37 conference to discuss these matters. We ask to hold the conference by November 22, 2024. Please let us know dates when you are available.

    **<u>General discovery issues</u>**. In addition to the specific discovery issues discussed below, there are numerous discovery requests in response to which the City stated that it was continuing to search for and would produce responsive documents and supplement its responses accordingly. These include RFP Nos. 1, 4, 5, 9, 15, 22, 26-28, 54, 69, 74, 94, and 99. Many months have passed and we do not have updated written responses indicating whether such ongoing searches have been completed or remain ongoing. **We ask that you please provide this by November 25, 2024.** If the City's search is complete but the City has not produced any responsive documents, please indicate whether the lack of production is because no responsive documents were located or because the City is withholding documents based on an objection. According to the City's most recent production inventory (dated October 15, 2024), the City has not produced any documents for RFP Nos. 22-24, 51, 55-72, 75-93, 95-98, 100-101, 104, 107-109, 114-115.

    **<u>Privilege log and production inventory issues.</u>** You have asserted privilege objections in response to a number of Plaintiff's requests for production. We are in receipt of the City's privilege logs and production inventories. It appears that a number of documents identified on the City's most recent privilege log (dated October 15, 2024) are not included on the City's most recent production inventory (dated October 15, 2024). *See, e.g.*, COM_0058108 – COM_0058130.

1



Joshua M. Levin<br>
Direct: (312) 253-8623<br>
Email: jlevin@rblaw.net

Please provide an amended production inventory by November 25, 2024 that includes all documents contained on the City's privilege logs such that it is clear which documents in the logs are responsive to which requests.

**RFP Nos. 1 and 14; Interrogatory No. 10**. In response to these discovery requests, the City promised that it would be producing a chart or charts. We do not believe that any such charts has been provided, and it has been more than 11 months since the City made that commitment. **Please produce the charts by November 25, 2024.** Additionally, please note that while RFP No. 14 and Interrogatory No. 10 refer to the SCORPION Unit, the City's interrogatory responses make clear that the SCORPION Unit had been in operation since at least 2006, and had simply been operating under another name—"CAT." *See, e.g.*, City's Resp. to Pl.'s Interrogatory 5 (stating that the SCORPION unit was "merely" a "rebranding" of "CAT," MPD's Criminal Apprehension Team, which "existed since 2006"). The reference to SCORPION Unit in RFP No. 14 and Interrogatory No. 10 thus include the CAT Unit, through we are willing to limit production to 2013 rather than 2006.

**RFP No. 29**. This request sought inspection of the cellphones of several city employees. The City responded that the cellphones are not in its possession, custody, or control. However, the City issues cellphones to certain MPD employees and regulates their use, restricting it to City business. *See* COM_0018264 ("Cellular telephones provided by the Memphis Police Department are for **BUSINESS USE ONLY**." (emphasis original)). That brings MPD-issued cellphones squarely within the City's possession, custody, or control. **Please clarify by November 25, 2024 whether any of the custodians identified in RFP No. 29 received MPD-issued cellphones and, if so, please make them available for inspection.**

**RFP Nos. 58, 62 and 63.** These requests ask the City to produce an exemplar of, and permit inspection of, each article of clothing and tactical gear worn by or used by the individual defendants during their encounter with Mr. Nichols. The City objected that the term "tactical gear" is vague and undefined. For purposes of these RFPs, "tactical gear" refers to any equipment or tools that the individual defendants wore or used during their encounter with Mr. Nichols, including but not limited to restraints (*e.g.*, handcuffs), weapons (*e.g.*, OC spray, batons, tasers, and firearms), and protective clothing (*e.g.*, bulletproof vests).

The City further objected that "MPD officers purchase their own clothing and gear," and responded that the requested items are not in the possession, custody, or control of the City. However, the January 8, 2023 ISB memoranda notifying Chief Davis that the individual defendants were being relieved of duty pending investigation expressly note that "[a]t the time of [their] relief, [the individual defendants] surrendered [their] MPD issued equipment." COM_0001611-18. The memoranda go on to list the equipment that the individual defendants surrendered to MPD, including their firearms, ammunition, chemical agents, tasers, radios, ballistic vests, handcuffs, ASP batons, badges, and smartphones. *Id.* The memo states that each of these "items will be stored at FTU [Firearms Training Unit] for safekeeping." *Id.*

Because these memoranda demonstrate that the individual defendants surrendered their tactical gear to MPD, the City's assertion that it does not have possession, custody, or control of these items appears to be incorrect. **Please provide an amended response to RFP Nos. 58, 62, and 63 by November 25, 2024. If the City continues to take the position that it is not in**



Joshua M. Levin
Direct: (312) 253-8623
Email: jlevin@rblaw.net

possession, custody, or control of the requested items, please identify the chain of custody for each item listed in the ISB memoranda, the person or entity to which the City transferred possession, and identify the steps the City took to preserve this evidence.

**RFP No. 70.** Please provide a date certain by which the City will re-produce the referenced documents in an accessible format.

**RFP No. 71**. This request seeks demographic data relating to *Terry* stops initiated by MPD officers from 2018 through 2022. You have objected to overbreadth, which presumably refers to your contention that the complaint refers only to the SCORPION Unit. As we explained in our October 30, 2024 Rule 37 letter, however, the *Monell* allegations in the complaint are broader than the SCORPION Unit and concern the entire MPD. You also objected that a request for data falls outside of Rule 34. But as we explained in our October 16, 2024 Rule 37 letter (p. 2), that is simply incorrect—data stored on databases falls within the scope of Rule 34. Your response states that you are withholding data based on your objections. Because the City's objections are legally incorrect, you must produce the responsive data. **Please advise of your position by November 25, 2024.**

**RFP Nos. 72, 81-86.** These requests seek data regarding MPD traffic stops from 2018 to 2023. The City responded that it is withholding data responsive to these requests based on the City's objection that it is not required to "generate documents" that do not already exist. As discussed in the parties' October 14, 2024 Rule 37 conference and our October 16, 2024 Rule 37 letter, we are merely seeking the raw data that the City *already maintains* about MPD traffic stops and Rule 34 *does* require parties to search existing databases and produce data therefrom. *See* October 16, 2024 Rule 37 letter at 2 (collecting cases).

In order to assess any supposed overbreadth/burdensomeness concerns, we requested on the parties' October 14, 2024 conference that the City send us a list of the data fields that the City maintains for the requested MPD data. The City agreed to consider this request. We asked you to let us know your position by October 18 but you have still not responded. **Please provide the traffic stop data fields by November 18, 2024 or we will consider the parties to be at impasse on these RFPs.**

**RFP Nos. 91-93 and 95**. These requests inadvertently cross-referenced the wrong RFP, leading the City to object that the requests were vague. The cross reference in RFP Nos. 91 and 92 should be to RFP No. 90. The cross reference in RFP No. 93 should be to RFP No. 92. In addition, we noticed that RFP No. 95 also cross-referenced the wrong RFP. The cross reference in RFP No. 95 should be to RFP No. 96. **Please review these requests in light of the corrected cross references and provide amended responses by November 25, 2024.**

**RFP No. 110**. This request asks for complaints and ISB Security Squad Investigations referred to the Shelby County District Attorney's Office going back to January 1, 2018. You objected on overbreadth grounds and proposed to produce documents going back only to January 1, 2021—a date that appears tied to your contention that the scope of this case concerns SCORPION only. That proposition is incorrect, and the scope you propose is too narrow for *Monell*, as we have discussed and explained in our October 30, 2024 Rule 37 letter (pp. 4-5).



Joshua M. Levin<br>
Direct: (312) 253-8623<br>
Email: jlevin@rblaw.net

**Please make production as indicated in the request and advise of your position by November 25, 2024.**

  <u>**RFP No. 119.**</u>  This request asks for any "documents that the City intends to use, rely on, or ask a deponent about in any deposition in this action." The City responded that it is withholding responsive documents based on a work-product objection. That objection is improper and misunderstands the RFP. The RFP merely requests that any documents that will be used in a deposition be produced in advance of the deposition (to the extent that the document was not previously produced by another party or a third party). **Because the City's objection is incorrect, please serve by November 25, 2024 an amended response agreeing to produce the responsive documents.** We note that the City used and relied on documents for Morgan Jackson's deposition on November 11, 2024 that were not previously produced. **Any documents that may be used in pending depositions should be produced immediately.**

              Sincerely,

              <u>*/s/ Joshua M. Levin*</u>

Joshua M. Levin
*Senior Attorney*
**Romanucci & Blandin, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Direct Phone #: 312-253-8623
Fax: 312-458-1004 (Attn: Joshua Levin)
Email: jlevin@rblaw.net