

Joshua M. Levin<br>
Direct: (312) 253-8623<br>
Email: jlevin@rblaw.net

December 13, 2024

**VIA EMAIL**

Bruce McMullen
Jennie Vee Silk
Freeman B. Foster
Kelsey McKinney
Baker, Donelson, Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Re: *Wells v. City of Memphis, et al.*, Case No. 2:23-cv-02224 – Rule 37 Letter

Dear Counsel:

We write regarding the parties' December 5, 2024 Rule 37 conference and your December 6, 2024 follow-up email.

I. **RFP Nos. 73, 87-90, 96, 110.**

These RFPs seek Response to Resistance reports (RFP 96), data from MPD COMPSTAT meetings (RFP 73), ISB investigation files (RFPs 87-90), and excessive force complaints and ISB investigation files that MPD referred to the Shelby County District Attorney's Office (RFP 110).

Our November 13, 2024 letter asked you to provide some basic information about how these files are stored in order to assess your claims that responding to this discovery would be unduly burdensome. At the December 5 conference, you had no answers to the questions we asked in the letter. You told us you would follow up after getting those answers, but your December 6 email reverts to your previous burden objections and refuses to explain further. We are at impasse regarding these RFPs.

II. **RFP Nos. 5, 29-32.**

RFP No. 29 seeks inspection and imaging of the cell phones of the individual defendants, including MPD Chief Cerelyn Davis, for the two-and-a-half-week period following Mr. Nichol's killing (January 6, 2023 – January 25, 2023). In its written discovery answers, the City responded that it is not in possession, custody, or control of Chief Davis's phone. However, after we confronted the City with MPD's policy on issuing cell phones to employees, you acknowledged on our December 5 call that the City *is* in fact in possession of Chief Davis's MPD-issued phone.

1



Joshua M. Levin<br>
Direct: (312) 253-8623<br>
Email: jlevin@rblaw.net

  In your December 6 email, you refuse to image Chief Davis's MPD-issued phone, claiming overbreadth.

  That objection cannot hold water. The City has identified Chief Davis on its Rule 26(a) disclosures as a person with knowledge of the SCORPION Unit and other topics, and the City has already identified Chief Davis as an ESI custodian. Moreover, it is impossible to imagine that Chief Davis did not use her MPD-issued phone to communicate about the subject occurrence and its aftermath. There are multiple RFPs asking for the City to produce such communications, such as RFP No. 5. Additional requests are described below. You are refusing to produce documents that are plainly responsive to Plaintiff's RFPs. Imaging Chief Davis's MPD-issued phone is a first step to making any such production.

  Without imaging Chief Davis's phone and running search terms across the phone's ESI to determine the amount of irrelevant material, the City has no principled basis to assert any objections to relevance, burden, scope, or proportionality. Courts do not permit parties to rest on such objections when they have not even quantified the amount of relevant versus irrelevant material or the purported burden. *See Sweeney v. Nationwide Mut. Ins. Co.*, No. 2:20-CV-1569, 2023 WL 2549549, at *2 (S.D. Ohio Mar. 17, 2023) (compelling defendants to run hit reports where defendants "had not provided any information to support their proportionality objection" and "had not run a hit report for Plaintiffs' proposed search terms"); *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 21 C 305, 2023 WL 4181198, at *11 (N.D. Ill. June 26, 2023) (finding defendant did "not demonstrate[] that implementing Plaintiffs' proposed search terms and custodians would cause it undue burden and expense" where defendant "failed to substantiate its burden by providing hit counts for any of the individual disputed search terms"); *Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08 CV 1565, 2012 WL 12888111, at *2 (N.D. Ohio Mar. 15, 2012) (compelling defendant to run search terms across defendant's ESI and produce hit reports).

  Moreover, RFP No. 29 is not the only request that requires imaging Chief Davis's MPD-issued phone. RFP Nos. 30-32 seek relevant communications and other relevant cell phone data from any City employee. In particular, RFP No. 31 seeks all communications to or from any City employee, including Chief Davis and the other named Defendants, "related to the January 7, 2023 incident involving Tyre Nichols, including but not limited to phone call logs, text messages, emails, social media messages, posts, or direct messages[.]" **In order to comply with these RFPs, the City must conduct a forensic collection of the data on Chief Davis's MPD-issued phone and then produce responsive documents. Please confirm whether the City will agree to do so. Please also confirm whether the City has possession, custody, or control of the personal cell phone (or data therefrom) that Chief Davis used at the time of the subject occurrence.**

  Beyond Chief Davis, there is also the issue of other City employees' phones containing relevant information. Your December 6 email—and the lack of any cell phone communications in the City's productions to date—suggest that the City has not collected ESI from the cell phones of any of the individuals that you identified as ESI custodians. The City must collect ESI from the phones of at least these custodians, and produce the responsive material. **On our December 5 call, you agreed to image the MPD-issued phone of DeWayne Smith (and informed us that the other officer defendants' MPD-issued phones are currently in the custody of TBI). Please let us know whether the City agrees to image the MPD-issued (or City-issued) phones of the**



Joshua M. Levin
Direct: (312) 253-8623
Email: jlevin@rblaw.net

**remaining individuals whom the City identified as ESI custodians and then produce responsive documents.** (There are additional individuals identified in the City's second supplemental Rule 26(a)(1) disclosures and in the parties' discovery to date which were not included in the City's February 20, 2024 list of custodians. We will discuss these additional ESI custodians with you separately.)

**With respect to all custodians (including Chief Davis), we agree to confer with you on an ESI protocol, including appropriate search terms and other specifications for the ESI collected from the imaged phones, to alleviate the burdens of a manual review.**

**Please provide responses to the above questions by December 18 so that we can begin conferring on the ESI protocol. If we do not receive a response by December 18, we will presume the parties are at impasse.**

### III.    SCORPION SOP.

We have alerted you to your discovery deficiencies concerning the SCORPION SOP since Lt. Monique Williams' July 11, 2024 deposition, at which Lt. Williams revealed the existence of this key document that the City had failed to produce. On our October 28, 2024 conference, you stated that the only version of the SCORPION SOP you are aware of (after interviewing multiple people with knowledge) is the hard copy you claimed to have obtained from Lt. Williams prior to her deposition. But that is incorrect. You have also produced five versions of the SCORPION SOP that are native Word files (COM_0057786; COM_0054599; COM_0054704; COM_0054600; COM_0057787).

In our October 30, 2024 letter, we asked you to let us know where you collected each of these versions of the SCORPION SOP, who the custodian(s) and authors are of each, and if there is no custodian or author, to provide the name of the non-custodial source. On our December 5 call, you stated that you obtained at least some of these produced versions from what you referred to as the "larger MPD network drive." You stated you did not know the name of this drive, which MPD units/divisions store ESI on this drive, or whether all five produced versions of the SOP were collected from this drive. You agreed to send us the name of this network drive and the file path for each of the above-referenced SOP documents. You also agreed to discuss with your paralegal about reproducing these documents with complete and legible metadata (*see* Plaintiff's October 30, 2024 letter explaining metadata deficiencies).

Despite these agreements, your December 6 email provides none of this information and states that you believe you have satisfied your discovery obligations as to the SCORPION SOP. We disagree. The parties are at impasse on these issues.

### IV.    Privilege Log and Production Inventory Issues.

You agreed to provide a corrected production inventory (updated to include all documents identified on the City's privilege logs) within a day or two of our December 5 conference. **Please provide the corrected inventory by December 16.**



**Joshua M. Levin**
**Direct: (312) 253-8623**
**Email: jlevin@rblaw.net**

Sincerely,

*/s/ Joshua M. Levin*

Joshua M. Levin
*Senior Attorney*
**Romanucci & Blandin, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Direct Phone #: 312-253-8623
Fax: 312-458-1004 (Attn: Joshua Levin)
Email: jlevin@rblaw.net