IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis *et al.*, <br><br> Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S MOTION TO SCHEDULE
DEFENSE PLEADING OF AFFIRMATIVE DEFENSES**

Plaintiff, through her undersigned counsel, brings this motion Pursuant to Federal Rules of Civil Procedure 12 & 16 as well as the Court's inherent power to manage its docket. Plaintiff moves this Court to set a deadline to plead affirmative defenses and supporting facts, for those defendants who are filing Rule 12 motions to dismiss rather than answering Plaintiff's First Amended Complaint.[1] Plaintiff submits that this deadline should be March 17, four weeks after the current February 17 deadline for the defendants to submit responsive pleadings.

In requesting this relief, Plaintiff seeks to ensure that there is sufficient time to conduct discovery regarding the factual basis for affirmative defenses asserted by the defendants in this case, particularly the City of Memphis, without necessitating a further extension of the fact discovery period. At the January 3, 2025 hearing, defendants intimated their intent to file lengthy motions to dismiss, which would likely result in a further extension of the fact discovery period. Any such extension would result in cascading delays for expert discovery and dispositive

---

[1] This request does not apply to those defendants who have been criminally charged in Mr. Nichols' death. Pursuant to the Court's order discovery as to those defendants remains stayed. *See* ECF 110.

1

motions, which ultimately will either compress the time available for the Court to consider motions at the summary judgment stage, or result in another delay of the trial date in this case.

Such an outcome is not necessary. If the defendants instead plead their affirmative defenses and supporting facts now, there will be sufficient time to conduct discovery regarding those defenses under the Court's existing schedule—just as all parties have had the ability to take discovery regarding Plaintiff's claims while multiple defense motions to dismiss Plaintiff's original complaint were pending for over a year. The Federal Rules allow for the ordering of pleading in this manner, and the practicalities of this litigation all but require it in order to keep the schedule in this case on course.

Pursuant to Local Rule 7.2(a)(1)(B) Plaintiff has polled the defendants regarding this request, both via email and in a videoconference held on January 22, 2025. All defendants who responded stated that they opposed this request. In support of her motion Plaintiff states:

## DISCUSSION

Plaintiff filed this case in April 2023, a few months after Mr. Nichols' death. ECF 1. In response, several of the defendants filed motions to dismiss under Rule 12(b)(6). *See* ECF 81 (City of Memphis); ECF 112 (Hemphill, D. Smith) ECF 128 (Long); ECF 131 (Whittaker); ECF 133 (Sandridge). Plaintiff responded in opposition, and the motions remained pending through the remainder of 2023 and 2024. During that time the parties continued with discovery on the allegations in Plaintiff's complaint, under the Court's supervision. Those defendants who had filed Rule 12(b)(6) motions, however, did not file answers to Plaintiff's original complaint, and therefore did not plead affirmative defenses or facts supporting those defenses. As a result, no discovery was taken on any such defenses, or the factual basis for the defenses.

2

In November 2024, Plaintiff moved the Court for leave to file the First Amended Complaint, prompted by revelations at the *United States v. Bean et al.* criminal trial. ECF 248. The Court held an in-person hearing relating to that motion on January 3, 2025. Plaintiff's current request arises from the positions taken by the parties during that hearing.

As the Court will recall, after the Court indicated at the January 3 hearing that it would grant Plaintiff's motion to file the amended complaint, the Court opened the floor for the parties to discuss the schedule. *See* ECF 291 (Jan. 3, 2025 Hr'g Tr.) at 25:13-26:10. One of the defendants requested an enlargement of time, to 45 days, to respond to the First Amended Complaint, and in response to the Court's queries, multiple defendants indicated that they would be filing Rule 12 motions to dismiss. *See id.* at 49:15-21; 51:16-53:15. In response, Plaintiff counsel noted that the filing of Rule 12 motions could create a delay in the pleading of and discovery regarding affirmative defenses, which the Court acknowledged. *Id.* at 53:21-54:12.

With only a moment's notice at the January 3 hearing, Plaintiff counsel could do little except raise the concern posed by delayed affirmative defenses. With the benefit of time to consider the matter, Plaintiff is in a position to propose a solution that will help the Court and the parties address the problem Plaintiff counsel raised at the January 3 hearing: to ensure that sufficient discovery can be taken regarding the defendants' affirmative defenses, without requiring a delay of the trial date.

***The problem.*** If multiple defendants file Rule 12 motions to dismiss, a series of cascading delays that will all but guarantee a very short period to conduct discovery regarding affirmative defenses—even if this Court prioritizes the Defendants' dismissal motions over the other matters on its docket. At the January 3 hearing, the Court granted the Defendants' request for an extension to 45 days, to February 17, 2025, to file motions to responses to the amended

3

complaint, which multiple defendants indicated would be in the form of motions to dismiss. Under Local Rule 12.1 Plaintiff's responses to those motions will be due on March 17, and the Defendants' replies in support will be due on March 31. Those dates assume that no party will require additional briefing time, but the need for more time is a real possibility given the complexities of this case. Indeed, the defendants' previously filed Rule 12 motions, *see supra*, total 89 pages. Plaintiff will endeavor to file a full response brief quickly, but her counsel may very well need additional time to address all the defendants' arguments.

Assuming that no extensions are requested, the Court will have completed Rule 12 briefing to begin reviewing on April 1, 2025. Even if the Court issues a decision within a matter of weeks, once that decision is issued, yet more time will be required for the drafting of answers and affirmative defenses—almost certainly pushing the filing of answers and affirmative defenses into late May or June. This is, again, under a best-case scenario.

Under the current scheduling order, written discovery closes July 12, 2025, and oral discovery closes August 29, 2025. ECF 276. Under this schedule, assuming there are no extensions requested, Plaintiff will be left with a matter of weeks to (1) digest any pleaded affirmative defenses; (2) then draft, issue, and receive responses to written discovery in light of those affirmative defenses; (3) then receive production; (4) then take depositions.[2] It is also

---

[2] Plaintiff cannot take this discovery now. Not only would she be forced to guess at what the affirmative defenses and their factual bases might be, but defendants have refused to engage in discovery about their affirmative defenses until they have pleaded them. For example, Defendants have rejected Plaintiff's suggestion that the defendants respond to Rule 33 contention interrogatories identifying their affirmative defenses and the factual bases of those defenses, and the City has objected to Plaintiff's Rule 34 request for production of "[a]ll Documents which relate to, support, or rebut the City's affirmative defenses" on grounds that the request is "premature in that the City has not yet answered Plaintiff's Complaint or asserted any affirmative defenses." Pl. RFP 137 and City response.

4

likely that the time required for some of these steps will be elongated by the need for discovery enforcement, even if no Rule 37 motions are ultimately filed with the Court.

In short, there is a considerable likelihood that delaying the pleading of affirmative defenses until after the defendants' Rule 12 motions are decided will require fact discovery beyond the time contemplated in the current schedule. If fact discovery deadlines must be enlarged, then the remaining deadlines will likewise need to be enlarged. The deadlines for expert discovery are keyed to the completion of fact discovery. *See* ECF 276 (setting disclosure of Plaintiff's expert reports for September 19, 2025). Certainly Plaintiff's experts will need completed fact discovery regarding the defendants' affirmative defenses in order to offer opinions about them. Delays in the expert schedule, in turn, would run up against the deadline to file dispositive motions, which is keyed to the completion of expert discovery. *See id.* (setting dispositive motion deadline at December 19, 2025). Extending *that* deadline will force the Court into a compressed timetable to consider and rule on summary judgment motions, on pain of another delay of the trial date in this case. That outcome would prejudice both Plaintiff and the public, which has an interest in the adjudication of this matter.

***The solution***. In light of the foregoing, Plaintiff proposes that the Court order the defendants to identify their affirmative defenses and the factual basis for those defenses on a schedule that is not tied to briefings on the resolution of their motions to dismiss, which creates the problems identified *supra*. Plaintiff has proposed to the defendants two routes to complete this task while the motions to dismiss are pending: either (1) defendants plead their affirmative defenses and supporting facts under Rule 8(d), or (2) the defendants agree to respond to a Rule 33 interrogatory asking them to identify each of their affirmative defenses and the factual basis thereof.

The defendants rejected both these proposals, but either route is an entirely appropriate means of resolving the problem of delay described in this motion. Notably it is entirely permissible to both file a motion to dismiss a complaint, *and* answer a complaint simultaneously. *See, e.g.*, *Beary v. West Publishing Co.*, 763 F.2d 66, 68 (2d Cir. 1985) ("Although [Rule] 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer."). District courts have considerable flexibility in addressing Rule 8 answers filed in conjunction with Rule 12 motions to dismiss, regardless of the order in which the answer and motion are filed. *See* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1361 (Timing of Rule 12(b) Motions) (collecting cases). Indeed one district court collected cases noting a variety of treatments in such scenarios, including assessing simultaneous filings under both Rule 12(b)(6) and Rule 12(c)—but always giving the dismissal motions consideration even where answers were also asserted, in order to advance the "interests of judicial efficiency." *See Hicks v. City of Vallejo*, No. 2:14-CV-0669 DAD PS, 2015 WL 3403020, at *1 n.2 (E.D. Cal. May 27, 2015) (collecting cases; quotation omitted).

Judicial efficiency is what Plaintiff seeks here. The defendants are eminently capable of pleading their affirmative defenses now. It is possible, of course, that the Court's ruling on the Rule 12 motions may ultimately make some of those defenses unnecessary, but the extra effort required to plead and support such defenses pales in comparison to the compressed and accelerated briefing, discovery, and Court adjudication—and, possibly, yet further delay in the resolution of this case—that will be created if the defendants are allowed to wait multiple months to plead their affirmative defenses when only a short window is left in the discovery period in this case. The problems created by such a delay, which Plaintiff has described above, can be

6

mitigated if not eliminated by simply having the defendants plead their affirmative defenses and supporting facts now, so that Plaintiff may conduct timely discovery of those claims.

Granting an order of the type Plaintiff requests is well within the scope of this Court's power. The Supreme Court has "long recognized that a district court possesses inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin.*, 579 U.S. 40 (2016). Plaintiff's request is squarely set in the interest of administering an expeditious discovery process, which is a definitive feature of this Court's power. "The management of discovery is an essential aspect of case management and is, therefore, an area that is uniquely within the discretion of a district court." *Grae v. Corr. Corp. of Am.,* No. 3:16-CV-2267, 2019 WL 1746492 (M.D. Tenn. Apr. 18, 2019).

Plaintiff respectfully submits that the appropriate course forward is for the Court to issue an order for Defendants to plead their affirmative defenses and supporting facts on March 17, 2025. This would permit discovery to proceed while the Rule 12 motions are in briefing and under advisement. It is Plaintiff's position that this would be the most feasible means of preventing delay and maintaining the current scheduling order recently issued by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion and enter an order for all non-stayed Defendants filing motions to dismiss to separately plead their affirmative defenses and supporting facts by March 17, 2025. Pursuant to Local Rule 7.2(a)(1)(A), Plaintiff will transmit a proposed order reflecting this relief.

Dated: February 5, 2025                                              Respectfully submitted,


/s/ *Stephen H. Weil*
Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net


David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com


Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com


*Attorneys for Plaintiff*

## **CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned hereby certifies that on January 13, 2025, counsel for Plaintiff consulted with all parties via email regarding the relief requested in the foregoing motion. Counsel for Defendant Emmitt Martin, Defendant Dewayne Smith, Defendant Preston Hemphill, and the City all expressed their opposition to the proposal set forth by Plaintiff via email. On January 22, 2025, all parties attended a meet and confer via Teams regarding the relief requested in the forgoing motion. During the meeting no Defendant expressed their support for Plaintiffs proposal.

*/s/ Stephen H. Weil*
Stephen H. Weil