1

1            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
2                      WESTERN DIVISION

3    _____

4    RowVAUGHN WELLS, Individually and as
     Administratrix Ad Litem of the Estate
5    of Tyre Deandre Nichols, Deceased.

6            Plaintiff,

7    vs.                                  NO. 2:23-cv-02224

8    CITY OF MEMPHIS, et al.

9            Defendants.
     _____

10

11

12          **FTR-RECORDED** TEAMS PROCEEDINGS

13                    MOTION HEARING

14     BEFORE THE HONORABLE ANNIE CHRISTOFF, JUDGE

15

                          TUESDAY
16
                 12TH OF NOVEMBER, 2024
17

18

19

20

21

22

23              LASHAWN MARSHALL, RPR
              OFFICIAL COURT REPORTER
24      167 NORTH MAIN STREET - SUITE 242
             MEMPHIS, TENNESSEE 38103
25


                  *UNREDACTED TRANSCRIPT*

1              **A P P E A R A N C E S**

2

3    **Appearing on behalf of the Plaintiff:**

4              MR. ANTONIO ROMANUCCI
              MR. JOSHUA LEVIN
5              MR. STEPHEN H. WEIL
              MS. SARAH M. RAISCH
6              Attorneys at Law
              ROMANUCCI & BLANDIN, LLC
7              321 North Clark Street, Suite 900
              Chicago, Illinois  60654
8

9

     **Appearing on behalf of the City of Memphis:**
10
              MR. BRUCE McMULLEN
11              MS. JENNIE VEE SILK
              Attorneys at Law
12              BAKER DONELSON
              165 Madison Avenue, Suite 2000
13              Memphis, Tennessee  38103

14

15   **Appearing as Guardian ad litem:**

16              MS. CHASITY S. GRICE
              Attorney at Law
17              474 Perkins Extended, Suite 205
              Memphis, Tennessee  38117
18

19

20   **Appearing on behalf of Preston Hemphill:**

21
              MS. MARY E. McKINNEY
22              Attorney at Law
              GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
23              50 North Front Street, Suite 800
              Memphis, Tennessee  38103
24

25


                    *UNREDACTED  TRANSCRIPT*

3

# A P P E A R A N C E S
**(continued)**

**Appearing on behalf of Emmitt Martin, III:**

MS. FLORENCE M. JOHNSON
Attorney at Law
JOHNSON AND JOHNSON, PLLC
1407 Union Avenue, Suite 1002
Memphis, Tennessee 38104


**Appearing on behalf of Robert Long:**

MR. DARRELL J. O'NEAL
Attorney at Law
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester Road
Memphis, Tennessee 38116


**Appearing on behalf of JaMichael Sandridge:**

MS. LAURA E. SMITTICK
Attorney at Law
SMITTICK LAW FIRM
242 Poplar Avenue
Memphis, Tennessee 38103


**Appearing on behalf of Michelle Whitaker:**

MR. JARRETT M. SPENCE
Attorneys at Law
SPENCE PARTNERS
65 Union Avenue, Suite 900
Memphis, Tennessee 38103


**Appearing on behalf of Demetrius Haley:**

MR. STEPHEN R. LEFFLER
Attorney at Law
LAW OFFICE OF STEPHEN R. LEFFLER, PC
2670 Union Avenue Extended, Suite 819
Memphis, Tennessee 38112

*UNREDACTED TRANSCRIPT*

4

```
 1                          TUESDAY

 2                      November 12, 2024

 3                 ***VIA FTR-RECORDED TEAMS***

 4

 5               ************************

 6

 7          THE COURT:  All right.  Good afternoon, everyone.

 8   We are here in Case 23-2224, Wells versus City of Memphis.

 9   And as a reminder, of course, no recording is permitted in

10   federal court of any kind.

11               We are here on the guardian ad litem's motion at

12   219.  And Ms. Grice, are you with us?

13          MS. GRICE:  Yes, Your Honor.  Good afternoon.

14          THE COURT:  Good afternoon.  It's great to see

15   you.  How are you doing?

16          MS. GRICE:  Doing well.  Wonderful to see you as

17   well.

18          THE COURT:  All right.  And who do we have for

19   Ms. Wells today?

20          MR. ROMANUCCI:  Good morning, Your Honor.  This

21   is Attorney Antonio Romanucci, along with attorney Sarah

22   Raisch, Josh Levin, and Stephen Weil, on behalf of the estate

23   of Tyre Nichols and also RowVaughn Wells.

24          THE COURT:  Thank you very much, Mr. Romanucci.

25   Good to see you.
```

*UNREDACTED TRANSCRIPT*

5

1          **MR. ROMANUCCI:**  Nice to see you, too, Your Honor.

2          **THE COURT:**  Thank you.  And welcome to all of

3   your colleagues.

4          And who do we have from the city?

5          **MR. McMULLEN:**  From the city, you have Bruce

6   McMullen, Baker Donelson, along with Jennie Silk, Baker

7   Donelson.  And I think we have two other attorneys,

8   associates, from our office:  Ian Reagan and Kelsie McKinney.

9          **THE COURT:**  Thank you, Mr. McMullen.  Good to see

10  you as well.

11         All right.  As I said, we are here on Ms. Grice's

12  motion.  Ms. Grice filed the motion seeking a status

13  conference to discuss four different categories of

14  information that she raised, and so I would like to hear from

15  Ms. Grice and -- as well as the parties, to the extent that

16  they'd like to weigh in.

17         Ms. Grice, I think we'll just go through these

18  one at a time, if that's all right with you.

19         The first category is participation in settlement

20  negotiations, clarification on the guardian ad litem's

21  involvement in any settlement discussion, and the extent of

22  authority to negotiate on behalf of the minor child.

23         So Ms. Grice, first of all, I'll say that you are

24  much more experienced as the guardian ad litem than I am.

25  What is your expectation for your role in that process?

*UNREDACTED TRANSCRIPT*

1          **MS. GRICE:** Your Honor, typically, when I have

2     been appointed as guardian ad litem in cases where there have

3     been settlement discussions, I have been involved in those

4     discussions.  And -- but that was a question that has been

5     raised on both sides, so I wanted to make sure that Your

6     Honor's perspective would be the same, but typically I have,

7     anytime there's been some sort of litigation connected or

8     involving the child.

9          **THE COURT:** All right.  Thank you.

10          Mr. Romanucci?

11          **MR. ROMANUCCI:** So, generally, Your Honor, with

12     number one, I can say that the plaintiff does not have an

13     objection; although, I do have a question as to the part that

14     says the extent of authority to negotiate on behalf of the

15     minor child.  I just would like clarification on that issue,

16     whether it comes from Ms. Grice or the Court, just an

17     understanding.

18          It won't -- if there are settlement negotiations,

19     will Ms. Grice actually be advocating and negotiating

20     settlement, or will she be, obviously, welcome and listening

21     and watching and then reporting to the Court?  I just think I

22     need some clarification on that from either one of -- either

23     Ms. Grice or this court.

24          **THE COURT:** Understood.  Based on the reason that

25     Ms. Grice was appointed in this case, as raised in the city's

*UNREDACTED TRANSCRIPT*

1    motion, the original motion, my view was more of the former

2    of what you were suggesting, that Ms. Grice would be

3    advocating on behalf of the minor child that she is

4    representing and ensuring that the interests of the child are

5    represented and advocated for in any settlement negotiations.

6            Mr. McMullen?

7            **MR. McMULLEN:**  I agree 100 percent.  I think -- I

8    think Ms. Grice's role is to protect the interest of the

9    child in litigation, which is an uncertain thing for anybody

10   involved.  And so the interest of the child -- the child is

11   the youngest litigant involved, have more -- longer to live

12   than any of us, and settlement from his perspective would be

13   different from anybody else's.  So I do agree with the

14   Court's perspective as well as Ms. Grice's.

15           **THE COURT:**  Thank you.

16           Ms. Grice, how does that sound to you?

17           **MS. GRICE:**  That sounds fine, Your Honor, and

18   appropriate.

19           **THE COURT:**  All right.  Thank you.

20           Mr. Romanucci, anything else you'd like to add on

21   that, or anything else we need to discuss?

22           **MR. ROMANUCCI:**  Not on number one, Your Honor,

23   no.

24           **THE COURT:**  All right.  Thank you.

25           All right.  Then we will move to number two,

*UNREDACTED TRANSCRIPT*

1  which is representation in court proceedings, guidance on the

2  specific court appearances and filings where the presence and

3  advocacy of the GAL is required.

4          Ms. Grice, again, I'd like to hear from you.  My

5  initial assessment was that your client -- your client's

6  interest, in terms of the substantive outcome of the case, of

7  the claims in the case, are aligned with Ms. Wells.  And so I

8  don't know that your participation in, for example,

9  litigating liability is required.  But what do you think

10  about it?

11          **MS. GRICE:**  I agree, Your Honor.  I view my role

12  as more of a quasi litigant, if I may.

13          In terms of being involved for the purposes of

14  advocating for the best interest of the child, which is very

15  much different than litigating one side or another, I think

16  my role is a little different.  So I don't view that -- I

17  don't view that as a role that requires that I participate

18  actively, I would say, in the litigation, other than to

19  participate enough to advocate for the child when necessary.

20  I'll say it that way.

21          **THE COURT:**  Certainly.  And I -- it sounds like

22  we're -- we are thinking along the same lines.  I would not

23  want to limit, in any way, any participation that you feel is

24  necessary, pursuant to that end.  But that -- that is also

25  what I had in mind.

*UNREDACTED  TRANSCRIPT*

1    Mr. Romanucci?

2    **MR. ROMANUCCI:**  I think that clarifies.  And

3 based on Ms. Grice's explanation and also the Court weighing

4 in with regard to number two, we have no objection.

5    And I just want to clarify that Ms. Grice is

6 relying on the attorneys, the plaintiff's attorneys, to

7 continue to litigate the liability issues and even litigate

8 the damages issues.  But Ms. Grice will be there to ensure

9 the best interest of the minor child in this particular case.

10    **THE COURT:**  Certainly.  I think that sounds

11 appropriate.

12    Of course, something could arise that we are not

13 foreseeing, and we can, you know, revisit at any time, if

14 that's necessary.  But for the time being, assuming things

15 sort of progress along the usual course, I think that that

16 would be a good division of labor.

17    Mr. McMullen?

18    **MR. McMULLEN:**  I agree 100 percent.  I think the

19 estate and the child is well represented legally in court by

20 Mr. Romanucci.

21    **THE COURT:**  Excellent.  Thank you very much.

22    Ms. Grice, anything else to add on that?

23    **MS. GRICE:**  No, Your Honor.

24    **THE COURT:**  Thank you.

25    All right.  Then number three:  Reporting any

*UNREDACTED TRANSCRIPT*

1   communication, defined expectations for reporting to the

2   Court, and maintaining communication with other parties

3   involved in the litigation to keep the proceedings

4   transparent and in the best interest of the minor child.

5           I think that -- well, first of all, I was not

6   envisioning any reporting requirement to the Court.  As I

7   said, you know, I see the guardian ad litem's role in this

8   case to be most needed in the area of settlement, and that's

9   not something that the Court is typically involved in any

10  way.  And so I'm -- unless I hear otherwise, that there's a

11  need for it, I'm not envisioning any sort of regular

12  reporting requirement.

13          In terms of maintaining communication with the

14  parties, I think that sort of merges into our discussion of

15  issue number two, in that to the extent it's something that

16  Ms. Grice needs to be apprised of or that -- that she, you

17  know, feels the need to weigh in on, she can be in

18  communication with the parties.  But to the extent it's

19  communication, for example, regarding setting up depositions

20  and stuff like that, I don't -- I don't know that it would be

21  a good use of Ms. Grice's time there.

22          Ms. Grice, what do you think?

23          **MS. GRICE:**  I agree, Your Honor.  I want to be

24  efficient here, and I want to make sure that I'm a part of,

25  you know, proceedings and events that are necessary for the

*UNREDACTED TRANSCRIPT*

1   purposes of understanding the child's needs and advocating

2   for the child.  But I don't want to do -- I don't want to

3   find myself involved in a lot of the conversation that --

4   that isn't relevant, I would say, in terms of making any

5   decisions or any recommendations regarding the minor child.

6   So I just want to be very mindful there.

7            Sometimes when I've appointed, some courts have

8   wanted me to file reports, so I wanted to understand what

9   Your Honor's expectations would have been ahead of time so

10  that I could be prepared for that.  But I agree.  I don't

11  think that that will be necessary.

12            **THE COURT:**  Excellent.  Thank you.

13            And as I said before, again, you know, we can't

14  predict everything that's going to happen, and I don't want

15  to limit what you are involved in to the extent you think

16  it's necessary in performing your role.  But, you know, I

17  think you have some discretion to exercise there.

18            Mr. Romanucci?

19            **MR. ROMANUCCI:**  So thank you, Your Honor.  So I

20  look at number three as actually two parts.  And with regard

21  to the reporting, I think I probably have the least standing

22  or say in how often Ms. Grice should be reporting to the

23  Court, so I will -- I will back away from that one.

24            But with regard to communication, I think that is

25  a little bit more granular.  And I want to make sure that I

*UNREDACTED TRANSCRIPT*

12

1   understand that the communication between the parties and

2   Ms. Grice is what her expectation is.  I understand that

3   she -- Ms. Grice -- is asking for communications with this

4   court, but I also want to understand, if we can take that

5   moment, to make sure that we do what Ms. Grice expects of us

6   in communicating with her.

7            **THE COURT:**  Excellent.  Thank you.

8            And I think that, you know, for the -- for

9   example, the -- you know, the communications regarding

10  setting up discovery would be an easy category of things that

11  I don't think Ms. Grice would feel the need to be copied on.

12           But I think -- as I just mentioned, I think she

13  does have some discretion to exercise there, so I think that

14  the parties should be able to communicate with each other

15  about that.  And Ms. Grice could certainly, you know, opt out

16  of certain categories of information that you-all are

17  discussing, if she feels that it's not relevant.  Or if she

18  hears about something or sees something on the docket, she

19  could opt in to those discussions, if she's not already

20  included.

21           Does that make sense to you, Mr. Romanucci?

22           **MR. ROMANUCCI:**  It helps.  Thank you, Your Honor.

23           **THE COURT:**  All right.  Mr. McMullen?

24           **MR. McMULLEN:**  I agree 100 percent.  I'm fine

25  with it.

*UNREDACTED TRANSCRIPT*

1          **THE COURT:**  Okay.  Great.

2          Ms. Grice, that sounds okay to you?

3          **MS. GRICE:**  It does, Your Honor.

4          **THE COURT:**  Excellent.  Thank you.

5          All right.  Number four, the most practical

6   consideration:  Billing for services, defined expectations

7   regarding regular billing, and the responsibilities of the

8   parties for the payment of said billing and services.

9          Ms. Grice, you know, I know that there are

10  different types of guardian ad litem roles.  A guardian ad

11  litem in, for example, a family case is probably very

12  different than in a case involving a personal injury claim,

13  which this is more akin to.  What is your expectation?

14         **MS. GRICE:**  Typically, Your Honor, my billing

15  would be at the end.  It's just very difficult, in this

16  particular case, to say that, understanding that we don't

17  know what the -- what the end looks like.  And so that's part

18  of the reason why I asked the question, to at least have an

19  idea here as to what the expectations would be for billing.

20         I would say probably about 90 percent of the

21  cases where I've been appointed have been -- the billing has

22  been required at the end.  The other 10 percent were more

23  complicated cases where there's, perhaps, some interim

24  billing to accommodate me and my services in cases that are,

25  you know, yearslong proceedings or longer.  I will defer to

*UNREDACTED TRANSCRIPT*

1  the Court.  I don't necessarily have a preference.  I just

2  would like it to be something that the parties are aware of

3  at this time.

4          **THE COURT:**  I certainly appreciate that, and I

5  think that is wise.

6          I also was contemplating billing at the end.

7  Mr. Romanucci, do you see an issue there?

8          **MR. ROMANUCCI:**  No, I -- first of all, no, I do

9  not object to billing or billing at the end.  I think that is

10  reasonably and very fair, actually, to bill at the end.  So I

11  wasn't expecting that, but maybe I shouldn't say that.  So

12  I'm fine with that.  So billing at the end is okay.

13          **THE COURT:**  Okay.  Great.

14          Mr. McMullen?

15          **MR. McMULLEN:**  I want to first clarify.  The fees

16  will be paid by who?  Will it be split between the plaintiffs

17  and the defendant?

18          **THE COURT:**  Well, what's your position on that,

19  Mr. McMullen?

20          **MR. McMULLEN:**  I think it should be split among

21  the parties.

22          **THE COURT:**  Mr. Romanucci?

23          **MR. ROMANUCCI:**  Okay.  Well, that's two things.

24  I mean, if it's split between plaintiff or defendant or split

25  among the parties, there are multiple parties here.  So, you

*UNREDACTED  TRANSCRIPT*

1 know, there's obviously one -- there are two plaintiffs, the

2 estate and RowVaughn Wells.  And there are -- there could be

3 nine or ten defendants.  So are -- is everybody picking up an

4 equal share, a pro rata share, or is this being split evenly

5 between plaintiff and defendant?  Plaintiffs and defendants.

6          **THE COURT:**  What is your position?

7          **MR. ROMANUCCI:**  Well, I -- I'm not sure that I

8 thought through that position.  You know, typically I see a

9 pro rata distribution.  But we're going to -- well, I'll --

10 but I'll say that, in this particular case, you know, when

11 you look at who the defendants are, it's the City of Memphis.

12 And if you go down the individual ones, they're all employees

13 of the City of Memphis.  So I don't know.  I can't say.  And

14 I'm not going to speculate as to what the agreement is

15 between some of the individual defendants and payment on

16 these particular issues, whether the city's indemnifying

17 payments or not.

18          So I don't know if any of the defendants actually

19 have the ability to pay, so I think that might be a

20 consideration and maybe something -- I don't want to say, you

21 know, kick the can down the road; I don't like that.  I would

22 rather have more definition now, but that might be something

23 that either of the parties -- when I say "the parties," the

24 city and the plaintiff -- meet and confer on and make a

25 decision on that.  Or in the end, maybe -- you know, I don't

*UNREDACTED TRANSCRIPT*

```
1    want to brief it, but maybe we would need to brief that.  But
2    that would be my suggestion.
3                MR. LEFFLER:  Judge, this is Steve Leffler.  I
4    won't come up on the screen because my machine won't allow me
5    to do it, but --
6                THE COURT:  Good afternoon, Mr. Leffler.
7                MR. LEFFLER:  Good afternoon.  I represent
8    Demetrius Haley.  And I can tell you that Mr. Haley does not
9    have the ability to contribute to the fund for the -- for the
10   guardian ad litem.
11               THE COURT:  All right.
12               Mr. McMullen?
13               MR. McMULLEN:  This may be something I need to
14   maybe revisit with Chief Gibson, Tannera Gibson, the CLO of
15   the city.
16               But I understand the practicalities of what
17   Mr. Romanucci said.  But my thought is a -- can split
18   one-half between the V.  So the plaintiffs pay half, and the
19   defendants pay half, and we split it like that.  And the
20   defendants will work it out among themselves, that part of
21   it.  And the plaintiffs can work it out among themselves on
22   that part of it.  Those are my initial thoughts.
23               THE COURT:  All right.  Ms. Grice, I know that
24   you don't necessarily have a dog in this fight, but what is
25   your experience?
```

*UNREDACTED TRANSCRIPT*

1      **MS. GRICE:**  My experience has been either the

2   plaintiff pay the fee or the parties split, so basically what

3   you-all have discussed.  I've seen them -- I've seen it both

4   ways, you know.

5           And obviously, if there are settlement

6   discussions and the matter is resolved in that way, then that

7   is something that can be discussed and/or resolved during

8   those discussions.  But if that -- if that is not the

9   disposition, then it's, you know, up to the Court's

10  discretion.  Typically, if it gets that far, I see it split.

11     **THE COURT:**  All right.  Since it sounds like this

12  is something that has not been fully explored by the parties

13  at this point, I'm not going to make a decision today.  I

14  can't remember who suggested it, but I think it's a good idea

15  if -- Mr. Romanucci, I think you said if you-all get together

16  and have a conversation about -- well, internally first and

17  then with each other -- about what you think might be the

18  best way to address who pays and give us an update on that

19  if -- I'm certainly happy to make the decision, if you want

20  me to, but it does sound like there may be room for

21  agreement.  Or perhaps you-all would agree to kick the can on

22  it, if it's something that could be worked into any potential

23  settlement.

24          Again, I'm not saying that's what should happen.

25  Just some possibilities that you-all might want to consider

*UNREDACTED TRANSCRIPT*

1   before I make a ruling, so --

2          **MR. McMULLEN:**  Magistrate Christoff, I want to

3   add one other thing for us to consider, the parties will talk

4   about -- and it's not really my issue, but I'm a little

5   concerned that a -- Ms. Grice has a small practice, and I

6   don't think it's fair for her to carry that debt.  No one

7   knows when this case is going to be tried or settled.  And I

8   think paying at the end would be almost unfair to her, in

9   that she would be -- she would be earning the fee along the

10  way.  She's not in it on contingency.  And so I think that's

11  something that needs to be discussed because I would

12  recommend monthly billing.

13         **THE COURT:**  Mr. McMullen, I appreciate that

14  concern.  Given that Ms. Grice is, you know, very experienced

15  as a guardian ad litem and suggested payment at the end, we

16  will stick with that, unless you-all get together and decide,

17  jointly, we'd prefer something else.  It -- of course, if the

18  case takes some turns and that becomes not practical, we can

19  always revisit, you know.

20         Ms. Grice, if you needed some sort of, as you

21  said, interim payment or something like that, that would be

22  something that I would absolutely be open to considering.

23         Along those notes, though, I will say that my

24  understanding is that Judge Norris is very interested in

25  maintaining the trial date in March of next year.  So that is

*UNREDACTED TRANSCRIPT*

1  a piece of information for you-all to consider as you go

2  forward.  But the case may be resolved sooner rather than

3  later.

4          All right, then.  So what we will do is --

5  Mr. Romanucci, if I gave you-all, say, two weeks to get

6  together and have a conversation about the "who pays"

7  question, is that sufficient time, you think?

8          **MR. ROMANUCCI:**  I think that's plenty of time,

9  Your Honor.  Yes.

10          **THE COURT:**  Mr. McMullen, two weeks sound okay?

11          **MR. McMULLEN:**  I think that's sufficient.

12          **THE COURT:**  Okay.  Good.

13          So what we'll do, then, is ask you-all to let us

14  know by November 26th whether you've come to an agreement

15  about how to apportion the guardian ad litem fees, and if you

16  have come to an agreement, what that is, or if you would like

17  to brief the issue or, you know, not necessarily brief it,

18  but, you know, set out your position more fully.  And then we

19  will just set up a quick briefing schedule on that, if it

20  remains a live issue.  Okay?

21          **MS. JOHNSON:**  If Your Honor, please, this is

22  Florence Johnson.  I represent --

23          **THE COURT:**  Ms. Johnson, good afternoon.

24          **MS. JOHNSON:**  Good afternoon, Your Honor.  I

25  represent Defendant Emmitt Martin.  And I don't believe the

*UNREDACTED TRANSCRIPT*

1   Court has asked for each of the counsel for the defendants to

2   address the issue, but I want to mirror what Mr. Leffler

3   said.

4           My client has entered a plea.  He is not

5   employed.  He has no means by which to pay a guardian ad

6   litem apportionment of any proportion.  So if the Court is

7   asking for my clarity for our position on it, do you want

8   that stated in writing in a brief because I believe the

9   discussion is going to take place between the city and the

10  plaintiff's counsel?  But I wanted to be clear on the record

11  about my client's position.

12          **THE COURT:**  Thank you, Ms. Johnson.  You and

13  Mr. Leffler have certainly made your positions clear on the

14  record.  I don't think that you need to be required to

15  further participate in those discussions.  I agree that I was

16  envisioning communication between the city and plaintiff's

17  counsel.

18          To the extent there is any defendant that has a

19  different position, they would probably want to express that.

20  But, otherwise, I would assume that the individual defendants

21  all have the same position.

22          I will also note that the case is stayed as to

23  your client, as you know, as to the individual defendants.

24  I'm not sure what, really, I could order at this point

25  anyway.  So I'll ask Mr. McMullen and Mr. Romanucci to

*UNREDACTED TRANSCRIPT*

1  consider that as well in their discussions.

2          **MS. JOHNSON:**  Thank you, Your Honor.

3          **THE COURT:**  Thank you.

4          All right.  Anyone else want to be heard on this

5  issue?

6          **MR. SPENCE:**  Your Honor, I don't want to belabor

7  the point.  This is Jarrett Spence, and I represent --

8          **THE COURT:**  Mr. Spence, good afternoon.

9          **MR. SPENCE:**  Good afternoon, Your Honor.  I

10 represent Defendant Michelle Whitaker.

11         The case is not stayed as to Ms. Whitaker.

12         **THE COURT:**  That's right.

13         **MR. SPENCE:**  And is also not stayed as to

14 Defendant Long as well.  And I just want the record just to

15 reflect it, that regarding the defendants that the case --

16 that they are still involved in the case.  They, too, share

17 the viewpoint of -- expressed by Ms. Johnson.

18         **THE COURT:**  Thank you very much.  Appreciate

19 that.

20         **MS. SMITTICK:**  Your Honor, this is Laura

21 Smittick.  I represent Defendant JaMichael Sandridge.  And

22 although Mr. Spence represented that there's no stay as to

23 Defendant Whitaker and Defendant Long, there's no stay to my

24 client as well.

25         **THE COURT:**  Okay.

*UNREDACTED TRANSCRIPT*

1          **MS. SMITTICK:**  So, again, as Mr. Spence said "I

2    don't want to belabor this point," but my client is unable to

3    participate as far as paying fees in this matter.

4          **THE COURT:**  All right.  Thank you very much.

5          Anyone else?

6          (No verbal response rendered.)

7          **THE COURT:**  Wonderful.  All right.

8          **MR. O'NEAL:**  Your Honor, just --

9          **THE COURT:**  Mr. O'Neal, you want to weigh in?

10         **MR. O'NEAL:**  Your Honor, Darrell -- yes, Your

11   Honor.  Excuse my attire.  I'm actually out of town right

12   now, so I just came in for this particular matter.

13         Your Honor, I take a slightly different position

14   here.  My client had no position or no weigh-in or no

15   opportunity to even take a position in regards to whether a

16   guardian ad litem should be appointed or not.  And because my

17   client didn't have a position even at that point, I'm of the

18   position that this a conversation between the parties who

19   decided they needed or wanted a guardian ad litem as opposed

20   to the people who had an opportunity to even say or -- say

21   one way or another or didn't even matter.

22         I'm in the category of -- that we had no dogs in

23   that hunt regarding whether the guardian ad litem was

24   appointed or not.  And so -- and we had no decision in

25   whether or not, you know, how this was going to be set up and

*UNREDACTED TRANSCRIPT*

1    placed in the first place.  So in regards to apportions of

2    the fees for my client, I believe the same position that was

3    taken to decide whether or not a guardian ad litem be

4    appointed be decided the same way in regards to the fees.  My

5    client had no position in that.  My client should have no

6    responsibility or position in the fee issue, and that's the

7    position that my client is taking.

8            **THE COURT:**  All right.  Well, Mr. O'Neal, I

9    appreciate that.  I think that, at that point, we're getting

10   into more substantive discussion that is premature at this

11   point.  So, you know, whatever -- if Mr. Romanucci and the

12   city come to some sort of agreement, the city would,

13   obviously, not be agreeing on behalf of individuals that it

14   is not representing in this case.  And so if we come to that

15   point, we would need probably a broader discussion, if that's

16   still an issue.

17           Mr. Romanucci, you want to weigh in?

18           **MR. ROMANUCCI:**  I did, Your Honor.  I mean, at

19   this point, I've had my question answered already, one that

20   we were going to meet and confer on as to the ability for

21   some of these other defendants to pay and what their position

22   is.  And so rather than go through some needless -- I don't

23   want to say needless -- but extra time in doing the meet and

24   confer, I think we can agree right now, because there are now

25   two parties essentially:  It's the City of Memphis, and the

*UNREDACTED TRANSCRIPT*

1    other individual defendants are unable to pay, and then the

2    plaintiff.  So if we can reach agreement now with the city

3    that we split it, we don't have to have the meet and confer.

4    We don't need a two-week date, and you can enter that as part

5    of our agreement today.

6                **THE COURT:**  Thank you, Mr. Romanucci.

7                Mr. McMullen, I know you said you might need to

8    run this past Ms. Gibson.  Do you need additional time or --

9                **MR. McMULLEN:**  Yeah, I'm in favor.  I'm

10   personally in favor of what Mr. Romanucci suggested, but I

11   don't have the authority to make that call now.  But I will

12   get to Mr. Romanucci as soon as I talk with Ms. Gibson and --

13   and respond with a recommendation from me to them that we

14   split it between the plaintiffs.

15               **THE COURT:**  Excellent.  Thank you.

16               And Mr. Romanucci, thank you for streamlining

17   that.

18               So it sounds like there may not be much

19   consultation for y'all to have, but hopefully more just

20   confirmation.

21               And then, Mr. McMullen, if you-all can just let

22   us know that you've come to an agreement on that.

23               All right.  Ms. Grice, I believe we've covered

24   everything raised in your motion.  Is there anything that we

25   need to discuss today?

*UNREDACTED TRANSCRIPT*

1        **MS. GRICE:**  No, Your Honor.  Thank you.

2        **THE COURT:**  Thank you.  And I just want to

3  reiterate that I appreciate how much the motion was -- it

4  very succinctly but clearly drug down the issues that we need

5  to discuss.  That was very helpful in guiding the discussion

6  today.

7        Mr. Romanucci, anything else that we need to

8  handle on your end?

9        **MR. ROMANUCCI:**  I'm -- yes.  No.  I -- your

10  comment about the trial date in March, we'll take that up

11  with Judge Norris because we have some issues pending before

12  us.  But other than that, nothing.  We're fine, Your Honor.

13  I'm -- thank you.

14        **THE COURT:**  Okay.  Good.  I know that was a very

15  tempting question to open the floor for you, but --

16        **MR. ROMANUCCI:**  Right.

17        **THE COURT:**  Thank you.

18        Mr. McMullen, anything else?

19        **MR. McMULLEN:**  Nothing at this time, Your Honor,

20  I think most issues between me and Mr. Romanucci have been

21  ironed out.  As you may know, we're in the middle of a

22  deposition right now in this matter.

23        **THE COURT:**  Oh, I didn't know that.

24        **MR. McMULLEN:**  Yeah, we're in Sacramento.

25        **THE COURT:**  Oh, goodness.  Well, all right.

*UNREDACTED TRANSCRIPT*

26

1   Thank you for jumping on the call today, then.  I'll let you

2   get back to the deposition.

3          Anyone else on -- any of the other parties need

4   to weigh in on anything else?

5               (No verbal response was rendered.)

6          **THE COURT:**  All right.  Hearing none, then, we

7   will enter an order summarizing what we have discussed today.

8   And we will look for a position on the fees by the 26th.

9          And other than that, I think court is adjourned.

10  Thank you-all very much.

11         **MULTIPLE SPEAKERS:**  Thank you, Your Honor.

12             (The videoconference (Teams) proceedings

13  concluded.)

14

15

16

17

18

19

20

21

22

23

24

25

*UNREDACTED TRANSCRIPT*

27

# C E R T I F I C A T E

1

2

3             I, LASHAWN MARSHALL, RPR, do hereby certify that

4    the foregoing 26 pages are, to the best of my knowledge,

5    skill and ability to discern testimony and comments via

6    videoconference transmission, a true and accurate transcript

7    from my stenotype notes of the **FTR-RECORDED** Motion Hearing

8    proceedings on the 12th day of November 2024, in the matter

9    of:

10

11

12

13   RowVAUGHN WELLS

14   vs.

15   CITY OF MEMPHIS, et al.

16

17   Dated this 7th day of February 2025,

18

19

20

21

22        *S/Lashawn Marshall*

23             Lashawn Marshall, RPR
              Official Court Reporter
24             United States District Court
              Western District of Tennessee
25

*UNREDACTED TRANSCRIPT*