# Exhibit A

| | |
|---|---|
| **From:** | Stephen Weil |
| **To:** | McMullen, Bruce; Sarah Raisch; Antonio Romanucci |
| **Cc:** | Silk, Jennie; McKinney, Kelsey; Reagan, Ian |
| **Subject:** | RE: Proposal on Motion to Compel |
| **Date:** | Tuesday, January 28, 2025 5:50:15 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Counsel:

Your January 22 email resumes Rule 37 discussions that you unilaterally cut off on December 6. You have done so only after we were forced to file a motion to compel, at considerable expense. That never should have occurred. We may need to seek a remedy for this current delay, as you have effectively manufactured a 1.5 month stall in the meet-and-confer process. Regarding the substance of your email:

**RFP 73**. With respect to RFP 73, we believe the process you have outlined is acceptable.

**RFP 96**. With respect to RFP 96, your proposal indicates that in the MPD keeps ESI surrounding RTR reports in database form. We expect that the reports will be integrated with ESI such as supervisory review ESI as well. To ensure that the appropriate and relevant ESI is gathered, we believe it will be necessary to develop an ESI protocol. To do this, we request that you please provide us with fields for the relevant database and indicate which fields you contend are responsive to the request. ***Please let us know by 1/31 whether you will agree to do this.*** If we do not hear from you we will presume that you object.

**ISB case files**. We are arranging for counsel to inspect and will provide proposed dates. In the meantime, you still have not responded to the question we posed in November: will you agree to have a corporate document vendor duplicate the documents? As we have pointed out, an inspection alone is largely useless to us. Please confirm you can agree to have a corporate document vendor scan the files. As we have noted, this will likely require that files be taken offsite and then returned. Corporate document vendors routinely take custody of highly sensitive files, and when we have used such vendors in the past the document scanning went off without a hitch. ***Please let us know by 1/31 whether you will agree to copying by a document vendor***. If we do not hear from you we will presume that you object.

**Cellphones**. We will transmit an ESI protocol for the gathering and production of data from the phones.

**The City's discovery**. At the end of your email you seem to suggest that given your "cooperation," we should withdraw all objections to the discovery you seek to take from Mrs. Wells and the Volkers. This seems to be a reference to the discovery we seek to take from Chief Davis's cell phone. But as we made clear in our Rule 37 conferences and in our motion to compel, the discovery we seek to take from Chief Davis is targeted to relevant communications only. We have objected the Wells / Volker discovery because it is the opposite—you seek plenary communications with no effort to target relevant communications. We have invited you to target that discovery to relevant matters, but you have refused. Thus we will not withdraw our objections.

Best regards,

- Steve

**Stephen H. Weil**
Senior Attorney



**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654

   

 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Wednesday, January 22, 2025 7:26 PM
**To:** Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** Proposal on Motion to Compel

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and

> know the content is safe.

Sarah, Steve, & Josh,

We have spent significant time in the last couple of weeks addressing the outstanding discovery issues with MPD, including the requests that are the subject of Plaintiff's motion to compel. We believe many of those issues can be resolved without further motion practice. As such, we propose the following:

**RFP No. 73**: We have identified a process for isolating the data underlying CompStat meetings for 2018-2023 into a .csv file. MPD personnel estimate that they can have this data produced within 2 weeks. The .csv file, in addition to the documents already produced in response to RFP No. 73, should satisfy the request.

**RFP No. 96**: Similarly, we have identified a process for isolating the data underlying the Response to Resistance forms responsive to RFP No. 96 into a .csv file. This process is not as straightforward as it is for RFP No. 73, so it will take a bit longer. MPD estimates that we can have this data produced in 2-3 weeks.

**ISB Case Files**: We remain willing to set up a time for inspection of the files so that you can get a sense of the volume of documents. Could we schedule a time for your local counsel to meet us at ISB to get a sense of the volume of files?

**Cell phones**: We have the cell phones, which are basic flip phones, issued to Defendants Hemphill and DeWayne Smith at our office. These phones are available for inspection upon request. As to Chief Davis's phone, while we stand on our objections, we are happy to consider a narrowed scope for Request Nos. 29-32. For example, we can run searches using an agreed upon list of search terms through Chief Davis' text messages. Please let us know what specifically you are requesting from her phone.

If we can agree on these, it is likely that the City can remedy the outstanding issues in the next 2-3 weeks, which would moot the relief requested in your motion to compel. Similar to how Plaintiff approached the City's motion to compel a few months ago, we would like additional time to remedy the issues. In light of the above, please let us know if you would oppose a motion for extension of time to respond to the motion to compel through February 14.

Finally, in light of the cooperation outlined above, we ask that, based on some of the arguments you've advanced in our various meet and confers, you withdraw your pending motion for protective order as to our subpoenas for the cell phone records of Mr. Nichols and the Plaintiff as well as communications with the Volkers. This information sought, based on your own arguments to support your discovery request, is clearly relevant and germane to your causes of action and damages sought in your recently filed Amended Complaint and is well within the scope of discovery.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.