# Exhibit B

| | |
|---|---|
| **From:** | Stephen Weil |
| **To:** | McMullen, Bruce; McKinney, Kelsey; Sarah Raisch; Joshua Levin; Antonio Romanucci |
| **Cc:** | Silk, Jennie; Alexis Johnson; McKinney, Kelsey; Betsy McKinney; Florence Johnson; Brooke Cluse; cgrice; Clyde W. Keenan; Darrell J. O"Neal; David Louis Mendelson I; Deborah Godwin; ge@perrygriffin.com; Jarrett Michael Dean Spence; John Keith Perry Jr.; Laura Elizabeth Smittick; lgross@perrygriffin.com; Martin Zummach; Mary Collins; mistie@sparkman-zummach.com; Robert Spence; Terri Norman; McMullen, Bruce; Reagan, Ian; Morris, Angela; Thompson, Theresa; Reagan, Ian |
| **Subject:** | Re: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence |
| **Date:** | Thursday, February 6, 2025 6:16:46 PM |
| **Attachments:** | Outlook-Logo.png |
| | Outlook-facebook i.png |
| | Outlook-youtube ic.png |
| | Outlook-linkedin i.png |
| | Outlook-instagram .png |
| | 2025.01.02 DOJ Response to Touhy Request.pdf |
| | Table Identifying Storage.xlsx |

Bruce,

I am responding to your email yesterday in this chain. We ask for a Rule 37 conference to follow up next week. Please provide available dates next Wednesday, Thursday, and Friday. To get the ball rolling I will propose **Wednesday 2/12 at 9:30 a.m.**

**RFP 73** – understood as to this request.

**RFP 96** – as we understand the City's records management system, RTR reports will be embedded or linked to other documents, like body camara footage. A .csv file is a text file and would not contain such documents. We would also seek information documenting reviews of such reports, including an audit trail showing that reviews occurred. There are other issues as well, such as providing the information in the format in which it is accessed by MPD in the normal course of business. For these reasons we anticipate requiring a protocol for this information. We should be able to have a more productive conversation once the .csv file you've described is produced.

**ISB case files**. We are arranging for our local counsel to examine the files and estimate the quantity. Your email discusses inspection vs. production at length, but that really isn't in dispute. You say that you will not agree to share the cost of copying, but you also insist that files cannot be temporarily taken off site for copying. Your email does not say why, except for a generic assertion that they are "sensitive." That is true of much of the discovery in this case, however. We will engage a vendor; if on-site copying is considerably more expensive or time-consuming than off-site copying, we may need to revisit this matter.

**Cellphones**. We expect to provide a protocol by the end of this week.

**Databases**. Thank you for the identification of the databases. You have a lengthy discussion of overbreadth, but I am hoping we can set that aside for the moment. We

have reviewed background information regarding the RMS database and our understanding is that such databases (like the Evidence.com database) have robust audit logs and audit trails, meaning that if a user is provided access, there will be an audit trail / log recording every document that user accessed, the time of access, etc.

Indeed we believe that is likely for all the databases you identified, which we believe correspond to the "Table Identifying Storage" document you produced to the DOJ and which we have attached to this email.

Such audit trails should permit us to identify precisely what queries were made by the DOJ and what documents the DOJ accessed. With that information we should be able to narrow our query to the precise documents and ESI that the DOJ accessed.

We ask therefore that you please **(1) confirm that the databases listed in the attached table contain audit trails, (2) confirm that audit trails are available for the information accessed by the DOJ; and (3) produce all such audit trails**. Essentially: you have agreed to produce audit trails for the DOJ personnel activity on Evidence.com. We are asking for production of audit trails for DOJ personnel activity on the other databases as well.

With respect to Evidence.com, we would ask that you please produce to us, or make available, all documents / ESI / video that the audit trails reflect were accessed or downloaded by DOJ personnel.

**Touhy letter**. Please find attached the DOJ's Touhy response letter. We will also produce a Bates-stamped copy.

Best regards,
- Steve


**Stephen H. Weil**
Senior Attorney



www.rblaw.net

e: sweil@rblaw.net
p: (312) 253-8592
f: (312) 458-1004
a: 321 N Clark St, Ste 900, Chicago, IL 60654



 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is

Exhibit B - Page 2 of 7

intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

---

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Wednesday, February 5, 2025 5:24 PM
**To:** McKinney, Kelsey <kmckinney@bakerdonelson.com>; Stephen Weil <SWeil@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

> **[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Steve,

We write in response to both of your emails sent on January 28.

## RFP 73

We understand that the data should be available to counsel for the City tomorrow, and it will be produced to the parties shortly thereafter.

## RFP 96

We are offering to produce ***all*** of the data for the Response to Resistance reports requested via a .csv file, which would necessarily include data fields. This production is on track to be available on the timeline we originally estimated.

## ISB case files

The City's obligations under Rule 34 are merely to produce the materials as they are kept in the ordinary course of business. Rule 34 provides several options for production, including inspection and copies. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 34 (West) ("A party has three options for responding to document requests. The party may (1) state that it will permit inspection and related activities; (2) state that it will produce copies of the requested materials; or (3) object to the requests."). Rule 34 does not require a party to provide copies of the documents requested; inspection is sufficient, especially in situations where the documents are maintained in hard copy in the ordinary course of business. *See, e.g.*, *Trevino v. Gates*,

99 F.3d 911, 921 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ("[A] party who produces documents for inspection is not required to make copies for the other party." (citing 8A Charles A. Wright et al., Fed. Prac. & Proc. § 2213 (1994)); *Gross v. Lunduski*, 304 F.R.D. 136, 152 (W.D.N.Y. 2014) ("[I]t, it is well-established that in responding to a Rule 34(a) request, the party may make the relevant files available for the requesting party's inspection, instead of reviewing the files itself and producing copies of relevant documents."); *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 673 (S.D. Fla. 2012) ("[Rule 34] places no obligation on the producing party to copy the documents for the requester.")

Further, while the responding party generally bears the expenses associated with *gathering* and *reviewing* the documents, it is the requesting party who is generally responsible for the expenses associated with *copying*. *See Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 3876131, at *1 (N.D. Cal. Aug. 19, 2008). In *Gaines-Hanna v. Farmington Public School District*, the plaintiff requested "all police reports and correspondence regarding her family," and the defendant responded that the documents requested were "available for inspection at the office of defendants' counsel, and may be copied at [plaintiff's] expense." G*aines-Hanna*, No. 04-CV-74910-DT, 2006 WL 891434, at *1 (E.D. Mich. Mar. 31, 2006). The court rejected plaintiff's contention that the defendants' response was improper, explaining "Rule 34 requires only that the documents sought be made available for inspection and copying. Thus, defendants' providing for inspection of the documents at counsel's office and requiring plaintiff to bear the cost of copying any documents she seeks is appropriate." *Id.*; *see also Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986) (recognizing that Rule 34 permits a party to produce documents for inspection and ordering the plaintiff to bear the costs of copying should the plaintiff desire).

We have offered to make all ISB files responsive to your various discovery requests available for inspection by your team. The City has produced **over 175,000 pages** of responsive documents, and the City is continuing to gather and produce responsive documents on a rolling basis. In addition, the City will be producing what is likely to be hundreds of hours of video footage in short order.

Request No. 90 alone seeks approximately 500-600 separate ISB case files. We are skeptical whether most of those files will bear any relevance to your claims in this case. It is probable that upon inspection, you will likely be able to narrow down the number of files you want copied. It is even possible that you will be able to narrow down the number of files to a number that would moot the present dispute. Recall that when Plaintiff has specifically identified particular incidents or case numbers in smaller batches, the burden of production was significantly lowered, and the City was able to

produce the documents.

In light of the above, we object to bearing any of the costs associated with making copies of these files (digital or otherwise), and we object to a vendor that requires the files be taken offsite for copying/scanning because of the highly sensitive nature of the files. Accordingly, if Plaintiff agrees to bear the cost of copying **and** to find a vendor that has the equipment to copy onsite, we can agree under those conditions. We reiterate that these costs may not end up being necessary because, upon inspection, we believe you will be able to significantly narrow the files of which you want copies.

**Cell phones**

We will await further information from you regarding a proposed ESI protocol.

**Databases**

The City provided the DOJ with the following:

- A copy of MPD's Inform RMS Database
- A copy of MPD's IAPro/Blue Team database
- A copy of MPD's Computer-Aided Dispatch System
- A copy of MPD's STATs program database
- Access to MPD's instance of [Evidence.com](Evidence.com)

We maintain our objections to producing the above information in full to Plaintiff. This request is clearly a fishing expedition that is not reasonably calculated to lead to the discovery of relevant evidence. It is highly disproportional to the needs of the case, especially in light of the fact that the City has already produced over 175,000 pages of responsive documents, with more forthcoming on a rolling basis. Further, any information you may glean from the databases would be of limited value given that any relevant information has likely already been addressed by one of Plaintiff's other **193** Requests for Production.

Moreover, your assertion that Plaintiff—a private, civil litigant—is entitled to the same scope of information as the DOJ because "the scope of Section 12601(a) is essentially the same as any *Monell* claim" is frankly absurd. Plaintiff is entitled to discovery of relevant information, and Plaintiff is authorized to achieve that discovery through requests for information and documents that are narrowly tailored and reasonably calculated to lead to relevant evidence. The DOJ's investigation was not subject to the

Federal Rules of Civil Procedure, but Plaintiff is. The City has been unable to identify any authority limiting the scope of an investigation brought under § 12601. The City voluntarily gave the DOJ unfettered access for purposes of its investigation. To claim that discovery in civil litigation is a proper vehicle for the same level of unfettered access is disingenuous. There are federal rules governing civil litigation for a reason.

Further, the fact that Congress, on separate occasions and for separate purposes, enacted two statutes providing a right of action for Constitutional violations—one statute for individual litigants (42 U.S.C. § 1983) and one for the Attorney General (34 U.S.C. § 12601)—further supports that the methods for achieving the remedies under each statute are different. *See City of Seattle, Seattle Police Dep't v. Seattle Police Officers' Guild*, 484 P.3d 485, 496 (2021) ("Congress has taken affirmative steps to ensure the right [to be free from excessive force] can be vindicated. For example, 42 U.S.C. § 1983, which provides a right of action to individuals whose constitutional rights were violated, was enacted to create a broad remedy for violations of federally protected civil rights. And Congress, through 34 U.S.C. § 12601 (formerly codified at 42 U.S.C. § 14141), provided a remedy for violations of federal civil rights, specifically for violations that are systematically perpetrated by local police departments." (citations omitted and cleaned up)); *see also Reardon v. Schossow*, 416 F. Supp. 3d 793, 808 (E.D. Wis. 2019) ("By the plain language of the statute, there is no private right of action under 34 U.S.C. § 12601 . . . .").

While we stand on the above objections, the City will agree to produce the audit trails of the DOJ personnel activity on Evidence.com.

**DOJ response to *Touhy* request**

On our January 22 call, we requested that you provide a copy of the letter you received in response to your *Touhy* request to the DOJ. We renew this request.

**Bruce A. McMullen**

Shareholder
Direct Dial:  901.577.2356

> **From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
> **Sent:** Friday, January 31, 2025 5:04 PM
> **To:** sweil@rblaw.net; sraisch@rblaw.net; JLevin@rblaw.net
> **Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>

**Subject:** Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Steve,

We are in receipt of your emails sent on 1/28, both of which request responses by today. Bruce and Jennie have been traveling and in depositions and hearings all week with additional travel and hearings early next week. We will need until Wednesday to provide substantive responses.

On another note, we wanted to provide an update on the document productions related to Plaintiff's 6th and 7th RFPs to the City. A document production will go out tonight, and we anticipate another production next week. Next week's production will include a large volume of body camera footage, which is taking a long time to process and get ready for production. At this time, we are not able to estimate what day that production will be ready, but we hope to get it out earlier rather than later.

Have a nice weekend.

Kindly,
Kelsey

___

**Kelsey W. McKinney** (she/her/hers)
Associate
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Ave, Suite 2000
Memphis, TN 38103
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com
www.bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama,
Florida, Georgia, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Texas, Virginia, and Washington, D.C.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.