**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224 |
| | ) | JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## THE CITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SCHEDULE DEFENSE PLEADING OF AFFIRMATIVE DEFENSES

Defendants the City of Memphis ("the City"), Chief Cerelyn Davis in her Individual Capacity ("Chief Davis"), and Dewayne Smith as Agent of the City of Memphis ("Lt. Smith") (collectively, "the City Defendants"), pursuant to Local Rule 7.2(a), hereby file their Response in Opposition to Plaintiff's Motion to Schedule Defense Pleading of Affirmative Defenses ("the Motion"). (*See* Pl.'s Mot., ECF No. 293.)

The relief Plaintiff seeks is simply not envisioned under the Federal Rules of Civil Procedure. This is made clear by the fact that Plaintiff <u>cannot site a single case in support</u> of her request that the defendants plead their affirmative defenses before the Court rules on the pending motions to dismiss. Apparently, no litigant in the Western District of Tennessee or the Sixth

1

Circuit has seen fit to appeal this issue. Further, Plaintiff filed a Complaint and an Amended

Complaint, containing many allegations, and has taken two years of discovery to support these

allegations. That discovery should yield the information Plaintiff seeks with respect to the

existence of any defendants' affirmative defenses or lack thereof. Moreover, Plaintiff submitted

her own proposed scheduling order, ultimately largely endorsed by this Court, and made no such

accommodation for the request she is making at this time, which is a request that the defendants

plead their affirmative defenses before the Court rules on their motions to dismiss. Finally, at the

January 3, 2025 status conference, Plaintiff raised this very issue. The Court acknowledged

Plaintiff's request for the exact same relief, but did not include a date for pleading affirmative

defenses in the operative scheduling order. Thus, the Court should deny Plaintiff's Motion.

I. **ARGUMENT**

    A. **The Federal Rules of Civil Procedure and Sixth Circuit Case Law Support a Denial of Plaintiff's Motion.**

In an attempt to persuade the Court that it should depart from normal process, as

prescribed by the Federal Rules of Civil Procedure, Plaintiff relies on authority that is

inapplicable to the facts surrounding the at issue motion. For instance, Plaintiff cites to *Dietz v.*

*Bouldin* for the proposition that the Supreme Court has "long recognized that a district court

possesses inherent powers that are 'governed not by rule or statute but by control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases.'" *Dietz*, 579 U.S. 40 (2016). Plaintiff also cites to *Grae v. Corrections*

*Corporation of America* for the proposition that "[t]he management of discovery is an essential

aspect of case management and is, therefore, an area that is uniquely within the discretion of a

district court." *Grae*, No. 3:16-CV-2267, 2019 WL 1746492 (M.D. Tenn. Apr. 18, 2019).

    Both *Dietz* and *Grae* do not advance Plaintiff's position because there is no dispute that

2

the Court can, in theory, grant Plaintiff the relief she requests.  The question, however, is whether the Court <u>should</u> grant Plaintiff the relief she requests.  The requested relief is unnecessary, unprecedented, and no good cause justifies granting Plaintiff the relief she seeks.  Importantly, Plaintiff cites **no authority** where a court, in the Western District of Tennessee, the Sixth Circuit, or otherwise, granting a motion like the one at issue in analogous circumstances.  Such a glaring lack of authority strongly suggests that while this Court may have the power grant Plaintiff the requested relief, <u>it should not</u>.

To that point, Plaintiff cites to *Beary v. West Publishing Company* for the proposition that "it is entirely permissible to both file a motion to dismiss a complaint *and* answer a complaint simultaneously."  *Beary*, 763 F.2d 66, 68 (2d Cir. 1985).  Plaintiff likewise cites *Hicks v. City of Vallejo* for the proposition that a party can file simultaneously a motion and response, pursuant to Rule 12(b)(6) and Rule 12(c), and that the court will still consider a motion to dismiss "even where answers were also asserted."  *Hicks*, No. 2:14-CV-0669 DAD PS, 2015 WL 3403020, at *1 n.2 (E.D. Cal. May 27, 2015).  Again, Plaintiff misses the point.  The City Defendants do not take the position that it would be impermissible for the City Defendants to file an answer and a motion to dismiss, if they decided to do so.  Instead, the City Defendants assert that the Court should not <u>require</u> them to file both a motion to dismiss and an answer, or otherwise plead their affirmative defenses, out of the order prescribed by the Federal Rules of Civil Procedure.

In fact, the Federal Rules of Civil Procedure and Sixth Circuit precedent are aligned with the City Defendants' position.  The Federal Rules of Civil Procedure require a party, in a responsive pleading, to "affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  However, a motion to dismiss is not a responsive pleading.  *See, e.g.*, *Clifton v. Patrick*, No. 117CV01035STAEGB, 2017 WL 4478248, at *2 (W.D. Tenn. Oct. 5, 2017); *Youn v. Track,*

3

*Inc.*, 324 F.3d 409, 416 n.6 (6th Cir. 2003). Instead, a motion to dismiss is a preliminary challenge to the sufficiency of a plaintiff's claim that can be asserted <u>before</u> a responsive pleading is required or filed. Fed. R. Civ. P. 12(b)(6). Only "if the court denies the motion [to dismiss] or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Until then, the Federal Rules of Civil Procedure place no duty on any defendant to disclose any of their affirmative defenses, or otherwise file a responsive pleading.

Put simply, Plaintiff's requested relief puts the cart before the horse. Plaintiff's Motion impliedly presupposes that the First Amended Complaint will survive the motions to dismiss filed by the various defendants in this action. (*See* ECF Nos. 300, 303, 307, 308.) While Plaintiff claims she seeks "[j]udicial efficiency," Plaintiff makes clear that the requested relief is sought so that Plaintiff may avoid a hypothetically "short period [of time] to conduct discovery regarding affirmative defenses." (Pl.'s Mot., ECF No. 293, PageID 3791, 3788.) The discovery Plaintiff seeks ultimately may be unnecessary if the City Defendants' motion to dismiss, or any of the motions to dismiss filed by other defendants in this action, are granted by the Court. Moreover, nothing is preventing Plaintiff from taking discovery from the non-stayed defendants to this action at the present time, irrespective of whether the defendants are required to plead their affirmative defenses at a time not prescribed by the Rules.

Furthermore, the interaction and above interpretation of the Federal Rules of Civil Procedure is consistent with the principle that affirmative defenses are not generally required to be raised prior to the first responsive pleading filed by a party. *See Jones v. Varsity Brands, LLC*, No. 20-cv-02892-SHL-tmp, 2022 WL 1213271, at *2 (W.D. Tenn. Apr. 25, 2022) (denying plaintiff's motion to compel defendants' response to interrogatories requesting affirmative

4

defenses, and noting that "<u>defendants are not required to state their affirmative defenses until they file a responsive pleading, which they have not done and do not intend to do unless their motions to dismiss are denied or postponed</u>") (emphasis added).  In *Jones*, the Court rejected the plaintiff's argument that the defendants' failure to state affirmative defenses in their motion to dismiss constituted waiver of those defenses, explaining that such a requirement would "<u>force defendants to reveal their legal strategy earlier than the Rules necessitate</u>."  *Id.* at *2 (emphasis added).  The court further observed that the plaintiff's motion was premature because the defendant's affirmative defenses would be subject to discovery and challenge once a responsive pleading was filed, not before.  *Id.*

Like the defendants in *Jones*, the City Defendants "do not intend [to assert affirmative defenses] unless their motion[] to dismiss [is] denied []."  *Id.*  Thus, the Court should not "force defendants to reveal their legal strategy," or partake in costly and time-consuming discovery "earlier than the Rules necessitate."  *Id.*  Accordingly, the City Defendants respectfully request that the Court follow the order of events envisioned by the Federal Rules of Civil Procedure and deny Plaintiff's Motion in its entirety.

### B.  Plaintiff Has Already Raised This Issue to the Court.

As acknowledged by Plaintiff in her Motion, Plaintiff's counsel raised the very issue of affirmative defense pleading to the Court at the January 3, 2025 hearing.  (*See* Pl.'s Mot., ECF No. 293, PageID 3788.)  The Court acknowledged the requested relief and advised that it would "remain mindful of" Plaintiff's concern, and that "[t]he burden's on" the Court.  (*See* ECF No. 291, PageID 3779, at 53:21–54:13.)  On the same day as the hearing, the Court entered the Third Amended Scheduling Order and did not include a date for defendants to plead their affirmative defenses.  (*See* ECF No. 276.)  No circumstances have changed to justify modification of the

4901-0649-3469

Third Amended Scheduling Order to include a date for defendants to plead their affirmative defenses.

Accordingly, the City Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.

## II.   <u>CONCLUSION</u>

Based on the foregoing, the City Defendants respectfully request that the Court deny Plaintiff's Motion to Schedule Defense Pleading of Affirmative Defenses in its entirety.

Dated: February 19, 2025.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Freeman B. Foster (#23265)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Official Capacity, and Dewayne Smith as Agent of the City of Memphis*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Bruce McMullen, hereby certify that on February 19, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4901-0649-3469