# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:23-CV-02224 |
| | ) |
| THE CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S SIXTH SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT CITY OF MEMPHIS**

Plaintiff RowVaughn Wells propounds the following requests for production to Defendant City of Memphis ("City") pursuant to Federal Rule of Civil Procedure 34:

**INSTRUCTIONS AND DEFINITIONS**

Plaintiff incorporates all instructions and definitions set forth in Plaintiff's First Set of Requests for Production, issued to the City on October 3, 2023. In addition, the following instructions and definitions apply.

    1.    Unless otherwise indicated, all Requests herein refer to the period of time from January 1, 2018 to present, and shall include all Documents that relate to or were created during that period.

    2.    References to Plaintiff's Complaint refer to the operative complaint in this case.

    3.    "DOJ Press Release" refers to the July 27, 2023 press release by the U.S. Department of Justice. *See* U.S. Dep't of Justice, Press Release, *Justice Department Announces Pattern or Practice Investigation of the City of Memphis and the Memphis Police Department* (July 27, 2023), https://www.justice.gov/opa/pr/justice-department-announces-pattern-or-practice-investigation-city-memphis-and-memphis.

    4.    The "DOJ Pattern or Practice Investigation" refers to the pattern or practice investigation announced by the U.S. Department of Justice on July 27, 2023. *See* U.S. Dep't of

1

Justice, Press Release, *Justice Department Announces Pattern or Practice Investigation of the City of Memphis and the Memphis Police Department* (July 27, 2023), https://www.justice.gov/opa/pr/justice-department-announces-pattern-or-practice-investigation-city-memphis-and-memphis.

5.  As used in these requests the term "tax" is synonymous with "run tax," "running tax," "street tax," and similar terms. It refers to the use of unnecessary or excessive force by police officers against civilians in situations where the civilian ran from the police or engaged in other actions that aggravated or frustrated the police. By way of example, "tax" term was described by one witness during the federal criminal trial involving Mr. Nichols' death as follows: "Street tax is basically -- it's a punishment. If you run from the police or make police do anything extra that when they get a hold of you, you're going to be punished by use of force, excessive use of force." *United States v. Bean et al.*, No. 2:23-cr-20191-MSN, PageID 12564:3-6 (ECF 677) (W.D. Tenn. Sept. 24, 2024).

## REQUESTS FOR PRODUCTION

**General Requests**

120. All documents identified by the City pursuant to Rule 26(a)(1)(A)(ii).

121. All Documents obtained via third-party subpoena in this litigation.

122. All documents that the City may use solely for impeachment during any deposition, hearing, or trial in this case.

123. All Documents which relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

124. All Documents which relate to, support, or rebut the City's affirmative defenses and answers to Plaintiff's Complaint, including all Documents upon which the City may rely at trial.

125. All Documents and Communications that support, relate to, are referenced in, or which you consulted in preparing any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. Please note your continuing obligation to supplement your response to this request pursuant to Federal Rule of Civil Procedure 26(e).

126. All Documents relating to any Rule 26(a)(2) expert witnesses retained by the City in this matter, including but not limited to:

    a.  All Communications to and from said expert(s) related to this litigation;
    b.  All Documents provided to and/or relied upon by said expert(s) related to this litigation;

2

    c. All notes, reports, and analyses by said expert(s) related to this litigation, including any handwritten markings on any materials provided to the expert(s);

    d. All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and

    e. Any transcripts of prior testimony related to Rule 26(a)(2)(B) reports of said expert(s).

Please note your continuing obligation to supplement your response to this request pursuant to Federal Rule of Civil Procedure 26(e).

127. Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement your response to this request pursuant to Rule 26(e) as such information becomes available.

128. All Documents that the City intends to use or rely upon in this litigation relating to any arrests or convictions of Plaintiff or of any witnesses with information about the events described in Plaintiff's Complaint and any responses thereto. Please note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to arrests or convictions not identified in the manner requested.

**Requests Relating to U.S. Department of Justice**

129. All communications between the City and the U.S. Department of Justice ("DOJ") since January 7, 2023 relating to the patterns or practices of the City of Memphis or the Memphis Police Department ("MPD"), as well as the DOJ's investigation relating to same.

130. All communications between the City and the DOJ since January 7, 2023 relating to the DOJ Pattern or Practice Investigation, including communications during the time that said investigation was anticipated but not yet announced.

131. All communications between the City and the DOJ described in or relating to the following portion of the DOJ Press Release: "*Prior to the announcement, Department officials informed Mayor Jim Strickland, MPD Chief Cerelyn Davis, and Interim Chief Legal Officer Michael Fletcher. They pledged to cooperate with the investigation.*"

132. Documents sufficient to identify all current or former employees of the City of Memphis that the City of Memphis has made available for interviews with DOJ or that DOJ has requested to interview relating to the DOJ Pattern or Practice Investigation , and the date, time, and participants in any such interviews. Please note your continuing obligation to supplement your response to this request pursuant to Rule 26(e) as such information or documents become available.

133. All documents the City has provided or produced to the DOJ since January 7, 2023 relating to or in connection with the DOJ Pattern or Practice Investigation.

3

**City of Memphis Policies and Practices**

134. Documents sufficient to show the policies and the practices of the City of Memphis and the MPD relating to each of the following subjects:
    a. The use of force by MPD officers, including the use of force against civilians who flee from, aggravate, antagonize, or otherwise anger police officers;
    b. The use of body-worn and car cameras to record police-civilian interactions;
    c. The reporting by MPD Officers of police-civilian encounters involving use of force;
    d. The review by MPD supervisors, the Inspectional Services Bureau ("ISB"), and any other reviewing unit/officer of police reports and camera footage related to MPD officers' use of force, and the escalation of incidents identified in the review process as improper uses of force;
    e. The documentation and recordkeeping requirements for the review described in Request 134(d).
    f. The auditing and oversight of the review described in Request 134(d);
    g. The review and auditing of MPD officers' use of body-worn cameras and car cameras;
    h. The solicitation, documentation, review, and investigation of civilian complaints related to use of force or traffic stops;
    i. reporting requirements for MPD officers who observe or believe that another MPD officer has violated MPD policy, state law, or federal law in the performance of his or her law enforcement duties, including but not limited to the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras;
    j. the criteria and process for hiring police officers, at both the probationary and fully sworn stages, including any educational, training, mental health, and character requirements or screening;
    k. training of MPD officers regarding traffic stops, use of force, duty to intervene, the reporting of use of force, and the use of body-worn cameras or car cameras.

135. Documents sufficient to identify any policymaker who was responsible for or had final policymaking authority for any policy or practice of the City of Memphis or the MPD on any of the subjects identified in Request 134 above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or practice.

136. All Documents relating to any change made to any policy or practice of the City of Memphis or the MPD on any of the subjects identified in Requests 134 and 135 above.

137. All Documents relating to the practice of imposing a "tax" by MPD officers, including but not limited to any communications relating to the same to or from any of the policymakers identified pursuant to Request 135 above.

All MPD training materials related to officers' use of body-worn cameras, including but not limited to training modules, training schedules, lesson plans, course outlines, instructional videos, and test materials.

**Data and Background Documents**

138. Data relating to every Response to Resistance report, including but not limited to the aggregated data that the MPD publishes on https://reimagine.memphistn.gov/isb-dashboard/response-to-resistance/.

139. All of SCORPION Unit's "operational plans," and all drafts or versions of said plans. *See* COM_0047038.

140. All communications relating to or transmitting any of SCORPION Unit's "operational plans," including but not limited to communications between SCORPION Unit Commanders and the "MGU, Narcotics and the Real-Time Crime Center (RTCC) weekly to develop [SCORPION's] operational plans." *See* COM_0047038.

141. All documents related to SCORPION Unit's "measurable performance objectives." *See* COM_0047039.

**Documents Related to Third Party Deponents**

142. All communications (including any attachments thereto) between the City and any of the following individuals: Morgan Jackson, Kris Volker, Lori Volker, Marvin Volker, or Melissa Volker.

143. All documents that refer or relate to Morgan Jackson, Kris Volker, Lori Volker, Marvin Volker, or Melissa Volker.

**Individual Use of Force Incidents**

144. All Documents relating to the January 6, 2023 encounter involving MPD Officer Demetrius Haley and civilian Deangelo Lauderdale.

145. All Documents relating to the January 4, 2023 encounter involving MPD Officers Emmitt Martin III, Demetrius Haley, Justin Smith, Desmon Mills Jr., Tadarrius Bean and civilian Monterrious Harris.

146. All Documents relating to the December 16, 2022 encounter involving MPD Officer Nahum Dorme and civilian Jaylin McKenzie.

147. All Documents relating to the training and supervision Nahum Dorme received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car

5

cameras, at any time in his employment by the Department.

148. All Documents relating to any Complaints, investigations, supervision, or disciplinary proceedings involving Nahum Dorme, at any time in his employment by the MPD.

149. All Documents relating to the November 26, 2022 encounter involving MPD Officers Kyle Coudriet and Demetrius Haley and civilian Marcus Bills.

150. All Documents relating to the training and supervision Kyle Coudriet received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

151. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Kyle Coudriet, at any time in his employment by the MPD.

152. All Documents relating to the October 1, 2022 encounter involving MPD Officer Demetrius Haley and civilian Maurice Chalmers-Stokes.

153. All Documents relating to the August 2022 encounter involving MPD/SCORPION Officers and civilians Sebastion Johnson and Kendrick Johson.

154. All Documents relating to the training and supervision that the MPD/SCORPION officers involved in the August 2022 encounter with civilians Sebastion Johnson and Kendrick Johson received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

155. All Documents relating to the July 2022 encounter involving MPD Officers Emmitt Martin III and Demetrius Haley, and civilian Jesus Valles.

156. All Documents relating to the May 2022 encounter involving MPD Officer Emmitt Martin III and additional SCORPION Officers and civilian Davitus Collier.

157. All Documents relating to the training and supervision that the SCORPION Officers involved in the May 2022 encounter with Davitus Callier received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

158. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Officers involved in the May 2022 incident with Davitus Callier, at any time in their employment by the MPD.

159. All Documents relating to the January 2019 encounter involving MPD Officer William Skelton and civilian Drew Thomas.

160. All Documents relating to the training and supervision William Skelton received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

6

161. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving William Skelton, at any time in his employment by the MPD.

162. All Documents relating to the March 13, 2016 encounter involving MPD Officer Otto Kiehl and civilian Antonio Strawder.

163. All Documents relating to the training and supervision Otto Kiehl received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

164. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Otto Kiehl, at any time in his employment by the MPD.

165. All Documents relating to the October 16, 2016 encounter involving MPD Officers Richard Granderson Jr. and Martin Brooks and civilian Jeremiah Hall.

166. All Documents relating to the training and supervision Richard Granderson Jr. and Martin Brooks received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time during their employment by the MPD.

167. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Richard Granderson Jr. and Martin Brooks, at any time during their employment by the MPD.

168. All Documents relating to the July 17, 2015 encounter involving MPD Officer Connor Schilling and civilian Darrius Stewart.

169. All Documents relating to the training and supervision Connor Schilling received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

170. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Connor Schilling, at any time in his employment by the MPD.

171. All Documents relating to the April 2, 2015 encounter involving MPD Officers David Rowsey, Jeremy Mackey, and Armond Fairley, and civilian Daniel Jefferson Jr.

172. All Documents relating to the training and supervision David Rowsey, Jeremy Mackey, and Armond Fairley received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

173. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving David Rowsey, Jeremy Mackey, and Armond Fairley, at any time in their employment by the MPD.

174. All Documents relating to the January 16, 2021 encounter involving MPD Officer Armando Bustamante and civilian Marco Lockett.

7

175. All Documents relating to the training and supervision Armando Bustamente received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

176. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Armando Bustamante, at any time in his employment by the MPD.

177. All Documents relating to the February 21, 2021 encounter involving at least three MPD officers, including Demetrius Haley and Alexis Brown, and civilian Kadejah Townes.

178. All Documents relating to the training and supervision Alexis Brown received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in her employment by the MPD.

179. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Alexis Brown, at any time in her employment by the MPD.

180. All Documents relating to the December 1, 2022 encounter involving MPD Officer Charles White and civilian Labryant Burnside.

181. All Documents relating to the training and supervision Charles White received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

182. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Charles White, at any time in his employment by the MPD.

183. All Documents relating to the July 23, 2022 encounter involving MPD Officer Sarah Carpenter and civilian Carla Hamilton.

184. All Documents relating to the training and supervision Sarah Carpenter received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in her employment by the MPD.

185. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Sarah Carpenter, at any time in her employment by the MPD.

186. All Documents relating to the June 1, 2021 encounter involving MPD Officer Alexander Anderson and civilian Kieron Lee.

187. All Documents relating to the training and supervision Alexander Anderson received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

188. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Alexander Anderson, at any time in his employment by the MPD.

189. All Documents relating to the June 15, 2023 encounter involving MPD Officer Antonio

Malone and civilian Terrance Jones.

190. All Documents relating to the training and supervision Antonio Malone received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

191. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Antonio Malone, at any time in his employment by the MPD.

192. All Documents relating to the December 23, 2022 encounter involving MPD Officer Kendarius Sanders and at least one other MPD officer, and civilian Joseph Jackson.

193. All Documents relating to the training and supervision Kendarius Sanders and any other officers involved in the December 23, 2022 encounter with civilian Joseph Jackson received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

194. All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Kendarius Sanders and any other officers involved in the December 23, 2022 encounter with civilian Joseph Jackson, at any time in their employment by the MPD.

Dated: November 25, 2024

Respectfully submitted,

/s/ *Sarah M. Raisch*

Antonio M. Romanucci (Ill. Bar No. 6190290) (*pro hac vice*)
Bhavani K. Raveendran (Ill. Bar No. 6309968) (*pro hac vice*)
Sarah Raisch (Ill. Bar No. 6305374) (*pro hac vice*)
Joshua M. Levin (Ill. Bar No. 6320993) (*pro hac vice*)
Stephen H. Weil (Ill. Bar No. 6291026) (*pro hac vice*)
Sam Harton (Ill. Bar No. 6342112) (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
b.raveendran@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net

9

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Ben Crump (Tenn. Bar No. 038054)
Chris O'Neal (Fla. Bar No. 910201) (*pro hac vice*)
Brooke Cluse (Tex. Bar No. 24123034) (*pro hac vice*)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
chris@bencrump.com
brooke@bencrump.com

LaShonda Council Rogers (Ga. Bar No. 190276) (*pro hac vice*)
**COUNCIL & ASSOCIATES, LLC**
50 Hunt Plaza, SE Suite 740
Atlanta, GA 30303
+1 (404) 526-8857, Telephone
+1 (404) 478-8423, Facsimile
lrogers@thecouncilfirm.com

Earnestine Hunt Dorse (Tenn. Bar No. 012126)
**EARNESTINE HUNT DORSE**
3268 N Waynoka Circle
Memphis, TN 38111-3616
+1 (901) 604-8866, Telephone
ehdorse@gmail.com

*Attorneys for Plaintiff, RowVaughn Wells, individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 25, 2024, the foregoing was served by email on all counsel of record.

/s/ *Sarah M. Raisch*
Sarah M. Raisch