# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224 JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT THE CITY OF MEMPHIS' REVISED RESPONSES TO PLAINTIFF'S
SIXTH SET OF REQUESTS FOR PRODUCTION**

Defendant the City of Memphis ("the City"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, revises its responses to Plaintiff's Sixth Set of Requests for Production as follows:

The City initially objected to these Requests as untimely. In light of the entry of the Third Amended Scheduling Order allowing for additional discovery, and as indicated in the City's initial responses, the City now submits its revised responses. This document shall supersede the version of the City's Responses to Plaintiff's Sixth Set of Requests for Production served upon all counsel of record via email on December 26, 2024.

The City reserves the right to amend or supplement these responses as additional information become available through discovery and/or expert opinion or otherwise.

1

All Bates Numbers listed in this document refer to the beginning Bates Number of the document unless specifically noted otherwise. The corresponding Bates Numbers will be provided in a Production Inventory spreadsheet. All references to the Production Inventory shall be read to mean the most recently updated Production Inventory served upon all counsel.

**RESPONSES TO SIXTH REQUESTS FOR PRODUCTION**

**General Requests**

120.    All documents identified by the City pursuant to Rule 26(a)(1)(A)(ii).

**RESPONSE:** The City has produced all documents identified in its Initial Disclosures.

121.    All Documents obtained via third-party subpoena in this litigation.

**RESPONSE:** The City has produced all documents obtained via third-party subpoena to all counsel of record in this action.

122.    All documents that the City may use solely for impeachment during any deposition, hearing, or trial in this case.

**RESPONSE:** The City objects to this Request in that it seeks information protected by the attorney work product doctrine. The City is withholding documents responsive to this Request.

123.    All Documents which relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:** The City objects to this Request on the ground that is overbroad. The City further objects to the extent that the Request seeks documents protected by the attorney work product doctrine. The City is not currently withholding documents responsive to this Request.

124.    All Documents which relate to, support, or rebut the City's affirmative defenses and answers to Plaintiff's Complaint, including all Documents upon which the City may rely at trial.

**RESPONSE:** The City objects to this Request as premature in that the City has not yet answered Plaintiff's Complaint or asserted any affirmative defenses. The City further objects to the

extent that the Request seeks documents protected by the attorney work product doctrine.

Moreover, the City has not identified the documents intends to use at trial at this time. The City is

not currently withholding any documents responsive to this Request.

125.    All Documents and Communications that support, relate to, are referenced in, or

which you consulted in preparing any of your responses to any of Plaintiff's Interrogatories and

Requests to Admit in this case. Please note your continuing obligation to supplement your

response to this request pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE:** The City objects to this Request as vague in that Plaintiff has not served any

Requests for Admission under Rule 36. The City further objects to the extent that the Request

seeks documents protected by the attorney work product doctrine. Subject to and without waiving

the foregoing objections, the City states that it has produced all documents in its possession,

custody, or control that are responsive to this Request. The City is not currently withholding any

documents responsive to this Request.

126.    All Documents relating to any Rule 26(a)(2) expert witnesses retained by the City

in this matter, including but not limited to:

    a.  All Communications to and from said expert(s) related to this litigation;

    b.  All Documents provided to and/or relied upon by said expert(s) related to this litigation;

    c.  All notes, reports, and analyses by said expert(s) related to this litigation, including any handwritten markings on any materials provided to the expert(s);

    d.  All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and

    e.  Any transcripts of prior testimony related to Rule 26(a)(2)(B) reports of said expert(s).

Please note your continuing obligation to supplement your response to this request pursuant

to Federal Rule of Civil Procedure 26(e).

**RESPONSE:** The City does not have any documents responsive to this Request at this time.

127.    Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement your response to this request pursuant to Rule 26(e) as such information becomes available.

**RESPONSE:** The City objects to this Request as premature and further objects on the ground that the Request seeks documents protected by the attorney work product doctrine. The City is not withholding documents responsive to this Request at this time.

128.    All Documents that the City intends to use or rely upon in this litigation relating to any arrests or convictions of Plaintiff or of any witnesses with information about the events described in Plaintiff's Complaint and any responses thereto. Please note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to arrests or convictions not identified in the manner requested.

**RESPONSE:** The City objects to this Request on the ground that it seeks documents protected by the attorney work product doctrine. However, the City is producing public records obtained from the Yolo County Superior Court Website in connection with an arrest and conviction of Tyre Nichols. The City is not currently withholding any documents responsive to this Request.

**Requests Relating to U.S. Department of Justice**

129.    All communications between the City and the U.S. Department of Justice ("DOJ") since January 7, 2023 relating to the patterns or practices of the City of Memphis or the Memphis Police Department ("MPD"), as well as the DOJ's investigation relating to same.

**RESPONSE:** The City objects to this Request on the ground that it seeks documents that are not relevant to the litigation. The City is withholding documents responsive to this Request.

130.    All communications between the City and the DOJ since January 7, 2023 relating to the DOJ Pattern or Practice Investigation, including communications during the time that said investigation was anticipated but not yet announced.

**RESPONSE:** The City objects to this Request on the ground that it seeks documents that are not relevant to the litigation. The City is withholding documents responsive to this Request.

131.    All communications between the City and the DOJ described in or relating to the following portion of the DOJ Press Release: "*Prior to the announcement, Department officials informed Mayor Jim Strickland, MPD Chief Cerelyn Davis, and Interim Chief Legal Officer Michael Fletcher. They pledged to cooperate with the investigation*."

**RESPONSE:** The City objects to this Request on the ground that it seeks documents that are not relevant to the litigation. The City is withholding documents responsive to this Request.

132.    Documents sufficient to identify all current or former employees of the City of Memphis that the City of Memphis has made available for interviews with DOJ or that DOJ has requested to interview relating to the DOJ Pattern or Practice Investigation, and the date, time, and participants in any such interviews. Please note your continuing obligation to supplement your response to this request pursuant to Rule 26(e) as such information or documents become available.

**RESPONSE:** The City objects to this Request on the ground that it seeks documents that are not relevant to the litigation. The City states in further response that the DOJ did not include representatives of the City in scheduling most of the interviews associated with its investigation, and therefore, the identities of every interviewee is unknown. Subject to and without waiving those

objections, the City will endeavor to provide a list of persons that the DOJ is known to have interviewed.

133.    All documents the City has provided or produced to the DOJ since January 7, 2023 relating to or in connection with the DOJ Pattern or Practice Investigation.

**RESPONSE:** The City is producing documents responsive to this Request. The responsive documents are identified by Bates Number in the Production Inventory

The City objects to producing certain law enforcement databases that were produced to the DOJ on the grounds of relevancy and burdensomeness. The databases contain highly sensitive information about citizens, police officers, and ongoing investigations that are irrelevant to this litigation, and which would require a disproportionate amount of cost and effort to segregate out that information.  The City is withholding access to those databases it provided to the DOJ.

**City of Memphis Policies and Practices**

134.    Documents sufficient to show the policies and the practices of the City of Memphis and the MPD relating to each of the following subjects:

    a.  The use of force by MPD officers, including the use of force against civilians who flee from, aggravate, antagonize, or otherwise anger police officers;

    b.  The use of body-worn and car cameras to record police-civilian interactions;

    c.  The reporting by MPD Officers of police-civilian encounters involving use of force;

    d.  The review by MPD supervisors, the Inspectional Services Bureau ("ISB"), and any other reviewing unit/officer of police reports and camera footage related to MPD officers' use of force, and the escalation of incidents identified in the review process as improper uses of force;

    e.  The documentation and recordkeeping requirements for the review described in Request 134(d).

    f.  The auditing and oversight of the review described in Request 134(d);

    g.  The review and auditing of MPD officers' use of body-worn cameras and car cameras;

    h.    The solicitation, documentation, review, and investigation of civilian complaints related to use of force or traffic stops;

    i.    reporting requirements for MPD officers who observe or believe that another MPD officer has violated MPD policy, state law, or federal law in the performance of his or her law enforcement duties, including but not limited to the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras;

    j.    the criteria and process for hiring police officers, at both the probationary and fully sworn stages, including any educational, training, mental health, and character requirements or screening;

    k.    training of MPD officers regarding traffic stops, use of force, duty to intervene, the reporting of use of force, and the use of body-worn cameras or car cameras.

**RESPONSE:** The City objects that this Request seeks documents already produced in the litigation. Subject to and without waiving this objection, the City identifies all documents responsive to Request Nos. 6, 7, 8, 12, 13, 33, 34, 35, 36, 37, 38, 39, 40, 51, 54, 106, 116, and 136. The City is not withholding documents responsive to this Request.

135.    Documents sufficient to identify any policymaker who was responsible for or had final policymaking authority for any policy or practice of the City of Memphis or the MPD on any of the subjects identified in Request 134 above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or practice.

**RESPONSE:** The City objects to this Request on the grounds of overbreadth, relevance, and vagueness. Subject to and without waiving this objection, the City identifies MPD Policy and Procedure Manual Ch. 1, Sec. 01, at Bates Nos. COM_0017692–COM_0017694. The City is not withholding documents responsive to this Request.

136.    All Documents relating to any change made to any policy or practice of the City of Memphis or the MPD on any of the subjects identified in Requests 134 and 135 above.

**RESPONSE:** The City objects to this Request on the grounds of overbreadth, relevance, and vagueness. The City further objects to this Request to the extent that it is duplicative of Request No. 116. Subject to and without waiving the foregoing objections, the City is producing any MPD policies updated since PROD0019. The responsive documents are identified by Bates number in the Production Inventory. The City is not withholding documents responsive to this Request.

137.    All Documents relating to the practice of imposing a "tax" by MPD officers, including but not limited to any communications relating to the same to or from any of the policymakers identified pursuant to Request 135 above.

**RESPONSE:** The City has no documents responsive to this Request.

**[UNNUMBERED REQUEST]** All MPD training materials related to officers' use of body-worn cameras, including but not limited to training modules, training schedules, lesson plans, course outlines, instructional videos, and test materials.

**RESPONSE:** The City objects on the grounds that the Request seeks documents already produced in the litigation. Subject to and without waiving this objection, the City identifies the documents responsive to Request Nos. 12, 13, 36, 40, and 106.

**Data and Background Documents**

138.    Data relating to every Response to Resistance report, including but not limited to the aggregated data that the MPD publishes on https://reimagine.memphistn.gov/isb-dashboard/response-to-resistance/.

**RESPONSE:** The  City is working to compile the data in a .csv file for production. This process will take 1-2 weeks. The City will supplement its rolling document production with the responsive document(s).

139.    All of SCORPION Unit's "operational plans," and all drafts or versions of said plans. *See* COM_0047038.

**RESPONSE:** The City objects to this Request on the basis that it assumes facts from a draft policy document that was never placed into effect. Subject to and without waiving this objection, the City is producing a document that is a Multi-Agency Gang Unit action plan that contemplated using Scorpion Teams as a resource to carry out the plan. The document will be identified by Bates number in the Production Inventory. The City is not withholding documents responsive to this Request.

140.    All communications relating to or transmitting any of SCORPION Unit's "operational plans," including but not limited to communications between SCORPION Unit Commanders and the "MGU, Narcotics and the Real-Time Crime Center (RTCC) weekly to develop [SCORPION's] operational plans." *See* COM_0047038.

**RESPONSE:** The City objects to this Request on the basis that it assumes facts from a draft policy document that was never placed into effect. Subject to and without waiving this objection, the City is producing a document that is a Multi-Agency Gang Unit action plan that contemplated using Scorpion Teams as a resource to carry out the plan. The document will be identified by Bates number in the Production Inventory. The City is not withholding documents responsive to this Request.

141.    All documents related to SCORPION Unit's "measurable performance objectives." *See* COM_0047039.

**RESPONSE:** The City objects to this Request on the basis that it assumes facts from a draft policy document that was never placed into effect. The City is not withholding documents responsive to this Request.

**Documents Related to Third Party Deponents**

142.    All communications (including any attachments thereto) between the City and any of the following individuals: Morgan Jackson, Kris Volker, Lori Volker, Marvin Volker, or Melissa Volker.

**RESPONSE:** The City is producing documents responsive to this Request. The responsive documents will be identified by Bates number in the Production Inventory. The City also identifies the subpoenas *duces tecum* and notices of deposition personally served upon the Volkers and served through counsel for Ms. Jackson. The City is not withholding documents responsive to this Request.

143.    All documents that refer or relate to Morgan Jackson, Kris Volker, Lori Volker, Marvin Volker, or Melissa Volker.

**RESPONSE:** The City objects to this Request in that it seeks information protected by the attorney work product doctrine. The City is withholding documents responsive to this Request.

**Individual Use of Force Incidents**

144.    All Documents relating to the January 6, 2023 encounter involving MPD Officer Demetrius Haley and civilian Deangelo Lauderdale.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production.

145.    All Documents relating to the January 4, 2023 encounter involving MPD Officers Emmitt Martin III, Demetrius Haley, Justin Smith, Desmon Mills Jr., Tadarrius Bean and civilian Monterrious Harris.

**RESPONSE:** The City objects to this Request on the basis of attorney-client privilege and the attorney work product doctrine. Subject to and without waiving this objection, the City will produce non-privileged, non-protected documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

146.    All Documents relating to the December 16, 2022 encounter involving MPD Officer Nahum Dorme and civilian Jaylin McKenzie.

**RESPONSE:** The City objects to this Request on the basis of attorney-client privilege and attorney work product doctrine. Subject to and without waiving this objection, the City will produce non-privileged, non-protected documents responsive to this Request. Responsive documents will be identified by Bates number in the Production Inventory. In further response, the City states that the circumstances surrounding Jaylin McKenzie's death are the subject of an active investigation with the Tennessee Bureau of Investigation (TBI), and some responsive materials may no longer be in the possession, custody, or control of the City.

147.    All Documents relating to the training and supervision Nahum Dorme received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car, at any time in his employment by the Department.

**RESPONSE:** The City is producing Nahum Dorme's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

148.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Nahum Dorme, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Nahum Dorme's MPD personnel file. The documents

are identified by Bates number in the Production Inventory.

149.    All Documents relating to the November 26, 2022 encounter involving MPD

Officers Kyle Coudriet and Demetrius Haley and civilian Marcus Bills.

**RESPONSE:** The City will produce documents responsive to this Request. The documents

will be identified by Bates number in the Production Inventory.

150.    All Documents relating to the training and supervision Kyle Coudriet received

regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car

cameras, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Kyle Coudriet's MPD personnel file. The City is

continuing to search for documents responsive to this Request and will supplement this response

and its production of documents as a part of its rolling document production. The documents will

be identified by Bates number in the Production Inventory.

151.    All Documents relating to any complaints, investigations, supervision, or

disciplinary proceedings involving Kyle Coudriet, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Kyle Coudriet's MPD personnel file. The documents

are identified by Bates number in the Production Inventory.

152.    All Documents relating to the October 1, 2022 encounter involving MPD Officer

Demetrius Haley and civilian Maurice Chalmers-Stokes.

**RESPONSE:** The City will produce documents responsive to this Request. The documents

will be identified by Bates number in the Production Inventory.

153.    All Documents relating to the August 2022 encounter involving MPD/SCORPION

Officers and civilians Sebastion Johnson and Kendrick Johnson.

**RESPONSE:** The City has no documents responsive to this Request.

154.    All Documents relating to the training and supervision that the MPD/SCORPION officers involved in the August 2022 encounter with civilians Sebastion Johnson and Kendrick Johnson received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

**RESPONSE:** The City has no documents responsive to this Request.

155.    All Documents relating to the July 2022 encounter involving MPD Officers Emmitt Martin III and Demetrius Haley, and civilian Jesus Valles.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

156.    All Documents relating to the May 2022 encounter involving MPD Officer Emmitt Martin III and additional SCORPION Officers and civilian Davitus Collier.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

157.    All Documents relating to the training and supervision that the SCORPION Officers involved in the May 2022 encounter with Davitus Callier received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

**RESPONSE:** The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

158.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Officers involved in the May 2022 incident with Davitus Callier, at any time in their employment by the MPD.

**RESPONSE:** The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

159.    All Documents relating to the January 2019 encounter involving MPD Officer William Skelton and civilian Drew Thomas.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

160.    All Documents relating to the training and supervision William Skelton received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City is producing William Skelton's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

161.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving William Skelton, at any time in his employment by the MPD.

**RESPONSE:** The City is producing William Skelton's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

162.    All Documents relating to the March 13, 2016 encounter involving MPD Officer Otto Kiehl and civilian Antonio Strawder.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

163.    All Documents relating to the training and supervision Otto Kiehl received

regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City will produce Otto Kiehl's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

164.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Otto Kiehl, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Otto Kiehl's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

165.    All Documents relating to the October 16, 2016 encounter involving MPD Officers Richard Granderson Jr. and Martin Brooks and civilian Jeremiah Hall.

**RESPONSE:** The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

166.    All Documents relating to the training and supervision Richard Granderson Jr. and Martin Brooks received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time during their employment by the MPD.

**RESPONSE:** The City is producing the MPD personnel files of Richard Granderson and Martin Brooks. The documents are identified by Bates number in the Production Inventory.

167.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Richard Granderson Jr. and Martin Brooks, at any time during their employment by the MPD.

**RESPONSE:** The City is producing the MPD personnel files of Richard Granderson and Martin Brooks. The documents are identified by Bates number in the Production Inventory.

168.    All Documents relating to the July 17, 2015 encounter involving MPD Officer Connor Schilling and civilian Darrius Stewart.

**RESPONSE:** The City objects to this Request on the basis of attorney client privilege and the attorney work product doctrine. Subject to and without waiving this objection, the City will produce non-privileged, non-protected documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

169.    All Documents relating to the training and supervision Connor Schilling received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Connor Shilling's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

170.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Connor Schilling, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Connor Shilling's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

171.    All Documents relating to the April 2, 2015 encounter involving MPD Officers David Rowsey, Jeremy Mackey, and Armond Fairley, and civilian Daniel Jefferson Jr.

**RESPONSE:** The City will produce responsive documents to the extent there are documents not contained within an ISB file. The documents will be identified by Bates number in

16

the Production Inventory.

172.    All Documents relating to the training and supervision David Rowsey, Jeremy Mackey, and Armond Fairley received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in their employment by the MPD.

**RESPONSE:** The City is producing the MPD personnel files for David Rowsey, Jeremy Mackey, and Armond Fairley. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

173.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving David Rowsey, Jeremy Mackey, and Armond Fairley, at any time in their employment by the MPD.

**RESPONSE:** The City is producing the MPD personnel files for David Rowsey, Jeremy Mackey, and Armond Fairley. The documents are identified by Bates number in the Production Inventory.

174.    All Documents relating to the January 16, 2021 encounter involving MPD Officer Armando Bustamante and civilian Marco Lockett.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

175.    All Documents relating to the training and supervision Armando Bustamente received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Armando Bustamante's MPD personnel file. The City

is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

176.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Armando Bustamante, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Armando Bustamente's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

177.    All Documents relating to the February 21, 2021 encounter involving at least three MPD officers, including Demetrius Haley and Alexis Brown, and civilian Kadejah Townes.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

178.    All Documents relating to the training and supervision Alexis Brown received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in her employment by the MPD.

**RESPONSE:** The City is producing Alexis Brown's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

179.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Alexis Brown, at any time in her employment by the MPD.

**RESPONSE:** The City is producing Alexis Brown's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

180.     All Documents relating to the December 1, 2022 encounter involving MPD Officer Charles White and civilian Labryant Burnside.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

181.     All Documents relating to the training and supervision Charles White received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Charles White's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

182.     All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Charles White, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Charles White's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

183.     All Documents relating to the July 23, 2022 encounter involving MPD Officer Sarah Carpenter and civilian Carla Hamilton.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

184.     All Documents relating to the training and supervision Sarah Carpenter received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in her employment by the MPD.

**RESPONSE:** The City is producing Sarah Carpenter's MPD personnel file. The City is

continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

185.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Sarah Carpenter, at any time in her employment by the MPD.

**RESPONSE:** The City is producing Sarah Carpenter's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

186.    All Documents relating to the June 1, 2021 encounter involving MPD Officer Alexander Anderson and civilian Kieron Lee.

**RESPONSE:** The City will produce documents responsive to this Request. The documents will be identified by Bates number in the Production Inventory.

187.    All Documents relating to the training and supervision Alexander Anderson received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Alexander Anderson's MPD personnel file. The City is continuing to search for documents responsive to this Request and will supplement this response and its production of documents as a part of its rolling document production. The documents will be identified by Bates number in the Production Inventory.

188.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Alexander Anderson, at any time in his employment by the MPD.

**RESPONSE:** The City is producing Alexander Anderson's MPD personnel file. The documents are identified by Bates number in the Production Inventory.

189.    All Documents relating to the June 15, 2023 encounter involving MPD Officer Antonio Malone and civilian Terrance Jones.

**RESPONSE:** The City has no documents responsive to this Request.

190.    All Documents relating to the training and supervision Antonio Malone received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car cameras, at any time in his employment by the MPD.

**RESPONSE:** The City objects to this Request as irrelevant. The City has no documents responsive to Request No. 189. Because this Request is predicated upon an alleged encounter for which the City has no documents, documents relating to the training and supervision of the officers allegedly involved are irrelevant. The City is withholding documents responsive to this Request.

191.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Antonio Malone, at any time in his employment by the MPD.

**RESPONSE:** The City objects to this Request as irrelevant. The City has no documents responsive to Request No. 189. Because this Request is predicated upon an alleged encounter for which the City has no documents, documents relating to any complaints, investigations, supervision, or disciplinary proceedings for the officers allegedly involved are irrelevant. The City is withholding documents responsive to this Request.

192.    All Documents relating to the December 23, 2022 encounter involving MPD Officer Kendarius Sanders and at least one other MPD officer, and civilian Joseph Jackson.

**RESPONSE:** The City has no documents responsive to this Request.

193.    All Documents relating to the training and supervision Kendarius Sanders and any other officers involved in the December 23, 2022 encounter with civilian Joseph Jackson received regarding the use of force, the reporting of use of force, and the use of body-worn cameras or car

cameras, at any time in their employment by the MPD.

      **RESPONSE:** The City objects to this Request as irrelevant. The City has no documents responsive to Request No. 192. Because this Request is predicated upon an alleged encounter for which the City has no documents, documents relating to the training and supervision of the officers allegedly involved are irrelevant. The City is withholding documents responsive to this Request.

      194.    All Documents relating to any complaints, investigations, supervision, or disciplinary proceedings involving Kendarius Sanders and any other officers involved in the December 23, 2022 encounter with civilian Joseph Jackson, at any time in their employment by the MPD.

      **RESPONSE:** The City objects to this Request as irrelevant. The City has no documents responsive to Request No. 192. Because this Request is predicated upon an alleged encounter for which the City has no documents, documents relating to any complaints, investigations, supervision, or disciplinary proceedings for the officers allegedly involved are irrelevant. The City is withholding documents responsive to this Request.

                              Respectfully submitted,

                              **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

                              *s/ Jennie Silk*

                              Bruce McMullen (#18126)
                              Jennie Vee Silk (#35319)
                              Freeman B. Foster (#23265)
                              165 Madison Avenue, Suite 2000
                              Memphis, Tennessee 38103
                              Telephone: (901) 526-2000
                              bmcmullen@bakerdonelson.com
                              jsilk@bakerdonelson.com
                              ffoster@bakerdonelson.com
                              *Attorneys for Defendant City of Memphis, Chief Cerelyn Davis,and Dewayne Smith as Agent of the City of Memphis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2025, a copy of the foregoing document was served on

all counsel of record and the Guardian Ad Litem via e-mail:

*s/ Jennie Silk*
Jennie Silk