# EXHIBIT 6

## Stephen Weil

| | |
|---|---|
| **From:** | McMullen, Bruce <bmcmullen@bakerdonelson.com> |
| **Sent:** | Monday, February 24, 2025 2:41 PM |
| **To:** | Stephen Weil; Silk, Jennie; McKinney, Kelsey; Sarah Raisch; Joshua Levin; Antonio Romanucci |
| **Cc:** | Alexis Johnson; Betsy McKinney; Florence Johnson; Brooke Cluse; cgrice; Clyde W. Keenan; Darrell J. O'Neal; David Louis Mendelson I; Deborah Godwin; ge@perrygriffin.com; Jarrett Michael Dean Spence; John Keith Perry Jr.; Laura Elizabeth Smittick; lgross@perrygriffin.com; Martin Zummach; Mary Collins; mistie@sparkman-zummach.com; Robert Spence; Terri Norman; Reagan, Ian |
| **Subject:** | RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence |

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Steve—see below in <span style="color:red">red</span>.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

---

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Monday, February 24, 2025 2:16 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>; lgross@perrygriffin.com; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert Spence <rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

~~Bruce~~<span style="color:red">Steve</span>,

It sounds as though you are agreeable to getting the Court involved in discovery.  <span style="color:red">Wrong.</span>

We plan to ask the Court for the following:  a scheduled bi-weekly hearing (i.e., once every other week) for the Court to address discovery and case-management disputes that the parties have not been able to resolve themselves.  The parties would transmit an agenda of items a few days in

advance (e.g. 48 hours) to prepare the Court for any disputes (or, if there are no disputes for the week, the agenda would so notify the Court and the hearing would be cancelled).

Can we represent that this request would be unopposed?  Better yet, can we propose the hearings in a joint motion? No and no.

We anticipate filing a motion with the Court by tomorrow afternoon, so please let us know by 12:00 p.m. tomorrow.

OTHER DEFENSE COUNSEL:  we anticipate that the hearings proposed above would deal primarily with the Monell components of this case, but we ask that you please weigh in by 12:00 tomorrow as well.

At this point, given Bruce's position, we are going to consider ourselves at issue with respect to RFP 133 and a raft of additional discovery for which we have sought Rule 37 conferences with the City. Sure.

Best regards,

Steve

**Stephen H. Weil**
Senior Attorney

 ROMANUCCI BLANDIN | LAW

**www.rblaw.net**

e: sweil@rblaw.net
p: (312) 253-8592
f: (312) 458-1004
a: 321 N Clark St, Ste 900, Chicago, IL 60654

  

Go Green - Please don't print this e-mail unnecessarily.

**Confidentiality Statement.**  The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Monday, February 24, 2025 1:03 PM
**To:** Stephen Weil <SWeil@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com; Jarrett Michael Dean Spence

<jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick
<support@smitticklaw.com>; lgross@perrygriffin.com; Martin Zummach <martin@sparkman-zummach.com>;
Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert Spence
<rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; Reagan, Ian
<ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Steve,

Our Rule 37 conferences have been primarily your team trying to explain to us why we need to do everything you want us to do. There is no spirit of compromise. In the hours of telephone conferences we have had, we have never reached a compromise on anything because, in part, you refuse to budge on anything. We are more productive conferring via email, as evidenced by the fact that you agree in principle to the production of the digital ISB files in lieu of the full copy of the paper and media files.

I don't understand your threat to get the court involved since you already got the court involved by way of your filing the "unopposed" motion for leave to reply later on Friday night. Please further note that I am not threatened by the prospect of the court being involved. At this point in the litigation, the Court has seen enough with respect to the documents under seal to weigh the credibility of your actions and your filings.

Additionally, I take offense to your claim in a recent filing that anyone on my team was "woefully unprepared" for a Rule 37 conference. I think you mistook **preparedness** for **acquiescence**.

Regarding the technical question about the ISB files, we have always had portions of the ISB files stored digitally. We have produced literally dozens of the digital portions of the ISB Case files to you already in pdf format, minus the paper documents and media. We have had multiple conversations about this with your co-counsel. As written, the requests at issue seek the entire files, and the burden arises from producing the entire file, including copies of the media. We outlined this months ago.

It seems like you are again asking for us to produce the databases we have already declined to produce. We stand on our objection to producing the databases that we produced to the DOJ. You do not have the statutory mandate that the DOJ has to investigate a law enforcement agency, and just because we produced our entire records management system to the DOJ does not mean you are entitled to it. That is a fishing expedition. If there is something in particular that you feel is responsive in a relational database that uses SQL, please send a request for that and we will respond accordingly.

We stand ready to start producing the PDFs of the hundreds of additional ISB files you requested. Sorry I missed your noon deadline.

**Bruce A. McMullen**

Shareholder
Direct Dial:  901.577.2356

---

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Friday, February 21, 2025 5:51 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>;
McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin
<JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence
Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice
<cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal
<domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>; Deborah
Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com; Jarrett Michael Dean Spence
<jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth
Smittick <support@smitticklaw.com>; lgross@perrygriffin.com; Martin Zummach <martin@sparkman-
zummach.com>; Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert
Spence <rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; Reagan, Ian
<ireagan@bakerdonelson.com>
**Subject:** Re: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Jennie,

Your proposal to do away with telephonic conferences is unacceptable.  It is contrary to LR
7.2.  And you are incorrect that the conferences are unproductive.  Our conferences have
often revealed information, and allowed the parties to engage in last-resort attempts at
compromise before confirming that they are at issue and require assistance from the
Court.

There is no substitute for conferences to address discovery disputes efficiently and
effectively, particularly as we deal with the complex ESI discovery that is currently
outstanding.  "Conferring" via email simply invites delay.  This email chain is a case in
point:  you wrote Wednesday that you would follow up "tomorrow" (i.e., yesterday), yet we
heard nothing from you on the core issues we have asked to discuss via Rule 37
conference—only ancillary ones.  Avoiding telephonic conferences permits Memphis to
engage with our discovery enforcement at a time of its choosing, and that has already led
to months of delay.

If you object to conferences because you believe they are too contentious, we can record
them.  That is easy to do using the record feature on Zoom. I have seen that done in other
cases and it tends to resolve accusations of acrimony.

If you are going to stand on your refusal to participate in telephonic Rule 37 conferences,
we believe it is time to get the Court actively involved in supervising discovery.  Please let
us know by **12:00 pm Monday** whether you are going to stand on your refusal to hold
conferences.  We cannot continue experiencing the delay after delay that is stalling this
discovery and prejudicing Plaintiff.

Regarding your offer to produce electronic ISB files rather than insist we inspect paper documents, we do not understand why it is only now that you are revealing the existence of responsive ESI after insisting for months on burdensome inspection of paper ISB files (which you seem to indicate are different papers altogether).  We believe your proposal is agreeable in principle—but there are a number of details that need to be worked out.  In particular, our understanding is that the ESI you now propose to produce is embedded in a relational database that uses SQL, like much of the ESI you provided to DOJ.  Deciding how to identify and produce that information will require further discussion—and we cannot see how such a discussion can occur in a timely or productive manner using only back-and-forth emails.

We are open for a call much of Monday and Tuesday.  There is a large volume of outstanding discovery that we need to get moving and which we need to discuss.  Let's please set up a call.

Best regards,

Steve


**Stephen H. Weil**
Senior Attorney



**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592

**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654

   


🌲 **Go Green - Please don't print this e-mail unnecessarily.**


**Confidentiality Statement.**  The information contained in this electronic mail communication is

intended only for the personal and confidential use of the designated recipient named above.

This message may be an attorney-client communication and, as such, is privileged and confidential.

If the reader of this message is not the intended recipient, you are hereby notified that you have

received this communication in error and that any review, dissemination, distribution, or copying

of the message is strictly prohibited.  If you have received this transmission in error, please notify

us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** Silk, Jennie <jsilk@bakerdonelson.com>
**Sent:** Wednesday, February 19, 2025 7:36 PM
**To:** Stephen Weil <SWeil@rblaw.net>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com <ge@perrygriffin.com>; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>; lgross@perrygriffin.com <lgross@perrygriffin.com>; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com <mistie@sparkman-zummach.com>; Robert Spence <rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

---

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

---

Steve,

We are actively working through the various issues that you have raised regarding our discovery responses and document requests. To begin, we do not think it would be productive to schedule another Rule 37 conference via Teams or via phone.  We have never been able to reach an agreement on anything in any of our prior conferences, and it seems unlikely that we will be able to do so now. The conferences are unproductive and contentious, to say the least.  We think the best path forward is to consult via email.

To that end, I am responding to one of the issues you raised in your email of February 17, which is also relevant to the issue of Benjamin's inspection of the ISB file room next week.

We have been running to ground this issue that you raised:

- With respect to RFPs 87-90 and 110 (ECF 299 at 4-5), you have pointed to a large volume of hard-copy documents, which will, as all parties recognize, be cumbersome to reproduce.  Your recent disclosures regarding the MPD databases, however, raises a question: to what extent are ISB case files, or parts of case files, available on the MPD's databases, including IAPro?  To the extent all or part of the files are available in electronic format, such data would be (a) responsive and (b) much less burdensome to produce.

You are correct that a large portion of the ISB case files are kept digitally. The parts that are not kept digitally are often documents that arrive in hard copy related to criminal investigations, medical records, miscellaneous correspondence, etc. Those items are placed in the hard copy file and not scanned into the digital ISB file.

6

The other portion of the ISB Case file that is not stored with the digital portion are the media files (videos and audio) associated with the investigation. Those are stored in Evidence.com. Production of those videos would require copying the digital media to a hard drive or to the cloud, which will take hundreds of hours.

We would like for you to consider this possible path forward. The City would agree to produce the digital portions of the ISB files to you on a rolling basis— without the video/audio and anything in hard copy from the physical files.  This would not be nearly as costly or burdensome on MPD like copying the physical file and the accompanying audio/video.  You have requested several hundred ISB files, and it will take some time to review and produce the digital portions, but we could get this out much quicker to you than copying the hard file and all media.

We believe that a large percentage of the files you requested will be of no interest to you, but you won't know which files are of interest until you see them.  Once you have the digital portions of the ISB files, you could review and let us know the files for which you would like the videos and other media.  We could then download the videos that you actually want and transmit them to you like the videos we are producing to you tomorrow that are responsive to the targeted requests you made in your most recent RFPs.  You could also let us know, after you review the digital ISB files, if you need us to check the physical file folder for any particular ISB case to see if there is anything to be supplemented from the physical file.

If you are agreeable to this path forward, we will start working on it this week. This would save all of us a lot of unnecessary work and expense to produce documents and videos that are not relevant to the litigation.

Please note that in either situation—whether we produce copies of the physical file or if we produce the digital portion only— those files will have to be produced as CONFIDENTIAL under the protective order. Otherwise, we will have to redact the PII from the files, which will put us back to square one on burden and cost.

If you agree to this proposed solution, we can cancel Benjamin's inspection next week. If not, then we can schedule his visit for Wednesday, February 26 in the morning.

We are continuing to work through the issues you have raised. I will have another response to you tomorrow via email.

I am hopeful that this will get the ball rolling so that we can get past this issue. Please let us know your thoughts.

Thanks,

**Jennie Vee Silk**
Shareholder

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2000 First Tennessee Building
165 Madison Avenue
Memphis, TN 38103

Phone  901.577.8212
Fax      901.577.0812
JSilk@bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas, Virginia and Washington, D.C.

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Tuesday, February 18, 2025 6:19 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce
<bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>;
Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci
<aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; Betsy McKinney <BMcKinney@gmlblaw.com>;
Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse
<brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan
<keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis
Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>;
ge@perrygriffin.com; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John
Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>;
lgross@perrygriffin.com; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins
<MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert Spence
<rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; Reagan, Ian
<ireagan@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Thompson,
Theresa <tthompson@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Counsel,

We would like to get this Rule 37 call scheduled.  We have been asking since last
week. Please advise.

Best regards,
- Steve

**Stephen H. Weil**
Senior Attorney



**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste
900, Chicago, IL 60654

  

 **Go Green - Please don't print this e-mail unnecessarily.**

**Confidentiality Statement.**  The information contained in this electronic mail communication is
intended only for the personal and confidential use of the designated recipient named above.
This message may be an attorney-client communication and, as such, is privileged and confidential.
If the reader of this message is not the intended recipient, you are hereby notified that you have
received this communication in error and that any review, dissemination, distribution, or copying
of the message is strictly prohibited.  If you have received this transmission in error, please notify
us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Monday, February 17, 2025 4:28 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce

<bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>;
Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci
<aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; Betsy McKinney <BMcKinney@gmlblaw.com>;
Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse
<brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan
<keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis
Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>;
ge@perrygriffin.com; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John
Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>;
lgross@perrygriffin.com; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins
<MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert Spence
<rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; Reagan, Ian
<ireagan@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Thompson,
Theresa <tthompson@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** Re: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Counsel,

I'm following up on my email below.  We believed the attached spreadsheet, from
your production, is an example (we have been able to identify 11 in total) of
Evidence.com audit trails that we expect can be linked to the MPD's other
databases.

We attach the spreadsheet here for purposes of discussion with you.  To that end,
we have asked for a **Rule 37 call this Thursday 2/20**, details below.  Please advise
whether the time we have proposed works, or whether you have another time to
propose.

Best regards,
- Steve

## Stephen H. Weil
**Senior Attorney**

 ROMANUCCI
BLANDIN | LAW

**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592

**f:** (312) 458-1004
**a:** 321 N Clark St, Ste
900, Chicago, IL 60654

  

*Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.**  The information contained in this electronic mail communication is

intended only for the personal and confidential use of the designated recipient named above.

This message may be an attorney-client communication and, as such, is privileged and confidential.

If the reader of this message is not the intended recipient, you are hereby notified that you have

received this communication in error and that any review, dissemination, distribution, or copying

of the message is strictly prohibited.  If you have received this transmission in error, please notify

us immediately by telephone at 312.458.1000 or by reply e-mail.

---

**From:** Stephen Weil
**Sent:** Friday, February 14, 2025 10:49 AM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com <ge@perrygriffin.com>; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>; lgross@perrygriffin.com <lgross@perrygriffin.com>; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com <mistie@sparkman-zummach.com>; Robert Spence <rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Jennie,

I am writing to supplement my email from Wednesday in light of the information you provided in your Feb. 11 email relating to the nature of the data Memphis provided to the DOJ or provided access to the DOJ.

Please provide a time to talk next week.  I will propose a discussion on Monday, Thursday, or Friday next week.  To get the ball rolling I will propose **Thursday 2/20 at 9:30 a.m**. or **12:00 p.m.**  If you would prefer some other time please let me know.

**Database information linked to videos**.

You indicated in your Feb. 11 email that there are audit trails available in Evidence.com that would indicate the videos accessed by the DOJ. We believe this may be an efficient way to identify and gather much of the information in the databases that the DOJ discussed in its report.

The bulk of the use of force incidents described in the DOJ Report appear to compare what police video shows with the manner in which the incident was handled in written documents—use of force reports, supervisory review, ISB review, etc. As we understand it, there would be a means of associating each video in Evidence.com with the ESI stored in the other police databases that pertains to the same incident, such as an incident number. That should significantly narrow the documents we will need to review. We would therefore request:

[1] all videos in Evidence.com that audit trails indicate were downloaded, reviewed, or otherwise accessed by DOJ;

[2] information sufficient to link those videos with information in the other police databases that pertains to the same incident as the video, such as incident report numbers;

[3] all ESI in the other police databases linked to each video that DOJ downloaded, reviewed, or otherwise accessed, for example: all ESI associated with particular incident numbers.

To be clear, we understand the documents in category [3] to be expansive, running from traffic reports, arrest reports, use of force reports (RTRs), civilian complaints, supervisory review of reports, ISB reviews, disciplinary hearings, and the like.

**Complaints and related documents**.

Plaintiff has previously requested complaints, and complaints associated with certain units and ISB investigations. See RFPs 14, 87. In response the City repeatedly stated that it would produce ISB files. The DOJ Report makes plain that this is an underinclusive universe, because only about 20% of complaints are referred to ISB. *See* DOJ Report at 60. And the report makes clear that the DOJ gathered essentially all complaints (and related information) in the police databases. We therefore request information sufficient to identify all complaints and related investigation documents in the police databases, whether or not they are associated with videos.

**MPD shootings**.

The DOJ report notes that DOJ reviewed every shooting by MPD officers from 1/1/20 to 12/31/22. DOJ Report at 13. We request that you identify and produce all documents relating to each of these shootings, whether written, video, or otherwise.

**Use of force + invalid license**.

11

The DOJ report states, "In 196 incidents from 2018 to 2023, officers used force against people charged for driving without a valid license." DOJ Report at 14. We request identification and production of all documents related to these incidents. Presumably they can be isolated by cross-referencing use of force reports with tickets for driving without a license.

**Field / interface review**.

As the forgoing indicates, there is substantial data that is associated with each incident, and the associations between different sets of data may not be obvious. We understand that the police databases in question are relational SQL databases. Any "production" from those databases will need to enable the same access to the data as MPD has in the usual course of business. This may require production or all or part of the databases as they were provided to the DOJ. We are open to discussing means of protecting the interests you identified previously, but some substantial access will be necessary to appropriately interface with the data.

Best regards,

Steve

**Stephen H. Weil**
Senior Attorney



**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654

  

 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** Stephen Weil
**Sent:** Wednesday, February 12, 2025 4:42 PM
**To:** 'Silk, Jennie' <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal

<domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>;
Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com>; Jarrett Michael Dean
Spence <jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura
Elizabeth Smittick <support@smitticklaw.com>; lgross@perrygriffin.com; Martin Zummach
<martin@sparkman-zummach.com>; Mary Collins <MCollins@gmlblaw.com>;
mistie@sparkman-zummach.com; Robert Spence <rspence@spencepartnerslaw.com>; Terri
Norman <TNorman@gmlblaw.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>;
Reagan, Ian <ireagan@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>;
Thompson, Theresa <tthompson@bakerdonelson.com>; Reagan, Ian
<ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Jennie,

We agree to an extension on the response to next Friday February 21.

We will send the cellphone ESI protocol in a separate email.

You have agreed to produce the audit trails for Evidence.com. We presume each
video on the Evidence.com site is linked to a case file / incident report / etc. in the
RMS database and possibly some of the other databases you have listed. Along
with the Evidence.com audit trail we would ask that you provide linking information
to the other databases.

Let us know if you can discuss Monday or Tuesday next week. We could discuss
tomorrow / Friday, but I would want to give you guys some time to check with tech
folks.

Best regards,

- Steve

**Stephen H. Weil**
Senior Attorney

**R⁄B** ROMANUCCI
BLANDIN | LAW

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste
900, Chicago, IL 60654

**www.rblaw.net**

  

 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is
intended only for the personal and confidential use of the designated recipient named above.
This message may be an attorney-client communication and, as such, is privileged and confidential.
If the reader of this message is not the intended recipient, you are hereby notified that you have
received this communication in error and that any review, dissemination, distribution, or copying
of the message is strictly prohibited. If you have received this transmission in error, please notify
us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** Silk, Jennie <jsilk@bakerdonelson.com>
**Sent:** Tuesday, February 11, 2025 9:03 PM
**To:** Stephen Weil <SWeil@rblaw.net>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Alexis Johnson <AJohnson@rblaw.net>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis Mendelson <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>; lgross@perrygriffin.com; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert Spence <rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Steve,

We are not available tomorrow. We are available on Thursday 10a-11a or after 2:15p. On Friday, we are only available after 3p. Please provide us with information regarding the subject of this conference.

In addition, as you know, the City's deadline to respond to Plaintiff's motion to compel was extended through this Friday. Given that our discussions about the discovery requests that are the subject of Plaintiff's motion have been productive, we request that Plaintiff agree to a joint motion to stay the motion to compel while we continue to work on resolutions. We would like to get this on file tomorrow. Please let us know if you agree, and we will send over a draft for your team to review.

We will await further information from your team regarding proposed ESI protocols for RFP 96 and cell phones and vendor information for copying ISB files.

We understand your request for all documents/ESI/video reflected in the audit trails for Evidence.com. We suggest you hold that request until after you have reviewed the audit trails, which we will produce this week.

You have also requested audit trails for the other databases we provided to the DOJ. We do not have that information because we provided copies of the entirety of each database to the DOJ. Once the copies were produced, nothing on our end could track their activity.

Thanks,

**Jennie Vee Silk**
Shareholder

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2000 First Tennessee Building
165 Madison Avenue
Memphis, TN 38103

Phone   901.577.8212
Fax        901.577.0812
JSilk@bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas, Virginia and Washington, D.C.

---

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Thursday, February 6, 2025 6:16 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>; Alexis Johnson <AJohnson@rblaw.net>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy McKinney <BMcKinney@gmlblaw.com>; Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Brooke Cluse <brooke@bencrump.com>; cgrice <cgrice@eflawgroup.com>; Clyde W. Keenan <keenandl@aol.com>; Darrell J. O'Neal <domemphislaw@darrelloneal.com>; David Louis Mendelson I <dm@mendelsonfirm.com>; Deborah Godwin <DGodwin@gmlblaw.com>; ge@perrygriffin.com; Jarrett Michael Dean Spence <jspence@spencepartnerslaw.com>; John Keith Perry Jr. <jkp@perrygriffin.com>; Laura Elizabeth Smittick <support@smitticklaw.com>; lgross@perrygriffin.com; Martin Zummach <martin@sparkman-zummach.com>; Mary Collins <MCollins@gmlblaw.com>; mistie@sparkman-zummach.com; Robert Spence <rspence@spencepartnerslaw.com>; Terri Norman <TNorman@gmlblaw.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** Re: Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Bruce,

I am responding to your email yesterday in this chain.  We ask for a Rule 37 conference to follow up next week.  Please provide available dates next Wednesday, Thursday, and Friday.  To get the ball rolling I will propose **Wednesday 2/12 at 9:30 a.m.**

**RFP 73** – understood as to this request.

**RFP 96** – as we understand the City's records management system, RTR reports will be embedded or linked to other documents, like body camara footage. A .csv file is a text file and would not contain such documents.  We would also seek information documenting reviews of such reports, including an audit trail showing that reviews occurred.  There are other issues as well, such as providing the information in the format in which it is accessed by MPD in the normal course of business.  For these reasons we anticipate requiring a protocol for this information.  We should be able to have a more productive conversation once the .csv file you've described is produced.

**ISB case files**. We are arranging for our local counsel to examine the files and estimate the quantity.  Your email discusses inspection vs. production at length, but that really isn't in dispute.  You say that you will not agree to share the cost of copying, but you also insist that files cannot be temporarily taken off site for copying.  Your email does not say why, except for a generic assertion that they are "sensitive."  That is true of much of the discovery in this case, however.  We will engage a vendor; if on-site copying is considerably more expensive or time-consuming than off-site copying, we may need to revisit this matter.

**Cellphones**.  We expect to provide a protocol by the end of this week.

**Databases**.  Thank you for the identification of the databases.  You have a lengthy discussion of overbreadth, but I am hoping we can set that aside for the moment.  We have reviewed background information regarding the RMS database and our understanding is that such databases (like the Evidence.com database) have robust audit logs and audit trails, meaning that if a user is provided access, there will be an audit trail / log recording every document that user accessed, the time of access, etc.

Indeed we believe that is likely for all the databases you identified, which we believe correspond to the "Table Identifying Storage" document you produced to the DOJ and which we have attached to this email.

Such audit trails should permit us to identify precisely what queries were made by the DOJ and what documents the DOJ accessed.  With that

16

information we should be able to narrow our query to the precise documents and ESI that the DOJ accessed.

We ask therefore that you please **(1) confirm that the databases listed in the attached table contain audit trails, (2) confirm that audit trails are available for the information accessed by the DOJ; and (3) produce all such audit trails.** Essentially: you have agreed to produce audit trails for the DOJ personnel activity on Evidence.com. We are asking for production of audit trails for DOJ personnel activity on the other databases as well.

With respect to Evidence.com, we would ask that you please produce to us, or make available, all documents / ESI / video that the audit trails reflect were accessed or downloaded by DOJ personnel.

**Touhy letter.** Please find attached the DOJ's Touhy response letter. We will also produce a Bates-stamped copy.

Best regards,
- Steve

**Stephen H. Weil**
Senior Attorney

**R B** ROMANUCCI BLANDIN | LAW

**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592

**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654



 **Go Green - Please don't print this e-mail unnecessarily.**

**Confidentiality Statement.** The information contained in this electronic mail communication is

intended only for the personal and confidential use of the designated recipient named above.

This message may be an attorney-client communication and, as such, is privileged and confidential.

If the reader of this message is not the intended recipient, you are hereby notified that you have

received this communication in error and that any review, dissemination, distribution, or copying

of the message is strictly prohibited.  If you have received this transmission in error, please notify

us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Wednesday, February 5, 2025 5:24 PM
**To:** McKinney, Kelsey <kmckinney@bakerdonelson.com>; Stephen Weil
<SWeil@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Joshua Levin
<JLevin@rblaw.net>
**Cc:** Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian
<ireagan@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis, et al. - Response re January 28 Discovery
Correspondence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the
sender and know the content is safe.

Steve,

We write in response to both of your emails sent on January 28.

### RFP 73

We understand that the data should be available to counsel for the City
tomorrow, and it will be produced to the parties shortly thereafter.

### RFP 96

We are offering to produce **_all_** of the data for the Response to Resistance
reports requested via a .csv file, which would necessarily include data fields.
This production is on track to be available on the timeline we originally
estimated.

### ISB case files

The City's obligations under Rule 34 are merely to produce the materials as
they are kept in the ordinary course of business. Rule 34 provides several
options for production, including inspection and copies. Steven S. Gensler, 1
Federal Rules of Civil Procedure, Rules and Commentary Rule 34 (West) ("A
party has three options for responding to document requests. The party may
(1) state that it will permit inspection and related activities; (2) state that it

will produce copies of the requested materials; or (3) object to the requests."). Rule 34 does not require a party to provide copies of the documents requested; inspection is sufficient, especially in situations where the documents are maintained in hard copy in the ordinary course of business. *See, e.g.*, *Trevino v. Gates*, 99 F.3d 911, 921 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ("[A] party who produces documents for inspection is not required to make copies for the other party." (citing 8A Charles A. Wright et al., Fed. Prac. & Proc. § 2213 (1994)); *Gross v. Lunduski*, 304 F.R.D. 136, 152 (W.D.N.Y. 2014) ("[I]t, it is well-established that in responding to a Rule 34(a) request, the party may make the relevant files available for the requesting party's inspection, instead of reviewing the files itself and producing copies of relevant documents."); *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 673 (S.D. Fla. 2012) ("[Rule 34] places no obligation on the producing party to copy the documents for the requester.")

Further, while the responding party generally bears the expenses associated with *gathering* and *reviewing* the documents, it is the requesting party who is generally responsible for the expenses associated with *copying*. *See Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 3876131, at *1 (N.D. Cal. Aug. 19, 2008). In *Gaines-Hanna v. Farmington Public School District*, the plaintiff requested "all police reports and correspondence regarding her family," and the defendant responded that the documents requested were "available for inspection at the office of defendants' counsel, and may be copied at [plaintiff's] expense." G*aines-Hanna*, No. 04-CV-74910-DT, 2006 WL 891434, at *1 (E.D. Mich. Mar. 31, 2006). The court rejected plaintiff's contention that the defendants' response was improper, explaining "Rule 34 requires only that the documents sought be made available for inspection and copying. Thus, defendants' providing for inspection of the documents at counsel's office and requiring plaintiff to bear the cost of copying any documents she seeks is appropriate." *Id.*; *see also Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986) (recognizing that Rule 34 permits a party to produce documents for inspection and ordering the plaintiff to bear the costs of copying should the plaintiff desire).

We have offered to make all ISB files responsive to your various discovery requests available for inspection by your team. The City has produced **over 175,000 pages** of responsive documents, and the City is continuing to gather and produce responsive documents on a rolling basis. In addition, the City will be producing what is likely to be hundreds of hours of video footage in short order.

Request No. 90 alone seeks approximately 500-600 separate ISB case files. We are skeptical whether most of those files will bear any relevance to your claims in this case. It is probable that upon inspection, you will likely be able to narrow down the number of files you want copied. It is even possible that you will be able to narrow down the number of files to a number that would moot the present dispute. Recall that when Plaintiff has specifically

identified particular incidents or case numbers in smaller batches, the burden of production was significantly lowered, and the City was able to produce the documents.

In light of the above, we object to bearing any of the costs associated with making copies of these files (digital or otherwise), and we object to a vendor that requires the files be taken offsite for copying/scanning because of the highly sensitive nature of the files. Accordingly, if Plaintiff agrees to bear the cost of copying **and** to find a vendor that has the equipment to copy onsite, we can agree under those conditions. We reiterate that these costs may not end up being necessary because, upon inspection, we believe you will be able to significantly narrow the files of which you want copies.

### Cell phones

We will await further information from you regarding a proposed ESI protocol.

### Databases

The City provided the DOJ with the following:

- A copy of MPD's Inform RMS Database

- A copy of MPD's IAPro/Blue Team database

- A copy of MPD's Computer-Aided Dispatch System

- A copy of MPD's STATs program database

- Access to MPD's instance of Evidence.com

We maintain our objections to producing the above information in full to Plaintiff. This request is clearly a fishing expedition that is not reasonably calculated to lead to the discovery of relevant evidence. It is highly disproportional to the needs of the case, especially in light of the fact that the City has already produced over 175,000 pages of responsive documents, with more forthcoming on a rolling basis. Further, any information you may glean from the databases would be of limited value given that any relevant information has likely already been addressed by one of Plaintiff's other **193** Requests for Production.

Moreover, your assertion that Plaintiff—a private, civil litigant—is entitled to the same scope of information as the DOJ because "the scope of Section 12601(a) is essentially the same as any *Monell* claim" is frankly absurd. Plaintiff is entitled to discovery of relevant information, and Plaintiff is authorized to achieve that discovery through requests for information and documents that are narrowly tailored and reasonably calculated to lead to relevant evidence. The DOJ's investigation was not subject to the Federal Rules of Civil Procedure, but Plaintiff is. The City has been unable to identify

any authority limiting the scope of an investigation brought under § 12601. The City voluntarily gave the DOJ unfettered access for purposes of its investigation. To claim that discovery in civil litigation is a proper vehicle for the same level of unfettered access is disingenuous. There are federal rules governing civil litigation for a reason.

Further, the fact that Congress, on separate occasions and for separate purposes, enacted two statutes providing a right of action for Constitutional violations—one statute for individual litigants (42 U.S.C. § 1983) and one for the Attorney General (34 U.S.C. § 12601)—further supports that the methods for achieving the remedies under each statute are different. *See City of Seattle, Seattle Police Dep't v. Seattle Police Officers' Guild*, 484 P.3d 485, 496 (2021) ("Congress has taken affirmative steps to ensure the right [to be free from excessive force] can be vindicated. For example, 42 U.S.C. § 1983, which provides a right of action to individuals whose constitutional rights were violated, was enacted to create a broad remedy for violations of federally protected civil rights. And Congress, through 34 U.S.C. § 12601 (formerly codified at 42 U.S.C. § 14141), provided a remedy for violations of federal civil rights, specifically for violations that are systematically perpetrated by local police departments." (citations omitted and cleaned up)); *see also Reardon v. Schossow*, 416 F. Supp. 3d 793, 808 (E.D. Wis. 2019) ("By the plain language of the statute, there is no private right of action under 34 U.S.C. § 12601 . . . .").

While we stand on the above objections, the City will agree to produce the audit trails of the DOJ personnel activity on Evidence.com.

### DOJ response to *Touhy* request

On our January 22 call, we requested that you provide a copy of the letter you received in response to your *Touhy* request to the DOJ. We renew this request.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

---

**From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Sent:** Friday, January 31, 2025 5:04 PM
**To:** sweil@rblaw.net; sraisch@rblaw.net; JLevin@rblaw.net
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** Wells v. City of Memphis, et al. - Response re January 28 Discovery Correspondence

Steve,

We are in receipt of your emails sent on 1/28, both of which request responses by today. Bruce and Jennie have been traveling and in depositions and hearings all week with additional travel and hearings early next week. We will need until Wednesday to provide substantive responses.

On another note, we wanted to provide an update on the document productions related to Plaintiff's 6th and 7th RFPs to the City. A document production will go out tonight, and we anticipate another production next week. Next week's production will include a large volume of body camera footage, which is taking a long time to process and get ready for production. At this time, we are not able to estimate what day that production will be ready, but we hope to get it out earlier rather than later.

Have a nice weekend.

Kindly,
Kelsey

___

**Kelsey W. McKinney** (she/her/hers)
Associate
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Ave, Suite 2000
Memphis, TN 38103
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com
www.bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama,
Florida, Georgia, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Texas, Virginia, and Washington, D.C.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.