# EXHIBIT 7

**Stephen Weil**

| | |
|---|---|
| **From:** | Stephen Weil |
| **Sent:** | Friday, February 14, 2025 12:35 PM |
| **To:** | Morris, Angela; Antonio Romanucci; brooke@bencrump.com; Joshua Levin; Sarah Raisch; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence; jspence@spencepartnerslaw.com; Alexis Johnson; cgrice; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; Mirena Fontana; tnorman@gmlblaw.com; Mistie@sparkman-zummach.com; Dana Kondos; Colton Johnson Taylor; bwachtel@mendelsonfirm.com |
| **Cc:** | McMullen, Bruce; Reagan, Ian; Foster, Freeman; Silk, Jennie; Thompson, Theresa; McKinney, Kelsey |
| **Subject:** | Re: RowVaughn Wells, et al. v. City of Memphis, et al., Civil Action No.: 2:23-cv-02224 - Discovery Responses |

Dear Counsel:

I am writing regarding certain of the City's January 28, 2025 responses to Plaintiff's Sixth set of Rule 34 requests for production. A number of your responses are deficient or call for additional information, as this letter explains.

We request a Rule 37 conference during the week of February 17, 2025 to discuss. During that week we have wide availability. For sake of coordination we propose a 30-minute conference on **February 20 at 9:30 a.m. or 12:00 p.m. Central**. If some other time is preferable for you please advise.

On the call we seek to discuss the following matters:

**Privilege log**. In response to a number of requests you assert privileges or the work-product protection. To the extent you will be preparing a Rule 26(b)(5) privilege log to substantiate your privilege objections, please do so by February 24. If you are not providing a privilege log we will consider your privilege assertions to be withdrawn and we request production.

**"[N]ot currently withholding" objections**. In response to a number of requests, you assert a number of objections, and then answer that the City is "not currently withholding" any documents based on those objections. We ask that you please be mindful of your obligations under Rule 26(e) to supplement not only your production of responsive documents, but also your amendment of these written answers, should you come into possession of responsive documents during the course of this litigation.

**"Rolling" production**. In response to a number of requests, you state that the City will make "rolling" production. See RFPs 138, 144, 147, 150, 157, 158, 160, 163, 165, 169, 172, 175, 178, 181, 184, 187. Please provide a date for completion of the production in response to each of these requests.

**Personnel files**. In response to a number of requests asking for production of complaints, discipline, etc. of a number of officers relating to use of force, you state that you will produce the officer's "MPD personnel file." See RFPs 148, 151, 161, 167, 170, 173, 176, 179, 182, 185, 188. Please clarify whether

1

the MPD personnel files include complaints about the officers and review or assessment of the complaints, as well as supervisory or ISB review of use of force incidents involving the officer and disciplinary files.

**ESI / search protocol**. You assert in response to several requests that you have located no responsive documents, but as set forth herein those responses are simply implausible. Instead, the responses call for an agreement to a discovery protocol for identifying and producing responsive documents.

At our Rule 37 conference, we ask that you please be prepared to discuss:

1. the custodians who, you identity as likely to possess documents responsive to the requests;
2. the repositories (such as email, office files, and databases) you identify for search; and
3. the methodology you propose to use to conduct the search, including all keywords and all other search methodologies;

We believe the foregoing will assist us in completing appropriate searches in a timely and efficient manner.

**RFP 122**. This request asks for the production of documents that your client may use for impeachment. You object that a response would disclose attorney work product, and state that you are withholding responsive documents based on this objection. Under Rule 26(b)(5) you are required to make a privilege log. Please produce a log identifying all responsive documents you claim are protected from discovery as attorney work product; or produce such documents.

**RFP 125**. This request asks you to produce all documents that were referred to in response to the City's Rule 33 and Rule 36 discovery. You object based on attorney-work product. You do not elaborate, so it is hard to know the basis for your objection. Please produce a privilege log.

**RFP 129-131**. These requests ask for communications between the City and the DOJ since Mr. Nichols' beating relating to patterns and practices, and the DOJ's investigation of same. You object that this request does not seek relevant documents. That objection is implausible. The request is limited in time to the period after Mr. Nichols' beating, which prompted the DOJ to investigate the City's pattern and practices, and which led to the December 4, 2024 report, with factual findings that are highly relevant to the *Monell* claims in this case. Given this context, communications between the City and the DOJ relating to patterns and practices are reasonably likely to be relevant to Plaintiff's *Monell* claims. We do not object to limiting our request to substantive communications (as opposed to communications that concern purely logistical matters about the investigation) but otherwise you must produce responsive documents.

**RFP 133**. We have discussed the deficiencies in your response to this discovery request elsewhere.

**RFP 134**. This request asks the City to produce documents relating to several, enumerated topics concerning policing. You respond by pointing to multiple requests we have previously made for *written* policies. Please note that this request goes to *unwritten* practices as well. For example, the City may employ one or more policymakers with responsibility for practices within the MPD relating to "[t]he use of force by MPD officers, including the use of force against civilians who flee from, aggravate, antagonize, or otherwise anger police officers," *cf*. RFP 134(a), if only to prevent excessive uses of such force from becoming a settled, *unwritten* practice within the MPD. This fact is germane to RFPs 135 and 136.

**RFP 135**. This request asks you to produce documents (a) sufficient to identify City policymakers with authority with respect to the topics enumerated in RFP 134, and (b) produce documents reflecting efforts

2

by policymakers to investigate and identify problems or deficiencies in the various topics set out in RFP 134. Your answer is nonresponsive. First you object "on the grounds of overbreadth, relevance, and vagueness." These objections are entirely boilerplate—you make no effort whatsoever to explain why the RFP is overbroad, irrelevant, or vague. As such they are forfeited.

You do respond in substance, but your response is plainly inadequate—your response points only to two pages of the MPD's written policies regarding the issuance of written policies. You otherwise assert that the City is not withholding documents based on your objections, but that simply implausible: you have produced no documents identifying any policymakers with responsibility over the various topics concerning policies and practices set out in RFP 134, and you have not produced a single document reflecting efforts by any such policymakers to investigate or look into (or remediate) any potential problems relating to those various topics—though that is what RFP 135 calls for. You are failing to respond to this discovery by refusing to engage with it. Your response is deficient.

**RFP 136**. This request is closely related to RFP 135, and it concerns documents relating to changes to MPD policies and practices in light of the inquiries described in RFP 135. You assert the same boilerplate objections that you assert with respect to RFP 135, and they are waived for the same reason. Similar to RFP 135, you point to written policies by way or response, but this request would encompass documents *related* to policy changes, including the reasoning and communications behind changes to written policy, not just the written policies themselves. The response is deficient.

**RFP 137**. This request asks the City to produce documents relating to the imposition of a "tax" by MPD officers. You state that the City has no responsive documents. That is simply implausible. At a minimum, for example, multiple officers testified about the existence of a "tax" at the *Bean* trial. It is simply not plausible that there was no discussion of this testimony within the City or the MPD. Your response, again, gives every impression of flouting a discovery request by refusing to engage with it.

On our call, please be prepared to identify precisely how you attempted to identify documents responsive to this request. Please describe (a) the custodians who you identified as likely to possess responsive documents; (b) the repositories you designated for search; (c) the methodology you used to conduct the search, including all keywords and all other search methodologies; (d) the number of documents that resulted from this methodology, and the location where any such documents are stored; and (e) the date on which these searches were conducted. The appropriate course is to agree to a search protocol where each of these matters can be set out.

**RFP 139-141**. These RFPs concern documents relating to certain SCORPION "operational plans" and "measurable performance objectives." You object that these requests assume that the policies described in the documents were implemented, but we make no such assumption. These requests seek not only the "plans" and "objectives" themselves, but also documents and communications *relating* to those plans and objectives. You, however, have produced only a handful of drafts and nothing else. We find it implausible that these plans and objectives were created out of whole cloth with no related communication. We seek those communications and other related communications.

On our call, please be prepared to identify precisely how you attempted to identify documents responsive to this request, with the information we listed with respect to RFP 137.

Best regards,

- Steve

**Stephen H. Weil**
Senior Attorney



e: sweil@rblaw.net
p: (312) 253-8592

f: (312) 458-1004
a: 321 N Clark St, Ste 900, Chicago, IL 60654

www.rblaw.net

  

 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above.

This message may be an attorney-client communication and, as such, is privileged and confidential.

If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

---

**From:** Morris, Angela <amorris@bakerdonelson.com>
**Sent:** Tuesday, January 28, 2025 7:21 PM
**To:** Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com <brooke@bencrump.com>; Joshua Levin <JLevin@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; dm@mendelsonfirm.com <dm@mendelsonfirm.com>; fjohnson@johnsonandjohnsonattys.com <fjohnson@johnsonandjohnsonattys.com>; stephenrleffler@yahoo.com <stephenrleffler@yahoo.com>; martin@sparkman-zummach.com <martin@sparkman-zummach.com>; keenandl@aol.com <keenandl@aol.com>; jkp@perrygriffin.com <jkp@perrygriffin.com>; dgodwin@gmlblaw.com <dgodwin@gmlblaw.com>; bmckinney@gmlblaw.com <bmckinney@gmlblaw.com>; domemphislaw@darrelloneal.com <domemphislaw@darrelloneal.com>; support@smitticklaw.com <support@smitticklaw.com>; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com <jspence@spencepartnerslaw.com>; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com <ge@perrygriffin.com>; lgross@perrygriffin.com <lgross@perrygriffin.com>; mcollins@gmlblaw.com <mcollins@gmlblaw.com>; Mirena Fontana <MFontana@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; tnorman@gmlblaw.com <tnorman@gmlblaw.com>; Mistie@sparkman-zummach.com <Mistie@sparkman-zummach.com>; Dana Kondos <DKondos@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; bwachtel@mendelsonfirm.com <bwachtel@mendelsonfirm.com>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Foster, Freeman <ffoster@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; Thompson, Theresa

4

&lt;tthompson@bakerdonelson.com&gt;; McKinney, Kelsey &lt;kmckinney@bakerdonelson.com&gt;
**Subject:** RowVaughn Wells, et al. v. City of Memphis, et al., Civil Action No.: 2:23-cv-02224 - Discovery Responses

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached is Defendant The City of Memphis' Revised Responses to Plaintiff's Sixth Set of Requests for Production.

Thank you,

**Angela R. Morris**
Paralegal
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Direct:  901.577.2239
Fax:  901.577.4250
E-mail:  amorris@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas, Virginia and Washington, D.C.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.