IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 2:23-CV-02224<br>) JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT CHIEF CERELYN DAVIS' MOTION FOR PROTECTIVE ORDER**

Defendant Chief Cerelyn Davis, in her individual capacity ("Chief Davis") files this Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Chief Davis seeks a protective order staying discovery against her during the pendency of her Motion to Dismiss based on the doctrine of qualified immunity (ECF No. 303). Chief Davis further requests an order excusing her from compulsory mediation attendance. In support, Chief Davis states as follows:

I.     **PROCEDURAL BACKGROUND**

On January 3, 2025, Plaintiff Individually and as Administratrix of the Estate of Tyre Deandre Nichols, filed her First Amended Complaint. (First Amended Complaint ("Complaint"),

ECF No. 277.) In the Complaint, Plaintiff added Chief Cerelyn Davis in her individual capacity as a Defendant. (*Id.* ¶ 14.) Plaintiff alleges that "the City of Memphis appointed Defendant Cerelyn Davis as the Director of Police Services, also known as the Chief of Police of the MPD" and that "[t]he Director of Police Services, also known as the Chief of Police of the MPD, is and was at all relevant times the final policymaker for the City of Memphis as it relates to the implementation of the policies and practices of the MPD." (*Id.* ¶ 11, 12.)

On February 17, 2025, Chief Davis filed a Motion to Dismiss based on the doctrine of qualified immunity. (*See* City Defendants' Motion and Memorandum in Support of Motion to Dismiss, ECF No. 303, PageID 4263–66.) Specifically, Chief Davis argued that Plaintiff did not allege Chief Davis violated any statutory or constitutional right, and that Plaintiff failed to allege that Chief Davis's actions violated clearly established law. (*See id.*)

## II.   LAW AND ARGUMENT

### a. Chief Davis Is Entitled to a Stay of Discovery Pending the Resolution of the Motion to Dismiss Based on the Doctrine of Qualified Immunity.

Chief Davis is entitled to a stay of the case while the issue of qualified immunity is pending before the Court. *See, e.g., Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) ("[T]he court is further obligated, upon application [for dismissal], not only to refrain from proceeding to trial but to stay discovery until [the qualified immunity] issue is decided."); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982) ("[E]ven such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'")); *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). (*See also* ECF No. 303, PageID 4263–66

(Chief Davis arguing that Plaintiff's allegations do not state a claim for violation of clearly established law).)

"Where a defendant official is entitled to qualified immunity the plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known. The failure to so plead precludes a plaintiff from proceeding further, even from engaging in discovery, since the plaintiff has failed to allege acts that are outside the scope of the defendant's immunity." *Kennedy*, 797 F.2d at 299 (citing *Mitchell*, 472 U.S. at 525). "The conception animating the qualified immunity doctrine as set forth in *Harlow v. Fitzgerald*, […] is that 'where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Mitchell*, 472 U.S. at 525. "[T]he 'consequences' with which we were concerned in *Harlow* are not limited to liability for money damages; they also include '***the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service***.'" *Id.* (quoting *Harlow*, 457 U.S. at 816) (emphasis added).

The Supreme Court in *Harlow*, emphasized that pretrial matters such as discovery are to be avoided if possible, as "[i]nquiries of this kind can be peculiarly disruptive of effective government." *Id.* (quoting *Harlow*, 457 U.S., at 817.) The Sixth Circuit has recognized Supreme Court precedent and noted that "[a]s both *Mitchell* and *Harlow* make clear, a claim of immunity raises an interest in an ***early, and inexpensive***, termination of the litigation." *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (emphasis added). If the defendant files a motion to

3

dismiss based on qualified immunity, the court must "stay discovery until that issue is decided." *Id.*

Here, Chief Davis timely raised a qualified immunity defense. (*See* ECF No. 303, PageID 4263–66.) Specifically, Chief Davis argues that based on the allegations contained in the Complaint, Plaintiff did not allege that Chief Davis violated any statutory or constitutional right or that any of Chief Davis' alleged actions violated clearly established law. (*See id.*) This is precisely a case where "even such pretrial matters as discovery [should] be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Mitchell*, 472 U.S. 511, 526 (quoting *Harlow*, 457 U.S. at 817; *see also Crawford*, 15 F.4th at 760 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). Subjecting Chief Davis to expensive and burdensome discovery obligations is exactly what the Supreme Court sought to prevent with the qualified immunity defense. *See Mitchell*, 472 U.S. at 525 (quoting *Harlow*, 457 U.S. at 816) ("[T]he 'consequences' with which we were concerned in *Harlow* are not limited to liability for money damages; they also include 'the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'").

Chief Davis is the Director of Police Services for the Memphis Police Department (MPD), the eighteenth largest police department in the United States. WELCOME FROM MEMPHIS POLICE CHIEF CERELYN "CJ" DAVIS, https://www.memphispolice.org/ (last visited Mar. 13, 2025) [hereinafter "WELCOME FROM MEMPHIS"]; Zahaab Rehman, *20 Largest Police Departments in*

*the US*, YAHOO FINANCE, (Mar. 25, 2024).[1] Chief Davis leads MPD in serving a population of over 650,000 citizens in Memphis, Tennessee and oversees approximately two thousand full-time police officers, almost two hundred Police Reserve Officers, eighty-plus Police Service Technicians, and upwards of seven hundred thirty full-time and part-time civilian employees. *See* WELCOME FROM MEMPHIS.

As recognized by courts within the Sixth Circuit, "while the Court has discretion to stay a case pending resolution of a dispositive motion, a stay is *mandated* in those situations where governmental defendants have raised a claim of qualified immunity unless there is discovery needed to frame the immunity issue." *Nichols v. Knox Cty.*, TN, No. 3:11-CV-417, 2013 WL 12214450, at *3 (E.D. Tenn. Oct. 9, 2013) (citations omitted). Accordingly, Chief Davis is entitled to a stay of discovery while the issue of qualified immunity is pending before the Court; therefore, she respectfully requests that the Court enter a protective order barring substantive discovery against Chief Davis in the interim.

> **b. Chief Davis Should Not Be Required to Attend Mediation While Her Motion to Dismiss Is Pending.**

Based on the number of defendants involved and the complexity of this case, Chief Davis respectfully requests the Court's guidance on how discovery should proceed given that Chief Davis (1) has moved to dismiss the claim asserted against her on the basis on qualified immunity and (2) the case law unequivocally provides Chief Davis protection from discovery and compulsory mediation attendance while the issue of qualified immunity is pending. The Court

---

[1] https://finance.yahoo.com/news/20-largest-police-departments-us-031255644.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAKRueUXm4WMIcUzKH14bFkQGqQLEDJJrJ9zzP54TmwBapQp6eM8mBfYWASP0H0Dc_KJxZwSoO9-WVUsyvCoakOGR8F3G9o-2BnRcu4mRmz3fg9YBqFj7IhOCcZab8suj-JH5npONXny2hqBG6EL5ytChdkaojPyV9xyzbvs6WXtP.

5

has discretion to provide the parties with appropriate guidance on discovery conduct while Chief Davis's Motion to Dismiss is pending. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Kennedy*, 797 F.2d at 299–300 ("The Supreme Court requires that civil-rights actions brought under § 1983 play out in stages to shield government officials from the 'burdens of litigation.'")). Further, Rule 26(c) provides:

> […]The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]

Fed. R. Civ. P. 26(c)(1)(A)-(D).

Chief Davis recognizes the difficulties presented by proceeding with discovery against other Defendants while discovery against her is stayed. Nevertheless, Chief Davis respectfully requests that the Court stay the action against her with respect to discovery as well as any requirement that she personally attend the mediation.[2] Discovery in this case has been robust, and Plaintiff's recent addition of Chief Davis in her individual capacity has made proceeding with discovery even more complicated. Thus, Chief Davis respectfully requests that the Court excuse Chief Davis from mandatory attendance at the court-ordered mediation.

---

[2] Chief Davis may attend the mediation in her capacity as the Director of Police Services, but in light of the stay, her attendance should not by compulsory.

### III. CONCLUSION

For the foregoing reasons, Chief Davis respectfully requests that the Court enter a protective order (1) barring substantive discovery against her while her Motion to Dismiss is pending and (2) protecting her from mandatory participation in the court-ordered mediation.

DATED: March 21, 2025

> Respectfully submitted,
>
> **BAKER, DONELSON, BEARMAN,**
> **CALDWELL & BERKOWITZ, P.C.**
>
> *s/ Bruce McMullen*
> Bruce McMullen (#18126)
> Freeman B. Foster (#23265)
> Jennie Vee Silk (#35319)
> 165 Madison Avenue, Suite 2000
> Memphis, Tennessee 38103
> Telephone: (901) 526-2000
> bmcmullen@bakerdonelson.com
> jsilk@bakerdonelson.com
> ffoster@bakerdonelson.com
>
> *Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

### CERTIFICATE OF CONSULTATION

I, Bruce McMullen, hereby certify that on March 17, 2025, counsel for the City Defendants consulted with counsel for the various parties via email regarding the relief sought in this Motion. The Parties were asked whether they oppose the relief requested in this Motion. A chart detailing the parties' responses is below:

| Party | Responding Counsel | Opposition? |
|---|---|---|
| Plaintiff | Joshua Levin | Yes |
| Hemphill | No Response | |
| D. Smith | No Response | |
| J. Smith | No Response | |
| Long | No Response | |
| Sandridge | No Response | |

7

| | | |
|---|---|---|
| Whitaker | No Response | |
| Haley | No Response | |
| Bean | No Response | |
| Martin III | No Response | |
| Mills, Jr. | No Response | |

*s/ Bruce McMullen*
Bruce McMullen

### CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on March 21, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen