IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 2:23-CV-02224 <br> JURY DEMAND |

**DEFENDANT CITY OF MEMPHIS'S MOTION FOR PERMISSION TO TAKE DISCOVERY WITH REGARD TO PLAINTIFF'S POSSESSION OF SEALED DOCUMENTS FROM *UNITED STATES v. BEAN, ET AL.* TRIAL AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendant the City of Memphis (the "City"), pursuant to Federal Rules of Civil Procedure 30, 33, and 34, files this Motion for Permission to Take Discovery with Regard to Plaintiff's Possession of Sealed Documents from *United States v. Bean, et al.* Trial. In support, the City states as follows:

1. On March 10, 2025, Plaintiff produced documents in response to the City's Fourth and Fifth Sets of Requests for Production of Documents propounded to Plaintiff.

2. Plaintiff's March 10, 2025 production included documents filed in the federal criminal trial, *United States v. Bean et al.*, No. 2:23-cr-20191 (W.D. Tenn.).

1

4913-6617-0156

3. These documents alarmingly appear to be exhibits filed under seal in the federal criminal trial. Plaintiff's counsel was not an attorney of record in the *United States v. Bean* case and should not have access to these documents.. The City is filing the documents produced by Plaintiff under seal in connection with this Motion for the Court's consideration.

4. Upon information and belief, these documents were produced in response to the City's Request for Production No. 127:

> **REQUEST NO. 127:** Any and all documents and/or communications exchanged between and among You and the Court presiding over this lawsuit. The City's request No. 127 explicitly seeks, but is not limited to, any and all documents and/or communications exchanged between You and any employee or agent of the Western District of Tennessee. This includes, but is not limited to, documents and/or communications between You and any clerk, deputy, District Judge, and/or Magistrate Judge You have corresponded with.
>
> **RESPONSE: Plaintiff objects to this Request because it is unduly burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Objecting further, Plaintiff's counsel has copied Defendant's counsel on all communications with the Court; therefore, this Request seeks documents that are already in Defendant's possession or control, and are equally available to Defendant as they are to Plaintiff. Plaintiff will not produce documents in response to this Request.**

5. Even though Plaintiff's response to Request for Production No. 127 indicates that Plaintiff would not be producing any documents in response to that request, it appears Plaintiff did produce responsive documents, either inadvertently or pursuant to her obligations under the Federal Rules of Civil Procedure.

6. The City respectfully requests the Court's permission to take discovery related to how Plaintiff came in possession of these sealed documents.

7. Specifically, the City requests the Court's permission to take the deposition of Plaintiff's counsel and the person or person(s) whom communicated with and transmitted the documents to Plaintiff's counsel.

2

4913-6617-0156

8. The City also intends to use one or more of its Interrogatory Requests, pursuant to Federal Rule of Civil Procedure 33, to require Plaintiff to provide a verified explanation of the circumstances in which Plaintiff came into possession of these sealed documents.

9. The nature of the discovery the City seeks includes how, why, and when Plaintiff received these sealed documents.

10. To the extent that Plaintiff inadvertently produced these documents, which are responsive to Request for Production No. 127, the City seeks to discovery whether Plaintiff may be in possession of other documents not produced.

11. Based on the foregoing, the City requests the Court allow it to take the deposition of Plaintiff's counsel and the person or person(s) whom communicated with and transmitted the documents to Plaintiff's counsel.

Dated: March 21, 2025.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Freeman B. Foster (#23265)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
ffoster@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

4913-6617-0156

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, hereby certify that on March 21, 2025, counsel for the City consulted with counsel for the other parties regarding the relief requested in this Motion. The parties were asked whether they oppose the request relief in this Motion. A chart detailing the parties' responses is below:

| Party | Responding Counsel | Opposition? |
|---|---|---|
| Plaintiff | Josh Levin | Yes |
| Hemphill | Betsy McKinney | No |
| D. Smith | Betsy McKinney | No |
| J. Smith | n/a | No response |
| Long | Darrell O'Neal | No |
| Sandridge | n/a | No response |
| Whitaker | n/a | No response |
| Haley | n/a | No response |
| Bean | n/a | No response |
| Martin III | n/a | No response |
| Mills, Jr. | n/a | No response |

*s/ Bruce McMullen*
Bruce McMullen

## CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on March 21, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4913-6617-0156