# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, | |
| Plaintiff, | Case No. 2:23-cv-02224-MSN-ATC |
| v. | JURY DEMAND |
| THE CITY OF MEMPHIS, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff moves the Court for an extension of time *nunc pro tunc* to file the declaration ordered by the Court on March 21, 2025. In support of her motion, Plaintiff states as follows.

1. On Friday March 21, 2025, defendant City of Memphis filed a motion for permission to take discovery from Plaintiff's counsel regarding some sealed documents. ECF 351.

2. That same afternoon, the Court issued an order, ECF 352. The order contained a text entry:

> SEALED ORDER DIRECTING PLAINTIFF TO SUBMIT SEALED DECLARATION REGARDING ALLEGED POSSESSION OF SEALED DOCUMENTS.

3. In addition to the text, the DOCKET ENTRY contained a hyperlink to a written order. However, when the undersigned clicked on the hyperlink, a web page opened with text stating: "This document is not available." Another attorney in the office received the same message. In the experience of the undersigned, this type of entry appears when a document is filed in the ECF docket under seal.

4. The general substance of the order nevertheless was understandable. Among Plaintiff's litigation team, the undersigned took responsibility for responding to it and began gathering information to prepare a response. However, because the Text Order did not contain a deadline, the undersigned was unaware that ECF 352 contained an order instructing filing by 9:00 a.m. on March 24.

5. At 4:46 p.m. on March 21, the undersigned called the Court's chambers to inform them Plaintiff's counsel had been unable to access the sealed order. The person who answered the phone told Plaintiff's counsel they were aware of the issue and were working on it.

6. The undersigned attempted to access the ECF 352 link after 5:00 p.m. but received the same message.

7. The undersigned presumed that a notice would be filed on the docket when a non-sealed order was entered.

8. On the morning of March 24, the undersigned received an email from the Court's law clerk, Mr. Brock Willis, noting the 9:00 a.m. deadline ordered in ECF 352.

9. The undersigned then spoke with a paralegal from his office who told him she had been able to download the ECF 352 order.

10. The undersigned then went to his email to try accessing the order again. Counsel is still unable to do so from the email account, and continues to receive the same message, "This document is not available."

11. The undersigned emailed Mr. Brock and others copied on the email and explained the issue. **Ex. 1**.

12. After receiving a copy of ECF 352 order, the undersigned promptly edited the text of the draft declaration to answer the questions posed by the ECF 352 order, and filed the declaration at 11:44 a.m. *See* ECF 355.

13. Plaintiff submits that the foregoing constitutes good cause for the extension of time, from 9:00 a.m. to 11:44 a.m. on March 24, required to complete the filing.

14. Plaintiff is aware of a filing by the City of Memphis asserting that the explanation by the undersigned, as set forth in **Ex. 1**, "strains credulity." ECF 354. The City's filing does not explain why Plaintiff's email to chambers lacks credibility. However, Plaintiff submits that this situation exemplifies a simple miscommunication rather than any fault. Within the litigation team, the undersigned assumed responsibility for preparing the declaration required by the ECF 352 order. As a result, other team members reasonably believed that the undersigned was handling the matter. Following the call with chambers, the undersigned anticipated the issuance of an unsealed order. Given that no such filing occurred over the weekend, the undersigned presumed the unsealed order would be filed on the next business day—Monday. These circumstances reflect an ordinary misunderstanding, not misconduct, and certainly do not warrant questioning the integrity of opposing counsel.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant Plaintiff's request for an extension of time from 9:00 a.m. to 11:44 a.m. *nunc pro tunc* to file the Plaintiff's declaration, ECF 355.

Dated: March 24, 2025                                      Respectfully submitted,


/s/ *Stephen H. Weil*

Antonio M. Romanucci* (Ill. Bar No. 6190290)

3

Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill Bar No. 6349356)

**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356
brooke@bencrump.com

*Attorneys for Plaintiff.*

* Admission *pro hac vice*

## CERTIFICATE OF CONSULTATION

Plaintiff conferred via e-mail with Defendants regarding the relief requested in the foregoing motion. Defendant the City of Memphis (the "City"), responded that they oppose this filing. The remaining defendants have not responded as of this filing.

*s/Stephen H. Weil*
