IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, <br><br>  Plaintiff, <br><br> v. <br><br> THE CITY OF MEMPHIS, A MUNICIPALITY; CHIEF CERELYN DAVIS, IN HER OFFICIAL CAPACITY; EMMITT MARTIN III, IN HIS INDIVIDUAL CAPACITY; DEMETRIUS HALEY, IN HIS INDIVIDUAL CAPACITY; JUSTIN SMITH, IN HIS INDIVIDUAL CAPACITY; DESMOND MILL, JR. IN HIS INDIVIDUAL CAPACITY; TADARRIUS BEAN, IN HIS INDIVIDUAL CAPACITY; PRESTON HEMPHILL, IN HIS INDIVIDUAL CAPACITY; ROBERT LONG, IN HIS INDIVIDUAL CAPACITY; JAMICHAEL SANDRIDGE, IN HIS INDIVIDUAL CAPACITY; MICHELLE WHITAKER, IN HER INDIVIDUAL CAPACITY; DEWAYNE SMITH, IN HIS INDIVIDUAL CAPACITY AND AS AGENT OF THE CITY OF MEMPHIS, <br><br>  Defendants. | CASE NO. 2:23-CV-02224 |

**DEFENDANT JAMICHAEL SANDRIDGE'S REPLY IN SUPPORT OF
MOTION TO DISMISS**

1

COMES NOW, Defendant JaMichael Sandridge, ("Mr. Sandridge") by and through his counsel of record and submits this his Reply in Support of Motion to Dismiss. In support thereof, Mr. Sandridge states as follows:

Plaintiff's Amended Complaint against Mr. Sandridge are barred under the doctrine of qualified immunity and a failure to allege a violation of any affected constitutional right due to the actions/inactions of Mr. Sandridge.

In Response to Mr. Sandridge's Motion to Dismiss (ECF 347) Plaintiff argues in part that Mr. Nichols falls under a "custody" exception to the doctrine of qualified immunity which should permit Plaintiff's claim(s) to proceed against Mr. Sandridge. However, as shown below, Plaintiff's argument has no application to Mr. Sandridge and the actions/inactions alleged in the Amended Complaint. Therefore, Mr. Sandridge is entitled to the protections of qualified immunity and his Motion to Dismiss should be granted.

1. **MR. SANDRIDGE IS RIGHTLY ENTITLED TO QUALIFIED IMMUNITY**

Defendant Sandridge asserts that Plaintiff's Complaint should be dismissed because he is entitled to qualified immunity. Qualified immunity is a government official's entitlement not to stand trial or face the other burdens of litigation. *Saucier v. Katz*, 533 U.S. 194, 200, (2001). Qualified immunity "is an immunity from suit rather than a mere defense to liability". *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To that end, [a court asks] two questions to determine whether qualified immunity applies: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established. *Id*.

It is well established that "[i]t is not a constitutional violation for a state actor to render incompetent medical assistance or fail to rescue those in need." *Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005). However, there are two exceptions to this principle: 1. the custody exception and; 2. the state-created

2

danger exception. *Peete v. Metropolitan Gov't of Nashville and Davidson Cty*, 486 F.3d 217, 224 (6th Cir. 2007). In the case at bar, it appears that Plaintiff is attempting to assert that the custody exception applies to Defendant Sandridge in his individual capacity. However, upon a simple review of applicable case law, Plaintiff's assertion of the "custody" exception fails.

In *Jackson v. Schultz*, our Sixth Circuit explored the actions of EMT's to determine if the custody exception applied. *Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005). The *Jackson* Court held that the proper custody inquiry is whether the EMTs engaged in a "restraint of personal liberty" *Id*. at 590. The Court held that the custody exception articulated in *DeShaney* did not apply because the EMTs did not affirmatively act to "restrain[ ] the ability of [Plaintiff] to act on his own behalf." *Jackson*, 429 F. 3d at 590. Similarly, in *Stemler v. City of Florence*, the Court held that a Plaintiff was in the custody of the defendant officers in the sense that they had *affirmatively acted* to deprive her of her liberty. *Stemler v. City of Florence*, 126 F.3d 856, 868 (6th Cir. 1997). There are no allegations in the Amended Complaint that Mr. Sandridge placed Mr. Nichols in custody or in any way deprived Mr. Nichols of his liberty. Further, Plaintiff has alleged absolutely no facts that Mr. Sandridge affirmatively placed Mr. Nichols in custody or in any way acted to deprive Mr. Nichols of his liberty.

Also in *Peete v. Metropolitan Government of Nashville and Davidson County*, the Sixth Circuit held that even where EMS personnel actually *did* restrain a patient, that the EMS personnel's acts did not amount to "custody" and qualified immunity still applied. *Peete*, 486 F.3d 217, 224 (6th Cir. 2007). In *Peete*, EMS personnel restrained a patient who had a seizure "by using their bodies to apply weight and pressure to [patients] head, neck shoulders, arms, torso and legs in an attempt to prevent [him] from moving". *Id.* at 221. Then the EMS personnel tied the patient's hands and ankles behind his back and continued to apply pressure to the patient while he was in a prone position. *Id*. Shortly after being restrained in this matter, the patient died. *Id*. The patient's personal representative brought suit against

3

the EMS personnel for violations of his constitutional rights under the Fourth and Fourteenth Amendments. *Id*. Ultimately, the *Peete* court held that the EMS personnel were entitled to qualified immunity because they were not "acting to enforce the law, deter or incarcerate" and that "improper medical treatment by a government employee, standing alone, does not violate the . . . Fourteenth Amendment". *Id.* at 222. Further the Court held "there is **_no_** federal case authority creating a constitutional liability" where the purpose is to provide solicited aid in "an emergency rather than to enforce the law, punish deter, or incarcerate" *Id*. Emphasis added.

While it is clear that Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," our Supreme Court held in *Twombly* that a Plaintiff's Complaint must have more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*.

There is absolutely no allegation in any form whatsoever that Mr. Sandridge at any time "restrained" or put Mr. Nichols in "custody". Further, there are no allegations that Mr. Sandridge was trying to "enforce the law, punish, deter, or incarcerate". Taking all the allegations in the Plaintiff's First Amended Complaint as true, her claim must fail because "[i]t is not a constitutional violation for a state actor to render incompetent medical assistance or fail to rescue those in need." *Jackson*, 429 F.3d at 590.

Based on factually synonymous Sixth Circuit precedent provided above, Mr. Nichols was not in "custody" by Mr. Sandridge, and Mr. Sandridge is entitled to a dismissal of this action based on qualified immunity.

Respectfully Submitted,
/s/Laura E. Smittick
Laura E. Smittick #32374

4

        2448 E. 81st Street
        Suite 5900
        Tulsa, OK  74127
        Phone:  (918) 494-6868
        lsmittick@wintersking.com

## **CERTIFICATE OF SERVICE**

    I, Laura E. Smittick, do hereby certify that a true and exact copy of the foregoing document has been filed with the Court's ECF system, and as a result a copy of the same has been provided to all attorneys of record in this matter.

        /s/Laura E. Smittick
        Laura E. Smittick