# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix Ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, a municipality, *et al.*,<br><br>    Defendants. | No. 2:23-cv-02224-MSN-atc |

## ORDER FOLLOWING HEARING

Before the Court by Orders of Reference are Plaintiff RowVaughn Wells's First Motion to Compel, filed initially on January 10, 2025 (ECF No. 279), and again as a corrected version on January 14, 2025 (ECF No. 281) ("First Motion to Compel"), and Wells's Motion to Compel and for Court Case Management, filed on March 5, 2025 (ECF No. 324) ("Second Motion to Compel").[1]  Defendant City of Memphis ("the City") filed responses to the Motions on February 14, 2025 (ECF No. 299), and March 18, 2025 (ECF No. 343), to which Wells filed a reply with leave of Court on March 5, 2025 (ECF No. 326).

Following a status conference on March 19, 2025, Wells and the City were ordered to meet and confer in good faith as to the issues raised in Wells's Motions to Compel and to file a joint notice and position statements as to any issues that remained unresolved.  (ECF No. 345.) The parties filed their joint notice and position statements on April 9, 2025.  (ECF No. 378.)  As

---

[1] United States District Judge Mark S. Norris referred these Motions to the undersigned for determination on January 11, 2025, and March 10, 2025, respectively.  (ECF Nos. 280, 332.)

reflected in those submissions, the only disputes raised in the Motions to Compel that remained at issue were Wells's Requests for Production Nos. 122 and 133. A hearing was held on those remaining issues on April 11, 2025. (ECF No. 387.)

**I.      Request No. 133**

Request No. 133 seeks production of documents that the City provided to the Department of Justice ("DOJ") in connection with its pattern-and-practice investigation that culminated in the DOJ Report dated December 4, 2024. (ECF No. 324-1, at 4.) Specifically, to support her *Monell* claims against the City, Wells has asked the City to produce the documents reviewed by the DOJ investigators, but the City has explained that the investigators were given access to entire databases containing Memphis Police Department ("MPD") information, such that the City does not know what information the investigators actually reviewed. (ECF No. 378-1, at 2–3.) The parties were able to narrow the universe of potential information by reviewing an audit trail of the investigators' review of a database containing MPD's body-worn camera videos. (*Id.* at 3.) Based on that audit trail, the City has discerned that the investigators accessed video from approximately 880 discrete incidents in which MPD personnel interacted with civilians. (ECF No. 378-2, at 3.) Each incident is assigned a unique Evidence ID that can be used to search through MPD's various databases to locate related documents and information associated with that incident (the "Related Information"). (*Id.* at 4.)

By the time of the April 11th hearing, the parties largely agreed that the City would produce the videos of the 880 incidents, but they disagreed as to whether and how the Related Information should also be produced. As to whether the Related Information should be produced, the City argued that not all of the 880 incidents were likely to be relevant to the *Monell* claims, as the DOJ Report referenced only 73 incidents. The City thus suggested that Wells first review the videos associated with the 880 incidents and then identify a subset of those

2

incidents for full production of the Related Information. Wells convincingly argued at the hearing, however, that a review of the videos in isolation would be insufficient without the context of the Related Information to demonstrate whether, for example, incident reports accurately described the events recorded in the videos or supervisors properly reviewed those incidents. The Court therefore ruled that the Related Information was relevant and should be produced along with the videos.

As to how to produce the Related Information, the City maintained that collection of the Related Information requires "880 separate searches across several different databases," which it contended is burdensome. (*Id.*) Wells, on the other hand, contended that "*bulk* SQL queries could be run through the 'back end' of the databases for the 880 incidents," allowing the Related Information to be gathered "in just a few steps." (ECF No. 378-1, at 4.) Wells proposed that the Court appoint Charles Platt, an information technology professional with SQL experience, as a neutral to oversee the indexing and retrieval of the Related Information.

Platt appeared at the April 11th hearing and provided helpful explanations of how bulk SQL searches could be employed to index and retrieve documents from multiple databases. The City convincingly represented, however, that the structure of the MPD databases and the variety of information formats stored within them, with which Platt is understandably unfamiliar, render the bulk-query approach less efficient (if not impossible) compared to running 880 individual searches in each database. Thus, in light of those representations, and considering the procedural posture of this case and the need for the production of documents in response to Request No. 133 in the most prompt and efficient manner possible, the Court ultimately declined to adopt Wells's approach and instead ordered the City to identify the Related Information via its proposed method and produce it to Wells in a reasonably usable format. The City was further ordered to provide a status update by April 18, 2025, as to its production efforts.

3

**II.    Request No. 122**

Request No. 122 seeks production of documents "that the City may use solely for impeachment during any deposition, hearing, or trial in this case." (ECF No. 324-1, at 3.) For the reasons discussed at the hearing, and based on the representations of counsel for the City that no documents are being withheld based solely on a belief that they may be used only for impeachment purposes, the Court denied Wells's Motions to Compel as to Request No. 122 without prejudice.

All other issues raised in Wells's First and Second Motions to Compel are DENIED without prejudice as moot.[2]

SO ORDERED this 14th day of April, 2025.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's March 20th Order directed the parties to identify in their position papers "the precise discovery requests that are still at issue." (ECF No. 345.) Wells, as the proponent of the Motions, identified only the issues addressed herein as still at issue. (ECF No. 378-1.) Thus, though the parties indicate that discussion about other issues raised in the Motions may still be ongoing, any remaining disputes must now be raised by separate motion.