IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>    Plaintiff,<br>v.<br><br>The City of Memphis *et al.*,<br><br>    Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S RESPONSE TO CITY OF MEMPHIS STATUS REPORT
AND REQUEST FOR HEARING**

Plaintiff, through her undersigned counsel, submits this response to ECF 392, the status report filed by the City of Memphis regarding its proposed timeline for producing DOJ materials in response to RFP 133. For the reasons set forth herein, **Plaintiff requests a hearing pursuant to Local Rule 7.2(d)**. Plaintiff further requests the temporary appointment of Mr. Charles Platt, *see* ECF 378-1 Ex. A, as a neutral to identify responsive portions of the MPD databases that can be accessed via the bulk SQL queries Plaintiff proposed in her April 9 submission, ECF 378-1.

### DISCUSSION

The City's proposed timetable to produce documents in response to RFP 133 goes 90 days beyond April 18, 2025. (In reality, more than 90 days—the City proposes 90 days for MPD to gather responsive documents, and then *additional* time for the City to review and produce them. ECF 392 at 1-2.) That would run past July 17—a week *after* the deadline for Plaintiff to serve her written discovery, and less than six weeks before the deadline to complete all factual discovery in this case, which closes on August 29. *See* ECF 276.

1

The City's proposed schedule would leave Plaintiff no time at all to serve follow-up discovery requests, like the disciplinary records of officers among the 880 incidents who appear to have engaged in misconduct. It would leave Plaintiff virtually no time to identify civilians involved in the incidents, find them, talk with them, and disclose them as potential trial witnesses under Rule 26(a)(1), as Plaintiff is required to do. It would leave Plaintiff no time to complete her review of the incidents, draft and serve a Rule 30(b)(6) notice on the City in light of the information she gathers, meet and confer regarding deposition topics, and take the City's deposition regarding the information reflected in the incidents. And it would leave no time at all for Rule 37 discovery enforcement if, for example, the parties disagreed about what constituted "Related Information" or if some responsive information appeared to be missing. The City's proposed timetable, in short, virtually guarantees that Plaintiff will either be unable to use the evidence the DOJ gathered to prove her *Monell* claims, or, minimally, that Plaintiff counsel will be put on their back foot as evidence comes in at the eleventh hour, with their ability to make good use of it degraded. At this juncture, in short, the schedule proposed by the City promises to create considerable prejudice for Plaintiff—largely undoing the purpose of the multi-month extension of the trial date in this case that Plaintiff sought, and the Court granted during the January 3, 2025 in this case, to gather new evidence in light of the DOJ's investigation prompted by the killing of Mr. Nichols. *See* ECF 276.

It would be one thing if this were an emergency of Plaintiff's own making, but it is not. To the contrary, Plaintiff served RFP 133 in *November 2024*, and she has been unflagging in her Rule 37 enforce it since then. The delay, rather, has been caused by the City and its repeated

2

foot-dragging and outright shutdowns responding this discovery.[1] Plaintiff should not be forced to suffer the danger of damaging prejudice that is caused by the City's dilatory conduct.

There is an alternative: as the Court is aware, in her April 9 submission Plaintiff proposed to conduct back-end *bulk* SQL queries that would likely enable the gathering much of the "Related Information" for the 880 incidents in a matter of days, *see* ECF 378-1, rather than the front-end, incident-by-incident querying and production that the City proposed, which it now reveals will take *three months*. During the April 11 hearing the Court declined to go that route after the City raised the possibility that some of the bulk queries could be overbroad. But even if some work is required cleave off some irrelevant fields—and Mr. Platt indicated that this task could be done in a matter of days—there is certainly no suggestion by the City or anyone else that this process would take *three months* to complete. In *that* scenario, there is every reason to believe Plaintiff will simply have no time to make effective use of the Court-ordered production to prove her *Monell* case. That would work a massive and entirely unfair prejudice to Plaintiff.

The case is still at a stage where the Court can intervene and prevent that outcome from occurring. There is every reason, for example, to believe that body camera videos can be made available at a much earlier date. The City has *already produced* hyperlinks for each of the videos, and "production" of the videos can, at least for the moment, consist of simply making those hyperlinks "live" so that Plaintiff can view the underlying videos. The time-consuming "bates stamping" process that the City has proposed, *see* ECF 392 at 2, can be done later.

Similarly, there is every reason to believe that the back-end, bulk SQL querying proposed by Plaintiff can gather the Related Information that the Court ordered—or at least a large portion

---

[1] Plaintiff has documented the City's conduct regarding RFP 133 (and other discovery requests) in multiple briefs filed with this Court. *See* ECF 324 at 1-2, 7-12; ECF 326 at 1-4; ECF 378-1 at 1-10.

of it—in a few days, rather than the three months proposed by the City. Perhaps the back-end SQL process would be imperfect in the marginal, unusual case with an unusual record profile. But even if some marginal work would be required, there is every reason to believe that the vast majority of the 880 incidents reviewed by DOJ are street encounters between police and civilians, which would generate similar types of records in the MPD's other databases. Those were the kinds of interactions, after all, that the DOJ was looking for. Plaintiff should be allowed to gather that information through back-end SQL queries, so that she can make use of this key *Monell* evidence while she still has time to so. At the very least, the Court should allow Plaintiff to ***try*** this approach, rather than force her to wait for months for the City to produce responsive documents.

## RELIEF REQUESTED

In light of the foregoing, Plaintiff requests **(1)** a hearing to review alternatives to the City's 90-plus day timetable the City has proposed, and **(2)** the temporary appointment of Mr. Charles Platt to identify information responsive to RFP 133 that can be gathered *en masse* through back-end SQL queries of the MPD's databases.

[SIGNATURE ON FOLLOWING PAGE]

4

Date: April 21, 2025                     Respectfully submitted,

                                         ROMANUCCI & BLANDIN, LLC

                                         /s/ Stephen H. Weil
                                         Antonio M. Romanucci (Ill. Bar No. 6190290)
                                         Sarah Raisch (Ill. Bar No. 6305374)
                                         Joshua M. Levin (Ill. Bar No. 6320993)
                                         Stephen H. Weil (Ill. Bar No. 6291026)
                                         Sam Harton (Ill. Bar No. 6342112)
                                         Colton Johnson Taylor (Ill. Bar No. 6349356)
                                         321 N. Clark St., Ste. 900
                                         Chicago, IL 60654
                                         P: (312) 458-1000
                                         aromanucci@rblaw.net
                                         sraisch@rblaw.net
                                         jlevin@rblaw.net
                                         sweil@rblaw.net
                                         sharton@rblaw.net
                                         cjohnson@rblaw.net

                                         David L. Mendelson (Tenn. Bar No. 016812)
                                         Benjamin Wachtel (Tenn. Bar No. 037986)
                                         **MENDELSON LAW FIRM**
                                         799 Estate Place
                                         Memphis, TN 38187
                                         +1 (901) 763-2500 (ext. 103), Telephone
                                         +1 (901) 763-2525, Facsimile
                                         dm@mendelsonfirm.com

                                         Brooke Cluse (Tex. Bar No. 24123034)
                                         **BEN CRUMP LAW, PLLC**
                                         717 D Street N.W., Suite 310
                                         Washington, D.C. 20004
                                         +1 (337) 501-8356 (Cluse), Telephone
                                         brooke@bencrump.com

                                         *Attorneys for Plaintiff*