IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-MSN-atc <br> JURY DEMAND |

**SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO VACATE PLAINTIFF'S IMPROPER CONFIDENTIALITY DESIGNATIONS**

Defendant City of Memphis (the "City") submits this Supplemental Reply in Support of its Motion to Vacate Plaintiff's Improper Confidentiality Designations. (ECF No. 286, 287.) In support, the City states the following:

**I.     BACKGROUND**

On January 22, 2025, the City Defendants filed their Motion to Vacate Plaintiff's Improper Confidentiality Designations (the "Motion to Vacate"). (*See* ECF Nos. 286, 287.) On February 5, 2025, Plaintiff filed a Response in Opposition to City Defendants' Motion to Vacate Plaintiff's Improper Confidentiality Designations. (*See* ECF Nos. 294, 295.) On February 18,

1

2025, with leave from the Court, the City filed a Reply in Support of its Motion to Vacate Plaintiff's Improper Confidentiality Designations. (*See* ECF Nos. 297, 288, 305.)

The Motion to Vacate remains pending before the Court. The City continues to rely on that Motion. This Reply is intended to supplement the previous filing based on a recent opinion of the Sixth Circuit and to point out a very important detail in the Agreed Protective Order.

Specifically, based on the plain language of the Agreed Protective Order (ECF No. 213), Plaintiff's attempt at designating testimony given by non-party witnesses as "CONFIDENTIAL" is improper. Also, the Sixth Circuit's recent opinion in *Grae v. Corrections Corporation of America*, — F.4th —, No. 24-5839, 2025 WL 1132413 (6th Cir. Apr. 17, 2025) provides additional guidance on the propriety of sealing deposition transcripts from the public docket.

**II.     ARGUMENT**

    **A.     Plaintiff's Confidentiality Designations Are Improper Based on the Plain Language of the Agreed Protective Order.**

The Agreed Protective Order does not contemplate a scenario in which Plaintiff may designate a non-party witness's statements as "CONFIDENTIAL." Under the Agreed Protective Order, "[p]ortions of depositions shall be deemed 'CONFIDENTIAL' . . . ***subject to*** this [Agreed] Protective Order . . . ." (ECF No. 213, PageID 1644, at Sect. IV.) In other words, materials ***may not be designated*** "CONFIDENTIAL" ***unless*** the materials fall within the definition of "CONFIDENTIAL" as provided for in the Agreed Protective Order.

Materials ***may only be designated*** as "CONFIDENTIAL" ***if*** the material is a document produced, a statement made, or an answer given ***by any party*** during the course of discovery. (*Id.*, PageID 1639–40, at Sect. I.) Non-party deposition testimony is not a statement made, nor an answer given, by a ***party***, and thus may not be designated as CONFIDENTIAL by Plaintiff. Consequently, any party—including Plaintiff—may not, designate deposition testimony of a non-

2

party witness CONFIDENTIAL, under the Agreed Protective Order. This is clearly indecorous as it falls outside the ambit of the plain language of the Agreed Protective Order.

This makes sense. In this case, Plaintiff has designated as CONFIDENTIAL significant portions of deposition transcripts for four non-party witnesses: Marvin Volker, Lori Volker, Kris Volker, and the mother of Mr. Nichols' minor child. Plaintiff's counsel does not represent these witnesses, and as such, Plaintiff's counsel has no ground to shield the nature of the witness's testimony as they see fit. Any concern about the protection of sensitive information from non-party witnesses, such as personally identifiable information, is addressed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Fed. R. Civ. P. 5.2; LR 3.2, Appx. A., Sect. 13.4.2. The protection prescribed by these Rules is appropriate but limited. The Agreed Protective Order is not written to permit Plaintiff's counsel to extend the protection of sworn testimony of witnesses whom they do not represent.

**B.     The *Grae* Case Supports Vacating Plaintiff's Improper Confidentiality Designations.**

The Sixth Circuit published a new opinion on April 17, 2025 with relevance to the City's arguments in the Motion to Vacate. *Grae v. Corrections Corp. of Am.*, — F.4th —, No. 24-5839, 2025 WL 1132413 (6th Cir. Apr. 17, 2025). In *Grae*, the Sixth Circuit vacated the district court's order declining to unseal deposition transcripts filed by the parties in support of their various pleadings and filings. Relying upon the *Shane Group* factors, *inter alia*, the Sixth Circuit recognized that "[o]ur court has held again and again that only the most compelling reasons can justify non-disclosure of court records.'" *Grae*, 2025 WL 1132413, at *4–5 (cleaned up and quotation omitted); *see also United States v. EES Coke Battery, LLC*, No. 22-11191, 2025 WL

3

1172449, at *1 (E.D. Mich. Apr. 22, 2025) (recognizing the Sixth Circuit's reaffirmation of the mandate).

Since November 2024, several of the City's filings have been filed under seal, filed with portions redacted from public view and/or anonymizations, or have been sealed and/or removed from the public docket by the Court. (*See* ECF Nos. 230, 239, 240, 243, 244, 260, 286, 287, 305, 383.) Each of these filings have been, in whole or in part, shielded from public access due to references to non-party witness deposition testimony that Plaintiff designated as CONFIDENTIAL. As explained in the City's Motion to Vacate, Plaintiff's confidentiality designations are substantively improper, and the CONFIDENTIAL designation was used as a means for shielding unfavorable deposition testimony from public view. This is why the holding in *Grae* is relevant to the present issue: But for Plaintiff's improper designations, the City's filings would not have been filed under seal or otherwise shielded from the public docket.

Importantly, the Sixth Circuit specifically defined "judicial records" in the context of a presumption of public access as documents "'filed with the objective of obtaining judicial action or relief' or otherwise play[ing] 'a role in the adjudicative process.'" *Grae*, 2025 WL 1132413, at *3. Here, the deposition transcripts of the non-party witnesses at issue (ECF Nos. 240, 244) fall within this definition. The City filed these deposition transcripts in support of their overall response in opposition to Plaintiff's Motion for Protective Order (ECF No. 211) for the purpose of aiding the Court in ruling on the issue of relevance. (*See* ECF Nos. 216, 239, 240, 243.) Even if the Court ultimately deems the sealed portions of the transcripts not relevant, "a determination that material is irrelevant can itself 'reveal something valuable about the judicial process.'" *Grae*, 2025 WL 1132413, at *3 (quoting *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 698 (7th Cir. 2014)).

4

4929-6449-0556

Of note, the Sixth Circuit did not make a distinction between the public disclosure of materials produced in discovery and public disclosure of materials accompanying court filings. In fact, in *EES Coke Battery*, which relied on *Grae*, the deposition transcripts at issue were filed in connection with both discovery motions and dispositive motions. *EES Coke Battery*, 2025 WL 1172449, at *1. Thus, deposition transcripts filed with the Court to support arguments made in connection with a discovery motion are not automatically immune from the presumption of public access.

In sum, the only reason the non-party deposition transcripts (and any references to the testimony therein) were required to be filed under seal is that Plaintiff improperly designated them as CONFIDENTIAL in the first place. The Court should consider the Sixth Circuit's analysis in *Grae* as further support for the impropriety of Plaintiff's confidentiality designations of non-party witness testimony.

### III.   CONCLUSION

For these additional reasons, the Court should vacate Plaintiff's improper CONFIDENTIAL designations.

Dated: May 1, 2025

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com

4929-6449-0556

jsilk@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

6

4929-6449-0556

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record and the Guardian Ad Litem via the Court's electronic filing system on May 1, 2025.

                                            *s/ Bruce McMullen*
                                            Bruce McMullen