# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CASE NO. 2:23-CV-02224 ) JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT CHIEF CERELYN DAVIS'S MOTION TO QUASH SUBPOENA

Defendant Chief Cerelyn Davis, in her individual capacity ("Chief Davis"), pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv), files this Motion to Quash Plaintiff's Subpoena Duces Tecum, served on April 10, 2025.[1] In support, Chief Davis states as follows:

**I.    INTRODUCTION**

On February 17, 2025, Chief Davis filed a Motion to Dismiss based on the doctrine of qualified immunity. (ECF No 303.) Chief Davis filed a Motion for Protective Order on March

---

[1] All references to Chief Davis shall be construed as referring to Chief Davis in her individual capacity, unless otherwise specified.

1

21, 2025, seeking a stay in discovery against her during the pendency of her Motion to Dismiss based on the doctrine of qualified immunity. (ECF No. 348.) On April 10, 2025, Plaintiff served Chief Davis with Requests for Production of Documents and a Subpoena Duces Tecum (the "Subpoena") with a production date of May 2, 2025. (*See* Plaintiff's Subpoena Duces Tecum to Chief Davis attached hereto as **Exhibit A**.) The Subpoena consists of seventeen separate requests for documents related to Plaintiff's *Monell* claims against City, as well as Plaintiff's individual claim against Chief Davis. (*See* Ex. A at pp. 3-5.) These seventeen requests are identical to the requests in the Requests for Production of Documents. On April 11, 2025, Plaintiff filed a Response in Opposition to Chief Davis's Motion for Protective Order (the "Response"). (ECF No. 386.) On April 21, 2025, Chief Davis filed a Reply in support of her Motion for Protective Order. (ECF No. 395.)

      Plaintiff takes the position that any stay of discovery should be limited to the claims asserted directly against Chief Davis. Plaintiff's Response ignores the fact that the claims asserted against Chief Davis are virtually identical to Plaintiff's *Monell* claims against the city, and any documents produced to Plaintiff will likely be used by Plaintiff to support her claims against Chief Davis as well. Plaintiff also ignores the fact that Plaintiff is seeking punitive damages from Chief Davis, individually, which presents a heightened financial risk to Chief Davis as a government official. (*See* ECF No. 277, ¶ 285 ("Punitive damages are available against Chief Davis and are hereby sought by Plaintiff given the reprehensibility of Chief Davis's conduct.")). Therefore, the Court should grant Chief Davis's Motion to Quash Plaintiff's subpoena and issue a stay for all discovery against her while a ruling on qualified immunity is pending.

## II. PLAINTIFF'S SUBPOENA IMPOSES AN UNDUE BURDE ON CHIEF DAVIS.

Complying with Plaintiff's Subpoena will impose an undue burden on Chief Davis. The Federal Rules of Civil Procedure states that a court must quash a subpoena that "subjects a person to undue burden." *See Dodd v. Potter*, No. 1:09-CV-01148-JDB, 2011 WL 1466387, at *1 (W.D. Tenn. Jan. 20, 2011); *see also* Fed. R. Civ. P. 45(d)(3)(A)(iv). "In evaluating a motion to quash, the court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Coultas v. Carlisle Brake & Friction, Inc.*, No. 1:16 CV 2598, 2018 WL 9869746, at *4 (N.D. Ohio Mar. 30, 2018). As argued in detail in Chief Davis's Motion for Protective Order and subsequent Reply (ECF Nos. 348 and 395, respectively), Chief Davis is entitled to a stay of discovery which prevents her from being subjected to the undue burden of discovery while her Motion to Dismiss is pending. As such, the Court should quash the subpoena and bar Plaintiff from seeking any further discovery against Chief Davis as a party or as a fact witness while Chief Davis's Motion to Dismiss is before the Court.

Plaintiff does not dispute that Chief Davis is entitled to a stay of discovery for the claims asserted against her individually while a ruling on qualified immunity is pending. However, Plaintiff argues that this stay should be narrow. (*See* ECF No 386, PageID 5800.) Plaintiff argues Chief Davis should still be subject to discovery for Plaintiff's *Monell* claims against the City. (*Id.* at PageID 5801–03.) This is incorrect. Under Sixth Circuit precedent, a stay of discovery for Chief Davis regarding Plaintiff's *Monell* claims is warranted because the individual claims against Chief Davis are based on the same factual allegations and legal claims as the *Monell* claims against the City. *See In re Flint*, 960 F.3d 820, 830 (6th Cir. 2020) (The Sixth Circuit

specifically held that defendants asserting qualified immunity could be subject to discovery requests only as "non-party fact witnesses to events regarding ***wholly separate*** claims against different defendants . . . .") (emphasis added).[2] In fact, Count I against the City matches Count II against Chief Davis almost verbatim. (*Compare* ECF No. 277, ¶ 281 to ECF No. 277, ¶ 291); *see also Coultas*, No., 2018 WL 9869746, at *4 ("Plaintiff's subpoena has several shortcomings. [T]he first flaw is that Plaintiff had another viable means — namely, Defendant — to obtain the requested information.").

Subjecting Chief Davis to burdensome discovery obligations via discovery requests and/or a subpoena is exactly what the Supreme Court sought to prevent with the qualified immunity defense. *See, e.g.*, *Adkins v. Fields*, 747 F. Supp. 3d 1052, 1057–58 (E.D. Ky. 2024) (granting a motion to quash on the basis of sovereign immunity). "The conception animating the qualified immunity doctrine as set forth in *Harlow v. Fitzgerald*, […] is that 'where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). "[T]he 'consequences' with which [the Supreme Court] were concerned in *Harlow* are not limited to liability for money damages; they also include '**the general costs of subjecting officials to the risks of trial— distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service**.'" *Id.* (quoting *Harlow*, 457 U.S. at 816) (emphasis added).

---

[2] For a detailed analysis of Plaintiff's flawed argument on the scope of the stay that Chief Davis is entitled to, please see Chief Davis's Reply in support of Motion for Protective Order, at PageIDs 5895-5897.

4

The issue of "undue burden" and a government official's immunity go hand in hand. For example, in *Adkins v. Fields*, the court granted a state attorney general's motion to quash based on the doctrine of sovereign immunity. Specifically, the court found that:

> While the Attorney General is not a named party to this action, subpoenaing the Attorney General's office would infringe on its immunity from suit, including discovery, which has been established by the Supreme Court. ***See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) [case discussing qualified immunity].** Further, the subpoena would appear to interfere with the public administration of the Attorney General's office given the fact that the subpoena would require the Attorney General to review approximately 25,000 pages of documents. [. . .] Given the interests and principles underlying the doctrine of sovereign immunity, the Court will therefore grant the Attorney General's motion to quash.

*Adkins v. Fields*, 747 F. Supp. 3d 1052, 1057–58 (E.D. Ky. 2024) (emphasis added); *see also Flagg v. City of Detroit*, No. 05-74253, 2008 WL 787039, at *3 (E.D. Mich. Mar. 20, 2008) (case where defendant argued that subpoenas should be quashed because of pending motions to dismiss and the court found that "[b]eyond this case-specific consideration, it is this Court's usual practice to instruct the parties to proceed with discovery despite a pending motion to dismiss **at least so long as the motion does not raise issues of qualified immunity (which Defendants' motion does not)**.") (emphasis added).

At this stage of litigation, it is unduly burdensome to subject Chief Davis to discovery as a party or fact witness while the issue of qualified immunity is pending before the Court because qualified immunity protects Chief Davis from the general costs of subjecting her to the risks of trial, distraction from her governmental duties, and the inhibition of her discretionary actions. This is precisely the burden the Supreme Court considered in adopting the qualified immunity defense. Permitting Plaintiff to circumvent this protection by serving Chief Davis with a subpoena as a fact witness for the *Monell* claims against the City would subject Chief Davis to unnecessary litigation, risk for her discretionary actions, and distract her from her official duties

5

as Director of Police Services. *See, e.g.*, Chief Davis's Motion for Protective Order, ECF No. 348, at PageID 4781 ("Chief Davis leads MPD in serving a population of over 650,000 citizens in Memphis, Tennessee and oversees approximately two thousand full-time police officers, almost two hundred Police Reserve Officers, eighty-plus Police Service Technicians, and upwards of seven hundred thirty full-time and part-time civilian employees."); *see also Mitchell*, 472 U.S. at 526 (quoting *Harlow*, 457 U.S. at 817 ("[E]ven such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'")).

Plaintiff is also seeking punitive damages from Chief Davis in her individual capacity, and this fact further illustrates the importance of ruling on qualified immunity before Chief Davis is required to respond to discovery. *See, e.g.*, *Mitchell*, 472 U.S. at 525 ("[T]he 'consequences' with which [the Supreme Court] were concerned in *Harlow* are not limited to liability for money damages; they also include . . . deterrence of able people from public service.'"). The public interest favors freeing Chief Davis from the burden of litigation while the issue of qualified immunity is pending. *See Harlow*, 457 U.S. at 816–17. Therefore, the Court should grant Chief Davis's Motion to Quash.

### III.   CONCLUSION

For the foregoing reasons, Chief Davis respectfully requests that the Court grant her Motion to Quash Plaintiff's Subpoena, served on April 10, 2025.

Dated: May 2, 2025

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, certify that on May 2, 2025, counsel for the Chief Davis conferred with counsel for Plaintiff via email regarding this Motion to Quash. Plaintiff's counsel, Joshua Levin, responded that Plaintiff opposes the relief requested herein.

*s/ Bruce McMullen*
Bruce McMullen

## CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on May 2, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen