AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| | |
|---|---|
| RowVaughn Wells, *Plaintiff* <br> v. <br> The City of Memphis, et al. <br> *Defendant* | Civil Action No. 2:23-cv-2224 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Chief Cerelyn Davis, c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 165 Madison Avenue, Suite 2000, Memphis, TN 38103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: ROMANUCCI & BLANDIN, LLC <br> 321 N. Clark St., Ste. 900 <br> Chicago, IL 60654 OR via email to jlevin@rblaw.net | Date and Time: <br> 05/02/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/10/2025

*CLERK OF COURT*

OR

_____        s/Joshua M. Levin
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff RowVaughn Wells                          , who issues or requests this subpoena, are:

Joshua Levin, 321 N. Clark St., Ste. 900, Chicago, IL 60654, jlevin@rblaw.net, (312) 458-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# DOCUMENT RIDER TO SUBPOENA TO CERELYN J. DAVIS

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise indicated, the following terms, whether used in the singular or the plural and without regard to capitalization, shall have the meanings set forth below, and the following instructions shall apply to the below Requests:

1. Notwithstanding any definition set forth below, each word, term, or phrase used in the Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and any applicable local rules

2. Unless otherwise indicated, all requests herein refer to the period of time from June 14, 2021 to present, and shall include all Documents that relate to or were created during that period.

3. "You" or "Your" refers to Memphis Police Chief Cerelyn J. ("C.J.") Davis and is inclusive of all her agents, including attorneys and investigators.

4. The term "Incident" refers to all interactions between Tyre Nichols and Memphis Police Department ("MPD") Officers on January 7, 2023.

5. The term "Defendant(s)" refers to any of the following individuals: Chief Davis, Tadarrius Bean, Demetrius Haley, Emmitt Martin III, Desmond Mills, Jr., Justin Smith, and DeWayne Smith.

6. "Document" shall be construed to the fullest and broadest scope of things discoverable under Fed. R. Civ. P. 26 and 34, encompassing material of whatever kind or nature, whether typed, printed, handwritten, or otherwise produced, and however stored, printed, recorded, or preserved, including, without limitation, all Electronically Stored Information, Communications, correspondence, emails, letters, memoranda, meeting minutes, notes, reports, grievances, handbooks, policies, directives, guidelines, contracts, bills, invoices, photographs, images, calendars, calendar entries and meeting invitations, voicemails, text messages, SMS, instant messages, facsimiles, photocopies, audio or video recordings, messages and posts to Twitter, Facebook, Instagram, YouTube, TikTok, Reddit, Tumblr, Truth Social, Imgur, 4chan, 8chan, or any other online forum or platform, and any electronic data or data compilations, including computerized files, computer discs, hard drives, servers, and database records. A "Document" also includes, without limitation, iMessages, direct messages, and/or messages sent over the internet using WhatsApp, Facebook Messenger, Google Chat, Google Messages, LinkedIn Messaging, Samsung Messages, Microsoft Teams, Slack, Signal, Skype, Twitter/X, Discord, Telegram, and/or other messaging apps or apps that permit messaging. A draft, prior, or subsequent version or non-identical copy is a separate "Document" within the meaning of the term. Any Document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be produced and identified as a separate Document. The term "Document" should also be deemed to include, without limitation, the file folder, labeled box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

7. "Electronically Stored Information" or "ESI" is used in the broadest possible sense permitted by Fed. R. Civ. P. 34 and includes: e-mails, both sent and received, whether internally or externally; text messages and instant messages, both sent and received; all data created with the use of, or transmitted by, smart phones, tablets or similar devices, such as iPhone, iPad, Blackberry, Android or other Windows CE-based or Pocket PC devices; all data created or transmitted by an app; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Document management software; any and all other files generated through the use of computers, PDAs, smart phones, tablets or apps; and writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form, written or oral, including, without limitation, notes, correspondence, memoranda, letters, emails, calendar entries and meeting invitations, appointment books, audio recordings of telephone calls, voicemails, podcasts, SMS messages, text messages, iMessages, instant messages, direct messages, messages sent over the internet using WhatsApp, Facebook Messenger, Google Chat, Google Messages, LinkedIn Messaging, Samsung Messages, Microsoft Teams, Slack, Signal, Skype, Twitter/X, Discord, Telegram, and/or other messaging apps or apps that permit (or permitted) messaging, messages and posts to Twitter, Facebook, Instagram, YouTube, TikTok, Reddit, Tumblr, Imgur, Truth Social, 4chan, 8chan, or any other online forum or platform, or any other similar physical or electronic information.

9. "Person" means any natural person, corporation, partnership, proprietorship, association, joint venture, group, governmental or public entity, or any other form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents.

10. In responding to this Subpoena, You shall produce all Documents requested herein that are within your possession, custody, or control, including but not limited to, Communications and ESI accessible from any mobile device that is owned or controlled by you, as opposed to the mobile device issued to you by the Memphis Police Department. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a Document is in Your possession, custody or control if You have actual possession or custody, or the right to obtain the Document (or a copy thereof) upon demand, or the Document is possessed by persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

11. The "DOJ Investigation" refers to the pattern or practice investigation announced by the U.S. Department of Justice on July 27, 2023. *See* U.S. Dep't of Justice, Press Release, *Justice Department Announces Pattern or Practice Investigation of the City of Memphis and the Memphis Police Department* (July 27, 2023), https://www.justice.gov/opa/pr/justice-department-announces-pattern-or-practice-investigation-city-memphis-and-memphis.

12. The "DOJ Report" refers to the December 4, 2024 report titled *Investigation of the Memphis Police Department and the City of Memphis* by the U.S. Department of Justice Civil Rights Division and the United States Attorney's Office for the Western District of Tennessee Civil Division, which is available at the following link: https://www.justice.gov/crt/media/1379096/dl?inline.

13. "*U.S. v. Bean* trial" refers to the federal criminal trial of former Memphis Police Department officers Tadarius Bean, Demetrius Haley, and Justin Smith in *United States v. Bean et al.*, No. 2:23-cr-20191-MSN.

14. "Tax" refers to and is synonymous with "run tax," "running tax," "street tax," and similar terms. It refers to the use of unnecessary or excessive force by police officers against civilians in situations where the civilian ran from the police or engaged in other actions that aggravated or frustrated the police. By way of example, "tax" term was described by one witness during the federal criminal trial involving Mr. Nichols' death as follows: "Street tax is basically -- it's a punishment. If you run from the police or make police do anything extra that when they get a hold of you, you're going to be punished by use of force, excessive use of force." *United States v. Bean et al.*, No. 2:23-cr-20191-MSN, PageID 12564:3-6 (ECF 677) (W.D. Tenn. Sept. 24, 2024).

## DOCUMENTS REQUESTED

1. All Documents related to the January 7, 2023 incident involving Tyre Nichols.

2. All Documents related to the SCORPION Unit.

3. All Documents related to any Defendant.

4. All Communications You have had with any Defendant from January 6, 2023 to present.

5. All Documents related to the DOJ Investigation or the DOJ Report.

6. All Documents related to the use of force by Memphis Police Department officers.

7. All Documents related to the use (or failure to use) body-worn cameras by Memphis Police Department officers.

8. All Documents related to the reporting of use of force (or lack thereof) by Memphis Police Department officers.

3

9. All Documents related to the training of Memphis Police Department officers (or the lack thereof) with respect to the following matters: SCORPION, traffic stops, use of force, officers' reporting of use of force, officers use of body-worn cameras, the duty to intervene.

10. All Documents related to the supervision, internal investigation, or oversight of Memphis Police Department officers (or the lack thereof) with respect to the following matters: SCORPION, traffic stops, use of force, officers' reporting of use of force, officers use of body-worn cameras, the duty to intervene.

11. All Documents related to disciplining Memphis Police Department officers (or the lack thereof) with respect to the following matters: SCORPION, traffic stops, use of force, officers' reporting of use of force, officers use of body-worn cameras, the duty to intervene.

12. All Documents related to the Atlanta Police Department's "Red Dog" unit and any efforts to establish a similar unit in the Memphis Police Department.

13. All Documents relating to the *U.S. v. Bean* trial and the criminal prosecution of the defendant officers, including but not limited to Your Communications about any of the following: witness testimony and other evidence from the trial, the outcome of trial, the convictions of the defendants, and any changes to Memphis Police Department policies or practices undertaken in light of the testimony and other evidence at trial.

14. All Documents relating to the practice of imposing a "tax" by Memphis Police Department officers.

15. All Documents relating to a "code of silence" within the Memphis Police Department (as described in paragraphs 56-76 of Plaintiff's First Amended Complaint), including but not limited to the following: officers' and supervisors' failure to adequately report excessive force (including providing false information in written reports); officers' and

supervisors' failure to intervene to prevent or stop excessive force; officers' manipulation of body-worn cameras to conceal excessive force; supervisors' failure to review body-worn camera footage or written reports related to use of force incidents; supervisors' failure to take sufficient corrective action or discipline against officers who commit excessive force or who conceal it.

16. All Documents related to Tracking for Responsibility, Accountability, and Credibility ("TRAC") meetings, including but not limited to Documents created during, in preparation for, or as a result of such meetings.

17. Documents sufficient to show any policy, contracts, or other agreements providing You with liability insurance or indemnification for any claims in this action.

Case 2:23-cv-02224-MSN-atc    Document 409-1    Filed 05/02/25    Page 7 of 8
                                    PageID 6005
AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-2224

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).