IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased,<br><br>　　　Plaintiff,<br><br>v.<br><br>The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith,<br><br>　　　Defendants. | CASE NO. 2:23-CV-02224<br>JURY DEMAND |

**CITY OF MEMPHIS'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND INCORPORATED MEMORANDUM**

Defendant, the City of Memphis (the "City") files this Motion for Sanctions against counsel for Plaintiff, Ben Crump and Antonio Romanucci ("Plaintiff's Counsel"). Plaintiff's Counsel issued a knowingly false statement to the public on May 12, 2025 in an attempt to deceive the public about their intent in this litigation and the impact of this litigation on the taxpayers of the City of Memphis. The Court should use its inherent power to assess sanctions Plaintiff's Counsel for their bad faith conduct.

Specifically, the City asks the Court to sanction Plaintiff's Counsel by: (1) ordering Plaintiff's Counsel to issue a corrective statement explaining that their initial statement was knowingly false and intended to mislead the public, and the corrective statement should clarify

1

4919-2713-2483

that the City does not have an insurance policy that will cover an award of damages in this case, and that Plaintiff's Counsel knew this fact when it made the false statement; (2) ordering Plaintiff's Counsel to immediately remove the false statement from their websites, social media platforms, and any other platform wherein the false statement was posted; and (3) enter an order restraining Plaintiff's Counsel from making knowingly false public statements about the litigation under threat of contempt.

These sanctions are necessary to preserve the integrity of this litigation; and without the sanctions, the City may be forced to seek a change of venue for the trial in this matter.

### I.      The May 12, 2025, Press Release

On May 12, 2025, Plaintiff's Counsel released the following public statement on Ben Crump Law's website:

> **Family of Tyre Nichols, Attorneys Ben Crump and Antonio Romanucci Release Statement in Aftermath of State Trial**
>
> **MEMPHIS, Tenn. (May 12, 2025)** — Nationally renowned civil rights attorneys Ben Crump and Antonio Romanucci, who represent the family of Tyre Nichols, have issued a statement regarding two important points that should be emphasized with the community at this juncture:
>
> *"Tyre's family continues to process its deep grief, which was compounded last week by the lack of accountability for three officers in state court. The family very much appreciates the respect and support of so many in the community. However, since the verdict, they have been made aware of posters in public places around Memphis that seem to call for vigilante justice against those three officers. We want to make clear that the family and legal team do not know who is responsible for these posters, nor do we condone this type of vigilante justice. Tyre's family remains fiercely committed to pursuing every remaining legal avenue for justice including federal criminal proceedings against the three officers and the civil litigation against the city and the officers involved. And even more importantly than that, the family knows deep in their hearts that the individuals who brutally beat and killed Tyre will one day have to face Almighty God and receive the ultimate justice and accounting for their devastating actions.*
>
> *"Further, we want to address the ongoing speculation that any result in the ongoing civil litigation could bankrupt the City of Memphis. It's important to note that our quest for accountability is not intended to be punitive to the broader*

> *Memphis community and is designed to derive accountability specifically from those individuals and municipal entities who are responsible, all of whom have municipal insurance and other means contracted for precisely this purpose. Anyone who is speculating that the civil case could bankrupt the city is engaging in fear mongering and distorting the public conversation away from the real issue, the patterns and practices of the Memphis Police Department that led to Tyre's tragic and wholly unnecessary death."*

###

**MEDIA CONTACT:**

press@bencrump.com

**ABOUT BEN CRUMP LAW**

*Through his work, nationally renowned civil rights and personal injury attorney Ben Crump has spearheaded a legal movement to better protect the rights of marginalized citizens. He has led landscape-changing civil rights cases and represented clients in a wide range of areas including civil rights, personal injury, labor and employment, class actions, and more. Ben Crump Law is dedicated to holding the powerful accountable. For more information, visit bencrump.com.*[1]

At issue here are the false statements made by Plaintiff's Counsel in the last paragraph of the May 12, 2025 statement related to insurance and the possibility of the litigation bankrupting the City of Memphis. Each false statement will be addressed in turn below.

    **A.    The City of Memphis does not have municipal insurance, and Plaintiff's Counsel is fully aware of that fact.**

In the May 12, 2025 statement, Plaintiff's Counsel knowingly and falsely stated that the City has municipal insurance and intimated that because of that municipal insurance, the public need not worry about the impact the litigation would have on the City of Memphis. Specifically, the statement says:

> "Further, we want to address the ongoing speculation that any result in the ongoing civil litigation could bankrupt the City of Memphis. It's important to note that our quest for accountability is not intended to be punitive to the broader Memphis community and is designed to derive accountability specifically from those individuals and municipal

---

[1] A copy of the statement is attached hereto as <u>Exhibit A</u>.

3

4919-2713-2483

entities who are responsible, **all of whom have municipal insurance** and other means contracted for precisely this purpose."

This is false, and Plaintiff's Counsel knew this statement was false when the statement was made. In its Rule 26 Initial Disclosures, in which the City is required to identify any applicable insurance policy, the City repeatedly advised it was "self-insured."[2]

As the Court is well aware, "a party must, without awaiting a discovery request, provide to the other parties … for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P 26(a)(1)(A)(iv).

And the City has complied with this obligation three separate times in three sets of Initial Disclosures. In all three sets of Initial Disclosures, the City affirmed that it is self-insured and does not have an insurance policy that would provide any coverage for Plaintiff's claims in the litigation.

The City first stated this in its Initial Disclosures served to Plaintiff's counsel on **September 8, 2023**, which is attached hereto as Exhibit B and excerpted here:

> iv. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.
>
> The City is self-insured.
>
> Dated: September 8, 2023

---

[2] In a review of the other Defendants' Initial Disclosures, all of the Defendants stated that they did not have applicable insurance.

4

4919-2713-2483

The City again stated that it was self-insured in its First Set of Supplemental Initial Disclosures served on **May 24, 2024**, which is attached hereto as Exhibit C and excerpted here:

> iv. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**
>
> The City is self-insured.
>
> Dated: May 24, 2024

And finally, the City stated definitively for the third time that it was self-insured in its Second Supplemental Initial Disclosures served on **October 17, 2024**, which is attached hereto as Exhibit D and excerpted here:

> iv. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**
>
> The City is self-insured.
>
> Dated: October 17, 2024

As the Court is aware, it is not unusual for a municipality to be self-insured. Many large municipalities are self-insured. To take just a few examples, upon information and belief, the following cities are also self-insured: Los Angeles, California; Minneapolis, Minnesota; Kansas City, Missouri; St. Louis, Missouri; Baltimore, Maryland; Dallas, Texas; and Plainfield, New Jersey.

Regardless of what other municipalities do in terms of insurance, the City does not have an applicable municipal insurance policy, and Plaintiff's Counsel is well aware of that fact.

      **B.**     **Plaintiff's Counsel stated that he intended to bankrupt the City of Memphis through this litigation.**

The May 12, 2025 statement also contains another demonstrably false statement made by Plaintiff's Counsel. The statement indicates that the City is perpetuating a false rumor "that the

5

civil case could bankrupt the city." They state that this "fear mongering" is "distorting the public conversation." But it was **Plaintiff's Counsel** who, on June 5, 2023, stated that he intends to bankrupt the City of Memphis through this litigation. On June 5, 2023, at a celebration of Tyre Nichols' 30th birthday at Fourth Bluff Park in Memphis, Tennessee, Ben Crump stated:

> "We've got to make sure that every time they kill us unjustly, that we bankrupt them to the point that they won't kill our children anymore," Crump said. "And so the people ... are going to try to send the message to not only police in Memphis, Tennessee, but police all across America, that you cannot afford to kill our children anymore."[3]

Moreover, it was Plaintiff's Counsel who explained why Plaintiff is suing for $550 million[4] in damages from the City of Memphis in the press conference announcing the filing of the lawsuit on April 19, 2023. "***This lawsuit and the amount we are suing for is a message*** that if you keep giving license to these gang-minded police officers to perpetrate acts of terrorism on Black and brown people, then we're coming to your city and we're going to bring these lawsuits."[5]

Plaintiff's Counsel knew that Mr. Crump made these statements, but nevertheless in the May 12, 2025 statement, Plaintiff's Counsel attempted to disavow themselves of the statements that Mr. Crump made. There is no doubt that Plaintiff's Counsel expressed their intent to bankrupt the City of Memphis through this litigation, and there is no doubt that the City does not have municipal insurance to cover any award or settlement that occurs as a result of this

---

[3] Julia Baker, *Hundreds celebrate what would have been Tyre Nichols' 30th birthday*, DAILY MEMPHIAN (June 6, 2023 11:54 AM), https://dailymemphian.com/article/36585/tyre-nichols-birthday-party-fourth-bluff-park.
[4] The City's total annual budget is $850 million.
[5] *Family of Tyre Nichols files $550 million lawsuit against Memphis*, REUTERS (Apr. 19, 2023, 2:06 PM), https://www.reuters.com/legal/family-tyre-nichols-files-federal-lawsuit-against-memphis-2023-04-19/.

litigation. Plaintiff's Counsel should not be allowed to mislead taxpayers of this City in this manner.

Plaintiff's Counsel's statements are a blatant attempt at poisoning the jury pool in advance of the trial. They are intending to deceive the public that a multi-million-dollar award will not have a negative effect on the taxpayers of the City, and that they never intended to hurt the City financially. That is simply false, and as officers of the Court, they should be sanctioned for this conduct.

## II. The Court Should Exercise Its Inherent Authority to Sanction Plaintiff's Counsel

The Court should exercise its authority to sanction Plaintiff's Counsel for their conduct. These falsehoods perpetrated by counsel for Plaintiff are a blatant attempt to deceive the jury pool into believing that any award they give will have no ill effect on the City of Memphis because the City is insured. Consequently, Plaintiff's Counsel wants the public to believe the $550 Million they are demanding from the City of Memphis would be covered by insurance and not the taxpayers. This cannot continue. Without the sanctions the City seeks, the City will be left with no choice but to move for a change of venue in order to obtain a fair and impartial jury that has not been tainted by the false statements made by Plaintiff's counsel.

It is well-settled that:

> Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43(1991) (citing *Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); *Ex parte Robinson,* 19 Wall. 505, 510, 22 L.Ed. 205 (1874); *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S. Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962)).

4919-2713-2483

"Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45 (citing *Roadway Express, supra,* 447 U.S., at 764, 100 S. Ct., at 2463).

Here, the appropriate sanctions for Plaintiff's Counsel's bad-faith conduct would be an order from this Court directing Plaintiff's Counsel to issue a corrective statement acknowledging their falsehoods and correcting the misinformation that the City has an insurance policy that will cover the cost of any award of damages or settlement. An additional appropriate sanction would be an order directing Plaintiff's counsel to remove all instances of the May 12, 2025 statement from any platform over which they have control. We also request that the Court use its inherent authority to restrain Plaintiff's counsel from making any further knowingly false statements to the media about this litigation, under threat of contempt.

These sanctions are appropriate and narrowly tailored. If the Court declines to enter the sanctions, then Plaintiff's counsel will have free reign to continue to disseminate false information about this case, the parties, and Mr. Nichols to the public in order to poison the local jury pool. If the jury pool is determined to be poisoned, the City will be left with no choice but to seek a change of venue.

The City therefore requests that the Court enter an order imposing the following sanctions on counsel for Plaintiff:

(1) Order Plaintiff's Counsel to issue a corrective statement explaining that Plaintiff's Counsel's May 12, 2025 statement was knowingly false and intended to mislead the public. The corrective statement must clarify that the City does not have insurance that will cover an award of damages in this case, and that Plaintiff's Counsel knew that the City did not

8

have insurance when it made the May 12, 2025 statement. The corrective statement must be published on their law firms' websites and social media platforms and disseminated to every media outlet that published the original false statement within 48 hours.

(2) Order Plaintiff's Counsel to immediately remove the false May 12, 2025 statement from their websites, social media platforms, and any other platform wherein the false statement was posted; and

(3) Order Plaintiff's Counsel to refrain from making knowingly false public statements about the litigation under threat of contempt of this Court.

Dated: May 13, 2025

          Respectfully submitted,

          **BAKER, DONELSON, BEARMAN,**
          **CALDWELL & BERKOWITZ, P.C.**

          *s/ Bruce McMullen*
          Bruce McMullen (#18126)
          Jennie Vee Silk (#35319)
          165 Madison Avenue, Suite 2000
          Memphis, Tennessee 38103
          Telephone: (901) 526-2000
          bmcmullen@bakerdonelson.com
          jsilk@bakerdonelson.com

          *Attorneys for Defendant City of Memphis,*
          *Chief Cerelyn Davis in her Individual*
          *Capacity, and Lt. DeWayne Smith as Agent*
          *of the City of Memphis*

4919-2713-2483

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, certify that on May 13, 2025, counsel for the City conferred with counsel for all parties via email regarding this Motion. The parties were asked whether they oppose the relief requested herein. A chart detailing the parties' responses as of the time of the filing is below:

| Party | Responding Counsel | Opposition? |
|---|---|---|
| Plaintiff | n/a | No Response |
| Long | n/a | No Response |
| Hemphill | n/a | No Response |
| D. Smith | n/a | No Response |
| Whitaker | n/a | No Response |
| Sandridge | n/a | No Response |
| Haley | Stephen Leffler | No |
| Bean | n/a | No Response |
| Martin III | n/a | No Response |
| Mills, Jr. | n/a | No Response |
| J. Smith | n/a | No Response |

*s/ Bruce McMullen*
Bruce McMullen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all other counsel of record and the Guardian Ad Litem via email on May 13, 2025.

*s/ Bruce A. McMullen*

4919-2713-2483