IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>                    Plaintiff,<br>v.<br><br>The City of Memphis et al.,<br><br>                    Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S MOTION TO LIFT STAY ON PROCEEDINGS**

Plaintiff, through her undersigned counsel, moves the Court to lift the stay in proceedings in this case for the indicted officer defendants in this case—Tadarrius Bean, Demetrius Haley, Emmett Martin III, Desmond Mills, and Justin Smith—once each of these defendants have been sentenced in the coming weeks.

Pursuant to Pursuant to Local Rule 7.1(d), Plaintiff requests a hearing regarding this motion. Plaintiff respectfully submits that said hearing can be held in conjunction with the June 23, 2025 hearing that has already been set by this Court to address a motion filed by Defendant City of Memphis, *see* ECF 424, when all counsel will be present and available.

*    *    *

The time has come to lift the stay of proceedings for the defendant officers in this case. The five officers who beat Mr. Nichols have all been tried in the criminal cases against them. There are no outstanding charges, and no more trials. The officers will all be sentenced in the coming weeks, with the last sentencing occurring on June 18. After that, their criminal cases will end. The officers, of course, will have the right to appeal their convictions and their sentences. But the imposition of Fifth Amendment stays in civil cases is a matter of discretion, and courts

1

consistently hold that once a criminal defendant is sentenced, the Fifth Amendment stay in the civil case should end: the defendant has been able to take full advantage of the stay to put the government to its proof in the criminal matter, while the civil plaintiff should no longer be forced to wait for an indeterminate period—often lasting years—while the criminal defendant's various criminal appeals of their convictions and collateral attacks on their sentences wind their way through the courts. That is particularly so in this case. Mr. Nichols was killed more than two years ago. The parties in this case have been prosecuting extensive discovery in this case for years, but while they wait for trial, memories will inevitably fade, witnesses will be harder to find, and evidence will be lost—in other words, as time passes it inevitably gets harder for Plaintiff to prove her case. If yet more time is allowed to pass after sentencing, that prejudice will only compound.

It is for this reason that, once a criminal defendant has been sentenced, courts lift Fifth Amendment stays in civil cases and allow them to proceed. The interests in proceeding here, if anything, are even greater: Plaintiff has alleged that the City of Memphis has a custom of tolerating and covering up police brutality against Memphis residents, and the public has a considerable interest in the prompt resolution of that charge. Once the officer defendants are sentenced for the crimes they were convicted of committing in the beating and death of Tyre Nichols, it is appropriate for them to answer Plaintiff's civil claims against them as well.

## BACKGROUND

Tyre Nichols died after being beaten by the officer defendants in January 2023. Plaintiff filed this lawsuit in April of 2023, three months later, naming the defendant officers and several other police officers and fire department employees, and alleging, pursuant to *Monell*, that Mr. Nichols' beating was a result of entrenched cultures of brutality within the Memphis Police Department to which the City's policymakers were indifferent. ECF 1. In the meantime, the officer

2

defendants indicted criminally for their roles in Mr. Nichols' beating as well. On January 26, 2023, they were indicted in on state charges in the Criminal Court of Shelby County, and on September 12, 2023, they were incited on federal criminal charges in this Court. In light of those charges, the officer defendants sought a stay of the proceedings against them in this civil case, and the Court granted that request. ECF 110.

Two years later, the parties now find themselves in a transformed procedural posture. The officers' trials have concluded in both state and federal court. Two of the defendant officers—Mills and Martin—pleaded guilty to both state and federal charges, and testified about Mr. Nichols' beating in both the state and federal criminal trials. All of the defendant officers are set to be sentenced in less than two weeks, between June 16 and June 18, 2025.

Meanwhile, the parties in this case have been engaged in intensive discovery for two years, and the close of written and oral discovery is imminent, on July 12, 2025 and August 29, 2025 respectively; based on this schedule, trial is set for July 2026—three and a half years after the defendant officers beat Mr. Nichols and then tried to cover it up. ECF 276.

## ARGUMENT

Plaintiff brings this motion in an effort to keep the July 2026 trial date in this case. That will be impossible if the proceedings against the officer defendant officers are stayed any longer. Quite simply, further delay in proceedings against the officers will cascade into another delay of the trial date.

That is not an outcome that the Fifth Amendment requires or even implies. To the contrary, "[a] court-issued stay [in civil litigation] 'due to a pending criminal investigation is an extraordinary remedy.' " *Adkins v. Fields*, No. 7:22-CV-00007-REW-EBA, 2022 WL 1125822, at *1 (E.D. Ky. Apr. 14, 2022) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th

3

Cir. 2014)). Rather, whether and when to issue a "Fifth Amendment" stay in a civil matter, and when to lift it, is a matter of discretion for the Court. *Id.*

Courts in the Sixth Circuit assess whether to impose Fifth Amendment stays in civil cases by weighing a multi-factor test, which Plaintiff reviews below. At the outset, however, Plaintiff notes that courts applying these factors have broadly treated a criminal defendant's sentencing as the decisive moment that tips the equities in favor of lifting stays in civil cases. As one court put it, "the status of [a d]efendant's criminal case weighs strongly *against* granting a stay [when the d]efendant has already been tried, convicted, and sentenced." *Sparkman v. Thompson*, No. 08–01–KKC, 2009 WL 1941907, at *2 (E.D. Ky. July 6, 2009) (emphasis added). That is so even where the defendant may seek to appeal their conviction because, as Sparkman explained,

> [the d]efendant has already challenged the government's case in trial, he knows exactly how the government intends to prove his guilt and he is exceedingly able to avoid making incriminating statements that might be used against him if retried. Also, absent a waiver of his Fifth Amendment privilege, he has only a minimal concern that civil discovery will aid the criminal prosecution because the government has already assembled all the evidence needed for a conviction. Finally, since [the d]efendant's criminal case is currently on appeal, the possibility and timing of a retrial remains speculative at best. Unlike pre-trial requests for a stay, the Speedy Trial Act provides Plaintiffs no assurance that [the d]efendant's criminal case will be resolved quickly.

*Id.* In short, while the weight of the criminal defendant's interest is greatly reduced once they have been convicted and sentenced, the civil plaintiff will face interminable delays while the defendant takes their time prosecuting any available appeals. For that reason, once a defendant has been convicted and sentenced, the scales weigh decisively in favor of lifting the Fifth Amendment stay that stalled out the civil case against them.

The factors weighed by courts considering Fifth Amendment stays—including *Sparkman*, *supra*—are as follows:

4

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id*. (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). "The most important factor is the balance of the hardships." *Id*. Plaintiff discusses those factors in turn:

1. **The extent to which the issues in the criminal case overlap with those presented in the civil case.**

As to the first factor, the parties and the Court agreed that the stayed Defendants' criminal proceedings overlap with plaintiff's case. ECF 72, ECF 110. However, now that the trials have concluded and the criminal sentencings will be complete in a matter of days, this factor should not carry the day because the stayed Defendants Fifth Amendment rights are not risked as they would have been pretrial and presentencing.

2. **The status of the case, including whether the defendants have been indicted.**

As summarized by *Sparkman*, *supra*, this second factor weighs decisively against continuing a stay. Currently, all criminal charges against the stayed Defendants have been adjudicated with either guilty pleas or dispositions after jury trials. The core purpose of issuing a stay in a civil action because a party is subject to criminal proceedings relating to that civil action is "to prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter." *Eastwood v. United States*, No. 2:06-CV-164, 2008 WL 5412857, at *1 (E.D. Tenn. Nov. 14, 2008). At this stage, any concern for civil discovery encroaching into the criminal investigation and prosecution has subsided as the criminal trials are now complete. Simultaneously, without lifting the stay and allowing Plaintiff to move forward with discovery in her case, excessive and unnecessary delay appears inevitable. The stage of the criminal proceedings being post-trial weighs in favor of lifting the stay.

5

3. **The private interests of Plaintiff in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay.**

The third factor weighs the plaintiff's interest in proceeding with their case expeditiously against the prejudice to plaintiff caused by delay. Without doubt, a stay of any kind prejudices a plaintiff's interest in expeditious litigation. Lifting the stay would ensure this case continues to progress in a timely fashion and maintain the current scheduling order. The upcoming sentencing of the stayed Defendants still creates a narrow timeline for the issuance and completion of written discovery by July 12, 2025. ECF 276.  The maintenance of this deadline is key. It threatens to delay expert discovery, as the completion of written discovery will be required for the finality of expert reports. The delays in the expert schedule would in turn force hold up the deadline for dispositive motions. Of course, extending the deadline for dispositive motions burdens the Court by forcing it into a compressed timeline to rule on summary judgment motions. In short, without immediate lifting of the stay in proceedings Plaintiff will inevitably face prejudice in her ability to expeditiously litigate her case. The stayed Defendants have been shielded from participation in this litigation for 20 long months. In her pursuit for justice through this extended period Plaintiff's resolve has been tested. This factor weighs in favor of lifting the stay.

4. **The private interests of and burden on the defendants.**

This factor also weighs in favor of lifting the stay, as aptly set out by the *Sparkman* court, *supra*.  Some courts, indeed, identify the Fifth Amendment turning point not at sentencing but at conviction.  In *United States v. Pardo*, the D.C. Circuit found "that the privilege against self-incrimination is lost once a witness has been convicted of the offense with respect to which he fears incrimination[.]" 636 F.2d 535, 543 (D.C. Cir. 1980).  Plaintiff does not propose to seek this outcome, and draws the line further down, at sentencing instead.  Of course if the officer defendants so wish they may choose to assert their Fifth Amendment right against self-

6

incrimination in response to discovery obligations in this case.[1] But that is a choice they may make after having been convicted and sentenced for those same crimes.

### 5. The interests of the courts.

The fifth factor, the interests of the courts, also weighs in favor of the Court lifting the stay. In deciding whether to implement or maintain a stay the Court has an interest in ensuring the cases on its docket move towards expeditious conclusions. *Eastwood*, 2008 WL 5412857 at *5. Lifting the stay now would aim to maintain the current scheduling order and the expeditious conclusion of this case. Competing with this interest, for cases where a companion criminal case may warrant the issuance of a stay, is that the resolution of the criminal matter may further the goal of expeditious conclusion "by simplifying the issues[.]" Id. As the criminal trials for the stayed Defendants cases are complete, any simplification of the legal issues of Plaintiff's case by the criminal proceedings has occurred. In all, this factor weighs in favor of lifting the stay.

### 6. The public interest.

The final factor for the Court's consideration is the interests of the public. Of course, without an immediate lifting of the stay in this matter the likelihood of a downhill effect on all other operative deadlines in this case appears inevitable. That outcome would prejudice the public, which has an interest in the expeditious adjudication of this matter. "The public interest is furthered

---

[1] That right may not apply at all to Mills and Martin, who both pleaded guilty to crimes involving their beating of Mr. Nichols and who testified in both the state and federal criminal trials. *See United States v. Taylor*, No. 1:23cr98, 2023 WL 8236813, at *2 (N.D. Ohio Nov. 28, 2023) ("A guilty plea expressly waives the Fifth Amendment right against self-incrimination with respect to the crime to which the guilty plea is entered."). Even without deciding questions on the precise scope of resulting waiver, the effort by Mills and Martin to continue the stay in this case is markedly inappropriate. Both these defendants testified in both criminal trials, presumably because they hoped they would get a lighter sentence for doing so. Having sought to benefit from *waiving* their Fifth Amendment rights in their criminal cases, these men cannot be heard to insist on a Fifth Amendment stay to stall out this case civil case now.

7

where individuals' injuries are remedied in a timely manner." *F.T.C.*, 767 F.3d 611. at 628. Moreover, the public's interest in law enforcement has been accomplished, as the criminal trials are complete, with either guilty pleas or jury verdicts, and sentencing will be complete in less than two weeks. In deciding whether to maintain a stay, a court "must balance the right of the civil litigant to a reasonably prompt determination of his claims with the public interest in law enforcement." *Eastwood*, 2008 WL 5412857 at *2. With the public's law enforcement interest adjudicated, all that remains is the timeliness of the remedy to Plaintiff's claims. This factor weighs in favor of lifting the stay.

## CONCLUSION

For the reasons explained above, Plaintiff respectfully requests that the Court issue an order lifting the stay in proceedings on Defendants Bean, Haley, Martin, Mills, and Justin Smith, or to be heard on this motion in conjunction with previously set June 23, 2025 hearing.

Dated:  June 5, 2025                     Respectfully submitted,

                                         /s/ Stephen H. Weil
                                         _____
                                         Antonio M. Romanucci* (Ill. Bar No. 6190290)
                                         Sarah Raisch* (Ill. Bar No. 6305374)
                                         Joshua M. Levin* (Ill. Bar No. 6320993)
                                         Stephen H. Weil* (Ill. Bar No. 6291026)
                                         Sam Harton* (Ill. Bar No. 6342112)
                                         Colton Johnson Taylor* (Ill. Bar No. 6349356)
                                         ROMANUCCI & BLANDIN, LLC
                                         321 N. Clark St., Ste. 900
                                         Chicago, IL 60654
                                         P: (312) 458-1000
                                         aromanucci@rblaw.net
                                         sraisch@rblaw.net
                                         jlevin@rblaw.net
                                         sweil@rblaw.net
                                         sharton@rblaw.net
                                         cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
MENDELSON LAW FIRM
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Brooke Cluse* (Tex. Bar No. 24123034)
BEN CRUMP LAW, PLLC
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
brooke@bencrump.com

Attorneys for Plaintiff

* Admission pro hac vice

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned hereby certifies that on May 8, 2025, counsel for Plaintiff consulted with all parties via email regarding the relief requested in the foregoing motion. Counsel for Defendants Tadarrius Bean, Demetrius Haley, Emmett Martin III, Desmond Mills, and Justin Smith objected to the relief sought by Plaintiff via email. No other defendant responded.

/s/ Stephen H. Weil
Stephen H. Weil