UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROWVAUGHN WELLS, Individually
and as Administratrix Ad Litem of the
Estate of Tyre Deandre Nichols, deceased,

    Plaintiff,

VS.                                                                         2:23-cv-02224-MSN-atc

CITY OF MEMPHIS, a municipality,
CHIEF CERELYN DAVIS in her
official capacity,
EMITT MARTIN III in his individual capacity,
DEMETRIUS HALEY in his individual capacity,
JUSTIN SMITH in his individual capacity,
DESMOND MILLS, Jr. in his individual capacity,
TADARRIUS BEAN in his individual capacity,
PRESTON HEMPHILL in his individual capacity,
ROBERT LONG in his individual capacity,
JAMICHAEL SANDRIDGE in his individual capacity,
MICHELLE WHITAKER in her individual capacity, and
DEWAYNE SMITH in his individual capacity and as
an agent of the City of Memphis,

    Defendants.

---

### MEMORANDUM OF DEFENDANT, DEMETRIUS HALEY, IN OPPOSITION TO LIFTING OF THE STAY OF CIVIL PROCEEDINGS UNTIL CRIMINAL PROCEEDINGS ARE RESOLVED

---

      Demetrius Haley hereby responds to Plaintiff's Motion to Lift Stay on Proceedings (R. 426). Haley objects to the lifting of the stay as premature. In support of his response, Haley would state and show to the Court as follows:

1

PROCEDURAL BACKGROUND

Plaintiff filed this complaint on April 19, 2023. (R. 1) On June 16, 2023, Haley filed a Motion to Stay Proceedings until Criminal Charges are Resolved (R. 57).

On September 21, 2023, the Court granted Haley's request for a stay as well as for other similarly situated defendants. (R. 110). The Court found that a complete stay as to the Indicted Defendants was appropriate.

The jury in the federal criminal case returned its verdict on October 3, 2024. (R. 629, United States of America v. Martin, III et. al. 2:23-cr-20191-MSN). Haley was found guilty as to Counts 1 and 2 of the lesser included crime of deprivation of rights resulting in bodily injury, and guilty as to Counts 3 and 4. A sentencing hearing was initially set for January 23, 2025, and later rescheduled for June 17, 2025.

The jury in the state criminal case returned its verdict of not guilty on all counts on May 7, 2025. Despite the public statement by the District Attorney General that they would consider a motion for a retrial, the United States Constitution and the constitution of the State of Tennessee each prohibit any further proceedings on the state criminal charges as a violation of Double Jeopardy.

REASONS TO EXTEND THE STAY

Criminal charges are not resolved. Sentencing in the federal criminal case has not taken place. Haley has a pending motion to continue the sentencing hearing due to the atmosphere of public outrage at the state court acquittals. Shortly after the state verdict, posters were anonymously distributed throughout the community displaying pictures of Haley and his codefendants with the caption, "Wanted Dead or Unalive."

Numerous politicians have joined in the public reprobation of Haley and his

2

codefendants. Plaintiff published a misleading press release that is now the subject of a motion for sanctions in this case. Reverend Al Sharpton, U.S. Representative Steve Cohen, NAACP President Derrick Johnson, and others have offered statements condemning the state verdict.

Even once the federal sentencing has occurred, Haley intends to seek appellate relief and a retrial of the federal case on grounds that the trial court tied the hands of Haley's counsel by limiting his ability to cross-examine key witnesses about potential benefits they could receive for cooperating with the prosecution. At trial, the district court would not allow counsel to cross examine co-defendants Emmitt Martin or Desmond Mills on the sentences the witnesses could be facing absent the potential benefits of their cooperation with the government.

A recent Sixth Circuit case is on point. In United States v. Taylor, 127 F.4th 1008 (6th Cir. 2025) the Sixth Circuit found that the district court's limitations on cross-examining a key witness about his potential bias and motive for testifying violated Taylor's rights under the Confrontation Clause. The witness's testimony was crucial to the prosecution's case, as he was offered benefits by the prosecutor in exchange for his cooperation with prosecution against defendant, and the government's interest in excluding the evidence did not outweigh defendant's significant interest in exploring the witness's potential bias.

The Sixth Circuit went on to hold that the Confrontation Clause violation was not harmless error because the key witness tied the defendant to the contraband, and there was little other evidence presented by the prosecution. The court weighed factors such as the importance of the witness's testimony, lack of corroborating evidence, and the otherwise limited cross-examination permitted.

Martin and Mills were instrumental to the government's case because they were the only other officers on the scene when Martin delivered the blows to Tyre Nichols' head by kicking

3

and punching. The testimony of the medical examiner was that those blows were the sole cause of Nichols' death. True, there were corroborating videos of the assault. But two trials have shown that those videos, when examined frame by frame, do not tell the narrative state and federal prosecutors are peddling.

<u>Taylor</u> effectively articulated what practitioners in federal court have known for years: that the extent of the potential prejudice to cooperating witnesses is not off limits when they take the witness stand. <u>Taylor</u> is not new law. It is a reminder of what the law in this Circuit has been for many years.

<u>Taylor</u> also provides an effective basis for determining the likelihood of success on the merits of an appeal as of trial court errors. The relief granted in <u>Taylor</u> was remand for a new trial. If the relief is a new trial for Haley and his codefendants, it is crucial that between now and the new trial, Haley is not put in a position of offering testimony that may be prejudicial to his constitutional trial rights.

If Haley is forced to answer interrogatories, offer deposition testimony, offer responses to requests for production of documents, engage in motions (both dispositive and otherwise), or any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means, he could be creating statements against interest that could be used in his retrial on the federal criminal issues. If, on the other hand, the Sixth circuit determines that <u>Taylor</u> offers no harbor for Haley, that is when "the criminal charges are resolved," not before.

As to the <u>Sparkman</u> factors, the parties agree that the Haley's criminal proceedings overlap with Plaintiff's case. Nothing that has happened since the original stay was granted has changed that. The only thing that would have changed it would have been a total exoneration in both state and federal courts.

4

With a likely retrial looming, the status of the criminal proceedings has not changed since day one. Plaintiff, however, refuses to consider that success on the appellate issue would result in a remand for a new trial.

Haley has maintained his silence through two criminal trials. He has never even hinted at a waiver of his Fifth Amendment privilege. If the stay were to be lifted at this time, he would be subject to a deposition where he would be faced with the choice of answering a question in a way that would self-incriminate; or claim his Fifth Amendment privilege and allow the civil jurors to let their imaginations run wild. If the case is remanded for a new trial after civil discovery, the worst of all possible scenario plays itself out with the civil transcripts being used at the criminal re-trial, resulting in a conviction based on questions that never should have been allowed to be asked of the criminally accused.

Haley does not dispute that the interests of the Plaintiff are best served by allowing the civil case to go forward against Haley despite the chance of a remand. But the real party in interest in the civil case is a toddler who will not be able to reap the benefits of any civil judgment for many years. That problem could be cured with an award of prejudgment interest, which would benefit the beneficiary without trampling the constitutional rights of Haley. That outcome would also serve the interests of the Court and the public.

WHEREFORE, Defendant Demetrius Haley hereby objects to the lifting of the stay until the Sixth Circuit has ruled on the appeal issues and the remaining criminal proceedings have been resolved.

                                        Respectfully submitted,
                                        LAW OFFICE OF STEPHEN R.
                                        LEFFLER, P.C.

                                        s/Stephen R. Leffler    #11038
                                        Attorney for Defendant, Demetrius Halley
                                        2670 Union Ave. Ext., Suite 819
                                        Memphis, Tennessee 38112
                                        (901) 527-8830
                                        Stephen@LefflerLaw.com