IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **ROWVAUGHN WELLS, individually and as Administratrix Ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 2:23-cv-02224-SHL-atc |
| **THE CITY OF MEMPHIS, a municipality,** *et al.*, | ) ) ) ) | |
| **Defendants.** | ) | |

### ORDER DENYING MOTION FOR PROTECTIVE ORDER

Before the Court by Order of Reference[1] is Defendant City of Memphis's ("the City") Motion for Protective Order, filed June 2, 2025. (ECF No. 422.) Plaintiff RowVaughn Wells responded in opposition on June 20, 2025. (ECF No. 437.) A hearing was held on July 3, 2025. (ECF No. 442.) For the reasons discussed at the hearing and as set forth below, the Motion is DENIED.

The City seeks relief from its obligation to produce documents responsive to Nos. 129–133 of Wells's Sixth Set of Requests for Production ("RFP," ECF No. 324-1). As to RFP No. 133, the City has previously been ordered to produce information related to 880 incidents reviewed by Department of Justice ("DOJ") investigators in preparing the DOJ Report dated December 4, 2024. (*See* ECF No. 388.) At the hearing, the City communicated that its

---

[1] United States District Judge Mark S. Norris referred the Motions to the undersigned for determination or proposed findings and recommendation, as appropriate, on June 3, 2025. (ECF No. 423.)

production of that information is now complete and that its Motion as to RFP No. 133 is now moot. The Motion as to RFP No. 133 is therefore denied as moot.

As to RFP Nos. 129–132, the City asserts that the withdrawal of the DOJ Report renders its communications with DOJ investigators "wholly irrelevant to this case." (ECF No. 422, at 6.) As Wells argues, however, "it is reasonable to believe that communications between a federal agency conducting an investigation of a city and city employees would contain statements from city employees that are admissions/descriptions of the practices the agency was investigating." (ECF No. 437, at 13.) Such admissions or descriptions are likely relevant to Wells's *Monell* claims, regardless of the outcome of that investigation. Thus, to the extent the City seeks protection against producing documents responsive to RFP Nos. 129–132 based on the withdrawal of the DOJ Report, that motion is denied.

At the hearing, however, the City indicated that its communications with DOJ responsive to RFP Nos. 129–131 were almost entirely logistical and, in fact, largely occurred through counsel for the City. Wells further indicated that the parties are in ongoing discussions about the production of those communications. As to RFP No. 132, which seeks documents sufficient to identify the City employees interviewed by DOJ, the parties agreed that identification of such employees is a more efficient route to producing that information than document production. In light of these ongoing discussions and agreements, the Court will not order production of documents responsive to RFP Nos. 129–132 at this time, to allow those discussions to continue.

SO ORDERED this 3rd day of July, 2025.

                                                s/Annie T. Christoff
                                                ANNIE T. CHRISTOFF
                                                UNITED STATES MAGISTRATE JUDGE