IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS,<br><br>            Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, *et al.*,<br><br>            Defendants. | Case No. 2:23-cv-02224-MSN-ATC |

## PLAINTIFF'S MOTION TO CONTINUE JULY 23 HEARING OR ORDER REMOTE HEARING

Plaintiff, through her undersigned counsel, submits this motion and memorandum in support to respectfully request that the Court continue the date of the status hearing currently set for July 23, 2025, or alternatively to set it remotely for all parties.

One of Plaintiff's attorneys, Joshua Levin, is taking a deposition in this case on July 23rd of a Memphis Police Department official. The deposition location (488 S. Mendenhall Road in Memphis), is about 25 minutes by car from the Court. Even were the site of the deposition to be moved closer to the courthouse, one can reasonably anticipate—given the need to travel to court, pass through security, move through the building, and then return from the courthouse—a minimum disruption of 45 minutes to an hour for travel alone. That would be in addition to the length of the hearing itself. Disruption of Plaintiff's discovery deposition is guaranteed—and holding the hearing on July 23 will likely require the deposition to continue into a second day, a possibility that none of the numerous attorneys on this case have scheduled for.

To make matters worse, it will be difficult or impossible for two of the senior attorneys for Plaintiff—Antonio Romanucci and Stephen Weil—to participate in the hearing in-person. Mr.

1

Weil will be in transit out of state on July 23, and Mr. Romanucci has professional travel obligations out of state scheduled for the days immediately before and after July 23. Sarah Raisch, the fourth active member of the litigation team with familiarity of the various motions at issue, is also unable to appear in person for the hearing. Ms. Raisch is a member of the Illinois Torture Inquiry and Relief Commission, and the Commission is convening for a meeting on July 23 for which attendance is mandatory under Illinois law. July 23 is a bad day for Plaintiff's litigation team to appear in person at the hearing set by the Court.

Over the last several days, Plaintiff has approached counsel for the City of Memphis to ask whether they would agree to a proposed alternative date for the hearing, or minimally, to agree that the hearing be held remotely for all parties. The City has rejected both.

With respect to rescheduling the hearing date, the City's attorneys stated that the entire week of July 28 was unavailable because they would be taking depositions that week, in another case. The City has otherwise declined the dates and times Plaintiff has proposed. Instead, the City's lawyers have told Plaintiff's counsel that they will leave the July 23 deposition and travel to the courthouse. They have also rejected parity with respect to the hearing being remote for all parties. This motion follows.

*   *   *

Plaintiff respectfully submits that the July 23 hearing can and should be continued to another date. The hearing would significantly disrupt the deposition being taken by Plaintiff's counsel, and in-person attendance by key members of Plaintiff's counsel team would be either difficult or impossible. That much is set out above.

There is an additional reason to move the July 23 date: in their joint motion for hearings on pending motions, the parties noted that Plaintiff would be filing a motion to amend the

2

scheduling order in this case.  *See* ECF 445 at 3 (noting that "Plaintiff will soon be filing an opposed motion to amend the scheduling order, and intends to request a hearing on that forthcoming motion as well.").  Plaintiff has filed that motion, ECF 447, on July 11, and a request to set that motion for oral argument is forthcoming.  Plaintiff submits that the Court's adjudication of Plaintiff's motion to amend the scheduling order will, as a practical matter, control or at least bear heavily on the manner in which the Court addresses a number of the motions that the July 23 hearing has been convened to discuss.

The City's attorneys, meanwhile, have indicated to Plaintiff's counsel that they do not intend to file a response to Plaintiff's motion to amend the schedule before the July 23 hearing.  Continuing the July 23 hearing to a later date, once defense responses have been filed, would allow the Court to consider the Plaintiff's scheduling motion with full briefing, and to do so in conjunction with, rather than after, the Court's consideration of the matters currently set for the July 23 status hearing.  Plaintiff respectfully submits that the best use of both the Court's and the parties' time and resources would be to hold a single hearing in which the Plaintiff's scheduling motion and the other pending motions are discussed together—and at which the parties' full litigation teams can appear in person, permitting them to confer with each other in real time and address the Court directly.

Alternatively, if the Court decides to keep the July 23 hearing date, Plaintiff requests that the hearing be held remotely for all parties.  Doing so would mitigate the disruption to the deposition Plaintiff is taking.  Conducting the hearing remotely for all parties would also put Plaintiff's counsel and the City's counsel on equal footing, allowing Plaintiff's litigation team to participate in the same manner as the City's counsel, without a hybrid hearing that would make it difficult or impossible for Plaintiff's counsel to consult during the hearing in real time.

3

**WHEREFORE**, Plaintiff respectfully requests that

(1) the Court continue the July 23 hearing to another date, or in the alternative,

(2) the Court order that the July 23 hearing be held remotely for all parties.

If the Court declines to grant this relief, Plaintiff respectfully requests that Mr. Romanucci, Mr. Weil, and Ms. Raisch be permitted to appear remotely.

Dated:  July 16, 2025                                  Respectfully submitted,

*/s/ Joshua M. Levin*
Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103)
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump (Tenn. Bar No. 038054)
Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
(337) 501-8356
court@bencrump.com

brooke@bencrump.com

*Attorneys for Plaintiff*

* Admission *pro hac vice*

## **CERTIFICATE OF CONSULTATION**

From July 11 to July 16, 2025, Plaintiff conferred via e-mail with all Defendants regarding the relief requested in this motion. Additionally, on July 14, 2025, counsel for Plaintiff and counsel for the City conferred via phone conference with Mr. Joseph Warren, the Court's case manager. The parties have been unable to reach an accord as to all relief requested in this motion.

The City objects to rescheduling the July 23 hearing or having all parties appear remotely. The remaining defendants have not responded regarding those requests as of this filing.

Defendants City of Memphis, Chief Davis, Emmitt Martin, III, Preston Hemphill, DeWayne Smith, Tadarrius Bean, Michelle Whitaker, and Robert Long do not object to Plaintiff's counsel appearing remotely at the July 23 hearing. The remaining defendants have not responded regarding that request as of this filing.

*/s/ Joshua M. Levin*
