# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF MEMPHIS, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-02224-SHL-ATC |

### PLAINTIFF'S MOTION FOR HEARING ON PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER

Pursuant to Local Rule 7.2(d), Plaintiff RowVaughn Wells, through her undersigned counsel, submits this motion for a hearing on Plaintiff's Motion to Amend the Scheduling Order (ECF 447). None of the Defendants have objected to the Court holding a hearing on ECF 447, though the City objects to setting it for the status conference that is currently scheduled for July 23. In support of this Motion, Plaintiff states as follows.

Plaintiff requests a hearing on her Motion to Amend the Scheduling Order because the motion—which all Defendants oppose—concerns discovery and case management issues that are pivotal to this litigation and to ensuring that it proceeds fairly toward trial. These issues include: whether Plaintiff will have adequate time to complete her *Monell* discovery, in the face of months of obstruction by the City of Memphis; whether Plaintiff will have an opportunity to take discovery concerning Defendants' affirmative defenses (which have not yet been pled); whether Plaintiff will have an opportunity to take discovery from the criminally convicted officer defendants (for whom this case is currently stayed); and whether Plaintiff will have an opportunity to take *Monell* discovery from the City's final policymaker for the police policies

1

and practices that led to Mr. Nichols' death (Memphis Police Department Chief Cerelyn Davis, who has moved for a protective order from Plaintiff gathering discovery from her to prove her *Monell* case against the City). *See generally* ECF 447. In short, this is no routine extension motion. It will determine Plaintiff's very ability to gather evidence, central to her claims, which—through no fault of hers—remains outstanding.

Additionally, a hearing will aid the Court in deciding Plaintiff's scheduling motion because that motion intersects with a number of other motions that are currently pending. These include: Plaintiff's Motion to Schedule Defense Pleading of Affirmative Defenses (ECF 293); Chief Davis's Motion for Protective Order (ECF 348); Chief Davis's Motion to Quash Subpoena (ECF 409); and Plaintiff's Motion to Lift Stay on Proceedings (ECF 426). Neither the scheduling motion nor these other pending motions can be decided in isolation. For example, the Court's decision on whether and when to lift the Fifth Amendment stay as to the convicted officer defendants directly impacts the discovery schedule. So too does the Court's decision on whether to permit Plaintiff to take *Monell* discovery from Chief Davis, and whether to require Defendants to promptly plead their affirmative defenses. Plaintiff respectfully submits that oral argument will assist the Court in resolving these intersecting, contested issues.

Because her scheduling motion overlaps with many other pending motions, Plaintiff submits that it would be most helpful and efficient to discuss these matters together, at a single hearing, after Defendants have filed their responses to Plaintiff's scheduling motion[1] (and after any reply by Plaintiff), as explained in Plaintiff's earlier filing, *see* ECF 448 at 2-3. This will enable the Court to have complete briefing and a consolidated argument on the various interrelated issues before the Court.

---

[1] Defendants' responses are due July 25.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court set Plaintiff's Motion to Amend the Scheduling Order (ECF 447) for a hearing.

Dated:  July 16, 2025                                    Respectfully submitted,

*/s/ Joshua M. Levin*
Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103)
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump (Tenn. Bar No. 038054)
Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
(337) 501-8356
court@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

* Admission *pro hac vice*

3

**CERTIFICATE OF CONSULTATION**

From July 14 to July 16, 2025, Plaintiff conferred via e-mail with all Defendants regarding the relief requested in this motion. The parties have been unable to reach an accord as to all relief requested. While the City did not object to Plaintiff's request for a hearing on ECF 447 generally, it did object to setting ECF 447 for the upcoming status conference. The remaining defendants have not responded regarding the relief sought in this motion as of this filing.

*/s/ Joshua M. Levin*