IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-SHL-atc <br> JURY DEMAND |

## CITY OF MEMPHIS'S MOTION TO COMPEL PLAINTIFF PURSUANT TO CITY'S FOURTH, FIFTH, AND NINTH REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant City of Memphis (the "City"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7.2, moves this Court for an Order compelling Plaintiff to produce documents responsive to the City's Fourth Set of Requests for Production, Fifth Set of Requests for Production, and Ninth Set of Requests for Production. The City further seeks an order compelling Plaintiff to produce for forensic testing, sampling, and/or examination a number of items in Plaintiff's possession, custody, or control.

In support of this Motion, the City states that as follows:

1.      Plaintiff's baseless objections to the Ninth RFPs are improper because the items requested are relevant to the claims and defenses in this case and may bear directly on Plaintiff's account of events and damages.

2.      Plaintiff's objections on the basis of overbreadth, relevance, and burden with regard to Request Nos. 46–126 and 133–141 are improper because these Requests seek information about individuals specifically identified by Plaintiff in her First Amended Complaint, her Rule 26(a)(1) disclosures, and/or her own discovery requests.

3.      Plaintiff's responses to Request Nos. 127–129 are deficient because these Requests seek communications between Plaintiff (including her counsel) and third-parties related to the present litigation. Specifically, the City is entitled to any communications Plaintiff has had with the Court, including clerks or other staff members, as *ex parte* communications are improper. Additionally, because the Plaintiff has repeatedly stressed the importance of the connection between the DOJ's pattern or practice investigation[1] and this litigation, the City's narrowly tailored requests for communications and documents exchanged with the DOJ are both relevant and proportional.

4.      Finally, Plaintiff's responses and objections are improper for the additional reasons that they (1) improperly assert a number of privileges, (2) hedge by asserting that materials are "publicly available" or within the City's possession; (3) fail to state whether documents are being withheld; (4) fail to identify which documents are responsive to which requests,

---

[1] The findings report issued based upon this investigation has been officially withdrawn in its entirety due to concerns of reliance on flawed methodology and incomplete data.

5.  The City further relies on its Memorandum of Law in Support of this Motion, which is being filed under seal contemporaneously with this Motion.

The City respectfully requests the Court enter an Order compelling Plaintiff to produce responsive documents and produce items for further testing, sampling, and/or examination.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis,
Chief Cerelyn Davis in her Individual
Capacity, and Dewayne Smith as Agent of
the City of Memphis*

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, certify that in April of 2025, the parties conferred on Plaintiff's objections to the Fourth and Fifth RFPs through letter correspondence and email. The parties are at an impasse as to these Requests. Additionally, the parties held a virtual meeting on Plaintiff's objections to the Ninth RFPs on July 16, 2025, but the parties did not reach an agreement as to the Request 161.

*s/ Bruce McMullen*
Bruce McMullen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all other counsel of record and the Guardian Ad Litem via the Court's ECF system on July 17, 2025.

s/ *Bruce A. McMullen*