IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-SHL-atc <br> JURY DEMAND |

## THE CITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER

Defendants the City of Memphis (the "City") and Chief Cerelyn J. Davis in her individual capacity ("Chief Davis") (collectively, the "City Defendants") hereby submit their Response in Opposition to Plaintiff's Motion to Amend Scheduling Order.

The City has not caused delay in this case, nor has the City obstructed the discovery process. The opposite is true. In the 2+ years this litigation has been pending, the City has made **40 document productions**, comprising over **460,000 pages of documents** including over **4,000 presentations**, over **3,200 emails**, almost **2,000 spreadsheets**, and approximately **7,000 audio and video files**. Additionally, the City is continuously collecting and reviewing materials to be produced on an ongoing basis. MPD has dedicated entire staff positions to focusing on assisting

1

the City's counsel with document collection and production, pulling them away from their regular job duties to do so.

In contrast, in the calendar year of 2025, **Plaintiff has taken only one deposition.** In fact, **Plaintiff has taken only two depositions in the last eleven months.** Plaintiff's efforts with regards to discovery could hardly be described as "unflagging."

To be clear, this is not the first time Plaintiff has sought to delay this case by extending the deadlines in the scheduling order. In November 2024, Plaintiff requested—and received—a new Scheduling Order extending all deadlines in the case by approximately nine months. *See* ECF Nos. 247 and 276.

Now, with discovery coming to a close on August 29, 2025, Plaintiff seeks another five to six months to litigate her case. *See* Plaintiff's Motion to Amend the Scheduling Order, which is opposed by all defendants in this case. (ECF No. 447.) In other words, for the second time in less than a year, Plaintiff has requested additional time to take discovery.

In ***Plaintiff's own request*** to delay the deadlines in this case, Plaintiff blames the City, arguing that the City has engaged in obstructionist conduct to prevent her from taking *Monell* discovery. Plaintiff's Motion to Amend the Scheduling Order also expresses frustration that the Court has yet to rule on a number of motions, but then seemingly blames this frustration on the City and takes issue with the City for appropriately exercising its right to seek relief and/or intervention by way of motion practice. Interestingly, however, Plaintiff has now filed a Motion to Continue a Status Conference set for the purpose of moving forward on the pending motions—a Status Conference set in response to a Joint Motion by Plaintiff and the City that was originally proposed ***by the City***.

2

Plaintiff's Motion to Amend is fraught with unfair mischaracterizations and convenient omissions, all in an effort to cover Plaintiff's counsel's failure to effectively and efficiently engage in discovery. Plaintiff cannot establish good cause to support the Motion, and it should, therefore, be denied.

**I.      The City Has Not Obstructed Plaintiff's Discovery Efforts.**

Plaintiff's counsel makes unfounded accusations and blatant mischaracterizations of the City's conduct during discovery in this matter. The Motion to Amend the Scheduling Order bloviates on the City's supposed obstruction of Plaintiff's discovery efforts. What the Motion fails to address, however, is that for all discovery requests, the City produced responsive documents, committed to producing responsive documents in a future production, or lodged appropriate objections to individual requests. Appropriate objections to requests for production of documents do not constitute obstruction or obfuscation. This is standard practice in litigation.

To the extent that a party disagrees with an objection, the path to enforcing such discovery is clear: (1) request and conduct a meet-and-confer (in writing, via phone/ videoconference, or otherwise) in an effort to compromise or otherwise find resolution of the issue without court intervention; (2) if resolution is not possible, the requesting party may file a motion asking the court to resolve the dispute; (3) the parties litigate the issue; and (4) the court issues a ruling. This is what occurred here. The fact that Plaintiff's counsel dragged out step one in the process before moving to step two, specifically with regard to Request for Production No. 133, certainly does not signify delay on the City's part. Likewise, the fact that one party or the other chose to litigate an issue and the Court has yet to rule cannot be characterized as delay or obstruction on the City's behalf.

In fact, the City's conduct following the Court's April 11 ruling on Plaintiff's discovery motion shows just how diligent and timely the City has been. Just three weeks after the Court's

3

ruling, the City and MPD devised systems and reassigned personnel in order to accomplish an enormously burdensome production. While the City anticipated completing production by mid-July, the City completed its production of all but a small handful of documents and videos in early July, *two weeks ahead of schedule*.

In the Motion to Amend the Scheduling Order, Plaintiff sets out the City's production timeline for RFP 133, but Plaintiff omitted several productions. (*See* ECF No. 447, PageID 6184.) The corrected production timeline is set forth below[1]:

| Date | Number of video links produced containing over 7000 videos total | Documents produced responsive to RFP 133 |
|---|---|---|
| May 2 | 85 | 270 pages / 5 documents |
| May 9* | 0 | 234 pages / 21 documents* |
| May 11 | 9 | 0 |
| May 16 | ~~31~~ 30 | 0** |
| May 22 | ~~60~~ 61 | 0 |
| May 27 | 63 | 0 |
| June 2 | ~~56~~ 57 | 0 |
| June 6 | 0 | 2,614 pages / 646 documents |
| June 9 | 28 | 0 |
| June 15 | 104 | 0 |
| June 16 | 92 | 3,813 pages / 992 documents |
| June 20 | 0 | 3,691 pages / 730 documents |
| June 24 | 198 | 0 |
| June 30 | 145 | 0 |
| July 1 | 85 | 0 |
| July 2 | 0 | 13,299 pages / 3,407 documents |
| July 14 | 3 | 0 |

*This production included a total of 1997 pages / 233 documents, but the remainder of the production was responsive to other requests.

**The City produced 1,689 pages / 111 documents responsive to other requests on May 16.

Plaintiff's claims of delay and obstruction not only have no basis, but also, they are contrary to the conduct of the City during the course of discovery.

---

[1] Items omitted from Plaintiff's chart are highlighted in blue.

4

**II.     Plaintiff Has Had Ample Time to Conduct *Monell* Discovery.**

As the City has expressed herein and in prior filings, any delay in the progress of this case is the result of Plaintiff's counsel's reluctance to seek Court resolution on discovery disputes, as would be the normal course of action when two parties are at issue. Plaintiff has had ***over twenty-seven months*** to conduct and enforce discovery. Plaintiff filed her Complaint on April 19, 2023, and she issued her first set of written discovery on October 3, 2023. By the end of 2024, the City had made twenty-one document productions, including over 4,200 documents; almost 4,000 presentations; over 3,000 emails; almost 2,000 spreadsheets; over 650 images; and over 350 audio or video files.

Plaintiff argues that the testimony given at the *Bean* trial caused her to re-evaluate her case strategy, including filing an Amended Complaint and issuing almost 150 additional document requests. Even still, Plaintiff has had approximately ten months since the conclusion of the *Bean* trial to conduct this additional discovery. Instead, Plaintiff's counsel has chosen to force unproductive meet-and-confer meetings and has repeatedly refused to compromise—even when the compromise is Court-ordered. This pattern of conduct pre-dates the First Amended Complaint, yet Plaintiff accuses the City of delay with regard to a document request, RFP No. 133, issued *just days before* Plaintiff moved to file an Amended Complaint.

Finally, it is worth noting that the operative scheduling order is entirely of Plaintiff's own design. Plaintiff proposed the current schedule, which provided for an additional nine months of discovery. The Court adopted the schedule upon Plaintiff's assurances that such a large extension would be required to complete her *Monell* discovery in light of the *Bean* trial. In fact, Plaintiff requested such a large extension, *inter alia*, to ensure that she would have the ample time needed to complete discovery without needing to request an another extension.

5

### III. The Issue of the 880 Incidents Was Litigated, the Court Approved a Solution, and the City Has Complied with the Court's Order.

The Motion to Amend repeatedly grouses the City's production of documents and videos for the approximately 880 incidents produced in response to Plaintiff's request for all documents exchanged with the DOJ in connection with its pattern or practice investigation. The Motion, however, omits several key facts:

1. The City was ordered by the Court to produce all documents and videos with the knowledge that (a) time was a concern for Plaintiff and (b) production would be a time and labor-intensive effort by the City. (*See* April 11 Hearing Transcript, ECF No. 389, PageID 5876, ll. 22-23.)

2. The Court ordered the City to provide a status update one week after the hearing on this issue outlining its progress and plans for completing production. The City filed this status update on April 18. (ECF No. 392.)

3. Plaintiff improperly objected to the City's Status Update on April 21, in part based on the City's proposed timing of production. (ECF No. 396.)

4. On April 30, with leave from the Court, the City filed a reply to Plaintiff's objections to clarify several misunderstandings. (ECF Nos. 399, 405.)

5. The Court never addressed Plaintiff's objections raised in her April 21 filing.

6. On July 2, the City completed its production of all but a handful of documents and videos two weeks ahead of schedule.

7. At a hearing on July 3, the City updated the Court on the completion of its production efforts, and the Court expressed no concern about the timing of the production.

Again, the City has complied with its discovery obligations, over its own objections and despite the enormous burden of doing so. Thus, Plaintiff cannot establish delay by the City in support of her Motion to Amend.

6

4904-1605-4614

IV.   **The City Is Under No Obligation to Disclose Its Affirmative Defenses While Its Motion to Dismiss Is Pending.**

The City has not caused delay by declining to disclose its affirmative defenses while its Motion to Dismiss remains pending. The City's position on this issue comports with standard procedure. In short, the Federal Rules of Civil Procedure place no duty on any defendant to disclose any of their affirmative defenses, or otherwise file a responsive pleading, until a court denies all or part of a motion to dismiss. For Plaintiff to suggest that the City exercising its rights under the Federal Rules has created delay is not only misleading and improper, but also, it is certainly not grounds upon which the City should be blamed for the case not progressing.

The City fully outlined its position on this issue in its Response in Opposition to Plaintiff's Motion to Schedule Defense Pleading of Affirmative Defenses, and it incorporates by reference all arguments made therein. (*See* ECF No. 312.)

V.   **The Claims Against Chief Davis Are Identical to the Claims Against the City, and a Stay as to All Discovery to Chief Davis Is Proper.**

Again, Plaintiff accuses the City of delay when the real issue is her frustration with the normal litigation process. Chief Davis disagrees with Plaintiff that Chief Davis should be subject to discovery, whether through Rule 34 as a party or Rule 45 as a non-party. Chief Davis has maintained this position since Plaintiff filed an Amended Complaint naming Chief Davis as a party in her individual capacity, and Chief Davis is confident in the authority supporting this position. Consequently, Chief Davis has filed appropriate motions with the Court seeking relief from Plaintiff's discovery, and Chief Davis incorporates by reference all arguments made therein. (ECF Nos. 303, 348, 409.) The fact that the Court has not issued a ruling on these motions does not constitute delay on the part of Chief Davis. It thus bears repeating: For Plaintiff to suggest that Chief Davis exercising her rights under the Federal Rules has created delay is not only

misleading and improper, but also, it is certainly not grounds upon which Chief Davis should be blamed for the case not progressing.

VI.  **Plaintiff Utterly Failed to Prosecute Her Case, and No Additional Time Is Needed to Proceed to Dispositive Motions and Trial.**

Plaintiff has had ample time to conduct discovery in this case. Plaintiff has failed to prosecute her case for two years. As noted *supra*, Plaintiff has taken just two depositions in the past eleven months. In fact, Plaintiff has routinely scheduled, then cancelled, numerous depositions, including the deposition of Chief Davis that was scheduled for November 2024, the deposition of Deputy Chief Paul Wright scheduled for October 2024, and all of the Rule 30(b)(6) depositions. To date, Plaintiff has still not taken a corporate representative deposition of the City of Memphis.

Moreover, Plaintiff has only deposed two of the named individual defendants: Lt. Dewayne Smith and Preston Hemphill. In the 2+ years that this case has been pending, Plaintiff still has not deposed defendants Michelle Whitaker, Jamichael Sandridge, or Robert Long.

In short, Plaintiff's counsel's choices are the reason for the delay in this case, and the Court should not allow Plaintiff to continue delaying the outcome of this case. Plaintiff has had ample time to complete discovery, but Plaintiff chose instead to hyperfocus on a rabbit trail of videos that the DOJ may or may not have reviewed in furtherance of its investigation and findings, that have since been retracted as unreliable and flawed.

For these reasons, the City and Chief Davis respectfully request the Court deny Plaintiff's Motion to Amend Scheduling Order.

4904-1605-4614

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*

Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all other counsel of record and the Guardian Ad Litem via email on July 17, 2025.

 s/ *Bruce A. McMullen*

4904-1605-4614