IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ROWVAUGHN WELLS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02224-SHL-atc |
| | ) | |
| THE CITY OF MEMPHIS, et al., | ) | |
|     Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY ON PROCEEDINGS**

Before the Court is Plaintiff RowVaughn Wells' Motion to Lift Stay on Proceedings, filed June 5, 2025. (ECF No. 426.) Defendant Demetrius Haley responded on June 8. (ECF No. 427.) The next day, Defendant Justin Smith adopted Haley's response. (ECF No. 428.) Defendant Emmitt Martin III responded on June 19. (ECF No. 435.) On June 16, 2025, Plaintiff filed a Motion for Extension of Time to File Motion for Leave to File Reply, explaining that she anticipates "seeking leave under Rule 7.2(c) to file a single omnibus reply to the responses filed by all defendants to her motion to lift the Fifth Amendment stay," as "the filing of a single motion for leave and single proposed reply, done after all the defendants have filed their responses, will promote both efficiency and fairness." (ECF No. 433 at PageID 6143.) Given the change in circumstances, including the assumptions upon which Wells' Motion was based, no reply is necessary.

Wells' Motion seeks relief from the September 21, 2023 order entered by Judge Mark S. Norris which, among other things, granted a total stay as to Defendants Haley, Martin, Mills, Bean, and Justin Smith. (ECF No. 110.) The order explained that "[t]his matter, to include all

pending and future discovery propounded on these Defendants and all efforts to resolve this matter through alternative means, is **STAYED** as to these Defendants." (Id. at PageID 933.)

In the Motion, Plaintiff asserts that "[t]he time has come to lift the stay of proceedings for the defendant officers in this case," as "[t]he officers will all be sentenced in the coming weeks, with the last sentencing occurring on June 18. After that, their criminal cases will end." (ECF No. 426 at PageID 6120.)

In his response, Haley asserts that lifting the stay would be prejudicial to him, as he "has maintained his silence through two criminal trials," and "has never even hinted at a waiver of his Fifth Amendment privilege." (ECF No. 427 at PageID 6134.) Lifting the stay would make him "subject to a deposition where he would be faced with the choice of answering a question in a way that would self-incriminate; or claim his Fifth Amendment privilege and allow the civil jurors to let their imaginations run wild." (Id.) In adopting Haley's position, Justin Smith asserts that "Plaintiff's right to take a deposition or send written discovery to one of the indicted defendants should not in any way, shape, or form trump the constitutional protections which are in place for those defendants." (ECF No. 428 at PageID 6137.) In his response, Martin also argues against lifting the stay, asserting that "the recommended prudent path forward in this cause is to hold in place the stay as it relates to Martin until such time as his sentencing in state and federal court is completed." (ECF No. 435 at PageID 6150.)

Since the filing of Plaintiff's Motion, Judge Norris recused himself from the criminal matter, and both that case and this one have been transferred to the undersigned. (See ECF No. 438; United States of America v. Martin, III et al., 2:23-cr-20191 (ECF No. 854).) On June 16, the criminal case's sentencing hearings, which were set to take place June 16 through 18, were canceled (2:23-cr-20191, ECF No. 855), and have since been reset for the week of December 15,

2

2025 (id., ECF No. 912). At the most recent status conference in the criminal matter, the Court also explained that, before it sentenced Defendants in the criminal case, it would rule on the pending motions for new trial.

When Judge Norris initially granted the stay he explained that,

> When determining whether to grant a stay due to a pending criminal proceeding, courts generally consider six factors:
>
>> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

(ECF No. 110 at PageID 922 (quoting F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014).) The court found that each of these factors weighed in favor of granting a stay. (See id. at PageID 927–30.)

Plaintiff argues that a consideration of those factors now weighs in favor of lifting the stay. However, Plaintiff's arguments are heavily dependent on the idea that the sentencings in the criminal matter were set to take place shortly after she filed her Motion. But the landscape has changed since the Motion was filed. As Plaintiff acknowledges, "once a defendant has been convicted and sentenced, the scales weigh decisively in favor of lifting the Fifth Amendment stay that stalled out the civil case against them." (ECF No. 426 at PageID 6123.) She also "notes that courts applying [the multi-factor test] have broadly treated a criminal defendant's sentencing as the decisive moment that tips the equities in favor of lifting stays in civil cases." (Id.)

The recent developments in the underlying criminal case, most relevantly the resetting of the sentencings, but also the motions for new trials, have rendered Plaintiff's request to lift the

3

stay premature. For that reason, the Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff's Motion for Extension of Time to File Motion for Leave to File Reply is correspondingly **DENIED AS MOOT**.

    **IT IS SO ORDERED,** this 29th day of July, 2025.

                                                  s/ Sheryl H. Lipman
                                                  SHERYL H. LIPMAN
                                                  CHIEF UNITED STATES DISTRICT JUDGE