IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-SHL-atc <br> JURY DEMAND |

**CITY OF MEMPHIS'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY**

Defendant the City of Memphis (the "City") hereby submits its Response in Opposition to Plaintiff's Motion for Leave to File Reply Brief in support of Plaintiff's Motion to Amend Scheduling Order. (ECF No. 457.) A reply brief is unwarranted in this instance because the record contains a thorough accounting by both Plaintiff and the City of the case history relevant to the present dispute. Additionally, the City's Response in Opposition to the Motion to Amend Scheduling Order does not raise any new issues for which Plaintiff needs to respond. Consequently, Plaintiff's Motion for Leave to File Reply Brief should be denied.

In further support, the City states as follows:

1

I.      **Legal Standard for Reply Arguments**

"[T]he purpose of a reply brief is to allow the movant to rebut the nonmovant's response, thereby persuading the Court that the movant is entitled to the requested relief." *Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S., Inc.*, No. 3:12-CV-00575, 2013 WL 1736643, at *1 (M.D. Tenn. Apr. 19, 2013) (quoting *Galderma Labs., L.P. v. Actavis Mid Atl. LLC,* No. 4:06–CV–471–Y, 2008 WL 3822622, at *1 (N.D.Tex. July 23, 2008)). Courts "necessarily may consider new arguments in a movant's reply <u>where those arguments address issues raised **for the first time** in the nonmovant's response.</u> *Id.* (emphasis added) (citing *Eagle Servs. Corp. v. H20 Indus. Servs, Inc.,* No. 2:02CV36PRC, 2005 WL 1429279, at *8 (N.D.Ind. June 8, 2005)).

In this district, it is "the general rule that a party must obtain court approval to reply." *Young v. Dep't of the Treasury*, No. 2:19-CV-02384-TLP-dkv, 2020 WL 354756, at *2 (W.D. Tenn. Jan. 21, 2020) (citing Local Rule 7.2(c)). Additionally, as this Court has recognized, **submission of a proposed reply prior to being granted leave to file such a reply is improper.** *Miller v. Tiger Style Corp.*, No. 218CV02275SHLDKV, 2018 WL 6566598, at *2 n.4 (W.D. Tenn. Oct. 15, 2018) ("Styling what is essentially a reply memorandum in fact as a 'proposed reply' on the docket is the functional filing equivalent of sending a wooden horse into the City of Troy. The Motion . . . innocuously asks the Court for permission to gainsay Defendants' last filings, but the content of the 'proposed' reply then disingenuously springs forth in surprise attack during the motion's pendency, forcing Defendants—and attempting to force the Court—to expend valuable time and resources . . . .")

II.     **The Case History Is Adequately Recounted in the Record.**

Plaintiff argues that a reply brief is necessary because "so much of what underlies the requested extension of discovery involves detailed case history." (ECF No. 457, PageID 6450–51.) However, the case history regarding the parties' various discovery disputes is already

2

discussed *ad nauseum* in the record, particularly in Plaintiff's own filings. For example, in Plaintiff's March 4, 2025 Motion to Compel and for Court Case Management, Plaintiff details her version of events regarding the discovery disputes at issue for the majority of the nineteen-page Motion to Compel. (*See* ECF No. 324.) The same can be said, at a minimum, for Plaintiff's January 10, 2025 Motion to Compel (ECF Nos. 279, 281); Plaintiff's Reply in Support of the January 10 Motion to Compel (ECF No. 326); Plaintiff's Position Statement regarding certain discovery disputes (ECF No. 378-1); Plaintiff's Response to City of Memphis's Status Report and Request for Hearing (ECF No. 396); Plaintiff's Response in Opposition to the City of Memphis's Motion for Protective Order (ECF No. 437); and the current motion, Plaintiff's Motion to Amended Scheduling Order (ECF No. 447).

Thus, any additional recounting of case history would be redundant and meaningless at this juncture.

**III.    The City Has Not Raised New Arguments, and Plaintiff Has Already Responded to the City's Arguments Elsewhere in the Record.**

Plaintiff's Motion for Leave makes the additional argument that a reply brief is needed for Plaintiff to respond to the City's arguments related to "the parties' prior dealings in discovery." However, as a practical matter, the City's Response did not raise new arguments, and Plaintiff has already responded to the lion's share of the points raised in the City's Response in prior filings.

For example, the City's first argument addresses Plaintiff's accusations of obstruction and delay of discovery. (ECF No. 455, PageID 6441–42.) Plaintiff has provided her position on this very issue in at least the following filings: Plaintiff's January 10, 2025 Motion to Compel (ECF Nos. 279, 281); Plaintiff's March 4, 2025 Motion to Compel and for Court Case Management (ECF No. 324); Plaintiff's Reply in Support of the January 10 Motion to Compel (ECF No. 326);

3

Plaintiff's Position Statement regarding certain discovery disputes (ECF No. 378-1); Plaintiff's Response to City of Memphis's Status Report and Request for Hearing (ECF No. 396); Plaintiff's Response in Opposition to the City of Memphis's Motion for Protective Order (ECF No. 437); and the current motion, Plaintiff's Motion to Amended Scheduling Order (ECF No. 447).

Likewise, the City's second and sixth arguments address Plaintiff's failure to properly and efficiently conduct her own discovery and prosecute her case. (*See* ECF No. 455, PageID 6443, 6446.) This is not the first time that the City has raised these same points. (*See* ECF Nos. 343, 378-2, 405.) Thus, at the time Plaintiff filed the Motion to Amend Scheduling Order, she was on notice of the City's position regarding her discovery efforts.

Finally, the City's fourth and fifth arguments—which are of particular salience to the ultimate issue raised here—merely refer back to prior filings regarding the issues of affirmative defenses and discovery as to Chief Davis. Thus, as the City pointed out in its Response in Opposition to the Motion to Amend, those issues were raised and fully briefed by the parties. Plaintiff has already litigated—including, as appropriate, motions, response briefs, and reply briefs—both the issue of pleading affirmative defenses and the issue of discovery as to Chief Davis. (ECF Nos. 293, 316, 386, 419; *see also* ECF No. 347, PageID 4758–63.)

Therefore, Plaintiff has already addressed the arguments raised in the City's response brief, and any reply on these issues will be redundant and futile.

IV.     **Conclusion**

For these reasons, the City respectfully requests the Court deny Plaintiff's Motion for Leave to Reply Brief in support of Plaintiff's Motion to Amend Scheduling Order. (ECF No. 457.)

4

4908-1753-2505

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record and the Guardian Ad Litem via the Court's e-filing system on August 1, 2025.

 s/ *Bruce A. McMullen*

4908-1753-2505