IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02224-SHL-atc |
| ) | |
| THE CITY OF MEMPHIS, et al., ) | |
|     Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL FOR THE CITY
DEFENDANTS**

Before the Court is Defendants the City of Memphis, Chief Cerelyn Davis, and Lt. Dewayne Smith's (collectively, the "City Defendants") Motion to Withdraw and Substitute Counsel for the City Defendants, filed April 10, 2025. (ECF No. 381.)  In the Motion,[1] the City Defendants seek to withdraw Foster Freeman as counsel of record and substitute Kelsey W. McKinney as co-counsel alongside Bruce McMullen and Jennie Silk, who are both with the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson").  (Id. at PageID 5598.)  The Motion indicates that, the same day that it was filed, Freeman left Baker Donelson for a new job with Memphis Light Gas and Water.  (Id. at PageID 5599.)  McMullen signed the Motion on behalf of the City Defendants.  (Id.)

Local Rule 83.5 governs withdrawal of counsel.  It provides:

> No attorney of record may withdraw in any case except on written motion and Court order.  All motions for leave to withdraw shall include the reasons requiring withdrawal and the name and address of any substitute counsel.  If the name of

---

[1] The Certificate of Consultation indicates that all seven of the Parties who responded to the City Defendants' counsel do not oppose the relief sought.  (Id. at PageID 5600.)  None of the Parties who did not respond filed a response opposing the Motion, and the time to do so has passed.

substitute counsel is not known, the motion shall set forth the name, address and telephone number of the client, as well as the signature of the client approving the withdrawal or a certificate of service on the client.  Ordinarily, withdrawal will not be allowed if withdrawal will delay the trial of the action.

Although the City Defendants have seemingly complied with Local Rule 83.5, they have not complied with its spirit.  An attorney cannot file a motion requesting the withdrawal of a different person.  Should Freeman need to withdraw, he must file his own motion.  The Motion is **DENIED** to the extent that it seeks to withdraw Freeman.

At the same time, the Court **GRANTS** the motion insofar as it seeks to add McKinney as additional counsel for the City Defendants.

**IT IS SO ORDERED,** this 11th day of August, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE