IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>    Plaintiff,<br>v.<br><br>The City of Memphis *et al.*,<br><br>    Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S STATUS REPORT AND NOTICE OF CORRECTION**

  Plaintiff RowVaughn Wells, through her undersigned counsel, submits this status report and notice of correction regarding Plaintiff's Response ("Resp.") (ECF 466) to the City of Memphis's ("City") Motion to Compel ("Motion" or "Mot.") (ECF 454).

  The City's July 17, 2025 Motion to Compel asked the Court, among other things, to compel Plaintiff to (1) provide a production inventory, and (2) supplement her responses to the City's Request for Production ("RFP") Nos. 46-126, 128-130, 133-134, 136-141 to state whether responsive documents are being withheld based on her objections. Mot. at 16-18. In Plaintiff's Response to the City's Motion, Plaintiff agreed to provide those items by August 28, 2025. Resp. at 19.

  On August 28, Plaintiff sent the City the requested production inventory of the documents Plaintiff has produced to date. With respect to the supplemental RFP responses, however, Plaintiff informed the City that, upon further consideration, Plaintiff could not provide the responses until after the Court has ruled on the City's Motion to Compel. In response, the City requested that Plaintiff notify the Court of this change in Plaintiff's position. The City also brought to Plaintiff's

1

attention an inaccurate statement in Plaintiff's Response, and asked Plaintiff to file a correction. This submission follows.

**Supplemental RFP Responses**

As Plaintiff has explained to the City, Plaintiff cannot provide supplemental RFP responses indicating whether responsive material is being withheld until after the Court has ruled on the underlying issue: whether the City's RFPs improperly implicate the work product doctrine and related concerns, by attempting to monitor Plaintiff counsel's investigation of this case. *See* Resp. at 10-18.

The RFPs at issue ask Plaintiff to disclose her counsel's communications with dozens of witnesses, her counsel's communications with "anyone else" about those witnesses, and "all documents" in counsel's possession related to those witnesses. *Id.* at 10-11. The RFPs are specific to each individual witness. As a result, if Plaintiff were to disclose whether she is or is not withholding documents responsive to each witness-specific RFP, she would reveal which individual witnesses her counsel have or have not been communicating with, collecting information about, and so on. This is the very work product that is privileged from disclosure in the first place. *See id.* at 10-18. The same goes for the City's RFPs seeking Plaintiff counsel's communications with the Department of Justice about this case. *See id.* at 17-18.

The underlying privilege issue remains pending with the Court. Once the Court rules on the City's Motion and addresses this issue, the parties will then be in a position to assess, in light of the Court's guidance, what form of supplemental response, if any, is appropriate.

**Correction**

In addressing the City's request for a production inventory and supplemental RFP responses, Plaintiff stated in her Response that "[t]he City brings this issue to Plaintiff's attention

2

for the first time in their motion." Resp. at 19. On August 28, 2025 at 7:03 p.m., counsel for the City notified Plaintiff's counsel that this statement was incorrect, as the City had previously made those requests in an April 1, 2025 letter. The City is right, and Plaintiff respectfully withdraws that statement.

Dated:  August 29, 2025                    Respectfully submitted,

                                           /s/ Joshua M. Levin
                                           Antonio M. Romanucci* (Ill. Bar No. 6190290)
                                           Sarah Raisch* (Ill. Bar No. 6305374)
                                           Joshua M. Levin* (Ill. Bar No. 6320993)
                                           Stephen H. Weil* (Ill. Bar No. 6291026)
                                           Sam Harton* (Ill. Bar No. 6342112)
                                           Colton Johnson Taylor* (Ill. Bar No. 6349356)
                                           **ROMANUCCI & BLANDIN, LLC**
                                           321 N. Clark St., Ste. 900
                                           Chicago, IL 60654
                                           P: (312) 458-1000
                                           aromanucci@rblaw.net
                                           sraisch@rblaw.net
                                           jlevin@rblaw.net
                                           sweil@rblaw.net
                                           sharton@rblaw.net
                                           cjohnson@rblaw.net

                                           David L. Mendelson (Tenn. Bar No. 016812)
                                           Benjamin Wachtel (Tenn. Bar No. 037986)
                                           **MENDELSON LAW FIRM**
                                           799 Estate Place
                                           Memphis, TN 38187
                                           (901) 763-2500 (ext. 103)
                                           dm@mendelsonfirm.com
                                           bw@mendelsonfirm.com

                                           Benjamin Crump (Tenn. Bar No. 038054)
                                           Brooke Cluse* (Tex. Bar No. 24123034)
                                           **BEN CRUMP LAW, PLLC**
                                           717 D Street N.W., Suite 310
                                           Washington, D.C. 20004
                                           (337) 501-8356
                                           court@bencrump.com
                                           brooke@bencrump.com

*Attorneys for Plaintiff*

\* Admission *pro hac vice*

Case 2:23-cv-02224-SHL-atc  Document 476  Filed 08/29/25  Page 4 of 4
                    PageID 6730