IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   CASE NO. 2:23-CV-02224-SHL-atc )   JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT CITY OF MEMPHIS'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S STATUS REPORT AND NOTICE OF CORRECTION AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendant City of Memphis (the "City"), pursuant to Local Rule 7.2, moves this Court for leave to file a reply brief in response to Plaintiff's Status Report and Notice of Correction (ECF No. 476) related to the City's Motion to Compel Plaintiff Pursuant to the City's Fourth, Fifth, and Ninth Requests for Production of Documents (*See* ECF Nos. 453, 454). In support of this Motion for Leave, the City states as follows:

1. On July 17, 2025, the City filed its Motion to Compel Plaintiff Pursuant to the City's Fourth, Fifth, and Ninth Requests for Production of Documents (the "Motion to Compel"). (*See* ECF Nos. 453, 454.) The Motion to Compel seeks an order compelling Plaintiff to, *inter alia*,

1

explicitly state whether documents are being withheld based on various objections asserted by Plaintiff, as required by Federal Rule of Civil Procedure 34(b)(2)(C).  (*See, e.g.*, ECF No. 453, at PageID 6211.)

    2.    Plaintiff filed her response to the City's Motion on August 7, 2025.  (*See* ECF No. 466.) In response to the City's request that Plaintiff explicitly state whether documents are being withheld based on various objections, Plaintiff stated that she "will provide supplemental responses addressing what if any response documents are being withheld within 21 days."  (ECF No. 466, at p. 19.)  Plaintiff stated the forthcoming supplementation would moot this issue.  (*Id.*)

    3.    Plaintiff's proposed supplementation was due on August 28, 2025.  (*See id.*)  On August 28, 2025 at 6:01 PM, Plaintiff emailed counsel for the City and stated that "after further consideration" she would not be providing the supplementation, as represented to this Court.

    4.    Counsel for the City responded at 7:03 PM raising concerns that, by choosing not to supplement, Plaintiff's response to the Motion to Compel made a material misrepresentation to the Court. The City also notified Plaintiff's counsel that the response to the Motion to Compel contained an additional misrepresentation related to the City's consultation efforts prior to the Motion to Compel.

    5.    In light of the two above misrepresentations, the City informed Plaintiff that a corrected brief is necessary. The City made clear that swift action was needed to correct these errors, given that the Court would be relying on the briefs and could issue a ruling at any time.

    6.    On August 29 at 5:32 PM, Plaintiff's counsel responded to the City's concerns. Plaintiff agreed to notify the Court of these representations and stated that Plaintiff would "be filing a status report and notice of correction momentarily." Plaintiff, without leave from the Court,

filed her Status Report and Notice of Correction (the "Status Report") approximately three minutes later, at 5:35 PM.¹ (ECF No. 476.)

7.  Given that Plaintiff materially altered her position regarding a key issue raised in the Motion to Compel, the City believes a response to Plaintiff's Status Report is both necessary and appropriate. However, because Plaintiff did not file a motion, nor did Plaintiff consult with the parties on the Status Report, the City is without means to file such a response as a matter of right under the Federal Rules or the Local Rules.

8.  Plaintiff's Status Report is tantamount to a supplement or amendment to her response to the Motion to Compel, and the City should be provided an opportunity to respond.

9.  Consequently, the City seeks leave from the Court to file a reply brief to Plaintiff's Status Report and in support of the Motion to Compel on the issues addressed in the Status Report.

10. Specifically, the City's reply would address Plaintiff's characterization of the City's Rule 34 requests related to individuals identified in Plaintiff's First Amended Complaint and the propriety of such requests. The reply would also expound upon the need for a privilege log in order to ascertain the propriety of Plaintiff's work product objections, that Plaintiff now asserts protects her from any further supplementation of her discovery responses.

11. The City's request in this Motion for Leave is aligned with the purpose of a reply memorandum. *See Parchman v. SLM Corp.*, No. 2:15-cv-02819-JTF-cgc, 2018 WL 11416566, at *2 (W.D. Tenn. July 3, 2018) (stating "the purpose of a reply brief is to allow the movant to rebut

---

¹ Of note, Plaintiff has exhibited a pattern of disregarding the procedural rules for filing arguments in favor of her position on various issues with the Court. (*See* ECF No. 249, PageID 2918–23; ECF No. 396; ECF No. 405, PageID 5958, n.2.) The City understands the filing of the Notice of Correction, as Plaintiff has an obligation to correct misstates made to the Court. However, the City is unaware of any support for a party filing its own individual "status report" without any prompting from the Court.

3

4904-7416-2532

the non-movant's response, thereby persuading the Court that the movant is entitled to the requested relief").

12. Good cause exists to support this motion for leave. For the City to fully and adequately address the issues raised in Plaintiff's Status Report, which alter Plaintiff's position as stated in her response to the Motion to Compel, a reply brief is necessary. Moreover, the City's request for leave to file a reply brief in response to Plaintiff's Status Report is not being filed for purposes of delay or any other unjust purpose. If allowed, the City intends to file its reply brief within seven days of the entry of an Order granting this Motion for Leave.

13. The City's Motion for Leave is unopposed. On August 29, 2025, the City consulted all parties to this lawsuit to inquire as to their position on the relief requested herein. Counsel for Plaintiff, Defendant Whitaker, Defendant Justin Smith, Defendant Hemphill, Defendant DeWayne Smith, and Defendant Long have indicated that they are not opposed to the relief requested in this motion. The remaining parties have not responded to the City's request for consultation.

Dated: September 2, 2025.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*

Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis,
Chief Cerelyn J. Davis in her Individual*

4904-7416-2532

*Capacity, and Dewayne Smith as Agent of the City of Memphis*

### CERTIFICATE OF CONSULTATION

I, Bruce McMullen, certify that on August 29, 2025, Kelsey McKinney, counsel for the City of Memphis, conferred with counsel for all parties via email regarding this Motion for Leave. The parties were asked whether they oppose the requested relief. A chart detailing the parties' responses is below:

| Party | Responding Counsel | Opposition? |
|---|---|---|
| Plaintiff | Josh Levin | No |
| Long | Darrell O'Neal | No |
| Hemphill | Betsy McKinney | No |
| D. Smith | Betsy McKinney | No |
| Whitaker | Jarrett Spence | No |
| Sandridge | No response | n/a |
| Haley | No response | n/a |
| Bean | No response | n/a |
| Martin III | No response | n/a |
| Mills, Jr. | No response | n/a |
| J. Smith | Martin Zummach | No |

*s/ Bruce McMullen*
Bruce McMullen

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record and the Guardian Ad Litem via the Court's electronic filing system on September 2, 2025.

*s/ Bruce McMullen*
Bruce McMullen

4904-7416-2532