# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 2:23-CV-02224-SHL-atc |
| THE CITY OF MEMPHIS, TENNESSEE; CHIEF CERELYN DAVIS; EMMITT MARTIN III; DEMETRIUS HALEY; JUSTIN SMITH; DESMOND MILLS, JR.; TADARRIUS BEAN; PRESTON HEMPHILL; ROBERT LONG; JAMICHAEL SANDRIDGE; MICHELLE WHITAKER; AND DEWAYNE SMITH, ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF THE CITY OF MEMPHIS AND DEWAYNE SMITH AS AN AGENT OF THE CITY

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendants the City of Memphis (the "City") and Lt. DeWayne Smith ("Lt. Smith"), as an agent of the City of Memphis ("Lt. Smith") (collectively, the "City Defendants"), submit that the following material facts are undisputed and establish that the City Defendants' entitlement to judgment as a matter of law with respect to Plaintiff RowVaughn Wells' ("Plaintiff") individual claims alleged in Counts XXVII, XXVIII, and XXIX of the First Amended Complaint.

1.  On January 7, 2023, Mr. Nichols had an encounter with several officers from the Memphis Police Department (the "Incident"). (*See generally* Am. Compl., ECF No. 277.)

1

2. On January 7, 2023, Lt. Smith spoke with Plaintiff and her husband, Mr. Wells, at their residence (the "Conversation"). (Am. Compl., ¶¶ 241–42)

3. The Conversation was captured in its entirety on Defendant Desmond Mills' body worn camera. Mills' Body Worn Camera Video, submitted as <u>Exhibit 1</u>; Transcript of Mills' Body Worn Camera Video, attached as <u>Exhibit 2</u>.

4. The entire Conversation, from when Lt. Smith knocked on the door of Plaintiff's residence until he left, lasted less than four minutes. Exs. 1, 2.

5. The Conversation is the only interaction Plaintiff has had with Lt. Smith related to the Incident. *See* RowVaughn Wells' Deposition Transcript ("Wells Tr."), attached as <u>Exhibit 5</u>, at 221:14-19, 318:1-20.

6. Plaintiff sees a general physician for regular health and women's health checkups. Plaintiff's Response to Interrogatory No. 21, attached as <u>Exhibit 3</u>, at 7; Plaintiff's Supplemental Response to Interrogatory No. 21, attached as <u>Exhibit 4</u>, at 2.

7. Plaintiff's general physician has not provided any medical treatment to Plaintiff related to her interaction with Lt. Smith or the Incident. Wells Tr., Ex. 5, at 276:6-20; *see also* Ex. 3, at Interrog. No. 21, Ex. 4, at Interrog. No. 21.

8. Plaintiff has not produced any medical records from her general physician. See Declaration of Angela Morris ("Morris Decl."), attached as <u>Exhibit 13</u>, at ¶ 6.

9. Plaintiff has received treatment from providers at Compassion Mental Health ("Compassion"), including Dr. Charles Hubbert. *See generally* Compassion Records, attached as <u>Exhibit 6</u>.

10. Plaintiff began receiving treatment at Compassion from Dr. Hubbert and other providers sometime between January 2023 and June 2023. *Compare* Ex. 3, at Interrog. 21

(stating earliest visit in January 2023) *with* Compassion Records, Ex. 6, at COMPASSION_0000019–022, 027–028 (showing earliest visit as June 21, 2023) *and* Ex. 6, at COMPASSION_0000025 (showing service date of June 19, 2023); Plaintiff's Various Medical Records, attached as <u>Exhibit 7</u>, at Wells_004419 (same).

11. Between June 2023 and January 2024, Plaintiff received treatment approximately thirteen times from one of several providers at Compassion. *See* Ex. 6.

12. In January 2024, Plaintiff returned to work and stopped appointments with her Compassion provider, but she resumed her appointments in or around August 2024. *See* Ex. 3, at Interrog. No. 21; Ex. 5, at 25:10-13.

13. According to her treatment notes from her November 2, 2023 visit at Compassion, Plaintiff reported that she began experiencing symptoms of depression and anxiety "with the traumatic death of her son." *See, e.g.*, Ex. 6, at COMPASSION_0000002.

14. Plaintiff has experienced a variety of stressors associated with Mr. Nichols' death. *See* Ex. 6, at COMPASSION_0000002–003 (describing trauma stressors, marital stressors, legal stressors, work stressors, and family stressors); COMPASSION_0000007, 011, 016, 020 (same).

15. Plaintiff's records from Compassion do not reference any interaction between Plaintiff and Lt. Smith on January 7, 2023. *See generally* Ex. 6.

16. Beginning on March 28, 2024, Plaintiff received treatment for back pain at OrthoSouth Orthopedic Clinic ("OrthoSouth") from Dr. Riley Jones and other providers. *See* Ex. 4, at Interrog. No. 21; OrthoSouth Records, attached as <u>Exhibit 8</u>, at OrthoSouth_000001–004.

17. Plaintiff had intermittent problems with back pain prior to the Incident or any interaction with Lt. Smith. *See* Ex. 8, at OrthoSouth_000001.

18. Plaintiff has "always had some back pain." *See* Ex. 8, at OrthoSouth_000001.

3

19. According to Plaintiff's physical therapy records, Plaintiff's Injury/Onset Date for back pain is April 22, 2022. *See* Ex. 8, at OrthoSouth_000055.

20. During her first appointment with OrthoSouth on March 28, 2024, Plaintiff was diagnosed with degenerative scoliosis and spondylosis in the thoracic and lumbar spine. Ex. 8, at OrthoSouth_000002–003.

21. Plaintiff's records from OrthoSouth do not reference Lt. Smith or the Incident. *See* Ex. 8, at OrthoSouth_000001–061.

22. Plaintiff voluntarily resigned from First Horizon Bank and began an early retirement in December 2023. Bank Employment Records, attached as Exhibit 9.

23. Plaintiff's employment records do not attribute any emotional distress she may have suffered to her interaction with Lt. Smith. Ex. 9.

24. Plaintiff's medical records from Compassion Mental Health have been authenticated by the notarized affidavit of the custodian of records. *See* Compassion Affidavit, attached as Exhibit 10.

25. Plaintiff's medical records from OrthoSouth have been authenticated by the notarized affidavit of the custodian of records. *See* OrthoSouth Affidavit, attached as Exhibit 11.

26. Plaintiff has stipulated to the authenticity of the Compassion Mental Health, OrthoSouth, and First Horizon records, along with others. A copy of the email conveying this stipulation is attached as Exhibit 12. Plaintiff, along with the other parties, have reserved the right to challenge these records on grounds other than authenticity. *Id.*

          Respectfully submitted,

          **BAKER, DONELSON, BEARMAN,**
          **CALDWELL & BERKOWITZ, P.C.**

          *s/ Bruce McMullen*
          Bruce McMullen (#18126)
          Jennie Vee Silk (#35319)
          Kelsey W. McKinney (#40434)
          165 Madison Avenue, Suite 2000
          Memphis, Tennessee 38103
          Telephone: (901) 526-2000
          bmcmullen@bakerdonelson.com
          jsilk@bakerdonelson.com
          kmckinney@bakerdonelson.com

          *Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*

4924-5449-3288