IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No. 2:23-cv-02224-SHL-atc |
| THE CITY OF MEMPHIS, a municipality, *et al.*, | ) ) ) ) | |
| **Defendants.** | ) | |

**ORDER GRANTING THE CITY'S MOTION
CONCERNING THE T-MOBILE RECORDS**

Before the Court is Defendant City of Memphis's ("the City") Motion for Revision of Interlocutory Order Regarding Destruction of Documents, filed on October 3, 2025. (ECF No. 487.) On September 26, 2025, the Court entered its Order on Motion for Protective Order, Motion to Seal, and Motion to Vacate, which, among other things, granted Plaintiff RowVaughn Wells's Motion for Protective Order as to a subpoena that the City issued to T-Mobile for various telephone records because that subpoena violated the Stored Communications Act. (ECF No. 483, at 9.) Because T-Mobile had already produced records in response to the City's subpoena, the Order directed the City to destroy the records within fourteen days—that is, by October 10, 2025. (*Id.*)

In its Motion, the City asks that it not be required to destroy the T-Mobile records, pending T-Mobile's response to a subpoena that Chief Cerelyn Davis issued to T-Mobile in her individual capacity on September 29, 2025, that is "substantially similar" to the subpoena

discussed above. (ECF No. 487-1, at 3.) The documents that will be produced in response to Chief Davis's subpoena may not be substantially similar to those already produced to the City, however, because, according to the City, T-Mobile has a twenty-four-month records-retention policy. As such, the production of T-Mobile records in the City's possession may be the only copy of those documents still in existence. (*Id.*; ECF No. 487-3.)

The Motion's Certificate of Consultation states that Wells "does not object to the City preserving the T-Mobile records, pending T-Mobile's response to Chief Davis's subpoena, for the limited purpose described in your [consultation] email below." (ECF No. 487, at 2.)

Because the City's Motion is unopposed and for good cause shown, the Motion is GRANTED. The City may refrain from destroying the T-Mobile records in its possession at this time. Within seven days of receiving T-Mobile's response to Chief Davis's subpoena, the City shall file a notice stating whether T-Mobile's retention policy prevented T-Mobile from producing any responsive documents and whether those documents are understood to be included in the prior T-Mobile production to the City. If necessary, and after consultation with counsel for Wells, the City may move for permission to permanently retain and access its version of the T-Mobile records.

SO ORDERED this 7th day of October, 2025.

s/Annie T. Christoff<br>ANNIE T. CHRISTOFF<br>UNITED STATES MAGISTRATE JUDGE