UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RowVaughn Wells,

      Plaintiff,

v.

City of Memphis *et al.*,

      Defendants.

Case No. 2:23-cv-02224-SHL-ATC

**PLAINTIFF'S PARTIAL OPPOSITION TO CERTAIN DEFENDANTS'
MOTION FOR EXTENSION OF TIME (ECF 489)**

Plaintiff, through her undersigned counsel, submits this response in partial opposition to ECF 489, the motion filed by Defendants City of Memphis and Chief C.J. Davis seeking an extension of three extra weeks to file their answers to Plaintiff's complaint in this case, from October 14, 2025 to November 4, 2025.

Plaintiff does not object to an extension of time for Memphis and Davis to answer Plaintiff's allegations in the complaint—an accommodation her counsel offered to Memphis and Davis before they filed the extension motion, but which these defendants have evidently rejected. Plaintiff does object, however, to extending the time for Memphis and Davis to plead their affirmative defenses and the facts supporting them. In August, the Court told Memphis and Davis that they should "be prepared" to answer Plaintiff's *entire* complaint within 14 days after the Court issued its Rule 12 order. Their request for a multi-week extension, even when Plaintiff has asked only that they plead their affirmative defenses and supporting facts on time, makes plain that these defendants did not heed the Court's admonition. The relief that Memphis and Davis seek now is not supported by good cause, and given the short period left to complete discovery, it will result in considerable prejudice to Plaintiff. The motion should be denied.

1

## BACKGROUND

Plaintiff filed her original complaint in this case in April 2023. She filed an amended complaint on January 3, 2025. Because motions to dismiss by Memphis and Davis to both complaints were pending for years, neither defendant pleaded their affirmative defenses or identified the facts supporting them. In order to ensure that there was sufficient time to conduct discovery regarding the factual basis for whatever affirmative defenses these defendants might assert, Plaintiff filed a motion in February 2025 to have the defendants plead their affirmative defenses and the factual bases supporting them while their motions to dismiss in the case remained pending. *See* ECF 293. Both Memphis and Davis opposed this motion, insisting that they should only have to plead their affirmative defenses when and if their Rule 12 motions were denied. *See* ECF 312.

The Court addressed Plaintiff's motion at the August 11, 2025 hearing in this case. *See* ECF 475 (Aug. 11, 2025 Hr'g Tr.) The Court explained that it would be denying the motion. In doing so, however, the Court agreed that Plaintiff had good reason to bring it in the first place—and the Court told the defendants, in no uncertain terms, that it expected them to answer Plaintiff's complaint within 14 days after the Court's Rule 12 order, such that they should "be prepared" to do so within that short period. Here is what the Court said:

> [T]he other [motion] I want to talk about is [ECF] 293
> . . . plaintiff's motion to require defendants to
> state affirmative defenses.
> . . . .
> I'm going to deny the plaintiff's motion. You know, I
> get the reason for the motion. And I think it goes
> back to the fact that the motions to dismiss are
> pending. But there's just – it seems to me requiring
> the defendants to state their affirmative defenses now
> defeats the defendants' right to file a motion -- a
> Rule 12 motion. And that doesn't seem right to me.
> . . . .

2

```
I think the better way to manage the case is to get
those motions [to dismiss] ruled on.  I will say,
though, that the -- so if I deny the motions to
dismiss, defendants' time to file an answer is 14
days. And given the tightness of the schedule, I am
not inclined to extend that time. So what I need the
defendants to do is be prepared to answer on time to
the -- if I deny the motions.
```

ECF 475 at 45:14-46:12 (emphasis added).

On September 30, 2025, the Court denied the Rule 12 motion brought by Memphis and Davis. That made their answers (and affirmative defenses) to Plaintiff's complaint due on October 14. On October 8, however, counsel for these defendants emailed Plaintiff and asked for a three-week extension to answer Plaintiff's complaint. On October 9 Plaintiff counsel responded:

> If the affirmative defenses and the factual bases supporting them are pleaded by the October 14 deadline, we will not oppose an extension for your other responses to the allegations in the complaint. Otherwise we oppose an extension.

Defense counsel replied that they would note Plaintiff's opposition, and promptly filed ECF 489, the motion for extension.

**DISCUSSION**

Memphis and Davis have not identified good cause for the relief they seek. To the contrary, their motion makes plain that they did not heed the Court's admonition at the August 11 hearing, and did not prepare to answer the complaint on time. Their excuses are notable for their lack of merit. Plaintiff appreciates the defendants' reference to the family obligations of one of their attorneys, but the defendants are represented by a large team of attorneys. The defendants also refer vaguely to the "personal" schedules of some other counsel next week, but every practicing attorney has a full schedule of obligations—and the Court, having given Memphis and Davis a victory in denying ECF 293, specifically admonished their attorneys to be prepared to

3

answer the complaint in a short time period. What is more, the inconveniences that the motion identifies last a few days, yet defendants have asked for an extension of three *weeks*. That should tell the Court that these excuses are pretextual, and that in reality Memphis and Davis are seeking the extension because they ignored the Court's admonition and chose not to prepare to file an answer on the timeline the Court gave them in advance.

Even setting all this aside, Plaintiff has offered a considerable accommodation, asking only that Memphis and Davis plead their affirmative defenses and supporting facts by October 14, and answer Plaintiff's allegation later. Memphis and Davis have had ample time to develop these defenses. Most of Plaintiff's allegations were made in April 2023, and the additional allegations in the amended complaint came in January 2025. And, the Court warned on August 11 that defendants would be expected to plead these defenses (to say nothing of answering the rest of the complaint) within 14 days of the Court's Rule 12 order. For Memphis and Davis to reject Plaintiff's offered accommodation, on the grounds that they "do not wish" to file their response "piecemeal," *see* ECF 489 ¶ 8, is to flout the Court's August 11 admonition.

Memphis and Davis, in short, have not shown good cause for the extension they seek. And on the other side of the ledger, the prejudice to Plaintiff will be considerable.[1] In denying ECF 293, the Court allowed Memphis and Davis to put off identifying their affirmative defenses and supporting facts until later. But in the same breath, the Court acknowledged at the August 11

---

[1] Memphis and Davis note that Plaintiff did not oppose an extension by Defendants Hemphill and Smith, *see* ECF 489 ¶ 9. The factual circumstances and affirmative defenses surrounding those defendants, however, are considerably simpler and predictable than those Plaintiff anticipates will be asserted by Memphis and a policymaker like Davis. Plaintiff made this point in seeking early pleading of the affirmative defenses in her prior motion. *See* ECF 293 at 1 (emphasizing that Plaintiff was "particularly" concerned about having sufficient time to conduct discovery regarding the affirmative defenses asserted by the City of Memphis). The two situations simply are not similar.

hearing that the remaining case schedule gives little time for the taking of discovery regarding the affirmative defenses in this case, and it told Memphis and Davis to be prepared to answer the complaint and plead those defenses on time. Fact discovery in this case closes on February 6, 2026, giving Plaintiff little time to assess the facts asserted in support of these defendants' affirmative defenses and to investigate them through discovery. The extension Memphis and Davis seek will give Plaintiff less than three months to begin, prosecute, and complete factual discovery regarding those defenses, in a time period that overlays the holidays and the inevitable difficulties in scheduling that time creates.

That creates the considerable risk that Plaintiff will not have enough time to investigate and test the factual basis for the affirmative defenses that Memphis and Davis assert, which will increase the chance that those defenses will prevail at summary judgment or trial—not because their defenses are meritorious, but because Plaintiff was not given enough time to investigate and disprove them. Plaintiff should not be subjected to such a risk just because counsel for Memphis and Davis did not prepare to answer the complaint promptly, as the Court admonished them, but which they plainly failed to do.

## CONCLUSION

The Court should deny ECF 489, the motion for extension of time filed by Memphis and Davis. At a minimum, Memphis and Davis must plead their affirmative defenses and the facts supporting them no later than October 14, 2025.

[SIGNARURE ON FOLLOWING PAGE]

5

Dated: October 10, 2025

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
MENDELSON LAW FIRM
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bwachtel@mendelsonfirm.com

Respectfully submitted,

/s/ *Stephen H. Weil*

Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
+1 (312) 458-1000, Main
+1 (312) 458-1004, Facsimile
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net

Benjamin Crump*
Brooke Cluse* (Tex. Bar No. 24123034)
BEN CRUMP LAW, PLLC
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
ben@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

* Admitted *pro hac vice*