IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02224-SHL-atc |
| ) | |
| THE CITY OF MEMPHIS, et al., ) | |
|     Defendants. ) | |

**ORDER GRANTING IN PART DEFENDANTS THE CITY OF MEMPHIS AND
CHIEF C.J. DAVIS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER
TO AMENDED COMPLAINT**

    Before the Court is the City Defendants' Motion for an Extension of Time to File Answer to Plaintiff's First Amended Complaint, filed October 9, 2025. (ECF No. 489.) In the Motion, Defendants City of Memphis and Chief C.J. Davis ("Defendants") seek an additional twenty-one days, that is, until November 4, 2025, to file their answer to Plaintiff RowVaughn Wells' First Amended Complaint. For the reasons that follow, the Motion is **GRANTED IN PART**.

    Counsel for Defendants assert that, "[d]ue to the complexity and length of Plaintiff's First Amended Complaint—143 pages, including 911 separately numbered paragraphs—counsel needs additional time to respond[.]" (Id. at PageID 7103.) Beyond the Amended Complaint's size, Defendants indicates that their counsel "have had significant conflicts this week that have kept them out of the office," including a death in the family for one attorney, and personal matters for the two other attorneys of record. (Id.)

    When consulted regarding the Motion, Plaintiff indicated that she "opposes the Motion unless the City Defendants will agree to plead affirmative defenses by October 14, 2025." Id.

The City Defendants rejected that suggestion as they "do not wish to piecemeal an Answer to the Amended Complaint." (Id.)

Plaintiff filed her partial opposition to the Motion on October 10, 2025, articulating the same position she advanced during the Parties' consultation. (ECF No. 490.) Wells does not object to the extension of time in toto, but asserts that the extension should not apply to Defendants' need to plead their affirmative defenses and the facts supporting them. (Id. at PageID 7106.) Plaintiff points to the Court's earlier instruction that, if Defendants' Motion to Dismiss was denied, they should be ready to respond to the Amended Complaint within fourteen days of the Court's ruling. According to Wells, Defendants' "request for a multi-week extension, even when Plaintiff has asked only that they plead their affirmative defenses and supporting facts on time, makes plain that these defendants did not heed the Court's admonition." (Id.)

The admonition Wells refers to came during the August 11, 2025 status conference. (See ECF Nos. 471, 475.) There, the Court denied Plaintiff's Motion to Schedule Defense Pleading of Affirmative Defenses. (See ECF No. 293.) The Court noted that, although it had the inherent power to manage the case and require Defendants to plead their affirmative defenses, there was not a lot of support in the law for such a requirement, and doing so would defeat the Defendants' right to file a Rule 12 motion. (ECF No. 475 at PageID 6713–14.) Nevertheless, the Court did caution Defendants that, if it were to "deny the motions to dismiss, defendants' time to file an answer is 14 days. And given the tightness of the schedule, I am not inclined to extend that time. So what I need the defendants to do is be prepared to answer on time to the – if I deny the motions." (Id. at PageID 6714.)

Where, as here, a party files a motion to extend a deadline before it expires, "the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1)(A). Plaintiff asserts that Defendants' extension request is not supported by good cause and would prejudice her given the short time left to complete discovery.[1] (Id.) Moreover, Plaintiff asserts that Defendants' requested three-week extension is a week more than they originally had to file their answer, which "should tell the Court that [the] excuses [offered by Defendants' counsel] are pretextual, and that in reality Memphis and Davis are seeking the extension because they ignored the Court's admonition and chose not to prepare to file an answer on the timeline the Court gave them in advance." (Id. at PageID 7109.)

The Court does not doubt the veracity of the assertions of counsel for Defendants. At the same time, it also notes that, as Plaintiff suggests, Defendants' request for a three-week extension is excessive, as "the inconveniences that the motion identifies last a few days, yet defendants have asked for an extension of three weeks." (Id.) Defendants—and the Court— were aware that the Amended Complaint was 143 pages long and had 911 separately numbered paragraphs on August 11, 2025, when the Court explained that Defendants should be ready to answer it within two weeks if their Motion to Dismiss was denied. The Court assumes that Defendants have spent some time working on the answer over the past two weeks since the Court denied their Motion to Dismiss. That time, coupled with an additional two weeks, provides Defendants with ample time to file their answer.

---

[1] The Court entered an Amended Scheduling Order on August 11, 2025, in which it set several deadlines, including a deadline of February 6, 2026, in which to complete and depositions and discovery. (See ECF No. 474.)

3

Therefore, for good cause shown, the Motion is **GRANTED IN PART**. Defendants shall have an additional fourteen days, until October 28, 2025,[2] in which to answer the Amended Complaint.

Although the extension Defendants seek is excessive, the Court sees little practicality in having them submit their affirmative defenses now, and the rest of their answer later, as Plaintiff requests. The Court is cognizant, as it has noted before, of the tight deadlines in the case. But it also notes that, while it previously explained that it would be disinclined to grant the sort of extension Defendants seek, the circumstances here warrant it, and that extension should apply to the entirety of Defendants' answer, including their affirmative defenses. Defendants shall not have to file their affirmative defenses before filing their answer.

**IT IS SO ORDERED,** this 14th day of October, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] On October 3, 2025, the Court entered an Order Granting Plaintiffs Preston Hemphill and Dewayne Smith's Motion for Extension of Time to Answer, which also established their answer deadline as October 28, 2025. (ECF No. 486.)