# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| ROWVAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224-SHL-atc JURY DEMAND |
| THE CITY OF MEMPHIS, TENNESSEE; CHIEF CERELYN DAVIS; EMMITT MARTIN III; DEMETRIUS HALEY; JUSTIN SMITH; DESMOND MILLS, JR.; TADARRIUS BEAN; PRESTON HEMPHILL; ROBERT LONG; JAMICHAEL SANDRIDGE; MICHELLE WHITAKER; AND DEWAYNE SMITH, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CITY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO FIRST AMENDED COMPLAINT

Defendants City of Memphis (the "City") and Chief C.J. Davis ("Chief Davis") (collectively, the "City Defendants"), hereby file this Answer to the First Amended Complaint ("Complaint") filed by Plaintiff RowVaughn Wells ("Plaintiff"). The City Defendants deny each and every allegation of the Complaint not expressly admitted below.

Using the same headings and paragraph numbers for convenience, the City Defendants answer as follows:

### PRELIMINARY STATEMENT

The section of the Complaint titled "PRELIMINARY STATEMENT" contains narrative

assertions, characterizations of Plaintiff's Complaint, and/or legal conclusions which are not set forth in enumerated paragraphs and to which no responsive pleading is required. To the extent that a response is required, the City Defendants deny any allegations in the Preliminary Statement, including Plaintiff's characterizations of her claims and/or legal conclusions, that are inaccurate to facts currently known.

## JURISDICTION AND VENUE

1.      The City Defendants admit that this Court has jurisdiction over Plaintiff's claims.

2.      Admitted that venue is technically proper. However, the City Defendants reserve the right to move for a change of venue or change of venire should they determine that a fair trial cannot be achieved with a panel of jurors from this District.

3.      Admitted that venue is technically proper. However, the City Defendants reserve the right to move for a change of venue or change of venire should they determine that a fair trial cannot be achieved with a panel of jurors from this District.

## PARTIES

4.      Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 4.

5.      Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 5.

6.      Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 6.

7.      Upon information and belief, admitted that Mr. Nichols is survived by his son, whom is the sole heir to his estate. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 7.

8.      Admitted.

4936-2126-1426

9.      Admitted.

10.     The allegations in Paragraph 10 are admitted, including subparts (a) through (e).

11.     Denied.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 15.

16.     Admitted that Defendant Martin was employed by the City of Memphis through MPD as a police officer on January 7, 2023. To the extent that Paragraph 16 alleges vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining allegations in Paragraph 16, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

17.     Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 17.

18.     Admitted that Defendant Haley was employed by the City of Memphis through MPD as a police officer on January 7, 2023. To the extent that Paragraph 18 alleges vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining allegations in Paragraph 18, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

19.     Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 19.

3

20.    Admitted that Defendant J. Smith was employed by the City of Memphis through MPD as a police officer on January 7, 2023. To the extent that Paragraph 20 alleges vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining allegations in Paragraph 20, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

21.    Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 21.

22.    Admitted that Defendant Mills was employed by the City of Memphis through MPD as a police officer on January 7, 2023. To the extent that Paragraph 22 alleges vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining allegations in Paragraph 22, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

23.    Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 23.

24.    Admitted that Defendant Bean was employed by the City of Memphis through MPD as a police officer on January 7, 2023. To the extent that Paragraph 24 alleges vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining allegations in Paragraph 24, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

25.    Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 25.

26.    Admitted that Defendant Hemphill was employed by the City of Memphis through MPD as a police officer on January 7, 2023. To the extent that Paragraph 26 alleges

vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining

allegations in Paragraph 26, including Plaintiff's characterizations of her claims and/or legal

conclusions, are denied.

27.    Paragraph 27 addresses a Defendant that has been dismissed from this action.

(ECF No. 484.) Accordingly, a response by the City Defendants is not required, but the

allegations in Paragraph 27 are nonetheless denied.

28.    Paragraph 28 addresses a Defendant that has been dismissed from this action.

(ECF No. 484.) Accordingly, a response by the City Defendants is not required, but the

allegations in Paragraph 28 are nonetheless denied.

29.    Paragraph 29 addresses a Defendant that has been dismissed from this action.

(ECF No. 484.) Accordingly, a response by the City Defendants is not required, but the

allegations in Paragraph 29 are nonetheless denied.

30.    Paragraph 30 addresses a Defendant that has been dismissed from this action.

(ECF No. 484.) Accordingly, a response by the City Defendants is not required, but the

allegations in Paragraph 30 are nonetheless denied.

31.    Paragraph 31 addresses a Defendant that has been dismissed from this action.

(ECF No. 484.) Accordingly, a response by the City Defendants is not required, but the

allegations in Paragraph 31 are nonetheless denied.

32.    Paragraph 32 addresses a Defendant that has been dismissed from this action.

(ECF No. 484.) Accordingly, a response by the City Defendants is not required, but the

allegations in Paragraph 32 are nonetheless denied.

33.    Admitted that Defendant Lt. Smith was employed by the City of Memphis

through MPD as a police officer on January 7, 2023. To the extent that Paragraph 33 alleges

vicarious liability, such a claim is barred from this action and is therefore denied. Any remaining allegations in Paragraph 33, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

34.     Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 34.

## FACTUAL ALLEGATIONS

35.     Admitted that Mr. Nichols was a son, father, brother and friend. The remaining allegations in Paragraph 35, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted that the Defendant Officers were members of MPD's Scorpion Unit Team 1 on January 7, 2023. The remaining allegations in Paragraph 39, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

40.     The allegations in Paragraph 40, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

41.     The allegations in Paragraph 41, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

42.     The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Mr. Nichols was unarmed on January 7, 2023. The City Defendants deny that Mr. Nichols was not resisting. The remaining allegations

6

in Paragraph 42, including Plaintiff's characterizations of her claims and/or legal conclusions,

are denied.

43.    The allegations in Paragraph 43, including Plaintiff's characterizations of her

claims and/or legal conclusions, are denied.

44.    Admitted that Mr. Nichols was pronounced deceased on January 10, 2023. The

City Defendants deny that Mr. Nichols' death was the direct result of the policies and practices of

the City of Memphis or MPD. The remaining allegations in Paragraph 44, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

## I.    The widespread practices within the Memphis Police Department.[1]

### A.    The MPD has a longstanding custom of brutalizing civilians without justification.[2]

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    The City Defendants deny that MPD has an official or unofficial practice referred

to as a "tax" or "run tax" that officers impose on the residents of Memphis. The remaining

allegations in Paragraph 50, including Plaintiff's characterizations of her claims and/or legal

conclusions, are denied.

---

[1] The headings in the "FACTUAL ALLEGATIONS" section of the Complaint contain Plaintiff's characterization of her claims and/or legal conclusions to which no response is required. To the extent a response is deemed required, the City Defendants deny any suggestions, implications, or allegations imbedded within headings I through VIII, including all subheadings. Likewise, the City Defendants deny any suggestions, implications, or allegations imbedded within the images or descriptions of images on pages 4, 39, 44, 46, 49, 50, and 52 of the Complaint.

[2] *See supra* n.1.

7

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

**B.      The MPD's custom of brutalizing civilians has been enabled by a code of silence.[3]**

55.     Admitted.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

**C.      The MPD's code of silence was enabled by inadequate supervision, oversight, and accountability systems.[4]**

64.     Denied.

65.     Denied.

66.     Denied.

67.     Admitted that written MPD policy requires supervisors to review body-worn

camera videos associated with use of force reports. The remaining allegations in Paragraph 67,

including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

---

[3] *See supra* n.1.
[4] *See supra* n.1.

8

68.    Denied.

69.    Denied.

70.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, as it appears to reference an unspecified statement made by Chief Davis without citation to when or where the alleged statement was made, and is therefore denied. The remaining allegations in Paragraph 70, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

71.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, as it appears to reference an unspecified statement made by Chief Davis with no citation to when or where these alleged statements were made, and therefore it is denied. The remaining allegations in Paragraph 71, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

72.    The City Defendants deny the existence of any "deficiencies" and deny that they were "evident" to City leaders. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 to the extent that the allegations reference unspecified discussions among MPD leadership with no citation to when, where, or by whom these alleged statements were made, and therefore it is denied. The remaining allegations in Paragraph 72, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

73.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 to the extent that the allegations reference unspecified "penalties" for misuse of body-worn cameras or failure to record, and therefore, this allegation is denied. Admitted that on January 7, 2023, MPD policy did not require random

9

audits of body-worn camera videos or use of force reports. Admitted that on January 7, 2023, *random* audits of body-worn camera videos were optional. Denied that on January 7, 2023, audits of use of force reports were optional. In further response, the City Defendants state that MPD policy requires review of all use of force incidents, including associated reporting and body-worn camera video. The remaining allegations in Paragraph 73, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

74.    The City Defendants deny that the City or MPD had a "code of silence." Any remaining allegations in Paragraph 74, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

75.    The City Defendants deny that MPD maintained inadequate or improper training on use of force or body-worn camera usage. The City Defendants further deny that the City or MPD had a "code of silence." Any remaining allegations in Paragraph 75, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

76.    The City Defendants deny that MPD's policies, supervision, and training were deficient. The City Defendants further deny that any of its policies, supervision, or training caused Mr. Nichols' death. Any remaining allegations in Paragraph 76, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

**D.    MPD's custom of excessive force and inadequate supervision was compounded in its "tactical" units such as SCORPION.[5]**

77.    The City Defendants deny that MPD had a culture of brutality and impunity. The City Defendants further deny that its culture or the use of specialized or tactical units caused Mr.

_____

[5] *See supra* n.1.

10

Nichols' death. Any remaining allegations in Paragraph 77, including Plaintiff's characterizations

of her claims and/or legal conclusions, are denied.

78.     Admitted that MPD has historically used specialized or tactical units, some of

which employed, *inter alia*, proactive policing strategies. Admitted that these units sometimes

are based within the Organized Crime Unit (OCU). Admitted that the SCORPION Unit was

previously named the Criminal Apprehension Team ("CAT") unit. Denied that Blue Crush was a

specialized or tactical unit. Blue Crush was a crime-reduction initiative within MPD that utilized

crime statistics to determine where to focus its policing efforts.

79.     Denied.

80.     Admitted that the City of Memphis hired Chief Davis in 2021. The remaining

allegations in Paragraph 80, including Plaintiff's characterizations of her claims and/or legal

conclusions, are denied.

81.     Denied. During her time with the Atlanta Police Department, Chief Davis was the

Major over Special Operations, and the RED DOG Unit was just one division of many in Special

Operations. The RED DOG Unit was about fifteen years old when she took the post, and she

held the post for only a few months. The remaining allegations in Paragraph 81, including

Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

82.     The City Defendants deny that Chief Davis implemented the Scorpion Unit to

allow the use of excessive force against the citizens of Memphis. The remaining allegations in

Paragraph 82, including Plaintiff's characterizations of her claims and/or legal conclusions, are

denied.

83.     The City Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 83, as it appears to reference unspecified

11

statements made by Chief Davis with no citation to when or where these alleged statements were made, and therefore, this allegation is denied. The remaining allegations in Paragraph 83, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

84.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, as it appears to reference unspecified documentation of patrol tactics of unspecified "specialized 'proactive' MPD units", and therefore, it is denied. Any remaining allegations in Paragraph 84, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

85.    Denied.

86.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, as it appears to reference unspecified supervision requirements, and therefore, this allegation is denied. The City Defendants deny that supervisors substantively measured the performance of Scorpion Unit officers by number of arrests or number of vehicles seized. Rather, MPD officers' productivity is measured by tracking certain metrics, such as number of arrests, and comparing those metrics to the officers' peers to ensure that all officers are performing their jobs similarly. Any remaining allegations in Paragraph 86, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

87.    Denied.

88.    The allegations in Paragraph 88 appear to reference unspecified statements made by Chief Davis with no citation to when or where these alleged statements were made. Therefore, the allegations in Paragraph 88, including Plaintiff's characterizations of her claims and/or legal conclusions are denied.

12

89.    Denied.

90.    Admitted that MPD policy prohibits car chase scenarios. The remaining

allegations in Paragraph 90 are denied.

91.    Admitted that car chases are unauthorized by MPD policy. The remaining

allegations in Paragraph 91 are denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Admitted that Scorpion Unit officers' MPD-issued vehicles included unmarked

Dodge Chargers. The remaining allegations in Paragraph 95, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

96.    Admitted that Scorpion Unit officers were permitted to wear black balaclavas

which were used as protection from cold weather. Denied that Scorpion Unit officers' uniforms

were "disguised." Scorpion Unit officers' uniforms included all black attire and tactical gear with

the term POLICE plainly visible in large, white lettering on the officers' tactical vests. Any

remaining allegations in Paragraph 96, including Plaintiff's characterizations of her claims

and/or legal conclusions, are denied.

97.    Admitted that the Scorpion Unit used traffic stops to identify fugitives and deter

criminal activity. Denied that Chief Davis endorsed the use of hostile and harassing tactics by

any MPD officers. Denied that Scorpion Unit officers initiated a traffic stop of Mr. Nichols for

no violation at all. Any remaining allegations in Paragraph 97, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

4936-2126-1426

98.    Admitted that when MPD officers conduct traffic stops, they may assertively provide orders to the occupants of the vehicle. The remaining allegations in Paragraph 98, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

99.    Denied that the City or MPD has a pattern and practice of "violent, aggressive, and unconstitutional policing." Admitted that MPD policy permits the reasonable use of force in response to resistance from a civilian, including the use of tools such as pepper spray, batons, tasers, or combative techniques. The remaining allegations in Paragraph 99, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

## II.    The City's widespread practices have resulted in numerous instances of police brutality.[6]

100.    Denied that any of the City's or MPD's policies or practices have led to a pattern of uses of excessive force against civilians. The remaining allegations in Paragraph 100, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

a.    Admitted that Deangelo Lauderdale encountered MPD officers on January 6, 2023. Admitted that all MPD documentation of this encounter speaks for itself.

i.    Admitted only that all MPD documentation of this encounter speaks for itself.

ii.    Admitted only that all documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Lauderdale's subjective motivation for attempting to flee the scene, and therefore, this allegation is denied.

iii.    Admitted only that all MPD documentation of this encounter speaks for itself.

iv.    Admitted only that all MPD documentation of this encounter speaks for itself. Admitted that any witness testimony speaks for itself, but the City

---

[6] See supra n.1.

14

Defendants expressly reserve the right to test the credibility of any witnesses' statements about this encounter at trial.

v. Admitted only that all MPD documentation of this encounter speaks for itself. Admitted that any witness testimony speaks for itself, but the City Defendants expressly reserve the right to test the credibility of any witnesses' statements about this encounter at trial.

vi. Admitted only that all MPD documentation of this encounter speaks for itself. Admitted that any witness testimony speaks for itself, but the City Defendants expressly reserve the right to test the credibility of any witnesses' statements about this encounter at trial.

In further response to Paragraph 100(a), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(a) or its subparts conflict with MPD's documentation of this encounter, those allegations in Paragraph 100(a) and its subparts are denied.

b. Admitted that Monterrious Harris encountered MPD officers on January 4, 2023. Admitted that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Mr. Harris was in an apartment complex parking lot waiting to visit his cousin, and therefore, is denied. Any remaining allegations in Paragraph 100(b) are denied.

i. Admitted only that all MPD documentation of this encounter speaks for itself.

ii. Admitted only that all MPD documentation of this encounter speaks for itself.

iii. Admitted only that all MPD documentation of this encounter speaks for itself.

iv. Admitted only that all MPD documentation of this encounter speaks for itself.

v. Admitted only that all MPD documentation of this encounter speaks for itself.

15

vi.   Admitted.

vii.  Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(b), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(b) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(b) and its subparts are denied.

c.  Admitted that Cornell Walker (aka Cornell McKinney) encountered MPD officers on January 3, 2023. Admitted that all MPD documentation of this encounter speaks for itself.

i.   Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding Mr. Walker's subjective state of mind during the encounter, and therefore, this allegation is denied.

ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

iii. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations about Mr. Walker's subjective knowledge regarding the encounter, and therefore, this allegation is denied.

iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

v.   Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(c), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(c) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(c) and its subparts are denied.

d.  Admitted that Jeremy Henderson encountered MPD officers on December 23, 2022. Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants deny that the "Officer" referenced in Paragraph 100(d)(iii) applied a "tax" to Mr. Henderson. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(d)(iii) are denied.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

    v.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vi.  Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(d), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(d) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(d) and its subparts are denied.

e.  Admitted that Jaylin McKenzie encountered MPD officers on December 16, 2022. Admitted that all documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

  v. Admitted only that all MPD documentation of this encounter speaks for itself.

  vi. Admitted only that all MPD documentation of this encounter speaks for itself.

  vii. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 100(e)(vii) regarding the statements made by Ms. McKenzie, as this allegation appears to reference an unspecified statement with no citation as to when or where this statement was made, and therefore, this allegation is denied.

In further response to Paragraph 100(e), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(e) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(e) and its subparts are denied.

f. Admitted that Labryant Burnside encountered MPD officers on December 1, 2022. Admitted that all MPD documentation of this encounter speaks for itself.

  i. Admitted only that all MPD documentation of this encounter speaks for itself.

  ii. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants deny that the "Officer" referenced in Paragraph 100(f)(ii) applied a "tax" to Mr. Burnside. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(f)(ii) are denied.

  iii. Admitted only that all MPD documentation of this encounter speaks for itself.

  iv. Admitted only that all MPD documentation of this encounter speaks for itself.

  v. Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(f), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(f) or its subparts

conflict with MPD documentation of this encounter, those allegations in Paragraph

100(f) and its subparts are denied.

g.  Admitted that Marcus Bills encountered MPD officers on November 26, 2022.

Admitted that all MPD documentation of this encounter speaks for itself.

   i.   Admitted only that all MPD documentation of this encounter speaks for
        itself.

   ii.  Admitted only that all MPD documentation of this encounter speaks for
        itself.

   iii. Admitted only that all MPD documentation of this encounter speaks for
        itself. The City Defendants deny that the Officer Haley applied a "tax" to
        Mr. Bills. The City Defendants further deny that the City or MPD had a
        practice of issuing a "tax" on the residents of Memphis. Any remaining
        allegations in Paragraph 100(g)(iii) are denied.

   iv.  Admitted only that all MPD documentation of this encounter speaks for
        itself. The City Defendants deny that the Officer Haley applied a "tax" to
        Mr. Bills. The City Defendants further deny that the City or MPD had a
        practice of issuing a "tax" on the residents of Memphis. The City
        Defendants lack knowledge or information sufficient to form a belief about
        the truth of the allegation in Paragraph 100(g)(iv) regarding Officer
        Coudriet's actions, as this allegation appears to reference an unspecified
        statement with no citation as to when or where this statement was made,
        and therefore, this allegation is denied. Any remaining allegations in
        Paragraph 100(g)(iv) are denied.

In further response to Paragraph 100(g), including its subparts, the City Defendants

state that, to the extent that the allegations in Paragraph 100(g) or its subparts

conflict with MPD documentation of this encounter, those allegations in Paragraph

100(g) and its subparts are denied.

h.  Admitted that Maurice Chalmers-Stokes encountered MPD officers on October 1,

2022. Admitted that all MPD documentation of this encounter speaks for itself. The

City Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations regarding Mr. Chalmers-Stokes' subjective knowledge

or perceptions around the time the encounter took place, and therefore, this allegation is denied.

    i. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Chalmers-Stokes' subjective state of mind during the encounter, and therefore, this allegation is denied.

    ii. Admitted only that all MPD documentation of this encounter speaks for itself.

    iii. Admitted only that all MPD documentation of this encounter speaks for itself.

    iv. Admitted only that all MPD documentation of this encounter speaks for itself.

    v. Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(h), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(h) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(h) and its subparts are denied.

i. Admitted that Sebastian Johnson and Kendrick Ray encountered MPD officers on August 24, 2022. Admitted that all MPD documentation of this encounter speaks for itself.

    i. Admitted only that all MPD documentation of this encounter speaks for itself.

    ii. Admitted only that all MPD documentation of this encounter speaks for itself.

    iii. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Johnson's and Mr. Ray's subjective observations during the encounter, and therefore, this allegation is denied.

20

    iv.   Admitted only that all MPD documentation of this encounter speaks for itself.

    v.   Admitted only that all MPD documentation of this encounter speaks for itself.

    vi.   Admitted only that all MPD documentation of this encounter speaks for itself.

    vii.   Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(i), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(i) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(i) and its subparts are denied.

j.   Admitted that Carla Hamilton encountered MPD officers on July 23, 2022. Admitted that all MPD documentation of this encounter speaks for itself.

    i.   Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.   Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.   Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.   Admitted only that all MPD documentation of this encounter speaks for itself.

    v.   Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(j), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(j) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(j) and its subparts are denied.

21

k. Admitted that Jesus Valles encountered MPD officers on July 8, 2022. Admitted that all MPD documentation of this encounter speaks for itself.

    i. Admitted only that all MPD documentation of this encounter speaks for itself.

    ii. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants deny that the Officers Martin and Haley applied a "tax" to Mr. Valles. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(g)(iv) are denied.

    iii. Admitted only that all MPD documentation of this encounter speaks for itself.

    iv. Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 100(k)(iv) regarding Officer Coudriet's subjective motivations or emotions, and therefore, this allegation is denied. Any remaining allegations in Paragraph 100(k)(iv) are denied.

    v. Admitted only that all MPD documentation of this encounter speaks for itself.

    vi. Admitted only that all MPD documentation of this encounter speaks for itself.

    vii. Admitted only that all MPD documentation of this encounter speaks for itself.

    viii. Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(k), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(k) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(k) and its subparts are denied.

l. Admitted that Davitus Collier encountered MPD officers on May 29, 2022. Admitted that all MPD documentation of this encounter speaks for itself. The City

Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegation regarding Mr. Collier's actions around the time the encounter took

place, and therefore, this allegation is denied. Any remaining allegations in

Paragraph 100(l) are denied.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Collier's subjective knowledge during the time the encounter took place, and therefore, this allegation is denied. Any remaining allegations in Paragraph 100(l)(iv) are denied.

    v.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Collier's subjective motivation for running away from the vehicle, and therefore, this allegation is denied. Any remaining allegations in Paragraph 100(l)(v) are denied.

    vi.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    viii.  Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(l), including its subparts, the City Defendants

state that, to the extent that the allegations in Paragraph 100(l) or its subparts

conflict with MPD documentation of this encounter, those allegations in Paragraph

100(l) and its subparts are denied.

23

4936-2126-1426

m.  Admitted that Damecio Wilbourn and Romello Hendrix encountered MPD officers on or around February 2022. Admitted that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief as to Mr. Wilbourn's or Mr. Hendrix's actions around the time of the encounter, and therefore, this allegation is denied. Any remaining allegations in Paragraph 100(m) are denied.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Wilbourn's subjective state of mind during the encounter.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

    v.  Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(m), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(m) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(m) and its subparts are denied.

n.  Admitted that Kieron Lee encountered MPD officers on June 1, 2021. Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

24

   iii.   Admitted only that all MPD documentation of this encounter speaks for itself.

   iv.   Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants deny that the Officer referenced in Paragraph 100(n)(iv) applied a "tax" to Mr. Lee. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(n)(iv) are denied.

   v.   Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(n), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(n) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(n) and its subparts are denied.

o.   Admitted that Marco Lockett encountered MPD officers on January 16, 2021. Admitted that all MPD documentation of this encounter speaks for itself.

   i.   Admitted only that all MPD documentation of this encounter speaks for itself.

   ii.   Admitted only that all MPD documentation of this encounter speaks for itself.

   iii.   Admitted only that all MPD documentation of this encounter speaks for itself.

   iv.   Admitted only that all documentation of this encounter speaks for itself. The City Defendants deny that the Officer referenced in Paragraph 100(o)(iv) applied a "tax" to Mr. Lockett. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(o)(iv) are denied.

   v.   Admitted only that all documentation of this encounter and any related discipline speaks for itself. The City Defendants deny that the Officer referenced in Paragraph 100(o)(v) applied a "tax" to Mr. Lockett. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(o)(v) are denied.

4936-2126-1426

In further response to Paragraph 100(o), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(o) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(o) and its subparts are denied.

p.  Admitted that Drew Thomas encountered MPD officers on January 10, 2019. Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

    v.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vi.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    viii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ix.  Admitted only that all MPD documentation of this encounter speaks for itself.

    x.  Admitted only that all MPD documentation of this encounter and any related discipline speaks for itself.

    xi.  Admitted only that all MPD documentation of this encounter and any related discipline speaks for itself.

In further response to Paragraph 100(p), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(p) or its subparts

26

conflict with MPD documentation of this encounter, those allegations in Paragraph 100(p) and its subparts are denied.

q.  The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100(q), and therefore, it is denied.

    i.  The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100(q)(i), and therefore, it is denied.

    ii.  The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100(q)(ii), and therefore, it is denied.

r.  Admitted that Jeremiah Hall and Anthony Whitt encountered MPD officers on October 29, 2016. Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

    v.  Admitted only that all MPD documentation of this encounter and any related discipline speaks for itself.

In further response to Paragraph 100(r), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(r) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(r) and its subparts are denied.

27

s.  Admitted that Antonio Strawder encountered MPD officers on March 13, 2016.

Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

    v.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vi.  Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(s), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(s) or its subparts conflict with MPD documentation of this encounter, those allegations in Paragraph 100(s) and its subparts are denied.

t.  Admitted that Darrius Stewart encountered MPD officers on July 17, 2015.

Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

In further response to Paragraph 100(t), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(t) or its subparts

conflict with MPD documentation of this encounter, those allegations in Paragraph 100(t) and its subparts are denied.

u.  Admitted that Daniel Jefferson, Jr. encountered MPD officers on April 2, 2015. Admitted that all MPD documentation of this encounter speaks for itself.

    i.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Jefferson's subjective state of mind around the time of the encounter, and therefore, this allegation is denied.

    ii.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Jefferson's subjective recollection about the encounter, and therefore, this allegation is denied.

    iii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    iv.  Admitted only that all MPD documentation of this encounter speaks for itself.

    v.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vi.  Admitted only that all MPD documentation of this encounter speaks for itself.

    vii.  Admitted only that all MPD documentation of this encounter speaks for itself.

    viii.  Admitted only that all MPD documentation of this encounter speaks for itself. The City Defendants deny that the officers referenced in Paragraph 100(u)(viii) applied a "tax" to Mr. Jefferson. The City Defendants further deny that the City or MPD had a practice of issuing a "tax" on the residents of Memphis. Any remaining allegations in Paragraph 100(u)(viii) are denied.

    ix.  Admitted only that all MPD documentation of this encounter and any related discipline speaks for itself.

In further response to Paragraph 100(u), including its subparts, the City Defendants state that, to the extent that the allegations in Paragraph 100(u) or its subparts

29

conflict with MPD documentation of this encounter, those allegations in Paragraph

100(u) and its subparts are denied.

### III.    The baseless stop: consistent with MPD's widespread practices, the SCPRPION [sic] Unit stops Tyre Nichols without justification.[7]

101.    The City Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 101, and therefore, it is denied.

102.    The City Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 102, and therefore, it is denied.

103.    Admitted that MPD Officers Emmitt Martin III, Demetrius Haley, and Preston

Hemphill, members of Scorpion Unit Team 1, were on patrol in unmarked squad cars on the

night of January 7, 2023. The City Defendants lack knowledge or information sufficient to form

a belief about the truth of the remaining allegations in Paragraph 103, and therefore, these

allegations are denied.

104.    Denied that Chief Davis directed MPD officers to make unconstitutional traffic

stops. The remaining allegations in paragraph 104 are denied as stated. All MPD officers,

including Defendants Martin, Haley, and Hemphill, are responsible for following all MPD

policies and procedures related to traffic stops.

105.    Admitted that Defendant Lt. Smith was the supervising Lieutenant over Scorpion

Unit Team 1 on January 7, 2023. The City Defendants lack knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraph 105 to the extent that the

allegations reference an unspecified statement made by Lt. Smith without identifying where or

when the statement was recorded, and therefore, it is denied. The City Defendants further deny

---

[7] *See supra* n.1.

4936-2126-1426

that supervisors substantively measured the performance of Scorpion Unit officers by number of arrests made in a given night. Rather, MPD officers' productivity is measured by tracking certain metrics, such as number of arrests, and comparing those metrics to the officers' peers to ensure that all officers are performing their jobs similarly. Any remaining allegations in Paragraph 105, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

106.    Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 106.

107.    Denied.

108.    Admitted only that calls to MPD dispatch are recorded, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 108 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

109.    Denied.

110.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 related to Defendant Martin's subjective motivations or state of mind on January 7, 2023, and therefore, Paragraph 110 is denied.

111.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 related to Defendant Haley's subjective motivations or state of mind on January 7, 2023, and therefore, Paragraph 111 is denied.

112.    Admitted that Mr. Nichols pulled up to a red light at the intersection of Ross Road and Raines Road with his left turn signal activated. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 related to Defendant Martin's and Defendant Haley's subjective observations or states of mind on

31

January 7, 2023, and therefore, this allegation is denied. Any remaining allegations in Paragraph 112, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

113.    Admitted that Defendants Martin and Haley initiated a traffic stop by executing a tactic used to "box in" vehicles to prevent car chase scenarios after Mr. Nichols refused to pull over and continued to evade the officers for at least two miles. The remaining allegations in Paragraph 113, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

114.    Admitted that Defendants Martin, Haley, and Hemphill initiated a traffic stop by executing a tactic used to "box in" vehicles to prevent car chase scenarios after Mr. Nichols refused to pull over and continued to evade the officers for at least two miles. The remaining allegations in Paragraph 114, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

115.    The allegations in Paragraph 115, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

116.    Upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 116.

117.    Admitted only that Defendants Martin and Haley wore hoodies on January 7, 2023. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Defendants Martin or Haley wore their hoods while approaching Mr. Nichols' vehicle or whether Defendants Martin or Haley ever identified themselves as police officers. Thus, the remaining allegations in Paragraph 117 are denied.

118.    Admitted only that Defendants Martin and Haley were both wearing body-worn cameras. The City Defendants are without knowledge or information sufficient to form a belief

32

about the truth of the allegation related to Defendant Martin's and Defendant Haley's subjective knowledge or understanding on January 7, 2023. Thus, the remaining allegations in Paragraph 118, including Plaintiff's characterizations of her claims and/or legal conclusions are denied.

119.    Admitted only that Defendant Haley's body-worn camera was not activated during the traffic stop of Mr. Nichols. The allegation related to Defendant Martin's body-worn camera is denied as stated. Defendant Martin activated his body-worn camera when he initiated his police vehicle blue lights and sirens to conduct a traffic stop at approximately 8:22 P.M. The recording ended at approximately 8:23 P.M. 20:23:14, and it did not record the actual traffic stop. Defendant Martin activated a second recording at approximately 8:26 PM, but the camera was underneath a squad car and did not capture the events of the traffic stop. The remaining allegations in Paragraph 119, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

120.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegation related to Defendant Martin's and Defendant Haley's subjective states of mind on January 7, 2023, and therefore, this allegation is denied. The remaining allegations in Paragraph 120, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

121.    Admitted only that the allegations in Paragraph 121 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 121 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

122.    Admitted only that the allegations in Paragraph 122 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

33

that the allegations in Paragraph 122 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied.

123.    Admitted only that the allegations in Paragraph 123 were recorded on Defendant

Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

that the allegations in Paragraph 123 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Admitted only that the allegations in Paragraph 127 were recorded on Defendant

Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

that the allegations in Paragraph 127 conflict with the recording, including Plaintiff's

characterizations of for claims and/or legal conclusions, they are denied.[8]

128.    Admitted only that the allegations in Paragraph 128 were recorded on Defendant

Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

that the allegations in Paragraph 128 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied. The City Defendants

further deny the allegation in Paragraph 128 that "Officer Hemphill's actions were consistent

with, and enabled by, MPD's custom of brutalizing civilians without justification and MPD's

code of silence that protected officers who carried out that custom." Any remaining allegations in

---

[8] The image depicted after Paragraph 127 of the Complaint, which is a still image of Defendant Hemphill's body-worn camera video, is followed by text that purports to describe the image: "*Officer Hemphill immediately pulls out and points his gun at Tyre as he approaches his fellow SCORPION Officers on scene.*" To the extent that this description conflicts with the video recording in its full context, it is denied.

34

Paragraph 128, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.[9]

129.    Admitted only that the allegations in Paragraph 129 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 129 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

130.    Admitted only that the allegations in Paragraph 130 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 130 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

131.    Admitted only that the allegations in Paragraph 131 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 131 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

132.    Admitted only that the allegations in Paragraph 132 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 132 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied. Further, the City Defendants are without knowledge or information sufficient to form a belief about the truth of

---

[9] The image depicted after Paragraph 128 of the Complaint, which is a still image of Defendant Hemphill's body-worn camera video, is followed by text that purports to describe the image: "*Tyre looking up at Officers terrified and confused as to why he was pulled from the car.*" To the extent that this description conflicts with the video recording in its full context, it is denied,.

the allegations related to Mr. Nichols' subjective intent and state of mind on January 7, 2023, and therefore, this allegation is denied.

133.    Admitted only that the allegations in Paragraph 133 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 133 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

134.    Admitted only that the allegations in Paragraph 134 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 134 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

135.    Admitted only that the allegations in Paragraph 135 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 135 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

136.    Admitted only that the allegations in Paragraph 136 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 136 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied. Paragraph 136 is further denied as to Plaintiff's characterization that MPD had "a custom of brutalizing civilians without justification."

137.    Admitted only that the allegations in Paragraph 137 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

36

that the allegations in Paragraph 137 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

138.    Admitted only that the allegations in Paragraph 138 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 138 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

139.    Admitted only that the allegations in Paragraph 139 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 139 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied. Paragraph 139 is further denied as to Plaintiff's characterization and/or legal conclusion that the officers gave "unlawful" orders.

140.    Admitted only that the allegations in Paragraph 140 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 140 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

141.    The City Defendants deny Plaintiff's characterization that MPD had a "custom of brutalizing civilians without justification" or that MPD had a "code of silence that protected officers who carried out that custom." Any remaining allegations in Paragraph 141, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

142.    Admitted only that the allegations in Paragraph 142 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

4936-2126-1426

that the allegations in Paragraph 142 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied.

143.    Admitted only that the allegations in Paragraph 143 were recorded on Defendant

Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

that the allegations in Paragraph 143 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied.

144.    Admitted only that the allegations in Paragraph 144 were recorded on Defendant

Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

that the allegations in Paragraph 144 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied. Paragraph 144 is

further denied as to Plaintiff's characterizations that Mr. Nichols ran because it was "the only

thing he could [do] to attempt to save his life and defend himself."

145.    Denied.

146.    Denied.

147.    Denied.

148.    Admitted only that the allegations in Paragraph 148 were recorded on Defendant

Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

that the allegations in Paragraph 148 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied. Paragraph 148 is

further denied as to Plaintiff's characterization and/or legal conclusion that an officer acted

"[w]ithout any reasonable justification".

149.    Admitted that Mr. Nichols' parents' house was approximately half a mile from the

location of the traffic stop. Admitted that the allegations in Paragraph 149 were recorded on

Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 149 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

150.    Admitted only that the allegations in Paragraph 150 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 150 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied. Further, the City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to Defendant Haley's and Defendant Martin's subjective states of mind on January 7, 2023, and therefore, this allegation is denied. The remaining allegations in Paragraph 150, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

151.    Admitted. The City Defendants state in further response that the allegations in Paragraph 151 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 151 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

152.    Admitted. The City Defendants state in further response that the allegations in Paragraph 152 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 152 conflict with the recording, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

153.    Admitted only that the allegations in Paragraph 153 were recorded on Defendant Hemphill's body-worn camera video, and therefore, the recording speaks for itself. To the extent

39

that the allegations in Paragraph 153 conflict with the recording, they are denied. The City

Defendants deny that Officer Hemphill invoked a "run tax" to be levied on Mr. Nichols. The City

Defendants further deny that the City or MPD had a practice of issuing a "run tax" on the

residents of Memphis. Any remaining allegations in Paragraph 153, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

## IV.    The Capture and the Retaliation: The Gang of SCORPION Unit Officers Beat Tyre Within an Inch of His Life.[10]

154.    Admitted that Mr. Nichols was apprehended near his parents' house. The

remaining allegations in Paragraph 154 are admitted only that the scene where Mr. Nichols was

apprehended was recorded via video, and therefore, the recordings speak for themselves. To the

extent that the allegations in Paragraph 154 conflict with the recording, including Plaintiff's

characterizations of her claims and/or legal conclusions, they are denied.

155.    Admitted only that Defendants Mills and Bean were alerted of a fleeing suspect,

later identified as Mr. Nichols, via radio. The City Defendants deny that Defendants Martin,

Haley, or Hemphill enforced a "run tax" on Mr. Nichols. The City Defendants deny that the City

or MPD had a practice of issuing a "run tax" on the residents of Memphis. Any remaining

allegations in Paragraph 155, including Plaintiff's characterizations of her claims and/or legal

conclusions, are denied.

156.    Admitted that Defendant J. Smith was alerted of a fleeing suspect, later identified

as Mr. Nichols, via radio, including an approximate location of the suspect. Any remaining

allegations in Paragraph 156, including Plaintiff's characterizations of her claims and/or legal

conclusions, are denied.

---

[10] *See supra* n.1.

40

157.    Denied that the SkyCop camera is consistently police-monitored in real-time. All remaining allegations in Paragraph 157 are admitted.

158.    Admitted only that the SkyCop camera recorded the Scorpion Officers' encounter with Mr. Nichols. The remaining allegations in Paragraph 158, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

159.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159, and therefore, it is denied.

160.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, and therefore, it is denied.

161.    Admitted only that the allegations in Paragraph 161 were recorded via the Defendant Mills' body-worn camera, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 161 conflict with the recording, they are denied. Any remaining allegations in Paragraph 161, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

162.    Admitted only that the allegations in Paragraph 162 were recorded via the Defendant Mills' body-worn camera, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 162 conflict with the recording, they are denied. Any remaining allegations in Paragraph 162, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

163.    Admitted only that the allegations in Paragraph 163 were recorded via the Defendant Mills' body-worn camera, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 163 conflict with the recording, they are denied. Any remaining

allegations in Paragraph 163, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

164.    Admitted only that the allegations in Paragraph 164 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 164 conflict with the recording, they are denied. Any remaining allegations in Paragraph 164, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

165.    Admitted only that the allegations in Paragraph 165 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speak for itself. To the extent that the allegations in Paragraph 165 conflict with the recording, they are denied. Any remaining allegations in Paragraph 165, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

166.    Admitted only that the allegations in Paragraph 166 were recorded via the SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 166 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 166, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

167.    Admitted only that the allegations in Paragraph 167 were recorded via the SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 167 conflict with the

recordings, they are denied. Any remaining allegations in Paragraph 167, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.[11]

168.    Admitted only that the allegations in Paragraph 168 were recorded via the

SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings

speak for themselves. To the extent that the allegations in Paragraph 168 conflict with the

recordings, they are denied. Any remaining allegations in Paragraph 168, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

169.    Admitted only that the allegations in Paragraph 169 were recorded via the

SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings

speak for themselves. To the extent that the allegations in Paragraph 169 conflict with the

recordings, they are denied. Any remaining allegations in Paragraph 169, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

170.    Admitted only that the allegations in Paragraph 170 were recorded via the

SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings

speak for themselves. To the extent that the allegations in Paragraph 170 conflict with the

recordings, they are denied. Any remaining allegations in Paragraph 170, including Plaintiff's

characterizations of her claims and/or legal conclusions, are denied.

171.    Admitted only that the allegations in Paragraph 171 were recorded via the

SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings

speak for themselves. To the extent that the allegations in Paragraph 171 conflict with the

---

[11] The image depicted after Paragraph 167 of the Complaint, which is a still image of body-worn camera video, is followed by text that purports to describe the image: "*Officer Mills sprays Tyre directly in his face with pepper spray, despite already being on the ground, while another SCORPION officer restrains Tyre.*" To the extent that this description conflicts with the video recording in its full context, it is denied.

recordings, they are denied. Any remaining allegations in Paragraph 171, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

172.    Admitted only that the allegations in Paragraph 172 were recorded via the SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 172 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 172, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied. Paragraph 172 is further denied as to Plaintiff's characterization and/or legal conclusion that the Defendant Officers acted "[w]ithout any legal justification."

173.    Admitted only that the allegations in Paragraph 173 were recorded via the SkyCop camera and/or Defendant Mills' body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 173 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 173, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied. Further, the City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to Mr. Nichols' subjective state of mind during the encounter with the Defendant Officers, and therefore, this allegation is denied.

174.    Admitted only that the allegations in Paragraph 174 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 174 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 174, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

175.    Admitted only that the allegations in Paragraph 175 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 175 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 175, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied. Paragraph 175 is further denied as to Plaintiff's characterization and/or legal conclusion that the traffic stop and use of force were "unconstitutional."

176.    Admitted only that the allegations in Paragraph 176 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 176 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 176, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

177.    Admitted only that the allegations in Paragraph 177 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 177 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 177, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

178.    Admitted only that the allegations in Paragraph 178 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 178 conflict with the recordings, they

4936-2126-1426

are denied. Any remaining allegations in Paragraph 178, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.[12]

179.    Admitted only that the allegations in Paragraph 179 including subparts (a) through (i) were recorded via the SkyCop camera and/or body-worn camera, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 179 conflict with the recordings, they are denied. Further, subparts (b), (c), (e), (g), and (i) of Paragraph 179 are denied. The City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 179(a), and therefore, it is denied. Any remaining allegations in Paragraph 179, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

180.    The City Defendants deny that the City or MPD had a custom or practice of imposing a "tax" on the residents of Memphis. The remaining allegations in Paragraph 180, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

181.    The City Defendants deny that the City or MPD had a custom or practice of imposing a "tax" on the residents of Memphis. The remaining allegations in Paragraph 181, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

182.    The City Defendants deny that the City or MPD had a custom of brutalizing civilians or a custom or practice of imposing a "tax" on the residents of Memphis. The remaining allegations in Paragraph 182, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

---

[12] The image depicted after Paragraph 178 of the Complaint, which is a still image of the SkyCop camera video, is followed by text that purports to describe the image: "*The five SCORPION Officers (Emmitt Martin, Demetrius Haley, Justin Smith, Desmond Mills, and Tadarrius Bean) ruthlessly beating Tyre Nichols to death.*" To the extent that this description conflicts with the video recording in its full context, it is denied.

46

183.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183 related to the Defendant Officers' subjective knowledge, expectations, or states of mind on January 7, 2023, and therefore, these allegations are denied. The City Defendants deny that the City or MPD had a custom of brutalizing civilians or a custom or practice of imposing a "tax" on the residents of Memphis. The remaining allegations in Paragraph 183, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

184.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184 related to the Defendant Officers' subjective knowledge, expectations, or states of mind on January 7, 2023, and therefore, these allegations are denied. The City Defendants deny that the City or MPD had a custom of brutalizing civilians or a custom or practice of imposing a "tax" on the residents of Memphis. The remaining allegations in Paragraph 184, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

185.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185 related to the Defendant Officers' subjective knowledge, expectations, or states of mind on January 7, 2023, and therefore, these allegations are denied. The City Defendants deny that the City or MPD had a custom of brutalizing civilians, a custom or practice of imposing a "tax" on the residents of Memphis, or a code of silence that enabled misconduct. The remaining allegations in Paragraph 185, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

186.    The City Defendants deny that the City or MPD had a custom of brutalizing civilians, a custom or practice of imposing a "tax" on the residents of Memphis, or a code of

47

silence that enabled misconduct. The remaining allegations in Paragraph 186, including

Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

## V.     The Aftermath: The Indifference of SCORPION Unit Officers, MPD Officers, MFD Agents, and Others Contribute to Tyre's Death.[13]

187.    Admitted only that the allegations in Paragraph 187 were recorded via the

SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for

themselves. To the extent that the allegations in Paragraph 187 conflict with the recordings, they

are denied. Any remaining allegations in Paragraph 187, including Plaintiff's characterizations of

her claims and/or legal conclusions, are denied.

188.    Admitted only that the allegations in Paragraph 188 were recorded via the

SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for

themselves. To the extent that the allegations in Paragraph 188 conflict with the recordings, they

are denied. Any remaining allegations in Paragraph 188, including Plaintiff's characterizations of

her claims and/or legal conclusions, are denied.

189.    Admitted only that the allegations in Paragraph 189 were recorded via the

SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for

themselves. To the extent that the allegations in Paragraph 189 conflict with the recordings, they

are denied. Any remaining allegations in Paragraph 189, including Plaintiff's characterizations of

her claims and/or legal conclusions, are denied.

190.    Admitted only that the allegations in Paragraph 190 were recorded via the

SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for

themselves. To the extent that the allegations in Paragraph 190 conflict with the recordings, they

---

[13] *See supra* n.1.

4936-2126-1426

are denied. Any remaining allegations in Paragraph 190, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

191.    Admitted only that the allegations in Paragraph 191 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 191 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 191, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

192.    Admitted only that the allegations in Paragraph 192 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 192 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 192, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

193.    Admitted.

194.    Admitted only that the allegations in Paragraph 194 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 194 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 194, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

195.    Admitted only that the allegations in Paragraph 195 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 195 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 195, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

196.    Admitted only that the allegations in Paragraph 196 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 196 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 196, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

197.    Admitted only that the allegations in Paragraph 197 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 197 conflict with the recordings, they are denied.[14] Any remaining allegations in Paragraph 197, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

198.    Admitted only that the allegations in Paragraph 198 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 198 conflict with the recordings, they are denied.[15] Any remaining allegations in Paragraph 198, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

199.    Admitted only that the allegations in Paragraph 199 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 199 conflict with the recordings, they

---

[14] The image depicted after Paragraph 197 of the Complaint, which is a still image of body-worn camera video, is followed by text that purports to describe the image: "*Tyre laying unrecognizable propped up against an unmarked Memphis Police Department vehicle.*" To the extent this description conflicts with the video recording in its full context, it is denied.

[15] The image depicted after Paragraph 198 of the Complaint, which is a still image of the SkyCop camera video, is followed by text that purports to describe the image: "*Many officers on scene moving around, but not checking on Tyre.*" To the extent this description conflicts with the video recording in its full context, it is denied.

are denied. Any remaining allegations in Paragraph 199, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

200.    Admitted only that the allegations in Paragraph 200 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 200 conflict with the recordings, they are denied.[16] Further denied that MPD has a "culture of brutality and impunity." Any remaining allegations in Paragraph 200, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

201.    Admitted only that Defendant Haley sent the photo to at least five people. The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to Defendant Haley's subjective motivations or purpose for taking and sending the photo, and therefore, this allegation is denied. Any remaining allegations in Paragraph 201, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

202.    Admitted only that the allegations in Paragraph 202 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 202 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 202, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

---

[16] The image depicted after Paragraph 200 of the Complaint, which is a still image of the SkyCop camera video, is followed by text that purports to describe the image: "*Officer Haley is circled in red, taking a closeup photo of Tyre with the flash of his cell phone camera activated.*" To the extent this description conflicts with the video recording in its full context, it is denied.

51

203.    Admitted only that the allegations in Paragraph 203 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 203 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 203, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

204.    The allegations in Paragraph 204 involve Defendants that have been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 204 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 204 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 204, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

205.    The allegations in Paragraph 205 involve Defendants that have been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 205 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 205 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 205, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

206.    The allegations in Paragraph 206 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 206 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for

themselves. To the extent that the allegations in Paragraph 206 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 206, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

207.    The allegations in Paragraph 207 involve Defendants that have been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 207 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 207 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 207, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

208.    The allegations in Paragraph 208 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 208 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 208 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 208, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

209.    The allegations in Paragraph 209 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 209 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 209 conflict with the recordings, including Plaintiff's characterizations of her claims and/or legal conclusions, they are denied.

53

210.    The allegations in Paragraph 210 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 210 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 210 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 210, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.[17]

211.    The allegations in Paragraph 211 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 211 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 211 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 211, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

212.    The allegations in Paragraph 212 involve Defendants that have been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, admitted only that the allegations in Paragraph 212 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 212 conflict with the recordings, they

---

[17] The image depicted after Paragraph 210 of the Complaint, which is a still image of body-worn camera video, is followed by text that purports to describe the image: "*EMT Sandridge declines to use his blood pressure cuff to evaluate Tyre.*" This image and description involve a Defendant that has been dismissed from this action, and as such, no response by the City Defendants is required. If a response is deemed required, the City Defendants state that to the extent this description conflicts with the video recording in its full context, it is denied.

54

are denied. Any remaining allegations in Paragraph 212, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

213.    Admitted only that the allegations in Paragraph 213 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 213 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 213, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

214.    The allegations in Paragraph 214 involve Defendants that have been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, the City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to EMT Sandridge's basis for determinations or medical evaluation, and therefore, this allegation is denied. Any remaining allegations in Paragraph 214, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

215.    Admitted only that the allegations in Paragraph 215 including subparts (a) through (i) were recorded via the SkyCop camera and/or body-worn camera, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 215 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 215, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied. Further, to the extent that the allegations in Paragraph 215 are directed at Defendants that have been dismissed from this action (ECF No. 484), no response from the City Defendants is required.

216.    The allegations in Paragraph 216 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a

response is deemed required, the City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to EMT Long's knowledge or intentions as to the medical care of Mr. Nichols, and therefore, this allegation is denied. Any remaining allegations in Paragraph 216, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

217. The allegations in Paragraph 217 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, the City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to EMT Sandridge's knowledge or intentions as to the medical care of Mr. Nichols, and therefore, this allegation is denied. Any remaining allegations in Paragraph 217, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

218. The allegations in Paragraph 218 involve a Defendant that has been dismissed from this action (ECF No. 484), and as such, no response by the City Defendants is required. If a response is deemed required, the City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to EMT Whitaker's knowledge or intentions as to the medical care of Mr. Nichols, and therefore, this allegation is denied. Any remaining allegations in Paragraph 218, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

219. Admitted only that the allegations in Paragraph 219 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 219 conflict with the recordings, they

56

are denied. Any remaining allegations in Paragraph 219, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

220.    Admitted only that the allegations in Paragraph 220 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 220 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 220, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied. Further, to the extent that the allegations in Paragraph 220 are directed at Defendants that have been dismissed from this action (ECF No. 484), no response from the City Defendants is required.

221.    Admitted only that the allegations in Paragraph 221 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 221 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 221, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

222.    Admitted only that the allegations in Paragraph 222 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 222 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 222, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

223.    Admitted only that the allegations in Paragraph 223 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 223 conflict with the recordings, they

are denied. Any remaining allegations in Paragraph 223, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

224.    Admitted only that the allegations in Paragraph 224 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 224 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 224, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

225.    Admitted.

226.    Admitted.

## VI.    The Late Arrival of Lieutenant DeWayne Smith and the Misrepresentations and Lies to RowVaughn Wells.[18]

227.    Admitted only that Lt. Smith was the supervisor over Scorpion Unit Team 1 and that he arrived on scene after Mr. Nichols' encounter with MPD Officers. The remaining allegations in Paragraph 227, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

228.    Admitted only that the allegations in Paragraph 228 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 228 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 228, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

---

[18] *See supra* n.1.

4936-2126-1426

229.    The City Defendants deny that the City or MPD has a "code of silence." The remaining allegations in Paragraph 229, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

230.    Denied as stated. Lt. Smith was the only Scorpion Unit supervisor to arrive on scene at Bear Creek and Castlegate after Mr. Nichols was apprehended. Both Lt. Smith and another Organized Crime Unit supervisor, Colonel Christopher Moffatt, made the scene at the hospital where Mr. Nichols was transported. Any remaining allegations in Paragraph 230, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

231.    Admitted.

232.    Admitted only that the allegations in Paragraph 232 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 232 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 232, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

233.    Admitted only that the allegations in Paragraph 233 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 233 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 233, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

234.    Admitted only that the allegations in Paragraph 234 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 234 conflict with the recordings, they

are denied. Any remaining allegations in Paragraph 234, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

235.    Admitted only that the allegations in Paragraph 235 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 235 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 235, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

236.    Admitted only that the allegations in Paragraph 236 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 236 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 236, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

237.    Admitted only that the allegations in Paragraph 237 were recorded via the SkyCop camera and/or body-worn camera video, and therefore, the recordings speak for themselves. To the extent that the allegations in Paragraph 237 conflict with the recordings, they are denied. Any remaining allegations in Paragraph 237, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

238.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to Lt. Smith's subjective knowledge of Mr. Nichols' medical condition, and therefore, Paragraph 238 is denied.

239.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to Lt. Smith's subjective knowledge of Mr. Nichols' medical condition, and therefore, Paragraph 239 is denied.

240.    The City Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations related to Lt. Smith's subjective knowledge of Mr. Nichols' medical condition, and therefore, Paragraph 240 is denied.

241.    The allegations in Paragraph 241 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 241 are denied.

242.    The allegations in Paragraph 242 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 242 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 242 conflict with the recording, they are denied. Any remaining allegations in Paragraph 242, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

243.    The allegations in Paragraph 243 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 243 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 243 conflict with the recording, they are

61

denied. Any remaining allegations in Paragraph 243, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

244.    The allegations in Paragraph 244 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 244 are denied.

245.    The allegations in Paragraph 245 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 245 are denied.

246.    The allegations in Paragraph 246 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 246 are denied.

247.    The allegations in Paragraph 247 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 247 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 247 conflict with the recording, they are

denied. Any remaining allegations in Paragraph 247, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

248.    The allegations in Paragraph 248 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 248 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 248 conflict with the recording, they are denied. Any remaining allegations in Paragraph 248, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

249.    The allegations in Paragraph 249 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 249 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 249 conflict with the recording, they are denied. Any remaining allegations in Paragraph 249, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

250.    The allegations in Paragraph 250 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 250 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks

63

for itself. To the extent that the allegations in Paragraph 250 conflict with the recording, they are denied. Any remaining allegations in Paragraph 250, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

251.    The allegations in Paragraph 251 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 251 are denied.

252.    The allegations in Paragraph 252 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 252 are denied.

253.    The allegations in Paragraph 253 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 253 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 253 conflict with the recording, they are denied. Any remaining allegations in Paragraph 253, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

254.    The allegations in Paragraph 254 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been

dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 254 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 254 conflict with the recording, they are denied. Any remaining allegations in Paragraph 254, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

255.    The allegations in Paragraph 255 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 255 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 255 conflict with the recording, they are denied. Any remaining allegations in Paragraph 255, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

256.    The allegations in Paragraph 256 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 256 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 256 conflict with the recording, they are denied. Any remaining allegations in Paragraph 256, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

257.     The allegations in Paragraph 257 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 257 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 257 conflict with the recording, they are denied. Any remaining allegations in Paragraph 257, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

258.     The allegations in Paragraph 258 relate to Plaintiff's claims against Lt. Smith in his official capacity, and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 258 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 258 conflict with the recording, they are denied. Any remaining allegations in Paragraph 258, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

259.     The allegations in Paragraph 259 relate to Plaintiff's claims against Lt. Smith in his official capacity and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, admitted only that the allegations in Paragraph 259 were recorded via Defendant Mills' body-worn camera video, and therefore, the recording speaks for itself. To the extent that the allegations in Paragraph 259 conflict with the recording, they are

4936-2126-1426

denied. Any remaining allegations in Paragraph 259, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

260.    The allegations in Paragraph 260 relate to Plaintiff's claims against Lt. Smith in his official capacity and thus constitute claims against the City itself. These claims have been dismissed from this action, and therefore, no response is required by the City Defendants. (ECF No. 484.) If a response is deemed required, the City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation related to Lt. Smith's subject observations or understanding of Mr. Nichols medical condition, and therefore, Paragraph 260 is denied.

## VII.    MPD's coverup of Tyre's beating begins.[19]

261.    Denied.

262.    The City Defendants deny that MPD has a "widespread practice . . . of fabricating aggressive conduct on the part of a civilian in order to falsely justify MPD officers' mistreatment of the civilian." The remaining allegations in Paragraph 262, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

263.    The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263, as they appear to reference unspecified statements made by Defendant Hemphill and another MPD officer with no citation to when or where these alleged statements were made or how these statements were recorded. Therefore, the City Defendants deny the allegations in Paragraph 263.

264.    Admitted only that criminal charges were initiated against Mr. Nichols. All remaining allegations in Paragraph 264 are denied.

---

[19] *See supra* n.1.

265.     Admitted only that the allegations in Paragraph 265 refer to a document and events recorded via Defendant Hemphill's body-worn camera video and therefore, the document and recording speak for themselves. To the extent that the allegations in Paragraph 265 conflict with the document or recording, they are denied. Any remaining allegations in Paragraph 265, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

266.     Admitted only that the allegations in Paragraph 266 refer to a document and therefore, the document speaks for itself. To the extent that the allegations in Paragraph 266 conflict with the document, they are denied. Any remaining allegations in Paragraph 266, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

267.     Denied as stated. Defendant Lt. Smith did not review the body-worn camera video before being walled off from the ISB investigation and submitting his written report. Although it was within his duties to review body-worn camera footage, generally, in this case, he was swiftly walled off from the ISB investigation. The remaining allegations in Paragraph 267, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

268.     Denied as stated. Pursuant to the City Defendants' answer to Paragraph 268, Lt. Smith did not complete his supervisory review, and therefore, he never provided an official report. Any remaining allegations in Paragraph 268, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

269.     Denied as stated. Pursuant to the City Defendants' answer to Paragraph 269, Lt. Smith did not complete his supervisory review, and therefore, he never provided an official report. Any remaining allegations in Paragraph 269, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

270.     Denied.

68

## VIII.  The SCORPION Unit Officers' Use of Excessive Force and Failure to Intervene in the Use of Excessive Force Contributes to Tyre's Death.[20]

271.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 271 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 271, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

272.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 272 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 272, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

273.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 273 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 273, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

274.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 274 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 274, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

275.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 275 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 275, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

---

[20] *See supra* n.1.

276.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 276 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 276, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

277.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 277 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 277, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

278.    Admitted only that Mr. Nichols' medical records speak for themselves. To the extent that the allegations in Paragraph 278 conflict with the medical records, they are denied. Any remaining allegations in Paragraph 278, including Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

## CAUSES OF ACTION

### COUNT I – Fourth Amendment
*Plaintiff v. City of Memphis*

279.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 279.

280.    Paragraph 280 contains Plaintiff's characterizations of her claims and/or legal conclusions, and therefore, it is denied. Further, the City Defendants deny that Plaintiff is entitled to any relief sought by the Complaint from the City Defendants.

281.    Paragraph 281, including its subparts, contains Plaintiff's characterizations of her claims and/or legal conclusions, and therefore, it is denied. Further, the City Defendants deny

70

that any alleged misconduct described in the Complaint was carried out pursuant to the policies or practices of the City or MPD. The City Defendants specifically deny that Plaintiff is entitled to any relief sought by the Complaint from the City Defendants.

     a.  Denied.

     b.  Denied.

     c.  Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied as stated. Specifically, there is no proof that any acts or behavior of the City of Memphis support any damages to Mr. Nichols, much less punitive damages. Further, the City Defendants believe the punitive damages claim, if allowed, should be bifurcated pursuant to *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992).

286.    Denied.

287.    Denied.

## **COUNT II – Fourth Amendment**
*Plaintiff v. Chief Cerelyn Davis, in her individual capacity.*

288.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 288.

289.    Admitted.

290.     Paragraph 290 contains Plaintiff's characterizations of her claims and/or legal conclusions, and therefore, it is denied. The City Defendants specifically deny that Plaintiff is entitled to any relief sought by the Complaint from the City Defendants.

291.     Paragraph 291 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions, and therefore, it is denied. Further, the City Defendants deny that any alleged misconduct described in the Complaint was carried out pursuant to the policies or practices of the City or MPD. The City Defendants specifically deny that Plaintiff is entitled to any relief sought by the Complaint from the City Defendants.

 a. Denied.

 b. Denied.

 c. Denied.

292. Denied.

293. Denied.

294. Denied.

295. Denied as stated. Specifically, there is no proof that any acts or behavior of Chief Davis support any damages to Mr. Nichols, much less punitive damages. Further, the City Defendants believe the punitive damages claim, if allowed, should be bifurcated pursuant to *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992).

296. Denied.

297. Denied.

### COUNT III – Fourth Amendment: Unreasonable Stop
*Plaintiff v. Emmitt Martin III, in his individual capacity*

298.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent

any further response is required, the City Defendants deny any remaining allegations in
Paragraph 298.

300.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Martin in his official capacity, and thus no response by the City Defendants is
required. To the extent that a response is required, upon information and belief, admitted.
However, the City Defendants demand strict proof to the extent their interests are to be affected
by the allegations in Paragraph 299.

300.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Martin in his official capacity, and thus no response by the City Defendants is
required. To the extent that a response is required, upon information and belief, admitted.
However, the City Defendants demand strict proof to the extent their interests are to be affected
by the allegations in Paragraph 300.

301.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Martin in his official capacity, and thus no response by the City Defendants is
required. To the extent that a response is required, the City Defendants admit only that Officer
Martin participated in a traffic stop of Mr. Nichols on January 7, 2023. The City Defendants lack
knowledge or information sufficient to form a belief about the truth of the allegations related to
Defendant Martin's subjective state of mind on January 7, 2023, and therefore, this allegation is
denied. Any remaining allegations in Paragraph 301, including Plaintiff's characterizations of her
claims and/or legal conclusions, are denied.

302.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Martin in his official capacity, and thus no response by the City Defendants is
required. To the extent that a response is required, the City Defendants admit only that Officer

Martin participated in a traffic stop of Mr. Nichols on January 7, 2023. The City Defendants lack

knowledge or information sufficient to form a belief about the truth of the remaining allegations

as related to Defendant Martin's subjective knowledge or observations on January 7, 2023, and

therefore, this allegation is denied. Any remaining allegations in Paragraph 302, including

Plaintiff's characterizations of her claims and/or legal conclusions, are denied.

303.    Plaintiff does not bring this claim against the City Defendants or against

Defendant Martin in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 303 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a

response is deemed required, the allegations in Paragraph 303 are denied.

304.    Plaintiff does not bring this claim against the City Defendants or against

Defendant Martin in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 304 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a

response is deemed required, the allegations in Paragraph 304 are denied.

305.    Plaintiff does not bring this claim against the City Defendants or against

Defendant Martin in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 305 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a

response is deemed required, the allegations in Paragraph 305 are denied.

306.    Plaintiff does not bring this claim against the City Defendants or against

Defendant Martin in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 306 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 306 are denied.

307.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 307 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 307 are denied.

308.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 308 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 308 are denied.

309.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 309 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 309 are denied.

310.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 310 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 310 are denied.

311.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 311 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 311 are denied.

312.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 312 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 312 are denied.

313.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 313 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 313 are denied.

314.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 314 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 314 are denied.

315.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 315 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 315 are denied.

316.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 316 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 316 are denied.

317.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 317 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 317 are denied.

318.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 318 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 318 are denied.

319.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 319 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 319 are denied.

320.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 320 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 320 are denied.

<u>**COUNT IV – Fourth Amendment: Excessive Force and Conspiracy to Use Excessive Force**</u>
*Plaintiff v. Emmitt Martin III, in his individual capacity*

321.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 321.

322.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 322 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 322 are denied.

323.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 323 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 323 are denied.

324.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 324 alleges vicarious liability, such a claim is barred from

this action. Further, Paragraph 324 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 324 are denied.

325.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 325 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 325 are denied.

326.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 326 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 326 are denied.

327.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 327 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 327 are denied.

328.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 328 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 328 are denied.

329.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 329 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 329 are denied.

330.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 330 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 330 are denied.

331.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 331 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 331 are denied.

332.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 332 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 332 are denied.

333.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 333 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 333 are denied.

334.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 334 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 334 are denied.

335.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 335 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 335 are denied.

336.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 336 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 336 are denied.

337.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 337 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 337 are denied.

338.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 338 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 338 are denied.

339.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 339 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 339 are denied.

340.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 340 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 340 are denied.

341.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 341 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 341 are denied.

342.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 342 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 342 are denied.

343.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 343 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 343 are denied.

344.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 344 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 344 are denied.

345.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 345 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 345 are denied.

346.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 346 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 346 are denied.

## COUNT V – Fourth Amendment: Failure to Intervene to Prevent Excessive Force
*Plaintiff v. Emmitt Martin III, in his individual capacity*

347.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 347.

348.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 348 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 348 are denied.

349.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 349 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 349 are denied.

350.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 350 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 350 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 350 are denied.

351.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 351 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 351 are denied.

352.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 352 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 352 are denied.

353.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 353 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 353 are denied.

354.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 354 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 354 are denied.

355.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 355 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 355 are denied.

356.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 356 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 356 are denied.

357.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 357 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 357 are denied.

358.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 358 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 358 are denied.

359.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 359 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 359 are denied.

360.     Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 360 contains Plaintiff's characterizations of her claims and/or legal

4936-2126-1426

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 360 are denied.

361.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 361 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 361 are denied.

362.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 362 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 362 are denied.

363.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 363 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 363 are denied.

364.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 364 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 364 are denied.

4936-2126-1426

365.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 365 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 365 are denied.

366.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 366 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 366 are denied.

367.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 367 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 367 are denied.

368.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 368 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 368 are denied.

369.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 369 contains Plaintiff's characterizations of her claims and/or legal

88

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 369 are denied.

370.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 370 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 370 are denied.

371.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 371 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in Paragraph 371 are denied.

372.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 372 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

### COUNT VI – Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs
*Plaintiff v. Emmitt Martin III, in his individual capacity*

373.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 373.

89

374.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 374 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

375.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 375 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

376.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 376 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 376 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

377.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 377 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

378.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 378 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

379.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 379 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

380.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 380 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

381.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 381 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

382.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 382 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

383.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 383 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

384.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 384 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

385.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 385 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

386.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 386 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

387.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 387 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

388.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 388 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

389.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 389 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

390.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 390 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

391.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 391 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

392.    Plaintiff does not bring this claim against the City Defendants or against Defendant Martin in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 392 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT VII – Fourth Amendment: Unreasonable Stop
*Plaintiff v. Demetrius Haley, in his individual capacity*

393.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 393.

394.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 394.

395.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 395.

396.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, the City Defendants admit only that Officer Haley

94

participated in a traffic stop of Mr. Nichols on January 7, 2023. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to Defendant Haley's subjective state of mind on January 7, 2023, and therefore deny the remaining allegations in Paragraph 396.

397.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, the City Defendants admit only that Officer Haley participated in a traffic stop of Mr. Nichols on January 7, 2023. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations as related to Defendant Haley's subjective knowledge or observations on January 7, 2023, and therefore deny the remaining allegations in Paragraph 397.

398.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 398 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

399.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 399 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

400.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required.

Further, Paragraph 400 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

401.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 401 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

402.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 402 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

403.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 403 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

404.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 404 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

405.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 405 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

406.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 406 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

407.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 407 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

408.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 408 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

409.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 409 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

410.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 410 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

411.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 411 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

412.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 412 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

413.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 413 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

414.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 414 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

415.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 415 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

<u>**COUNT VIII – Fourth Amendment: Excessive Force**</u>
*Plaintiff v. Demetrius Haley, in his individual capacity*

416.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 416.

417.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 417 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

418.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 418 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

419.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 419 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 419 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

420.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 420 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

421.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 421 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

422.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 422 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

423.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 423 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

424.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 424 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

425.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 425 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

426.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 426 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

427.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 427 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

428.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 428 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

429.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 429 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

430.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 430 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

431.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 431 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

432.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 432 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

433.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 433 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

434.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 434 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

435.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 435 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

436.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 436 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

437.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 437 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

438.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 438 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

439.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 439 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

440.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 440 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

441.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 441 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

### COUNT IX – Fourth Amendment: Failure to Intervene to Prevent Excessive Force
*Plaintiff v. Demetrius Haley, in his individual capacity*

442.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 442.

443.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 443 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

444.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 444 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

445.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 445 alleges vicarious liability, such a claim is barred from this

action. Further, Paragraph 445 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

446.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 446 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

447.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 447 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

448.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 448 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

449.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 449 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

450.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 450 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

451.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 451 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

452.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 452 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

453.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 453 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

454.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 454 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

455.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 455 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

456.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 456 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

457.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 457 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

458.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 458 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

459.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 459 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

460.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 460 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

461.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 461 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

462.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 462 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

463.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 463 contains Plaintiff's characterizations of her claims and/or legal

4936-2126-1426

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

464.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 464 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

465.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 465 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

466.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 466 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

467.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 467 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT X – Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs
*Plaintiff v. Demetrius Haley, in his individual capacity*

468.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 468.

469.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 469 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

470.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 470 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

471.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 471 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 471 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

472.     Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required.

Further, Paragraph 472 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

473.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 473 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

474.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 474 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

475.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 475 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

476.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 476 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

477.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Haley in his official capacity, and thus no response by the City Defendants is required.
Further, Paragraph 477 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

478.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Haley in his official capacity, and thus no response by the City Defendants is required.
Further, Paragraph 478 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

479.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Haley in his official capacity, and thus no response by the City Defendants is required.
Further, Paragraph 479 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

480.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Haley in his official capacity, and thus no response by the City Defendants is required.
Further, Paragraph 480 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

481.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Haley in his official capacity, and thus no response by the City Defendants is required.
Further, Paragraph 481 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

482.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 482 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

483.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 483 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

484.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 484 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

485.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 485 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

486.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 486 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

487.    Plaintiff does not bring this claim against the City Defendants or against Defendant Haley in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 487 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XI – Fourth Amendment: Excessive Force
### *Plaintiff v. Justin Smith, in his individual capacity*

488.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 488.

489.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 489 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

490.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 490 contains Plaintiff's characterizations of her claims and/or legal

115

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

491.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 491 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 491 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

492.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 492 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

493.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 493 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

494.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 494 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

116

495.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 495 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

496.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 496 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

497.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 497 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

498.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 498 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

499.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 499 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

500.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 500 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

501.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 501 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

502.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 502 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

503.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 503 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

504.     Plaintiff does not bring this claim against the City Defendants or against
Defendant J. Smith in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 504 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

505.     Plaintiff does not bring this claim against the City Defendants or against
Defendant J. Smith in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 505 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

506.     Plaintiff does not bring this claim against the City Defendants or against
Defendant J. Smith in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 506 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

507.     Plaintiff does not bring this claim against the City Defendants or against
Defendant J. Smith in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 507 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

508.     Plaintiff does not bring this claim against the City Defendants or against
Defendant J. Smith in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 508 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

509.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 509 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

510.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 510 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

511.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 511 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

512.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 512 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

513.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 513 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

514.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 514 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

515.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 515 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

**COUNT XII – Fourth Amendment: Failure to Intervene to Prevent Excessive Force**
*Plaintiff v. Justin Smith, in his individual capacity*

516.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 516.

517.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 517 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

518.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 518 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

519.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 519 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 519 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

520.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 520 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

521.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 521 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

522.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 522 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

523.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 523 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

524.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 524 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

525.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 525 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

526.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 526 contains Plaintiff's characterizations of her claims and/or legal

123

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

527.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 527 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

528.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 528 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

529.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 529 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

530.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 530 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

531.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 531 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

532.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 532 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

533.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 533 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

534.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 534 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

535.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 535 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

536.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 536 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

537.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 537 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

538.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 538 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

539.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 539 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

540.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 540 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

541.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 541 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

**COUNT XIII – Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs**
*Plaintiff v. Justin Smith, in his individual capacity*

542.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 542.

543.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 543 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

544.     Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 544 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

545.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 545 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 545 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

546.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 546 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

547.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 547 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

548.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 548 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

549.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 549 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

550.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 550 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

551.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 551 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

552.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 552 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

553.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 553 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

554.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 554 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

555.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 555 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

556.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 556 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

557.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 557 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

558.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 558 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

559.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 559 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

560.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 560 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

561.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 561 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

562.    Plaintiff does not bring this claim against the City Defendants or against Defendant J. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 562 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XIV – Fourth Amendment: Excessive Force
*Plaintiff v. Desmond Mills, Jr., in his individual capacity*

563.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 563.

564.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 564 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

565.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 565 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

566.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 566 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 566 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

567.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 567 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

568.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 568 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

569.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 569 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

570.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 570 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

571.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 571 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

572.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 572 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

573.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 573 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

574.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 574 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

575.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 575 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

576.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 576 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

577.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 577 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

578.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 578 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

579.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 579 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

580.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 580 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

581.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 581 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

582.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 582 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

583.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 583 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

584.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 584 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

585.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 585 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

586.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 586 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

587.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 587 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

588.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 588 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

589.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 589 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

590.     Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 590 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XV – Fourth Amendment: Failure to Intervene to Prevent Excessive Force
*Plaintiff v. Desmond Mills, Jr., in his individual capacity*

591.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 591.

592.     Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 592 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

593.     Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 593 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

138

594.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 594 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 594 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

595.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 595 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

596.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 596 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

597.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 597 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

598.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required.

4936-2126-1426

Further, Paragraph 598 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

599.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 599 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

600.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 600 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

601.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 601 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

602.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 602 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

603.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 603 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

604.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 604 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

605.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 605 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

606.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 606 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

607.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 607 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

608.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 608 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

609.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 609 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

610.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 610 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

611.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 611 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

612.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 612 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

613.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 613 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

614.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 614 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

615.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 615 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

616.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 616 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

<u>**COUNT XVI – Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs**</u>
*Plaintiff v. Desmond Mills, Jr., in his individual capacity*

617.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 617.

618.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 618 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

619.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 619 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

620.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 620 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 620 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

144

621.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 621 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

622.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 622 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

623.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 623 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

624.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 624 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

625.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 625 contains Plaintiff's characterizations of her claims and/or legal

145

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

626.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 626 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

627.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 627 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

628.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 628 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

629.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 629 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

630.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 630 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

631.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 631 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

632.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 632 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

633.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 633 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

634.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 634 contains Plaintiff's characterizations of her claims and/or legal

4936-2126-1426

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

635.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 635 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

636.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 636 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XVII – Fourth Amendment: Excessive Force
### *Plaintiff v. Tadarrius Bean, in his individual capacity*

637.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 637.

638.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 638 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

148

639.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 639 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

640.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 640 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 640 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

641.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 641 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

642.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 642 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

643.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required.

149

Further, Paragraph 643 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

644.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 644 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

645.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 645 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

646.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 646 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

647.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 647 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

648.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 648 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

649.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 649 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

650.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 650 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

651.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 651 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

652.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 652 contains Plaintiff's characterizations of her claims and/or legal

4936-2126-1426

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

653.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 653 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

654.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 654 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

655.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 655 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

656.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 656 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

657.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 657 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

658.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 658 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

659.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 659 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

660.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 660 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

661.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 661 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

662.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 662 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

663.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 663 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

664.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 664 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XVIII – Fourth Amendment: Failure to Intervene to Prevent Excessive Force
*Plaintiff v. Tadarrius Bean, in his individual capacity*

665.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 665.

666.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 666 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

667.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 667 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

668.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 668 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 668 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

669.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 669 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

670.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required.

155

Further, Paragraph 670 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

671.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 671 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

672.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 672 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

673.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 673 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

674.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 674 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

675.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 675 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

676.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 676 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

677.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 677 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

678.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 678 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

679.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 679 contains Plaintiff's characterizations of her claims and/or legal

4936-2126-1426

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

680.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 680 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

681.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 681 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

682.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 682 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

683.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 683 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

684.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 684 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

685.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 685 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

686.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 686 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

687.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 687 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

688.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 688 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

689.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 689 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

690.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 690 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XIX – Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs
### *Plaintiff v. Desmond Mills, Jr., in his individual capacity*

691.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 691.

692.    Plaintiff does not bring this claim against the City Defendants or against Defendant Mills in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 692 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

160

4936-2126-1426

693.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 693 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

694.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 694 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 694 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

695.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 695 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

696.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 696 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

697.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required.

Further, Paragraph 697 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

698.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 698 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

699.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 699 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

700.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 700 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

701.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 701 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

702.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 702 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

703.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 703 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

704.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 704 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

705.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 705 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

706.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 706 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

707.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 707 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

708.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 708 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

709.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 709 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

710.    Plaintiff does not bring this claim against the City Defendants or against Defendant Bean in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 710 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

## COUNT XX – Fourth Amendment: Unreasonable Stop
*Plaintiff v. Preston Hemphill, in his individual capacity*

711.     The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 711.

712.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 712.

713.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, upon information and belief, admitted. However, the City Defendants demand strict proof to the extent their interests are to be affected by the allegations in Paragraph 713.

714.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, the City Defendants admit only that Officer Hemphill participated in a traffic stop of Mr. Nichols on January 7, 2023. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations related to Defendant Hemphill's state of mind on January 7, 2023. Therefore, the remaining allegations in Paragraph 714 are denied.

715.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. To the extent that a response is required, the City Defendants admit only that Officer Hemphill participated in a traffic stop of Mr. Nichols on January 7, 2023. The City Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations as related to Defendant Hemphill's knowledge or observations on January 7, 2023. Therefore, the remaining allegations in Paragraph 715 are denied.

716.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 716 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

717.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 717 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

718.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 718 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

166

719.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 719 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

720.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 720 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

721.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 721 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

722.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 722 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

723.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 723 contains Plaintiff's characterizations of her claims and/or legal

167

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

724.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 724 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

725.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 725 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

726.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 726 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

727.     Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 727 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

728.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 728 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

729.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 729 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

730.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 730 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

731.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 731 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

732.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 732 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

733.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 733 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

## COUNT XXI – Fourth Amendment: Excessive Force
*Plaintiff v. Preston Hemphill, in his individual capacity*

734.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 734.

735.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 735 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

736.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 736 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

170

737.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 737 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 737 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

738.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 738 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

739.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 739 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

740.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 740 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

741.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is

required. Further, Paragraph 741 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

742.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 742 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

743.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 743 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

744.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 744 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

745.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 745 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

746.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 746 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

747.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 747 and its subparts contain Plaintiff's characterizations of her
claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

748.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 748 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

749.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 749 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

750.    Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 750 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

751.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 751 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

752.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 752 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

753.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 753 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

754.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 754 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

755.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 755 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

756.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 756 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

757.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 757 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

758.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 758 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

759.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 759 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

760.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 760 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

761.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 761 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

### COUNT XXII – Fourth Amendment: Failure to Intervene to Prevent Excessive Force
*Plaintiff v. Preston Hemphill, in his individual capacity*

762.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 762.

763.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 763 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

764.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 764 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

765.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 765 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 765 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

766.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 766 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

767.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 767 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

768.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is

177

required. Further, Paragraph 768 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

769.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 769 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

770.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 770 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

771.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 771 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

772.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 772 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

4936-2126-1426

773.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 773 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

774.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 774 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

775.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 775 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

776.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 776 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

777.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 777 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

778.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 778 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

779.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 779 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

780.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 780 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

781.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 781 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

782.     Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 782 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

783.     Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 783 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

784.     Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 784 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

785.     Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 785 contains Plaintiff's characterizations of her claims and/or legal
conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a
response is deemed required, the allegations in this paragraph are denied.

786.     Plaintiff does not bring this claim against the City Defendants or against
Defendant Hemphill in his official capacity, and thus no response by the City Defendants is
required. Further, Paragraph 786 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

787.    Plaintiff does not bring this claim against the City Defendants or against Defendant Hemphill in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 787 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

### COUNT XXIII – Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs
*Plaintiff v. DeWayne Smith, in his individual capacity*

788.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 788.

789.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 789 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

790.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 790 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

791.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 791 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

792.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. To the extent that Paragraph 792 alleges vicarious liability, such a claim is barred from this action. Further, Paragraph 792 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

793.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 793 and its subparts contain Plaintiff's characterizations of her claims and/or legal conclusions to which no response is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

794.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 794 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

795.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is

183

required. Further, Paragraph 795 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

796.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 796 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

797.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 797 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

798.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 798 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

799.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 799 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

800.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 800 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

801.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 801 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

802.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 802 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

803.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 803 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

804.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 804 contains Plaintiff's characterizations of her claims and/or legal

conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

805.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 805 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

806.    Plaintiff does not bring this claim against the City Defendants or against Defendant Lt. Smith in his official capacity, and thus no response by the City Defendants is required. Further, Paragraph 806 contains Plaintiff's characterizations of her claims and/or legal conclusions to which no response by the City Defendants is required. Nonetheless, to the extent a response is deemed required, the allegations in this paragraph are denied.

**COUNT XXIV – 42 U.S.C. § 1983 – Fourteenth Amendment Violation of Deliberate Indifference to Serious Medical Needs**
*Plaintiff v. Robert Long, in his individual capacity*

807.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 807.

808.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 808 are denied.

809.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

186

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 809 are denied.

810.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. To the extent that Paragraph 810 alleges vicarious liability, such a claim is barred from this action. Further, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 810 are denied.

811.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 811 are denied.

812.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 812 are denied.

813.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 813 are denied.

814.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 814 are denied.

815.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 815 are denied.

816.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 816 are denied.

817.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 817 are denied.

818.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 818 are denied.

819.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 819 are denied.

4936-2126-1426

820.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 820 are denied.

821.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 821 are denied.

822.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 822 are denied.

823.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 823 are denied.

824.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 824 are denied.

825.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 825 are denied.

826.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 826 are denied.

827.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 827 are denied.

828.    Count XXIV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 828 are denied.

### COUNT XXV – 42 U.S.C. § 1983 – Fourteenth Amendment Violations of Deliberate Indifference to Serious Medical Needs
*Plaintiff v. JaMichael Sandridge, in his individual capacity*

829.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 829.

830.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 830 are denied.

190

831.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 831 are denied.

832.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. To the extent that Paragraph 832 alleges vicarious liability, such a claim is barred from this action. Further, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 832 are denied.

833.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 833 are denied.

834.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 834 are denied.

835.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 835 are denied.

836.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 836 are denied.

837.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 837 are denied.

838.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 838 are denied.

839.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 839 are denied.

840.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 840 are denied.

841.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 841 are denied.

842.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 842 are denied.

843.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 843 are denied.

844.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 844 are denied.

845.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 845 are denied.

846.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 846 are denied.

847.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 847 are denied.

848.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 848 are denied.

849.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 849 are denied.

850.    Count XXV of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 850 are denied.

**COUNT XXVI – 42 U.S.C. § 1983 – Fourteenth Amendment Violation of Deliberate Indifference to Serious Medical Needs**
*Plaintiff v. Michelle Whitaker, in her individual capacity*

851.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 851.

852.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

194

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 852 are denied.

853.     Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 853 are denied.

854.     Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. To the extent that Paragraph 854 alleges vicarious liability, such a claim is barred from this action. Further, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 854 are denied.

855.     Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 855 are denied.

856.     Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 856 are denied.

857.     Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 857 are denied.

858.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 858 are denied.

859.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 859 are denied.

860.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 860 are denied.

861.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 861 are denied.

862.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 862 are denied.

863.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 863 are denied.

864.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 864 are denied.

865.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 865 are denied.

866.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 866 are denied.

867.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 867 are denied.

868.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against

4936-2126-1426

the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 868 are denied.

869.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 869 are denied.

870.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 870 are denied.

871.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 871 are denied.

872.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 872 are denied.

873.    Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 873 are denied.

874. Count XXVI of the Complaint has been dismissed (ECF No. 484), thus no response by the City Defendants is required. Likewise, Plaintiff does not bring this claim against the City Defendants, and thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 874 are denied.

<u>**COUNT XXVII – Intentional Infliction of Emotional Distress**</u>
*Plaintiff v. DeWayne Smith, Individually and as Agent of the City of Memphis*[21]

875. The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 875.

876. Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 876 are denied.

877. Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 877 are denied.

878. Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 878 are denied.

---

[21] To the extent that Count XXVII alleges vicarious liability, such a claim is barred from this action.

4936-2126-1426

879.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 879 are denied.

880.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 880 are denied.

881.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 881 and its subparts are denied.

882.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 882 are denied.

883.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 883 are denied.

884.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the

City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 884 are denied.

885.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 885 are denied.

## COUNT XXVIII – Negligent Infliction of Emotional Distress
*Plaintiff v. DeWayne Smith, Individually and as Agent of the City of Memphis*[22]

886.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 886.

887.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 887 are denied.

888.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 888 are denied.

889.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the

---

[22] To the extent that Count XXVIII alleges vicarious liability, such a claim is barred from this action.

City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 889 are denied.

890.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 890 are denied.

891.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 891 are denied.

892.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 892 are denied.

893.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 893 are denied.

894.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 894 are denied.

895.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 895 are denied.

896.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 896 are denied.

897.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 897 are denied.

898.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXVIII of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 898 are denied.

<u>**COUNT XXIX – Fraudulent Misrepresentation**</u>
*Plaintiff v. DeWayne Smith, Individually and as Agent of the City of Memphis*[23]

899.    The City Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, the City Defendants deny any remaining allegations in Paragraph 899.

---

[23] To the extent that Count XXIX alleges vicarious liability, such a claim is barred from this action.

900.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 900 are denied.

901.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 901 are denied.

902.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 902 are denied.

903.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 903 are denied.

904.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 904 are denied.

905.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City

4936-2126-1426

Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 905 are denied.

906.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 906 are denied.

907.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 907 are denied.

908.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 908 are denied.

909.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 909 are denied.

910.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 910 are denied.

4936-2126-1426

911.    Plaintiff's official capacity claims against Defendant Lt. Smith have been dismissed, including Count XXIX of the Complaint (ECF No. 484), thus no response by the City Defendants is required. Nonetheless, to the extent that a response is deemed required, the allegations in Paragraph 911 are denied.

\* \* \*

Furthermore, responding to the section of the Complaint entitled "PRAYER FOR RELIEF" and beginning with the term "WHEREFORE," the City Defendants deny all allegations contained therein. Specifically, the City Defendants deny that Plaintiff is entitled to any award of damages against the City Defendants upon any theory of law alleged in the Complaint. Defendants separately demand a trial by jury.

Any and all other allegations in the Complaint not specifically admitted, explained, or denied herein are hereby denied.

## AFFIRMATIVE DEFENSES

The City Defendants, pursuant to Federal Rule of Civil Procedure 8(b), hereby state their affirmative defenses pursuant to the notice pleading standard recognized by the Sixth Circuit. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

## I.    CITY OF MEMPHIS

### AFFIRMATIVE DEFENSE ONE

The alleged constitutional violation was not the result of an official policy, custom, or practice of the City of Memphis, the Memphis Police Department, or Chief Davis.

### AFFIRMATIVE DEFENSE TWO

The City and its agents, employees, and police officers are not liable for violating Mr. Nichols' civil rights because the alleged wrongful acts were not made under color of any statute, ordinance, regulation, custom, or usage of the City of Memphis.

206

4936-2126-1426

## AFFIRMATIVE DEFENSE THREE

The City is immune from liability stemming from the acts or omissions of its employees when there is no statute declaring such liability.

## AFFIRMATIVE DEFENSE FOUR

The City is not liable for its employees' actions or omissions if the employee is immune from liability.

## AFFIRMATIVE DEFENSE FIVE

The incident giving rise to the lawsuit was a one-time occurrence and not representative of a widespread practice, policy, or custom of the City of Memphis or Memphis Police Department.

## AFFIRMATIVE DEFENSE SIX

The City of Memphis did not violate Mr. Nichols's constitutional rights.

## AFFIRMATIVE DEFENSE SEVEN

There is no causal link between the alleged constitutional violations of Mr. Nichols and any official policy, custom, or practice of the City of Memphis or the Memphis Police Department.

## AFFIRMATIVE DEFENSE EIGHT

The City of Memphis is not vicariously liable for the illegal and/or unconstitutional acts of its employees.

## AFFIRMATIVE DEFENSE NINE

At the time of the initial contact with Mr. Nichols, the Defendant Police Officers were acting within the scope of their employment and had probable cause to believe that said Decedent had committed a crime.

4936-2126-1426

## AFFIRMATIVE DEFENSE TEN

The City is immune from suit for the injuries proximately caused by a negligent act or omission of its employees because the injuries that gave rise to the lawsuit arise out of: "[t]he exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused." Tennessee Code Annotated § 29-20-205(1).

## AFFIRMATIVE DEFENSE ELEVEN

Plaintiff's claims should be barred because they are based on false representations, including, but not limited to, those set forth in the Preliminary Statement and Paragraphs 39, 111, and 115.

## AFFIRMATIVE DEFENSE TWELVE

Plaintiff's unclean hands preclude relief. Plaintiff, through her counsel, paid the mother of the sole heir of the estate of Mr. Nichols $400,000 in exchange for the mother's relinquishment of her exclusive right to bring this lawsuit. (Morgan Jackson Depo. Tr., 100:11–106:02.)

## AFFIRMATIVE DEFENSE THIRTEEN

Plaintiff's Monell claims for lack of supervision are barred by the Memorandum of Understanding between the MPD and the Memphis Police Association ("MPA"). *See City of Memphis v. Memphis Assoc.*, CT-1227-24 (Circuit Court of Shelby County, Tenn., Mar. 28, 2025).

## AFFIRMATIVE DEFENSE FOURTEEN

Plaintiff's *Monell* claims for lack of supervision are barred by the doctrine of preemption. *See City of Memphis v. Memphis Assoc.*, CT-1227-24 (Circuit Court of Shelby County, Tenn., Mar. 28, 2025).

4936-2126-1426

## II.    CHIEF DAVIS

Chief Davis incorporates the City's AFFIRMATIVE DEFENSES ONE through

FOURTEEN above, and further states as affirmative defenses the following:

**<u>AFFIRMATIVE DEFENSE FIFTEEN</u>**

Chief Davis acted in good faith through her role as Chief of the Memphis Police

Department, reasonably believing her conduct was lawful; as such, there was no deliberate

indifference to constitutional rights.

**<u>AFFIRMATIVE DEFENSE SIXTEEN</u>**

Chief Davis did not violate Mr. Nichols' constitutional rights, and she is entitled to

qualified immunity.

**<u>AFFIRMATIVE DEFENSE SEVENTEEN</u>**

Chief Davis did not act with deliberate indifference to Plaintiff's constitutional rights.


Dated: October 16, 2025.


Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis
and Chief Cerelyn Davis in her Individual
Capacity*

209

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on October 16, 2025, the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system, and that upon filing, all counsel and the Guardian Ad Litem in this cause were served via electronic notification through the Court's CM/ECF system.

*s/ Bruce McMullen*
Bruce McMullen

210