IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROW VAUGHN WELLS, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF TYRE
DEANDRE NICHOLS, DECEASED

    Plaintiff

VS.                                                                                          CAUSE NO.: 2:23-CV-02224-SHL-atc

THE CITY OF MEMPHIS, a Municipality;
CHIEF CERELYN DAVIS, in her official capacity;
EMMITT MARTIN, III, in his individual capacity;
DEMETRIUS HALEY, in his individual capacity;
JUSTIN SMITH, in his individual capacity;
DESMOND MILLS, JR., in his individual capacity;
TADARRIUS BEAN, in his individual capacity;
PRESTON HEMPHILL, in his individual capacity;
ROBERT LONG, in his individual capacity;
JAMICHAEL SANDRIDGE, in his individual capacity;
MICHELLE WHITAKER, in her individual capacity;
DEWAYNE SMITH, in his individual capacity and as an
agent of the City of Memphis

    Defendants

---

**DEFENDANT, JUSTIN SMITH'S, MOTION TO COMPEL AND FOR SANCTIONS
PURSUANT TO RULES 30 AND 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE
AND MEMORANDUM OF FACTS AND LAW IN SUPPORT OF SAME**

---

    COMES NOW, Defendant, Justin Smith (hereinafter "Justin Smith"), by and through counsel, namely Martin W. Zummach, and files this his Motion to Compel and for Sanctions Pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure and Memorandum of Facts and Law in Support of same and would simply state as follows:

1. Rule 30(c)(2) of the Federal Rules of Civil Procedure states in part:

   (c) Examination and Cross-Examination: Record of the Examination; Objections; Written Questions.

   (2) Objections. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

   (d) Duration; Sanction; Motion to Terminate or Limit.

   (2) Sanction. The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

2. Rule 37(3)(B)(i) states:

   Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

   (3) Specific Motions.

   (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

   (i) a deponent fails to answer a question asked under Rule 30 or 31.

3. On October 24, 2025, the **continuation** of Defendant, DeWayne Smith's, discovery deposition, noticed by the Plaintiff, was convened. This continuation was the <u>third calendar day</u> DeWayne Smith's deposition proceeded.

4. The first two (2) days of DeWayne Smith's deposition were on May 8, 2024, and May 10, 2024.

5. The continuation of DeWayne Smith's deposition was set for October 24, 2025, at 12:30 p.m. at the law offices of Nahon, Saharovich & Trotz, PLC. (Of note, DeWayne Smith arrived fifteen (15) minutes late to his deposition and needed to take a break because he left his reading glasses in his car).

6. Many topics were explored by Plaintiff to include the appropriate use of body cams, and the appropriate completion of Memphis Police Department's use of force reports as well as other topics.

7. Betsy McKinney, counsel for DeWayne Smith, stressed that the Plaintiff could <u>not</u> go back over topics which were covered in the first two (2) days of depositions, and disallowing questions by Plaintiff's lawyer focusing on the events of January 7, 2023, and the arrest of Tyre Nichols.

8. Following Plaintiff's conclusion of questions, counsel for Justin Smith was finally given an opportunity after three (3) days taken over different dates of deposition testimony of DeWayne Smith which had covered everything from his first-time failure at the Memphis Police Department Academy to his experience, training, disciplinary history, marriage and all topics in between including the events of January 7, 2023.

9. DeWayne Smith was to be asked questions by counsel for Justin Smith about his actions on the night of January 7, 2023. His involvement, his investigation, his impressions, and his reactions to what he found when he arrived on the scene on January 7, 2023.

10. Not one question about January 7, 2023, was permitted by attorney Betsy McKinney.

11. The transcript of the deposition taken Friday, October 24, 2025, has not been transcribed as of the preparation of this Motion, but counsel challenges Ms. McKinney to dispute one word of the facts.

12. Over thirty (30) years ago when the undersigned began practicing law, (and when he went to law school), he learned that you never instruct your witness to refuse to answer a discovery deposition question unless one of three (3) things applied: (1) there is a prior court

3

order addressing the topic as off limits; (2) the question surrounds or involves a recognized privilege such as attorney-client privilege; or (3) the question is clearly meant to harass or embarrass, and only then should the lawyer defending the witness seek judicial input by asking to suspend the deposition to receive guidance from the court.

13. In light of these three (3) well recognized applications of the Rules of Civil Procedure, Betsy McKinney instructed DeWayne Smith not to answer any of the questions proffered by counsel for Justin Smith.

14. While it was not required, but in hopes that Betsy McKinney would come to her senses, counsel for Justin Smith asked each one of the questions of DeWayne Smith. Counsel for Justin Smith then waited to determine if Betsy McKinney would continue on her path of instructing the witness not to answer the question, and the undersigned would then move on to the next question.

15. Simple reference to Rule 30 and Rule 37 of the Federal Rules of Civil Procedure and Rule 8 of the Tennessee Rules of Professional Conduct confirms the egregious conduct of Ms. McKinney.

16. In this case, it appears that Betsy McKinney confused her dictates to Plaintiff's counsel that he could not re-plow ground as being somehow a bar to the other defendants in this case being able to cross-examine the witness on the material gathered by the Plaintiff over the preceding three (3) days of depositions.

17. In anticipation that Ms. McKinney will talk about agreements she had with Plaintiff's counsel, the Court should be made aware that Ms. McKinney, off the record, mumbled to Josh Levin, (Plaintiff's counsel), that she had a "5:30 hard stop" time limitation. Ms. McKinney went on to state that the 5:30 "hard stop" applied to the deposition.

18.     What Ms. McKinney obviously confused was the number of hours remaining on Plaintiff's direct examination in the discovery deposition and ignored the absolute right to fully and fairly cross-examine the witness after conclusion of three (3) days of deposition testimony.

19.     But, at 4:48 p.m. - forty-five (45) minutes before Ms. McKinney's "hard stop," - Mr. Zummach began his examination.

20.     The record will reflect that his attempts to cross-examine DeWayne Smith were concluded at 4:58 p.m. after Ms. McKinney repeatedly instructed DeWayne Smith not to answer any questions asked by Martin Zummach surrounding the arrest of Tyre Nichols. Her instructions to refuse to answer took much longer than the anticipated "yes" or "no" answers of DeWayne Smith.

21.     Again, while it was not required to do so, but in an attempt to get Ms. McKinney to realize the mistake that she was making, Mr. Zummach asked DeWayne Smith whether or not he had the knowledge in his own mind sufficient to answer the questions that were asked but refused. In other words, did DeWayne Smith have the knowledge and information sufficient to answer questions but for Ms. McKinney's instructions to DeWayne Smith not to answer the questions. Again, shockingly, Ms. McKinney instructed DeWayne Smith not to answer that question.

22.     At 4:58 p.m., ten (10) minutes after Mr. Zummach started his questioning to no avail, Mr. Stephen Leffler began his cross-examination, and it was completed in approximately five (5) minutes.

23.     Throughout it all, Mr. Zummach continued to remind Ms. McKinney that even based upon her "hard stop" time limit, the questioning by the defendants would probably most

5

likely be completed by her 5:30 "hard stop," and reminded her of the fact that counsel for Justin Smith or <u>any</u> of the individual defendants had had the opportunity to question the witness.

24. There is no getting around it – Ms. McKinney instructed a witness not to answer relevant discoverable questions with absolutely no justification under the law or under the Rules of Professional Conduct, and said conduct on Ms. McKinney's part should be sanctioned.

25. As an additional note, after the dispute began, Jennie Silk, attorney for the City of Memphis, reminded Betsy McKinney that none of the individual defendants like Justin Smith had had any opportunity during the first three (3) days of depositions to cross-examine the witness, and that there was no limitation placed on the topics or subject matter that the defendants could cross-examine the witness. But because Betsy McKinney had earlier raised her voice and yelled at Josh Levin about her refusal to allow Plaintiff's counsel to ask questions about the Tyre Nichols' arrest, she mistakenly believed that that outburst applied to the individual defendants.

26. Her unilateral "hard stop" did not have any application to the forty-five (45) minutes remaining after Plaintiff's counsel concluded nor did it take into account the fact that her client failed to arrive at his deposition on time.

27. Wherefore, Justin Smith prays that the deposition of DeWayne Smith be immediately reconvened at the expense of DeWayne Smith's attorney, and that all costs associated with attorney fees and court reporter appearance expenses, etc., be borne personally by the lawyer who instructed the witness not to answer. It would be unfair for the undersigned to pass along the drafting of this Motion to Compel and for Sanctions to his client.

WHEREFORE, PREMISES CONSIDERED, counsel for Defendant, Justin Smith, prays for the following relief:

1. An Order compelling the immediate reconvening of DeWayne Smith's deposition;

2. That all costs associated to include attorney fees in bringing this Motion to Compel and for Sanctions be borne by counsel who instructed the witness not to respond to questions which are in the record; and

3. For such other relief to which counsel may be entitled either at law or equity.

Respectfully Submitted,

*S/Martin Zummach*
Martin Zummach, #16352
Attorney for Defendant, Justin Smith
2889 Chattering Lane
Southaven, MS 38672
901-482-5909
martin@zummachlaw.com

Certificate of Service

The undersigned certifies that on the 28th day of October, 2025, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

*S/Martin Zummach*

7

## CERTIFICATE OF CONSULTATION

  On Monday, October 27, 2025, at 11:55 a.m., counsel for the undersigned delivered to Betsy McKinney a safe harbor letter and copy of the attached Motion to Compel and for Sanctions and Memorandum in Support. The undersigned attempted to resolve the dispute in good faith, but no resolution could be had.

            *S/Martin Zummach*