# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-MSN-atc <br> JURY DEMAND |

## DEFENDANT CITY OF MEMPHIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE NUMBER OF DEPOSITIONS

Defendant City of Memphis (the "City"), by and through undersigned counsel, respectfully submits its Response in Opposition to Plaintiff's Motion to Enlarge Number of Depositions ("Plaintiff's Motion"). (*See generally* Pl.'s Mot., ECF No. 499.) In support, the City states as follows:

**I.    INTRODUCTION**

On October 27, 2025, Plaintiff filed her Motion to Enlarge Number of Depositions. (*See* ECF No. 499.) Plaintiff seeks leave "to increase the number of depositions allotted to Plaintiff from 30 to 44." (*See id.*, at PageID 7370.) Plaintiff further states that "[f]ifteen of those depositions can be limited to 3.5 hours instead of the usual 7[.]" (*See id.*) The Court has

1

previously addressed a similar request. In doing so, the Court determined that thirty depositions were sufficient.

In March 2024, Plaintiff filed a Motion for Leave (1) to Take a Maximum of Thirty-Five Depositions; and (2) to Conduct Certain Depositions Over the Permitted Seven (7) Hours. (*See* ECF No. 163.) As the title of Plaintiff's prior Motion makes clear, Plaintiff sought, in part, leave to allow a maximum of thirty-five depositions. (*See* ECF No. 163-1, at PageID 1247.) Following the briefing of the parties and oral argument of counsel, the Court ultimately granted Plaintiff leave to conduct thirty fact witness depositions, noting that this conclusion was reached by "balancing the relevance of the depositions Wells seeks to conduct against the proportional needs of the case and burden associated with the extra depositions." (*See* ECF No. 179, at PageID 1376.) Nothing has changed in this case since that ruling to warrant a change or modification.

Consequently, Plaintiff's Motion should be denied because Plaintiff's requested relief is premature and is not proportional to the needs of the case.

## II. <u>LEGAL STANDARD</u>

Rule 30(a)(2) of the Federal Rules of Civil Procedure allows each party a maximum of 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). A party may seek leave from the Court to take more than 10 depositions. *Id.* While courts acknowledge the scope of discovery is generally quite broad, discovery is not unlimited. "The party seeking discovery is obliged to demonstrate relevance." *Johnson v. CoreCivic, Inc.*, No. 18-cv-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). And even theoretically "relevant" evidence is not discoverable if the burden of discovery would be disproportionate to the needs of the case. The proportionality analysis considers: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5)

2

the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see also Whiting v. Trew*, No. 22-5448, 2023 WL 5352133, at *3 (6th Cir. Aug. 21, 2023) (indicating that the fifth and sixth proportionality factors are particularly important to determinations regarding the number of depositions).

"Determinations as to proportionality are subject to change with the circumstances of the case." *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-cv-2104-JTF-tmp, 2020 WL 1527827, at *2 (W.D. Tenn. Mar. 30, 2020) (internal citations and quotations omitted). "This is in part because '[c]onsiderations of proportionality can include whether discovery production has reached a point of diminishing returns.'" *Id.* (quoting *Abbott v. Wyo. Cty. Sheriff's Off.*, No. 15-CV531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017)). In addition, a court "*must* limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) (emphasis added).

III.  **LAW AND ARGUMENT**

    A.  **Plaintiff's Request Is Not Proportional to the Needs of the Case.**

Plaintiff's request to take forty-four depositions in this case is unreasonable. If the moving party cannot put forth a justifiable reason to allow additional depositions "[a] district court has the discretion (and perhaps the obligation) to deny leave." *Profitt v. Highlands Hosp. Corp.*, No. 7:19-CV-15-KKC-EBA, 2021 WL 787131, at *1 (E.D. Ky. Mar. 1, 2021); *Reed v. United States*, No. 3:18-CV-201, 2021 WL 6254452, at *2 (E.D. Tenn. Sept. 7, 2021); *see also Talismanic Props., LLC v. Tipp City*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017) ("[A] party

3

wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary."). "[T]his limit is intended to curb abusive discovery practices." *Talismanic Props., LLC*, 309 F. Supp. 3d at 497.

Notably, Courts both inside and outside the Sixth Circuit have recognized that "the mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Talismanic Props., LLC*, 309 F. Supp. 3d at 497 (S.D. Ohio 2017) (quoting *United States v. Goertz*, No. A–09–CA–179 LY, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010) and citing *Smith v. Ardew Wood Prod., Ltd.*, No. C07-5641 FDB, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008)); *Profitt*, 2021 WL 787131, at *2; *Reed*, 2021 WL 6254452, at *2; *Moore v. Abbott Lab'ys*, No. 2:05-CV-1065, 2009 WL 73876, at *2 (S.D. Ohio Jan. 8, 2009).

To illustrate, in *Proffitt*, the plaintiffs sought to depose two additional witnesses—a doctor and a nurse who provided care to a plaintiff—claiming that testimony in other depositions gave rise to the need to depose these witnesses. *Proffitt*, 2021 WL 787131, at *2 (E.D. Ky. Mar. 1, 2021). The court granted the motion as to the doctor but denied the motion as to the nurse. The court concluded that while the nurse "might possess some relevant and otherwise discoverable evidence," that is not enough to warrant an additional deposition. *Id.* Also, the court reasoned that it was not clear that deposing the nurse would "garner any information not already discovered <u>through other depositions or in written discovery</u>." *Id.* (emphasis added). Here, as with the nurse in *Proffitt*, it is unlikely that the additional depositions from the category of twenty-one deponents identified by Plaintiff will reveal any information Plaintiff has not or will not learn through other depositions or in written discovery.

4

Specifically, as acknowledged by Plaintiff, the facts and circumstances Plaintiff seeks to illicit by deposition testimony have largely been provided by "the existing paper record she has compiled." (*See* ECF No. 499, at PageID 7377.) Plaintiff's requested depositions are, therefore, not proportional to the needs of the case because the very information Plaintiff seeks to discover has been obtained by Plaintiff "from some other source that is more convenient, less burdensome, [and] less expensive[.]" *See* Fed. R. Civ. P. 26(b)(2)(C)(i). In this particular situation, that information has been obtained via written discovery. And, while Plaintiff contends that the paper record combined with an expert opinion will result in the survival of a summary judgment motion, there is nothing to prevent a qualified expert from offering the same opinion, based upon the paper record, at trial.

It is also important to note that Plaintiff's primary argument in support of her request for forty-four depositions is the nature of her *Monell* claims. Plaintiff disingenuously claims that her *Monell* claims are somehow different or have somehow evolved since the inception of this lawsuit and the subsequent filing of her First Amended Complaint. (*See, e.g.*, ECF No. 499, PageID 7375.) What Plaintiff ignores is the fact that she has asserted *Monell* claims against the City throughout the life of this litigation. The *Monell* standard applicable to Plaintiff has not changed since the inception of this lawsuit, nor has it changed since Plaintiff initially requested thirty-five depositions in April 2024. Accordingly, there are no changed circumstances justifying Plaintiff's requested relief.

Moreover, as previously stated, "[d]eterminations as to proportionality are subject to change with the circumstances of the case." *Raymond James & Assocs., Inc.*, 2020 WL 1527827, at *2. As such, it is important for the Court to consider the burden of the additionally requested depositions, and their impact on the proportionality analysis, in the context of the City's Motion

for Protective Order and Incorporated Memorandum of Law in Support. (*See* ECF No. 498.) As it stands now, in addition to the newly requested deposition allotment, Plaintiff has propounded over 360 enumerated RFPs to the City, including 1500 discrete document requests. (*See id.*) Plaintiff has also propounded 25 interrogatories and 251 requests for admission to the City. (*See id.*) In response, the City has produced over 551,000 pages of documents and ESI, and over 7,000 audio/video files. (*See id.*) In spite of the City's voluminous document productions and nineteen deponents' testimony, Plaintiff apparently cannot overcome *Monell* and prove her case, or she would already have enough information to do so. The fact that she does not have sufficient information speaks to the strength of her case, not to a need to conduct disproportional discovery. At some point, the Court must say, "enough is enough."

Finally, as courts have acknowledged, when compared to other means of discovery, depositions are "less convenient, more burdensome, and more expensive." *Whiting v. Trew*, No. 3:20-CV-54-TRM-DCP, 2021 WL 2690504, at *10 (E.D. Tenn. June 30, 2021). From a policy perspective, this is particularly true in a case such as this, where there are a multitude of parties. From a scheduling standpoint alone, depositions have proved to be a logistical challenge, and this challenge will only be compounded by Plaintiff's requested relief. While the City acknowledges that three individual defendants have been dismissed, nine defendants, including the City, remain.

Based on the foregoing, the City respectfully requests this Court find that Plaintiff's requested relief is not proportional to the needs of the case and deny Plaintiff's Motion in its entirety.

### B.    Plaintiff's Request Is Premature.

As acknowledged by the Court at the April 8, 2024 hearing concerning Plaintiff's original request to conduct depositions in excess of the number permitted by the Federal Rules of Civil Procedure, Plaintiff may find herself in a situation, where "based on the depositions [Plaintiff has] already taken, it becomes clear that there are some really important other depositions that you need to take[.]" (ECF No. 180, at PageID 1425, p. 49:17–20.) That, however, is not the situation presented to the Court in the instant Motion. Instead, Plaintiff's requested relief is premised on the need to depose "21 MPD employees regarding multiple discrete police-civilian encounters that Plaintiff's counsel has identified as relevant to her expanded *Monell* claims alleging widespread practices of excessive force, coverup, and supervisory indifference or approval." (*See* ECF No. 499, at PageID 7373.)

To date, Plaintiff has taken nineteen depositions, leaving eleven depositions of her thirty total depositions outstanding. Rather than exhausting some or all of the depositions still available to her, seeing what these depositions might reveal, and then determining whether additional depositions in excess of thirty will be needed, Plaintiff puts the cart before the horse, rendering Plaintiff's requested relief premature. In *Knox Trailers, Incorporated v. Clark*, the plaintiffs requested leave, in relevant part, to take the depositions of two third-party witnesses in addition to nine defendants and one previously noticed third-party fact witness. *Knox Trailers*, No. 3:20-CV-137-TRM-DCP, 2022 WL 55535, at *1 (E.D. Tenn. Jan. 5, 2022). The court denied the plaintiffs' motion as not ripe for adjudication. *Id.* at *2. While other deponents had been identified, none of the depositions had taken place at the time of the plaintiffs' motion. *Id.* As such, the court determined that the information sought from the additional witnesses may be

7

4920-4855-0521

learned through the depositions already noticed, and the need for the additional witnesses' specific testimony was not clear. *Id.*

Here, similar to *Knox Trailers*, Plaintiff's requested relief is premature and hypothetical in nature. While Plaintiff has conducted some depositions, Plaintiff has not exhausted the number of depositions currently available to her. Until Plaintiff exhausts all thirty of the depositions she is currently entitled to take, Plaintiff is unable to present the Court with sufficient information to justify the remedy she seeks. Accordingly, the City respectfully requests the Court to deny Plaintiff's Motion as premature.

## IV. CONCLUSION

Based on the foregoing, the City respectfully requests the Court to deny Plaintiff's Motion to Enlarge Number of Depositions in its entirety.

Dated: November 10, 2025.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis,
Chief Cerelyn Davis in her Individual
Capacity, and Dewayne Smith as Agent of
the City of Memphis*

4920-4855-0521