IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-MSN-atc <br> JURY DEMAND |

**DEFENDANT CITY OF MEMPHIS'S NOTICE REGARDING T-MOBILE RECORDS PURSUANT TO COURT'S ORDER (ECF NO. 488)**

Defendant City of Memphis (the "City"), by and through undersigned counsel, submits its Notice Regarding T-Mobile Records Pursuant to Court's Order. (ECF No. 488). In accordance with the Court's Order, the City states as follows:

1. On August 30, 2024, the City propounded a *subpoena duces tecum* to T-Mobile.[1] Specifically, the City requested phone records for two separate phone numbers (hereinafter "Phone One" and "Phone Two"). The City requested "[a] complete copy of any and all phone records for [Phone One], including without limitation the subscriber's name, billing records, and

---

[1] The City also issued a subpoena to Verizon, but Verizon did not produce any records. (*See* ECF No. 487-1, PageID 7087, at n. 2.)

1

records of telephone calls, text messages, multi-media messages, or emails received by or placed from it from January 1, 2019 through present day." The City also requested "[a] complete copy of any and all phone records for [Phone Two], including without limitation the subscriber's name, billing records, and records of telephone calls, text messages, multi-media messages, or emails received by or placed from it from January 1, 2023 through present day."

2. On September 20, 2024, the City received the requested records from T-Mobile. The City agreed to not view the T-Mobile records pending the Court's ruling on Plaintiff's forthcoming Motion for Protective Order. The City preserved the records, without viewing them, awaiting the Court's forthcoming ruling.

3. On September 25, 2024, Plaintiff filed a Motion for Protective Order (ECF No. 211) regarding, *inter alia*, the T-Mobile records.

4. On September 26, 2025, the Court entered its Order on Motion for Protective Order, Motion to Seal, and Motion to Vacate. (*See* ECF No. 483.) In that Order, the Court ordered granted Plaintiff's Motion with respect to the T-Mobile records finding that the Stored Communications Act barred T-Mobile from producing the documents to the City. The Court further ordered "[t]he City [to] destroy any documents it received from Verizon and/or T-Mobile within fourteen days of this Order." (*See id.* at PageID 6950.)

5. On September 29, 2025, Defendant Cerelyn Davis ("Chief Davis") served a subpoena on T-Mobile that was substantially similar to the City's August 30, 2024 subpoena.

6. On October 3, 2025, the City and Chief Davis ("the City Defendants") filed a Motion for Revision of Interlocutory Order Regarding Destruction of Documents. (ECF No. 487.) Specifically, the City Defendants noted that Chief Davis, in her individual capacity, "issued a Rule 45 subpoena to T-Mobile on or around September 29, 2025." (*See* ECF No. 487-

2

1, at PageID 7088.) The City Defendants noted "it is possible that the relevant records [originally requested by the City in August of 2024] are no longer available from T-Mobile in light of its standard twenty-four-month retention period." (*See id.*) Thus, the City Defendants requested "the Court to modify its Order and allow the City to preserve the documents previously produced by T-Mobile in the event the full scope of the records requested are no longer available from T-Mobile." (*See id.*)

7. Regarding the *subpoena duces tecum* propounded to T-Mobile by Chief Davis, Chief Davis requested "[a] complete copy of any and all phone records for [Phone One], including without limitation the subscriber's name, billing records, and records of telephone calls, text messages, multi-media messages, or emails received by or placed from it from January 1, 2019 through present day." Chief Davis also requested "[a] complete copy of any and all phone records for [Phone Two], including without limitation the subscriber's name, billing records, and records of telephone calls, text messages, multi-media messages, or emails received by or placed from it from September 1, 2022 through present day."

8. Following the City Defendants' Motion, the Court entered its Order Granting the City's Motion Concerning the T-Mobile Records. (*See* ECF No. 488.) In the Order, the Court stated, "[t]he City may refrain from destroying the T-Mobile records in its possession at this time." (*See id.*, at PageID 7101.) Further, the Court stated, "[w]ithin seven days of receiving T-Mobile's response to Chief Davis's subpoena, the City shall file a notice stating whether T-Mobile's retention policy prevented T-Mobile from producing any responsive documents and whether those documents are understood to be included in the prior T-Mobile production to the City." (*See id.*) On November 12, 2025, T-Mobile completed its production of records in response to Chief Davis's *subpoena duces tecum*. This Notice follows.

9. Regarding the request germane to Phone One, which requested the pertinent information from January 1, 2019 to present day, a review of the newly-produced T-Mobile records shows that T-Mobile produced records from April 27, 2020 to September 29, 2025. It is not clear if T-Mobile omitted the requested records for the time period of January 1, 2019 to April 26, 2020 based on its retention policy. It is possible that T-Mobile produced the requested information to the City for the timeframe of January 1, 2019 to April 10, 2020 in response to the original subpoena, but it did not produce the same information to Chief Davis in response to the second subpoena. Without reviewing the documents produced to the City pursuant to the original subpoena, it is impossible to know for certain.

10. Accordingly, the City is evaluating whether it will seek permission to "permanently retain and access the original version of the T-Mobile records" for Phone One following "consultation with counsel for Wells." (*See* ECF No. 488, at PageID 7101.)

11. Regarding the request germane to Phone Two, which requested the pertinent information from January 1, 2023 (or September 1, 2022 to present day in the subpoena propounded by Chief Davis), a review of the T-Mobile records produced shows that T-Mobile produced records from September 1, 2022 to September 29, 2025. Based on this, it does not appear T-Mobile omitted any records based on its retention policy. Accordingly, T-Mobile's production is complete for the timeframe requested for Phone Two.

Dated: November 19, 2025

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis, Chief Cerelyn Davis in her Individual Capacity, and Dewayne Smith as Agent of the City of Memphis*