# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-SHL-atc <br> JURY DEMAND |

## DEFENDANT CITY OF MEMPHIS' MOTION
## FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S DEPOSITIONS
## AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

The City of Memphis ("the City") seeks a protective order to prevent Plaintiff from circumventing this Court's clear order limiting Plaintiff to **thirty** fact witness depositions.[1] The City seeks this protective order because Plaintiff now refuses to acknowledge that the depositions of the party defendants are—and always were—included in the allotment of 30 depositions permitted by the Court.

Plaintiff has taken and/or scheduled 24 depositions in this case thus far. Because the case

---

[1] *See* Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to Take Thirty-Five Depositions and Conduct Certain Depositions Over Seven Hours. (ECF No. 179.)

1

is stayed against six of the individual defendants[2] ("Stayed Defendants"), Plaintiff has been unable to schedule those six depositions. To be sure, Plaintiff has always intended to depose the six Stayed Defendants—and she still intends to do so—but Plaintiff now refuses to include those six depositions in her allotment of thirty depositions.

Instead, Plaintiff intends to use the rest of her remaining allotted depositions on nonparty witnesses and then seek leave from the Court to depose the Stayed Defendants presumably once the stays are lifted. (*See* Email Thread, attached as Exhibit 1.)

Accordingly, the City respectfully requests that the Court enter a protective order prohibiting Plaintiff from seeking leave to depose the six Stayed Defendants if Plaintiff uses her remaining allotment of thirty depositions on six nonparty witnesses.

I.  **Factual Background**

In March 2024, Plaintiff sought leave to depose a maximum of thirty-five deponents. ("Motion for Thirty-Five Depositions", ECF No. 163.) In the Motion for Thirty-Five Depositions, Plaintiff specifically sought leave to take thirty-five depositions, ***explicitly including the depositions of the twelve individual defendants.***[3] (ECF No. 163, PageID 1242–43.) Additionally, she sought leave to ***depose each individual defendant for fourteen hours***.

During the hearing on the Motion for Thirty-Five Depositions, Plaintiff's counsel argued that he acted with "extreme good faith" in developing the list of proposed deponents he provided in support of his Motion for Thirty-Five Depositions—***which included all twelve defendants.*** He

---

[2] The Stayed Defendants are Chief Cerelyn Davis, Emmitt Martin III, Demetrius Haley, Justin Smith, Desmond Mills, Jr., and Tadarrius Bean. The case is stayed against Chief Davis pending her appeal of qualified immunity. (ECF No. 510.) The case is stayed against Martin, Haley, Smith, Mills, and Bean during the pendency of the criminal cases against them. (ECF No. 110.)
[3] The Court dismissed all claims against Robert Long, JaMichael Sandridge, and Michelle Whitaker on September 30, 2025. (ECF No. 484.)

2

stated:

> **Because I have combed through the discovery**, I know how many different statements are contained within the ISB report, and there are more than two dozen statements in the ISB report. **Now, admittedly, some of those do include statements from the charged police officers and the defendants. So I'm not saying these are additional witnesses.** But with the hundred or so potential witnesses at trial, which you know is not going to happen. There's going to be a paired down witness list for trial. But that doesn't limit the ability for me or for the plaintiff to discover what is necessary in this case, and because of the number of statements that have been given by different people and the number -- which some of them include people who were on scene. Many of them include people who were off scene. I way exceed—I'm way past Thirty-Five.
>
> So that's again—**I am trying to be—exercise extreme good faith in the number of depositions that I am requesting** based upon the number of different people who have given statements to either the Memphis Police Department, the Internal Services Bureau, the TBI and even other government agencies. When you put them altogether, there are dozens and dozens. And, you know, when there are statements, that's what needs to be tested. They're statements versus what --how they're going to testify in court. And so I well exceed that number.

(Transcript, ECF 180, PageID 1423–24 (emphases added).)

The Court carefully considered Plaintiff's argument and list of proposed deponents—*a list that included the twelve defendants*—and determined that *thirty depositions* would be sufficient and proportional to the needs of the case. The Court stated:

> So, Mr. Romanucci, I appreciated the specificity in your memorandum on this subject and how you broke out the categories of deponents. So **first we have the parties in the case**. You identified people involved in the MPD investigation. You identified other officers that are not named in the suit that were on the scene, people within the department—it says by virtue of their seniority, title and rank can attest to their observations, history and conduct within the department's leadership; other members of the SCORPION unit who I don't believe were involved in the incident but could provide information about the unit itself.
>
> And all of those are certainly relevant topics, and it looks like you-all have done a lot of work to identify the people falling within those topics. Of course—and so, you know, you've certainly met your burden of demonstrating relevance.

3

> Against relevance, though, we always must measure proportionality and burden; and, you know, the City had made the argument that information from some of these folks is at some point going to get repetitive. And so—or maybe it's not and then you know you need to take more depositions, but if you've heard the same thing from four people then you might not need to talk to five, six and seven.

(Transcript, ECF 180, PageID 1424–25 (emphasis added).)

Despite receiving three times the presumptive limit of ten depositions under the Federal Rules, Plaintiff filed another motion on October 27, 2025, seeking to expand that number from 30 to 44 depositions. ("Motion for Forty-Four Depositions," ECF No. 499.) There, Plaintiff disingenuously suggested that she needs the additional depositions because she now needs discovery on her *Monell* claims. But Plaintiff has always needed discovery on *Monell* claims, including when she moved for the additional depositions the first time.

To be clear, **Plaintiff's *Monell* claims are not new**. She included *Monell* claims against the City in her original complaint. (*See* ECF No. 1, PageID 52–66, at Counts, I, II, III, & IV.) Plaintiff's assertion that the criminal trial somehow enlarged the scope of discovery necessary to establish her *Monell* claims is, at best, specious and, at worst, entirely fallacious.

Moreover, in Plaintiff's Motion for Forty-Four Depositions, Plaintiff included a list of deponents and proposed deponents as Exhibit 1. Plaintiff's list of deponents is telling:

- Numbers 1-17 on the list are witnesses already deposed.

- Numbers 18 and 19 were witnesses scheduled to be deposed (and who have since been deposed).

- **Numbers 20-25** on Plaintiff's list are the **six Stayed Defendants**.

(ECF No. 499-1, PageID 7385.)

This order of witnesses is not happenstance. Plaintiff clearly allotted the depositions of the Stayed Defendants in her first thirty depositions at the time she filed the Motion for Forty-Four Depositions on October 27, 2025.

4

Despite having moved the Court twice for additional depositions, and twice having represented to the Court that she intends to depose the Stayed Defendants—whether or not the Court permitted her any additional depositions over the thirty allotted—Plaintiff now seeks to use her remaining six depositions on six nonparty fact witnesses. Since Plaintiff has not taken the depositions of the six Stayed Defendants, she will necessarily need an enlargement of her allotment to take those depositions.

The City raised this issue with Plaintiff's counsel on December 9, 2025. *See* Email Thread, attached as Ex. 1. On December 10, 2025, Plaintiff's counsel brazenly reaffirmed his belief that Plaintiff could ignore the Court's directive limiting Plaintiff to thirty depositions.

> Bruce,
>
> We understand that we are currently limited to 30 depositions. We have a motion pending for leave to take additional depositions. **We are not going to stipulate not to take the Defendants' depositions**—that is one of the reasons we are seeking additional depositions in the pending motion for leave.
>
> Is the City objecting to making the 10 identified individuals available for deposition? Please let us know.
>
> As you are aware, fact discovery closes on February 6, which may necessitate working on holidays or weekends.
>
> Thank you for the material on MLK.
>
> Josh

*See* complete Email Thread, attached as Ex. 1 (emphasis added).

Plaintiff's strategy here is clear. Plaintiff intends to exhaust her allotment of thirty depositions on nonparty fact witnesses, and then, when the stay is lifted, she will request additional depositions in order to take the Stayed Defendants' depositions, citing to the importance of the parties' depositions. This is an overt attempt to circumvent this Court's rulings.

5

## II.	LAW AND ARGUMENT

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). "[T]he trial court is given wide discretion in balancing the [discovery] needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991). This wide discretion permits the trial court to limit or deny discovery, *see France v. Lucas*, 836 F.3d 612, 631 (6th Cir. 2016), and it "extends to determining whether a protective order is proper." *Wimberly v. Campbell Clinic, P.C.*, No. 2:19-cv-02691-JTF-tmp, 2021 WL 9880608, at *2 (W.D. Tenn. Jan. 14, 2021) (citing *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 903–04 (6th Cir. 2009)).

Under Rule 26 of the Federal Rules of Civil Procedure, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" arising from discovery requests. Fed. R. Civ. P. 26(c)(1); *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (quoting Fed. R. Civ. P. 26(c)(1)). The party seeking a protective order bears the burden of demonstrating good cause for issuance of the order. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019). When considering a motion for protective order, courts must analyze the harm that the moving party would suffer in the absence of the protective order. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citing Fed. R. Civ. P. 26(a)).

"With [Rule 26(c)'s] authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Protective orders under Rule 26 may include, *inter alia*, forbidding the disclosure or discovery, specifying

6

terms for the disclosure or discovery, prescribing a discovery method other than the one selected by the party seeking discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

Good cause exists for the Court to enter a protective order barring Plaintiff's request for additional depositions. Plaintiff's discovery efforts have far exceeded reasonable limits and have become unduly burdensome and oppressive, warranting judicial intervention under Rule 26(c). Good cause to enter a protective order exists when the discovery sought is not proportional to the needs of the case in light of discovery already conducted. *See Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994).

To establish good cause, the moving party must "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (internal quotation marks omitted); *see also In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) ("Good cause exists if specific prejudice or harm will result from the absence of a protective order.").

### A. Plaintiff's Conduct Demonstrates an Intentional Attempt to Circumvent the Court's Order

Plaintiff's omission of the six Stayed Defendants in her request to schedule her remaining depositions is not accidental; it is a calculated tactic to exhaust the approved limit and then argue that these remaining witnesses are indispensable, thereby requesting that the Court to grant additional depositions. This type of maneuver undermines the Court's authority and violates the principle of proportionality under Rule 26(b)(1).

### B.      Additional Depositions Would Impose Undue Burden and Expense on the City

Plaintiff's request for more depositions comes after the City has already complied with an unprecedented amount of discovery requests from Plaintiff. Authorizing additional depositions would significantly increase the burden of litigation, disrupt City operations, and impose unnecessary strain on public resources. It would also unnecessarily prolong litigation that has already involved over two years of extensive discovery. The Federal Rules explicitly empower courts to limit discovery to prevent "undue burden or expense." Fed. R. Civ. P. 26(c).

Since Plaintiff issued her first set of written discovery requests over twenty-five months ago, the City has produced over 550,000 pages of documents and ESI and separately produced at least 7,000 video files. The Court has already allotted Plaintiff 30 depositions, and she is actively requesting fourteen more. (ECF No. 499.)

The City has devoted thousands of man hours to respond to Plaintiff's discovery. Plaintiff's discovery requires coordination across the City and MPD, involving multiple units and chains of command. Plaintiff's requests have required the efforts of dozens of MPD personnel over many months. Likewise, for every one of the documents, other ESI, and videos produced, dozens of MPD personnel (not usually engaged in assisting in litigation) had to divert their time and attention away from their normal duties to accommodate Plaintiff's requests.

While the City does not intend to minimize the issues at stake in this action, the City's resources cannot be limited only to this action. The resources expended by the City directly implicate the citizens of Memphis, and the citizens of Memphis should not be subject to the whims of unduly burdensome and laborious discovery.

Furthermore, this lawsuit has been pending for almost three years. The parties have been in the discovery phase of this litigation for over two years. The operative scheduling order is the

fifth iteration of the case's schedule, and a sixth iteration is likely inevitable given the new trial granted in the criminal case involving this incident and subsequent appeal of the same. This year, Plaintiff has twice sought extensions of discovery deadlines. First, Plaintiff sought an additional nine months and then sought another five more.

To date, Plaintiff has propounded more than 330 enumerated document requests, not including the numerous subparts accompanying these requests. Plaintiff has also propounded 429 requests for admission and 25 interrogatories on the City. For its part, the City has produced over 550,000 pages of documents and ESI and, separately, well over 7,000 audio/video files. The City has also presented fifteen MPD witnesses for deposition.

Plaintiff's continued pattern of excessive discovery requests and everchanging deponent lists demonstrates that, absent a protective order, the Plaintiff will continue to issue discovery hoping that she stumbles upon some piece of admissible evidence that will help her prove her case.

Discovery has limits; and this Court has already proscribed those limits as to the number of depositions Plaintiff may take. The City respectfully requests that the Court enjoin Plaintiff from seeking leave to enlarge her number of depositions if she proceeds to use her remaining six depositions on nonparty fact witnesses instead of the Stayed Defendants.

### III.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court enter a protective order enjoining Plaintiff from later seeking leave to depose the Stayed Defendants should Plaintiff choose to use her remaining depositions on nonparty witnesses.

Dated: December 16, 2025

        Respectfully submitted,

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, P.C.**

        *s/ Bruce McMullen*
        Bruce McMullen (#18126)
        Jennie Vee Silk (#Thirty-Five319)
        Kelsey W. McKinney (#40434)
        165 Madison Avenue, Suite 2000
        Memphis, Tennessee 38103
        Telephone: (901) 526-2000
        bmcmullen@bakerdonelson.com
        jsilk@bakerdonelson.com
        kmckinney@bakerdonelson.com

        *Attorneys for Defendant City of Memphis and Chief Cerelyn Davis in her Individual Capacity*

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, hereby certify that between December 9 and 16, 2025, counsel for the City consulted with counsel for the parties via email regarding Plaintiff's remaining depositions. Plaintiff's counsel indicated she opposes the relief requested herein. No other party responded to the email correspondence. A chart detailing the parties' responses is below:

| **Party** | **Responding Counsel** | **Opposition?** |
|---|---|---|
| Plaintiff | Josh Levin | Yes |
| Hemphill | No Response | |
| D. Smith | No Response | |
| J. Smith | No Response | |
| Haley | No Response | |
| Bean | No Response | |
| Martin III | No Response | |
| Mills, Jr. | No Response | |

        *s/ Bruce McMullen*
        Bruce McMullen

## CERTIFICATE OF SERVICE

      I, Bruce McMullen, hereby certify that on December 16, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

                                                      *s/ Bruce McMullen*
                                                      Bruce McMullen