IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>  Plaintiff,<br>v.<br><br>The City of Memphis *et al.*,<br><br>  Defendants. | Case No. 2:23-CV-02224-**SHL-ATC** |

**PLAINTIFF'S MOTION FOR A HEARING**

Pursuant to Federal Rule of Civil Procedure 16(a) Plaintiff, through her undersigned counsel, moves this Court to hold a hearing to rule on five discovery motions currently pending in this case.

All five motions are pending before the Magistrate Judge. This motion is therefore a motion requesting that the Magistrate Judge hold the sought-for hearing. The motions at issue are as follows:

1. **ECF 498 -** The City's October 27 motion for protective order from Plaintiff's September 28 requests for production. *Briefing complete, see* ECF 514.

2. **ECF 499 -** Plaintiff's October 27 motion to take additional depositions. *Briefing complete, see* ECF 513.

3. **ECF 522 -** Plaintiff's December 14 motion to compel the City's Rule 30(b)(6) deposition. *City's response due December 29.*

4. **ECF 524 -** The City's December 15 motion for protective order from Plaintiff's November 13 requests for production. *Plaintiff's response forthcoming by December 29.*

1

> 5. **ECF 525** - The City's December 16 motion to bar Plaintiff from taking additional depositions. *Plaintiff's response forthcoming by December 29.*

These five motions all concern discovery Plaintiff is attempting to take: two sets of Rule 34 requests to produce documents (ECF 498, 514, 524), one request to take additional depositions (ECF 499),[1] and one request to compel the City's Rule 30(b)(6) deposition (ECF 522).

The motions cover Plaintiff's remaining fact discovery in this case. And the deadline to complete that discovery is fast approaching: **February 6, 2026**. *See* ECF 474. Plaintiff has been vigorous and diligent in prosecuting the discovery at issue in these motions, and has filed Rule 37 motions or otherwise brought matters to issue promptly. If the Court does not rule on the motions in the very near future, however, Plaintiff will effectively be barred from taking any of this discovery, even if Plaintiff is entitled to the discovery on the merits. As Plaintiff explains in the briefing on each of these motions, this discovery is important for proving Plaintiff's claims, and Plaintiff's case would be damaged if she were unable to take it. Depriving Plaintiff of the discovery because of the passage of time, rather than a decision on the merits, would work a considerable prejudice.

Plaintiff is keenly aware that this is not the only case on the Court's docket. The Court has a considerable workload adjudicating matters in numerous cases, and no litigant should think themselves entitled to jump the line and demand the

---

[1] On November 17, the City also moved to take additional depositions. *See* ECF 517. Briefing on that motion is complete. *See* ECF 521. Plaintiff does not oppose addressing the City's motion at the proposed hearing.

Court's sustained attention. The sheer volume of briefing in the five disputes at bar, moreover, means that working through these motions will take time and will consume significant resources in its own right.

In light of all this, Plaintiff proposes that the Court hold a hearing at which the parties' present discovery motions can be ruled on from the bench. The Court will have the parties' briefing in hand for any colloquy it desires, and to the extent a ruling would have downstream implications for the management of the case, those issues could be dealt with at the hearing itself. To the extent it deemed necessary, of course, the Court could issue written decision explaining its bench orders, but bench rulings would likely reduce the need for written opinions considerably.

The primary benefit would be to enable prompt rulings on the various motions while they can still be of use during what is left of the fact discovery period, without forcing the Court to drop its other matters in order to issue the sundry written opinions that the motions would otherwise call for. Plaintiff respectfully submits this is a commonsense way of dealing with the outstanding motions.

Plaintiff would propose the following schedule: the City's response to Plaintiff's motion to compel the City's Rule 30(b)(6) deposition, ECF 522, is due December 29 (Plaintiff's response to the City's motion for protective order, ECF 525, is due on December 30, but Plaintiff will respond by December 29 as well).

Bearing in mind the holidays, Plaintiff proposes that the Court hold a hearing regarding the motions set out herein during the week of **December 29,**

**2025,** after the City has submitted its December 29 response.  Counsel for Plaintiff will be available for the hearing either remotely or in-person during that week.

Counsel for Plaintiff has contacted counsel for the City to seek their consent to this request.  Counsel for the City opposes Plaintiff's request for a hearing, noting the Court's comment during a hearing in this case on August 11, 2025, that the Court typically does not hold hearings on motions.

Those comments were made at a hearing before the District Judge, whereas the discovery motions at issue here are pending, and the hearing is requested, before the Magistrate Judge.  *See* ECF 471.  In all events the Court has plenary discretion to deny this motion; Plaintiff merely offers it as a proposal to expedite the Court's consideration of these discovery disputes while Plaintiff can still make use of whatever discovery is ordered.

[SIGNATURES ON FOLLOWING PAGE]

Dated:   December 19, 2025                      Respectfully submitted,

                                                /s/ *Stephen H. Weil*

| | |
|---|---|
| David L. Mendelson | Antonio M. Romanucci* |
| (Tenn. Bar No. 016812) | (Ill. Bar No. 6190290) |
| Benjamin Wachtel | Sarah Raisch* |
| (Tenn. Bar No. 037986) | (Ill. Bar No. 6305374) |
| **MENDELSON LAW FIRM** | Joshua M. Levin* |
| 799 Estate Place | (Ill. Bar No. 6320993) |
| Memphis, TN 38187 | Stephen H. Weil* |
| +1 (901) 763-2500 (ext. 103), Telephone | (Ill. Bar No. 6291026) |
| +1 (901) 763-2525, Facsimile | Colton Johnson Taylor* |
| dm@mendelsonfirm.com | (Ill. Bar No. 6349356) |
| bw@mendelsonfirm.com | **ROMANUCCI & BLANDIN, LLC** |
| | 321 N. Clark St., Ste. 900 |
| Benjamin Crump | Chicago, IL 60654 |
| (Tenn. Bar No. 038054) | P: (312) 458-1000 |
| Brooke Cluse* (Tex. Bar No. 24123034) | aromanucci@rblaw.net |
| **BEN CRUMP LAW, PLLC** | sraisch@rblaw.net |
| 717 D Street N.W., Suite 310 | jlevin@rblaw.net |
| Washington, D.C. 20004 | sweil@rblaw.net |
| +1 (337) 501-8356 (Cluse), Telephone | cjohnson@rblaw.net |
| court@bencrump.com | |
| brooke@bencrump.com | |

*Attorneys for Plaintiff*

* Admission *pro hac vice*

5

## CERTIFICATION OF CONSULATION

I certify that on December 19, 2025, Plaintiff's counsel contacted counsel for the defendants via email regarding this request.

Counsel for Defendant Martin did not oppose.
Counsel for Defendant Hemphill did not take a position.
Counsel for Defendant Justin Smith did not take a position.
Counsel for the City of Memphis opposed.
Counsel for the remaining defendants did not respond.

*/s/ Stephen H. Weil*

**Counsel for Plaintiff**