IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>THE CITY OF MEMPHIS, a municipality, *et al.*,  )<br><br>Defendants.  ) | No. 2:23-cv-02224-SHL-atc |

**ORDER SETTING HEARING ON MOTIONS AND STATUS CONFERENCE AND REQUIRING FURTHER CONSULTATION AND JOINT NOTICE**

Before the Court by Orders of Reference are multiple motions and related filings.[1] The first is Defendant City of Memphis's Motion to Compel Production of Documents Pursuant to the City's Subpoenas *Duces Tecum* Propounded to Rodney Wells, Keyana Dixon, and Lenge Dupree, filed on April 10, 2025 ("the City's Motion to Compel Subpoena Responses"). (ECF No. 383.) Plaintiff RowVaughn Wells responded in opposition on May 1, 2025.

Second is the City's Motion to Compel Plaintiff Pursuant to the City's Fourth, Fifth, and Ninth Requests for Production of Documents, filed on July 17, 2025 ("the City's Motion to Compel RFP Responses"). (ECF No. 453.) Wells responded in opposition on August 7, 2025. (ECF No. 466.) Then, on August 29, 2025, Wells filed a Status Report and Notice of Correction regarding her Response to the City's Motion to Compel RFP Responses. (ECF No. 476.) With

---

[1] The Motions discussed herein were referred to the undersigned for determination at ECF Nos. 384, 464, 505, 518, 522, and 526.

leave of Court, the City filed a Reply to Wells's Status Report on September 11, 2025. (ECF No. 479.)

Third is the City's Motion for Protective Order Regarding Wells's Ninth Set of Requests for Production of Documents, filed on October 27, 2025 ("the City's First Motion for Protective Order"). (ECF No. 498.) Wells responded in opposition on November 10, 2025. (ECF No. 514.)

Fourth is Wells's Motion to Enlarge Number of Depositions, filed on October 27, 2025 ("Wells's Deposition Motion"). (ECF No. 499.) The City responded in opposition on November 10, 2025. (ECF No. 513.)

Fifth is the City's Motion for Leave to Take Additional Depositions, filed on November 17, 2025 ("the City's Deposition Motion"). (ECF No. 517.) Wells responded in opposition on December 1, 2025. (ECF No. 521.)

Sixth is Wells's Motion to Compel Rule 30(b)(6) Deposition, filed on December 14, 2025 ("Wells's Motion to Compel Deposition"). (ECF No. 522.) The City has yet to respond to this Motion; its deadline to do so is December 29, 2025.

Seventh is the City's Motion for Protective Order Regarding Wells's Tenth Set of Requests for Production of Documents, filed on December 15, 2025 ("the City's Second Motion for Protective Order"). (ECF No. 524.) Wells has yet to respond to this Motion; her deadline to do so is December 29, 2025.

Eighth is the City's Motion for Protective Order Regarding Plaintiff's Depositions, filed on December 16, 2025 ("the City's Third Motion for Protective Order"). (ECF No. 525.) Wells has yet to respond to this Motion; her deadline to do so is December 30, 2025.

2

Though not motions themselves, two other issues are currently pending before the undersigned. The first involves the parties' ongoing dispute over documents that have been filed under seal in this matter. This issue was addressed in the Court's September 26, 2025 Order on Motion for Protective Order, Motion to Seal, and Motion to Vacate. (ECF No. 483.) With respect to the sealing issue, Wells was directed to file a notice setting forth the specific portions of the docket relating to the Motion for Protective Order, the Motion to Seal, and the Motion to Vacate that she asserts should remain under seal; her arguments as to why sealing is permitted under *Shane Group* and *Grae*; and whether the City opposes the sealing of those portions. Wells filed her notice on November 10, 2025 (ECF No. 515), to which the City responded in opposition on November 25, 2025 (ECF No. 520).

The second is the status of records for two telephone numbers that T-Mobile produced in response to subpoenas from the City and Defendant Cerelyn Davis. The Court's September 26th Order directed the City "to destroy any documents it received from . . . T-Mobile within fourteen days of this Order." (ECF No. 483, at 9.) On October 3, 2025, the City filed an unopposed Motion for Revision of Interlocutory Order Regarding Destruction of Documents, requesting that it not be required to destroy the T-Mobile records in its possession, pending T-Mobile's response to a subpoena that Chief Davis issued to T-Mobile in her individual capacity on September 29, 2025, that is "substantially similar" to the City's subpoena discussed in the Court's September 26th Order. (ECF No. 487-1, at 3.) The City argued that the documents that will be produced in response to Chief Davis's subpoena may not be substantially similar to those already produced to the City, however, because, according to the City, T-Mobile has a twenty-four-month records-retention policy, and, as such, the production of T-Mobile records in the City's possession may be the only copy of those documents still in existence. (*Id.*; ECF No. 487-3.) The City's

unopposed Motion was granted, and the City was permitted to keep the T-Mobile records pending a review of the documents produced in response to Chief Davis's subpoena. (ECF No. 488.) The City was ordered to file a notice within seven days of T-Mobile's response to Chief Davis's subpoena stating whether T-Mobile's retention policy prevented T-Mobile from producing any responsive documents and whether those documents are understood to be included in the prior T-Mobile production to the City. (*Id.* at 2.) The City filed its notice on November 19, 2025, stating that, with respect to one telephone number, it appeared that T-Mobile produced all documents responsive to Chief Davis's subpoena, notwithstanding T-Mobile's record-retention policy. (*Id.* at 4.) But, with respect to the other telephone number, the City could not be certain if T-Mobile's record-retention policy prevented it from producing documents that were previously produced in response to the City's substantively-similar subpoena and that it is "evaluating whether it will seek permission to permanently retain and access the original version of the T-Mobile records" for the first telephone number. (*Id.* at 4.) To date, neither party has filed anything further concerning the T-Mobile records for the one telephone number that may remain at issue.

Though some of Wells's and the City's submissions reflect that they have made some progress on their discovery disputes through consultation (*see, e.g.*, ECF No. 495), the parties' submissions also include significant areas of disagreement as to the results of their consultations, which of the motions and issues discussed above are moot, and which still require Court intervention (*see, e.g.*, ECF Nos. 453, 466, 476. 479). Furthermore, many of the motions and issues above involve overlapping discovery matters, such as the number of depositions that will be allowed, written discovery requests on interrelated issues, and other matters that should be addressed in cumulative fashion (*see, e.g.*, ECF Nos. 453, 498, 499, 517, 522, 524, 525).

4

Accordingly, Wells and the City are ORDERED to consult in good faith on all matters discussed above in an effort to eliminate or narrow the issues in dispute. The parties are further ORDERED to file a **single, joint notice** by Wednesday, January 7, 2026, stating when pre-hearing consultation took place, the parties in attendance, which issues raised in the Motions above are no longer at issue, and which issues are still in dispute. The parties shall consult on all of the Motions and issues above, but, specifically, the parties' joint notice shall address the following:

- The City's Motion to Compel Subpoena Responses (ECF No. 383): the parties' joint notice shall state whether any of the issues raised in the Motion have been resolved or otherwise mooted. (No further argument on this Motion appears necessary at the hearing noticed below.)

- The City's Motion to Compel RFP Responses (ECF No. 453): the parties' submissions are unclear as to whether some or all of the disputes raised in this Motion have been resolved or otherwise mooted. The parties are ordered to consult again and apprise the Court on the results of those consultations.

- The City's First and Second Motions for Protective Orders (ECF No. 498, 524): the parties' joint notice shall state whether any of the issues raised in the Motions have been resolved or otherwise mooted.

- Wells's Deposition Motion, the City's Deposition Motion, Wells's Motion to Compel Deposition, and the City's Third Motion for Protective Order (ECF Nos. 499, 517, 522, 525): the parties are ordered to consult again and apprise the Court on the results of those consultations, keeping in mind that both parties are requesting and opposing additional depositions.

- The T-Mobile Records: the parties are ordered to consult on this issue and apprise the Court on the results of those consultations.[2]

The Court will hold a Hearing on Motions and Status Conference on Friday, January 9, 2026, at 2:00 p.m. via Microsoft Teams. As noted above, no further argument on the City's

---

[2] The Court notes that this case was stayed as to Chief Davis on October 30, 2025, but allowed to otherwise move forward. (ECF No. 510.) The parties' joint notice shall address any concerns they may have as to whether that stay implicates any of the motions or other issues addressed above.

5

Motion to Compel Subpoena Responses appears necessary. But otherwise, counsel for Wells and the City shall be prepared to present argument on the motions and other issues addressed above that have not be resolved by the parties' additional consultations and joint notice, including the sealing issues most recently addressed by the parties at ECF Nos. 515 and 520.[3]

SO ORDERED this 22nd day of December, 2025.

                                              s/Annie T. Christoff
                                              ANNIE T. CHRISTOFF
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] On December 19, 2025, Wells filed a motion for a hearing on some of the issues discussed above. (ECF No. 527.) Because this Order addresses, among others, the matters raised in Wells's motion, the December 19th motion is denied as moot.