IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 2:23-CV-02224-SHL-atc<br>) JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; Robert Long; JaMichael Sandridge; Michelle Whitaker; DeWayne Smith, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CITY OF MEMPHIS'S MOTION TO UNSEAL
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

The City of Memphis (the "City") respectfully requests the Court unseal ECF Nos. 338, 340, 350, 352, 354, 355, 356, 357, 359, 360, 361, 362, 363, 364, 383, 398, 408, 454, 466, 468, 482, 515, and 520. These sealed docket entries fall into three general categories: (1) documents containing deposition testimony currently designated Confidential; (2) documents directed or ordered by the Court, without findings under *Shane Group* or *Grae*, to be filed under seal; and (3) documents containing personally identifiable information. The City files this Motion because these filings are improperly sealed, and in view of the presumptive right of access to Court records, should be unsealed.

I.      **LEGAL STANDARD**

"The burden of overcoming that presumption is <u>borne by the party that seeks to seal them.</u> The burden is a heavy one." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (emphasis added). "Only the most compelling reasons can justify non-disclosure of judicial records*.*" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). This is so because "federal courts do their business in public—which means that the public is presumptively entitled to review every document that a party files with the court for the purposes of influencing a judicial decision." *Grae v. Corrections Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). Importantly, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305 (6th Cir. 2016).

Even when a party can show a compelling reason why certain documents should be sealed, the sealed materials must be narrowly tailored to serve that reason. "The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06. (citations and quotations omitted). **The proponent of sealing "bear[s] the burden of showing that disclosure will work a <u>clearly defined and serious injury.</u>** And in delineating the injury to be prevented, **specificity is essential**." *Id.* at 307–08 (emphases added).

II.     **ARGUMENT**

   A.      **Plaintiff Cannot Meet Her Burden to Keep Documents Under Seal.**

As to the first category of sealed documents, the City moves for an order requiring Plaintiff to show cause why all papers and exhibits filed in support of and in opposition to the following should remain sealed: ECF Nos. 383, 408, 454, 466, 468, 515, and 520. These papers and exhibits have all been filed under seal because they contain information that reference

1

deposition testimony that Plaintiff has designated Confidential under the Protective Order, ECF No. 213. For most of the depositions taken by the City, Plaintiff has designated large swaths of the testimony as Confidential. Thus, the City has been required to file virtually all briefs referencing this testimony under seal pending the Court determining whether the Protective Order appropriately covers the documents and information, Plaintiff claims should be sealed .[1]

Putting aside whether Plaintiff complied with the Protective Order's requirement only to designate as Confidential what Plaintiff believes in good faith is permissibly confidential (ECF No. 213, PageID 1641); once the content of deposition testimony is filed with the Court, it becomes part of the judicial process and record. As part of the judicial proceedings, this information is no longer governed by the Protective Order. Once part of the judicial record, the deposition testimony may only be sealed under a far more exacting standard. *See Shane Grp.*, 825 F.3d at 305; *Grae*, 134 F.4th at 930. There is a strong presumption that all judicial records are open for public scrutiny. *Shane Group*, 825 F.3d at 305. As the party seeking to keep this information hidden from public scrutiny, it is Plaintiff's burden to meet this exacting standard. *Id.*

Plaintiff cannot meet her burden of demonstrating that the documents and papers filed in support and opposition to these motions should be sealed from public scrutiny. Moreover, given the nature of this case, the public's interest in this matter is incredibly strong. For all the reasons

---

[1] Part of this issue is currently pending before the Magistrate Judge, including the propriety of sealing ECF Nos. 230, 233, 235, 240, 243, 244, 260, 261, 262, 278, 287, and 295. However, these are not the only documents on the docket that remain under seal, and the City now moves to unseal the remainder of the docket.

set forth in the City's various briefings on this issue, the Court should unseal the papers and documents filed in connection with ECF Nos. 383, 408, 454, 466, 468, 515, and 520.[2]

      **B.    Docket Entries Related to Plaintiff's Possession of Sealed Documents or documents related to Administration of Judicially Conducted Mediation Should Not Be Sealed Under *Shane Group* or *Grae*.**

As to the second category, the City moves the Court to unseal ECF Nos. 338, 340, 350, 352, 354, 355, 356, 357, 359–364, and 398. ECF Nos. 338, 340, and 398 merely address administrative matters related to the parties' mediation with Magistrate Judge York that took place earlier this year, such as issues related to scheduling.[3]

The remainder of these docket entries relate to Plaintiff's possession of sealed documents from the related criminal matter, *United States v. Martin, et al.*, No. 2:23-cr-20191 (W.D. Tenn.). For the most party, nothing in these documents meet the exacting standards from *Shane Group* or *Grae*, nor did the Court make any findings on the record under *Shane Group* or *Grae* as to why sealing was appropriate. *See Shane Group*, 825 F.3d at 306 ("[A] district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public." (quotation omitted)). Thus, these documents should be unsealed.

---

[2] Consistent with the City's position through the dispute on sealing, the City agrees that redaction of Mr. Nichols' Minor Child's name and redaction of the exact location of certain funds received by the Minor Child's mother are appropriate. Thus, the City submits that an references to these two, narrow issues should remain redacted in the filings discussed herein.

[3] The City's Motion to Modify the Third Amended Scheduling Order Regarding the Deadline for Mediation was filed under seal at the direction of Magistrate Judge York. (ECF No. 348, at 1 n. 1.) The City submits that this document should be unsealed with limited redactions. The City requests that the second sentence of Paragraph 5 be redacted. Likewise, the City requests that a portion of Plaintiff's Response (ECF No. 340). Specifically, the City requests that in the second paragraph on Page 1, Plaintiff's response be redacted following "no longer feasible" through the end of that sentence. These redactions are appropriate, as the content is completely unrelated to this case and submitted to the Court only for the purpose of providing additional information to aid in scheduling. Additionally, this information is personal and sensitive to the City Attorney and her family. These redactions are also narrowly tailored only to protect this very limited category of information.

ECF No. 350 presents a slightly different issue; however, the City submits that rather than sealing *in toto*, this document should instead be unsealed and the Court should make appropriate redactions. ECF No. 350 contains sealed exhibits from the *United States v. Martin* case, which were filed in this case in connection with ECF No. 349, the City's "Motion for Permission to Take Discovery with Regard to Plaintiff's Possession of Sealed Documents from *United States v. Bean, et al.* Trial and Incorporated Memorandum in Support." The City recognizes that at least some of the underlying documents are sealed exhibits from the *United States v. Martin* matter, and the City does not challenge the propriety of that sealing here. However, too the extent that any part of ECF No. 350 was not sealed in the *United States v. Martin* matter, those parts should likewise not be sealed in this case.

ECF No. 350 should not remain sealed because it is a judicial record, and there is a presumption of openness for such records. Further, there are no compelling justifications supporting the continued non-disclosure. *See Grae*, 134 F.4th at 930, 933; *Shane Grp.*, 825 F.3d at 305. Based on the Court's Order regarding the City's underlying Motion (ECF No. 357), the City has destroyed all copies of ECF No. 350. Accordingly, the City is unable to provide the Court with specific guidance as to what (if anything) should be redacted if ECF No. 350 is unsealed. That said, to the extent that there are unsealed portions of ECF No. 350 from the *United States v. Martin* matter, the Court should unseal ECF No. 350 in this case and make narrowly tailored redactions in accordance with the standards set forth in *Shane Group* and *Grae*.

C. **The City's Exhibits to Its Motion for Summary Judgment Should Be Unsealed.**

Finally, as to the third category, the City moves to unseal ECF No. 482. These documents are exhibits to the City's motion for summary judgment as to Plaintiff's individual claims. The City filed them under seal as they contain personally identifiable information ("PII") from

4

Plaintiff's medical records and given the ongoing disputes with Plaintiff on the issue of sealing, the City opted to file the full documents under seal. Now, especially in light of the fact that the Court has dismissed all of Plaintiff's individual claims against the City, the City moves to unseal these documents and instead file them with appropriate redactions of PII, such as date of birth, home addresses, and social security number, and account numbers.

### III.   CONCLUSION

Based on the foregoing, the City respectfully requests the Court to unseal ECF Nos. 338, 340, 350, 352, 354, 355, 356, 357, 359, 360, 361, 362, 363, 364, 383, 398, 408, 454, 466, 468, 482, 515, and 520, with specific redactions as appropriate.

Dated: December 23, 2025

> Respectfully submitted,
>
> **BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, P.C.**
>
> *s/ Bruce McMullen*
> Bruce McMullen (#18126)
> Jennie Vee Silk (#35319)
> Kelsey W. McKinney (#40434)
> 165 Madison Avenue, Suite 2000
> Memphis, Tennessee 38103
> Telephone: (901) 526-2000
> bmcmullen@bakerdonelson.com
> jsilk@bakerdonelson.com
> kmckinney@bakerdonelson.com
>
> *Attorneys for Defendant City of Memphis,
> Chief Cerelyn Davis in her Individual
> Capacity, and Dewayne Smith as Agent of
> the City of Memphis*

5