IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>    Plaintiff,<br><br> v.<br><br>The City of Memphis *et al.*,<br><br>    Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR
PROTECTIVE ORDER BY DEFENDANT CITY OF MEMPHIS (ECF 525)**

  The City's motion for protective order (ECF 525) should be denied. The conceit of the City's motion is that by seeking to take several *Monell* depositions now, Plaintiff's counsel is engaged in an effort to circumvent the 30-deposition allotment set by the Court in April 2024. That is not what is happening. Plaintiff filed a motion to take additional depositions on October 27 (ECF 499). It would be preferable to move forward with depositions after the Court ruled on that motion, but the October 27 motion has not been ruled upon—and meanwhile, the February 6 deadline to complete depositions is fast approaching. Faced with this squeeze, Plaintiff's counsel have been forced to gamble by taking *Monell* depositions now lest they lose the opportunity to take *any* depositions in the future.

  And the *reason* Plaintiff is taking these additional depositions is not to manufacture a pretext to revisit the Court's April 2024 30-deposition allotment. The reason to revisit the 30-deposition limit is set out in Plaintiff's October 27

1

motion. Put simply, the scope of *Monell* claims at issue in this case changed after April 2024, from a narrow focus on the MPD's "Scorpion" Unit to a much broader and longstanding "tax" culture of police brutality and impunity within the MPD. That broader culture was revealed in the *United States v. Bean* criminal trial in September 2024, *after* the April 2024 allotment of 30 depositions. In January 2025 the Court, in light of the *Bean* revelations, allowed Plaintiff to amend her complaint to make expanded *Monell* allegations, and it enlarged the discovery period so that Plaintiff could gather evidence to support those broader *Monell* claims. The additional allotment of 44 depositions that Plaintiff seeks in her October 27 motion is part of that broader *Monell* discovery.

The thing to do now is rule on Plaintiff's October 27 motion promptly. That will give both sides a clear understanding of the number of depositions Plaintiff will be allowed to take in this case—and it will moot the City's current motion. That, and not engagement with the City's current *ad hominem* attacks on Plaintiff's counsel, is the way to guide discovery in this case during the limited time that remains available to complete it. The City's motion should be denied in its entirety.

## DISCUSSION

On October 27, Plaintiff moved for leave to enlarge the number of her allotted depositions, from 30 to 44, explaining that the additional depositions were called for because Plaintiff's *Monell* claims had expanded beyond their original focus on the Scorpion Unit when the original 30 depositions were allotted in April 2024. *See*

2

ECF 499 at 1-2.  On November 11, the City filed a brief opposing that motion, arguing that the additional depositions were not called for.  *See* ECF 513.

Now the City has filed ECF 525, a motion for protective order.  Like its November 11 ECF 513 filing, the City's ECF 525 filing argues against allotting additional depositions to Plaintiff.  This time, however, the thrust of the City's argument is an *ad hominem* attack on Plaintiff's counsel.  Quoting extensively from the March 2024 briefing and April 2024 hearing on Plaintiff's original request to expand the number of depositions, *see* ECF 525 at 2-4, the City suggests that Plaintiff is trying to bootstrap depositions past the 30 that the Court allotted in April 2024.  *Id.* at 5. Plaintiff is doing this, the City says, by filling out her current allotment with *Monell* witnesses, with a plan of going back to the Court later to ask for a back-end expansion to take the depositions of the officers who beat Tyre Nichols, given their importance to this case.  *Id.*  In this way, says the City, Plaintiff is trying, through sharp practices, to circumvent the 30-deposition allotment that the Court made in April 2024.  *Id.*

This framing obscures the straightforward reality of what is happening: Plaintiff's October 27 motion to expand the number of depositions has not been ruled upon. In the meantime, Plaintiff faces a fast-approaching deadline to complete fact discovery in this case by February 6.  *See* ECF 474.  The resulting squeeze has compelled Plaintiff to do what the October 27 motion sought to avoid:  continue taking depositions on pain of the fast-approaching discovery deadline, which, as

3

Plaintiff explained in her October 27 motion, effectively "force[s] Plaintiff's counsel to gamble on more [depositions] being allowed later." ECF 499 at 10.

This is not a position Plaintiff wishes to be in. The depositions of the stayed defendant-officers are indeed important in this case, and Plaintiff has every desire to take them. But, caught between her current 30-deposition allotment and the approaching discovery deadline, Plaintiff is forced to conduct *Monell* depositions now and take the risk that no additional depositions would be allotted in response to her October 27 motion. Plaintiff explained as much to the City, in a passage that the City omits from its brief. *See* ECF 525-1 at PageID 8292 (Dec. 11, 2025 email from Plaintiff counsel to City counsel explaining, "These six [*Monell* depositions at issue in the City's current motion] are depositions that we are entitled to under our current allotment. We realize the Court may not grant us additional depositions beyond 30 [to depose the defendant-officers]. We are taking that risk."). The six *Monell* depositions that Plaintiff seeks to take now are not an effort to circumvent anything. It is a gamble that Plaintiff's counsel has been forced into because of the procedural posture of the case.

The real thrust of the City's motion, of course, is the charge that Plaintiff's counsel is trying to get out of the positions they took in March and April 2024 regarding the number of depositions that this case requires, which resulted in the Court's 30-deposition allotment in April 2024. *See* ECF 525 at 2-4. But *that* argument is predicated on the City's claim that nothing about Plaintiff's *Monell* claims has changed since April 2024. ECF 525 at 4.

The problem with this position is that it simply ignores reality. The Court's allotment of 30 depositions occurred in April 2024. At that time, Plaintiff's *Monell* theory was largely confined to allegations about the MPD's Scorpion Unit, and the allotment was made with that limited scope in mind. *See* ECF 499 at 1-2 (summarizing Court's reasoning in April 2024). In September 2024, however, the federal criminal trial in *United States v. Bean* revealed widespread customs within the MPD of imposing a "tax" to punish civilians who annoyed police during an encounter, and MPD's custom of covering up this misconduct and excessive force generally through a pervasive code of silence and manipulation of evidence. *See id.* at 2. Unlike the Scorpion-specific *Monell* theory in the original complaint, these customs, the criminal trial testimony indicated, were longstanding and widespread practice across the MPD generally. *Id.* at 2.

After the revelations in the *United States v. Bean* criminal trial, Plaintiff moved to amend her complaint to expand her *Monell* allegations beyond the patterns and practices of the MPD's "Scorpion" Unit, and moved for an extended discovery period to gather evidence to support those broader *Monell* allegations. ECF 447 at 3-4. The Court granted both requests over the City's objection. ECF 275, 276. Plaintiff's *Monell* discovery since then has been directed exactly at gathering evidence to support those broader theories. And Plaintiff's October 27 motion for additional depositions is predicated on the need to gather discovery to prove those expanded *Monell* allegations. See ECF 499 at 3-4 (explaining depositions are called for in order to gather evidence relevant to the expanded

5

*Monell* allegations in Plaintiff's January 2025 complaint, and contrasting that scope of discovery to the limited scope of Plaintiff's *Monell* theories in April 2024 when the 30 depositions were allotted).

The six depositions Plaintiff seeks to take now and which are at issue in the City's motion are among the depositions sought in Plaintiff's October 27 motion. Plaintiff, of course, would prefer to take those depositions with the benefit of a ruling on her October 27 motion holding that additional depositions are appropriate, but Plaintiff is attempting to take those six depositions now because she is squeezed between the pendency of her unresolved October 27 motion and the approaching February 6 discovery deadline. All of that—the October 27 motion and the six depositions at issue here—are driven by the amended complaint's expanded *Monell* allegations.

It is notable that, while the City's motion readily accuses Plaintiff counsel of bad faith, it is the City that has talked out of both sides of its mouth regarding the changed scope of Plaintiff's *Monell* case. The City argues now that there is no material difference between the *Monell* allegations in Plaintiff's original complaint (the complaint that was operative when the Court made its original 30-deposition allotment in April 2024) and the broader *Monell* allegations in her amended complaint (pursuant to which she seeks to expand the deposition allotment).[1] When

---

[1] The City makes this argument explicitly. *See* ECF 525 at 4 ("To be clear, **Plaintiff's *Monell* claims are not new**. She included *Monell* claims against the City in her original complaint. Plaintiff's assertion that the criminal trial somehow enlarged the scope of discovery necessary to establish her *Monell* claims is, at best, specious and, at worst, entirely fallacious." (emphasis original, citations omitted).

6

the City moved to dismiss Plaintiff's original complaint, however, it argued that Plaintiff's original *Monell* theory, which was then focused on the MPD's Scorpion unit, meant that "Plaintiff must establish [] the existence of a ***clear and persistent pattern*** of misconduct by the ***Scorpion Unit***," such that broader claims of misconduct which "***pre-dated*** the formation of the Scorpion Unit" in 2021 cannot support Plaintiff's *Monell* claim against the City. ECF 81-1 at 14 (emphases original).

It was that original complaint, and its confinement to the Scorpion unit, that informed the Court's April 2024 allotment of 30 depositions to Plaintiff. And it is the broadened scope of Plaintiff's *Monell* theory, which is set out in the January 2025 amended complaint and goes far beyond the Scorpion Unit, which has compelled Plaintiff to seek broader *Monell* discovery, including the additional depositions sought in her October 27 motion. The six depositions at issue here are part and parcel of that expanded discovery that the October 27 motion seeks leave to take. Plaintiff seeks to take those depositions now because of the fast-approaching discovery deadline in this case.

The remainder of the City's motion is a cut-and-paste recitation of its argument that there should be no more *Monell* discovery in this case. *Compare* ECF 525 at 8-9 with ECF 524 at 8-9 (verbatim text). Plaintiff has explained elsewhere, and repeatedly, that the additional discovery she seeks to take is targeted, proportional, and appropriate in a *Monell* case like this one. *See* ECF 514; ECF 533. The same goes for the additional depositions Plaintiff seeks to take. As

7

Plaintiff has explained, those depositions are targeted to gather evidence Plaintiff has uncovered through the *Monell* discovery she has taken over the last year, based on the expanded theories in Plaintiff's January 2025 amended complaint. *See* ECF 499 at 3-4 (describing depositions). Those depositions are proportional and appropriate in a *Monell* case like this one, and Plaintiff should be permitted to take them.

## CONCLUSION

For the foregoing reasons, the City's motion for protective order should be denied. Plaintiff respectfully submits that the proper course for the Court to resolve this matter is to decide Plaintiff's October 27 motion for additional depositions, which will guide the parties in conducting depositions in the limited time that remains to complete fact discovery.[2]

[SIGNATURES ON FOLLOWING PAGE]

---

[2] Though the Court need not reach the question, in the course of bringing its motion, the City asks this Court to impose extraordinary relief for which it cites no authority: bar Plaintiff from even being able to file a motion for additional depositions down the line, unless Plaintiff agrees now only to use her six remaining depositions for the defendants who are currently stayed. ECF 525 at 2. The City cites no authority for preemptively barring a party from filing a future potential motion with the Court. This is not what Rule 26(c) or any other discovery rule contemplates. Plaintiff believes that resolution of the October 27 motion for additional depositions will likely settle this issue. But there is no reason to bar future motions before the circumstances that give rise to them might occur. If the City wishes to oppose a future motion for more depositions, it will be free to file an opposition brief in the event such a motion is ever filed, and then the Court will rule.

8

| | |
|---|---|
| Dated: December 30, 2025 | Respectfully submitted, |
| | /s/ *Stephen H. Weil* |
| David L. Mendelson<br>(Tenn. Bar No. 016812)<br>Benjamin Wachtel<br>(Tenn. Bar No. 037986)<br>**MENDELSON LAW FIRM**<br>799 Estate Place<br>Memphis, TN 38187<br>+1 (901) 763-2500 (ext. 103), Telephone<br>+1 (901) 763-2525, Facsimile<br>dm@mendelsonfirm.com<br>bw@mendelsonfirm.com<br><br>Benjamin Crump<br>(Tenn. Bar No. 038054)<br>Brooke Cluse* (Tex. Bar No. 24123034)<br>**BEN CRUMP LAW, PLLC**<br>717 D Street N.W., Suite 310<br>Washington, D.C. 20004<br>+1 (337) 501-8356 (Cluse), Telephone<br>court@bencrump.com<br>brooke@bencrump.com | Antonio M. Romanucci*<br>(Ill. Bar No. 6190290)<br>Sarah Raisch* (Ill. Bar No. 6305374)<br>Joshua M. Levin* (Ill. Bar No. 6320993)<br>Stephen H. Weil* (Ill. Bar No. 6291026)<br>Colton Johnson Taylor*<br>(Ill. Bar No. 6349356)<br>**ROMANUCCI & BLANDIN, LLC**<br>321 N. Clark St., Ste. 900<br>Chicago, IL 60654<br>P: (312) 458-1000<br>aromanucci@rblaw.net<br>sraisch@rblaw.net<br>jlevin@rblaw.net<br>sweil@rblaw.net<br>cjohnson@rblaw.net<br><br><br>*Attorneys for Plaintiff*<br><br>* Admission *pro hac vice* |