IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>                      Plaintiff,<br>v.<br><br>The City of Memphis *et al.*,<br><br>                      Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S RESPONSE TO CITY OF MEMPHIS'S MOTION TO UNSEAL (ECF 532)**

Plaintiff RowVaughn Wells, through her counsel, submits this response to Defendant City of Memphis's Motion to Unseal (ECF 532) ("Mot.").

The City's motion seeks to unseal every document on the Court's docket that is currently under seal. With respect to many sealed filings in this case, the issue of whether to unseal has already been extensively briefed and is currently pending before the Magistrate Judge. *See* Dec. 22, 2025 Order at 3 (ECF 528); Mot. at 2 n.1. The instant motion asks the Court "to unseal the remainder of the docket." Mot. at 2 n.1. At the same time, the City acknowledges that many of these documents contain private information that would need to be redacted from any unsealed version before any public filing.[1] *See, e.g.*, Mot. at 3 n.2 & 3; *id.* at 4-5.

Plaintiff does not oppose unsealing across the board. The filings at issue fall into three categories, and Plaintiff's position varies accordingly.

    a) Filings where the sealing issues are identical to those already pending before the Court.

---

[1] This presumably means that an unredacted version will need to remain under seal—a point the City does not address.

1

> *Plaintiff's position:* These documents should be sealed to the same extent stated in Plaintiff's briefs on the pending disputes. The Court's forthcoming ruling will resolve the parallel questions raised here.

b) Administrative filings regarding the parties' mediation with Magistrate Judge York, and filings regarding sealed criminal trial exhibits.

> *Plaintiff's position:* Plaintiff generally does not object to unsealing these documents, though the Court need not revisit its prior determination that ECF 350 should remain sealed.

c) Plaintiff's medical and psychotherapy records that the City attached to its now-moot motion for partial summary judgment.

> *Plaintiff's position:* The pages containing highly sensitive medical and mental health information should remain sealed.

## DISCUSSION

**A.  Filings where the sealing issues are identical to those already pending before the Court.**

The first category (ECF 383, 408, 454, 466, 468, 515, and 520) consists of documents where the disputed sealing issues are the same as those that are already pending with the Court. *See* Mot. 1. The parties have briefed these issues at length, as the City acknowledges. *See* Mot. 2-3 (declining to put forward new substantive arguments and instead referring to "all the reasons set forth in the City's various briefings on this issue"). Plaintiff's position is that these documents should be sealed to the same extent and for the same reasons set out in Plaintiff's Notice Concerning Sealing Disputes (ECF 515) and her other previous briefs (ECF 233, 235, 262).

Given that the issues have been extensively briefed and the Court's ruling is impending, Plaintiff does not believe additional briefing on the same issues would be an efficient use of the parties' or the Court's resources. Instead, Plaintiff respectfully suggests the following approach: The Court should first rule on the fully-briefed pending dispute. With that ruling in hand, the parties will have clarity as to which categories of information the Court has found merit sealing. The parties can then apply the Court's ruling to these additional filings. If there are any issues that the

parties are unable to resolve even with the benefit of the Court's ruling on the fully-briefed disputes, the parties can then seek resolution from the Court only on matters they are unable to resolve themselves.

**B.    Administrative filings regarding mediation and filings regarding sealed criminal trial exhibits.**

The second category (ECF 338, 340, 350, 352, 354, 355, 356, 357, 359–364, and 398) consists of filings the Court ordered sealed. They relate to either the parties' previous mediation or documents sealed in the federal criminal trial of the officers who fatally beat Mr. Nichols. Plaintiff largely agrees with the City that these documents may be unsealed, with certain redactions identified in the City's motion. *See* Mot. at 3-4.

However, Plaintiff parts ways with the City in one respect. It is neither necessary nor a productive use of judicial resources to revisit whether ECF 350 (and ECF 350-1) should remain sealed, as the City suggests. Mot. 4. These documents were filed under seal *by the City* precisely because the City identified that they "appear to be exhibits filed under seal in the federal criminal trial." ECF 349 ¶ 3. *At the City's request*, the Court then "reviewed the filings" and found that the documents were indeed "filed under seal in the criminal case," and therefore ordered the parties to destroy them "to preserve the integrity of sealed court records." ECF 357 at 1-2. The City's current motion "does not challenge the propriety of that sealing." Mot. 4. Nevertheless, the City now suggests that the Court should reconsider whether ECF 350 contains material sealed in the federal criminal trial—asserting, without any explanation or factual basis, that some "part of ECF No. 350" may "*not* [be] sealed in the *United States v. Martin* matter." Mot. 4 (emphasis added). The Court need not redo work it has already done. The City has articulated no reason to disturb the Court's prior finding that the documents at ECF 350 and ECF 350-1 were filed under seal in the federal criminal case and must remain under seal here.

C.  **Plaintiff's medical and psychotherapy records that the City attached to its now-moot motion for partial summary judgment.**

The City asks the Court to unseal Plaintiff's medical and psychotherapy records (ECF 482, 482-1, 482-2) that *the City* filed under seal as an exhibit to its motion for summary judgment on Plaintiff's emotional distress claims (ECF 480). *See* Mot. 4-5. These records contain highly sensitive medical and mental health information—including psychotherapist notes from therapy sessions. There is no legitimate interest in public access to this information because the attendant motion for summary judgment was *denied as moot* after the Court dismissed the underlying claims. The portions of ECF 482 that contain such highly personal information[2] should therefore remain sealed.

Under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, a party seeking to seal a portion of the judicial record must show *(1)* "that the interests in support of nondisclosure are compelling," *(2)* that "the interests supporting [public] access are less so," and *(3)* that "the seal itself is no broader than necessary"—that is, "narrowly tailored" to serve the compelling interest. 825 F.3d 299, 306-08 (6th Cir. 2016); *see also Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). Each factor weighs heavily in favor of sealing here.

***Privacy interests.*** These filings consist of records from Plaintiff's psychotherapist[3] (ECF 482), primary care doctor (ECF 482-1), and orthopedic specialist (ECF 482-2). The records are replete with highly sensitive medical and mental health information, including:

---

[2] In keeping with the Sixth Circuit's narrow-tailoring requirement, Plaintiff has reviewed ECF 482 and identified that the following pages contain private health information requiring sealing: ECF 482 at Bates COMPASSION_0000002-22; ECF 482-1 at Bates Wells 004416-17; ECF 482-2 at pdf p. 2-5, 13-18, 29-31, 33-62.

[3] The City obtained the psychotherapist records via subpoena. The producing party, the psychotherapist's office, designated each page of its production as "Confidential," pursuant to this Court's Protective Order, which expressly applies to documents produced by non-parties. *See* ECF 213 §§ II.5., II.7. The City does not dispute that this confidentiality designation is proper.

- Psychotherapist notes summarizing the deeply personal content of private therapy sessions, including information about Plaintiff's ongoing emotional state and descriptions of her relationships with her parents and spouse, which have no connection to this case (ECF 482);[4]

- Detailed descriptions of mental health diagnoses, the physical manifestations of Plaintiff's mental health conditions, and treatment plans;[5]

- Medications Plaintiff has been or is currently prescribed, and descriptions of their effectiveness and side effects;[6]

- Chest x-rays, x-ray interpretations, and other medical test results (*e.g.*, electromyography);[7]

- Highly sensitive information about Plaintiff's reproductive history and related medical procedures;[8] and

- Detailed physician descriptions of the results of physical examinations and physician-prescribed treatment plans.[9]

Documents like these—a plaintiff's "medical records [that] contain personal identifiers and private health information"—are precisely the sort that courts in this Circuit seal. *Bodenhamer v. Metro. Life Ins. Co.*, No. 120CV00221TRMCHS, 2021 WL 6275231, at 2 (E.D. Tenn. Feb. 2, 2021); *see e.g.*, *McFadden v. City of Henderson Police Dept.*, No. 1:25-CV-01063-STA-JAY, 2025 WL 2946410 (W.D. Tenn. July 10, 2025) (sealing documents that "contain [plaintiff's] unredacted personal identifying information and medical records" in § 1983 excessive force case); *Milam v. Shepard*, No. 3:23-CV-320-JEM, 2025 WL 1427507 at 2 n.4 (E.D. Tenn. May 16, 2025) (sealing

---

[4] The following Bates numbers are illustrative, as are the Bates numbers listed in footnotes 4-8 below: COMPASSION_0000003; COMPASSION_0000007, 0000011, 0000016, 0000020.

[5] *See, e.g.*, COMPASSION_0000010-14; COMPASSION_0000002-03; COMPASSION_0000004, 0000008, 0000012, 0000017, 0000021.

[6] *See, e.g.*, COMPASSION_0000004; Wells 004416; ECF 482-2 at 2, 33, 39, 42, 46, 58.

[7] *See, e.g.*, ECF 482-2 at 13-18 (chest x-rays), 34, 40, 43, 48 (x-ray interpretations), 41, 44, 48, 52-55 (EMG results and nerve conduction studies).

[8] *See, e.g.*, ECF 482-2 at 2, 33, 37, 39, 42, 46, 58, 62.

[9] *See, e.g.*, ECF 482-2 at 34, 40, 43, 47 (spine and lower trunk examination results), 35, 41, 44, 49 (diagnosis impressions and treatment plans), 59-61 (range of motion results, physical therapy treatment plan).

Plaintiff's medical records, finding "there is no public interest to be served by keeping these confidential records open to the public, but Plaintiff's privacy rights would be harmed if they are not sealed").

The privacy interests warranting the sealing of such documents are manifest: "[W]holesale public access to [a] [p]laintiff's medical records is a significant invasion of privacy and personal dignity." *Bodenhamer,* 2021 WL 6275231, at 2. As the Supreme Court has long recognized, there is a "substantial interest in preventing" litigants from "publicly releas[ing]" information obtained in discovery that "could be damaging to reputation and privacy." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–35 (1984). Few subjects are more damaging to a person's privacy than the details of their medical and psychotherapy files.

***Public access.*** There is no countervailing interest that would justify publicly disclosing such highly sensitive materials. The public interest that justifies the "strong presumption in favor of openness" to court records, the Sixth Circuit has explained, rests on "several grounds": the public's interest in ascertaining the "conduct giving rise to the case," "the litigation's result," or "what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Shane Group*, 825 F.3d 299, 305 (quotation marks omitted).

None of those interests apply here. First, the records have nothing to do with the "conduct giving rise to" this case—Memphis Police Department officers' savage fatal beating of Plaintiff's son, Tyre Nichols. *Id.* Nor do these records have any bearing on "the litigation's result," or the public's ability to ascertain the evidence this Court "relied upon in reaching [its] decision[]." *Id.* The reason is straightforward: there is no forthcoming Court decision or litigation result related to these records because the City's motion for summary judgment—the motion these documents supported—was *denied as moot* after the Court *dismissed* the underlying claims against the City.

6

*See* ECF 484 at 17-19 (Sep. 30, 2025 Order granting City's Rule 12(b)(6) motion to dismiss Plaintiff's IIED, NIED, and fraudulent concealment claims); ECF 504 (Oct. 29, 2025 Minute Entry denying as moot City's Motion for Summary Judgment (ECF 480)).

The City provides no explanation as to why Plaintiff's private medical and psychotherapy information should be unsealed. The closest the City comes is this: "Now, *especially in light of the fact that the Court has dismissed all of Plaintiff's individual claims against the City*, the City moves to unseal these documents[.]"[10] Mot. 6 (emphasis added). But the City gets it backwards: the dismissal of the claims to which this information was purportedly relevant is exactly why the public has no legitimate interest in accessing that information.[11]

***Narrow tailoring***. The portion of ECF 482 (and 482-1 & 482-2) that Plaintiff requests should remain sealed is narrowly tailored to serve the compelling interest of protecting Plaintiff's private medical and mental health information. Plaintiff has reviewed the documents and identified for sealing only the particular pages that contain the types of private information described above. *See supra* n. 2.  The scope of Plaintiff's seal is narrow and targeted. It does not include pages that contain only information such as billing receipts or appointment dates, which do not implicate any privacy concerns.

For these reasons, the Court should leave sealed the pages identified in footnote 2 above.

---

[10] The City acknowledges that, if unsealed, the public version of ECF 482 would need to be filed "with appropriate redactions of PII, such as date of birth, home addresses, and social security number, and account numbers." Mot. 6.

[11] It is doubtful that the records were relevant in the first place. The City's statement of undisputed material facts (ECF 481), which describes certain portions of the medical records that the City deemed relevant to its now-moot motion, does not include any of the private and sensitive information and was not filed under seal.

7

**CONCLUSION**

For the reasons set forth above, the City's motion should be granted in part and denied in part. grant the City's motion in part and deny it in part. Specifically, the Court should: (1) defer ruling on whether to unseal ECF 383, 408, 454, 466, 468, 515, and 520 until after the Court resolves the pending, fully-briefed sealing disputes, and then permit the parties to apply that ruling to these filings; (2) grant the motion to unseal ECF 338, 340, 352, 354, 355, 356, 357, 359–364, and 398, with the redactions the City has identified, but deny the motion as to ECF 350 and ECF 350-1, which should remain sealed consistent with the Court's prior order; and (3) deny the motion to unseal the pages of ECF 482, 482-1, and 482-2 identified in footnote 2 *supra*, which contain Plaintiff's highly sensitive medical and mental health information.

Dated:  January 6, 2026                    Respectfully submitted,

*/s/ Joshua M. Levin*
Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103), Telephone

          (901) 763-2525, Facsimile
          dm@mendelsonfirm.com
          bw@mendelsonfirm.com

          Benjamin Crump (Tenn. Bar No. 038054)
          Brooke Cluse* (Tex. Bar No. 24123034)
          **BEN CRUMP LAW, PLLC**
          717 D Street N.W., Suite 310
          Washington, D.C. 20004
          (337) 501-8356 (Cluse), Telephone
          court@bencrump.com
          brooke@bencrump.com

          *Attorneys for Plaintiff*

          * Admission *pro hac vice*