IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>THE CITY OF MEMPHIS, a municipality, *et al.*,  )<br>)<br>)<br>Defendants.  )  | No. 2:23-cv-02224-SHL-atc |

---

ORDER ON VARIOUS MOTIONS

---

Before the Court by Orders of Reference are multiple motions and related filings.[1] First are two Motions for Protective Orders filed by Defendant City of Memphis ("the City"), the first filed on October 27, 2025 (ECF No. 498), as to Plaintiff RowVaughn Wells's Ninth Set of Requests for Production of Documents ("RFPs") and the second filed on December 15, 2025 (ECF No. 524), as to Wells's Tenth Set of RFPs. Wells responded to the first Motion on November 10, 2025 (ECF No. 514), and to the second on December 29, 2025 (ECF No. 533).

Next are four Motions regarding the number of depositions the City and Wells may take. Wells filed a Motion to Enlarge Number of Depositions on October 27, 2025 (ECF No. 499), which the City responded to on November 10, 2025 (ECF No. 513). The City filed a Motion for Leave to Take Additional Depositions on November 17, 2025 (ECF No. 517), which Wells

---

[1] The Motions discussed herein were referred to the undersigned for determination at ECF Nos. 505, 518, 523, and 526.

responded to on December 1, 2025 (ECF No. 521). Wells then filed a Motion to Compel Rule 30(b)(6) Deposition on December 14, 2025 (ECF No. 522), which the City responded to on December 23, 2025 (ECF No. 530). The City then filed a Motion for Protective Order Regarding Plaintiff's Depositions on December 16, 2025 (ECF No. 525), which Wells responded to on December 30, 2025 (ECF No. 534).

Also before the Court is the status of records obtained from T-Mobile pursuant to the Court's Order of September 26, 2025 (ECF No. 483), as well as the impact on these pending matters of the stay as to Chief C.J. Davis entered on October 30, 2025 (ECF No. 510).

The Court held a hearing on these and other matters on January 15, 2026.[2] (ECF No. 542.) In noticing that hearing, the Court ordered the parties to consult on these and other issues and file a joint notice (ECF No. 528), which they did on January 12, 2026 (ECF No. 540). As stated at the hearing, these matters are disposed of as follows.

I.      **The City's Motions for Protective Orders**

In its Motions for Protective Orders, the City requests that it be excused from responding to Wells's Ninth and Tenth Sets of RFPs because it argues those requests are disproportional to the needs of the case and unduly burdensome. (ECF Nos. 498, 524.) The City maintains that it has already responded to a large volume of discovery requests and produced a large volume of documents, and it contends that discovery is "sufficient." (ECF No. 498, at 5 (quoting *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994)).[3] Though the City acknowledges the discovery sought (in support of Wells's *Monell* claims) is "central to [her] case" and that "the

---

[2] Also before the Court at that hearing were the motions filed at ECF Nos. 383 and 453 and issues related to certain sealed material in this case. Those matters will be addressed by separate order.

[3] The second Motion for Protective Order makes nearly identical arguments. (*See generally* ECF No. 524.)

2

amount in controversy in this case is significant" (*id.* at 7), it expresses concern about the "significant time and resources" required to respond to the RFPs (*id.* at 6). The City argues it has shown good cause for a protective order because its resources are limited and discovery has taken a long time. (*Id.* at 8–9.) In summary, the City's position is that extensive discovery has already been taken in this case, and that discovery should be enough.

In response, Wells notes that "[t]he City's motion does not grapple seriously with the . . . requests themselves." (ECF No. 514, at 2.) She then details her efforts to streamline the *Monell* discovery and explains the relevance and necessity of the requests at issue. (*See generally id.*)

The City has not met its burden of showing entitlement to a protective order. Rule 26 accepts as a premise that discovery may be burdensome and expensive but only disallows discovery if, among other things, "the burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, it is undisputed that the discovery sought offers some benefit—the City concedes it goes to matters central to Wells's case and is relevant to the important issues she raises and significant damages she seeks. But the City does not explore how those benefits weigh against the costs. Though the City describes the Ninth Set of RFPs as reflecting "the whims of unduly burdensome, laborious, and untargeted discovery," it offers nothing to show that any of the RFPs meet that description. (ECF No. 498, at 8.) By failing to even discuss the particular requests at issue and instead indiscriminately resisting production of any additional documents, the City has failed to provide the Court with the information necessary to conduct the balancing required by Rule 26. Because it is the City's burden to do so, its Motions are largely denied.

That ruling is subject to two exceptions. First, the City contends that some of the requests seek documents that do not exist or have already been produced. (ECF No. 498, at 6.)

3

The City has no obligation to produce (or re-produce) such documents.  Second, as to RFP 332, the City more specifically argues that responsive documents have already been produced.  (ECF No. 524, at 6.)  In response, Wells argues that she seeks "a list of all ISB investigators and lieutenants" during the relevant time period, which "can presumably be complied from ISB's personnel records in a matter of minutes and produced in a simple spreadsheet."  (ECF No. 533, at 7.)  The City is not, however, required to create documents that do not exist to respond to Wells's RFPs.  *United States ex rel. Griffis v. EOC Tech.*, No. 3:10-cv-204, 2024 WL 3852128, at *4 (E.D. Tenn. Aug. 16, 2024) ("It is well settled that 'Rule 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production.'" (citing *Harris v. Advance Am. Cash Ctrs., Inc.*, 288 F.R.D. 170, 174 (S.D. Ohio 2012))).  If the list requested by Wells exists, the City should produce it, but, if not, the City is not required to create it.

The Motions are denied, except that the City has no obligation to produce documents it has already produced or that do not exist.  The City is ordered to respond to Wells's Ninth and Tenth Set of RFPs by February 16, 2026.[4]

## II.     The Deposition Motions

Both parties seek leave to take additional depositions.  Wells wants to take fourteen additional depositions, increasing the permissible number from thirty to forty-four.  (ECF No. 499.)  She has already taken fifteen depositions and would now like to depose the five officer Defendants in this case, Chief Davis, Deputy Chief Don Crowe, and the City (via Rule 30(b)(6)).  She also wants to depose twenty-one employees of the Memphis Police Department ("MPD")

---

[4] At the hearing, the Court indicated it would order the City to produce documents responsive to the Ninth Set within thirty days of that hearing.  Because thirty days from the hearing would fall on a Saturday, the order is revised to the following Monday.

4

who were either involved in or supervised those involved in "police-civilian encounters that Plaintiff's counsel has identified as relevant to her expanded *Monell* claims." (*Id.* at 4.) Of those twenty-one depositions, Wells represents that fifteen will be half-day depositions.

In response, the City argues that Wells will not learn anything new in the MPD employee depositions—and thus the depositions are not proportional to the needs of the case—and that the request is premature, as Wells still has eleven depositions left to take. (ECF No. 513.) On the contrary, Wells appears to have targeted her request to deponents who will likely provide relevant and important information on critical issues in this case, and she appears to have limited her request as much as practicable, in line with the needs of this case. As such, Wells's Motion is granted, and she may take these twenty-nine depositions.

Despite the City's concerns regarding the volume of discovery and the inefficiency of depositions, it seeks leave to take additional depositions as well. The City has noticed eleven depositions so far, and it also wants to depose a toxicologist who analyzed blood samples taken from Nichols, a neuropathologist who analyzed slides of Nichols's brain, and twenty-seven individuals identified by Wells, either in her pleadings or her disclosures, as having relevant information. (ECF No. 517.) Wells does not oppose the City's request generally or as to any individual proposed deponent and instead argues that the City should be limited to fourteen additional depositions, the same number Wells has requested. (ECF No. 521.) Wells has not made any particularized showing, however, as to why that reciprocal limit is justified by the needs of this case. Because Wells does not otherwise oppose the request, the City's Motion is granted in part, and it may take these twenty-nine depositions.

The City's Motion also vaguely "seeks the right to depose any and all of" the 129 potential witnesses identified in Wells's supplemental initial disclosures. (ECF No. 517, at 5.)

5

The City has provided no justification for such a broad extension and has not even provided the identity of these additional individuals. As such, the City's Motion in this regard is denied.

As to Wells's Motion regarding the scope of her Rule 30(b)(6) deposition of the City (ECF No. 522), the City has submitted that it does not object to the relief sought (ECF No. 530). As to the City's Motion for Protective Order Regarding Plaintiff's Depositions (ECF No. 525), the relief requested in that Motion is been mooted by the rulings herein. As such, both motions are denied as moot.

### III.     The T-Mobile Documents

The parties' Joint Status Report indicates that no further relief is requested as to the document production from T-Mobile. (ECF No. 540, at 2.)

### IV.     The Stay as to Chief Davis

The parties confirmed at the hearing that they have no concerns that the stay as to Chief Davis will impact the Court's consideration of these pending matters.

### **CONCLUSION**

For the foregoing reasons, the City's Motions for Protective Orders (ECF Nos. 498, 524) are DENIED, except that the City has no obligation to produce documents it has already produced or that do not exist. The City is ORDERED to respond to Wells's Ninth and Tenth Set of RFPs by February 16, 2026. Wells's Motion to take the identified twenty-nine depositions (ECF No. 499) is GRANTED. The City's Motion to take additional depositions (ECF No. 517) is GRANTED IN PART and DENIED IN PART; the City may take the twenty-nine identified depositions. Wells's Motion regarding the scope of her Rule 30(b)(6) deposition of the City

6

(ECF No. 522) and the City's Motion for Protective Order Regarding Plaintiff's Depositions (ECF No. 525) are DENIED as moot.

    SO ORDERED this 16th day of January, 2026.

                                        s/Annie T. Christoff
                                        ANNIE T. CHRISTOFF
                                        UNITED STATES MAGISTRATE JUDGE