IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROW VAUGHN WELLS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TYRE DEANDRE NICHOLS, DECEASED

Plaintiff

VS. CAUSE NO.: 2:23-CV-02224-SHL-atc

THE CITY OF MEMPHIS, a Municipality;
CHIEF CERELYN DAVIS, in her official capacity;
EMMITT MARTIN, III, in his individual capacity;
DEMETRIUS HALEY, in his individual capacity;
JUSTIN SMITH, in his individual capacity;
DESMOND MILLS, JR., in his individual capacity;
TADARRIUS BEAN, in his individual capacity;
PRESTON HEMPHILL, in his individual capacity;
ROBERT LONG, in his individual capacity;
JAMICHAEL SANDRIDGE, in his individual capacity;
MICHELLE WHITAKER, in her individual capacity;
DEWAYNE SMITH, in his individual capacity and as an agent of the City of Memphis

Defendants

---

DEFENDANT, JUSTIN SMITH'S, MOTION FOR MISCELLAENOUS RELIEF

---

COMES NOW, Defendant, Justin Smith (hereinafter "Justin Smith"), by and through counsel, namely Martin W. Zummach, and files this his Motion for Miscellaneous Relief seeking the Court's intervention in a matter which has become troublingly consistent with Plaintiff's counsel and in support of same would state as follows:

1. The discovery deposition of former employee and Assistant Chief, Don Crowe, was noticed for January 21, 2026, by the Plaintiff.

2. Pursuant to the Rules, Plaintiff was allotted seven (7) hours for the deposition of the subpoenaed witness.

3. Assistant Chief Don Crowe was the Assistant Chief of the Memphis Police Department on the relevant date giving rise to this cause of action.

4. Assistant Chief Crowe is an important witness for both Plaintiff's *Monell* liability claims as well as the defense's claims to individual liability for the named Defendants.

5. Because of the exhaustive methods used by Plaintiff's counsel, Plaintiff's counsel used all of the allotted time for their own use with his continued attempts to obstruct any other party, be it counsel for the City of Memphis or counsel for the individual Defendants, to discover information from the deponent. The undersigned very respectfully, courteously and prior to the beginning of the deposition, requested Plaintiff's counsel to reserve one (1) hour of the seven (7) hour allotted time to be permitted to explore areas important to the defendant.

6. Mr. Josh Levin was the Plaintiff's representative taking the deposition, and he responded to the request that he heard and understood the request for one (1) hour. However, as is customary, Mr. Levin did not agree to reserve that hour, or for that matter, any time for any of the Defendants to explore areas of questioning.

7. Then, at different times during the deposition, counsel for Justin Smith again, professionally and respectfully asked on the record for time to be reserved for the multiple Defendants to have an opportunity to explore with questioning the witness.

8. During Assistant Chief Crowe's deposition, Mr. Zummach asked on the record:

> MR. ZUMMACH: Josh, any idea how much more you've got? (Don Crowe Deposition, Page 263, Lines 18-19)

9. Then, Mr. Zummach again asked Mr. Levin:

> MR. ZUMMACH: Hey, Josh, this is Martin.
> MR. LEVIN: Yes.
> MR. ZUMMACH: My best estimate -- I had talked
> to you earlier about this. My best estimate is I'm
> going to need time at the end of your questions
> regarding your direct examination, and I'm best
> estimate, based upon the content of your direct, to
> be somewhere between 45 minutes and an hour. So
> what could we do to arrange that?
> MR. LEVIN: I will -- I mean, I will do my
> best to be done at around the six-hour mark, but I'm
> not going to commit to that.
> MR. ZUMMACH: Okay. We'll just cross the
> bridge when we get to it because -- anyway, I do
> have my questions, and my client is just as entitled
> as everybody else is to get this information.
> MR. LEVIN: Okay. (Don Crowe Deposition, Page 264, Lines 1-17)

10. Then, after nearly nine (9) hours of total elapsed time, and six (6) hours and forty-nine (49) minutes of Plaintiff's counsel's inane continued repetitive questioning of the witness, Plaintiff's counsel, Josh Levin, tendered the witness with <u>only</u> eleven (11) minutes remaining of the allotted time.

11. This behavior has become all to customary. In point of fact, the last time this Court had to deal with a deposition dispute surrounding Ms. McKinney's ill-advised instruction to her client, DeWayne Smith, to refuse to answer questions proffered by the undersigned, said instruction was actually encouraged and prompted by the very same Plaintiff's counsel, Josh Levin. Josh Levin objected to anyone being able to ask DeWayne Smith questions regarding January 7, 2023, and Betsy McKinney mistakenly and ill-advisedly instructed her client not to answer any questions of the undersigned surrounding the night in question even though counsel for Justin Smith had never had the opportunity through three (3) depositions of DeWayne Smith

which were all taken by Plaintiff's counsel to ask a single question regarding the night of January 7, 2023.

12. This Court will probably recall that the undersigned struck his Motion to Compel and for Sanctions because of the effect it might very well have had on DeWayne Smith's counsel and agreed to reconvene the deposition to ask those questions that were asked on the record but refused.

13. Now, Plaintiff's counsel, the same counsel, Josh Levin, saw to it that no Defendant had any opportunity to ask the subpoenaed witness <u>any</u> questions regarding his role with the Memphis Police Department; his role surrounding the arrest of Tyre Nichols; his role with the training of the officers in question; the Memphis Police Department's internal investigation; or the Memphis Police Department's decision to terminate the Defendants. (See Exhibit "A" – Excerpt of Don Crowe's Deposition, Pages 343-355)

14. This Court must step in now.

15. For the last three (3) years that this case has been pending, this Court has been repeatedly put on notice of Plaintiff's counsel playing fast and loose with the customs and Rules of Procedure practiced here in the Western District.

16. The Defendant, Justin Smith, expending more money for attorney fees, court reporter fees and coordinating dates and times to reconvene depositions is <u>not</u> an adequate remedy for Plaintiff's counsel's repeated behavior.

17. As of the dictation of this Motion for Miscellaneous Relief, counsel for Justin Smith is confident that every single counsel for the Defendants that were present during Chief Crowe's deposition and for all other depositions will actually join and vouch for the rendition of these facts, and will join in a request for relief and intervention by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant, Justin Smith, prays that the Honorable Court review the transcript excerpt filed contemporaneously herewith and take into hand the conduct of Plaintiff's counsel to insure that no further abuse of the spirit or letter of the Rules of Procedure occur.

Defendant, Justin Smith, prays for an order reconvening Chief Crowe's deposition at Plaintiff's costs and to award such other relief to include attorney fees and expenses; whether general or special as the Court deems appropriate.

Respectfully Submitted,

*S/Martin Zummach*
Martin Zummach, #16352
Attorney for Defendant, Justin Smith
2889 Chattering Lane
Southaven, MS 38672
901-482-5909
martin@zummachlaw.com

Certificate of Service

The undersigned certifies that on the 3rd day of February, 2026, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

*S/Martin Zummach*