IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>                 Plaintiff,<br>v.<br><br>The City of Memphis *et al.*,<br><br>                 Defendants. | Case No. 2:23-CV-02224 |

### PLAINTIFF'S RESPONSE TO DEFENDANT JUSTIN SMITH'S MOTION FOR MISCELLANEOUS RELIEF (ECF 554)

Plaintiff RowVaughn Wells, through her counsel, submits this response to Defendant Justin Smith's motion to reconvene the deposition of former Memphis Police Department Assistant Chief Don Crowe (ECF 554) ("Mot.").

### INTRODUCTION

Defendant Justin Smith asks the Court to order that the deposition of retired MPD Deputy Chief Don Crowe—whom Plaintiff subpoenaed and deposed on January 21, 2026—be reconvened so that Justin Smith's counsel can question Chief Crowe. Plaintiff does not oppose reconvening the deposition. Nor apparently does the City of Memphis, which joined Justin Smith's motion and seeks time to cross-examine the witness. ECF 564 ¶ 8. The only party who objects to reconvening is the retired Chief, who is represented by the City's counsel. *See* ECF 564 ¶ 10; **Ex. 1** (email consultation regarding Justin Smith's motion).

Justin Smith's motion does not stop there, however. He also asks the Court to sanction Plaintiff by ordering her to pay the fees and costs of a second deposition, claiming that Plaintiff's

1

counsel "obstruct[ed]" other parties from questioning Chief Crowe. Mot. ¶ 5. The claim is baseless, and it is also misdirected. Justin Smith's motion should be directed at Chief Crowe, not Plaintiff.

Three months before the deposition, Plaintiff informed all parties that she would need a "full day" for her examination of Chief Crowe. *Infra* p. 3. Then, two months before the deposition, Plaintiff expressly invited Justin Smith's counsel to raise any concerns or proposals about time allocation in advance of any particular deposition. *Infra* p. 4. But Justin Smith made no effort to coordinate in advance and raised no request until the parties had convened for the deposition and were about to go on the record. Only then did his counsel ask to reserve one of the seven hours presumptively allotted under Rule 30, which Plaintiff's counsel said he could not guarantee, consistent with what Plaintiff forecasted months earlier.

This situation could easily have been avoided: if Justin Smith had coordinated with Plaintiff and the witness ahead of time, or if Chief Crowe—who is retired—had simply agreed to extend the deposition or sit for a brief continuation. Chief Crowe refused, and has continued to refuse, without citing any specific burden or hardship. *See* ECF 564 ¶ 10; Ex. 1. Justin Smith now seeks to shift onto Plaintiff the costs of his own inaction and Chief Crowe's intransigence. His request for sanctions should be denied.

## LEGAL STANDARD

Justin Smith's request that Plaintiff bear the cost of reconvening Chief Crowe's deposition is governed by Rule 30(d)(2). Ordering a party to pay "the reasonable expenses and attorney's fees incurred by [another] party" is a "sanction." Fed. R. Civ. P. 30(d)(2). Such a sanction may be imposed only "on a person who impedes, delays, or frustrates the fair examination of the deponent." *Id.* Sanctions under Rule 30(d)(2) are reserved for instances of "impropriety," not

2

"honest dispute[s]." *United States ex rel. Scott v. Humana Inc.*, No. 3:18-CV-61-GNS-CHL, 2021 WL 1176264, at *7 (W.D. Ky. Mar. 26, 2021).

## ARGUMENT

### I. Plaintiff's Full-Day Examination of Chief Crowe Should Have Surprised No One.

Nearly three months before the deposition, Plaintiff filed a motion for leave to take additional depositions in which she stated she would need a "Full Day" for Chief Crowe. ECF 499-1 at PageID 7384. As explained in that motion, Chief Crowe "has department-wide oversight of officer supervision, a position immediately below Chief Davis, and will be deposed regarding his actions and omissions with respect to ensuring appropriate supervision over officer use of force, use of force reporting, and related topics." ECF 499 at 3–4.

The Court granted Plaintiff's motion, including her request to depose Crowe for a "Full Day." ECF 544. In doing so, the Court made no suggestion that Plaintiff must yield a large portion of her allotted time to Defendants. On the contrary, the Court found that "Wells appears to have targeted her request to deponents who will likely provide relevant and important information on critical issues in this case, and she appears to have limited her request as much as practicable, in line with the needs of this case." ECF 544 at 5.

Chief Crowe was the second-highest-ranking official in the Memphis Police Department (MPD) during the *Monell* period and at the time of the incident. He oversaw the SCORPION Unit (the unit whose officers beat Mr. Nichols to death) and was responsible for ensuring that MPD patrol officers did not use excessive force. *See* Crowe Dep. Tr. 255:15-18; *id.* 278:14-23 (attached as **Ex. 2**). Given his rank and responsibility for the practices at the heart of Plaintiff's *Monell* claims, Plaintiff's counsel reasonably anticipated needing nearly seven hours for this critical

3

witness. Justin Smith did not cross-notice this deposition or issue his own subpoena for Chief Crowe. This was Plaintiff's witness to examine.

**II.     Justin Smith Ignored Plaintiff's Invitation to Coordinate.**

Time allocations and extensions of the seven-hour presumptive limit are meant to be worked out in advance of a deposition so that parties can plan and prepare accordingly—and so that parties can seek the Court's assistance if needed. The date for Chief Crowe's deposition was set more than two months in advance. *See* **Ex. 3** at 2-3 (Plaintiff's Nov. 18, 2025 email). Yet Justin Smith never raised the issue, despite Plaintiff's counsel inviting him to do just that.

On November 24, 2025—two months before Chief Crowe's deposition—Plaintiff responded to Justin Smith's counsel's blanket request that Defendants be allocated one-third of any Plaintiff deposition. *See* **Ex. 4** at 2-3 (parties' Nov. 24-25, 2025 emails). Plaintiff declined that categorical proposal but expressly invited Justin Smith's counsel to raise concerns about specific depositions: "We are willing to discuss a deposition protocol going forward. . . . If you have particular topics you would like to cover in a future deposition or have a need to ask extended questions of a particular deponent, we are open to discussing how that should be done." *Id.* at 2. Justin Smith did not take Plaintiff up on that invitation. He indicated he would seek relief from the Court instead, *id.* at 1, but never did.[1]

The first request by Justin Smith's counsel regarding the Crowe deposition (seeking one of the seven hours) came after the parties had already convened and were about to go on the record. At that point, Plaintiff's counsel had already prepared and structured his entire examination.

---

[1] Had Justin Smith sought additional time from the Court, there were strong arguments for it. *See* Fed. R. Civ. P. 30, Cmte Note (2000 Amendment) (noting that examinations covering "events occurring over a long period of time" and in "multi-party cases . . . may warrant additional time").

4

Plaintiff's counsel consistently stated he would do his best to leave time but could make no guarantees. Ex. 2, Crowe Dep. 264:10-12, 349:5-11.

### III. Justin Smith's Grievance Is with Chief Crowe, Not Plaintiff.

Justin Smith and the City blame Plaintiff, but their dispute is really with Chief Crowe—who is represented by the same counsel as the City. Rule 30 makes clear that when "considering extending the time for a deposition," it is not just the parties but also "the witness" who is "expected . . . [to] make reasonable accommodations to avoid the need for resort to the court." Fed. R. Civ. P. 30, Cmte. Note (2000 Amendment). "Preoccupation with timing is to be avoided." *Id.* Plaintiff's counsel did not object to extending. Chief Crowe refused.

It bears repeating that Chief Crowe is retired. He gave no explanation during the deposition why extending would be unduly burdensome or infeasible, nor does his counsel identify any such reason. *See* ECF 564 ¶ 10; Ex. 1 at 1. Presumably Chief Crowe can make himself available for an additional hour or so to continue his deposition in a civil rights case seeking accountability for the beating death of an unarmed civilian at the hands of MPD officers under Chief Crowe's command.

### IV. Justin Smith's Attempts to Manufacture Impropriety Are Baseless.

Unable to point to actual impropriety by Plaintiff's counsel, Justin Smith tries to invent it. He accuses Plaintiff's counsel of engaging in a "troublingly consistent" pattern of "obstruct[ing]" defense counsel from questioning witnesses, Mot. at 1, ¶¶ 5, 7, 11, and alleges—without citing anything—that Plaintiff's counsel "play[s] fast and loose with the customs and Rules of Procedure," *id.* ¶ 15. He also calls Plaintiff's examination of Chief Crowe "inane" and "repetitive." *Id.* ¶ 10. None of this is true.

5

Prior to the Crowe deposition, there had been no instance where any defense counsel claimed to have insufficient time to question a deponent. Justin Smith points to the deposition of Defendant DeWayne Smith but, again, his grievances are misdirected.

DeWayne Smith has been deposed twice. At the first deposition, Plaintiff's counsel concluded his questioning with 5 hours and 13 minutes remaining. After Plaintiff's counsel passed the witness, Justin Smith's counsel stated "Is everybody done?" and then went off the record without asking any questions. D. Smith Dep. Tr. 109:13–16 (attached as **Ex. 5**). If he had questions, presumably he would not have said "Is everybody done?" No one prevented him from questioning the witness.

At the second deposition, counsel for DeWayne Smith instructed her client not to answer questions from Justin Smith's counsel on grounds that those questions were outside the scope and that she had a "hard stop" at 5:30 p.m. ECF 500 ¶¶ 17, 23, 26. Justin Smith now claims that Plaintiff's counsel "encouraged and prompted" that instruction. Mot. ¶ 11. Not true. Plaintiff's counsel simply made the scope objection—one that Justin Smith's own counsel has conceded was *"very rightfully"* made. *See* Oct. 29, 2025 Hr'g Tr., ECF 516 at 27:3-6 ("[Mr. Zummach:] [W]hen I asked the question about January 7th, Mr. Levin, very rightfully so, said, hang on a minute, Betsy. You didn't let me ask any questions about January 7th.") (emphasis added).

As for the Crowe deposition itself, Justin Smith offers no examples to support his accusation. Chief Crowe is one of the most critical witnesses for Plaintiff's *Monell* claims, as explained above. The deposition elicited key testimony on a wide range of topics spanning many years. For example:

- Crowe is not "aware of MPD ever conducting any kind of assessment to see whether or not its process for supervisory review of use of force [was] working well" throughout his tenure as Chief. Ex. 2, Crowe Dep. 162:13-18.

6

- Crowe received a letter from the District Attorney's Office raising concerns about a pattern of excessive force by MPD officers but never responded to ask what cases of excessive force the DA's Office was concerned about. *Id.* at 255:19-23.

- Crowe took no steps as Chief "to ensure that [the command staff] were properly supervising" the SCORPION Unit. *Id.* at 299:7-10

- Despite knowing of the testimony from the officers' federal criminal trial about a "run tax"—a practice in which MPD officers use force to punish civilians who flee from police—Crowe did nothing to address the practice or look into whether it existed within MPD, even though he knew it would be a policy violation. *Id.* 324:3-12. Nor is he aware of "anyone else in the top brass [having] taken any action to look into the run tax." *Id.* at 324:23-325:1.

- Crowe never read the U.S. Department of Justice's pattern-or-practice report finding widespread excessive force by MPD officers, *id.* at 331:7-15; nor does he recall Chief Davis ever discussing the report's contents, *id.* at 336:22-24; nor could he identify any action Chief Davis took to address the issues identified in the report, *id.* at 339:13-16.

- Crowe agreed with MPD's decision to terminate the officers who beat Mr. Nichols, *id.* 311:15-17, and admitted that the officers' use of force against Mr. Nichols violated MPD policy, *id.* 312:19-25.

- Crowe could not identify a single policy change that MPD made in response to the Nichols incident. *Id.* 316:23-317:8.

This testimony was obtained through careful, thorough examination of MPD's second-in-command. There was nothing "inane" about it.

## CONCLUSION

Plaintiff does not oppose reconvening Chief Crowe's deposition but, for the reasons set forth above, the Court should deny Justin Smith's request that Plaintiff bear the fees and costs associated with the supplemental deposition. Plaintiff did not impede, delay, or frustrate the fair examination of Chief Crowe. She examined him thoroughly, as she told Defendants she would, and did not object to extending the deposition. Chief Crowe did. If the deposition is reconvened, each party should bear its own costs.

7

Dated:  February 17, 2026                    Respectfully submitted,


*/s/ Joshua M. Levin*
Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103), Telephone
(901) 763-2525, Facsimile
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump (Tenn. Bar No. 038054)
Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
(337) 501-8356 (Cluse), Telephone
court@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

* Admission *pro hac vice*

8