IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>The City of Memphis *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:23-CV-02224 |

**JOINT STATUS REPORT**

Pursuant to the Court's February 17, 2026 Minute Entry, the parties submit the following joint status report:

**I.　Plaintiff's RFPs that the City was Ordered to Produce by February 20, 2026**

　　a)　**RFP 319**

*Plaintiff's Position*

This RFP seeks documents relating to any ISB investigation of alleged violations of DR 127 (duty to intervene/report) from January 1, 2018 to January 7, 2023. Based on the City's production inventory reflecting its productions to date, the City has produced documents for only *one* ISB investigation. This does not appear to be a complete production.

At the status hearing, Plaintiff would like to address this RFP and the City's failure to meet the Court's production deadline.

*City's Position*

This issue is moot. The City complied with the Court's deadline. There was only one ISB case in the latest production because that is the only DR 127 case that had not been previously produced as responsive to a different request. All other DR 127 cases responsive to RFP 319 have

1

been produced as responsive to other requests, primarily RFP 133. Plaintiff can easily identify the documents in her possession, however, by running a quick keyword search. Regardless, the City will provide an updated Production Inventory spreadsheet identifying the previously produced documents by bates number before the status conference tomorrow.

    b) **RFPs 328-329**

*Plaintiff's Position*

These RFPs seek internal MPD communications related to the Demorris Carter memorandum (a memorandum in which MPD Officer Demorris Carter raised concerns about fellow officers' use of excessive force). Based on the City's production inventory reflecting its productions to date, the City has not produced any documents responsive to these requests. In the City's supplemental responses to the Plaintiff's Ninth Set of RFPs (served on February 21), the City states that it is continuing to search for responsive documents.

At the status hearing, Plaintiff would like to address this RFP and the City's failure to meet the Court's production deadline.

*City's Position*

The City does not believe it has any documents responsive to these Requests. The City should have a definitive answer by the status conference tomorrow.

    II.    **Plaintiff's RFP 333**

This RFP seeks five categories of information (subparts (A)-(E)) pertaining to MPD officers that ISB found in violation of MPD's excessive force policy, and the disciplinary/employment outcomes for those violations, over the period November 1, 2018 to September 30, 2023. The parties conferred on February 20 regarding this RFP.

    a) **RFP 333(A)-(D)**

*Plaintiff's Position*

As to RFP 333(A)-(D), at the parties' conference the City agreed to provide a supplemental response to this RFP in which the City would identify the bates numbers of the responsive documents (with particular pages identified) *for each of the subparts* (A)-(D).

On February 21, the City served its supplemental response. Instead of identifying the bates numbers responsive to each subpart (A)-(D), the City provided a single list of 68 bates numbers. Providing one undifferentiated list of bates numbers does not comply with the RFP, which requests documents sufficient to show each subpart.

In addition, it seems unlikely that 68 represents the complete set of officers who ISB found in violation of MPD's use of force policy (the category requested in RFP 333(A)). For reference, MPD's online public dashboard disclosed that there were over 400 alleged use of force violations during the five-year period requested in RFP 333(A).

 Plaintiff would like to address this RFP at the status hearing.

*City's Position*

The City would also like to address this RFP at the status hearing for reasons different than Plaintiff. Plaintiff's counsel's conduct regarding RFP 333 is illustrative of a larger issue. Plaintiff's counsel's frustration actually falls with their team's lack of diligence in reviewing the City's document productions and not recognizing what Plaintiff already has in her possession. Plaintiff represented to the Court at the February 17 status conference that the documents produced by the City do not contain the information sought. This is false. In fact, the City identified by bates number all of the documents responsive to this request and provided Plaintiff with this list. Of note, for the vast majority of these documents, the information requested by Plaintiff is located on the ***first page*** of the document. This makes Plaintiff's counsel's representations at the February 17

3

status conference that the ISB files produced do not contain information regarding discipline even more troubling, given that the information so readily available. Further, it must be noted that Plaintiff has had all the information responsive to RFP 333(A)-(D) (with the exception of the six-week period of 2018), since August 22, 2025 at the latest.

Now, Plaintiff takes issue with the City's identification of the responsive documents. First, counsel for the City did not agree to identify responsive documents by subpart of the Request. By contrast, counsel for the City did agree to provide Plaintiff not only the beginning bates number of the responsive documents, but also the specific page number containing the responsive information to the extent that the information is not located on the first page.

The City has identified the full scope of responsive documents, and those documents contain all the information that RFP 333 seeks. Thus, through these documents, Plaintiff has information sufficient to identify all the information sought through RFP 333. In other words, the City has provided information sufficient to disclose which officers fall into each category. The City has met its discovery obligations.

b) **RFP 333(E)**

*Plaintiff's Position*

As to RFP 333(E), the City stated in its supplemental discovery response that it is continuing to search for responsive documents.

At the status hearing, Plaintiff would like to address the status and timeline for the City's production of the responsive documents.

*City's Position*

There are only two officers who have retired and are receiving retirement benefits following a sustained DR 301 violation: Ralph Confer and Maurice Cox. Officer Cox is receiving

disability-related retirement funds due to a subsequent on-the-job injury. There is nothing to indicate that either officer retired as a result of the sustained DR 301 violation.

Ralph Confer sustained violations in ISB Case No. I2019-039. As stated in the ISB file (COM_0296219), this case arose from a "disagreement between two coworkers that turned violent" over whether one person was permitted to eat hotdogs from a potluck in the breakroom. According to his disciplinary history chart, this was Officer Confer's only violation of DR 301. Officer Confer achieved 25 years of service with MPD in December 2020.

Maurice Cox sustained violations in ISB Case No. I2020-028. Officer Cox was found in violation of DR 301 for slapping a handcuffed prisoner. An administrative hearing was held, but before the hearing could be reconvened and any discipline rendered, Officer Cox retired. According to the ISB file (COM_0301729), this was a line of duty (LOD) retirement due to an on-the-job injury (OJI) that appears to have happened shortly after the administrative hearing was held. According to his disciplinary history chart, this was Officer Cox's only violation of DR 301.

### III. Plaintiff's Requests for Admission (Issued Feb. 20)

*Plaintiff's Position*

During the parties' February 20 conference, counsel for the City disclosed for the first time that MPD does not maintain lists of the information responsive to RFP 333—*i.e.*, lists reflecting which officers have been found in violation of the excessive force policy and the resulting discipline/employment outcomes. During the parties' conference, Plaintiff's counsel told the City that they intended to issue RFAs to confirm that these lists do not exist. The City stated it would likely object to such RFAs as outside the deadline for written discovery. Plaintiff served the RFAs later that day (February 20) and asked the City to state whether it intended to stand on its objection, so that the issue could be raised in this JSR. As of this filing, the City has not provided a response.

5

Plaintiff would like to discuss this issue at the status hearing.

*City's Position*

Plaintiff's Fourth Set of RFAs is untimely. The City disputes Plaintiff's characterization that the City disclosed this information "for the first time," as this is an attempt to create a new issue and allow the reopening of written discovery.

Moreover, the issue up for discussion during the meet-and-confer was whether the City has documents sufficient to identify the information requested in RFP 333. The City identified the ISB files. In response, Plaintiff asked whether the City maintained running lists containing the requested information. The City stated that it did not, as it has stated in prior discussions on related issues. Rather, the information is easily accessible to the City at all times through its file management system, IAPro. All information contained in IAPro for the requested ISB files is available to Plaintiff through the ISB files produced in this case.

Nevertheless, the City is entitled to thirty days to respond to the RFAs, so this issue is premature for discussion at the status conference.

### IV.    Setting Deposition of Chief Davis

On February 19, Plaintiff sent proposed dates to the City to schedule four remaining depositions before the March 20 close of discovery, including the deposition of Chief Davis. Plaintiff proposed March 9 or 10 for Chief Davis. Plaintiff explained that, in the event her motion for bifurcation is granted and (as Plaintiff has stated previously) Chief Davis is then dismissed with prejudice, Plaintiff will have a very short amount of time before March 20 to take Chief Davis's deposition. Therefore, finding a date now for Chief Davis' deposition is paramount. In the parties' February 20 conference, the City rejected Plaintiff's proposed dates, stating it was not available March 6 through March 13 due to Ms. Silk's spring break vacation. Later that day,

Plaintiff proposed alternate dates of March 16, 17, or 18. As of this filing, the City has yet to respond regarding Chief Davis's deposition.

At the status hearing, Plaintiff would like to discuss the scheduling of Chief Davis's deposition.

*City's Position*

The City objects to the scheduling of Chief Davis' deposition. The case is currently stayed against Chief Davis, and as such, she is entitled not to participate in the case while the stay is pending. Plaintiff does not have the ability to unilaterally dismiss Chief Davis from the lawsuit, and Chief Davis is entitled to have her affirmative defense adjudicated by the Sixth Circuit.

Dated: February 23, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis and Chief Cerelyn J. Davis*

*/s/ Joshua M. Levin*
Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187

>(901) 763-2500 (ext. 103), Telephone
>(901) 763-2525, Facsimile
>dm@mendelsonfirm.com
>bw@mendelsonfirm.com
>
>Benjamin Crump (Tenn. Bar No. 038054)
>Brooke Cluse* (Tex. Bar No. 24123034)
>**BEN CRUMP LAW, PLLC**
>717 D Street N.W., Suite 310
>Washington, D.C. 20004
>(337) 501-8356 (Cluse), Telephone
>court@bencrump.com
>brooke@bencrump.com
>
>*Attorneys for Plaintiff*

\* Admission pro hac vice