IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; DeWayne Smith, <br><br> Defendants. | CASE NO. 2:23-CV-02224-SHL-atc <br> JURY DEMAND |

**THE CITY'S SUR-REPLY IN OPPOSITION
TO PLAINTIFF'S MOTION TO BIFURCATE**

Defendant City of Memphis (the "City"), with leave from the Court (ECF No. 580), respectfully submits this Sur-Reply in Opposition to Plaintiff's Motion to Bifurcate. (ECF No. 565.)

At its core, Plaintiff's argument is an attempt to move for summary judgment based on a finding of fact on a liability issue without filing a motion for summary judgment. Plaintiff wants the Court to accept Emmitt Martin's and Desmond Mills' guilty pleas—in litigation to which the City was not a party—as conclusive, non-rebuttable evidence that alone satisfies Plaintiff's burden of proof for the first prong of municipal liability under *Monell* in her claim against the City. The lone authority cited by Plaintiff, however, does not stand for the proposition that a

1

guilty plea by a different litigant in a prior proceeding conclusively satisfies the first prong of municipal liability under *Monell* for Plaintiff's claim against the City. Further, the lone authority cited by Plaintiff does not stand for the proposition that a municipal defendant can be collaterally estopped from disputing liability due to guilty pleas by other parties in a prior criminal proceeding.

Plaintiff's Motion to Bifurcate must be denied.

I.      **THE CITY IS NOT COLLATERALLY ESTOPPED FROM LITIGATING THE FIRST PRONG OF MUNICIPAL LIABILITY UNDER *MONELL*.**

The crux of Plaintiff's argument rests on the assumption that the guilty pleas of Martin and Mills collaterally estop the City from litigating the issue of whether there was a constitutional violation. Plaintiff contends that "the [guilty] pleas *alone* establish the predicate (an underlying constitutional violation) necessary to proceed with the *Monell* case." (ECF No. 581, PageID 8932.) But Plaintiff cannot invoke collateral estoppel against the City.

As a threshold matter, Plaintiff must "demonstrate[e] that [she] is entitled to offensive collateral estoppel." *Nelson v. Ola*, No. 3:18-CV-00129, 2019 WL 1672319, at *2 (M.D. Tenn. Apr. 17, 2019), *rep. & rec. adopted*, No. 3:18-CV-00129, 2019 WL 2718149 (M.D. Tenn. June 28, 2019). Offensive collateral estoppel occurs where "a plaintiff is seeking to estop a defendant from relitigating the issues which the [same] defendant previously litigated and lost against another plaintiff." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). Here, Plaintiff is seeking to estop one defendant (the City) from relitigating an issue which other defendants (Martin and Mills) previously litigated and lost against another "plaintiff," i.e., the United States. Plaintiff has not met her burden to successfully invoke offensive collateral estoppel. *See Nelson*, 2019 WL 1672319, at *2 (noting the procedural deficiencies in the plaintiff's request for offensive collateral estoppel).

2

"The doctrine of collateral estoppel dictates that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action ***involving a party to the first case***.'" *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n (DPOA)*, 821 F.2d 328, 330 (6th Cir. 1987) (emphasis added) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) ("[Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). Application of collateral estoppel requires a demonstration of four elements:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>
> (2) determination of the issue must have been necessary to the outcome of the prior proceeding;
>
> (3) the prior proceeding must have resulted in a final judgment on the merits; and
>
> (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*N.A.A.C.P., Detroit Branch*, 821 F.2d at 330 (citing *Parklane Hosiery*, 439 U.S. at 326 n. 5; *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323 (1971); *United States v. Smith*, 730 F.2d 1052, 1057 (6th Cir. 1984); *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981); *Haring v. Prosise*, 462 U.S. 306, 313 (1983); and *Allen*, 449 U.S. at 95).

At a minimum, Plaintiff's attempt to assert collateral estoppel fails on the third and fourth elements. The third element is not present here because the judgments in the criminal proceedings are not final as to Martin and Mills. While Martin and Mills entered guilty pleas, they have yet to be sentenced. Thus, the judgments against them are not final. *United States v. Mattice*, No. 17-4276, 2018 WL 2945942, at *1 (6th Cir. June 11, 2018) (quoting *Berman v.*

*United States*, 302 U.S. 211, 212 (1937) (Final judgment in a criminal case means sentence. The sentence is the judgment.")).

The fourth element is also absent. The City—the party against whom estoppel is sought—was not a party in the criminal proceedings wherein Martin and Mills pleaded guilty. Thus, the City did not have a full and fair opportunity in the criminal proceedings to contest the issue that Plaintiff now seeks to preclude the City from litigating.

In sum, Plaintiff cannot meet the elements of collateral estoppel, and as such, Plaintiff cannot assert collateral estoppel against the City based on the guilty pleas of Martin and Mills.

## II.   PLAINTIFF'S CITED AUTHORITY DOES NOT APPLY.

The case cited by Plaintiff in her Amended Reply in Support of Her Motion for Bifurcation, *Pizzuto v. County of Nassau*, 239 F. Supp. 2d 301 (E.D.N.Y. 2003), does not change the collateral estoppel analysis as applied to this case. *Pizzuto* is inapplicable to and distinguishable from the present issue for two primary reasons. First, and most obviously, *Pizzuto* is inapplicable because it is not binding authority on this Court. Second, *Pizzuto* is distinguishable because the question there was whether the *officers* who pleaded guilty would be estopped from challenging *their own* civil liability in the face of those pleas. Here, Plaintiff is attempting to use Martin's and Mills' guilty pleas as dispositive on an *issue* to impute that conclusion onto her claims against another party—the City of Memphis.

Thus, while *Pizzuto* may support the argument that Martin and Mills could be estopped from challenging Plaintiff's claims against them individually, *Pizzuto* has no bearing on whether the guilty pleas are conclusive as to the first prong of municipal liability under *Monell* in Plaintiff's claim against the City.

### III. CONCLUSION

For these reasons, and for the additional reasons set forth in the City Defendants' Response in Opposition (ECF No. 565), the Court should deny Plaintiff's Motion to Bifurcate.

Dated: March 3, 2026

                                            Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis and Chief Cerelyn Davis*

### CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on March 3, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

                                            *s/ Bruce McMullen*
                                            Bruce McMullen