**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **ROWVAUGHN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,** | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 2:23-cv-02224-SHL-atc** |
| | **)** | |
| **THE CITY OF MEMPHIS, a municipality,** *et al.*, | **)** | |
| | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

---

### ORDER FOLLOWING MARCH 18, 2026 HEARING

---

Before the Court by Orders of Reference[1] are Defendant Justin Smith's Motion for Miscellaneous Relief, filed on February 3, 2026 (ECF No. 554) ("Smith's Motion"); Plaintiff RowVaughn Wells's Emergency Motion for Protective Order and Hearing, filed on March 12, 2026 (ECF No. 590) ("Wells's Motion for Protective Order"); Defendant City of Memphis's ("the City") Motion for Protective Order Regarding Rule 30(b)(6) Deposition, filed on March 17, 2026 (ECF No. 597) ("the City's Motion"); and Wells's Emergency Motion to Hold Rule 30(b)(6) Deposition in Abeyance and Continue Fact Discovery Deadline, filed on March 18, 2026 (ECF No. 598) ("Wells's Motion to Continue").

The City filed a Joinder to Smith's Motion on February 13, 2026.  (ECF No. 564.)  Wells filed a Response to Smith's Motion on February 17, 2026.  (ECF No. 566.)  Defendant Emmitt

---

[1] The Motions discussed herein were referred to the undersigned for determination at ECF Nos. 555, 592, and 599.

Martin, III, filed a Motion for Joinder to Smith's Motion on March 2, 2026.[2]  Smith filed a

Response to Wells's Motion for Protective Order on March 13, 2026.  (ECF No. 591.)  The City

filed a Response to Wells's Motion for Protective Order on March 17, 2026.  (ECF No. 596.)

The Court held a hearing on the Motions referenced above on March 18, 2026.[3]  (ECF

No. 600.)  For the reasons discussed at the hearing and set forth below, the Motions are disposed

of, in reverse order, as follows.

## I.    Wells's Motion to Continue

Wells seeks to hold in abeyance the Rule 30(b)(6) deposition of the City—scheduled for

March 19 and 20, 2026—and the fact discovery deadline, pending a hearing before Chief United

States District Judge Sheryl H. Lipman scheduled for March 23, 2026.  (ECF No. 598, at 1–2.)

Wells asserts that Judge Lipman's Order Denying Plaintiff's Motion to Bifurcate (ECF No. 595)

necessitates a brief continuance of the City's Rule 30(b)(6) deposition and the overall fact

discovery deadline, pending the results of the upcoming March 23rd hearing.  (ECF No. 598, at

3–5.)  However, for the reasons discussed at the March 18th hearing, Wells has not shown good

cause to continue the City's Rule 30(b)(6) deposition, the Motion is DENIED, and the deposition

shall go forward as scheduled on March 19th and 20th.

## II.   The City's Motion

The City seeks to limit the scope of its Rule 30(b)(6) deposition to the topics identified by

Wells in her June 17, 2025 Notice (ECF No. 590-3) and asks that those topics not be expanded

---

[2] For good cause shown, Martin's Motion for Joinder is GRANTED.  In the future, if any party wishes to join in the relief sought by another party, they should simply file a notice of joinder by the motion response deadline, rather than a separate motion for joinder.

[3] The hearing was held prior to the running of the response deadlines for the City's Motion and Wells's Motion to Continue.  The parties were provided an opportunity to present their responsive arguments at the hearing.  (ECF No. 600.)

by Wells's March 15, 2026 Supplemental Notice (ECF No. 597-1).  (ECF No. 597, at 2–6.)  For

the reasons discussed at the hearing, the City's Motion is GRANTED, and the scope of the

deposition shall be as set forth in the June 17th Notice.  Wells may ask the deponent about the

topics and documents identified in the March 15th Supplemental Notice, but the City is not

required to prepare the deponent to testify regarding anything beyond the topics identified in the

June 17th Notice and will not be sanctioned for failure to do so.

### III.    Wells's Motion for Protective Order

By agreement of the parties, the City's Rule 30(b)(6) deposition is currently limited to

twelve hours.  (ECF Nos. 590, 591, 596.)  A dispute has arisen among the parties, however, as to

the allocation of those twelve hours among the parties.  (*Id.*)  Wells proposes that the total

deposition time over two days should be increased by eighty minutes, that she should be

allocated eleven-and-a-half hours, the City should be allocated one hour, and the individual

Defendants should be allocated a combined fifty minutes.  (ECF No. 590, at 4–5.)  Wells argues

that, because she noticed the deposition and indicated she would need most—if not all—of the

twelve hours, her proposal should be enforced by the Court.  (*Id.* at 3–5.)

As discussed at the hearing, "in a multi-party lawsuit, one party may notice the deposition

and other parties may attend and cross-examine the deponent without having to notice the

deposition." *United Assoc. Nat'l Pension Fund v. Carvana Co.*, No. 22-cv-02126-PHX-mtl,

2026 WL 445628, at *2 (D. Ariz. Feb. 17, 2026) (quoting *F.C.C. v. Mizuho Medy Co. Ltd.*, 257

F.R.D. 679, 682 (S.D. Cal. 2009)); *see also id.* at *3 ("There can be no serious disagreement that

the [time] limit contemplates some degree of questioning by the non-noticing party." (quoting

*United States v. AT&T Inc.*, No. 1:11-CV-01560, 2011 WL 13242960, at *2 (D.D.C. Nov. 27,

2011))).  Wells has not currently shown good cause to extend the length of the deposition beyond

the agreed-upon twelve hours and is required to allot some portion of the twelve hours to the other parties. For the reasons discussed at the hearing, Wells's Motion for Protective Order is DENIED. Wells shall be allocated ten hours of the twelve-hour Rule 30(b)(6) deposition, the City shall be allocated one hour, and the individual Defendants shall collectively be allocated one hour. Any allocated time not used by a party may be used by any other party, but in any event, the total time of the deposition on March 19th and 20th shall not exceed twelve hours.

## IV.    Smith's Motion

Smith argues that counsel for Wells inappropriately used nearly all of the allocated time for the deposition of Memphis Police Department Assistant Chief Don Crowe on January 21, 2026, and did not allow sufficient time for questioning by Defendants. (ECF No. 554.) As discussed above and at the hearing, Defendants have shown good cause to reopen the deposition of Crowe but have not shown good cause for the imposition of sanctions against Wells or her counsel. The Motion is therefore GRANTED IN PART. The deposition of Crowe shall be reopened and shall continue for an additional two hours and forty-five minutes, with the individual Defendants collectively allocated one hour and a half, the City allocated one hour, and Wells allocated fifteen minutes. Any allocated time not used by a party may be used by any other party, but in any event, the total time of Crowe's reopened deposition shall not exceed two hours and forty-five minutes. Crowe's reopened deposition shall take place by April 17, 2026.

The Court further ORDERS that the parties shall consult on deposition-time allocations in advance of any future depositions that may take place in this case. If the parties are unable to reach agreement, motions to determine time allocations must be filed no later than fourteen days prior to the scheduled date of the deposition(s).

4

## **CONCLUSION**

For the foregoing reasons, Wells's Motion to Continue (ECF No. 598) is DENIED. The

City's Motion (ECF No. 597) is GRANTED. Wells's Motion for Protective Order (ECF

No. 590) is DENIED, and time during the Rule 30(b)(6) deposition shall be allocated as

discussed above. Smith's Motion (ECF No. 554) is GRANTED IN PART, and the reopened

deposition of Crowe shall take place by April 17th as discussed above.

SO ORDERED this 18th day of March, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE