**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

RowVaughn Wells,

                    Plaintiff,

     v.                                Case No. 2:23-CV-02224

The City of Memphis *et al.*,

                    Defendants.

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF CLAIMS AGAINST STAYED DEFENDANT OFFICERS

Pursuant to Federal Rule of Civil Procedure 21, Plaintiff RowVaughn Wells, through her undersigned counsel, hereby moves to voluntarily dismiss with prejudice her claims against the following criminally-stayed Defendant Officers: Emmitt Martin III, Desmond Mills, Jr., Tadarrius Bean, Demetrius Haley, and Justin Smith. Plaintiff does not by this motion dismiss any other claims brought against any other Defendants.

Plaintiff is dismissing her claims against the criminally-stayed Defendant Officers for one reason: it is necessary to keep the current trial date of November 9, 2026. None of the criminally-stayed Defendant Officers object to their dismissal. *See* **Ex. A-B** (parties' correspondence). Nor have the remaining officer defendants, DeWayne Smith and Preston Hemphill, voiced any objection.

The only party who has objected is the City of Memphis. *See* **Ex. C** (parties' correspondence). The City has provided no basis for its objection to the dismissal of *other* defendants—defendants who, as expected, have no quarrel with Plaintiff's decision to let them out of this case. Plaintiff is unaware of any basis or standing the City would have to unilaterally insist

1

that Plaintiff prosecute claims she has decided to forego, and the City has provided none. Plaintiff's motion should be granted over the City's objection.

## **DISCUSSION**

The Court has set November 9, 2026 as the trial date in this case. ECF 474; ECF 571. Since then, two changes have occurred that could potentially affect that schedule: first, the convictions of Defendants Bean, Haley, and Justin Smith were vacated and new trials were ordered; second, Defendant Chief Davis filed an interlocutory appeal of the Court's denial of her qualified immunity motion to dismiss. ECF 507.

Plaintiff intends to keep the November 9 trial date. To do so, she is in the process of dismissing both the criminally-stayed Defendant Officers and Chief Davis. Chief Davis's dismissal will be done by a separate motion. This motion concerns the officers.

Due to events outside of Plaintiff's control, it has become impossible to keep the November 9 trial date if the criminally-stayed Defendant Officers remain part of this case. That is because each of those defendants face federal criminal charges (Bean, Haley, and Smith) or federal criminal sentencings (Mills and Martin) for their involvement in beating Tyre Nichols to death. To protect their Fifth Amendment interests, this Court granted "a total stay of this case as it applies to them." ECF 110 at 15. As Plaintiff has explained in her prior filings, the criminal proceedings are likely to drag on for years, meaning that the Fifth Amendment stay in this case will too. *See* ECF 556 at 3-5. As a result, keeping the criminally-stayed Defendant Officers in this case would prevent Plaintiff from trying her claims against the City this November, and likely for years after that.

Plaintiff attempted to overcome this hurdle by requesting that the Court bifurcate her claims against the City from her claims against the criminally-stayed Defendant Officers, but that motion was denied. ECF 595. In light of that ruling, Plaintiff has decided to voluntarily dismiss her claims

2

against the criminally-stayed Defendant Officers. Plaintiff does so not because she has any doubt as to their culpability for the death of her son, but because, at this point, nearly three years after filing this case, Plaintiff cannot afford to have her case against the City put in an indeterminate stay while the criminal proceedings wind their way to an uncertain conclusion. Delaying this trial indefinitely is not a viable option. Delay carries real prejudice to Plaintiff's ability to try her case: witnesses' memories fade, witnesses relocate, and witnesses may die—to say nothing of the public-interest harms in delaying the adjudication of civil rights claims about widespread police brutality in the City of Memphis. In order to keep the current trial date, Plaintiff is willing to give up her claims against Defendants Martin, Mills, Bean, Haley, and Justin Smith, the men whom she alleges killed her son.

For these reasons, the Court should dismiss the claims against the criminally-stayed Defendant Officers. In the Sixth Circuit, Rule 21 is the appropriate mechanism to dismiss defendants in a multi-defendant case where the Plaintiff is not dismissing the entire action. *See Henderson-Thompson v. Jardoin*, No. 2:22-cv-2013-MSN-cgc, 2022 WL 349896, at *2 (W.D. Tenn. Feb. 4, 2022) (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). That rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Here, dismissal is "just" by any measure. "Plaintiffs are the masters of their case," *Mayo v. Bank of Am.*, No. 3:13-468, 2013 WL 5272135, at *4 (M.D. Tenn. Sept. 16, 2013), Plaintiff here has good reason to dismiss the criminally-stayed Defendant Officers, and every one of those defendants consents. *See* Ex. A-B. It is hard to imagine a more straightforward application of Rule 21.

3

The only party who has objected is the City of Memphis. Ex. C. The City's objection has no merit. It is not a party being dismissed, and the parties who are being dismissed do not oppose the relief. The City is thus objecting on behalf of no one. When asked what the basis of its objection is, the City provided none. *Id.* Nor has it provided any authority for why it has standing to lodge such an objection to the dismissal of *other* defendants who themselves do not oppose being let out of this case. In this Circuit, the standard for whether to grant a Rule 21 dismissal looks to whether the defendant *who would be dismissed* would suffer "plain legal prejudice from the dismissal." *Henderson-Thompson*, 2022 WL 349896, at *2 (quotation marks omitted). Courts make that assessment "by considering the following factors: (1) 'the defendant's effort and expense of preparation for trial,' (2) 'excessive delay and lack of diligence on plaintiff's part in prosecuting the case,' (3) 'insufficient explanation for the need for dismissal,' and (4) 'whether a motion for summary judgment is pending.' *Id.* (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Each of those factors supports the dismissal of the criminally-stayed Defendant Officers.

*First*, these defendants have expended minimal effort in preparation for trial. They have enjoyed a "total stay of this case as it applies to them" since the case was in its infancy. ECF 110 at 15. *Second*, due to the stay, there has been no delay or lack of diligence on plaintiff's part in prosecuting the case against these defendants. *Third*, the reasons for the dismissal, as explained above, are compelling and straightforward: dismissal of these defendants is necessary to maintain the current trial date, or otherwise risk an indefinite, multi-year delay. *Fourth*, none of these defendants have filed motions for summary judgment; they have never even answered the Complaint.  In sum, there is no basis to conclude that the criminally-stayed Defendant Officers would suffer any prejudice by being dismissed from the case.

As for the City, it would have this Court hold that a co-defendant may override the unanimous agreement of a plaintiff and other defendants to be dismissed in order to keep those defendants in the case against their will. Plaintiff is aware of no case that supports this astonishing position.

The City has argued that it is entitled to depose these defendant officers in the course of discovery in this case *after* their criminal proceedings have resolved—an issue this Court has not yet decided. *See* ECF 606 at 9:18–10:5 (Mar. 26, 2026 Hr'g. Tr.). Plaintiff vigorously disagrees and will address that issue in a forthcoming filing. That dispute, however, has nothing to do with dismissing the criminally-stayed Defendant Officers from this case now. The City (or the Plaintiff, for that matter) can depose the officers regardless of whether they are parties to this case, just like any third-party deposition.

Plaintiff's decision to voluntarily dismiss her claims against the criminally-stayed Defendant Officers furthers "the just, speedy, and inexpensive determination" of Plaintiff's claims against the City. Fed. R. Civ. P. 1. Whatever the City's reasons for objecting, the practical effect of its position is to indefinitely delay this case from proceeding to trial. The Court should not permit the City to override the Plaintiff's right to manage her own claims toward the just and speedy resolution of this action on the schedule this Court has set.

**CONCLUSION**

For the reasons set out above, Plaintiff respectfully requests that this Court enter an order dismissing with prejudice all of her claims against the following Defendants, and these Defendants only: Emmitt Martin III, Desmond Mills, Jr., Tadarrius Bean, Demetrius Haley, and Justin Smith. Plaintiff does not dismiss any other claims against any other party.

Dated:  March 27, 2026

Respectfully submitted,

*/s/ Joshua M. Levin*

Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103), Telephone
(901) 763-2525, Facsimile
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump (Tenn. Bar No. 038054)
Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
(337) 501-8356 (Cluse), Telephone
court@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

* Admission *pro hac vice*

6

## <u>CERTIFICATE OF CONSULTATION</u>

On March 25 through March 27, the undersigned counsel for Plaintiff consulted with counsel for all parties via e-mail regarding the relief requested in this motion. Counsel for Defendants Emmitt Martin III, Desmond Mills, Jr., Tadarrius Bean, Demetrius Haley, and Justin Smith each responded that they have no objection to the requested relief. *See* Ex. A-B. Counsel for Defendants Preston Hemphill and DeWayne Smith have not responded. The City, through its counsel Bruce McMullen, stated: "We object." Ex. C.

*/s/ Joshua M. Levin*