**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| RowVaughn Wells,<br><br>                    Plaintiff,<br><br>    v.<br><br>The City of Memphis *et al.*,<br><br>                    Defendants. | Case No. 2:23-CV-02224 |

**PLAINTIFF'S MOTION FOR SEVERANCE AND
VOLUNTARY DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST CHIEF
CERELYN DAVIS**

Pursuant to Federal Rules of Civil Procedure 21 and 41(a)(2), Plaintiff RowVaughn Wells, through her undersigned counsel, hereby moves to *(1)* sever her claims against all Defendants other than Chief Cerelyn Davis off from her claims against Chief Davis, and *(2)* voluntarily dismiss with prejudice all claims against Chief Davis, by indicative ruling under Federal Rule of Civil Procedure 62.1 in light of Chief Davis's pending interlocutory appeal. Plaintiff does not by this motion dismiss any claims brought against any Defendant other than Chief Davis.

As Plaintiff explained in her recent motion to voluntarily dismiss the criminally-stayed Defendant Officers (ECF 607), Plaintiff is in the process of dismissing both the criminally-stayed officers and Chief Davis in order to keep the current trial date of November 9, 2026. ECF 607 at 2. That motion concerned the officers. This motion concerns Chief Davis.

Because Chief Davis's pending interlocutory appeal may divest this Court of jurisdiction to dismiss the claims against her, Plaintiff requests that the Court proceed as follows. *First*, the Court should sever Plaintiff's claims against all Defendants other than Chief Davis off from Plaintiff's claims against Chief Davis under Rule 21, so that the claims against Defendants City of

Memphis, Preston Hemphill, and DeWayne Smith can proceed to trial on the current schedule regardless of how or when the question of Chief Davis's dismissal is resolved. *Second*, the Court should enter an "indicative ruling" under Rule 62.1 stating that it would grant Plaintiff's motion for voluntary dismissal with prejudice if the Sixth Circuit remands for that purpose.[1] Plaintiff has contemporaneously filed a motion in the Sixth Circuit seeking *(1)* to dismiss Chief Davis's appeal as moot and *(2)* to dismiss with prejudice the claims against Davis, or, in the alternative, to remand so that this Court can do so upon receipt of this Court's indicative ruling. *See* **Ex. 1** (Plaintiff's Motion in the Sixth Circuit).

* * *

Severance is necessary here because this Court unquestionably retains jurisdiction over the claims against the Defendants other than Chief Davis, and the trial of those claims should not be delayed by a dispute over Plaintiff's decision to voluntarily dismiss Chief Davis. As for that dismissal, Plaintiff has unequivocally abandoned her claims against Chief Davis, and a dismissal with prejudice gives Chief Davis everything qualified immunity could—permanent, total freedom from suit. The case as to Chief Davis is moot. Chief Davis has no legally cognizable interest in forcing Plaintiff to keep litigating a claim she wishes to permanently dismiss.

<h3 style="text-align:center"><u>BACKGROUND</u></h3>

Much of the relevant background is set forth in Plaintiff's motion to voluntarily dismiss the criminally-stayed Defendant Officers, ECF 607 at 1–3, and is summarized here only as it relates to Chief Davis.

---

[1] Because Chief Davis has filed an answer and does not consent to dismissal, court approval is required. *See* Fed. R. Civ. P. 41(a)(2) (under such circumstance, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). The "indicative ruling" procedure under Fed. R. Civ. P. 62.1 and Fed. R. App. P. 12.1 is explained *infra* pp. 6–7.

2

On August 11, 2025, the Court set November 9, 2026 as the trial date in this case. ECF 474; ECF 571. Thereafter, the Court denied the motions to dismiss by the City and Chief Davis (on qualified-immunity grounds). ECF 484. Chief Davis then filed an interlocutory appeal of the qualified-immunity denial. ECF 507. As a result, the case as to Chief Davis, including all discovery from her, has been stayed since the appeal was docketed. ECF 510. The case as to the City, however, has continued on, *id.*, and has now completed fact discovery. ECF 571.

Plaintiff intends to keep the current November 9 trial date. Due to Chief Davis's appeal and the resulting stay, however, it has become impossible to keep that trial date if Chief Davis remains part of this case. Thus, Plaintiff has decided to give up her claims against Chief Davis, despite the strength of the evidence supporting Chief Davis's liability. Plaintiff has elected to dismiss her claims against Chief Davis *with prejudice*. She does so not because she has any doubt about Chief Davis's culpability, but because keeping the trial date against the City requires it. As Plaintiff has previously explained: "Delaying this trial indefinitely is not a viable option. Delay carries real prejudice to Plaintiff's ability to try her case: witnesses' memories fade, witnesses relocate, and witnesses may die—to say nothing of the public-interest harms in delaying the adjudication of civil rights claims about widespread police brutality in the City of Memphis." ECF 607 at 3.

On March 5, 2026, Plaintiff's counsel offered to voluntarily dismiss with prejudice all claims against Chief Davis. *See* Ex. 1 at 20 (parties' correspondence).[2] Chief Davis's counsel, who also represents the City of Memphis, declined. Counsel for Chief Davis stated that she is "entitled to have the defense of qualified immunity adjudicated" and demanded, as conditions of accepting

---

[2] The page numbers for Exhibit 1 refer to the pagination noted in parentheses in the top right corner of the document.

dismissal, a "public apology," an agreement not to depose Chief Davis, and payment of "all attorneys' fees." *Id.* at 1.

Unlike the criminally-stayed Defendant Officers, each of whom consented to their own dismissal (ECF 607 at 1), Chief Davis opposes hers. To be clear: she opposes relief that would permanently and irrevocably eliminate all exposure to liability and damages. Every defendant in this case who has been offered a with-prejudice dismissal has accepted—except the one represented by counsel for the City. And the City, through the same counsel who represents Chief Davis, is the only defendant who has objected to *another* defendant's dismissal, having opposed Plaintiff's voluntary dismissal of the criminally-stayed officers, without providing any basis for that objection. ECF 607 at 1, 4.

## **DISCUSSION**

### I.     **The Court Should Sever the Claims Against the Remaining Defendants from the Claims Against Chief Davis.**

The Court should sever Plaintiff's claims against all Defendants other than Chief Davis off from the claims against Chief Davis under Rule 21 so that the remaining Defendants—namely, the City and the two non-stayed officers, Preston Hemphill and DeWayne Smith—can proceed toward the November 9 trial date, regardless of how (or how quickly) the question of Chief Davis's dismissal is resolved.[3] Any ongoing litigation regarding the voluntary dismissal of the claims

---

[3] Regardless of whether this Court has jurisdiction to dismiss the claims against Chief Davis while her interlocutory appeal is pending, the Court unquestionably has jurisdiction over the claims against all other Defendants. The filing of a notice of appeal divests the district court of jurisdiction only over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The claims against the Defendants other than Chief Davis are not involved in her qualified-immunity appeal.

against Chief Davis should not impede the claims against the remaining Defendants from proceeding apace on the current scheduling order.

When "a claim is severed under Rule 21, it proceeds as a discrete, independent action and the trial court may render final, appealable judgment on the severed claim, notwithstanding the continued existence of unresolved claims in the remaining action." *Johnson v. Adv. Bionics, LLC*, No. 2:08-CV-02376-JPM, 2011 WL 1323883, at *6 n.11 (W.D. Tenn. Apr. 4, 2011) (quotation marks omitted). Rule 21 is "permissive," allowing "the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018); *see also Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013) ("District courts have broad discretion to determine whether to sever claims when doing so advances the administration of justice."). "In considering a motion to sever under Rule 21, courts consider principles of fundamental fairness and judicial efficiency as well as prejudice to any party or resulting undue delay." *Mark Francis Macduff Spence, Sr. v. Dexcom, Inc.*, No. 3:18-CV-0369, 2019 WL 302504, at *2 (M.D. Tenn. Jan. 23, 2019).

The permissive standard for severance is met here. Severance furthers the interests of "fundamental fairness and judicial efficiency" by preventing the unresolved issue of Chief Davis's dismissal from delaying the trial of Plaintiff's claims against the City and other remaining Defendants. *Id.* Severance is practical. The purpose is simply to aid in keeping the Court's current schedule intact for the non-dismissed parties while this Court and the Sixth Circuit resolve Chief Davis's objection to Plaintiff permanently relinquishing all claims against her.

And severance prejudices no one. It does not prejudice Chief Davis. To the contrary, it has no effect on her at all, because Plaintiff is seeking to dismiss all claims against her with prejudice. Nor does it prejudice the remaining Defendants, whose claims will simply proceed as scheduled.

The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Severing the claims against the remaining Defendants off from the claims against Chief Davis achieves precisely that objective. It ensures that the claims against the City, Hemphill, and DeWayne Smith proceed to trial on November 9, 2026 as scheduled, without being delayed by a dispute over the voluntary dismissal of a defendant who will no longer be part of this case.

## II.    The Court Should Enter an Indicative Ruling That It Would Grant Voluntary Dismissal of All Claims Against Chief Davis with Prejudice.

Plaintiff has unequivocally abandoned her claims against Chief Davis. A with-prejudice dismissal would eliminate all of Chief Davis's legal jeopardy in this case, forever. As explained below, there is no basis to deny Plaintiff the right to relinquish her own claims with prejudice.

First, a word about jurisdiction and procedure. Chief Davis's pending interlocutory appeal may divest this Court of jurisdiction over the claims against her, *see Griggs*, 459 U.S. at 58, but that does not mean this Court is powerless to act on Plaintiff's motion to voluntarily dismiss the claims against Chief Davis. The federal rules of civil and appellate procedure provide a mechanism for precisely this circumstance, when it is not entirely clear which court, district or circuit, has jurisdiction over an issue due to a pending appeal. That mechanism, set forth in Fed. R. App. P. 12.1 and Fed. R. Civ. P. 62.1, is as follows: under Rule 62.1, if a motion is filed in the district court that the district court believes it "lacks authority to grant" because of a pending appeal, "the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue [regarding whether to grant]." Fed. R. Civ. P. 62.1(a)(3). If the district court issues this statement—what is known as an "indicative ruling"—then, under Rule 12.1, "the movant must promptly notify the circuit clerk" and "the court of appeals may

6

remand for further proceedings." Fed. R. App. P. 12.1. The district court may then "decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c).

Plaintiff respectfully requests that the Court issue such an indicative ruling. For the reasons discussed below, this Court should indicate that it would grant Plaintiff's motion for voluntary dismissal with prejudice of all claims against Chief Davis.

### A.      There Is No Longer a Live Case or Controversy.

Plaintiff's decision to dismiss with prejudice her claims against Chief Davis moots the case as to Chief Davis. A suit becomes moot when it is "clear that the plaintiffs have unequivocally abandoned" their claims. *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 446 (2009). That is what Plaintiff has done here. She has elected to irrevocably dismiss with prejudice all claims against Chief Davis. *See* Ex. 1 at 20. Plaintiff's voluntary dismissal with prejudice constitutes a "complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964). There is no longer a "live" "case or controversy" between Plaintiff and Chief Davis, *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), and the claims against Chief Davis are moot. *See Webster v. Reprod. Health Servs.*, 492 U.S. 490, 512–13 (1989) (finding case "is now moot" where plaintiffs made "decision to no longer seek [relief]" while appeal was pending); *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988) (finding case "was rendered moot in part by respondents' willingness permanently to withdraw their equitable claims from their federal action").

### B.      Chief Davis Has No Legally Cognizable Interest in Forcing Plaintiff to Litigate Abandoned Claims.

Chief Davis opposes dismissal on the ground that she is "entitled to have the defense of qualified immunity adjudicated," and demands a "public apology to mitigate the reputational harm" she alleges Plaintiff caused. *See* Ex. 1 at 16. In other words, Chief Davis seeks not merely

7

freedom from liability—which Plaintiff's with-prejudice dismissal already provides—but judicial

vindication of her reputation. Sixth Circuit precedent forecloses that argument.

For sixty years, the Sixth Circuit has held that a plaintiff has the "right to abdicate his case"

and that it is generally an abuse of discretion to deny a plaintiff's motion to voluntarily dismiss

claims with prejudice. *Faulkner v. Martin*, No. 23-5447, 2024 WL 869931, at *3 (6th Cir. Feb. 29,

2024); *see Smoot v. Fox*, 340 F.2d 301, 302–03 (6th Cir. 1964) ("[T]o require" plaintiff to prosecute

claims "when he considers he has no cause of action *or for any reason* wishes to dismiss his action

with prejudice" was abuse of discretion. (Emphasis added)).

In *Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741 (6th Cir. 2023), the Sixth Circuit

reaffirmed *Smoot*, holding that a court may deny a with-prejudice voluntary dismissal only in "rare

cases" involving "plain legal prejudice" to defendants or third parties. *Id.* at 751. Crucially, the

Sixth Circuit has also made clear what does *not* constitute such prejudice: a defendant's desire for

judicial vindication.

In *Faulkner v. Martin*, police officer defendants in a § 1983 case opposed voluntary

dismissal with prejudice, arguing that "the reputational and professional consequences stemming

from the plaintiffs' allegations will persist unless they are able to 'clear their names' in court."

2024 WL 869931, at *3. The Sixth Circuit rejected that argument. The officers' "desire to prove

their defense to the jury," the Court held, "is not the type of legal prejudice our precedent

recognizes can prevent voluntary dismissal." *Id.*

And *Faulkner* does not stand alone. In *Pedreira*, the Sixth Circuit similarly rejected a

defendant's argument that it was entitled to block a with-prejudice voluntary dismissal so that it

could vindicate the legality of its actions through a pending motion for summary judgment. 79

F.4th at 752. The Court explained:

> [W]hat [the defendant] appears to want is not merely an order from the district court dismissing this case with prejudice, but a published opinion from this court holding the plaintiffs' claims invalid as a matter of law. [The defendant] is not entitled to what it seeks, and the district court did not abuse its discretion by entering the order of dismissal rather than decide the merits of [the defendant's pending] motion [for summary judgment].

*Id.* (citations and quotation marks omitted). In short, a defendant has no legally cognizable interest in forcing an "unwilling plaintiff" to litigate claims she has already elected to abandon, *id.* at 747, in hopes of securing a judicial opinion vindicating the defendant's perceived "reputational and professional" interests, *Faulkner*, 2024 WL 869931, at *3.

Chief Davis's position is indistinguishable from the positions the Sixth Circuit rejected in *Faulkner* and *Pedreira*. She wants not merely the permanent dismissal of the claims against her—which Plaintiff has already offered—but "a published opinion from [the Sixth Circuit] holding the plaintiffs' claims invalid as a matter of law." *Pedreira*, 79 F.4th at 752. And that, she is simply not entitled to. *See also id.* at 753–54 (Bush, J., concurring) (after the plaintiff has moved to voluntarily dismiss all claims with prejudice, the defendant "has no legal entitlement to a ruling" on a pending dispositive motion, as it would be an improper "advisory opinion" with no "live case or controversy" existing). A with-prejudice voluntary dismissal already provides a "complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Smoot*, 340 F.2d at 303. "An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Id.*

Chief Davis's position turns qualified immunity on its head. Qualified immunity is "*immunity from suit*," not merely a "defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Its entire purpose is to shield officials from the "burdens of litigation." *Id.* Plaintiff has offered Chief Davis the very thing qualified immunity is designed to provide: permanent, total freedom from liability and the burdens of litigation. There is no threat of legal jeopardy. There is

9

no possibility of damages. Yet Chief Davis insists on using her qualified-immunity appeal *to continue to litigate.* And she does so, it bears mention, through counsel who simultaneously represent the City—the Defendant against whom the November 9 trial is scheduled. Whatever Chief Davis's intent may be in opposing her own dismissal, the practical effect is unmistakable: her qualified-immunity appeal is no longer a shield against liability and the burdens of litigation; it is a sword to delay Plaintiff's trial against the City.

Chief Davis's demand for attorneys' fees as a condition of dismissal also has no merit. Under 42 U.S.C. § 1988, fees to "prevailing defendants" in § 1983 cases are permitted only where the "plaintiff's action was frivolous, unreasonable, or without foundation." *Kidis v. Reid*, 976 F.3d 708, 721–22 (6th Cir. 2020). There is no colorable basis to seek such fees here. This Court denied Chief Davis's motion to dismiss and held that Plaintiff stated a claim for relief. ECF 484. In any event, any fee dispute is separate from the question of dismissal, may be raised by motion after the claims are dismissed, and indeed can *only* be decided after the claims are disposed of. *See White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 451–52 (1982) ("Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'").

To the extent Chief Davis invokes the four-factor test of *Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), each factor supports dismissal: Chief Davis has expended minimal effort (her claims have been stayed and she has never participated in discovery); there has been no delay by Plaintiff in prosecuting her claims (again, due to the stay); the reasons for dismissal are compelling (to keep this Court's current trial date, as explained above); and Chief Davis has never filed a motion for summary judgment.

10

Because Chief Davis cannot demonstrate any legally cognizable prejudice from the permanent elimination of all claims against her, this Court should enter an order indicating under Rule 62.1 that it would grant the voluntary dismissal with prejudice.

## CONCLUSION

For the reasons set out above, Plaintiff respectfully requests that this Court enter an order: (1) severing Plaintiff's claims against all Defendants other than Chief Davis off from her claims against Chief Davis, so that the remaining claims (specifically, against the City, Preston Hemphill and DeWayne Smith) may proceed to trial on the current schedule; and (2) entering an indicative ruling under Fed. R. Civ. P. 62.1 that the Court would grant voluntary dismissal with prejudice of all claims against Chief Davis.

Dated:  March 31, 2026                    Respectfully submitted,

                                          */s/ Joshua M. Levin*
                                          Antonio M. Romanucci* (Ill. Bar No. 6190290)
                                          Sarah Raisch* (Ill. Bar No. 6305374)
                                          Joshua M. Levin* (Ill. Bar No. 6320993)
                                          Stephen H. Weil* (Ill. Bar No. 6291026)
                                          Sam Harton* (Ill. Bar No. 6342112)
                                          Colton Johnson Taylor* (Ill. Bar No. 6349356)
                                          **ROMANUCCI & BLANDIN, LLC**
                                          321 N. Clark St., Ste. 900
                                          Chicago, IL 60654
                                          P: (312) 458-1000
                                          aromanucci@rblaw.net
                                          sraisch@rblaw.net
                                          jlevin@rblaw.net
                                          sweil@rblaw.net
                                          sharton@rblaw.net
                                          cjohnson@rblaw.net

                                          David L. Mendelson (Tenn. Bar No. 016812)
                                          Benjamin Wachtel (Tenn. Bar No. 037986)
                                          **MENDELSON LAW FIRM**
                                          799 Estate Place

11

Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump (Tenn. Bar No. 038054)
Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
court@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

* Admission *pro hac vice*

12

## CERTIFICATE OF CONSULTATION

On March 5 and March 6, 2026, the undersigned counsel for Plaintiff consulted with all parties via email regarding the with-prejudice voluntary dismissal of Chief Davis that is requested in this motion. Chief Davis, through her counsel Bruce McMullen, stated that she objects. No other defendant voiced any objection.

On March 30, 2026, the undersigned consulted with all parties via email regarding the severance relief requested in this motion. Counsel for Defendants DeWayne Smith and Preston Hemphill objected without explanation. Counsel for Defendant Justin Smith stated that he "cannot and will not object" and "does not have standing to object." Counsel for Defendant Emmitt Martin stated he does not "consent or oppose." No other defendant has voiced any objection.

*/s/ Joshua M. Levin*

13