# EXHIBIT 1

CASE NO. 25-5998

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

ROWVAUGHN WELLS,

*Plaintiff-Appellee,*

v.

CITY OF MEMPHIS,

*Defendant,*

and

CERELYN DAVIS,

*Defendant-Appellant.*

On Appeal from the United States District
Court for the Western District of Tennessee
Case No. 2:23-cv-02224

**PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT,
VOLUNTARILY DISMISS CLAIMS WITH PREJUDICE, AND HOLD
BRIEFING IN ABEYANCE**

Plaintiff-Appellee RowVaughn Wells ("Plaintiff") respectfully moves this

Court for the following relief, which arises from Plaintiff's decision to voluntarily

1

dismiss *with prejudice* her claims against Defendant-Appellant Chief Cerelyn Davis

("Chief Davis") so that the pendency of this appeal does not delay the currently-

scheduled November 9, 2026 date for Plaintiff to try her claims against Defendant

City of Memphis. For the reasons set forth below, Plaintiff respectfully requests the

following:

**(1)** Dismiss this appeal as moot because Plaintiff has abandoned her claims

against Chief Davis;

**(2)** Under Fed. R. App. P. 42(b)(3), Fed. R. Civ. P. 21, and the Court's

inherent authority, dismiss Plaintiff's claims against Chief Davis with prejudice,[1] or,

in the alternative, remand to the district court with instructions to dismiss those

claims with prejudice;[2] and

**(3)** Under Fed. R. App. P. 26(b), hold in abeyance Plaintiff's deadline to file

her response brief (currently March 30, 2026) pending resolution of the mootness

---

[1] Because Plaintiff seeks to dismiss claims against one defendant rather than the entire action, Rule of Civil Procedure 21, which permits the court to "add or drop a party" "[o]n motion or on its own . . . at any time, on just terms," provides the appropriate procedural mechanism for the voluntary dismissal of Plaintiff's claims against Chief Davis. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961).

[2] In the further alternative, Plaintiff requests that the Court issue a limited remand under Fed. R. App. P. 12.1 to permit the district court itself to grant Plaintiff's motion for voluntary dismissal that Plaintiff has contemporaneously filed in the district court. *See infra* pp. 11–12.

2

and dismissal issues raised in this motion.

Plaintiff does not by this motion dismiss any other claims brought against any other Defendant.

## BACKGROUND

This case arises from the beating death of Tyre Nichols by Memphis Police Department officers. Defendant-Appellant Chief Davis is the Chief of the Department. The Plaintiff, Mr. Nichols' mother, brought this action under 42 U.S.C. § 1983 against the City of Memphis, Chief Davis in her individual capacity, and the police officers who participated in the beating and subsequent coverup.

On August 11, 2025, the district court set November 9, 2026 as the trial date in this case. Dist. Ct. Dkt. 474, 571.[3] At the time, the motions to dismiss by the City and Chief Davis (on qualified-immunity grounds) were pending. On September 30, 2025, the district court denied both. Dist. Ct. Dkt. 484. On October 30, 2025, Chief Davis filed this interlocutory appeal of the qualified-immunity denial. Dist. Ct. Dkt. 507. As a result, the case as to Chief Davis, including all discovery from her, has been stayed since this appeal was docketed. Dist. Ct. Dkt. 510. The case as to the City, however, has continued on, *id.*, and has now completed fact discovery. Dist. Ct. Dkt. 571. The trial date remains November 9, 2026. *Id.*; Dist. Ct. Dkt. 604.

---

[3] "Dkt." citations are to the docket in this appeal. "Dist. Ct. Dkt." citations are to the record of the District Court's proceedings in this matter, No. 2:23-cv-02224.

3

Plaintiff intends to try her case against the City on November 9. Due to this appeal and the resulting stay that Chief Davis has enjoyed since the appeal was filed, it has become impossible to keep the November 9 trial date if Chief Davis remains part of this case. Thus, Plaintiff has decided to give up her claims against Chief Davis, despite the strength of the evidence supporting Chief Davis's liability. Plaintiff has elected to dismiss her claims against Chief Davis *with prejudice*. She does so not because she has any doubt about Chief Davis's culpability, but because keeping the trial date against the City requires it.

On March 5, 2026, Plaintiff's counsel offered to voluntarily dismiss with prejudice all claims against Chief Davis. *See* **Ex. A** at 5 (parties' correspondence). Chief Davis's counsel, who also represents the City of Memphis, declined. Counsel for Chief Davis stated that she is "entitled to have the defense of qualified immunity adjudicated" and demanded, as conditions of accepting dismissal, a "public apology," an agreement not to depose Chief Davis, and payment of "all attorneys' fees." *Id.* at 1. This motion follows.

Contemporaneously with this filing, Plaintiff is filing a motion in the district court seeking two forms of relief. First, Plaintiff asks the district court to sever her claims against the City and the remaining officer defendants from her claims against Chief Davis under Rule 21, so that those claims can proceed to trial on the current schedule regardless of how the question of Chief Davis's dismissal is resolved.

Second, Plaintiff asks the district court to enter an "indicative ruling" under Fed. R. Civ. P. 62.1 that it would grant the dismissal with prejudice of Plaintiff's claims against Chief Davis, so that this Court may remand for that purpose under Fed. R. App. P. 12.1 in the event this Court declines to order the dismissal directly.[4] Plaintiff will promptly notify this Court of any indicative ruling by the district court.

## ARGUMENT

I.    **Plaintiff's Abandonment of Her Claims Against Chief Davis Moots this Appeal and Warrants Dismissal of those Claims with Prejudice.**

A.    **There Is No Longer a Live Case or Controversy.**

Plaintiff's decision to dismiss her claims against Chief Davis with prejudice moots this appeal, requiring dismissal for lack of jurisdiction. A suit becomes moot when it is "clear that the plaintiffs have unequivocally abandoned" their claims. *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 446 (2009). That is what Plaintiff has done here. She has elected to irrevocably dismiss with prejudice all claims against Chief Davis. *See* Ex. A. Plaintiff's voluntary dismissal with prejudice constitutes a "complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Smoot v. Fox*, 340 F.2d 301, 303 (6th

---

[4] Under Fed. R. Civ. P. 62.1(a)(3), when a district court "lacks authority to grant" a motion due to a pending appeal, it may indicate that "it would grant the motion if the court of appeals remands for that purpose." Upon notice of such an "indicative ruling," this Court "may remand for further proceedings." Fed. R. App. P. 12.1.

Cir. 1964). There is thus no longer a "live" "case or controversy" between Plaintiff and Chief Davis, *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), and this appeal is moot. *See Webster v. Reprod. Health Servs.*, 492 U.S. 490, 512–13 (1989) (finding case "is now moot" where appellees made "decision to no longer seek [relief]" while appeal was pending); *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988) (finding case "was rendered moot in part by respondents' willingness permanently to withdraw their equitable claims from their federal action").

When claims become moot during the pendency of an appeal, the established practice is to dismiss the appeal and remand with instructions that the district court dismiss the claims with prejudice. *See City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 199–200 (2003) (remanding "with instructions to dismiss, with prejudice, the relevant portion of the complaint" where "respondents have now abandoned the claim"); *accord  United States Forest Serv. v. Pac. Rivers Council*, 570 U.S. 901, 901 (2013); *Arave v. Hoffman*, 552 U.S. 117, 118–19 (2008); *Deakins*, 484 U.S. at 200; *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). Alternatively, this Court may exercise its inherent authority under Rule 42(b)(3) to issue an order directly dismissing the claims against Chief Davis with prejudice. *See* Fed. R. App. P. 42(b)(3) (authorizing Court of Appeals to issue, by "court order," "any relief under Rule 42(b)(1) or (2) beyond the dismissal of an appeal"). Either path would permanently dispose of the claims against Chief Davis

and foreclose relitigation.

**B.      Chief Davis Has No Legally Cognizable Interest in Forcing Plaintiff to Litigate Abandoned Claims.**

Chief Davis opposes dismissal on the ground that she is "entitled to have the defense of qualified immunity adjudicated," and demands a "public apology to mitigate the reputational harm" she alleges Plaintiff caused. *See* Ex. A at 1. In other words, Chief Davis seeks not merely freedom from liability—which Plaintiff's with-prejudice dismissal already provides—but judicial vindication of her reputation. This Court's precedent forecloses that argument.

For sixty years, this Court has held that a plaintiff has the "right to abdicate his case" and that it is generally an abuse of discretion to deny a plaintiff's motion to voluntarily dismiss claims with prejudice. *Faulkner v. Martin*, No. 23-5447, 2024 WL 869931, at *3 (6th Cir. Feb. 29, 2024); *see Smoot v. Fox*, 340 F.2d 301, 302–03 (6th Cir. 1964) ("[T]o require" plaintiff to prosecute claims "when he considers he has no cause of action or *for any reason* wishes to dismiss his action with prejudice" was abuse of discretion. (Emphasis added)).

In *Pedreira v. Sunrise Children's Services, Inc.*, 79 F.4th 741 (6th Cir. 2023), this Court reaffirmed *Smoot*, holding that a court may deny a with-prejudice voluntary dismissal only in "rare cases" involving "plain legal prejudice" to

7

defendants or third parties.[5] *Id.* at 751. Crucially, this Court has also made clear what does *not* constitute such prejudice: a defendant's desire for judicial vindication.

In *Faulkner v. Martin*, police officer defendants in a § 1983 case opposed voluntary dismissal with prejudice, arguing that "the reputational and professional consequences stemming from the plaintiffs' allegations will persist unless they are able to 'clear their names' in court." 2024 WL 869931, at *3. This Court rejected that argument. The officers' "desire to prove their defense to the jury," the Court held, "is not the type of legal prejudice our precedent recognizes can prevent voluntary dismissal." *Id.*

And *Faulkner* does not stand alone. In *Pedreira*, this Court similarly rejected a defendant's argument that it was entitled to block a with-prejudice voluntary dismissal so that it could vindicate the legality of its actions through a pending motion for summary judgment. 79 F.4th at 752. The Court explained:

> [W]hat [the defendant] appears to want is not merely an order from the district court dismissing this case with prejudice, but a published opinion from this court holding the plaintiffs' claims invalid as a matter of law. [The defendant] is not entitled to what it seeks, and the district court did not abuse its discretion by entering the order of dismissal rather than decide the merits of [the defendant's pending] motion [for summary judgment].

---

[5] *Pedreira* identified two circumstances in which "plain legal prejudice" might justify denying a plaintiff's motion for with-prejudice voluntary dismissal: if the dismissal with prejudice would disrupt pendant counterclaims brought by the defendant or foreclose an intervenor's claim. 79 F.4th at 749–50. Neither applies here.

*Id.* (citations and quotation marks omitted). In short, a defendant has no legally cognizable interest in forcing an "unwilling plaintiff" to litigate claims she has already elected to abandon, *id.* at 747, to secure a judicial opinion vindicating her perceived "reputational and professional" interests, *Faulkner*, 2024 WL 869931, at *3.

Chief Davis's position is indistinguishable from the positions rejected in *Faulkner* and *Pedreira*. She wants not merely the permanent dismissal of the claims against her—which Plaintiff has already offered—but "a published opinion from this court holding the plaintiffs' claims invalid as a matter of law." *Pedreira*, 79 F.4th at 752. That, she is simply not entitled to. *See also id.* at 753–54 (Bush, J., concurring) (after the plaintiff has moved to voluntarily dismiss all claims with prejudice, the defendant "has no legal entitlement to a ruling" on a pending dispositive motion, as it would be an improper "advisory opinion" with no "live case or controversy" existing). A with-prejudice voluntary dismissal already provides a "complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Smoot*, 340 F.2d at 303. "An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Id.*

Chief Davis's position turns qualified immunity on its head. Qualified immunity is "*immunity from suit*," not merely a "defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Its entire purpose is to shield officials from the

"burdens of litigation." *Id.* Plaintiff has offered Chief Davis the very thing qualified immunity is designed to provide: permanent, total freedom from liability and the burdens of litigation. There is no threat of legal jeopardy. There is no possibility of damages. There are no more burdens of litigation to incur. Yet Chief Davis insists on using her qualified-immunity appeal *to continue to litigate.* And she does so, it bears mention, through counsel who simultaneously represent the City of Memphis. Whatever Chief Davis's intent may be, the practical effect of her position is clear: this appeal is no longer a shield against the burdens of litigation; it is a sword to delay Plaintiff's trial against the City.

Chief Davis's demand for attorneys' fees as a condition of dismissal also has no merit. Under 42 U.S.C. § 1988, fees to "prevailing defendants" in § 1983 cases are permitted only where the "plaintiff's action was frivolous, unreasonable, or without foundation." *Kidis v. Reid*, 976 F.3d 708, 721–22 (6th Cir. 2020). There is no colorable basis to seek such fees here. The district court *denied* Chief Davis's motion to dismiss and held that Plaintiff stated a claim for relief. Dist. Ct. Dkt. 484. In any event, any fee dispute is separate from the question of dismissal, may be raised by motion after the claims are dismissed, and indeed can *only* be decided after the claims are disposed of. *See White v. New Hampshire Dep't of Emp't. Sec.*, 455 U.S. 445, 451–52 (1982) ("Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from

the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'").[6]

Because Chief Davis cannot demonstrate any legally cognizable prejudice from the permanent elimination of all claims against her, this Court should dismiss this appeal as moot and order the claims dismissed with prejudice under Fed. R. App. P. 42(b)(3).

## II.    In the Alternative, This Court Should Grant a Limited Remand Under Fed. R. App. P. 12.1.

If this Court declines to dismiss the appeal and order that the claims against Chief Davis be dismissed with prejudice, Plaintiff respectfully requests that the Court use the procedure provided for in Fed. R. App. P. 12.1 and Fed. R. Civ. P. 62.1 to resolve the dismissal issue raised in this motion. Those Rules provide a unique mechanism to resolve issues when it is not clear which court, district or circuit, has jurisdiction over an issue in light of a pending appeal. The mechanism is as follows: under Rule 62.1, if a motion is filed in the district court that the district court believes it "lacks authority to grant" because of a pending appeal, "the court

---

[6] To the extent Chief Davis invokes the four-factor test of *Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), each factor supports dismissal: Chief Davis has expended minimal effort (her claims have been stayed and she has never participated in discovery); there has been no delay by Plaintiff in prosecuting her claims (again, due to the stay); the reasons for dismissal are compelling (to keep the district court's current trial date); and Chief Davis has never filed a motion for summary judgment.

11

may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue [regarding whether to grant]." Fed. R. Civ. P. 62.1(a)(3). If the district court issues this statement—what is known as an "indicative ruling"—then, under Rule 12.1, "the movant must promptly notify the circuit clerk" and "the court of appeals may remand for further proceedings." Fed. R. App. P. 12.1.

Plaintiff's motion in the district court requests an indicative ruling under Federal Rule of Civil Procedure 62.1 that it would grant the voluntary dismissal, such that this Court could then issue a limited remand for the district court to do so. Plaintiff will promptly notify this Court of any indicative ruling entered.

## III. Plaintiff's Merits Briefing Deadline Should Be Held in Abeyance.

Plaintiff's response brief on the merits of this appeal is currently due today, March 30, 2026. Plaintiff respectfully requests that this deadline be held in abeyance pending resolution of the mootness and dismissal issues raised herein. Requiring Plaintiff to brief the merits of an appeal that may be dismissed as moot within days or weeks would be an inefficient use of the parties' and this Court's resources, and would be inconsistent with the principle that mootness is a threshold jurisdictional question that must be resolved before a court reaches the merits. *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). Holding the

deadline in abeyance will prejudice no party. For these reasons, good cause supports

holding Plaintiff's response deadline in abeyance. Fed. R. App. P. 26(b).

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellee respectfully requests that this

Court: (1) dismiss this appeal as moot; (2) dismiss Plaintiff's claims against Chief

Davis with prejudice, or remand with instructions to the district court to do so; and

(3) hold Plaintiff's merits briefing deadline in abeyance.


Dated: March 30, 2026                          Respectfully submitted,

                                               */s/ Joshua M. Levin*
                                               Antonio M. Romanucci
                                               Joshua M. Levin
                                               Stephen H. Weil
                                               **ROMANUCCI & BLANDIN, LLC**
                                               321 N. Clark St., Ste. 900
                                               Chicago, IL 60654
                                               +1 (312) 458-1000, Main
                                               +1 (312) 458-1004, Facsimile
                                               aromanucci@rblaw.net
                                               jlevin@rblaw.net
                                               sweil@rblaw.net

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Motion contains 2,909 words, as calculated by Microsoft Word processing software, and complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A).

*/s/ Joshua M. Levin*
_____
Joshua M. Levin

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties indicated on the electronic filing receipt.

*/s/ Joshua M. Levin*
_____
Joshua M. Levin

# EXIBIT A

## Joshua Levin

| | |
|---|---|
| **From:** | McMullen, Bruce <bmcmullen@bakerdonelson.com> |
| **Sent:** | Friday, March 6, 2026 2:22 PM |
| **To:** | Joshua Levin; Silk, Jennie; McKinney, Kelsey |
| **Cc:** | stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci; Stephen Weil; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch; Colton Johnson Taylor; Brooke@bencrump.com; Dana Kondos; Houston Ward; Devon Kelly; Natalie@bencrump.com; court@bencrump.com; Morris, Angela |
| **Subject:** | RE: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis |

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

That is misleading. Chief Davis is entitled to have the defense of qualified immunity adjudicated, and she is not willing to waive that right for a proposed nonsuit that Plaintiff cannot guarantee because no court (district or appellate) has jurisdiction to entertain such a motion. Therefore, as I stated in my prior email, she declined your offer. If you would like to make a new offer to nonsuit her with prejudice AND issue a public apology to mitigate the reputational harm you caused through your mischaracterization of her in your initial pleadings as being the purveyor of Nichols' death and misleading the press to think she in anyway brought any tactics of the defunct Red Dog unit to Memphis, AND agree that you will not waste her time in this litigation with depositions and discovery, AND pay all attorneys' fees related to Plaintiff's claims against Chief Davis, I will take that to her. Just let me know.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Friday, March 6, 2026 12:47 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; court@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

1

We will note that Chief Davis opposes having all claims against her voluntarily dismissed with prejudice.

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Friday, March 6, 2026 11:14 AM
**To:** Joshua Levin <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; court@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

My client never had any questions for you.  What are you talking about?

**Bruce A. McMullen**

Shareholder
Direct Dial:  901.577.2356

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Friday, March 6, 2026 11:05 AM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; court@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

Bruce, Chief Davis's appeal of the District Court's denial of her qualified-immunity motion to dismiss would be dismissed as moot because all claims against her would be dismissed with prejudice.

If your client has any further questions for us, please let us know.

Thanks,
Josh

---

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Thursday, March 5, 2026 11:49 PM
**To:** Joshua Levin <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; court@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** Re: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

---

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

---

And waive her right to seek QI in which she is entitled. I think that was your offer.

**Bruce A. McMullen**
Office Managing Shareholder

Baker, Donelson, Bearman, Caldwell & Berkowitz
First Tennessee Building
165 Madison Avenue - Suite 2000
Memphis, TN 38103
Direct Dial:  901.577.2356
Direct Fax:  901.577.4262
Email: bmcmullen@bakerdonelson.com

Firm Website: www.bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi,
South Carolina, Tennessee, Texas, Virginia and Washington, D.C.

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Thursday, March 5, 2026 11:08:47 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com <stephenrleffler@yahoo.com>; cgrice@eflawgroup.com <cgrice@eflawgroup.com>; keenandl@aol.com <keenandl@aol.com>; dgodwin@gmlblaw.com <dgodwin@gmlblaw.com>; fjohnson@johnsonandjohnsonattys.com <fjohnson@johnsonandjohnsonattys.com>; cjohnson@johnsonandjohnsonattys.com <cjohnson@johnsonandjohnsonattys.com>; ge@perrygriffin.com <ge@perrygriffin.com>; jkp@perrygriffin.com <jkp@perrygriffin.com>; lgross@perrygriffin.com <lgross@perrygriffin.com>; martin@sparkman-zummach.com <martin@sparkman-zummach.com>; bmckinney@gmlblaw.com

<bmckinney@gmlblaw.com>; mcollins@gmlblaw.com <mcollins@gmlblaw.com>; mistie@sparkman-zummach.com <mistie@sparkman-zummach.com>; tnorman@gmlblaw.com <tnorman@gmlblaw.com>; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com <bw@mendelsonfirm.com>; dm@mendelsonfirm.com <dm@mendelsonfirm.com>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com <Brooke@bencrump.com>; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com <Natalie@bencrump.com>; court@bencrump.com <court@bencrump.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

Bruce,

I want to make sure I understand the last sentence of your email because the pronoun usage is a bit unclear. Are you saying that Chief Davis has declined Plaintiff's offer to voluntarily dismiss with prejudice all claims against her?

Thanks,
Josh

---

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Thursday, March 5, 2026 11:00 PM
**To:** Joshua Levin <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; court@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Josh,

Our communications with our client are privileged.

That would be similar to me asking you if you properly counseled Ms. Wells about the offer made to her personally by the City during the mediation before her claims against the City were dismissed.

4

Better yet, this would be like us asking you if you and/or Ben Crump communicated the City's unrestricted offer to give the minor child of Tyre Nichols a sum of money with no strings attached for support during the litigation.

She declined your offer.

**Bruce A. McMullen**

Shareholder
Direct Dial:  901.577.2356

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Thursday, March 5, 2026 1:56 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Cc:** stephenrleffler@yahoo.com; cgrice@eflawgroup.com; keenandl@aol.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; cjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jkp@perrygriffin.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; tnorman@gmlblaw.com; Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Brooke@bencrump.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; court@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** Wells v. City of Memphis et al. - Dismissal of Claims against Chief Davis

Counsel for Chief Davis:

As you know, Plaintiff is offering to voluntarily dismiss with prejudice the claims against Chief Davis in the event that the Court grants bifurcation. Please confirm that you have communicated this offer to your client.

We intend to file the motion for voluntary dismissal in the Sixth Circuit under Fed. R. Civ. P.  21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). As we have explained, Plaintiff would be dismissing Chief Davis from this case to keep the current trial date.

Thank you,
Josh

5

**Joshua M. Levin**
Senior Attorney



**www.rblaw.net**

**e:** jlevin@rblaw.net
**p:** (312) 253-8623
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654



 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.