**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

RowVaughn Wells, Individually and as
Administratrix of the Estate of Tyre Deandre
Nichols, Deceased,

      Plaintiff,

v.

The City of Memphis, Tennessee; Chief Cerelyn
Davis; Emmitt Martin III;
Demetrius Haley; Justin Smith;
Desmond Mills, Jr.; Tadarrius Bean;
Preston Hemphill; DeWayne Smith,

      Defendants.

)
)
)
)
)
)
)
)
)    CASE NO. 2:23-CV-02224-SHL-atc
)    JURY DEMAND
)
)
)
)
)
)
)
)
)
)

**DEFENDANT CITY OF MEMPHIS'S RESPONSE TO
PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF CLAIMS AGAINST
STAYED DEFENDANT OFFICERS**

Defendant City of Memphis (the "City") respectfully submits this Response to Plaintiff's

Motion for Voluntary Dismissal of Claims Against Stayed Defendant Officers. (ECF No. 607.)

The City requests a dismissal conditioned on the entry of a protective order staying all discovery

against the Stayed Defendant Officers[1] pending resolution of their concurrent criminal

proceedings arising out of the Tyre Nichols incident.[2]

---

[1] The "Stayed Defendant Officers" include Emmitt Martin, Demetrius Haley, Justin Smith, Desmond Mills, and Tadarrius Bean.

[2] The City further asks that the dispositive motion deadline be stayed as well as the trial date to allow time for meaningful discovery to be taken from the Stayed Defendant Officers following the conclusion of their criminal proceedings.

Plaintiff has been unequivocal in the reason she seeks to dismiss the individuals who were involved in her son's death: to force the remaining parties to trial without having meaningful discovery from the Stayed Defendant Officers. It is essential to the City's case that meaningful discovery is obtained from those involved in the interaction with Mr. Nichols and those at the scene. The City cannot take meaningful discovery from the Stayed Defendant Officers because they are facing concurrent criminal proceedings in the case of *United States v. Martin et al.*, No. 2:23-cr-20191 (W.D. Tenn. Sept. 12, 2023) and *State of Tennessee v. Martin*, No. C2300403 (Shelby Cty. Crim. Ct., Tenn. Jan. 26, 2023). This Court ordered a new trial for three of the five Stayed Defendant Officers (Haley, J. Smith, and Bean). *United States v. Martin*, No. 2:23-cr-20191, at ECF No. 919. The Department of Justice appealed this honorable Court's Order, and that appeal is pending in the Sixth Circuit. *See United States v. Emmitt Martin, et al.*, No. 25-05907 (6th Cir. Oct 8, 2025). The other two Stayed Defendant Officers who accepted plea deals in exchange for their testimony (Martin and Mills) have not yet been sentenced in the federal case; and Emmitt Martin is facing the possibility of a separate state trial in Tennessee for murder. *State of Tennessee v. Martin*, No. C2300403.

So long as the criminal proceedings against the Stayed Defendant Officers are not final, the Stayed Defendant Officers have an interest—indeed a constitutional right—to remain silent about the incident giving rise to their criminal prosecution and this lawsuit. The practical effect of this is that the Stayed Defendant Officers will assert their Fifth Amendment privilege to remain silent when questioned in a deposition or at trial about the incident giving rise to the lawsuit. This will prevent the City from getting meaningful discovery from the five individuals actually involved in the incident giving rise to this lawsuit. This will prejudice the City.

To be clear, the City needs meaningful discovery from the Stayed Defendant Officers before it proceeds to summary judgment and to trial, if necessary. If the Stayed Defendant Officers assert their Fifth Amendment privilege when questioned about the incident, the City will be unable discover crucial information about what happened the night of the incident. Further, the City will be unable to discover important information about the customs and practices Plaintiff alleges existed within the SCORPION unit on which the Stayed Defendant Officers worked. Moreover, the City will be unable to meaningfully cross-examine the two officers (Martin and Mills) who offered testimony about the Memphis Police Department in exchange for plea deals with the Department of Justice.

Plaintiff does not dispute any of this, and her counsel has gone so far as to assert that the hearsay testimony given in the criminal trial from Martin and Mills should be admitted as evidence against the City, despite the fact that the City was not a party to the proceeding in which that testimony was given, and the City had no opportunity to test the credibility of their testimony.

Plaintiff has argued that criminally indicted witnesses plead the Fifth Amendment all the time. But this case is different. There are four other defendants in this lawsuit who will all be prejudiced by the inability to get meaningful discovery from the Stayed Defendant Officers.

Moreover, because the Stayed Defendant Officers would no longer be parties to this action, any adverse inference that might otherwise be drawn against them would instead prejudice the remaining defendants—the City, Preston Hemphill, Dewayne Smith, and Chief Davis. "'[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them[.]'" *See RAD Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 274 (3d Cir. 1986) (quoting *Baxter*

3

*v. Palmigiano*, 425 U.S. 308, 318 (1976)). "More particularly, nothing forbids imputing to a corporation the silence of its personnel," current or former. *Id*. at 275.

This is unfair, unjust, and prejudicial to the remaining Defendants. The City, Preston Hemphill, DeWayne Smith, and Chief Davis should not be prejudiced because the Plaintiff simply wishes to proceed faster than the criminal and civil justice process allows.

The competing interests of all parties involved, particularly where the Stayed Defendant Officers' Fifth Amendment rights intersect with the parallel court proceedings, are best managed and addressed by either maintaining the officers as parties to the suit until the pending criminal proceedings reach a point of resolution sufficient to allow for meaningful discovery and lifting of the stay; or in the alternative, conditioning the dismissal of the Stayed Defendant Officers upon the entry of a protective order staying any and all discovery from the Stayed Defendant Officers until after their criminal proceedings are complete and all remaining Defendants can take meaningful discovery to support their dispositive motions and trial arguments, if necessary.

## I.     PLAINTIFF IS NOT ENTITLED TO VOLUNTARY DISMISSAL WHERE IT WOULD CAUSE LEGAL PREJUDICE.

"On motion or on its own, the court may at any time, ***on just terms***, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). "[T]he permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Johnson v. Advanced Bionics, LLC*, No. 2:08-CV-02376-JPM, 2011 WL 1323883, at *6 (W.D. Tenn. Apr. 4, 2011) (quoting *Alvion Properties, Inc. v. Weber*, No. 3:08–0866, 2009 WL 3060419, at *8 (M.D. Tenn. Sept. 23, 2009)) (quotation marks omitted) (alteration in original).[3] In exercising this broad discretion to manage the claims

---

[3] The discretion district courts have over granting or denying motions pursuant to Rule 21 is not dissimilar from the balance of factors underlying the judicial discretion to grant, deny, modify or otherwise manage, and/or lift stays in cases with parallel civil and criminal proceedings. *See F.T.C.*

4

and parties at issue in Rule 21 motions, district courts must apply "just terms," *McDowell v. Bd.*
*of Trs. for Perry Twp., Stark Cty.*, No. 2:23-cv-02860, 2025 WL 771540, at *5 (S.D. Ohio Mar.
11, 2025), with guidance from "principles of fundamental fairness and judicial efficiency."
*Nilssen v. Universal Lighting Techs., Inc.*, No. 3:04-0080, 2005 WL 1971936, at *2 (M.D. Tenn.
Aug. 15, 2005); *see also* Fed. R. Civ. P. 21. Specifically, "Rule 21 ***requires*** that the court
determine ***whether dismissal of the claims against a party is appropriate***." *Harcrow v. Harcrow*,
No. 3:18-CV-00828, 2021 WL 817902, at *4 (M.D. Tenn. Feb. 16, 2021), *report and*
*recommendation adopted,* No. 3:18-CV-00828, 2021 WL 809733 (M.D. Tenn. Mar. 3, 2021)
(citing Fed. R. Civ. P. 21) (emphases added).

District courts within the Sixth Circuit have routinely held "on such terms" means
without "gratuitous harm to the parties" and courts must evaluate the "plain legal prejudice to
***nonmoving parties***." *Burley v. Weller*, No. 1:22-cv-628, 2023 WL21435, at *5 (W.D. Mich. Jan.
3, 2025) (cleaned up) (emphasis added).

Despite Plaintiff's assertions to the contrary, the Court is not limited to considering
whether any prejudice will be experienced only by the Stayed Defendant Officers nor is it
prohibited from considering potential prejudice to the City or other defendants if Plaintiff's
request for voluntary dismissal is granted. The Court is instead required to consider the plain
legal prejudice ***any*** non-moving party may face and determine whether the dismissal sought is
appropriate in that context. *See, e.g.*, *Fair v. Ohio Bell Tel. Co.*, No. 1:16 CV 0186, 2018 WL
6980968, at *1 (N.D. Ohio Aug. 31, 2018), *report and recommendation adopted,* No. 1:16-CV-
186, 2018 WL 6427171 (N.D. Ohio Dec. 7, 2018) (citing *Grover v. Eli Lily & Co.*, 33 F.3d 716,

---

*v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (outlining the basis of judicial
discretion in stays and the corresponding balancing factors that must be considered).

718 (6th Cir. 1994)) ("As the Sixth Circuit has explained, the prime reason for the Rule interposing the requirement of court approval for a voluntary dismissal is to protect the non-moving party from unfair treatment.").

Here, the City is a non-moving party that stands to face significant and unnecessary prejudice should the Court unconditionally dismiss the Stayed Defendant Officers. The Court should deny the Motion for Voluntary Dismissal due to the legal prejudice the City will face if these five officers are dismissed without entry of a protective order staying discovery against them pending resolution of the criminal proceedings.

## II.    APPLYING JUST TERMS AND BALANCING COMPETING INTERESTS REQUIRES DENIAL OF AN UNCONDITIONAL MOTION TO VOLUNTARILY DISMISS.

In the Sixth Circuit, district courts are encouraged to consider the standards for evaluating Rule 41 dismissals as guidance when evaluating potential prejudice to non-moving parties in a Rule 21 motion inquiry. *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) ("When evaluating a motion for dismissal under Rule 21, . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant."). While Rule 41(a)(2) generally favors voluntary dismissal, the Sixth Circuit has been clear that dismissal may be denied where it would cause "plain legal prejudice" to a defendant. *Grover*, 33 F.3d at 718. In addressing the use of Rule 41 dismissal standards as guidance in a Rule 21 prejudice inquiry, the court explained in *Wilkerson* that "the prejudice inquiry under Rule 41(a)(2) is designed to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Wilkerson*, 2017 WL 401212, at *2 (quoting *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10–cv–581, 2:10–cv–764, 2012 WL 139219, at *2 (S.D. Ohio Jan. 18, 2012)) (quotation marks omitted).

Further, the *Grover* factors are not an exclusive or mandatory list in evaluating the potential plain legal prejudice resulting from the grant of a dismissal, and "courts need not analyze each factor or limit their consideration to these factors." *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (citation and quotation omitted).

In this case, consideration of both the non-exclusive *Grover* factors and the totality of circumstances weigh in favor of the City.

### A.    The *Grover* Factors Weigh in Favor of Denying the Unconditional Motion for Voluntary Dismissal of Claims Against Stayed Defendant Officers.

In *Wilkerson*, the district court outlined the following *Grover* factors as a test for evaluating plain legal prejudice in a Rule 21 motion: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for the dismissal; and (4) whether a motion for summary judgment is pending. 2017 WL 401212, at *2 (quoting *Grover*, 33 F.3d at 718 (6th Cir. 1994)).

Here, application of the *Grover* factors weighs in favor of denying any request for voluntary dismissal of the Stayed Defendant Officers where the practical effect would be to circumvent the existing discovery stay. First, the City has committed considerable resources as a result of this lawsuit, including production of hundreds of thousands of pages of documents, presenting over thirty witnesses for depositions, and litigating for over three years. The City has always contemplated taking discovery from the Stayed Defendant Officers, and their dismissal from the lawsuit does not alter the City's strategy. Chief Davis has likewise expended efforts and resources to defend herself—including filing a Motion to Dismiss Plaintiff's First Amended Complaint based on qualified immunity, then filing an Answer to the First Amended Complaint,

and, most notably, appealing the district court's denial of her motion to dismiss on qualified immunity grounds to the Sixth Circuit.

Second, it is well documented with this Court the delays caused by Plaintiff in this case. Plaintiff has taken obscene amounts of discovery from the City. Plaintiff has scheduled and canceled and rescheduled depositions for years, and Plaintiff still has not completed her discovery obligations despite the Court ordered deadline for doing so. In fact, Plaintiff just recently disclosed an additional seventy potential witnesses—twenty-two of whom had never previously been disclosed by Plaintiff in any correspondence or filings—in her Fourth Supplemental Initial Disclosures that were served ten days after the close of discovery. *See* Plaintiff's Fourth Supplemental Initial Disclosures, attached as Exhibit A, at 36–39. Plaintiff also disclosed seven liability experts, despite indicating to the Court they have only three or four liability experts (ECF No. 570, PageID 8832, ll. 1-5.), and Plaintiff has not completed her Court-ordered document production. (*See* ECF No. 609.) Despite her own delays, Plaintiff seeks to prejudice the remaining defendants in this case with a rush to summary judgment and trial without *any* meaningful discovery from the five individuals actually involved in the incident.

Regarding the third factor, dismissal is not warranted if the moving party fails to "provide[] a sufficient explanation for the need to take a dismissal[,]" when looking at the circumstances of the case in its totality. *Owner-Operator Indep. Drivers Ass'n v. United Van Lines, Inc.*, No. 4:06-CV-219 (JCH), 2007 WL 1223463, at *2 (E.D. Mo. Apr. 24, 2007) (denying plaintiffs' motion to voluntarily dismiss with prejudice the defendant when "[t]he vague assertion that previous orders have 'effectively terminated' [p]laintiffs' claims do not show a need to take a dismissal, especially when class certification is set to begin in May.").

Plaintiff has offered one sole justification for the Motion for Voluntary Dismissal: her desire to try the case in November 2026 as currently scheduled. (*See* ECF No. 607, PageID 9228.)  In offering this singular justification, Plaintiff fails to acknowledge the significant Fifth Amendment considerations at play for multiple parties to this suit. Nor does Plaintiff address the City's repeated statements regarding need for discovery. Plaintiff similarly fails to discuss or otherwise address the Court's analysis in the recent Order Denying Plaintiff's Motion to Bifurcate, which outlines the significant tensions and considerations between the parties' needs for discovery, the officers' Fifth Amendment considerations, and the real potential for the pending appeal and potential new criminal trials for three officers to directly impact discovery, allegations, and defenses in this suit. (*See* ECF No. 595.) Plaintiff's Motion for Voluntary Dismissal suggests the exact piecemeal approach as to the officer conduct most directly at issue across the parallel proceedings that the Court attempted to avoid by denying Plaintiff's Motion to Bifurcate. (*See id.*)

Neither the potential prejudice to the City nor the significant considerations across the parallel proceedings have diminished since the March 17, 2026 Order Denying Plaintiff's Motion to Bifurcate. (*See* ECF No. 595.) Further, the same considerations, tensions, and competing interests are at issue before the Court on this Rule 21 Motion for Voluntary Dismissal—the City (and defendants Hemphill, Dewayne Smith, and Chief Davis) **<u>will face legal prejudice</u>** by Plaintiff using a voluntary dismissal to circumvent the limited stay and force the City to trial in November 2026 while the remaining defendants are stymied on conducting meaningful discovery with the officers given the current posture of the parallel criminal proceedings.

9

This prejudice is entirely avoidable, and the competing interests[4] between all the parties involved is best managed by maintaining the current status quo—denying the Motion for Voluntary Dismissal; or conditioning the dismissal upon the entry of a protective order that would prevent any discovery against the Stayed Defendant Officers until the remaining criminal proceedings have reached a point of conclusion that reduces or extinguishes the current Fifth Amendment considerations.

Further, the City needs discovery from these five officers to proceed to summary judgment. The City has expressed that need to the Court in filings and on the record during hearings. (ECF No. 565, PageID 8546–47; ECF No. 606, PageID 9193–94.) The fourth *Grover* factor should, therefore, weigh in favor of denying the Motion for Voluntary Dismissal despite the lack of a pending Motion for Summary Judgment because the City's need for discovery to progress to summary judgment is significant, has been brought to the Court on multiple occasions, and can be conducted once the criminal proceedings are in a position for the stay to be lifted.

The overall balance of the non-exhaustive *Grover* factors weighs in favor of denying the Motion for Voluntary Dismissal. The City faces avoidable legal prejudice if the Plaintiff is allowed to unconditionally dismiss the five officers and, thus, circumvent the stay while propelling the City to trial in November 2026 without adequate opportunity to meaningfully conduct necessary discovery. It is well within the Court's sound discretion to deny the Motion for

---

[4] To be sure, Plaintiff, in her individual capacity, will not suffer any prejudice by a delay in the trial date. Her claims against the City have been dismissed, and her recovery is limited to her state law claims against two out-of-work former police officers. The Estate will not suffer any prejudice by the delay because the sole heir to the Estate—Mr. Nichols' minor child—does not even know that Mr. Nichols is his biological father, nor has he ever received any support from Mr. Nichols. He certainly is not expecting or counting on a windfall from this case on any certain time frame.

Voluntary Dismissal, or to alternatively enter an order of dismissal conditioned upon a stay of discovery against the Stayed Defendant Officers pending resolution of their criminal proceedings.

**B.**    **The Totality of Circumstances Demonstrates Plain Prejudice Warranting Denial of the Pending Motion.**

As the *Rosenthal* Court stated, the *Grover* factors are not exhaustive in a Rule 21 inquiry and district courts may consider additional factors beyond those delineated in *Grover* when evaluating the potential for prejudice to a non-moving party. *See Rosenthal*, 217 F. App'x at 502. Here, the litigation history and totality of circumstances surrounding the parties must be evaluated. Consideration of the competing interests between the parties, particularly with respect to the Fifth Amendment privileges at play, and interconnected nature of the criminal and civil proceedings here, weighs in favor of denying the Motion for Voluntary Dismissal or entering an order of dismissal conditioned on a stay of discovery against the Stayed Defendant Officers pending resolution of the criminal proceedings.

This is not Plaintiff's first effort to forcefully propel trial forward against the City in a manner that places the five officer defendants' Fifth Amendment privileges at central issue and directly impacts the City's ability to conduct meaningful cross-examination with the five officers. First, Plaintiff unsuccessfully attempted to lift the limited stay for these five officers early—in advance of a sentencing hearing slated for July 2025. (ECF No. 426.) Then, Plaintiff unsuccessfully attempted to bifurcate the claims and proceed against the City first, despite the officers' pending appeal in the Sixth Circuit and potential new criminal trials. (ECF No. 556.)

In denying both the Motion to Lift Stay and Motion to Bifurcate, this Court evaluated and balanced the competing interests of the parties, the interconnected nature of the parallel civil and criminal proceedings, and the potential prejudice to parties at play on both points. (ECF No. 461,

11

PageID 6471–72; ECF No. 595, PageID 9064–69.) In maintaining the stay for the Stayed Officer Defendants, the Court determined that it is premature to lift the stay prior to sentencing and/or while the issue of new criminal trials is pending. (ECF No. 461, PageID 6471–72.) In refusing to bifurcate the trial simply to allow Plaintiff to move forward with trial against the City as currently scheduled in November 2026, the Court specifically highlighted the potential for inconsistencies and the risk of wasting judicial resources in taking these intertwined matters piecemeal, due in part to the overlapping issues and evidence between the parallel criminal proceedings for the five officers and this civil matter. (ECF No. 595, PageID 9068–69.)

The Court has discretion to consider a broader variety of factors in ruling on the pending Motion. Here, the parties' litigation history adds significant context to the potential legal prejudice facing the City—as well as Plaintiff's repeated efforts to try and force this suit to trial prematurely, despite the complex and intertwined issues facing the parties across multiple parallel proceedings. Plaintiff's Motion for Voluntary Dismissal effectively asks the Court to give the five officers' Fifth Amendment rights a lower weight for consideration in this lawsuit by reducing them to non-parties. This is despite the fact that their conduct will remain a primary issue in this civil suit, and their Fifth Amendment rights remain at a premium given the current posture of the criminal proceedings.

The parties' competing interests across complex parallel cases are actually best managed by maintaining the status quo—either through denial of dismissal from the lawsuit or dismissal conditioned upon a stay of discovery.

## III.   CONCLUSION

For these reasons, the City of Memphis respectfully requests that Plaintiff's Motion for Voluntary Dismissal of Claims Against Stayed Defendant Officers be denied, or in the

alternative, the dismissal should be conditioned on the entry of a protective order preventing

discovery from the Stayed Officer Defendants pending resolution of their criminal proceedings.

    Dated: April 10, 2026

        Respectfully submitted,

        **BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

        *s/ Bruce McMullen*

        Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

        *Attorneys for Defendant City of Memphis
and Chief Cerelyn Davis in her Individual
Capacity*