# EXHIBIT 7

| **From:** | Joshua Levin |
| **To:** | McKinney, Kelsey |
| **Cc:** | Florence Johnson; Stephen Weil; Antonio Romanucci; Sarah Raisch; Colton Johnson Taylor; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; McMullen, Bruce; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; Morris, Angela; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos; Houston Ward; Silk, Jennie; Devon Kelly; Natalie@bencrump.com; Morris, Angela; McMullen, Bruce; Reagan, Ian; Thompson, Theresa; Butler, Briana; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com |
| **Subject:** | RE: Wells v. City of Memphis - Meet and confer on 2/20 |
| **Date:** | Sunday, February 22, 2026 5:42:45 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png |

Kelsey, thanks.

Below we have laid out questions we have about your 2/21 email, the City's most recent production (PROD 0056, sent on Friday 2/20), the City's most recent supplemental responses to Plaintiff's 9th and 10th Sets of RFPs (sent last night, 2/21), and the City's compliance with the Court's rulings at the 2/17 hearing.

### RFP 319

This RFP seeks documents relating to any ISB investigation of alleged violations of DR 127 (duty to intervene/report) from Jan 1, 2018 to Jan 7, 2023. Based on the City's production inventory reflecting your productions to date (including PROD 0056), the City has produced documents for only *one* ISB investigation. This is not a complete production of all responsive documents, and therefore does not comply with the Court's ruling that the City produce all documents responsive to this RFP by Friday 2/20. *See* ECF 570, p. 35-37. Based on past deposition exhibits alone, we know there to be more ISB investigations into DR 127 violations for the applicable time period. Will the City be producing more documents responsive to this request? (We understand you are still updating the production inventory and may not have not finished for this RFP.) Please produce all outstanding documents by 10am tomorrow (2/23) and confirm by that time that your production is complete. If not, we intend to note in the Joint Status Report that the City has failed to meet the Court's deadline and that this issue must be addressed with Judge Lipman on Tuesday. We would also intend to request a jury instruction that the only responsive documents in the City's possession are those produced to date.

### RFP 328-329

These RFPs seek internal MPD communications related to the Demorris Carter memorandum. Based on the City's production inventory reflecting your productions to date (including PROD 0056), the City has not produced any documents responsive to these requests. In the City's supplemental responses to the Plaintiff's Ninth Set of RFPs, the City claims it is continuing to search for responsive documents. The Court ordered deadline for the City to produce

Exhibit 7 - Page 1 of 30

documents responsive to these requests has passed. *See* ECF 570, p. 35-37.  Do you intend to produce any responsive documents for these requests? Please produce any responsive documents by 10am tomorrow and confirm by that time that your production is complete. If not, we intend to note in the Joint Status Report that the City has failed to meet the Court's deadline and that this issue must be addressed with Judge Lipman on Tuesday. We would also intend to request a jury instruction that these documents do not exist.

### RFP 331

This RFP seeks Chief Davis's employment contracts and any other documents reflecting the terms of her employment. Please confirm by 10am tomorrow that the four documents identified as responsive in your supplemental response are the complete set of documents responsive to this request, and that no other documents remain to be produced. If not, we intend to note in the Joint Status Report that the City has failed to meet the Court's deadline and that this issue must be addressed with Judge Lipman on Tuesday.

### RFP 333(A)-(D)

In the City's supplemental response to the Plaintiff's Tenth Set of Requests for Production, the City lists 68 bates numbers for documents that are allegedly responsive to *all* subparts of this request. This was not we expected to receive based on the agreement we reached on Friday's call. You stated, and we agreed, that you would be identifying the bates numbers of the responsive documents (with particular pages identified) *for each of the subcategories* of RFP 333(A)-(D). Providing one undifferentiated list of bates numbers does not comply with the RFP, which requests documents sufficient to show each subpart. The entire purpose of the RFP is for the City to disclose which officers fall into each category. By 10am tomorrow, please provide the per-category list of all bates numbers responsive to each category (A) through (D). If not, we will state in the Joint Status Report that this issue remains unresolved and must be addressed with Judge Lipman on Tuesday.

Putting aside that issue, do the 68 documents identified in the supplemental response reflect *all* sustained violations of DR 301 for the requested time period (Nov. 1, 2018 to Sep. 30, 2023)? Based on the over 400 alleged violations during that period that MPD listed on its online dashboard, it appears to us unlikely that 68 sustained violations represents the complete set responsive to RFP 333(A). Please let us know by 10am tomorrow, or we will note in the Joint Status Report that this issue is unresolved and must be addressed with Judge Lipman on Tuesday.

### RFP 333(E)

We understand you are continuing to locate and produce documents responsive to this request. Please provide us an update on this by 10am tomorrow so we can accurately reflect

Exhibit 7 - Page 2 of 30

our positions in the Joint Status Report.

**Limitation to Documents City Identified in Responses to 9<u>th</u> and 10<u>th</u> RFPs**

Your email states: "There is no limitation, however, on the City relying on documents at trial of which you are in possession but are otherwise unaware." We do not understand what you mean. Please clarify.

**Points of Agreement**

Lastly, we would like to confirm a few points that the parties agreed upon in our Friday morning call. First, in the interest of maintaining the scheduling order, the parties agreed to begin scheduling expert depositions without disclosing names of experts. Second, the City stated it does not object to Plaintiff disclosing medical experts whose reports may include both causation and damages opinions by the April 3 deadline for disclosure of liability experts. Plaintiff agreed this will not bind the City to disclose its damages experts at the April 3 deadline, and the parties will work together to agree on a deadline for damages experts to be disclosed at a later date.

If you have any questions or it would be helpful to discuss, you can reach me on my cell. 847-767-3366.

Thank you,
Josh

---

**From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Sent:** Saturday, February 21, 2026 9:32 PM
**To:** Joshua Levin <JLevin@rblaw.net>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; McMullen, Bruce <bmcmullen@bakerdonelson.com>; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; Morris, Angela <amorris@bakerdonelson.com>; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Exhibit 7 - Page 3 of 30

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Counsel: Please see attached the City's First Supplemental Responses to Plaintiff's Ninth and Tenth RFPs, respectively. In addition, attached is the City's corrected responses to Plaintiff's Third Set of RFAs, which corrects the responses to RFAs 292-293.

Josh: In response to the specific items you outlined below:

**RFP 333(A)-(D).**
As we repeatedly told both your team and the Court, the City has already produced all documents responsive to these subparts of the Request. You claim that:

> "The discipline officers received (for violating the use of force policy) after an investigation is the exact information that RFP 333(B)-(D) seeks, and it simply is not contained within most of the ISB files the City has produced because (with the exception of 59 incidents) the City produced only a partial, digitized version of the ISB file."

This shows a fundamental misunderstanding on what the City has produced thus far in this case.

First, the City has produced the full scan of ISB files for far more than the 58* incidents you reference. The City has produced full scans for files responsive to a number of RFPs, including (at a minimum) RFPs 110, 146, 159, 162, 165, 168, 171, 177, 180, 183, 186, 218, 219, 220, 222, 231, 236, and 249.

Second, it must be noted that you have had all the information responsive to RFP 333(A)-(D) (with the exception of the six-week period of 2018), since August 22, 2025 at the latest:

- **10/14/2024, PROD0019**: COM_0061015, COM_0062521, COM_0062864, COM_0063214
- **12/16/2024, PROD0021**: COM_0169500, COM_0169473, COM_0160504, COM_0159474
- **3/7/2025, PROD0027**: COM_0186681, COM_0186931, COM_0187345, COM_0189143, COM_0189950
- **6/6/2025, PROD0034**: COM_0197256, COM_0197701, COM_0198255, COM_0198501
- **6/20/2025, PROD0036**: COM_0203687, COM_0205132, COM_0205141
- **7/2/2025, PROD0037**: COM_0209956, COM_0209993, COM_0214532, COM_0214550, COM_0214569, COM_0214589, COM_0214605
- **7/28/2025, PROD0041**: COM_0230307, COM_0235394, COM_0235416, COM_0235754, COM_0235901, COM_0236056, COM_0236441, COM_0236452, COM_0236465, COM_0236477, COM_0236507, COM_0236535, COM_0237113, COM_0237129
- **7/30/2025, PROD0042**: COM_0246849, COM_0248987, COM_0249160, COM_0249320

Exhibit 7 - Page 4 of 30

- **8/20/2025, PROD0044**: COM_0263311, COM_0267919, COM_0267948, COM_0268915, COM_0268945, COM_0269085, COM_0269521, COM_0269713, COM_0269725, COM_0270303, COM_0270384, COM_0262738, COM_0262746, COM_0262268, COM_0264028, COM_0264054
- **8/22/2025, PROD0045**: COM_0272084, COM_0278643
- **2/20/2026, PROD0056:** COM_0321137, COM_0321149, COM_0321160, COM_0321128, COM_0321223

Third, your claim that the discipline given "simply is not contained" within the files produced is "simply" incorrect. In fact, as shown above, we have identified documents showing the discipline rendered for every single DR 301 violation in the requested time period. The disciplinary information is located on the ***first page*** for at least 85% of these documents. Thus, it appears your issue is with your team's lack of diligence in reviewing the City's document productions and not recognizing what you are already have in your possession. As we have repeatedly maintained, we have gone above and beyond our discovery obligations in this matter, and your repeated insistence to us and to the Court that we have done the opposite is affronting to all involved on our end that have worked tirelessly to provide you the vast quantities of information you have requested. **In an effort to be unnecessarily clear, the City has identified the specific page numbers of the responsive information in its supplemental response to RFP 333.**

Keep in mind, as discussed during the status conference, that the parties will be limited at trial (with the exception of impeachment only evidence) to the use documents we have produced in discovery. There is no limitation, however, on the City relying on documents at trial of which you are in possession but are otherwise unaware.

**RFP(E).**
We are still running this issue to ground. Thus far, we have identified only two individuals who retired and nine individuals who resigned following a sustained violation of DR 301.

For the retired individuals, it is unclear if either person retired as a result of the sustained DR 301 violation. It is also unclear if one of the individuals was pension-eligible at the time of his disability-related retirement. In any event, based on that officer's age, it is highly unlikely that he was pension eligible. To be eligible for a pension, an officer must achieve 25 years of service. See City's Response to RFA 429. The two individuals I am referencing are Ralph Confer and Maurice Cox.

- Ralph Confer sustained violations in ISB Case No. I2019-039. As stated in the ISB file (COM_0296219), this case arose from a "disagreement between two coworkers that turned violent" over whether one person was permitted to eat hotdogs from a potluck in the breakroom. According to his disciplinary history chart, this was Officer Confer's only violation of DR 301. Officer Confer achieved 25 years of service with MPD in December 2020.
- Maurice Cox sustained violations in ISB Case No. I2020-028. Officer Cox was found in violation of DR 301 for slapping a handcuffed prisoner. An administrative hearing was held, but before the hearing could be reconvened and any discipline rendered, Officer Cox retired. According

Exhibit 7 - Page 5 of 30

to the ISB file (COM_0301729), this was a line of duty (LOD) retirement due to an on-the-job injury (OJI) that appears to have happened shortly after the administrative hearing was held. According to his disciplinary history chart, this was Officer Cox's only violation of DR 301.

For the resignations, we are still working on determining if any of these individuals were even pension-eligible at the time of their resignation. The nine officers who resigned are Alexis Brown, Armando Bustamante, Joshua Dodson, Raul Perez, Elijah Presley, Joshua Singleton, William Skelton, Michael Tippett, and Jacob Walsh. We have already produced the personnel files for some of these officers, so it can be readily determined that Alexis Brown, Armando Bustamante, William Skelton, and Michael Tippett were not pension-eligible when they resigned. We are still looking into the remaining individuals.

We will provide further updates on Monday.

**RFP 312.**
The responsive documents are COM_0313672, COM_0313669, COM_0313650, COM_0313647, COM_0313640, COM_0313662, COM_0313656, COM_0313667, COM_0313663, COM_0313638, COM_0313632, COM_0313648, COM_0318076, COM_0318281, COM_0317914, COM_0318558, COM_0317921, COM_0318349, COM_0318177, COM_0318132, COM_0318163, COM_0318639, COM_0317892, COM_0317870, COM_0318425, COM_0318242, and COM_0318510.

**RFP 313.**
The responsive documents are COM_0313629*, COM_0318172, COM_0318447, COM_0318216, COM_0318292, COM_0318421, COM_0318088, COM_0318002, COM_0317888, COM_0318186. COM_0318190, COM_0318407, COM_0318264, COM_0318599, COM_0318085, COM_0318382, COM_0318081, COM_0318417, COM_0318103, COM_0318622, COM_0318310, COM_0318335, and COM_0251033 (at COM_0251037).
*This is the supervisor incident report.

**Production Inventory.**
As you are aware, I sent an updated production inventory last night.  However, as has been made clear over the last several days, any documents that are responsive to multiple requests (and as such, may only end up getting tagged with the first responsive request) are seemingly invisible to you. Thus, I will continue to work on it, and will provide another updated Production Inventory early next week so as to avoid further accusations of being obfuscatory in our discovery efforts.

Kindly,
Kelsey

___

**Kelsey W. McKinney** (she/her/hers)
Associate
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com

---

        **From:** McKinney, Kelsey

Exhibit 7 - Page 6 of 30

**Sent:** Friday, February 20, 2026 11:13 PM
**To:** 'Joshua Levin' <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Counsel,

In a few moments, you should receive a link to an FTP site containing the City's PROD0056, Bates Numbers COM_0320521-COM_0321648. In addition, please see an updated Production Inventory attached.

Please let us know if you have any issues accessing the link.

Kindly,
Kelsey

___

**Kelsey W. McKinney** (she/her/hers)
Associate
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Thursday, February 19, 2026 12:04 PM
**To:** McKinney, Kelsey <kmckinney@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com;

Exhibit 7 - Page 7 of 30

TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos
<DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly
<dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela
<amorris@bakerdonelson.com>; McMullen, Bruce
<bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>;
Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana
<bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com;
ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Hi Jennie,

We write to inform you of the issues we would like to discuss in our meeting
tomorrow. Please come prepared to discuss the following.

1) **Plaintiff's RFP No. 333**, as discussed in Tuesday's hearing. This City
   has claimed this RFP is duplicative of the ISB files that the City has
   produced in response to RFP 90. This is inaccurate for multiple reasons,
   outlined below.

   i.   The timeframe for this RFP is different than the time frame
        requested in RFP 90. RFP 90 covers the years 2019-2023. This
        request seeks documents from a different, more specific, time
        frame of November 1, 2018 to September 30, 2023.

   ii.  **RFP 333(A)**

        i.   RFP 333(A) seeks a list of all MPD officers who ISB
             found to have violated DR 301 (excessive force) from
             November 1, 2018 to September 30, 2023. **Does the
             City have such a list, whether in a database or
             otherwise?** (As we have explained, case law makes
             clear that searching a database and providing the results
             therefrom does not require creation of a new document
             beyond the scope of Rule 34. *See Apple Inc. v.
             Samsung Elecs. Co. Ltd.*, No. 12-630, 2013 WL
             4426512, at *3 (N.D. Cal. Aug. 14, 2013) ("While this
             court has held that a party should not [be] required to
             create completely new documents, that is not the same
             as requiring a party to query an existing dynamic
             database for relevant information. Courts regularly

Exhibit 7 - Page 8 of 30

require parties to produce reports from dynamic databases...”); *Bean v. John Wiley & Sons Inc.*, No. 11-8028, 2012 WL 129809, at *1 (D. Ariz. Jan. 17, 2012) (finding that with regard to production of ESI, Rule 34 “explicitly places the burden of translating the data on the responding party” and that “spreadsheets are generally a useable form”); *In re eBay Seller Antitrust Litigation*, No. 07-1882, 2009 WL 3613511, at *2 (N.D. Cal. Oct. 28, 2009) (finding that the magistrate judge did not err in compelling production of new dataset of records from database, noting “[t]he Federal Rules of Civil Procedure clearly contemplate the production of information from dynamic databases”).)

ii.   As to your objection that RFP 333 duplicates RFP 90, Plaintiff is unaware if the ISB files produced in response to RFP 90 represent _all_ ISB investigations into DR 301 violations during the years 2019-2023 (the period requested in RFP 90). Recall that RFP 90 requested the ISB files for investigations of alleged DR 301 violations based on the number of violations stated on MPD's online “Reimagining Policing in Memphis ISB Dashboard” (the website appears to have since been taken down). The City has never confirmed that the numbers reported on the online dashboard—much less the City's actual RFP 90 production—includes the entirety of DR 301 investigations ISB conducted during those years. If there are any additional DR 301 investigations in those years beyond what was produced for RFP 90, certainly RFP 333 cannot be duplicative.

iii.   **For RFP 333(B)-(D)**

i.   RFP 333(B) seeks a list of the discipline (date and type) imposed on any officer who ISB found to have violated DR 301 (the category requested in RFP 333(A)). **Does the City have such a list, whether in a database or otherwise?**

ii.   RFP 333(C) seeks a list of all officers who ISB found

Exhibit 7 - Page 9 of 30

to have violated DR 301 (the category requested in RFP 333(A)), who retired or resigned before discipline was imposed (and the date of retirement/resignation). **Does the City have such a list, whether in a database or otherwise?**

iii.    RFP 333(D) seeks a list of all officers who ISB found to have violated DR 301 (the category requested in RFP 333(A)), who MPD terminated as a result of their violation (and the date of termination). **Does the City have such a list, whether in a database or otherwise?**

iv.    RFP 333(B)-(D) is not duplicative of RFP 90 because the requested information is not contained within most of the ISB files produced in response to RFP 90. More specifically, the portion of the ISB files that show the disciplinary outcome (the outcome of the "administrative hearing") is generally *not* contained within the "digitized" version of any ISB file, and is contained only within the "scanned" version. We have explained this issue to you previously. As you know, for most of the ISB files produced in response to RFP 90, the City chose to produce whatever portions of the file MPD had already digitized, even though Plaintiff had requested a scan of the complete hardcopy ISB file. On September 25, 2025, after reviewing the "digitized" versions, we requested that the City produce a scanned version of the full ISB file for 59 specific use of force incidents. As we explained, we specifically requested the scanned versions because many of the digitized versions do not include the hearing documents that identify the discipline an officer may or may not have received. The discipline officers received (for violating the use of force policy) after an investigation is the exact information that RFP 333(B)-(D) seeks, and it simply is not contained within most of the ISB files the City has produced because (with the exception of 59 incidents) the City produced only a partial, digitized version of the ISB file.

iv.    **RFP 333(E)**

Exhibit 7 - Page 10 of 30

    i.   RFP 333(E) seeks a list of all officers who ISB found to have violated DR 301 (the category requested in RFP 333(A)), who had their pension rescinded or cancelled as a result of the violation. **Does the City have such a list, whether in a database or otherwise?**

    ii.   As you acknowledged in Tuesday's hearing, this request does not duplicate RFP 90 because the ISB files produced in response to RFP 90 contain no information on whether an officer's pension was rescinded or cancelled.

2)  **Plaintiff's RFP No. 284.** This is one of the RFPs where the City responded by stating "The City identifies..." and then providing a list of Bates numbers. In Tuesday's hearing, Judge Lipman ruled that for all RFPs for which the City provided that type of response, the list of documents identified in the response will be treated as the __**complete**__ list of all responsive documents in the City's possession or control for that RFP. This presents an issue with regard to RFP 284 that needs clarification. In the City's answers to Plaintiff's Requests for Admission 292-293, the City admitted that MPD generated an ISB file for the incident labeled **MPD382-P221752183**, however the ISB file is <u>not</u> one of the documents the City listed in its response to RFP 284. (Nor have we located this ISB file within the City's productions to date.) Does the ISB file for this incident exist? If it does, please produce the scanned version of the full ISB file **by COB tomorrow**. If it does not exist, please amend your response to RFAs 292-293.

3)  **Plaintiff's RFP Nos. 312-313.** In these requests, Plaintiff sought documents for incidents **MPD897-P223421409** and **MPD901-P221701397**. In your productions for the 9th Set of RFPs (PROD 54-55), the City produced Axon audit trail documents responsive to these requests but no other documents. Based on the number of officers involved in these incidents, we would anticipate there being RTRs and Blue Team Chain Routing documents that, based on our review, the City has not yet produced. Further, in RFA 378, the City admitted to being in possession of a Supervisory Incident Report in connection with incident MPD901-P221701397, but this document has not been produced.

4)  **Responses to the 9th Set of RFPs that refer to documents**

Exhibit 7 - Page 11 of 30

**identified in "the Production Inventory."** Please produce this production inventory by COB tomorrow.

Thank you,

Josh

---

**From:** Joshua Levin
**Sent:** Thursday, February 19, 2026 9:35 AM
**To:** 'McKinney, Kelsey' <kmckinney@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Thanks Kelsey—that works. We'll send you a Teams invite. We are also preparing a list of the issues we would like to discuss, which we will send shortly.

---

**From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Sent:** Thursday, February 19, 2026 8:04 AM
**To:** Joshua Levin <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com;

Exhibit 7 - Page 12 of 30

cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** Re: Wells v. City of Memphis - Meet and confer on 2/20

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Josh,

We can be available at 8:45 tomorrow.

Kindly,
Kelsey

___

**Kelsey McKinney** (she/her/hers)

Associate

Direct: 901.577.8204

Email: kmckinney@bakerdonelson.com

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Wednesday, February 18, 2026 12:22:09 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com <brooke@bencrump.com>; dm@mendelsonfirm.com <dm@mendelsonfirm.com>; martin@zummachlaw.com <martin@zummachlaw.com>; keenandl@aol.com <keenandl@aol.com>; jkp@perrygriffin.com <jkp@perrygriffin.com>; DGodwin@gmlblaw.com

Exhibit 7 - Page 13 of 30

<DGodwin@gmlblaw.com>; cgrice@eflawgroup.com <cgrice@eflawgroup.com>;
ge@perrygriffin.com <ge@perrygriffin.com>; MCollins@gmlblaw.com
<MCollins@gmlblaw.com>; TNorman@gmlblaw.com <TNorman@gmlblaw.com>;
Mistie@zummachlaw.com <Mistie@zummachlaw.com>; Dana Kondos
<DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly
<dkelly@rblaw.net>; Natalie@bencrump.com <Natalie@bencrump.com>; Morris,
Angela <amorris@bakerdonelson.com>; McMullen, Bruce
<bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>;
Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana
<bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com
<bwachtel@mendelsonfirm.com>; ben@bencrump.com <ben@bencrump.com>;
McKinney, Kelsey <kmckinney@bakerdonelson.com>; bwalton@gmlblaw.com
<bwalton@gmlblaw.com>; stephenrleffler@yahoo.com
<stephenrleffler@yahoo.com>
**Subject:** Wells v. City of Memphis - Meet and confer on 2/20

Counsel,

Nice to see you all yesterday. City counsel, please let us know your availability
for this Friday 8:30am-11am, so we can find a time to confer about Plaintiff's
RFP 333 and any other items from the 9th and 10th sets of RFPs. We are
continuing to review your responses and productions today and tomorrow.

Counsel for other defendants are welcome to join the call but I don't believe
your attendance is necessary because this is a discovery issue between
Plaintiff and the City.

Thank you,
Josh

**Joshua M. Levin**
Senior Attorney



**www.rblaw.net**

**e:** jlevin@rblaw.net
**p:** (312) 253-8623
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste
900, Chicago, IL 60654



 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is
intended only for the personal and confidential use of the designated recipient named above.

Exhibit 7 - Page 14 of 30

This message may be an attorney-client communication and, as such, is privileged and confidential.
If the reader of this message is not the intended recipient, you are hereby notified that you have
received this communication in error and that any review, dissemination, distribution, or copying
of the message is strictly prohibited.  If you have received this transmission in error, please notify
us immediately by telephone at 312.458.1000 or by reply e-mail.

NOTICE: This electronic mail transmission with any attachments may
constitute an attorney-client communication, protected health information
(PHI) or other confidential information that is in fact confidential, legally
protected from disclosure and/or protected by the attorney-client privilege. If
you are the intended recipient, please maintain confidentiality and be aware
that forwarding this e-mail to others may result in a waiver of these protections
and privileges and regardless electronic communications may be at times
illegally accessed and viewed. If you are not the intended recipient, this e-mail
is not intended for transmission to you, nor to be read, reviewed, used,
distributed or even received by you or any other unauthorized persons. If you
have received this electronic mail transmission in error, please double delete it
from your system immediately without copying, reading or disseminating it, and
notify the sender by reply e-mail, so that our address record can be corrected.
Thank you very much.

Exhibit 7 - Page 15 of 30

| | |
|---|---|
| **From:** | Joshua Levin |
| **To:** | McKinney, Kelsey |
| **Cc:** | Florence Johnson; Stephen Weil; Antonio Romanucci; Sarah Raisch; Colton Johnson Taylor; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; McMullen, Bruce; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; Morris, Angela; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos; Houston Ward; Silk, Jennie; Devon Kelly; Natalie@bencrump.com; Morris, Angela; McMullen, Bruce; Reagan, Ian; Thompson, Theresa; Butler, Briana; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com |
| **Subject:** | RE: Wells v. City of Memphis - Meet and confer on 2/20 |
| **Date:** | Sunday, February 22, 2026 5:42:45 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png |

Kelsey, thanks.

Below we have laid out questions we have about your 2/21 email, the City's most recent production (PROD 0056, sent on Friday 2/20), the City's most recent supplemental responses to Plaintiff's 9th and 10th Sets of RFPs (sent last night, 2/21), and the City's compliance with the Court's rulings at the 2/17 hearing.

### RFP 319

This RFP seeks documents relating to any ISB investigation of alleged violations of DR 127 (duty to intervene/report) from Jan 1, 2018 to Jan 7, 2023. Based on the City's production inventory reflecting your productions to date (including PROD 0056), the City has produced documents for only *one* ISB investigation. This is not a complete production of all responsive documents, and therefore does not comply with the Court's ruling that the City produce all documents responsive to this RFP by Friday 2/20. *See* ECF 570, p. 35-37. Based on past deposition exhibits alone, we know there to be more ISB investigations into DR 127 violations for the applicable time period. Will the City be producing more documents responsive to this request? (We understand you are still updating the production inventory and may not have not finished for this RFP.) Please produce all outstanding documents by 10am tomorrow (2/23) and confirm by that time that your production is complete. If not, we intend to note in the Joint Status Report that the City has failed to meet the Court's deadline and that this issue must be addressed with Judge Lipman on Tuesday. We would also intend to request a jury instruction that the only responsive documents in the City's possession are those produced to date.

### RFP 328-329

These RFPs seek internal MPD communications related to the Demorris Carter memorandum. Based on the City's production inventory reflecting your productions to date (including PROD 0056), the City has not produced any documents responsive to these requests. In the City's supplemental responses to the Plaintiff's Ninth Set of RFPs, the City claims it is continuing to search for responsive documents. The Court ordered deadline for the City to produce

Exhibit 7 - Page 16 of 30

documents responsive to these requests has passed. *See* ECF 570, p. 35-37.  Do you intend to produce any responsive documents for these requests? Please produce any responsive documents by 10am tomorrow and confirm by that time that your production is complete. If not, we intend to note in the Joint Status Report that the City has failed to meet the Court's deadline and that this issue must be addressed with Judge Lipman on Tuesday. We would also intend to request a jury instruction that these documents do not exist.

### RFP 331

This RFP seeks Chief Davis's employment contracts and any other documents reflecting the terms of her employment. Please confirm by 10am tomorrow that the four documents identified as responsive in your supplemental response are the complete set of documents responsive to this request, and that no other documents remain to be produced. If not, we intend to note in the Joint Status Report that the City has failed to meet the Court's deadline and that this issue must be addressed with Judge Lipman on Tuesday.

### RFP 333(A)-(D)

In the City's supplemental response to the Plaintiff's Tenth Set of Requests for Production, the City lists 68 bates numbers for documents that are allegedly responsive to *all* subparts of this request. This was not we expected to receive based on the agreement we reached on Friday's call. You stated, and we agreed, that you would be identifying the bates numbers of the responsive documents (with particular pages identified) *for each of the subcategories* of RFP 333(A)-(D). Providing one undifferentiated list of bates numbers does not comply with the RFP, which requests documents sufficient to show each subpart. The entire purpose of the RFP is for the City to disclose which officers fall into each category. By 10am tomorrow, please provide the per-category list of all bates numbers responsive to each category (A) through (D). If not, we will state in the Joint Status Report that this issue remains unresolved and must be addressed with Judge Lipman on Tuesday.

Putting aside that issue, do the 68 documents identified in the supplemental response reflect *all* sustained violations of DR 301 for the requested time period (Nov. 1, 2018 to Sep. 30, 2023)? Based on the over 400 alleged violations during that period that MPD listed on its online dashboard, it appears to us unlikely that 68 sustained violations represents the complete set responsive to RFP 333(A). Please let us know by 10am tomorrow, or we will note in the Joint Status Report that this issue is unresolved and must be addressed with Judge Lipman on Tuesday.

### RFP 333(E)

We understand you are continuing to locate and produce documents responsive to this request. Please provide us an update on this by 10am tomorrow so we can accurately reflect

Exhibit 7 - Page 17 of 30

our positions in the Joint Status Report.

**Limitation to Documents City Identified in Responses to 9<u>th</u> and 10<u>th</u> RFPs**

Your email states: "There is no limitation, however, on the City relying on documents at trial of which you are in possession but are otherwise unaware." We do not understand what you mean. Please clarify.

**Points of Agreement**

Lastly, we would like to confirm a few points that the parties agreed upon in our Friday morning call. First, in the interest of maintaining the scheduling order, the parties agreed to begin scheduling expert depositions without disclosing names of experts. Second, the City stated it does not object to Plaintiff disclosing medical experts whose reports may include both causation and damages opinions by the April 3 deadline for disclosure of liability experts. Plaintiff agreed this will not bind the City to disclose its damages experts at the April 3 deadline, and the parties will work together to agree on a deadline for damages experts to be disclosed at a later date.

If you have any questions or it would be helpful to discuss, you can reach me on my cell. 847-767-3366.

Thank you,
Josh

---

**From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Sent:** Saturday, February 21, 2026 9:32 PM
**To:** Joshua Levin <JLevin@rblaw.net>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; McMullen, Bruce <bmcmullen@bakerdonelson.com>; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; Morris, Angela <amorris@bakerdonelson.com>; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Exhibit 7 - Page 18 of 30

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Counsel: Please see attached the City's First Supplemental Responses to Plaintiff's Ninth and Tenth RFPs, respectively. In addition, attached is the City's corrected responses to Plaintiff's Third Set of RFAs, which corrects the responses to RFAs 292-293.

Josh: In response to the specific items you outlined below:

**RFP 333(A)-(D).**
As we repeatedly told both your team and the Court, the City has already produced all documents responsive to these subparts of the Request. You claim that:

> "The discipline officers received (for violating the use of force policy) after an investigation is the exact information that RFP 333(B)-(D) seeks, and it simply is not contained within most of the ISB files the City has produced because (with the exception of 59 incidents) the City produced only a partial, digitized version of the ISB file."

This shows a fundamental misunderstanding on what the City has produced thus far in this case.

First, the City has produced the full scan of ISB files for far more than the 58* incidents you reference. The City has produced full scans for files responsive to a number of RFPs, including (at a minimum) RFPs 110, 146, 159, 162, 165, 168, 171, 177, 180, 183, 186, 218, 219, 220, 222, 231, 236, and 249.

Second, it must be noted that you have had all the information responsive to RFP 333(A)-(D) (with the exception of the six-week period of 2018), since August 22, 2025 at the latest:

- **10/14/2024, PROD0019**: COM_0061015, COM_0062521, COM_0062864, COM_0063214
- **12/16/2024, PROD0021**: COM_0169500, COM_0169473, COM_0160504, COM_0159474
- **3/7/2025, PROD0027**: COM_0186681, COM_0186931, COM_0187345, COM_0189143, COM_0189950
- **6/6/2025, PROD0034**: COM_0197256, COM_0197701, COM_0198255, COM_0198501
- **6/20/2025, PROD0036**: COM_0203687, COM_0205132, COM_0205141
- **7/2/2025, PROD0037**: COM_0209956, COM_0209993, COM_0214532, COM_0214550, COM_0214569, COM_0214589, COM_0214605
- **7/28/2025, PROD0041**: COM_0230307, COM_0235394, COM_0235416, COM_0235754, COM_0235901, COM_0236056, COM_0236441, COM_0236452, COM_0236465, COM_0236477, COM_0236507, COM_0236535, COM_0237113, COM_0237129
- **7/30/2025, PROD0042**: COM_0246849, COM_0248987, COM_0249160, COM_0249320

Exhibit 7 - Page 19 of 30

- **8/20/2025, PROD0044**: COM_0263311, COM_0267919, COM_0267948, COM_0268915, COM_0268945, COM_0269085, COM_0269521, COM_0269713, COM_0269725, COM_0270303, COM_0270384, COM_0262738, COM_0262746, COM_0262268, COM_0264028, COM_0264054
- **8/22/2025, PROD0045**: COM_0272084, COM_0278643
- **2/20/2026, PROD0056:** COM_0321137, COM_0321149, COM_0321160, COM_0321128, COM_0321223

Third, your claim that the discipline given "simply is not contained" within the files produced is "simply" incorrect. In fact, as shown above, we have identified documents showing the discipline rendered for every single DR 301 violation in the requested time period. The disciplinary information is located on the ***first page*** for at least 85% of these documents. Thus, it appears your issue is with your team's lack of diligence in reviewing the City's document productions and not recognizing what you are already have in your possession. As we have repeatedly maintained, we have gone above and beyond our discovery obligations in this matter, and your repeated insistence to us and to the Court that we have done the opposite is affronting to all involved on our end that have worked tirelessly to provide you the vast quantities of information you have requested. **In an effort to be unnecessarily clear, the City has identified the specific page numbers of the responsive information in its supplemental response to RFP 333.**

Keep in mind, as discussed during the status conference, that the parties will be limited at trial (with the exception of impeachment only evidence) to the use documents we have produced in discovery. There is no limitation, however, on the City relying on documents at trial of which you are in possession but are otherwise unaware.

**RFP(E).**
We are still running this issue to ground. Thus far, we have identified only two individuals who retired and nine individuals who resigned following a sustained violation of DR 301.

For the retired individuals, it is unclear if either person retired as a result of the sustained DR 301 violation. It is also unclear if one of the individuals was pension-eligible at the time of his disability-related retirement. In any event, based on that officer's age, it is highly unlikely that he was pension eligible. To be eligible for a pension, an officer must achieve 25 years of service. See City's Response to RFA 429. The two individuals I am referencing are Ralph Confer and Maurice Cox.

- Ralph Confer sustained violations in ISB Case No. I2019-039. As stated in the ISB file (COM_0296219), this case arose from a "disagreement between two coworkers that turned violent" over whether one person was permitted to eat hotdogs from a potluck in the breakroom. According to his disciplinary history chart, this was Officer Confer's only violation of DR 301. Officer Confer achieved 25 years of service with MPD in December 2020.
- Maurice Cox sustained violations in ISB Case No. I2020-028. Officer Cox was found in violation of DR 301 for slapping a handcuffed prisoner. An administrative hearing was held, but before the hearing could be reconvened and any discipline rendered, Officer Cox retired. According

Exhibit 7 - Page 20 of 30

to the ISB file (COM_0301729), this was a line of duty (LOD) retirement due to an on-the-job injury (OJI) that appears to have happened shortly after the administrative hearing was held. According to his disciplinary history chart, this was Officer Cox's only violation of DR 301.

For the resignations, we are still working on determining if any of these individuals were even pension-eligible at the time of their resignation. The nine officers who resigned are Alexis Brown, Armando Bustamante, Joshua Dodson, Raul Perez, Elijah Presley, Joshua Singleton, William Skelton, Michael Tippett, and Jacob Walsh. We have already produced the personnel files for some of these officers, so it can be readily determined that Alexis Brown, Armando Bustamante, William Skelton, and Michael Tippett were not pension-eligible when they resigned. We are still looking into the remaining individuals.

We will provide further updates on Monday.

**RFP 312.**
The responsive documents are COM_0313672, COM_0313669, COM_0313650, COM_0313647, COM_0313640, COM_0313662, COM_0313656, COM_0313667, COM_0313663, COM_0313638, COM_0313632, COM_0313648, COM_0318076, COM_0318281, COM_0317914, COM_0318558, COM_0317921, COM_0318349, COM_0318177, COM_0318132, COM_0318163, COM_0318639, COM_0317892, COM_0317870, COM_0318425, COM_0318242, and COM_0318510.

**RFP 313.**
The responsive documents are COM_0313629*, COM_0318172, COM_0318447, COM_0318216, COM_0318292, COM_0318421, COM_0318088, COM_0318002, COM_0317888, COM_0318186. COM_0318190, COM_0318407, COM_0318264, COM_0318599, COM_0318085, COM_0318382, COM_0318081, COM_0318417, COM_0318103, COM_0318622, COM_0318310, COM_0318335, and COM_0251033 (at COM_0251037).
*This is the supervisor incident report.

**Production Inventory.**
As you are aware, I sent an updated production inventory last night.  However, as has been made clear over the last several days, any documents that are responsive to multiple requests (and as such, may only end up getting tagged with the first responsive request) are seemingly invisible to you. Thus, I will continue to work on it, and will provide another updated Production Inventory early next week so as to avoid further accusations of being obfuscatory in our discovery efforts.

Kindly,
Kelsey

___
**Kelsey W. McKinney** (she/her/hers)
Associate
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com

**From:** McKinney, Kelsey

Exhibit 7 - Page 21 of 30

**Sent:** Friday, February 20, 2026 11:13 PM
**To:** 'Joshua Levin' <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Counsel,

In a few moments, you should receive a link to an FTP site containing the City's PROD0056, Bates Numbers COM_0320521-COM_0321648. In addition, please see an updated Production Inventory attached.

Please let us know if you have any issues accessing the link.

Kindly,
Kelsey

___

**Kelsey W. McKinney** (she/her/hers)
Associate
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Thursday, February 19, 2026 12:04 PM
**To:** McKinney, Kelsey <kmckinney@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com;

Exhibit 7 - Page 22 of 30

TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Hi Jennie,

We write to inform you of the issues we would like to discuss in our meeting tomorrow. Please come prepared to discuss the following.

1) **Plaintiff's RFP No. 333**, as discussed in Tuesday's hearing. This City has claimed this RFP is duplicative of the ISB files that the City has produced in response to RFP 90. This is inaccurate for multiple reasons, outlined below.

   i. The timeframe for this RFP is different than the time frame requested in RFP 90. RFP 90 covers the years 2019-2023. This request seeks documents from a different, more specific, time frame of November 1, 2018 to September 30, 2023.

   ii. **RFP 333(A)**

      i. RFP 333(A) seeks a list of all MPD officers who ISB found to have violated DR 301 (excessive force) from November 1, 2018 to September 30, 2023. **Does the City have such a list, whether in a database or otherwise?** (As we have explained, case law makes clear that searching a database and providing the results therefrom does not require creation of a new document beyond the scope of Rule 34. *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-630, 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013) ("While this court has held that a party should not [be] required to create completely new documents, that is not the same as requiring a party to query an existing dynamic database for relevant information. Courts regularly

Exhibit 7 - Page 23 of 30

require parties to produce reports from dynamic databases...”); *Bean v. John Wiley & Sons Inc.*, No. 11-8028, 2012 WL 129809, at *1 (D. Ariz. Jan. 17, 2012) (finding that with regard to production of ESI, Rule 34 “explicitly places the burden of translating the data on the responding party” and that “spreadsheets are generally a useable form”); *In re eBay Seller Antitrust Litigation*, No. 07-1882, 2009 WL 3613511, at *2 (N.D. Cal. Oct. 28, 2009) (finding that the magistrate judge did not err in compelling production of new dataset of records from database, noting “[t]he Federal Rules of Civil Procedure clearly contemplate the production of information from dynamic databases”).)

ii.   As to your objection that RFP 333 duplicates RFP 90, Plaintiff is unaware if the ISB files produced in response to RFP 90 represent _all_ ISB investigations into DR 301 violations during the years 2019-2023 (the period requested in RFP 90). Recall that RFP 90 requested the ISB files for investigations of alleged DR 301 violations based on the number of violations stated on MPD's online “Reimagining Policing in Memphis ISB Dashboard” (the website appears to have since been taken down). The City has never confirmed that the numbers reported on the online dashboard—much less the City's actual RFP 90 production—includes the entirety of DR 301 investigations ISB conducted during those years. If there are any additional DR 301 investigations in those years beyond what was produced for RFP 90, certainly RFP 333 cannot be duplicative.

iii.   **For RFP 333(B)-(D)**

i.   RFP 333(B) seeks a list of the discipline (date and type) imposed on any officer who ISB found to have violated DR 301 (the category requested in RFP 333(A)). **Does the City have such a list, whether in a database or otherwise?**

ii.   RFP 333(C) seeks a list of all officers who ISB found

Exhibit 7 - Page 24 of 30

to have violated DR 301 (the category requested in RFP 333(A)), who retired or resigned before discipline was imposed (and the date of retirement/resignation). **Does the City have such a list, whether in a database or otherwise?**

iii.    RFP 333(D) seeks a list of all officers who ISB found to have violated DR 301 (the category requested in RFP 333(A)), who MPD terminated as a result of their violation (and the date of termination). **Does the City have such a list, whether in a database or otherwise?**

iv.    RFP 333(B)-(D) is not duplicative of RFP 90 because the requested information is not contained within most of the ISB files produced in response to RFP 90. More specifically, the portion of the ISB files that show the disciplinary outcome (the outcome of the "administrative hearing") is generally *not* contained within the "digitized" version of any ISB file, and is contained only within the "scanned" version. We have explained this issue to you previously. As you know, for most of the ISB files produced in response to RFP 90, the City chose to produce whatever portions of the file MPD had already digitized, even though Plaintiff had requested a scan of the complete hardcopy ISB file. On September 25, 2025, after reviewing the "digitized" versions, we requested that the City produce a scanned version of the full ISB file for 59 specific use of force incidents. As we explained, we specifically requested the scanned versions because many of the digitized versions do not include the hearing documents that identify the discipline an officer may or may not have received. The discipline officers received (for violating the use of force policy) after an investigation is the exact information that RFP 333(B)-(D) seeks, and it simply is not contained within most of the ISB files the City has produced because (with the exception of 59 incidents) the City produced only a partial, digitized version of the ISB file.

iv.        **RFP 333(E)**

Exhibit 7 - Page 25 of 30

    i.   RFP 333(E) seeks a list of all officers who ISB found to have violated DR 301 (the category requested in RFP 333(A)), who had their pension rescinded or cancelled as a result of the violation. **Does the City have such a list, whether in a database or otherwise?**

    ii.   As you acknowledged in Tuesday's hearing, this request does not duplicate RFP 90 because the ISB files produced in response to RFP 90 contain no information on whether an officer's pension was rescinded or cancelled.

2)   **Plaintiff's RFP No. 284.** This is one of the RFPs where the City responded by stating "The City identifies…" and then providing a list of Bates numbers. In Tuesday's hearing, Judge Lipman ruled that for all RFPs for which the City provided that type of response, the list of documents identified in the response will be treated as the **<u>complete</u>** list of all responsive documents in the City's possession or control for that RFP. This presents an issue with regard to RFP 284 that needs clarification. In the City's answers to Plaintiff's Requests for Admission 292-293, the City admitted that MPD generated an ISB file for the incident labeled **MPD382-P221752183**, however the ISB file is <u>not</u> one of the documents the City listed in its response to RFP 284. (Nor have we located this ISB file within the City's productions to date.) Does the ISB file for this incident exist? If it does, please produce the scanned version of the full ISB file **by COB tomorrow**. If it does not exist, please amend your response to RFAs 292-293.

3)   **Plaintiff's RFP Nos. 312-313.** In these requests, Plaintiff sought documents for incidents **MPD897-P223421409** and **MPD901-P221701397**. In your productions for the 9th Set of RFPs (PROD 54-55), the City produced Axon audit trail documents responsive to these requests but no other documents. Based on the number of officers involved in these incidents, we would anticipate there being RTRs and Blue Team Chain Routing documents that, based on our review, the City has not yet produced. Further, in RFA 378, the City admitted to being in possession of a Supervisory Incident Report in connection with incident MPD901-P221701397, but this document has not been produced.

4)   **Responses to the 9th Set of RFPs that refer to documents**

Exhibit 7 - Page 26 of 30

**identified in "the Production Inventory."** Please produce this production inventory by COB tomorrow.

Thank you,

Josh

---

**From:** Joshua Levin
**Sent:** Thursday, February 19, 2026 9:35 AM
**To:** 'McKinney, Kelsey' <kmckinney@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com; cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** RE: Wells v. City of Memphis - Meet and confer on 2/20

Thanks Kelsey—that works. We'll send you a Teams invite. We are also preparing a list of the issues we would like to discuss, which we will send shortly.

---

**From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Sent:** Thursday, February 19, 2026 8:04 AM
**To:** Joshua Levin <JLevin@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com; dm@mendelsonfirm.com; martin@zummachlaw.com; keenandl@aol.com; jkp@perrygriffin.com; DGodwin@gmlblaw.com;

Exhibit 7 - Page 27 of 30

cgrice@eflawgroup.com; ge@perrygriffin.com; MCollins@gmlblaw.com; TNorman@gmlblaw.com; Mistie@zummachlaw.com; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com; ben@bencrump.com; bwalton@gmlblaw.com; stephenrleffler@yahoo.com
**Subject:** Re: Wells v. City of Memphis - Meet and confer on 2/20

> **[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Josh,

We can be available at 8:45 tomorrow.

Kindly,
Kelsey

___

**Kelsey McKinney** (she/her/hers)

Associate

Direct: 901.577.8204

Email: kmckinney@bakerdonelson.com

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Wednesday, February 18, 2026 12:22:09 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Cc:** Florence Johnson <fjohnson@johnsonandjohnsonattys.com>; Stephen Weil <SWeil@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; brooke@bencrump.com <brooke@bencrump.com>; dm@mendelsonfirm.com <dm@mendelsonfirm.com>; martin@zummachlaw.com <martin@zummachlaw.com>; keenandl@aol.com <keenandl@aol.com>; jkp@perrygriffin.com <jkp@perrygriffin.com>; DGodwin@gmlblaw.com

Exhibit 7 - Page 28 of 30

<DGodwin@gmlblaw.com>; cgrice@eflawgroup.com <cgrice@eflawgroup.com>; ge@perrygriffin.com <ge@perrygriffin.com>; MCollins@gmlblaw.com <MCollins@gmlblaw.com>; TNorman@gmlblaw.com <TNorman@gmlblaw.com>; Mistie@zummachlaw.com <Mistie@zummachlaw.com>; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>; Natalie@bencrump.com <Natalie@bencrump.com>; Morris, Angela <amorris@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Butler, Briana <bbutler@bakerdonelson.com>; bwachtel@mendelsonfirm.com <bwachtel@mendelsonfirm.com>; ben@bencrump.com <ben@bencrump.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; bwalton@gmlblaw.com <bwalton@gmlblaw.com>; stephenrleffler@yahoo.com <stephenrleffler@yahoo.com>
**Subject:** Wells v. City of Memphis - Meet and confer on 2/20

Counsel,

Nice to see you all yesterday. City counsel, please let us know your availability for this Friday 8:30am-11am, so we can find a time to confer about Plaintiff's RFP 333 and any other items from the 9th and 10th sets of RFPs. We are continuing to review your responses and productions today and tomorrow.

Counsel for other defendants are welcome to join the call but I don't believe your attendance is necessary because this is a discovery issue between Plaintiff and the City.

Thank you,
Josh

**Joshua M. Levin**
Senior Attorney



**www.rblaw.net**

**e:** jlevin@rblaw.net
**p:** (312) 253-8623
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654



 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above.

Exhibit 7 - Page 29 of 30

This message may be an attorney-client communication and, as such, is privileged and confidential.
If the reader of this message is not the intended recipient, you are hereby notified that you have
received this communication in error and that any review, dissemination, distribution, or copying
of the message is strictly prohibited.  If you have received this transmission in error, please notify
us immediately by telephone at 312.458.1000 or by reply e-mail.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.

Exhibit 7 - Page 30 of 30