**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) | CASE NO. 2:23-CV-02224-SHL-atc JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; DeWayne Smith, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**THE CITY OF MEMPHIS'S MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH THE COURT'S ORDER AND FOR SANCTIONS AND ITS INCORPORATED MEMORANDUM IN SUPPORT**

Defendant City of Memphis (the "City"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7.2, moves this Court to order Plaintiff to produce for forensic testing certain items located in Mr. Nichols's car on the night of the incident that *the Court has already ordered Plaintiff to produce for forensic testing*. Plaintiff has refused to produce the items or participate in setting up the protocols for testing. Plaintiff's refusal to produce these items is a violation of the Court's and therefore, sanctionable.

The items at issue, along with several stolen credit cards, stolen ID cards[1], and a jar of illegal mushrooms, were recovered by the Tennessee Bureau of Investigation ("TBI") from Mr.

---

[1] The owners of the stolen credit/ID cards testified in the state criminal trial that their cards, which were in Mr. Nichols' possession, were stolen on the night of October 31, 2022.

Nichols' car following the incident giving rise in the lawsuit. TBI returned these items—

including the stolen credit cards and stolen ID cards[2]—to Plaintiff.

Over the course of this litigation, Plaintiff has repeatedly refused to allow the City to

inspect these items. First, she failed to produce all the items in the car, which were known to

exist based on photographs from the TBI. A second inspection then followed, wherein Plaintiff

produced one additional item. But this was still not all of the materials in the car. A third

inspection then followed for the remaining items, but Plaintiff's counsel objected to the City's

inspection of journals found in the car and similarly would not allow the City to inspect a digital

camera found in the car.

Following those inspections, counsel for Plaintiff represented to the City that the digital

camera had no photos on it. The City then requested to forensically examine the camera and

perform tests on other certain items. Plaintiff once again objected, and the City filed a Motion to

Compel (ECF No. 454), which the Court granted. (Order, ECF No. 609.)

On April 14, 2026, however, Plaintiff once again blocked the City from accessing the

items she was ordered to produce by this Court. Those items include:

1. A digital camera to be tested forensically to determine when the photographs on the camera were deleted;

2. A prescription pill, a glass container, a wood box, two forks with bent tines, a straw, a plastic writing pen that appears to be drug paraphernalia, a glass Bell jar, a shot glass, to be tested for drug residue;

3. An iPhone with a cracked screen to be forensically examined;

4. Unknown matter to be tested to determine its nature.

---

[2] It is unknown who has possession of the jar of illegal mushrooms at this time.

2

(*See* ECF 454, p. 4 (sealed); *see also* ECF 454-7 (exhibit including photographs of the "unknown matter to be tested") (sealed).)

Despite a clear directive from this Court (ECF No. 609), Plaintiff has refused to produce the ordered materials, attempted to manufacture meritless delays, and failed to meaningfully participate in the consultation process required by the Court. Plaintiff's conduct constitutes non-compliance with the Court's Order and warrants immediate relief and sanctions, including attorneys' fees.

## I.    BACKGROUND

On March 31, 2026, the Court granted the City's Motions to Compel as to Request for Production 161. (*See* ECF No. 609.) The Court found that because it "already determined[] . . . that Plaintiff put Nichols's 'personal habits of sobriety and industry' at issue in this case[,] . . . the forensic testing sought by the City is relevant" and must be produced for testing. (ECF No. 609, PageID 9292.) The Court ordered that "[t]he parties shall consult and agree upon a testing protocol for the items in RFP No. 161 by April 14, 2026, and Plaintiff shall make those items available for testing by April 30, 2026." (ECF No. 609, PageID 9287.)

The City took the Court's order seriously, and on April 9, 2026, after hearing nothing from Plaintiff on the issue, initiated communications with Plaintiff's counsel regarding their availability to meet and confer on April 14, 2026. The City noted the "need to arrange a time to pick up those items in the coming weeks." (*See* Email Chain RE: Wells v. City of Memphis et al – Plaintiff's Expert Disclosures, attached as Exhibit A.) But Plaintiff's counsel instead redirected the conversation to deposition scheduling, responding as follows:

> [The City] asked whether [Plaintiff's counsel] are available on April 14 to discuss a protocol for testing items from Mr. Nichols' car. [Plaintiff's counsel] are available that day—but we also offered April 14 for Dr. Babu's deposition. If the City is available on April 14, ***it should use that day to***

3

> *depose Dr. Babu*. As for the testing protocol, please send us a written
> proposal, including a proposed vendor, so that we can review it.

(*Id.* (emphasis added).)

The City responded by reemphasizing that Plaintiff must comply with its duty to provide "the items [the City] requested a year ago for forensic testing." (*Id.*) At no time after this April 9, 2026 email exchange did Plaintiff's counsel communicate with the City about scheduling either the Court-ordered meet and confer, the testing protocols for the eleven items to be tested, or when or where the items could be picked up for that testing.

For days, Plaintiff's counsel ignored the City's plea to provide those materials and failed to take ownership of Plaintiff's responsibility to coordinate a time to meet and confer with the City as per the Court's Order. Instead, Plaintiff focused solely on scheduling expert depositions, despite the City's Motion to Reopen Discovery for a Limited Purpose and to Amend Scheduling Order seeking to hold in "abeyance all deadlines in the current scheduling order due to [Plaintiff's] omissions from fact discovery and voluminous expert disclosures." (*Id.*); *see also* ECF No. 611.

On April 14, 2026, the City provided Plaintiff with its testing protocol. (*See* Email "Wells v. City of Memphis, et al. - Testing Protocol", attached as Exhibit B; April 14, 2026 Letter Regarding Testing Protocol, attached as Exhibit C.) Plaintiff's counsel responded by attempting to rewrite the events laid out above, stating:

> On April 9, *we* asked you to send us a written proposal, including a proposed
> vendor, so that we could review it and discuss with you. We then heard
> nothing until 5:20 p.m. today, when you sent us a proposed protocol for the
> first time.

(*Id.* (emphasis in original).)

Despite sending their own response email at 11:58 p.m., nearly seven hours after the City provided the testing protocol, Plaintiff's counsel goes on to complain:

4

> By waiting until after close of business on the deadline to send a detailed
> proposed testing protocol we had never discussed or seen before, the City
> made it impossible for the parties to consult and reach agreement by today
> as the Court ordered.
>
> . . .
>
> At this point, if the City wants additional time, it can seek leave from the
> Court.

(*Id.*)

Accordingly, and upon the request of Plaintiff, the City asks the Court to compel Plaintiff

to comply with the Court's previous order and produce the items for inspection and testing

immediately.

## II.    LAW AND ARGUMENT

### A.    Legal Standard

"Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel

discovery." *Trimbur v. Norfolk Southern Co.*, No. 2:13-cv-0160, 2015 WL 235219, at *2 (S.D.

Ohio Jan. 16, 2015) (citing Fed. R. Civ. P. 37(a)(3)(B)). "If a party or a party's officer, director,

or managing agent[] . . . fails to obey an order to provide or permit discovery[] . . . the court

where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2).

This includes sanctions. "[A] court's reliance upon its inherent authority to sanction

derives from its equitable power to control the litigants before it and to guarantee the integrity of

the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307

F.3d 501, 512 (6th Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

### B.    Plaintiff Has Failed to Comply with the Court's Order and Obstructed the Court-Ordered Consultation Process.

Plaintiff has refused to comply with a clear and unambiguous Order from this Court

requiring production of specific items, instead attempting to condition compliance on additional,

5

self-imposed procedural prerequisites that appear nowhere in the Order. Although the Court required the parties to consult regarding a testing protocol, it did not authorize delay, inaction, or refusal to produce those items, nor did it shift responsibility for moving the process forward solely to the City. The Order plainly requires both consultation and production, and there is no basis for Plaintiff to suggest that somehow the City's conduct constitutes the need for additional time or for her to withhold items the Court has expressly ordered to be produced.

As the producing party and the party that upon which the Court ordered compliance, Plaintiff bore the burden of engaging in the consultation process in good faith and ensuring that production occurred. Plaintiff failed to do so. Plaintiff's refusal to move forward with production is inconsistent with both the plain language and the intent of the Court's Order.

Rather than meaningfully consult, Plaintiff made little to no effort to confer with the City. When the City sought Plaintiff's availability for April 14, Plaintiff's counsel provided only that they were "available" on April 14. (*See* Exhibit A.) But Plaintiff's counsel proposed no times to meet on April 14 or alternative dates they were also available, offered no proposed protocol, and advanced no procedures for the City's review. Plaintiff instead admonished the City for not scheduling a seven-hour deposition on that date. (*Id.*) Plaintiff's silence and nonparticipation cannot now be used as a justification for refusing to comply with the Court's Order.

Further, Plaintiff's criticism of the City for not providing a testing protocol sooner is meritless. Plaintiff—despite being the producing party—never proposed any protocol ***at all***. Clearly, Plaintiff could have provided a proposed protocol for the City to review, and as the party ***ordered*** to produce the items and who objected to the items testing in the first place, it would make sense for Plaintiff to do so. The City's longstanding position regarding production and testing has not changed since the underlying discovery request was served. The City's protocol,

6

provided to Plaintiff on April 14, 2026, merely articulates that position with greater detail in direct response to the Court's Order; it does not represent a change in approach. Plaintiff cannot weaponize the absence of hyper-technical details as a basis to withhold production altogether.

Plaintiff's refusal to comply with the Court's Order, failure to engage in good-faith consultation, and attempt to shift blame to the City have necessitated renewed Court intervention. Accordingly, Plaintiff counsel's conduct warrants the imposition of appropriate sanctions to deter Plaintiff for blatantly disregarding the Court's orders.

## III.   CONCLUSION

For the reasons stated above, the City respectfully asks that the Court (1) order Plaintiff to immediately produce the items identified in the Court's prior Order without further delay or obstruction; (2) order Plaintiff to comply with the production protocol provided by the City or such protocol as the Court deems appropriate; (3) order a monetary sanction in an amount significant enough to deter this conduct in the future; and (4) grant such other and further relief as the Court deems just and proper.

Dated: April 15, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*

Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

7

*Attorneys for Defendant City of Memphis
and Chief Cerelyn Davis in her Individual
Capacity*

## CERTIFICATE OF CONSULTATION

I, Bruce McMullen, hereby certify that Plaintiff's counsel, Josh Levin, invited the City to seek the Court's intervention on the issues identified in this Motion.

*s/ Bruce McMullen*
Bruce McMullen

8