# EXHIBIT C

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

2000 FIRST HORIZON BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE:   901.526.2000
FAX:        901.577.2303

www.bakerdonelson.com

JENNIE VEE SILK, SHAREHOLDER
**Direct Dial**: 901-577-8212
**E-Mail Address**: jsilk@bakerdonelson.com

April 14, 2026

**VIA EMAIL**

Antonio Romanucci
Sarah Raisch
Joshua Levin
Steven Weil
Colton Johnson Taylor
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
cjohnson@rblaw.net

Ben Crump, Esq.
Brooke Cluse, Esq.
BEN CRUMP LAW, PLLC
717 D Street N.W., Suite 310
Washington, D.C. 20004
ben@bencrump.com
brooke@bencrump.com

David Mendelson
Benjamin Wachtel
MENDELSON LAW FIRM
799 Estate Place
Memphis, Tennessee 38187
dm@mendelsonfirm.com
bwatchtel@mendelsonfirm.com

Re:    Testing Protocol Regarding the City's Request for Production No. 161
        *Wells v. City of Memphis, et al.* - No. 2:23-cv-02224

Plaintiff's Counsel,

The Court ordered the parties to "consult and agree upon a testing protocol for the items in RFP No. 161 by April 14, 2026." (ECF No. 609.) The City's plan for testing comes in two

4930-2028-1179

April 14, 2026
Page 2

parts. Because you failed to provide any availability for a time to discuss the protocol, we assume you will have no objection to the protocol as set forth below.

## Digital Forensic Testing

For the digital camera and the device that looks like an iPhone ("iPhone-Device") the City will follow the below testing protocol:

1.      The City will retain a qualified forensic examiner/consultant ("Forensic Consultant") that will agree to abide by the Protective Order in this case and credentials will be provided, with all costs of the Forensic Consultant paid by the City.

2.      Plaintiff will deliver the digital camera and iPhone-Device to the law office of Baker, Donelson, Bearman, Caldwell, and Berkowitz, 165 Madison Ave Suite 2000, Memphis, Tennessee 38111, on or before April 30, 2026. The City will thereafter deliver the digital camera and iPhone-Device to the Forensic Consultant no later than May 7, 2026. The Forensic Consultant will provide a receipt, which will be forwarded to Plaintiff's counsel directly from the Forensic Consultant.

3.      After receipt, the Forensic Consultant will examine the devices to confirm that the devices are actually electronic devices and whether they can be imaged using standard tools. The Forensic Consultant will then report those findings to counsel for Plaintiff and the City, and may proceed, contemporaneously, with either (a) making a copy of those electronic devices, or (b) an electronic examination to determine what electronic content remains. That examination will be consistent with industry standards for such duplication or examination and will be done so as to not alter the original media any more than necessary to test the recoverability or availability of materials.

4.      Any contents that are recoverable will be produced to both the City and Plaintiff at the same time, via electronic reporting, and the City may commission the Forensic Consultant to prepare a report of findings, at its sole discretion. If the contents are able to be imaged by the Forensic Consultant, a copy of such image will be provided to both the City and Plaintiff.

5.      After the examination by the Forensic Consultant, the Forensic Consultant will return both devices to Plaintiff's counsel and receive a receipt for the delivery. The City (and its counsel) will not receive possession of either original electronic device after the examination, and will only receive the electronic image, any contents that are recovered, and any commissioned report.

6.      Plaintiff will not have any right to impede the examination of either device by the Forensic Consultant.

## Chemical Analysis

For the other items, a prescription pill bottle, a glass container, a wood box, two forks with bent tines, straw, plastic writing pen, glass Bell jar, "shot glass" with the word "Redwoods"

4930-2028-1179

April 14, 2026
Page 3

on the side, unknown matter to be tested (collectively, the "Chemical Testing Items"), the City will follow the below testing protocol:

1.      The City will retain a qualified analytical laboratory ("Analytical Lab") that will agree to abide by the Protective Order in this case and credentials will be provided, with all costs of the Analytical Lab paid by the City.

2.      Plaintiff will deliver the Chemical Testing Items to the law office of Baker, Donelson, Bearman, Caldwell, and Berkowitz, 165 Madison Ave Suite 2000, Memphis, Tennessee 38111, on or before April 30, 2026. The City will thereafter deliver the Chemical Testing Items to the Analytical Lab no later than May 14, 2026. The Analytical Lab will provide a receipt, which will be forwarded to Plaintiff's counsel directly from the Analytical Lab.

3.      After receipt, the Analytical Lab will examine the Chemical Testing Items to confirm that the Chemical Testing Items are capable of being tested. The Analytical Lab will then forward those findings to counsel for Plaintiff and the City, and may proceed, contemporaneously, with testing all items. That examination will be consistent with industry standards for such testing or examination and will be done so as to not alter the original specimens any more than necessary to test the materials.

4.      The results of any testing or examination contents will be produced to both the City and Plaintiff at the same time, via electronic reporting, and the City may commission the Analytical Lab to prepare a report of findings, at its sole discretion.

5.      After the examination by the Analytical Lab, the Analytical Lab will return Chemical Testing Items to Plaintiff's counsel and receive a receipt for the delivery. The City (and its counsel) will not receive possession of any of the Chemical Testing Items after the examination, and will only receive the test results and any commissioned report.

6.      Plaintiff will not have any right to impede the examination of the Chemical Testing Items by the Analytical Lab.

Best regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

/s/ *Jennie Vee Silk*
Jennie Vee Silk, Shareholder

CC:

All counsel of record

4930-2028-1179