### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:23-CV-02224-SHL-atc JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Preston Hemphill; and DeWayne Smith, | ) ) ) | |
| Defendants. | ) | |

### CITY OF MEMPHIS'S RESPONSE IN OPPOSITION TO THE MOTION OF THE UNITED STATES TO INTERVENE TO PREVENT DISCLOSURE OF CERTAIN COMMUNICATIONS

Defendant City of Memphis (the "City") respectfully submits this response in opposition to the Motion of the United States to Intervene to Prevent Disclosure of Certain Communications, ("Motion to Intervene," ECF No. 622).

The Motion to Intervene should be denied because the United States has failed to carry its burden under Federal Rule of Civil Procedure 24 for intervention. Moreover, intervention is unwarranted because the discovery dispute at issue falls squarely within Plaintiff's existing obligations under the Federal Rules and this Court's discovery orders, which place responsibility for responsiveness, privilege, and compliance solely on Plaintiff—not the United States. Any disputes over potentially privileged materials can be addressed through ordinary discovery procedural mechanisms, including privilege logs, motion practice, and, if necessary, *in camera* review. The United States's Motion to Intervene has no legal basis and essentially seeks to shift Plaintiff's discovery obligations to a non-party. Expanding Rule 24 in this manner would disrupt

1

orderly discovery and undermine the Court's authority, where established procedures already provide ample guidance and protection.

## I.      The Government's Motion to Intervene

On April 21, 2026, the United States filed the Motion to Intervene without consulting with the City Defendants. The United States's stated purpose for intervention is to prevent the disclosure of certain "limited communications with Plaintiff's counsel concerning a matter that is currently the subject of a separate criminal investigation." (ECF No. 622, PageID 9591.) The United States claims that "[t]he matter under investigation does not concern MPD or any of the named defendants in the civil case or criminal case." *Id.* The United States further asserts that "these limited communications are [not] within the scope of Magistrate Judge Christoff's Order [compelling the production of communications between Plaintiff's Counsel and the DOJ]." *Id.*

The United States believes that the relevant communications are not subject to Magistrate Judge Christoff's order. Nevertheless, Plaintiff obviously believes that the documents are responsive and subject to the Order, given that her counsel contacted the United States about these Requests.

Thus, the United States seeks to intervene in this case "to protect the integrity of the investigation." *Id.* The United States asks the Court to review the limited communications "*ex parte* to determine that they do not fall within the scope of the Court's Order." *Id.* It must be noted that the City issued the relevant Requests for Production of Documents to Plaintiff on January 28, 2025. Now, *approximately 15 months later*, the City has learned of this potential issue *for the first time*—not from Plaintiff, to whom the discovery was requested—but from the Government. Plaintiff has never once raised this issue with the City Defendants,[1] nor

---

[1] Plaintiff did lodge a litany of boilerplate objections and assertions of privilege to Request Nos. 128–29, including "the attorney-work product doctrine, the joint-prosecution privilege, the

did Plaintiff consult with the City prior to the Government filing the Motion to Intervene. In so doing, Plaintiff continues to obfuscate, delay, and disregard her obligations under the Federal Rules and this Court's Local Rules.[2]

## II.    The United Cannot Satisfy the Requirements for Intervention Under Federal Rule of Civil Procedure 24.

The United States has not met its burden for intervention under Federal Rule of Civil Procedure 24. Intervention is a procedural device that permits a non-party, in limited circumstances, to enter ongoing litigation. Federal Rule of Civil Procedure 24 recognizes two— and only two—pathways for intervention: (1) intervention as of right and (2) permissive intervention. Fed. R. Civ. P. 24. Each pathway is narrowly defined and imposes distinct, threshold requirements designed to ensure that litigation remains focused on the disputes properly before the Court and ***conducted by the parties whose rights are actually at stake***. The United States satisfies neither standard.

### A.    The United States Has No Right to Intervene Under Rule 24(a).

Under Sixth Circuit law, a non-party may intervene in an action ***as of right*** if the party can establish:

> (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest.

*Grutter v. Bollinger,* 188 F.3d 394, 397–98 (6th Cir. 1999) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)); *see* Fed. R. Civ. P. 24(a)(1)–(2).

---

common-interest privilege, or any other applicable privilege or protection." Despite making these assertions of privilege, Plaintiff has failed to provide any additional information as to the bases of the privilege(s) in the form of a privilege log.

[2] The City similarly asks that the Plaintiff be compelled to produce her counsel's communications with the United States about the Court's Order on Motion to Compel and this Motion to Intervene.

"Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." *Blount–Hill v. Zelman,* 636 F.3d 278, 283 (6th Cir. 2011)) (quotation marks omitted). At a minimum, the United States fails to satisfy elements two and three.

    1.    <u>The United States Does Not Have a Substantial Legal Interest in the Subject Matter of This Case.</u>

While the Sixth Circuit "subscribe[s] to a rather expansive notion of the interest sufficient to invoke intervention of right," *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 371 (6th Cir. 2014), "that view cannot be without limit." *Tarpon Towers II, LLC v. City of Sylvania*, 586 F. Supp. 3d 755, 757 (N.D. Ohio 2022). "The interests outlined by [a would-be intervenor cannot be] subjective, speculative, and unsubstantiated." *Tarpon Towers II*, 586 F. Supp. 3d at 757. "Instead, the applicant for intervention 'must have a direct and substantial interest in the litigation,' . . . such that it is a 'real party in interest in the transaction which is the subject of the proceeding.'" *Reliastar*, 565 F. App'x at 372 (6th Cir. 2014) (first quoting *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir.1989), then quoting *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 317 (6th Cir.2005)).

Here, the United States identifies no direct and substantial interest in the subject matter of this case that warrants intervention. This case is a civil lawsuit brought by the mother and administrator of the Estate of Tyre Nichols against the City of Memphis and various current and former City employees for monetary damages. The United States has no interest in the relief Plaintiff seeks, nor does the United States face any liability in this lawsuit.

    2.    <u>The United States Will Not Face Any Impairment If It Is Not Permitted to Intervene.</u>

Similarly, the United States cannot demonstrate any impairment sufficient to require intervention into this matter that cannot otherwise be remedied within the existing procedures

available under the Federal Rules.[3] "'To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.' . . . 'The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest.'" *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 774 (6th Cir. 2022) (citations omitted) (first quoting *Grutter*, 188 F.3d at 399, then quoting 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1908.2 (3d ed. April 2022 Update)).

Here, the United States will suffer no practical disadvantage if not permitted to intervene because there are already procedural mechanisms at Plaintiff's disposal that can protect the United States's interest in maintaining the integrity of the separate criminal investigation. Plaintiff can simply redact or withhold the documents, submit the redacted or withheld information on a privilege log, and/or request permission from the Court to submit the documents for *in camera* review and a ruling on whether those particular documents are subject to production.

Accordingly, the United States should not be granted intervention as of right under Rule 24(a).

**B.      Permissive Intervention Is Not Warranted Under Rule 24(b).**

The United States is also not entitled to permissive intervention under Rule 24(b). This Rule allows a court to permit intervention when, upon timely motion, the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). However, "[p]ermissive intervention remains inappropriate where it will cause 'undu[e] delay or prejudice.'" *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375,

---

[3] Plaintiff, as a party to this litigation, is the appropriate party to exercise the available procedures.

378 (W.D. Tenn. 2009), *aff'd*, 427 F. App'x 431 (6th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)(3)). Rule 24 thus imposes two independent limitations: (1) the intervenor must assert an actual claim or defense with factual or legal overlap, and (2) the proposed intervention must advance—rather than disrupt—the orderly resolution of the case. *See Lucas Cty. Bd. of Commissioners v. United States Env't Prot. Agency*, 169 F.4th 689, 706 (6th Cir. 2026) (explaining that Rule 24(b) outlines a two-step inquiry).

Here, the United States asserts no claim and advances no defense of any kind. It does not seek to vindicate a legal right, challenge liability, or defend against any assertion made in this action. Thus, allowing permissive intervention in this posture would contravene Rule 24(b)'s purpose and limitations.

Permissive intervention must also be denied because it would unnecessarily complicate case management. Rule 24(b) does not permit intervention merely because a non-party prefers a particular mechanism for resolving a discovery concern; it requires a genuine connection to the claims being adjudicated and a showing that intervention would be efficient and appropriate. *See, e.g.*, *Lucas Cty. Bd. of Commissioners*, 169 F.4th at 706 (affirming district court's denial of permissive intervention where intervenor's "proposed legal defenses were not relevant to the case's disposition"). Permissive intervention is generally used to seek access to documents rather than to block disclosure of potentially responsive documents subject to a party's discovery obligations. *See, e.g.*, *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) (reversing denial of permissive intervention by a non-party that sought access to sealed discovery materials in order to challenge a protective order and obtain sealed documents from prior litigation); *Haworth, Inc. v. Steelcase, Inc.*, No. 4:85 CV 526, 1992 WL 457284, at *3 (W.D. Mich. Aug. 11, 1992).

6

Here, the United States seeks to intervene not to participate in the adjudication of the case or to have access to sealed documents that might implicate an interest of the United States, but to resolve a collateral discovery issue between existing parties for which the established procedures in the Federal Rules provide a remedy. That request would transform a routine question of discovery scope or privilege—an issue already governed by the Federal Rules and the Court's discovery orders—into separate, ancillary litigation involving a non-party. Such intervention would not advance resolution of Plaintiff's claims or the City's defenses and would instead divert the Court's attention to issues wholly extraneous to the merits.

Because the United States asserts no claim or defense and seeks only to litigate a collateral discovery issue that can be addressed through existing procedures, permissive intervention is improper and should also be denied.

**III.    Intervention Is Unnecessary Because Established Discovery Mechanisms Can Adequately Address the Asserted Concerns.**

Intervention is unnecessary because the discovery dispute giving rise to this Motion to Intervene falls squarely within Plaintiff's existing obligations under the Federal Rules and the Court's discovery orders. The discovery at issue is directed to Plaintiff—not the United States—and Plaintiff, therefore, bears responsibility for determining responsiveness, asserting any applicable privilege, and complying with Rule 26(b)(5). Nothing in the Court's Order shifts those obligations to a non-party or contemplates Government involvement to supervise Plaintiff's compliance. (*See generally* ECF No. 609.) Instead, the Court expressly anticipates that this process will be handled through ordinary discovery mechanisms. (*See id.* at PageID 9297.) Where communications are arguably responsive but withheld on grounds of privilege or other protection, the proper course is to include them on a privilege log, followed—if necessary—by

7

motion practice ***between the parties***. The Order presumes that the parties before the Court will address disputes through these established channels. (*See id.*)

The present Motion to Intervene thus arises not from any deficiency in the discovery framework, but from a dispute that can be resolved through typical discovery dispute resolution mechanisms. This is essentially a routine responsiveness versus privilege issue—communications between Plaintiff and a third party that Plaintiff has deemed responsive but may be subject to an applicable privilege. This is not an extraordinary circumstance warranting the United States's intervention, and such a reframing is unfounded. Plaintiff's decision to communicate with the United States does not transfer the discovery obligations to the United States, nor does it entitle a non-party to resolve issues most appropriately addressed by Plaintiff herself.

Even assuming a legitimate confidentiality concern, intervention remains inappropriate because established procedures already provide adequate guidance and protection. Plaintiff must assert privilege concerns through a privilege log as instructed by the Court and, where warranted, motion practice and *in camera* review are the standard mechanisms for resolving disputes over potentially sensitive materials. *See* Fed. R. Civ. P. 26. As explained in the advisory committee's note to 1983 amendment of Rule 26:

> Nor does the rule require a party or an attorney to disclose privileged communications or work product in order to show that a discovery request, response, or objection is substantially justified. The provisions of Rule 26(c), ***including appropriate orders after in camera inspection by the court***, remain available to protect a party claiming privilege or work product protection.

Fed. R. Civ. P. 26, 1983 amendment notes (emphasis added).

Granting intervention here would improperly expand Rule 24 by conferring party status on the United States based solely on speculative concerns about disclosure of potentially

responsive information. Moreover, allowing intervention here would also risk inviting similar motions from third parties asserting tangential confidentiality interests—undermining orderly case management and the Magistrate Judge's authority to supervise discovery.

If Plaintiff genuinely believes that these documents may be responsive and covered by some sort of privilege, the proper remedy is for *Plaintiff* to seek relief directly from this Court. Because the Rules already provide clear, adequate, and well-established mechanisms—including privilege logs, motion practice, and *in camera* review—intervention is neither necessary nor appropriate and should be denied.

## CONCLUSION

For the foregoing reasons, the City respectfully asks that this Court deny the United States's Motion to Intervene.

Dated: April 23, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Bruce McMullen*

Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis and Chief Cerelyn Davis in her Individual Capacity*

9