**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROWVAUGHN WELLS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02224-SHL-atc |
| | ) | |
| THE CITY OF MEMPHIS, et al., | ) | |
|     Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR SEVERANCE AND VOLUNTARY DISMISSAL WITH PREJUDICE OF
CLAIMS AGAINST CHIEF CERELYN DAVIS**

Before the Court is the Motion for Severance and Voluntary Dismissal with Prejudice of Claims Against Chief Cerelyn Davis, filed March 31, 2026, by Plaintiff RowVaughn Wells, individually and as administatrix ad litem of her son Tyre Nichols's estate. (ECF No. 608.) In the Motion, Plaintiff asks the Court to take two steps: first, sever the claims against Memphis Police Department Chief Davis from the claims against all the remaining Defendants under Federal Rule of Civil Procedure 21 so that the claims against those Defendants can proceed as scheduled, and, second, enter an indicative ruling under Rule 62.1, stating that it would grant Plaintiff's motion to dismiss Davis with prejudice if the Sixth Circuit Court of Appeals remands the case for that purpose. (Id. at PageID 9248–49.)

In her response, Davis asserts that the Motion should be denied "because it seeks to extinguish Chief Davis's appeal of the denial of her qualified immunity through a unilateral dismissal of Chief Davis as a party to this underlying lawsuit." (ECF No. 613 at PageID 9509.) She asserts that dismissing the appeal at this point would deprive her of the right to have the

issue resolved and "would perpetuate the confusion that exists in the Sixth Circuit surrounding the 'clearly established' prong of qualified immunity." (Id. at PageID 9509–10.)

For the reasons that follow, the part of Plaintiff's motion seeking to sever her claims against Chief Davis and to dismiss them is **DENIED**.  However, the Motion is **GRANTED** to the extent that it asks the Court to enter an indicative ruling under Rule 62.1.  The terms of the indicative ruling are laid out below.

## RELEVANT BACKGROUND

This case's background has been detailed in several of the Court's previous orders. Relevant to this Motion, on September 30, 2025, the Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss.  (ECF No. 484.)  Among other things, the Order denied Davis's Motion to Dismiss, which she based on a claim for an entitlement to qualified immunity.  (See id. at PageID 7060–65.)  On October 29, 2025, Davis filed a Notice of Appeal with the Sixth Circuit, challenging the denial of her motion to dismiss.  (ECF No. 507.)  That appeal remains pending.

Since then, the case has progressed against the City and Defendants DeWayne Smith and Preston Hemphill.  The case has been stayed as to Defendants Emmitt Martin III, Desmond Mills, Jr., Tadarrius Bean, Demetrius Haley, and Justin Smith,[1] as well as against Davis, given her appeal.  On March 17, 2026, the Court entered an Order Denying Plaintiff's Motion to Bifurcate.  (ECF No. 595.)  The Court also noted in that Order that, in her Motion to Bifurcate, Plaintiff telegraphed that she would contemplate moving to dismiss her claims against the stayed Defendants.  (Id. at PageID 9069.)

---

[1] The case has been stayed against those Defendants since September 21, 2023, while the related criminal case proceeded against them.  (See ECF No. 110.)

2

On March 27, four days before filing the instant motion to sever, Plaintiff moved to dismiss her claims against the stayed Defendant officers, which she argued was necessary to maintain the current schedule.  (ECF No. 607.)  On April 17, the Court entered an Order Granting Plaintiff's Motion for Voluntary Dismissal of Claims Against Stayed Defendant Officers, in which it also granted the City's request that the dispositive motion deadline be stayed, as well as the trial date.  (See ECF No. 619 at PageID 9581.)

## APPLICABLE LAW

Under the Federal Rules of Civil Procedure, once an opposing party has served an answer or a motion for summary judgment, a matter may be dismissed by a plaintiff through "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and, unless stated otherwise, such dismissals are without prejudice.  Fed. R. Civ. P. 41(a)(2).

Federal Rule of Civil Procedure 62.1(a) was adopted in 2009 to apply to circumstances where the rules governing the relationship between trial and appellate courts "deprive the district court of authority to grant relief without appellate permission."  Fed. R. Civ. P. 62.1 advisory committee notes.  In such circumstances, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a).

3

## ANALYSIS

Plaintiff asserts that "[t]he Court should sever Plaintiff's claims against all Defendants other than Chief Davis off from the claims against Chief Davis under Rule 21 so that the remaining Defendants—namely, the City and the two non-stayed officers, Preston Hemphill and DeWayne Smith—can proceed toward the November 9 trial date, regardless of how (or how quickly) the question of Chief Davis's dismissal is resolved."  (ECF No. 608 at PageID 9251.) Plaintiff argues for severance because "[a]ny ongoing litigation regarding the voluntary dismissal of the claims against Chief Davis should not impede the claims against the remaining Defendants from proceeding apace on the current scheduling order."  (Id.)

Chief Davis counters that "[s]everance under Rule 21 is not warranted here because it would undermine judicial efficiency, create a substantial risk of inconsistent adjudications, and prejudice Plaintiff, rather than advancing fundamental fairness or the orderly administration of justice."  (ECF No. 613 at PageID 9520.)  At bottom, Chief Davis argues that "[s]everance is appropriate only when it promotes efficiency and fairness without prejudicing the parties or causing undue delay—those considerations weigh strongly against severance in this case."  (Id. at PageID 9522.)

The root of Plaintiff's severance argument is that it would "prevent[] the unresolved issue of Chief Davis's dismissal from delaying the trial of Plaintiff's claims against the City and other remaining Defendants."  (ECF No. 608 at PageID 9252.)  However, that concern has been significantly tempered between the time that Wells filed her Motion and today, based on the Court's April 17 ruling that dismissed the claims against the stayed Defendants, stayed the discovery against them, and continued the trial date to a date to be determined.  To the extent that there was an urgency to sever Plaintiff's claims against Davis to preclude Davis's presence in the

4

case from impacting the schedule, the urgency has abated, as it is likely that the claims against

Davis will have been resolved before this matter goes to trial.  Therefore, Plaintiff's Motion to

Sever is **DENIED WITHOUT PREJUDICE**.

Part of the Court's confidence in asserting that the claims against Davis will be resolved

sooner rather than later, is based on the simultaneous granting of Plaintiff's motion seeking an

indicative ruling under Rule 62.1 that it would dismiss Plaintiff from the case if the Sixth Circuit

were to remand.

Through her Motion, as well as the filing in the Sixth Circuit of her Motion to Dismiss

Appeal as Moot, Voluntarily Dismiss Claims with Prejudice, and Hold Briefing in Abeyance

(ECF No. 608-1), Wells "has unequivocally abandoned her claims against Chief Davis."  (ECF

No. 608 at PageID 9253.)  She therefore seeks an indicative ruling in which this Court states that

it would grant the motion to dismiss her claims against Davis upon remand.

Davis argues that dismissing her at this point would be inappropriate and therefore the

Court should reject Plaintiff's request for an indicative ruling.  Davis asserts that she has a

cognizable interest in having her qualified immunity appeal resolved based on what she argues

has been the Sixth Circuit's misapplication in Peatross v. City of Memphis, 818 F.3d 233 (6th

Cir. 2016), and its progeny of the legal standard governing what constitutes a "clearly

established" right when evaluating claims of qualified immunity.  (ECF No. 613 at PageID

9510.)  According to Davis, dismissing her "from this case at this juncture would inflict clear

legal prejudice on" her.  (Id. at PageID 9515.)

As the Court recently explained, "[u]nder Rule 41, a court evaluates several, non-

exhaustive factors to determine whether a non-moving party would suffer 'plain legal prejudice'

upon granting dismissal, including 'the defendant's effort and expense of preparation for trial,

5

excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'"  (ECF No. 619 at PageID 9573–74 (quoting Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)).)  Further, "[a]lthough it is unlikely that dismissing an action with prejudice might so unfairly affect a defendant that a voluntary motion for such dismissal should be denied . . . , there may be rare cases in which dismissal with prejudice adversely affects the interests of defendants or third parties in a way that causes them plain legal prejudice."  (Id. at PageID 9574 (quoting Pedreira v. Sunrise Children's Servs., Inc., 79 F.4th 741, 751 (6th Cir. 2023)).)

This does not present one of the rare cases in which Davis would suffer plain legal prejudice if she is dismissed from the case.  First, although the discovery has been vast in this case, to the unlikely extent that any discovery conducted on behalf of Davis is distinguishable from that collected by her co-Defendant and employer the City of Memphis, that discovery will still be useful if and when this matter goes to trial.  (See ECF No. 619 at PageID 9576.)  Either way, to the extent the discovery from Davis and the City has not overlapped, the case against Davis has been stayed since she filed her appeal, which has minimized her role in the litigation since that point.  Moreover, Plaintiff is seeking to dismiss the claims against Davis with prejudice, so there is no possibility that Davis would have to restart her engagement in the litigation at a later date.  This factor weighs in favor of dismissal.

As to excessive delay, as the Court previously noted, "this matter has suffered from interminable delays," and "the record shows that the City"—and, it can also be said, Davis—"has not been without fault as to the delays."  (Id.)  This factor also weighs in favor of dismissal.

Davis asserts that the "one sole justification" Wells has offered in her motion to sever and to dismiss Davis is "her desire to try the case in November 2026 as currently scheduled." (ECF No. 613 at PageID 9518.) Davis asserts that "[t]his lone justification does not override Chief Davis's interest in settling the issue of qualified immunity for police chiefs and other supervisors that is currently before the Sixth Circuit." (Id.) At this point, although the Court disagrees with Davis's characterization of Plaintiff's proffered reason as being vague or convenience-based, the reason has likely been rendered moot by the Court's recent Order continuing the trial date. (See ECF No. 619 at PageID 9581.) Any concerns that Davis has about the dismissal being an act of gamesmanship, given Wells's recent revelation of additional witnesses from whom discovery would need to be taken, are equally inapplicable. Given the foregoing, this factor is neutral.

Finally, the last factor weighs in Wells's favor, as Davis has not filed a motion for summary judgment.

On balance, the traditional factors weigh in favor of allowing Wells to dismiss Davis from the case. Nevertheless, Davis asserts that Court cannot overlook the plain legal prejudice that she would suffer if she were dismissed from the case based on her inability to get clarification from the Sixth Circuit about the standard governing claims of qualified immunity. In fact, Davis spends more time in her brief arguing why the qualified immunity standard from Peatross is incorrect than on any other argument against severance or dismissal. She argues that "an indicative ruling would do precisely what Rule 62.1 is designed to avoid: collapse the appellate process mid-stream and deprive the Court of Appeals of the issue before it." (ECF No. 613 at PageID 9515.)

Davis overstates the impact that this Court's issuance of an indicative ruling would have. An indicative ruling would not collapse the appellate process midstream, as the mere issuance of

7

an indicative ruling would not dictate that the Sixth Circuit take any action at all.  Under the

Federal Rules of Appellate Procedure, after a district court issues an indicative ruling explaining

that it would grant a motion if it had not been divested of jurisdiction, "the court of appeals <u>may</u>

remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."

Fed. R. App. P. 12.1(b) (emphasis added).

Davis may be correct that the Sixth Circuit incorrectly decided <u>Peatross</u> and that it has

mistakenly relied upon it dozens of times in the decade since.  But whether <u>Peatross</u>'s "holding

must be revisited," as Davis argues (ECF No. 613 at PageID 9515), is a determination for the

Sixth Circuit Court of Appeals to make.  And the Sixth Circuit can make that decision with or

without the issuance of an indicative ruling by this Court.

Accordingly, Plaintiff's motion to sever is **DENIED**.  Her motion for an indicative ruling

is **GRANTED**.  The Court would grant Plaintiff's motion to dismiss Davis upon remand.

**IT IS SO ORDERED,** this 24th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

8