# Exhibit 2

Email correspondence

| From: | Silk, Jennie |
|---|---|
| To: | Joshua Levin; McMullen, Bruce; keenandl@aol.com; domemphislaw@darrelloneal.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jspence@spencepartnerslaw.com; jkp@perrygriffin.com; support@smitticklaw.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; Robert Spence; tnorman@gmlblaw.com; Reagan, Ian; McKinney, Kelsey; Morris, Angela; stephenrleffler@yahoo.com; cgrice |
| Cc: | Antonio Romanucci; Stephen Weil; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch; Brooke@bencrump.com; Colton Johnson Taylor; Dana Kondos; Houston Ward; Devon Kelly |
| Subject: | Re: Wells v. City of Memphis et al. - Scheduling Order |
| Date: | Thursday, June 26, 2025 7:46:46 AM |
| Attachments: | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png |

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Josh

We oppose any further extension to the trial date. it's time to get on with it.

Thanks,
Jennie

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Wednesday, June 25, 2025 5:18:50 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; keenandl@aol.com <keenandl@aol.com>; domemphislaw@darrelloneal.com <domemphislaw@darrelloneal.com>; dgodwin@gmlblaw.com <dgodwin@gmlblaw.com>; fjohnson@johnsonandjohnsonattys.com <fjohnson@johnsonandjohnsonattys.com>; ge@perrygriffin.com <ge@perrygriffin.com>; jspence@spencepartnerslaw.com <jspence@spencepartnerslaw.com>; jkp@perrygriffin.com <jkp@perrygriffin.com>; support@smitticklaw.com <support@smitticklaw.com>; lgross@perrygriffin.com <lgross@perrygriffin.com>; martin@sparkman-zummach.com <martin@sparkman-zummach.com>; bmckinney@gmlblaw.com <bmckinney@gmlblaw.com>; mcollins@gmlblaw.com <mcollins@gmlblaw.com>; mistie@sparkman-zummach.com <mistie@sparkman-zummach.com>; Robert Spence <rspence@spencepartnerslaw.com>; tnorman@gmlblaw.com <tnorman@gmlblaw.com>; Reagan, Ian <ireagan@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; stephenrleffler@yahoo.com <stephenrleffler@yahoo.com>; cgrice <cgrice@eflawgroup.com>
**Cc:** Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com <bw@mendelsonfirm.com>; dm@mendelsonfirm.com <dm@mendelsonfirm.com>; Sarah Raisch <sraisch@rblaw.net>; Brooke@bencrump.com <Brooke@bencrump.com>; Colton Johnson Taylor <cjohnson@rblaw.net>; Dana Kondos

<DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>
**Subject:** RE: Wells v. City of Memphis et al. - Scheduling Order

Counsel,

We have considered the City's position that if the Court moves the deadline for discovery, then all the deadlines in the Scheduling Order need to be moved including the trial date. We are amenable to that.

Please find attached a revised proposal, which extends fact discovery by 4 months, and then moves all dates accordingly.

Please let us know your position on this proposal. We are available to confer.

Thank you,
Josh

---

**From:** Silk, Jennie <jsilk@bakerdonelson.com>
**Sent:** Tuesday, June 17, 2025 3:50 PM
**To:** Joshua Levin <JLevin@rblaw.net>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; keenandl@aol.com; domemphislaw@darrelloneal.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jspence@spencepartnerslaw.com; jkp@perrygriffin.com; support@smitticklaw.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; Robert Spence <rspence@spencepartnerslaw.com>; tnorman@gmlblaw.com; Reagan, Ian <ireagan@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; stephenrleffler@yahoo.com; cgrice <cgrice@eflawgroup.com>
**Cc:** Antonio Romanucci <aromanucci@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Brooke@bencrump.com; Colton Johnson Taylor <cjohnson@rblaw.net>; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>
**Subject:** RE: Wells v. City of Memphis et al. - Scheduling Order

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Josh,

We oppose such a request for a number of reasons. First, you have had ample time to take

discovery.

Second, the proposed revised schedule does not make much sense to us. It has depositions of experts set *after* the deadline to file motions for summary judgment. The parties should be able to rely on expert discovery in support of their motions for summary judgment.

Third, it also makes little sense to push discovery out three months but not move all other deadlines accordingly.  If the Court moves the deadline for discovery, then all the deadlines in the Scheduling Order need to be moved including the trial date.

But in any event, we oppose an extension to the close of discovery.

Thanks,
**Jennie Vee Silk**
Phone  901.577.8212

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Monday, June 16, 2025 2:02 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; keenandl@aol.com; domemphislaw@darrelloneal.com; dgodwin@gmlblaw.com; fjohnson@johnsonandjohnsonattys.com; ge@perrygriffin.com; jspence@spencepartnerslaw.com; jkp@perrygriffin.com; support@smitticklaw.com; lgross@perrygriffin.com; martin@sparkman-zummach.com; bmckinney@gmlblaw.com; mcollins@gmlblaw.com; mistie@sparkman-zummach.com; Robert Spence <rspence@spencepartnerslaw.com>; tnorman@gmlblaw.com; Reagan, Ian <ireagan@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; stephenrleffler@yahoo.com; cgrice <cgrice@eflawgroup.com>
**Cc:** Antonio Romanucci <aromanucci@rblaw.net>; Joshua Levin <JLevin@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; bw@mendelsonfirm.com; dm@mendelsonfirm.com; Sarah Raisch <sraisch@rblaw.net>; Brooke@bencrump.com; Colton Johnson Taylor <cjohnson@rblaw.net>; Dana Kondos <DKondos@rblaw.net>; Houston Ward <HWard@rblaw.net>; Devon Kelly <dkelly@rblaw.net>
**Subject:** Wells v. City of Memphis et al. - Scheduling Order

Counsel,

It is clear at this point that the parties will need to amend the current scheduling order. There are a number of factors that necessitate expanding the fact discovery period, which is currently set to end July 12 for written discovery and August 29 for oral discovery.

First, the City's production timeline for documents responsive to RFP 133 makes

the current fact discovery cutoffs untenable. In Jennie's 6/13 email, she reaffirmed that the City's timeline remains the "originally-estimated 90 days," meaning that the City's productions will not be complete until after July 17. She also indicated that none of the 880 incidents would necessarily have full productions completed prior to mid-July because the City is "not producing on an 'incident by incident' basis." As we have previously explained, under the current fact discovery cutoffs, the City's production timeline makes it impossible for Plaintiff to serve follow-up RFPs or third-party written discovery, and makes it very difficult to timely identify MPD officers/supervisors to depose and to identify and timely disclose civilians involved in the incidents as potential trial witnesses.

Second, Defendants have not yet answered the Complaint or pled their affirmative defenses, and the Court has not yet ruled on the Defendants' motions to dismiss. As a result, Plaintiff has not been able to conduct discovery on Defendants' affirmative defenses or ascertain the factual basis for any affirmative defenses.

Third, the stay of discovery as to the convicted defendants remains in place, far longer than was anticipated at the time the current scheduling order was entered. At that time, the sentencings were due to take place in January and February, but they have been delayed multiple times.  Until the stay is lifted, Plaintiff of course cannot complete discovery.

In short, it is necessary for the parties to begin conferring on a revised schedule. Attached is Plaintiff's proposal. Our proposal adds a little over 3 months to fact discovery without moving the summary judgment or trial dates. To allow for the additional fact discovery period, we propose moving the disclosure of defendants' experts to after the summary judgment deadline. We note that this proposal gives the defendants more than twice as much time than the current schedule does between Plaintiffs' expert disclosure date and Defendants' expert disclosure date.

Please let us know your position on this proposal. We are available to confer.

Thanks,
Josh


**Joshua M. Levin**              **e:** jlevin@rblaw.net
Senior Attorney                  **p:** (312) 253-8623



**f:** (312) 458-1004
**a:** 321 N Clark St, Ste
900, Chicago, IL 60654

**www.rblaw.net**

   

 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.