**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix Ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:23-cv-02224-MSN-atc |
| THE CITY OF MEMPHIS, a municipality, et al., | ) ) ) | |
| Defendants. | ) ) | |

**GUARDIAN AD LITEM'S MOTION FOR CLARIFICATION REGARDING
SETTLEMENT AUTHORITY ON BEHALF OF THE MINOR CHILD**

COMES NOW Chasity S. Grice, the Court-appointed Guardian ad Litem (the GAL) for the minor child of Tyre Deandre Nichols (the Minor Child), and respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 17(c) and the Court's inherent authority to construe and clarify its own orders, for clarification of the scope of the GAL's authority and role in settlement negotiations and in any proposed settlement affecting the Minor Child's interests. In support, the GAL states as follows:

**I. BACKGROUND**

1.     On August 2, 2024, the Court granted Defendant City of Memphis's motion for the appointment of a guardian ad litem for the Minor Child. (ECF No. 202.)

2.     On September 16, 2024, the Court entered an Order appointing the undersigned as Guardian ad Litem for the Minor Child for the duration of this litigation pursuant to Federal Rule of Civil Procedure 17. (ECF No. 210.)

1

3.  On October 16, 2024, the GAL moved for a status conference to address the scope of her appointment. (ECF No. 219.) A status conference was held on November 12, 2024, and on November 13, 2024, the Court entered an Order Regarding Guardian ad Litem establishing the parameters of the GAL's role. (ECF No. 228.)

4.  Among other things, the November 13, 2024 Order directed that the GAL shall participate in settlement negotiations and advocate on behalf of the Minor Child in pursuit of the Minor Child's best interests, that the GAL shall participate in court and litigation proceedings to the extent necessary to further the Minor Child's interests, and that the parties shall keep the GAL apprised of any proceedings, events, or communications impacting her advocacy on behalf of the Minor Child. (ECF No. 228.)

5.  On June 18, 2025, the parties attended a settlement conference, which the GAL attended. Notwithstanding the November 13, 2024 Order, uncertainty regarding the operative scope of the GAL's authority and the manner of her permissible participation resulted in the GAL's position not meaningfully factoring into the settlement discussions.

6.  The GAL owes a continuing duty to act in the best interests of the Minor Child. Absent further clarification of the GAL's authority in settlement-related proceedings, the GAL cannot reliably discharge that duty in a manner that ensures the Minor Child's interests are meaningfully protected in any renewed negotiations.

## II. GROUNDS FOR CLARIFICATION

7.  The GAL was appointed under Federal Rule of Civil Procedure 17(c)(2), which directs that the Court must appoint a guardian ad litem, or issue another appropriate order, to protect a minor who is otherwise unrepresented in the action. The protective purpose of

the appointment is to ensure that the Minor Child's distinct interests are independently safeguarded.

8.  A minor lacks capacity to compromise his or her own claim. For that reason, the settlement or compromise of a minor's interest is subject to review and approval by the Court, which must satisfy itself that the resolution is fair, reasonable, and in the minor's best interests, and that any funds payable to the minor are appropriately safeguarded. The role and timing of the GAL's participation in that approval process warrant clarification.

9.  The need for an independent and defined GAL role is heightened by the nature of this action. As there are multiple parties engaged in these proceedings, your GAL is the only party specifically authorized to act with the best interests of the minor child at the forefront.

10. Clarification at this juncture will avoid continued ambiguity, inefficiency, and risk to the Minor Child's interests in any renewed settlement process, and will provide the parties and the GAL with a workable framework going forward.

### III. REQUESTED CLARIFICATIONS

The GAL respectfully requests that the Court clarify the following, to the extent consistent with the Court's prior Orders and Federal Rule of Civil Procedure 17:

(a) **Participation Requirement.** Whether the GAL is entitled to be included in, and given a meaningful opportunity to participate in, all settlement-related communications, mediations, judicial settlement conferences, and negotiations that could affect the Minor Child's interests.

(b) **Scope of Participation.** Whether the GAL may (i) ask questions and request information reasonably necessary to evaluate any settlement proposal affecting the Minor Child, (ii)

3

communicate the GAL's position and recommendations to counsel and to any mediator or judicial settlement officer, and (iii) propose terms or structures intended to protect the Minor Child, including issues of allocation and the protection and management of any funds intended for the Minor Child.

(c)    **Decision-Making and Consent.** Whether the GAL has authority to accept, reject, or consent to settlement terms on behalf of the Minor Child, or whether the GAL's role is limited to advocating for and providing recommendations regarding the Minor Child's best interests, with ultimate authority to approve any settlement of the Minor Child's interest reserved to the Court.

(d)    **Judicial Approval.** Whether judicial approval of any settlement affecting the Minor Child's interest is required before such settlement becomes binding on the Minor Child, and whether the Court will receive and consider the GAL's recommendation in connection with that approval.

(e)    **Allocation and Safeguarding of Funds.** Whether the GAL's role includes advocating with respect to the apportionment of the Minor Child's share of any recovery and recommending an appropriate vehicle for safeguarding those funds, such as a conservatorship, a structured settlement, or a restricted account, pending the Minor Child's majority.

(f)    **Court-Facing Recommendation.** Whether, and at what point, the Court expects the GAL to submit a written report and recommendation regarding any proposed settlement affecting the Minor Child, and whether such report may be filed under seal if necessary to protect the Minor Child's interests.

4

(g)     **Effect of the GAL's Position.** Whether, and to what extent, the parties must address the GAL's position during negotiations and in any motion seeking approval of a settlement affecting the Minor Child.

**WHEREFORE**, the Guardian ad Litem respectfully requests that the Court enter an Order clarifying the GAL's authority and role in settlement negotiations and in any proposed settlement affecting the Minor Child, including the specific matters identified above, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE ESTATE AND FAMILY LAW GROUP, PLLC

/s/ Chasity S. Grice
Chasity S. Grice (BPR No. 027532)
Guardian ad Litem for the Minor Child
1755 Lynnfield Road, Suite 103
Memphis, TN 38119
(901) 290-0650
cgrice@eflawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Chasity S. Grice
Chasity S. Grice