**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 2:23-CV-02224-SHL-atc JURY DEMAND |
| v. | ) ) | |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Preston Hemphill; and DeWayne Smith, | ) ) ) | |
| Defendants. | ) ) | |

**CITY DEFENDANTS' RESPONSE IN SUPPORT OF THE GUARDIAN AD LITEM'S
MOTION FOR CLARIFICATION REGARDING SETTLEMENT AUTHORITY ON
BEHALF OF THE MINOR CHILD**

Defendants City of Memphis and Chief Cerelyn Davis in her Individual Capacity ("Chief Davis") (collectively, the "City Defendants"), respectfully submit this Response in Support of the Guardian Ad Litem's Motion for Clarification Regarding Settlement Authority on Behalf of the Minor Child (the "Motion") (ECF No. 648) filed by Court-appointed Guardian Ad Litem Chasity S. Grice (the "GAL"). For the reasons set forth below, the City Defendants support the relief requested in the Motion and respectfully request that the Court enter an Order clarifying the GAL's authority and role in settlement negotiations and in any proposed settlement affecting the Minor Child, consistent with the positions set forth herein.

## I.    INTRODUCTION

Plaintiff RowVaughn Wells ("Plaintiff") brings claims on behalf of the Estate of Tyre Nichols (the "Estate"), and his sole heir, the Minor Child—a child with whom Plaintiff has never met nor communicated. *See* Plaintiff's Deposition Transcript ("Pl. Tr."), attached as Exhibit A, at

1

42:11-13; Morgan Jackson's Deposition Transcript ("Jackson Tr."), ECF No. 295-1, at 86:16-20. Even after this lawsuit was filed, Plaintiff made no effort to meet or communicate with the Minor Child or his mother. Ex. A, Pl. Tr., at 237:4-13; ECF No. 295-1, Jackson Tr., at 107:23–108:5. Because of Plaintiff's lack of relationship with the Minor Child, Plaintiff has no knowledge of the minor child's needs or his best interests.

Moreover, during the first unsuccessful mediation between the parties, it became clear to the City that Plaintiff was not considering the best of interests of the Minor Child when presented with the City's settlement offers. In fact, the Minor Child's mother confirmed after the mediation that no one from Plaintiff's legal team communicated any settlement offer to her before, during, or after the first unsuccessful mediation. ECF No. 295-1, Jackson Tr., at 144:3-10, 145:4-12. This is concerning for the additional reason that Plaintiff's counsel, Ben Crump Law, represents both Plaintiff and the mother of the Minor Child, Morgan Jackson, meaning Mr. Crump had a duty to convey any settlement offers to both of his clients.

As a result of these conflict-of-interest concerns,[1] the City moved the Court to appoint a Guardian Ad Litem to act as "a neutral party to evaluate any settlement offers that would benefit the Minor Child." (ECF No. 177, PageID 1367.) The Court granted the City's motion, and the GAL was appointed by this Court on September 16, 2024, pursuant to Federal Rule of Civil Procedure 17(c), to represent the best interests of the minor child of Mr. Nichols (the "Minor Child") for the duration of this litigation. (ECF No. 210.)

---

[1] The City was not aware of Ben Crump's representation of Ms. Jackson until after the Court's ruling on its fully briefed Motion to Appoint a GAL. In fact, counsel for Plaintiff and counsel for Ms. Jackson resisted responding to discovery requests made pursuant to Federal Rules of Civil Procedure 34 and 45 that directly sought this type of information. (*See, e.g.*, ECF No. 217-1, PageID 1741–42; ECF No. 243.)

The Court's November 13, 2024 Order Regarding Guardian Ad Litem directed, among other things, that the GAL "shall participate in settlement negotiations and advocate on behalf of the Minor Child in pursuit of the Minor Child's best interests," that the GAL "shall participate in court and litigation proceedings to the extent necessary to further the Minor Child's interests," and that the parties shall keep the GAL "apprised of any proceedings, events, or communications impacting her advocacy on behalf of the Minor Child." (ECF No. 228, PageID 1863–64.)

As the GAL has represented to this Court, however, during the June 18, 2025 settlement conference, "uncertainty regarding the operative scope of the GAL's authority and the manner of her permissible participation resulted in the GAL's position not meaningfully factoring into the settlement discussions," over the City Defendants' objections. (*See* ECF No. 648, PageID 10058, ¶ 5.)

The City Defendants agree that clarification is both warranted and necessary to ensure that someone who has the best interest of the child in mind is actively involved in settlement negotiations going forward. The GAL is the only party specifically authorized to act with the best interests of the Minor Child at the forefront, making clarification of the full scope of her role vital.

## II.     LAW AND ARGUMENT

### A.     The GAL Should Be Included in All Settlement-Related Proceedings.

The City Defendants respectfully submit that the GAL should be included in, and given a meaningful opportunity to participate in, all settlement-related communications, mediations, judicial settlement conferences, and negotiations that could affect the Minor Child's interests. This position is consistent with the Court's November 13, 2024 Order, which directed that the GAL "shall participate in settlement negotiations and advocate on behalf of the Minor Child in pursuit of the Minor Child's best interests" and that "the parties shall keep the GAL apprised of

3

any proceedings, events, or communications impacting her advocacy on behalf of the Minor

Child." (ECF No. 228, PageID 1863–64.)

The protective purpose underlying the appointment of a guardian ad litem under Federal

Rule of Civil Procedure 17(c)(2) is to ensure that the Minor Child's distinct interests are

independently safeguarded. *See, e.g.*, *J.H. v. Williamson Cty.*, No. 3-14-2356, 2016 WL

7230506, at *2 (M.D. Tenn. Dec. 14, 2016) ("[T]he guardian ad litem's sole purpose is to protect

the interests of the child."). "A guardian ad litem is not appointed to serve as counsel, but to act

for the minor, with authority to engage counsel, file suit, and to prosecute, control and direct the

litigation." *Id.* (citing *Noe v. True*, 507 F.2d 9, 11–12 (6th Cir. 1974)). The Sixth Circuit

recognizes that the GAL's role carries even broader institutional significance: "through a

guardian ad litem the court itself assumes ultimate responsibility for determinations made on

behalf of the child, a role not ordinarily contemplated by the simple attorney-client relationship."

*Noe*, 507 F.2d at 12. Because the GAL functions as "a representative of the court for the minor in

the cause," excluding the GAL from settlement communications would effectively exclude the

Court itself from the process by which the Minor Child's rights are determined. *Id.* (quoting

*Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955) (Boldt, J., concurring)). The Court's

ability to discharge its "ultimate responsibility" for the Minor Child's welfare depends on the

GAL's full and contemporaneous participation in settlement discussions—not merely after-the-

fact notification of outcomes already reached. *See id.* at 11–12.

That purpose cannot be fulfilled if the GAL is excluded from—or only selectively

included in—settlement proceedings that directly affect the Minor Child. As Tennessee law

recognizes, the guardian ad litem has a right to be heard on questions of whether a proposed

settlement will serve the best interest of a minor. *See, e.g.*, *Busby v. Massey*, 686 S.W.2d 60, 64

4

(Tenn. 1984); *Wright v. Wright*, No. M2007-00378-COA-R3CV, 2007 WL 4340871, at *4 (Tenn. Ct. App. Dec. 12, 2007) ("[T]he guardian ad litem is obliged to bring to the trial court's attention all facts bearing upon the fairness of the settlement."). Excluding the GAL from any stage of the settlement process would undermine this obligation and, with it, the Court's ability to satisfy itself that any resulting settlement is fair, reasonable, and in the Minor Child's best interests.

> **B.     The GAL Should Have Full Participation Rights, Including the Right to Question Parties, Communicate Recommendations, and Propose Protective Terms During Settlement Proceedings.**

The City Defendants agree that the GAL is entitled to: (a) ask questions and request information reasonably necessary to evaluate any settlement proposal affecting the Minor Child; (b) communicate the GAL's position and recommendations to counsel and to any mediator or judicial settlement officer; and (c) propose terms or structures intended to protect the Minor Child, including issues of allocation and the protection and management of any funds intended for the Minor Child. *See, e.g.*, *Wright*, 2007 WL 4340871, at *3–4; *J.H.*, 2016 WL 6071892, at *2–3; *Knight-Stanner v. Pruitt*, No. 1:08–cv–949, 2010 WL 432424, at *1 (W.D. Mich. Jan. 26, 2010).

These participatory rights are inherent in the GAL's role as the Court-appointed representative of the Minor Child's best interests under Rule 17(c). A guardian ad litem who lacks the ability to investigate the terms of a proposed settlement, to communicate her assessment of those terms to the relevant decision-makers, and to propose protective structures is a guardian ad litem in name only. *See Wright*, 2007 WL 4340871, at *4 (quoting 42 Am. Jur. 2d *Infants* § 188 (2000)) ("In a settlement proceeding, the guardian ad litem has the duty to conduct a thorough investigation and evaluate the damages suffered by the minor and the adequacy of the settlement, including the amount of attorney fees charged by the minor's attorney."). "Minors'

interests are subject to the court's protection." *Green v. Nevers*, 111 F.3d 1295, 1302 (6th Cir. 1997) (citations omitted). Further, Rule 17 directs that the Court "must appoint a guardian ad litem—or issue another appropriate order—to ***protect*** a minor . . . who is otherwise unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). The word "protect" within Rule 17(c)(2) necessarily encompasses the GAL's ability to participate actively and substantively in proceedings that may determine the Minor Child's rights and recovery.

As the Sixth Circuit has recognized, a "minor's personal cause of action is h[is] own and does not belong to h[is] parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (cited in *Vandergriff v. Parkridge E. Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015)). Because the Minor Child's claim is distinct and independent,[2] the Minor Child's Court-appointed advocate must be empowered to discharge her duties with full access to the information and forums necessary to evaluate and protect that claim.

### C.    The GAL Has Authority to Accept, Reject, or Consent to Settlement Terms on Behalf of the Minor Child.

The GAL's role is not limited solely to advocating for and providing recommendations regarding the Minor Child's best interests. The Minor Child, as a minor, lacks the legal capacity to bring his own claim. Because the Minor Child cannot act on his own behalf, the GAL—as the Court-appointed representative under Rule 17(c)—must be vested with the authority to make

---

[2] The Sixth Circuit has recognized that a minor is the "real party in interest" in litigation brought on his or her behalf, even though the minor "obviously played no role in deciding to file suit or in controlling its course." *Gohl v. Livonia Pub. Schs.*, No. 12-CV-15199, 2018 WL 1128254, at *2 (E.D. Mich. Mar. 2, 2018) (citing *Helminski v. Ayerst Labs.*, 766 F.2d 208, 213 (6th Cir. 1985)). A next friend proceeding on behalf of another must demonstrate that she ""is dedicated to the best interests of"" the party she purports to represent. *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–65 (1990)). This dedication necessarily implies meaningful engagement with the child—or at minimum, with those who can speak to his needs—even if not expressly mandated by statute for civil settlement proceedings. Here, Plaintiff has had no contact with, no communication with, and no knowledge of the Minor Child's needs or best interests, further underscoring the indispensable role of the GAL. *See supra* Section I.

binding decisions within the settlement process, subject to the ultimate approval of the Court. In so doing, there are certain considerations a GAL should evaluate including the potential success of Defendants' dispositive motions, and the potential amount of damages, if any, from a jury verdict.

To be clear, the City Defendants do not contend that the GAL's consent alone is sufficient to finalize a settlement of the Minor Child's interest. Judicial approval is required before any such settlement becomes binding on the Minor Child. *See, e.g.*, *Green*, 111 F.3d at 1302. The GAL's authority to accept, reject, or consent to settlement terms operates within—and is complementary to—the Court's ultimate supervisory authority. Vesting the GAL with decision-making authority at the negotiation stage ensures that the Minor Child's interests are actively represented at the bargaining table, not merely presented to the Court after the fact when the terms have already been fixed by other parties.

**D.      Any Settlement Affecting the Minor Child Requires Judicial Approval.**

The City Defendants agree that judicial approval of any settlement affecting the Minor Child's interest is required before such settlement becomes binding on the Minor Child, and that the Court should receive and consider the GAL's recommendation in connection with that approval. This position is compelled by both federal and Tennessee law.

Federal courts have long exercised supervisory authority over the settlement of claims involving minors to ensure that the terms are fair, reasonable, and in the minor's best interests. *See, e.g.*, *Hargrove v. Jefferson Cty. Bd. of Educ.*, No. 3:16-CV-806-DJH-RSE, 2022 WL 188190, at *3 (W.D. Ky. Jan. 20, 2022) (quoting *Green*, 111 F.3d at 1301) ("[S]ince the parties' settlements here involve minors, the Court has a duty under Sixth Circuit authority to 'ma[k]e an independent determination that the settlement[s]' are in the minors' 'best interest.'"). This is so

7

because "[m]inors' interests are subject to the court's protection." *Id.* at 1302. As explained by

the Sixth Circuit:

> It is an ancient precept of Anglo–American jurisprudence that infant and
> other incompetent parties are wards of any court called upon to measure and
> weigh their interests.
>
> While the infant sues or is defended by a guardian ad litem or next friend,
> every step in the proceeding occurs under the aegis of the court.

*Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988) (quoting *Dacanay v. Mendoza,* 573

F.2d 1075, 1079 (9th Cir. 1978)). When federal courts deal with a settlement involving a minor,

that Court must approve of the settlement, bearing in mind the minor's best interests. *See Green*,

111 F.3d at 1302.

Likewise, under Tennessee law, Tennessee Code Annotated § 29-34-105(a) requires a

court to conduct a hearing in any tort claim settlement involving a minor if the settlement is

$10,000 or more, is structured, or "[i]nvolves a minor who is not represented by an attorney

licensed to practice in" Tennessee.[3] *See Volynets ex rel. MV v. Bradley Cty.*, No. 1:24-CV-168,

2026 WL 561146, at *2 (E.D. Tenn. Feb. 27, 2026) (applying Tenn. Code Ann. § 29-34-105 to

motion to approve minor settlement in § 1983 case). Additionally, Tennessee Code Annotated §

34-1-121(a) provides that the court "has broad discretion to require additional actions" as it

"deems in the best interests of the minor."

The requirement of judicial approval serves as the ultimate safeguard for the Minor

Child's interests. As the Tennessee Court of Appeals held in *Thomas v. R.W. Harmon, Inc.*, the

---

[3] Given that "'[s]ection 1983 creates a "species of tort liability" ' for constitutional violations[]"
and has "roots in the common law of torts," the same principles applied to tort claim settlements
under Tennessee law can provide guidance here. *Pineda v. Hamilton Cty.*, 977 F.3d 483, 490 (6th
Cir. 2020).

failure to appoint a guardian ad litem to represent a minor's best interest in regard to a settlement greatly prejudices the minor. *Thomas*, 760 S.W.2d 212, 217 (Tenn. Ct. App. 1988); *see also Noe*, 507 F.2d at 11–12. Just as parents and guardians have a right to be heard on the question of whether the proposed settlement will serve the best interest of the minors, so too does the administrator and the guardian ad litem. *See Busby*, 686 S.W.2d at 63. Courts in Tennessee "assume a special responsibility to protect a minor's interests." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 178 (Tenn. 2011). The Court's receipt and consideration of the GAL's recommendation is an essential component of fulfilling its responsibility.

> **E.**   **The GAL's Role Includes Advocating with Respect to Apportionment and Safeguarding of the Minor Child's Recovery.**

The GAL's role does not end with the determination of a settlement amount. How the Minor Child's share of any settlement amount is managed and protected until the Minor Child reaches the age of majority is a question that goes to the very heart of the GAL's protective mandate.

Tennessee recognizes the importance of a guardian ad litem in proceedings with minors, as they will be responsible for making reports and recommendations to the court in the case a fiduciary is necessary. Tenn. Code Ann. § 34-1-107(2)(d). The GAL is empowered via Tennessee law to work in tandem with the Court to make recommendations as to whether a fiduciary should be appointed and if a proposed fiduciary is the appropriate person to be appointed. *Id*. Tennessee law expressly contemplates judicial oversight of the disposition of settlement proceeds. Under Tenn. Code Ann. § 29-34-105(c), in approving a tort claim settlement involving a minor, "the court has the discretion to determine whether the settlement proceeds are to be paid to the minor's legal guardian or held in trust by the court until the appropriate time." If a trust were the preferred method of arranging the settlement funds,

pursuant to Tenn. Code Ann. § 34-1-104(d), in a proceeding to determine letters of guardianship or conservatorship, the court has the authority to create a trust under the Tennessee Uniform Trust Code, with a fiduciary appointed by court order. Accordingly, the GAL is uniquely positioned to advise the Court on these questions and should be empowered to do so.

      **F.**      **The GAL Should Provide a Written Report and Recommendation Regarding Any Proposed Settlement.**

The City Defendants submit that the Court should direct the GAL to provide a written report and recommendation regarding any proposed settlement affecting the Minor Child. Such a report will provide the Court with the GAL's independent assessment of whether the proposed terms are fair, reasonable, and in the Minor Child's best interests, and will create a record supporting the Court's determination. Additionally, the GAL should take into consideration the potential risk of Defendants prevailing on dispositive motions or at trial.

The City Defendants further submit that the GAL's report may be filed under seal if necessary to protect the Minor Child's interests, particularly given the sensitive nature of this litigation and the Minor Child's privacy. However, any order issued by the Court regarding the report—including any order approving or disapproving a settlement—should not be sealed. Public confidence in the judicial process and the rights of the parties and the public to access court orders weigh in favor of transparency with respect to the Court's rulings, even where the underlying materials warrant protection. *See Doe v. Lee*, 599 F. Supp. 3d 701, 705 (M.D. Tenn. 2022) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)) ("There is a 'strong presumption in favor of openness' of court records. . . . This presumption is grounded in the public's 'strong interest in obtaining the information contained in the court record.'"). A written report and recommendation is both appropriate and necessary in this context to assist the Court in discharging its supervisory obligations.

## III.   CONCLUSION

For these reasons, the City Defendants respectfully ask the Court to grant the GAL's

Motion for Clarification and enter an Order clarifying the GAL's authority and role in settlement

negotiations and in any proposed settlement affecting the Minor Child, consistent with the

positions set forth in this Response.

Dated: June 12, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Bruce McMullen*

Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis
and Chief Cerelyn Davis in her Individual
Capacity*

11