No. 25-5998

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 1, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| ROWVAUGHN WELLS, Individually and as Administratrix Ad Litem of the Estate of Tyre Deandre Nichols, deceased; CHASITY GRACE SHARP, Guardian Ad Litem of Minor Child, | ) ) ) ) ) | |
| Plaintiffs-Appellees, | ) ) | O R D E R |
| v. | ) ) | |
| CITY OF MEMPHIS, TN, a municipality, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| CERELYN DAVIS, Chief, in her official and individual capacity, | ) ) ) | |
| Defendant-Appellant. | ) | |

Before:  MOORE, CLAY, and READLER, Circuit Judges.

Defendant Cerelyn Davis, Chief of the Memphis Police Department, appeals the district court's order denying her motion to dismiss based on qualified immunity in this civil rights suit. Plaintiff RowVaughn Wells, proceeding individually and as administratrix ad litem of the estate of her deceased son, Tyre Deandre Nichols, moves to dismiss this appeal as moot or else remand the case to the district court with instructions to grant Wells's motion to voluntarily dismiss her

No. 25-5998
-2-

claims against Davis. Davis opposes the motion, arguing that the case is not moot and remand is inappropriate.

This case arises from the prolonged and ultimately fatal beating of Nichols by officers in the Memphis Police Department's SCORPION Unit, which became another flashpoint in the explosive debate over policing in America. Thankfully, the issue before us is much easier to resolve: whether Wells can end Davis's appeal by voluntarily dismissing the claims against her. Wells sued the City of Memphis; Memphis Police Department Chief Davis; SCORPION Unit Lieutenant DeWayne Smith and officers Emmitt Martin III, Demetrius Haley, Preston Hemphill, Desmond Mills Jr., Tadarrius Bean, and Justin Smith; Memphis Fire Department Lieutenant Michelle Whitaker, and EMTs Robert Long and JaMichael Sandridge, variously alleging unreasonable seizure, excessive force, failure to intervene, deliberate indifference to a serious medical need, intentional and negligent infliction of emotional distress, and fraudulent misrepresentation.

Davis moved to dismiss the claims against her in her individual capacity based on qualified immunity. The district court denied the motion, relying on our decision in *Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016). After Davis filed a notice of appeal, the district court stayed proceedings as to her. To prevent that stay from delaying her trial against the other defendants, Wells moved to sever and voluntarily dismiss her claims against Davis with prejudice. The district court denied the motion but indicated, pursuant to Federal Rule of Civil Procedure 62.1, that it would grant Wells's motion if it had the authority to do so.

Wells now asks us to terminate Davis's appeal, or, alternatively, remand the appeal to the district court to grant her motion to voluntarily dismiss. Under Federal Rule of Appellate Procedure 12.1, when "a timely motion is made in the district court for relief that it lacks authority

to grant because of an appeal that has been docketed and is pending" and "the district court states

. . . that it would grant the motion," we may remand for further proceedings, with or without

retaining jurisdiction.  Considering the district court's indicative ruling and the current procedural

posture of the underlying case, we believe remand is appropriate and will not retain jurisdiction.

The motion to dismiss is **GRANTED IN PART**, this matter is **REMANDED TO THE**

**DISTRICT COURT** for further proceedings, and this appeal is **DISMISSED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk