**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROWVAUGHN WELLS, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 2:23-cv-02224-SHL-atc |
| THE CITY OF MEMPHIS, TENNESSEE, CHIEF CERELYN DAVIS, PRESTON HEMPHILL, and DEWAYNE SMITH, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING WITH PREJUDICE DEFENDANT CERELYN DAVIS**

On April 24, 2026, the Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion for Severance and Voluntary Dismissal with Prejudice of Claims Against Chief Cerelyn Davis (the "Voluntary Dismissal Motion"). (ECF No. 626.) As relevant here, the Order granted Plaintiff RowVaughn Wells's motion to the extent it sought an indicative ruling that the Court would grant her motion to dismiss the claims against Davis, the Memphis Police Department Chief.

Davis previously sought to dismiss the claims against her based on qualified immunity, and, after the Court denied that motion (see ECF No. 484), she filed an interlocutory appeal of that decision to the Sixth Circuit Court of Appeals (ECF No. 508). While the appeal was pending, Wells filed the Voluntary Dismissal Motion, in which she asked the Court to sever Plaintiff's claims against Davis from the claims against the other Defendants, and then enter an indicative ruling under Federal Rule of Civil Procedure 62.1 "stating that it would grant Plaintiff's motion for voluntary dismissal with prejudice if the Sixth Circuit remands for that

purpose." (ECF No. 608 at PageID 9249.) The Court's April 24 Order denied the motion to sever, but granted the motion for an indicative ruling, explaining that "[t]he Court would grant Plaintiff's motion to dismiss Davis upon remand." (ECF No. 626 at PageID 9614.)

Contemporaneous to the filing of the Voluntary Dismissal Motion, Wells filed a motion in the Sixth Circuit that sought to dismiss Davis's appeal as moot and to dismiss the claims against her with prejudice or, alternatively, to remand the case so that this Court could follow through on its indicative ruling. (ECF No. 608-1.)

On July 1, 2026, the Sixth Circuit entered an order granting Wells's motion in part, and explained that, "[c]onsidering the district court's indicative ruling and the current procedural posture of the underlying case, we believe remand is appropriate and will not retain jurisdiction." (ECF No. 659 at PageID 10357.) The Sixth Circuit correspondingly dismissed Davis's appeal and entered judgment. (ECF No. 660.)

Given that Davis's appeal to the Sixth Circuit has been dismissed, and consistent with the Court's previous indicative ruling and Wells's desire to dismiss her claims against Davis with prejudice, all of Plaintiff's claims against Davis are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 1st day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2