**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, <br><br>     Plaintiff, <br><br> v. <br><br> The City of Memphis, Tennessee; Chief Cerelyn Davis; Preston Hemphill; and DeWayne Smith, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:23-CV-02224-SHL-atc <br> )    JURY DEMAND <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION FOR HEARING ON PENDING MOTIONS AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT**

Defendant City of Memphis (the "City"), pursuant to Local Rule 7.2(d), respectfully requests that the Court set a hearing as to all pending motions. In light of the Court's recent Order denying the Motion to Stay (ECF No. 662), it is important that the parties obtain guidance regarding several significant issues that remain pending before the Court. The City respectfully requests a hearing so that it may be available to address any questions the Court may have regarding the pending motions and to assist the Court in resolving issues that bear on the future course of this litigation.

The pending motions collectively involve important issues of public access and sealing, discovery produced by Plaintiff and Plaintiff's counsel, third-party intervention, expert discovery, privilege and claw back procedures, and the Guardian ad Litem's authority in any settlement process. This case has garnered extreme public interest, in that public safety individuals are implicated and taxpayer funds are exposed. The pending motions directly affect

1

the public's ability to access and inform themselves of the materials filed with the Court in this matter. Moreover, the City is a public entity, and any continued proceedings, discovery obligations, settlement-related issues, or relief imposed against the City necessarily implicate public resources. The public therefore has a substantial interest in understanding the issues that will shape the future course of this litigation, and prompt guidance on the pending public-access and sealing disputes is needed.

Each pending motion is fully briefed, and several impact further case management orders, including establishing the efficient sequencing of discovery, expert practice, and any potential settlement discussions. To assist the Court in resolving these issues, a hearing on all pending motions would provide a forum for the Parties to address and clarify any questions the Court may have regarding the issues presented.

In support of this Motion, the City states as follows:

## I.      LAW AND ARGUMENT

Local Rule 7.2(d) states that "[i]f counsel desires a hearing on the motion before the court, counsel shall request the hearing in the motion or response and shall explain why a hearing would be helpful or necessary." As the Sixth Circuit has recognized, "[d]istrict courts, it is well understood, enjoy 'broad discretion over docket control and the discovery process.'" *Hall v. Navarre*, 118 F.4th 749, 754 (6th Cir. 2024) (quoting *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018)). This discretion is not limited to routine scheduling but extends to the Court's inherent authority to ensure the efficient and expedient resolution of cases. *See, e.g., Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). This inherent judicial power allows courts to "take a more active, hands-on approach to

2

the management of pending litigation[] . . . in flexible pragmatic ways." *John B. v. Goetz*, 879 F.

Supp. 2d 787, 861 (M.D. Tenn. 2010) (quotation marks omitted) (citations omitted).

The following motions are currently pending before the Court, each of which is

summarized briefly below:

1.     The Motion to Seal

The sealing dispute began with Plaintiff's September 25, 2024 Motion for Protective

Order (ECF No. 211), followed by the City's Response (ECF No. 216), the City's Motion for

Leave to File a Supplemental Response (ECF No. 230), Plaintiff's Response in opposition to that

Motion (ECF Nos. 232–33), and Plaintiff's Motion to Seal portions of the City's filing (ECF

Nos. 234–35). More briefing occurred through the City's Response in opposition to Plaintiff's

Motion to Seal (ECF No. 237), the City's Supplemental Response to the Motion for Protective

Order (ECF No. 243), the Parties' sealing-related status reports (ECF Nos. 260–61), Plaintiff's

Supplemental Brief on the Motion to Seal (ECF No. 262), Plaintiff's Reply to the City's

Supplemental Response (ECF No. 278), the City's Motion to Vacate Plaintiff's Improper

Confidentiality Designations (ECF Nos. 286–87), Plaintiff's Response in opposition to the

Motion to Vacate (ECF Nos. 294–95), the City's Reply (ECF No. 305), the City's Supplemental

Reply (ECF No. 407), and Plaintiff's Surreply (ECF No. 410).

In its September 26, 2025 Order (ECF No. 483), the Court held that the dispute had

shifted from whether the transcripts were properly designated confidential under the Agreed

Protective Order to whether they could remain sealed under *Shane Group* and *Grae*, and

concluded that "the deposition transcripts at issue in this case are judicial records, and any

attempt to keep them sealed must comply with *Shane Group* and *Grae*." (ECF No. 483, PageID

6953, 6958.) The Court also found that the parties had "not conducted *Grae*'s document-by-

document, line-by-line analysis" nor had they "sufficiently identified which specific lines or

3

portions of the documents are at issue or how those portions satisfy the requirements of *Grae*"

and therefore denied the Motion to Seal and Motion to Vacate without prejudice, directing

Plaintiff to file a notice identifying the specific portions of the docket she contended should

remain sealed and allowing the City to respond. (*Id.* at PageID 6959.) The Court identified the

sealed filings at issue as ECF Nos. 230, 233, 235, 240, 244, 260, 261, 262, 278, 287, and 295.

(*Id.* at PageID 6959 n.12.)

Plaintiff filed her court-ordered Notice Concerning Sealing Disputes on November 10,

2025. (ECF No. 515.) The City filed its Response to Plaintiff's Notice on November 24, 2025,

completing briefing on this Motion. (ECF No. 520.)

Here, a hearing would be beneficial as oral argument would provide the Court the ability

to ask any outstanding questions it may have regarding the application of *Shane Group* and *Grae*

to the materials at issue.

2.    The City's Motion to Unseal.

On December 23, 2025, the City filed its Motion to Unseal. (ECF No. 532.) The Motion

to Unseal concerns sealed items on the docket outside the sealing disputes addressed in the

Court's September 26, 2025 Order.

On December 23, 2025, the City filed its Motion to Unseal, seeking relief as to sealed

docket entries not addressed by the Court's September 26, 2025 sealing order. (ECF No. 532,

PageID 8319.) The Motion requests that the Court unseal ECF Nos. 338, 340, 350, 352, 354,

355, 356, 357, 359–364, 383, 398, 408, 454, 466, 468, 482, 515, and 520. (*Id.* at PageID 8319.)

Those filings include "three general categories: (1) documents containing deposition testimony

currently designated Confidential; (2) documents directed or ordered by the Court, without

findings under *Shane Group* or *Grae*, to be filed under seal; and (3) documents containing

personally identifiable information[,]" all of which the City contends should be unsealed or

redacted in a more targeted manner consistent with the governing sealing standards. (*Id.*)

Plaintiff filed her Response on January 6, 2026, completing briefing on this Motion. (ECF No.

537.)

The Motion to Unseal was referred to Magistrate Judge Annie T. Christoff on January 6,

2026. (ECF No. 535.) Here, because it overlaps with the broader sealing issues already pending

before the Court while also raising discrete categories of sealed filings, a hearing would allow

the Court to determine which issues can be resolved together and which, if any, require separate

treatment.

3.    The City's Motion to Compel Plaintiff to Produce Documents from Read AI.

On February 17, 2026, the City filed its Motion to Compel Plaintiff to Produce

Documents from Read AI. (ECF No. 567.) In its Motion to Compel, the City seeks responsive

discovery to the City's Eleventh Set of Requests for Production concerning Plaintiff's counsel's

use of Read AI, including authorizations that would allow Read AI to produce account,

recording, transcript, metadata, audit-log, and related information for identified counsel

accounts. (*Id.* at PageID 8679; *see* ECF No. 567-1.) The Motion to Compel arises from the

Court's and the parties' concerns regarding unauthorized recordings or transcriptions of meetings

and proceedings involving this case and related matters. (ECF No. 567, PageID 8679–80, 8685–

87.)

Plaintiff's counsel filed Responses on March 3, 2026. (ECF No. 583, 587.) The City filed

its Reply on March 16, 2026, completing briefing on that Motion. (ECF No. 594.) The Reply

explains the City's positions, including that the requested discovery is limited to non-privileged,

third-party data and that Read AI's counsel identified user consent as the appropriate path to

production. (*Id.* at PageID 9051–55.)

5

The Motion was referred to Magistrate Judge Annie T. Christoff on February 26, 2026. (ECF No. 576.) Here, a hearing on this Motion would assist the Court in addressing the scope of the requested authorizations, any privilege or proportionality limitations, and the most efficient process for any production ordered.

  4. <u>United States' Motion to Intervene to Prevent Disclosure of Certain Communications and Motion for Leave to Reply.</u>

On April 21, 2026, Carroll L. Andre, III, on behalf of the United States, filed a Motion to Intervene to Prevent Disclosure of Certain Communications. (ECF No. 622.) The United States seeks to intervene in connection with communications between DOJ and Plaintiff's counsel that it contends relate to a separate ongoing criminal investigation and are outside the scope of the Court's March 31, 2026 discovery order. (*Id.*) The City filed a Response in Opposition on April 23, 2026. (ECF No. 623.) The City opposes intervention because, among other reasons, the United States has not satisfied Federal Rule of Civil Procedure 24's requirements and ordinary discovery mechanisms—such as a privilege log, motion practice, and, if necessary, in camera review—are adequate to address any privilege or confidentiality issue. (*See id.*)

Additionally, on April 28, 2026, Carroll L. Andre, III, on behalf of the United States, filed a Motion for Leave to File Reply to City of Memphis's Response in Opposition to the Motion of the United States to Intervene to Prevent Disclosure of Certain Communications. (ECF No. 629.)

The Motion to Intervene was referred to Magistrate Judge Annie T. Christoff on April 24, 2026. (ECF No. 625.) Here, a hearing would allow the Court to determine whether intervention is necessary and how any disputed DOJ-related communications should be handled without further delaying discovery.

  5. <u>The City's Motion to Compel Plaintiff Regarding Expert Witness Geoffrey P. Alpert.</u>

6

On April 28, 2026, the City filed its Motion to Compel Plaintiff Regarding Expert Witness Geoffrey P. Alpert. (ECF No. 630.) The City seeks an order requiring Plaintiff to re-produce Dr. Alpert for additional deposition testimony, produce discoverable communications and compensation materials, identify any person who contributed to drafts of Dr. Alpert's report, and produce draft-report materials to the extent they reveal attorney-provided facts, data, or assumptions considered by Dr. Alpert. (*Id.* at PageID 9623–24, 9640.) Plaintiff filed her Response in Opposition on May 12, 2026. (ECF No. 639.)

The Motion was referred to Magistrate Judge Annie T. Christoff on May 6, 2026. (ECF No. 632.) Here, a hearing would permit the Court to resolve the parties' competing views of the application of Federal Rule of Civil Procedure 26, the scope of any continued expert deposition, and whether any additional expert-related production or the need for Plaintiff's counsel's testimony is warranted.

6.      Plaintiff's Motion to Claw Back Inadvertently Produced Document.

On May 15, 2026, Plaintiff filed a Motion to Claw Back Inadvertently Produced Document. (ECF No. 640.) Plaintiff seeks an order requiring Defendants to "return, sequester, or destroy" the "Gold on paper" email bearing Bates number Wells_010352, remove ECF No. 636-2 from the public docket and replace it with a redacted version, and require a redacted version of ECF No. 636 to be filed, specifically redacting the phrase "***Gold on paper***." (*Id.* at PageID 9918, 9922–23; ECF No. 644-1.) Plaintiff filed a Notice of Correction on May 16, 2026. (ECF No. 641.)

The City filed a Response in Opposition on May 20, 2026, completing briefing on that Motion. (ECF No. 644.) The City disputes both the privilege claim and the claimed absence of waiver, arguing that the document is not protected work product and that Plaintiff did not act

7

promptly after the document was produced, cited, filed on the public docket, and discussed during the May 11, 2026 status conference. (*Id.*)

The Motion was referred to Magistrate Judge Annie T. Christoff on May 26, 2026. (ECF No. 645.) Here, a hearing would aid the Court in addressing privilege, waiver, docket treatment, and whether any limits should be imposed on the parties' use of the disputed document while the issue is resolved.

7.        <u>Guardian ad Litem's Motion for Clarification of Authority.</u>

On May 29, 2026, Attorney Chasity S. Grice, the Court-appointed Guardian ad Litem ("GAL"), filed a Motion for Clarification Regarding Settlement Authority on Behalf of the Minor Child. (ECF No. 648.) The GAL asks the Court to clarify her role in settlement-related communications, mediations, negotiations, decision-making, court approval of any settlement affecting the Minor Child, allocation and safeguarding of funds, and any report or recommendation to the Court. (*Id.*)

Plaintiff filed a Notice on June 5, 2026. (ECF No. 650.) Plaintiff filed a Response on June 12, 2026. (ECF No. 655.) The City filed a Response in Support on June 12, 2026, agreeing that clarification is needed and asking the Court to define the GAL's authority so that the Minor Child's interests are meaningfully represented in any settlement process. (*See* ECF No. 656.)

Here, a hearing on this Motion would allow the Court to resolve the parties' competing positions before any renewed settlement discussions and to provide a practical framework for the GAL's participation, authority, and recommendations moving forward.

## II.    CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court set a hearing on all pending motions and grant such other and further relief as the Court deems just and proper.

Dated: August 4, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis*

## CERTIFICATE OF CONSULTATION

The undersigned certifies that counsel for the City consulted with counsel for all parties via email on July 31, 2026 asking whether the parties would oppose the relief requested herein. Counsel for Plaintiff stated that "Plaintiff does not object to a request for a hearing on all pending motions, but we reserve the right to respond and object to any substantive argument or characterization of the issues to the extent the City includes such material in its motion." Counsel for Defendants Hemphill and Smith does not object.

*s/ Bruce McMullen*
Bruce McMullen

9