**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, a municipality, *et al.*,<br><br>    Defendants. | No. 2:23-cv-02224-SHL-atc |

**ORDER GRANTING GUARDIAN AD LITEM'S MOTION FOR CLARIFICATION REGARDING SETTLEMENT AUTHORITY ON BEHALF OF THE MINOR CHILD**

Before the Court is Guardian ad Litem ("GAL"), Chasity S. Grice's Motion for Clarification Regarding Settlement Authority on Behalf of the Minor Child, filed May 29, 2026. (ECF No. 648.)  Plaintiff, RowVaughn Wells, and the City of Memphis (the "City") filed responses to Ms. Grice's Motion.  (ECF No. 655; 656.)  The Court heard argument on the Motion at its August 6, 2026 status conference.

## I.    BACKGROUND

On August 2, 2026, Ms. Grice was appointed to serve as the GAL for the Minor Child, who is the sole beneficiary of Tyre Nichols' estate.  (ECF No. 202.)  On October 16, 2024, she filed a motion for a status conference to discuss the scope of her appointment in four particular areas, including her authority as the GAL to (1) participate in settlement negotiations; (2) participate in court proceedings; (3) report to the Court and maintain communication with the parties; and (4) bill for her services.  (ECF No. 219.)  A status conference was held on November 12, 2024, and an order (the "November 13, 2024 Order") was entered establishing parameters as

to those areas.  (ECF No. 228.)

Ms. Grice now seeks further clarification on her role as the court-appointed GAL, stating that, despite the November 13, 2024 Order, "uncertainty regarding the operative scope of the GAL's authority and the manner of her permissible participation resulted in the GAL's position not meaningfully factoring into the settlement discussions."  (ECF No. 648 at PageID 10058.)

Neither party objects to the Court's clarification of Ms. Grice's role.  (ECF No. 655; 656.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 17(c) authorizes the appointment of a GAL to protect the best interests of a minor.  As such, the Court appointed Ms. Grice to represent the best interest of the Minor Child "[g]iven the reasonable possibility of conflict and the large amount of damages potentially at issue . . . ."  (ECF No. 202 at PageID 1534.)  Once appointed, a GAL serves as an "officer of the court," with "full responsibility to assist the court to 'secure a just, speedy and inexpensive determination of every action.'"  Noe v. True, 507 F.2d 9, 12 (6th Cir. 1874) (quoting Fong Sik Leung v. Dulles, 226 F.2d 74, 82 (9th Cir. 1955) (Boldt, J., concurring); see also J.H. v. Williamson Cnty., 2016 U.S. Dist. LEXIS 143380, *10 (M.D. Tenn. Dec. 14, 2016) ("The purpose of a guardian ad litem under Rule 17(c) is to assist the court in arriving at an outcome that is in the minor's best interests").

The GAL "is 'appointed as a representative of the court to act for the minor in the cause, with the authority [if needed] to engage counsel, file suit, prosecute, control, and direct the litigation.'"  Noe, 507 F.2d at 12 (quoting Fong Sik Leung, 226 F.2d at 82); see Rollinger v. FCA US LLC, 2022 U.S. Dist. LEXIS 239062 (Dec. 7, 2022) (appointing a guardian ad litem to evaluate the fairness of the proposed settlement, attorney's fees, allocation of settlement

2

proceeds, and to provide a recommendation to the court); 2016 U.S. Dist. LEXIS 143380, *10 (explaining that the guardian ad litem acts for the minor—not as counsel—but to assist the court to ensure the outcome of the case is in the minor's best interest).

Although the GAL's role is to "assist the court in arriving at an outcome that is in the minor's best interests," the Court has an independent obligation to protect the minor's interests. Noe, 507 F.2d at 12.

### III.   ANALYSIS

Ms. Grice seeks clarification of the November 13, 2024 Order, wherein the court ordered that (1) "Ms. Grice shall participate in settlement negotiations and advocate on behalf of the Minor Child in pursuit of the Minor Child's best interests," (2) "Ms. Grice shall participate in court and litigation proceedings to the extent necessary to further the Minor Child's interests," (3) "Ms. Grice is not subject to any reporting requirements to the Court," and "[t]he parties shall keep Ms. Grice apprised of any proceedings, events, or communications impacting her advocacy on behalf of the Minor Child," and (4) "Ms. Grice's compensation shall be paid at the conclusion of the case."  (ECF No. 228.)

Specifically, Ms. Grice seeks further guidance as to the following areas:  (1) The GAL's settlement "participation requirement," and the scope of her participation in settlement negotiations, (ECF No. 648 at PageID 10059–60); (2) whether she has decision-making authority to "accept, reject, or consent to settlement terms on behalf of the Minor Child," (id. at PageID 10060); (3) whether judicial approval is required before a "settlement becomes binding on the Minor Child, and whether the Court will receive and consider the GAL's recommendation in connection with that approval," (id.); (4) "whether the GAL's role includes advocating with respect to the apportionment of the Minor Child's share of any recovery and recommending an

3

appropriate vehicle for safeguarding those funds," (id.); (5) whether "the Court expects the GAL to submit a written report and recommendation regarding any proposed settlement affecting the Minor Child, and whether such report may be filed under seal" to protect Minor Child's interests, (id.); and (7) whether "the parties must address the GAL's position during negotiations and in any motion seeking approval of a settlement affecting the Minor Child." (Id. at PageID 10061.)

First, as the Court stated in its November 13, 2024 Order, "Ms. Grice shall participate in settlement negotiations and advocate on behalf of the Minor Child in pursuit of the Minor Child's best interest." (ECF No. 228 at PageID1863.) As to the scope of her participation, Ms. Grice seeks clarification as to whether she may ask questions and request information reasonably necessary to evaluate any settlement proposal affecting the Minor Child. (ECF No. 648.) Indeed, as part of her overall participation in settlement communications, the GAL does have the ability to ask questions and request information reasonably necessary to evaluate the settlement proposal. Neither party appears to object to Ms. Grice's questions, requests for reasonably necessary information to fulfill her duties, or communication of her position and recommendations to counsel and to any mediator or judicial settlement officer. (See ECF No. 655 at PageID 10329; ECF No. 656 at PageID 10338.) Ms. Wells opposes Ms. Grice's ability to propose terms or structures intended to protect the interests of the child. (ECF No. 655 at PageID 10329.) However, Ms. Grice's ability to propose terms and structure is part of her participation in settlement communications, advocacy for the interests of the child, and recommendations to the Court. Thus, Ms. Grice may communicate proposed terms and structure that she believes further the interests of the child. The parties, like the Court, are not obligated to adopt those proposals. Relatedly, as the Court ordered, "[t]he parties shall keep Ms. Grice apprised of any proceedings, events, or communications impacting her advocacy on behalf of the

4

Minor Child."  (ECF No. 228 at PageID 1864.)

Second, the GAL does not have unilateral power to veto an offer, but she must act in the minor child's best interest "as an officer of the court" to help the court arrive "at an outcome that is in the minor's best interests."  Noe, 507 F.2d at 12.  Accordingly, the GAL may act on the minor's behalf by participating in "settlement-related communications, mediations, judicial settlement conferences, and negotiations that could affect the Minor Child's interest," (ECF No. 648 at PageID 10059), and providing the Court with an independent recommendation regarding whether a proposed settlement serves the minor's best interests.

Of note, Ms. Wells reads the Court's November 13, 2024 Order too narrowly.  (ECF 655 at PageID 10329–30.)  Ms. Grice's role is to protect the interests of the child—not to protect the interests of the child "*only if* and *only to the extent* Plaintiff's 'interests conflict with the minor's' in the context of a potential settlement."  (Id.)  A GAL was appointed primarily because of the "readily evident" potential for conflict that exists because "[Ms.] Wells may soon be in a position that would require her to put the interests of Minor Child above her own."  (ECF No. 202 at PageID 1533.)  If Ms. Grice's role in protecting the child's interests—i.e., meaningfully participating in discussions and investigating the facts—is only "triggered" if an actual conflict arises, how would Ms. Grice know if a conflict does arise unless she is involved in the discussions?  Moreover, the appointment was also based on the "large amount of damages" at issue—a different basis from the potential conflict.  (Id. at PageID 1534.)

Third, when a proposed settlement involves a minor, the Court must determine whether the proposed settlement is fair and reasonable.  See Green v. Nevers, 111 F.3d 1295, 1301 (6th Cir. 1997); see also Dean v. Holiday Inns, Inc., 860 F.2d 670, 673 (6th Cir. 1988) (noting "the general rule . . . that settlement of a minor's claim or agreements or waivers affecting a minor's

5

rights or interests are always subject to approval or amendment by the court with jurisdiction to pass on such agreements or actions."). In discharging that duty, the Court is not bound by the GAL's recommendation; instead, the recommendation is one factor the Court may consider in forming its independent assessment of whether the proposed settlement protects the minor's interests. See Green, 111 F.3d 1295. However, it is a recommendation that can only be offered to the Court if the GAL has all of the information she needs to assess the situation.

Fourth, as to the allocation and safeguarding of the Minor Child's share of recovery, it is the GAL's role to make recommendations to the Court. It does not appear that the parties object to Ms. Grice's advocacy and recommendations as to the allocation and safeguarding measures of any funds awarded to the child.[1] (See ECF No. 655 at PageID 10331; 656 at PageID 10342.) However, again, to fulfill her obligation, Ms. Grice must have all relevant information.

Lastly, Ms. Grice may submit a report and recommendation as to why she believes, based on her investigation and participation, that the proposed settlement is or is not in the best interest of the Minor Child. As it evaluates the settlement, the Court will consider that report and recommendation. Whether the GAL's report and recommendation may be filed under seal will be determined at a later date.

**IT IS SO ORDERED,** this 12th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Ms. Wells, again, notes that she does not object to Ms. Grice advocating with respect to the apportionment of the child's share of any recovery and recommendations as to an appropriate vehicle to safeguard those funds—but only to the extent Ms. Grice's advocacy addresses a perceived conflict. (ECF No. 655 at 10331.) However, as the Court notes above, this reading of the November 13, 2024 Order appointing the GAL is too narrow.