IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROW VAUGHN WELLS, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF TYRE
DEANDRE NICHOLS, DECEASED

Plaintiff

VS. CAUSE NO.: 2:23-CV-02224-SHL-atc

THE CITY OF MEMPHIS, a Municipality;
PRESTON HEMPHILL, in his individual capacity;
AND DEWAYNE SMITH, in his individual capacity
and as an agent of the City of Memphis

Defendants

---

DEFENDANTS, JUSTIN SMITH, DEMETRIUS HALEY AND TADARRIUS BEAN'S,
JOINT MOTION FOR MISCELLANEOUS RELIEF

---

COME NOW, Defendants, Justin Smith, Demetrius Haley and Tadarrius Bean (hereinafter "Smith," "Haley" and "Bean"), by and through their respective counsel, and files this their Joint Motion for Miscellaneous Relief and would state and show unto the Court as follows:

1. Smith, Haley and Bean are promptly filing this Motion for Miscellaneous Relief with the Court so that the Court may intervene to give guidance to the litigants regarding an issue that has been present now for over three (3) years.

2. In this case, the Plaintiff, and possibly other former civil co-defendants with Smith, Haley and Bean, have proposed taking the discovery deposition of Smith, Haley and Bean.

3. As the Court well knows, Smith, Haley and Bean are defendants in the underlying federal civil rights criminal case.

4. As the Court also well knows, a new trial was ordered by this Court on the various remaining charges pending against Smith, Haley and Bean. The Government has appealed the granting of that new trial, and said appeal is pending before the Sixth Circuit Court of Appeals.

5. Jeopardy has attached to Smith, Haley and Bean, and they would have an absolute right under the Fifth Amendment of the United States Constitution to refrain from responding to questions that could incriminate them or lead to the discovery of other evidence which would incriminate them.

6. As this Court also knows, originally, a stay of discovery was put in place to avoid the discovery issue while the criminal case was pending.

7. The Plaintiff then dismissed Smith, Haley and Bean with prejudice therefore, in their eyes, removing that obstacle.

8. However, Smith, Haley and Bean still keep their Fifth Amendment right against self-incrimination.

9. Inasmuch as the various charges against Smith, Haley and Bean involve the arrest of Tyre Nichols; Smith, Haley and Bean cannot expose themselves to questions surrounding their employment with the Memphis Police Department vis a vis their training; or the arrest of Tyre Nichols; or statements made by other third parties to them or from them surrounding the Tyre Nichols' incident.

10. As had been imagined for quite some time, the Plaintiff wants to convene a deposition where Smith, Haley and Bean are then sworn and then deposed.

11. There is a history of long and exasperating discovery depositions occurring in this case.

12. Smith, Haley and Bean pray that this Court intervene on the front end to give direction to the litigants. It makes absolutely no sense for Smith, Haley and Bean to appear, be sworn, identify themselves and then respond with their constitutionally protected Fifth Amendment right against self-incrimination to approximately seven (7) hours of questioning. (Plaintiff has proposed seven (7) hours for each defendant, Haley, Smith and Bean).

13. Instead, the more prudent and efficient method should be pursuant to FRCP 31 wherein the Plaintiff causes his questions of Smith, Haley and Bean to be reduced to writing.

14. FRCP 31 entitled "Depositions By Written Questions" is applicable.

15. Inasmuch as Plaintiff's counsel has not shared with defense counsel, and defense counsel has no idea what questions will be asked by Plaintiff's counsel, this methodology would make the most sense.

16. For example, on any non-privileged or non-protected area of examination, Smith, Haley and Bean would be required to provide full and complete written answers, and those would then be served upon all litigants. If, on the other hand, a question is asked regarding the Tyre Nichols' incident, or those tangential issues that could lead to criminal prosecution, Smith, Haley and Bean could seek protection from the Fifth Amendment and do so in writing.

17. Counsel for other parties could then submit their written cross-examination questions to Smith, Haley and Bean, and the same procedure would apply.

18. There is enough history in the discovery deposition process that has occurred in this case to know beyond a shadow of a doubt that a seven (7) or eight (8) hour deposition will be contentious at best and result in further motions before this Court if the Court does not step

in now and provide the litigants a framework upon which to accomplish both the Plaintiff and the civil defendants' goals.

19. Plaintiff clearly wants or understands that Smith, Haley and Bean will take the Fifth Amendment, and will then later at a trial of the cause seek an adverse inference.

20. The federal and state criminal investigation materials have all been provided to Plaintiff's counsel, and there is little, if anything, that could be accomplished by a discovery deposition in the civil case other than an attempt to have a negative inference against the remaining civil defendants.

21. Conversely, the civil defendants will want to fight against the application of the negative inference by again asking a litany of questions of the deponent, all of which will also be protected by the Fifth Amendment.

22. The proposal made by the undersigned will at least reduce the issues to writing and will be much clearer should a dispute arise.

23. While this motion is very much out of the ordinary, the undersigned believe that an ounce of prevention is worth a pound of cure keeping in mind that Smith, Haley and Bean are not wealthy men able to afford the tremendous number of hours of legal time which will be required in sitting for an oral discovery deposition and all confrontations that occur during and after those depositions.

Respectfully Submitted,

*S/Martin Zummach*
Martin Zummach, #16352
Attorney for Defendant, Justin Smith
2889 Chattering Lane
Southaven, MS 38672
901-482-5909
martin@zummachlaw.com

*S/Michael J. Stengel*
Michael J. Stengel, #12260
Attorney for Defendant, Demetrius Haley
619 South Cooper Street
Memphis, TN 38104
901-527-3535
mstengel@mjspc.com

*S/John Keith Perry, Jr.*,
John Keith Perry, Jr., #24283
Attorney for Defendant, Tadarrius Bean
5699 Getwell Road, Bldg. G5
Southaven, MS 38672
662-536-6868
jkp@perrygriffin.com

Certificate of Service

The undersigned certifies that on the 31st day of August, 2026, a copy of the foregoing document was electronically filed with court clerk using the ECF System, and that upon filing, a copy will be sent via the Court's ECF System to all registered parties in this case.

*S/Martin Zummach*

**CERTIFICATE OF CONSULTATION**

The undersigned sent the attached correspondence in an attempt to resolve the dispute in good faith, but no resolution could be had.

*S/Martin Zummach*

**MARTIN ZUMMACH**
**ATTORNEY AT LAW**
**LICENSED IN MS, TN, AR & TX**

2889 Chattering Lane
Southaven, MS 38672
Martin@Zummachlaw.com

Legal Assistant
Mistie Wynn
Mistie@Zummachlaw.com

August 31, 2026
**VIA EMAIL**
**sweil@rblaw.net**
**jlevin@rblaw.net**

Stephen Weil, Esq.
Joshua Levin, Esq.
Romanucci & Blandin, LLC
321 North Clark Street
Chicago, IL 60654

RE: RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased v. City of Memphis, et. al.
United States District Court for the Western District of Tennessee, Western Division
Cause No.: 2:23-CV-02224-SHL-atc

Counsel:

I contacted Steve's cell phone number on Friday, August 28, 2026, and left a voice mail message indicating that I would like to consult with Plaintiff's counsel regarding an issue.

You have sent a series of emails to us regarding our clients sitting for a deposition which has been estimated to last approximately seven (7) hours on the Plaintiff's side, and God knows how long the cross-examination by the City and DeWayne Smith's counsel will take.

It is my humble belief, joined by Michael Stengel and John Keith Perry, Jr., that the more efficient and fair way to do this is for you to take the script of questions that you have obviously prepared in order to provide an estimate of time needed, and pursuant to Rule 31 of the FRCP, propose your deposition questions in writing. Plaintiff will then have a clear record of those items that the criminal defendants will claim Fifth Amendment protection.

It would also require the City and DeWayne Smith's counsel to propose their questions in writing as well with the same result.

Then, both sides can argue over the written, very clear answers given to very clear questions.

---

If I do not hear from you regarding your agreement or objections, I intend to file a Motion along with Mr. Stengel and Mr. Perry to seek relief from the Court and will attach this consultation letter indicating my attempt to resolve this issue.

Sincerely,

Martin Zummach
MZ/mw
cc: Michael Stengel, Esq.
John Keith Perry, Jr., Esq.