**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:23-CV-02224-SHL-atc<br>JURY DEMAND |
| The City of Memphis, Tennessee; Chief Cerelyn Davis; Emmitt Martin III; Demetrius Haley; Justin Smith; Desmond Mills, Jr.; Tadarrius Bean; Preston Hemphill; DeWayne Smith, | ) | |
| Defendants. | ) | |

**JOINDER TO DEFENDANTS' JUSTIN SMITH, DEMETRIUS HALEY, AND TADARRIUS BEAN'S JOINT MOTION FOR MISCELLANEOUS RELIEF**

Defendant City of Memphis (the "City") joins in the Joint Motion for Miscellaneous Relief (ECF No. 683) filed by former Defendants Justin Smith, Demetrius Haley, and Tadarrius Bean's (the "Movants") requesting that the depositions of the former Officer Defendants Justin Smith, Demetrius Haley, Tadarrius Bean, Emmitt Martin, and Desmond Mills be initially taken pursuant to Federal Rule of Civil Procedure 31 by written questions.

The Movants, through their counsel, have unequivocally indicated that, based on their pending criminal indictments, they intend to plead the Fifth Amendment to almost every question that could be asked of them in their depositions. Thus, the depositions are not expected to generate a meaningful factual record, but instead are likely to consist overwhelmingly of

repeated invocations of the privilege.

Requiring oral depositions in those circumstances would impose a substantial burden on all parties—and, if disputes arise, burden on the Court—while yielding virtually no substantive testimony. An oral deposition in which the deponent invokes the Fifth Amendment in response to every or nearly every question serves no legitimate discovery purpose. It does not permit meaningful examination, clarification, or follow-up, and it merely consumes the time of the witnesses and counsel.

Rule 26(c)(1) gives the Court broad discretion to manage discovery and, for good cause, to protect parties and persons from annoyance, embarrassment, oppression, or undue burden or expense, including by limiting the manner and scope of discovery. Fed. R. Civ. P. 26(c)(1). This is precisely the type of circumstance in which that discretion should be exercised.

The burden is cumulative and substantial. Five former Officer Defendants—Justin Smith, Demetrius Haley, Tadarrius Bean, Emmitt Martin, and Desmond Mills—each potentially would sit for a multi-hour deposition. Plaintiff's counsel initially asked that the parties hold seven hours for each of the depositions and has since estimated that, if the former Officer Defendants plead the Fifth Amendment to all questions, their questioning would conclude in "two to three hours," which Plaintiff's counsel has scarcely been able to do in the thirty depositions they have taken in this case. Even accepting that revised estimate, it does not account for cross-examination by the City, or cross-examination by counsel for the other defendants, Lt. DeWayne Smith and Preston Hemphill. The City anticipates having a commensurate number of questions as Plaintiff during cross-examination, and the cumulative result could be five days of attorney time, witness time, and logistical disruption devoted to proceedings that yield little more than a series of privilege invocations.

The City agrees with the Movants that the most efficient course is for Plaintiff, as the noticing party, first to take the depositions by written questions under Rule 31. Rule 31 would provide an orderly screening mechanism: Plaintiff could submit the questions she wishes to ask, the former Officer Defendants could answer those questions or invoke the Fifth Amendment as they determine appropriate, and, after reviewing the responses, all parties could assess which topics, if any, remain open for live examination. If the former Officer Defendants decline to invoke the privilege as to particular questions, Plaintiff could then conduct an in-person deposition focused on those questions and any genuinely necessary follow-up. The written-question process would identify the permissible scope of any live examination before the parties incur the time and expense of an extended oral deposition.

This approach does not deprive Plaintiff of any discovery. It merely sequences the discovery so that the parties do not spend hours asking, defending, and reviewing questions on topics that are foreclosed by the Fifth Amendment.

Rule 31 is particularly well suited to this multi-party case because it expressly contemplates cross-examination questions from other parties. *See* Fed. R. Civ. P. 31(a)(5). After receiving Plaintiff's questions and the former Officer Defendants' answers or privilege assertions, the City and the other defendants can submit their cross-examination questions in the sequence authorized by the Rule. This procedure preserves the participation rights of every party while avoiding unnecessary live examination. It is also a reasonable and proportional means of obtaining discovery under Rule 26(b)(1), which directs that discovery be proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' access to information, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The requested relief is necessary for an additional reason. Plaintiff's counsel has a documented history of harassing and abusive conduct during depositions in this case. (*See, e.g.*, ECF No. 554, Motion for Miscellaneous Relief filed by Justin Smith.) That risk is heightened here because the former Officer Defendants' inability to provide substantive answers may provoke increasingly confrontational questioning, even though further questioning would be unlikely to produce meaningful testimony. The process will almost certainly digress to performative questioning rather than informative questioning on subjects on which the Fifth Amendment is not invoked. Rule 31 eliminates the opportunity for real-time confrontational exchanges and thereby provides a structural safeguard against the type of conduct previously experienced in this case.

The Court should not have to play referee to contentious, multi-hour depositions that are unlikely to yield meaningful testimony when a written-question procedure can identify the limited topics, if any, that warrant live examination. The proposed relief under Rule 31 would therefore provide appropriate guardrails and promote the most efficient use of the parties' and the Court's resources.

Dated: September 1, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*

Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Kelsey W. McKinney (#40434)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com

kmckinney@bakerdonelson.com

*Attorneys for Defendant City of Memphis and Chief Cerelyn Davis in her Individual Capacity*

**CERTIFICATE OF SERVICE**

I, Bruce McMullen, hereby certify that on September 1, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen