IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROWVAUGHN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, a municipality, et al.,<br><br>Defendants. | No. 2:23-cv-02224-SHL-atc |

**ORDER DENYING DEFENDANTS' JOINT MOTION FOR MISCELLANEOUS RELIEF**

Before the Court is former Defendants Justin Smith, Demetrius Haley, and Tadarrius Bean's ("Former Defendant Officers") Joint Motion for Miscellaneous Relief, filed August 31, 2026. (ECF No. 683.) The City of Memphis joined Former Defendant Officers' Motion on September 1. (ECF No. 684.) Plaintiff RowVaughn Wells filed a response on September 14. (ECF No. 685.) For the reasons set forth below, the Motion is **DENIED**.

Former Defendant Officers essentially seek a protective order[1] instructing that their depositions be taken by written questions under Rule 31, instead of by the noticed oral depositions. (ECF No. 683 at PageID 10538; ECF No. 684 at PageID 10544.) The Former Defendant Officers and the City argue that a deposition by written questions would be "the more prudent and efficient method [compared to oral depositions]" because the Former Defendant

[1] Although Former Defendant Officers do not specifically characterize their Motion as a motion for a protective order under Federal Rule of Civil Procedure 26(c)(1), the relief they seek is to alter "the method of discovery" that was "selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1). And, as the City acknowledges in its Notice of Joinder, the requested "miscellaneous relief" falls under Rule 26(c)(1). (ECF No. 684 at PageID 10545.)

Officers intend to invoke their Fifth Amendment protections throughout the depositions, previous depositions in this case have been "long and exasperating," and the Former Defendant Officers will suffer a financial burden should they be required to sit for oral depositions. (ECF No. 683 at PageID 10538–39.) Additionally, the City contends that written depositions are necessary "to eliminate[] the opportunity for real-time confrontational exchanges" and "provide a structural safeguard" because "Plaintiff's counsel has a documented history of harassing and abusive conduct during depositions in this case." (ECF 684 at PageID 10547.)

Ms. Wells argues that Former Defendant Officers have not shown good cause under Rule 26(c)(1), as written depositions would be more cumbersome and time-consuming for everyone, and Defendants' accusations about the contentiousness of Plaintiff's counsel are unsubstantiated. (ECF No. 685 at PageID 10555–56.) She further responds that depriving her of her chosen method of discovery would (1) hinder the preservation of testimony should any of the Former Defendant Officers become unavailable for trial; (2) degrade impeachment value of the testimony; (3) create probable disputes at trial about whether Former Defendant Officers were shown Plaintiff's intended videos upon answering the written questions; and (4) impede the ability to present the video depositions to the jury, as written answers would not have the same impact. (Id. at PageID 10553–56.)

"[G]enerally, the party seeking discovery is entitled to pursue it by way of the method of its choice." Purofied Down Prods Corp. v. Royal Down Products, Inc., 87 F.R.D. 685, 688 (W.D. Mich. 1980). A court has discretion to enter a protective order for good cause under Rule 26(c)(1) to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). It is the movant's burden to show good cause by articulating "specific facts showing 'clearly defined and serious injury resulting from the

discovery sought.'" Nix v. Sword, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (quoting Avirgan v. Hull, 118 F.R.D. 252, 254 (D.D.C. 1987)). Mere conclusory statements are insufficient to show good cause. Id.

Here, Ms. Wells has chosen to take the oral depositions of the Former Defendant Officers, and there has been no particularized showing that good cause exists to preclude those depositions. Instead, Former Defendant Officers offer broad, conclusory assertions about the anticipated questions and opposing counsel's intent. First, although they admit that the questions are unknown, Former Defendant Officers argue that they will invoke their Fifth Amendment protections "to almost every question that could be asked of them," which will yield little meaningful discovery. (ECF No. 684 at 10544–45.) While they anticipate providing at least some answers, they state that they "would be required to provide full and complete written answers" regarding "any non-privileged or non-protected area of examination." (ECF No. 683 at PageID 10538.) However, because this requirement applies whether the depositions are written or oral, this argument does not support the unusual step of requiring deposition by written examination where the party seeking discovery has chosen oral depositions.

Second, Defendants argue that written questions would be more efficient and financially prudent for the officers who "are not wealthy men able to afford the tremendous number of hours of legal time which will be required in sitting for an oral discovery deposition and all confrontations that occur during and after those depositions." (Id. at PageID 10539.) However, written questions would hardly be an inexpensive endeavor with lawyer review, potential edits, objections, and any resulting disputes. Moreover, the City's suggestion of a multi-step process involving answering questions on paper first, and then potentially conducting live depositions, would be inefficient and burdensome for all involved. (ECF No. 684 at PageID 10546.)

Lastly, Former Defendant Officers argue that oral depositions "will be contentious at best," and the City adds that "Plaintiff's documented history of" harassment and abuse makes this relief necessary. (ECF No. 684 at PageID 10547.) For "documented history," the City cites Defendant Justin Smith's Motion for Miscellaneous Relief, wherein Smith sought sanctions against Ms. Wells' counsel because there was an insufficient amount of time for Smith to question a witness. (ECF No. 554.) While the Motion resulted in more time being granted to Smith for questioning, there was no good cause shown for sanctions. (ECF No. 601 at PageID 9149.)

Anticipating a problem in a highly contentious case is not a sufficient basis to alter a party's choice as to the method of discovery, particularly when such an alteration would likely prejudice the party seeking discovery. Ms. Wells noticed conventional video-recorded oral depositions as her preferred method of discovery, and Former Defendant Officers have not shown good cause to justify altering her choice. For these reasons, the Motion is **DENIED**. If issues arise in the course of this discovery, the Parties are cautioned to effectively consult with each other as the first option.[2]

**IT IS SO ORDERED,** this 24th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[2] Former Defendant Officers' counsel certified that he attempted to "resolve the dispute in good faith, but no resolution could be had," and attached correspondence that was apparently emailed to Ms. Wells' counsel on August 31—a few hours before this Motion was filed. (ECF No. 683 at PageID 10541.) While the attached correspondence states that Defendants' counsel "contacted [Ms. Wells' counsel's] cell phone on August 28," and [perhaps] left a voicemail, that is the apparent extent of any attempted communication as outlined by counsel. (Id.; ECF No. 685-1.) Thus, this attempted consultation was insufficient. More reciprocal effort to consult is needed from all Parties going forward.