**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:23-cv-02224-SHL-atc |
| v. | ) | |
| | ) | |
| The City of Memphis *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO DISCLOSE RULE 26(a)(2)(C) WITNESSES OUT OF TIME**

Pursuant to Federal Rules of Civil Procedure 26(e) and 37(c)(1), Plaintiff RowVaughn Wells, through her undersigned counsel, moves this Court for leave to disclose witnesses pursuant to Rule 26(a)(2)(C) out of time. Plaintiff's disclosure is attached hereto as **Exhibit 1**.

Plaintiff has conferred with the defendants regarding this requested relief via email. Defendants Hemphill and Dewayne Smith do not oppose Plaintiff's requested relief. Defendant City of Memphis does oppose the relief.

## INTRODUCTION

On April 3, 2026, Plaintiff timely served expert reports under Rule 26(a)(2)(B). Through an inadvertent oversight, however, her counsel did not also serve Rule 26(a)(2)(C) disclosures for three non-retained witnesses: Dr. Peter Law and Dr. Michelle Surbrook, who treated Tyre Nichols at St. Francis Hospital, and Sgt. Denetta Craig, who led the Memphis Police Department's internal investigation of the officers' encounter with Mr. Nichols. Counsel discovered the error on September 19, notified all defendants the next day, and served detailed disclosures on September 24.

The late disclosure is harmless under Rule 37(c)(1). None of these witnesses is new to the defendants. Each was identified in Plaintiff's Rule 26(a)(1) disclosures with the same general subject matter; the records underlying their opinions have been produced; and each has already given sworn testimony—Dr. Law and Sgt. Craig in depositions in this case, and Dr. Surbrook at the officers' federal criminal trial. Plaintiff's disclosures tie every anticipated opinion to specific pages of that existing record. Expert discovery remains open, the City has had ample time to depose (or re-depose) the witnesses, and no change to the trial date is needed. Every *Howe* factor favors allowing the disclosure, and Defendants Hemphill and Dewayne Smith do not oppose it. The Court should grant this motion.

## BACKGROUND

Plaintiff's expert disclosures were due on April 3, 2026, ECF 571. Under the Court's subsequent Amended Scheduling Order, ECF 672, disclosure of defense experts is due on October 12, 2026, and depositions of all experts are to be completed by November 20, 2026. ECF 672.

On April 3, Plaintiff produced 7 different expert reports totaling 254 pages, pursuant to Rule 26(a)(2)(B). Plaintiff did not, however, make disclosures of non-report expert witnesses under Rule 26(a)(2)(C). The failure was inadvertent, the result of an oversight. As set forth herein, members of Plaintiff's litigation team erroneously believed that such disclosures were to be made pursuant to Rule 26(a)(1), where each of the three witnesses in question, and the subject matters of their anticipated testimony, had already been disclosed. *See* **Ex. 3** (Plaintiff's Rule 26(a)(1) disclosures).

Plaintiff's litigation team recognized the oversight on Saturday, September 19, 2026, as they were preparing to defend the deposition of one of their Rule 26(a)(2)(B) experts. Plaintiff

counsel sought to remedy the error immediately. On Sunday, September 20, Plaintiff counsel emailed counsel for the defendants, alerting them to the omission. *See* **Ex. 2** at 3-6. In that email, Plaintiff counsel noted that Plaintiff would disclose three Rule 26(a)(2)(C) witnesses. *Id.* at 4-6. The email identified those witnesses and provided short descriptions of their anticipated opinions. *Id.* In the email, Plaintiff counsel noted that each of the three witnesses had been identified in Plaintiff's Rule 26(a)(1) witness disclosures, and that the anticipated testimony described in the Rule 26(a)(1) disclosures covered the same general substance as the forthcoming Rule 26(a)(2)(C) disclosures. *Id.* The September 20 email concluded by inquiring whether defendants would stipulate to the out-of-time disclosure. *Id.* The City responded that it would not stipulate. *Id.*

On Thursday, September 24, Plaintiff transmitted the formal Rule 26(a)(2)(C) disclosures to defense counsel, identifying the three witnesses. **Ex. 2** at 2-3 (attaching Ex. 1). The witnesses are:

> **Dr. Peter Law**, an ICU physician at St. Francis Hospital who treated Tyre Nichols between his admission on January 7, 2023 and his death on January 10.
>
> **Dr. Michelle Surbrook**, an ER physician at St. Francis Hospital who provided care for Mr. Nichols the night of January 7, 2023.
>
> **Sgt. Denetta Craig**, a Memphis Police Department Inspectional Service Bureau (ISB) investigator who submitted the ISB's report regarding the officers' encounter with Mr. Nichols on January 7, 2023.

As Plaintiff's Rule 26(a)(2)(C) disclosures noted (and as Plaintiff had noted in her September 20 email), besides being identified in Plaintiff's Rule 26(a)(1) disclosures, *see supra*, all three witnesses had already given sworn testimony regarding this matter. *See generally* **Ex. 1**. Two of the witnesses—Law and Craig—had been deposed in this case. *See id.* (Law; Craig). The third, Surbrook, had testified in the federal criminal trial of the officers, and as the disclosure indicates, the transcript of Surbrook's testimony has been produced in this case. *See id.* (Surbrook).

In the September 24 Rule 26(a)(2)(C) disclosures, Plaintiff counsel went to lengths to make a detailed disclosure of each witness's anticipated testimony and opinions. For each of the three witnesses, the Rule 26(a)(2)(C) disclosure specifies the subjects of their testimony and opinions precisely, identifying specific portions of their trial or deposition testimony where those opinions were offered. The anticipated opinions of each witness were set out in separate subparagraphs, and in each subparagraph the disclosure identified the specific pages and deposition lines where those opinions were reflected. Thus Dr. Law's anticipated opinions were identified in specific pages of his entries in Mr. Nichols' medical records and specific lines in his deposition transcript, *see* Ex. 1 at 1-3; the anticipated opinions of Dr. Surbrook in specific pages of her medical entries and specific lines in her trial testimony, *see id.* at 3-4; and the opinions of Sgt. Craig in her ISB report and specific lines in her deposition transcript, *see id.* at 4-6.

In the September 24 email transmitting the Rule 26(a)(2)(C) disclosures, Plaintiff counsel again asked defendants whether they would stipulate to the out-of-time disclosure. Ex. 2 at 2-3. Counsel for the City confirmed their opposition on September 25. *Id.* On September 28, counsel for defendants Hemphill and Dewayne Smith responded and stated that they did *not* oppose the out-of-time disclosure. *Id.* at 1. Plaintiff counsel replied, offering to confer with counsel for the City about any prejudice the City anticipated from the out-of-time disclosure, and offering to discuss ways to mitigate such prejudice. *Id*. Plaintiff has received no response to that offer. This motion follows.

## ARGUMENT

Plaintiff's Rule 26(a)(2)(C) disclosures are late. Rule 37(c)(1) governs the admission of such out-of-time disclosures, and permits their admission so long as the late disclosure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has adopted a five-factor test for determining if a untimely disclosure is harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quotation omitted). "District courts have broad discretion in applying [the *Howe*] factors and need not apply each one rigidly." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quotation omitted). "The core goal of [the *Howe*] evaluation is to 'separate "honest," harmless mistakes from the type of "underhanded gamesmanship" that warrants the harsh remedy of exclusion.'" *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-cv-024, 2022 WL 10225005, at *4 (W.D. Ky. Aug. 30, 2022) (quoting *Bisig*, 940 F.3d at 221; original brackets eliminated). Plaintiff reviews each *Howe* consideration in turn.

**1. Surprise.**

Two factors weigh against surprise here. First, surprise is lessened where the opposing party has been made aware of the witness and the intent of the introducing party to use the witness, particularly where the witness and their testimony have otherwise been disclosed, and particularly where the witness has been deposed. *See, e.g.*, *Nelson v. Werner Enters., Inc.*, No. 3:22-cv-350, 2024 WL 5705083, at *5 (E.D. Tenn. June 24, 2024) (no surprise where plaintiff identified "medical providers that treated plaintiff" in initial disclosures, produced the provider's records, and defendant deposed and cross-examined the provider); *Toogood v. State Farm Mut.*

*Auto. Ins. Co.*, No. 3:22-cv-00265, 2023 WL 7166860, at *4 (W.D. Ky. Oct. 31, 2023) (finding that the defendant was not surprised by the plaintiff's untimely disclosures of treating physicians because it "had ample notice both of [the plaintiff's] intent to call his treating physicians in this matter and of the identities of those individuals" from a presuit demand, the plaintiff's initial disclosures, the plaintiff's responses to discovery requests, and medical records); *Sanders v. Elzy*, No. 3:21-cv-75, 2022 WL 3439837, at *4 (W.D. Ky. Aug. 16, 2022) (no surprise where plaintiff identified experts during discovery, produced their medical reports, and the parties' joint status reports stated the experts' depositions would be scheduled).

Here, all three witnesses were identified in Plaintiff's Rule 26(a)(1) disclosures, with the same general scope of testimony now set out in the Rule 26(a)(2)(C) disclosures.[1] The documents going to each witness's anticipated opinions—the St. Francis medical records and the ISB Report—have also been produced. Dr. Law and Sgt. Craig were deposed in this case, and Dr. Surbrook gave sworn testimony about her treatment of Mr. Nichols at the criminal trial. And the anticipated testimony of each witness, which is set out in detail in Plaintiff's Rule 26(a)(2)(C) disclosure, hews tightly to these produced documents and to the witness's existing testimony. Plaintiff respectfully submits that the surprise factor weighs in favor of admission.

**2. Ability to cure surprise.**

Assuming it exists, surprise from the untimely disclosure of Plaintiff's three Rule 26(a)(2)(C) witnesses can readily be cured. ***First***, the *magnitude* of any surprise that needs to be cured is minimal. As set out *supra*, the three witnesses have each expressed their opinions in written documents (medical records and an internal investigation report) and each has already

---

[1] Plaintiff's Rule 26(a)(1) disclosures describe the subject matter of Dr. Law's anticipated testimony, *see* Ex. 3 at 23-24, the subject matter of Dr. Surbrook's anticipated testimony, *id.*, and the subject matter of Sgt. Craig's anticipated testimony, *id.* at 28.

testified to their opinions—and Plaintiff's Rule 26(a)(2)(C) disclosure hews to those expressed opinions, with detail and specificity. Plaintiff's Rule 26(a)(2)(C) disclosures provide a detailed guide to the experts' anticipated opinions, tied to particular, pin-cited evidence. If the City desired to depose any of the three witnesses about the opinions for which Plaintiff has disclosed them, Plaintiff's disclosure—as well as the prior instances where the witnesses have testified to those same opinions—makes that job easy.

***Second***, courts have repeatedly held that prejudice from untimely disclosure can be cured where the opposing party still has time to depose the witness. *See, e.g.*, *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 2:19-cv-02754, 2021 WL 1846386, at *2 (W.D. Tenn. May 7, 2021) (finding that the "[d]efendants had the ability to cure any harm [from late disclosure] by questioning [the expert] at his deposition"); *Nelson*, 2024 WL 5705083, at *5 (in case of untimely disclosure, "[a]ssuming there was surprise to Defendant, any surprise is cured by the taking of [the treating physician]'s deposition"). In this case, Plaintiff identified the three witnesses on September 20, amidst the City's depositions of Plaintiff's Rule 26(a)(2)(B) experts, more than three weeks before the City's expert reports are due on October 12, and well over a month before all experts are to be deposed, on November 20. *See supra*. Plaintiff's Rule 26(a)(2)(C) disclosures identify only three witnesses, two of whom have already been deposed in this case; the City has had time to arrange for and take the three witnesses' depositions. (And if the City required some accommodation (like more time) in light of Plaintiff's late disclosure, on September 29 Plaintiff counsel emailed the City to discuss any such accommodations; the City raised none and indeed never responded, *see supra*.) To the extent there is surprise from Plaintiff's late disclosure, the City has had the ability to cure it through deposing (or re-deposing) the witnesses.

***Third***, at the time of her deposition Sgt. Craig was an employee of the City. If Sgt. Craig is still so employed, its ability to cure any surprise caused by her late disclosure is manifest. *See, e.g.*, *Smith v. Pfizer*, 265 F.R.D. 278, 284 (M.D. Tenn. 2010) (refusing to exclude late-disclosed employee of the party due to lack of prejudice).[2] This factor weighs in favor of admission.

**3. Extent to which allowing evidence would disrupt trial.**

This factor concerns the extent to which the late disclosure, and any cure, would disrupt the trial. *Bisig*, 940 F.3d at 219. In the more than two weeks since Plaintiff identified the three Rule 26(a)(2)(C) witnesses, the City has indicated no interest in taking their depositions; such depositions could be completed before the disclosure of the City's experts on October 12, and could easily be completed before the expert-deposition period ends on November 20. No movement of the trial date would be required. This factor weighs in favor of admission.

**4. Importance of the evidence.**

Where the testimony concerns the core facts of the case, courts have found that this factor weighs against exclusion. *See Nelson*, 2024 WL 5705083, at *6 (causation testimony from treating provider important); *Toogood*, 2023 WL 7166860, at *5 (factor weighed against exclusion because plaintiff's injuries and medical treatment were central pieces of evidence). The testimony of the three witnesses here is important to Plaintiff's claims. Dr. Law and Dr. Surbrook directly treated Mr. Nichols after the incident and are uniquely positioned to testify about his injuries, his treatment, and his cause of death. Asked whether his observations and diagnoses were caused by the beating, for example, Dr. Law answered, "Yes, I believe so,"

---

[2] Under *Smith*, indeed, the disclosure of Sgt. Craig also falls under the category of lack of surprise, since a corporate parties "have knowledge regarding the information possessed by their own employees and representatives." *Smith*, 265 F.R.D. at 284.

because "he had multi-organ failure with a high probability of mortality on arrival, and I think he succumbed to his organ damage and failure." Ex. 1 at 3. He also testified: "I believe it was not one particular injury but a total -- total of them combined." *Id.* Sgt. Craig led the City's own investigation into the encounter, which sustained excessive-force charges against the five officers, and she agreed that the closed-fist punches in this case were lethal force. *Id.* at 5. This testimony goes to the heart of liability, causation, and damages. The potential harm from late disclosure of important evidence favors exclusion only when the opposing party is caught by surprise and impaired in its ability to respond. That is not the case here: the City has the records, the depositions, the criminal trial testimony of these witnesses, and long-standing notice of each witness's role and anticipated opinions; and it has had weeks to depose the witnesses if it desired to do so. Excluding this testimony would severely prejudice Plaintiff and is unwarranted given the harmlessness of the late disclosure.

**5. The non-disclosing party's explanation for its failure to disclose.**

Plaintiff has explained *supra* that her counsel's failure to disclose the three witnesses was an inadvertent oversight that the litigation team recognized on September 19, and immediately began correcting the next day. As the *Howe* factors themselves recognize, such innocent mistakes do occur. Here, in addition to the representations of the undersigned, there are multiple indicia that the mistake was innocent rather than intentional. ***First***, as set out *supra*, each of the three witnesses was identified in Plaintiff's Rule 26(a)(1) disclosures, those disclosures described the same subject matter of testimony as the Rule 26(a)(2)(C) disclosures, and Plaintiff made no disclosure of *other* Rule 26(a)(2)(C) witnesses. Those factors all suggest a good-faith category error—a mistaken understanding that Rule 26(a)(1) disclosures were all that was required—

rather than a tactical decision to make late Rule 26(a)(2)(C) disclosures, or a late change in tactics about which Rule 26(a)(2)(C) witnesses to disclose.

***Second***, while Plaintiff's disclosure was untimely, Plaintiff made it during the expert discovery period, and did so via two different disclosures—a preliminary one on September 20, and a formal one on September 24—giving defendants the maximum time to arrange for and depose the three witnesses should they desire to do so. That reflects a good-faith intention to correct a mistake. Had Plaintiff intended to gain a tactical advantage, the disclosure would have occurred *after* expert discovery had been completed. Indeed to further mitigate any prejudice caused by the untimely disclosure, Plaintiff counsel emailed the City on September 29 and offered to confer regarding means to mitigate any prejudice the City might have experienced from the disclosures—another effort inconsistent with a bad-faith disclosure designed to secure a tactical advantage. *See* Ex. 2 at 1.

***Third***, the disclosures themselves go above and beyond the requirements of Rule 26(a)(2)(C) disclosures, providing detailed, pin-cited references to the specific opinions that Plaintiff anticipates the witnesses will offer and where the witnesses have previously offered those opinions in the record. The intention of that sort of fulsome, detailed disclosure is to minimize any prejudice to defendants that might result from the disclosure being untimely. It is certainly inconsistent with "underhanded gamesmanship that warrants the harsh remedy of exclusion." *Bisig*, 940 F.3d at 219. Plaintiff respectfully submits that this factor weighs in favor of admission as well.

## CONCLUSION

For the foregoing reasons, Plaintiff's untimely Rule 26(a)(2)(C) disclosure is harmless. Plaintiff respectfully requests that the Court grant her leave to disclose Dr. Law, Dr. Surbrook, and Sgt. Craig attached as **Exhibit 1** out of time.

Date: October 5, 2026

/s/ *Joshua M. Levin*

David L. Mendelson
(Tenn. Bar No. 016812)
Benjamin Wachtel
(Tenn. Bar No. 037986)
MENDELSON LAW FIRM
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103)
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump
(Tenn. Bar No. 038054)
Brooke Cluse*
(Tex. Bar No. 24123034)
BEN CRUMP LAW, PLLC
717 D Street N.W., Suite 310
Washington, D.C. 20004
(337) 501-8356
court@bencrump.com
brooke@bencrump.com

Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
cjohnson@rblaw.net

*Attorneys for Plaintiff*

* Admission *pro hac vice*

**CERTIFICATE OF CONSULTATION**

Plaintiff's counsel e-mailed Defendants' counsel on September 20 and September 24 seeking Defendants' position on the relief requested in this motion. The City, through its counsel Bruce McMullen, stated that it opposes. Counsel for Defendants Hemphill and Dewayne Smith, Betsy Walton, stated that they do not oppose.

*/s/ Joshua M. Levin*