# Exhibit 2

**From:** Joshua Levin
**To:** Betsy Walton; Antonio Romanucci; McMullen, Bruce; Stephen Weil; Silk, Jennie; McKinney, Kelsey; Deborah Godwin
**Cc:** Sarah Raisch; Colton Johnson Taylor
**Subject:** RE: Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure
**Date:** Monday, September 28, 2026 7:18:49 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png

Thank you Betsy. City counsel, we would like to discuss any prejudice you are concerned about arising from the belated disclosure and any ways we can address those concerns. We would like to meet and confer this week. Please let us know when you are available. Or if you would rather confer via email, we would appreciate hearing from you by Wednesday.

Thank you,
Josh

**From:** Betsy Walton <bwalton@gmlblaw.com>
**Sent:** Monday, September 28, 2026 10:59 AM
**To:** Antonio Romanucci <aromanucci@rblaw.net>; McMullen, Bruce <bmcmullen@bakerdonelson.com>; Joshua Levin <JLevin@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Deborah Godwin <DGodwin@gmlblaw.com>
**Cc:** Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>
**Subject:** RE: Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

We do not oppose.

Thanks,
Betsy

**From:** Antonio Romanucci <aromanucci@rblaw.net>
**Sent:** Friday, September 25, 2026 9:51 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Joshua Levin <JLevin@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy Walton <bwalton@gmlblaw.com>; Deborah Godwin <DGodwin@gmlblaw.com>
**Cc:** Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>

**Subject:** Re: Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure

You made your position without the benefit of seeing the disclosure. All that is now required is a response which indicates oppose or not. Co-defendant has not responded yet. We could not assume your position remains the same once proposed disclosures were completed, delivered and reviewed by you. We will take your email as a continuation of your opposition and indicate as such. Have a good weekend.

Get Outlook for iOS

---

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Friday, September 25, 2026 5:51 PM
**To:** Joshua Levin <JLevin@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy Walton <bwalton@gmlblaw.com>; dgodwin <dgodwin@gmlblaw.com>
**Cc:** Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Subject:** RE: Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

It appears that you have a clear understanding of my position; therefore, I assume the contents of this email are directed to counsel for the co-defendant.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

---

**From:** Joshua Levin <JLevin@rblaw.net>
**Sent:** Thursday, September 24, 2026 11:31 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; sweil <sweil@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy Walton <bwalton@gmlblaw.com>; dgodwin <dgodwin@gmlblaw.com>
**Cc:** sraisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; aromanucci <aromanucci@rblaw.net>
**Subject:** RE: Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure

Counsel,

As Steve mentioned in his email below, please find attached Plaintiff's formal Rule 26(a)(2)(C) disclosure.

We understand from Bruce's email below that the City does not agree to stipulate to the disclosure of these witnesses out of time. Please confirm whether you consent to Plaintiff making this disclosure past the deadline. If you do not, we will file a motion with the Court.

Thank you,
Josh

---

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Monday, September 21, 2026 2:49 PM
**To:** Stephen Weil <SWeil@rblaw.net>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy Walton <bwalton@gmlblaw.com>; dgodwin <dgodwin@gmlblaw.com>
**Cc:** Joshua Levin <JLevin@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>
**Subject:** RE: Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

NO we don't agree to any stipulation.

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

---

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Sunday, September 20, 2026 3:51 PM
**To:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Betsy Walton <bwalton@gmlblaw.com>; dgodwin <dgodwin@gmlblaw.com>
**Cc:** JLevin <JLevin@rblaw.net>; sraisch <sraisch@rblaw.net>; Colton Johnson Taylor <cjohnson@rblaw.net>; aromanucci <aromanucci@rblaw.net>
**Subject:** Wells v. City of Memphis et al. -- Rule 26(a)(2)(C) disclosure

Counsel,

When we produced Plaintiff's expert reports to the defendants on April 3, we did not disclose a list of witnesses pursuant to Rule 26(a)(2)(C). That omission was an oversight, and it was inadvertent. We recognized it yesterday. I am writing to advise you that we will be designating three witnesses pursuant to Rule 26(a)(2)(C). We will follow up with formal designations later this week. I am emailing you today to identify the witnesses as promptly as possible.

The three Rule 26(a)(2)(C) witnesses are listed below. We disclosed each of these witnesses under Rule 26(a)(1), and in those disclosures we described the same general scope of testimony for the witnesses that we will describe in our Rule 26(a)(2)(C) disclosure. As with all Rule 26(a)(2)(C) disclosures, these disclosures are made out of an abundance of caution given that the parties do not yet have the benefit of the Court's admissibility rulings under the rules of evidence listed in Rule 26(a)(2)(A).

**Dr. Peter Law.** Dr. Law was one of Tyre Nichols's treating physicians in the ICU at St. Francis hospital following Mr. Nichols' January 7, 2023 admission. Dr. Law was deposed in this case. He is expected to offer testimony and opinions about Mr. Nichols' medical condition and the care provided to him. That testimony and those opinions are expected to be consistent with the entries in Mr. Nichols' medical records during his admission to St. Francis and the testimony Dr. Law gave during his deposition.

**Dr. Michelle Surbrook.** Dr. Surbrook was an ER physician at St. Francis hospital. She provided care for Mr. Nichols on the night of January 7, 2023 following his encounter with Memphis police. She is expected to offer testimony and opinions consistent with the entries in Mr. Nichols' ER medical records.

**Sgt. Donetta Craig.** Sgt. Craig submitted the ISB's investigation report of the officers' encounter with Mr. Nichols on January 7, 2023 and their use of force against him. She was deposed in this case. She is expected to offer testimony and opinions consistent with the ISB report and the testimony she gave during her

deposition.

We request that you please advise us as to whether you will agree to stipulate to the disclosure of these witnesses out of time, or whether you object such that we should anticipate motions practice.

Best regards,

Steve

**Stephen H. Weil**
Senior Attorney

Romanucci & Blandin LLC

**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654

***Go Green - Please don't print this e-mail unnecessarily.***

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.