**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RowVaughn Wells, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:23-cv-02224-SHL-ATC |
| The City of Memphis *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION REGARDING ALLOCATION OF DEPOSITION TIME (ECF 689) AND CROSS-MOTION TO EXTEND DEPOSITION TIME**

Plaintiff RowVaughn Wells responds to Defendants' Joint Motion Regarding Allocation of Deposition Time (ECF 689). She also cross-moves under Federal Rule of Civil Procedure 30(d)(1) for an order extending the depositions of the Indicted Officers to 8.5 hours each if any of them withdraws his invocation of the Fifth Amendment and testifies in substance.

Because of the short time before the depositions (the first is scheduled for October 23 and all must be completed by October 30), Plaintiff respectfully requests an expedited ruling on the relief requested herein.

**BACKGROUND**

This case arises from the beating death of Tyre Nichols by five Memphis police officers (the "Indicted Officers"). Plaintiff has noticed the depositions of Justin Smith, Bean, and Haley for October 23, 27, and 28. Defendants Hemphill and Dewayne Smith intend to depose Martin and Mills, and Plaintiff will cross-notice those depositions.

Under Rule 30(d)(1), the default time for a deposition is limited to seven hours. Counsel for all five officers have represented that their clients will be on the Fifth at their depositions. If

that proves to be true, everyone agrees that seven hours will likely be sufficient for all parties—Plaintiff estimates that she will require three hours to depose an officer who remains on the Fifth, and Defendants have reserved 3.5 hours of the deposition time, meaning the deposition should be completed within Rule 30(d)(1)' s seven-hour allotment.

The present dispute arises from another possibility: what if an officer comes off the Fifth? If that were to occur, Plaintiff would need substantially more time. In an effort to compromise, Plaintiff has proposed that she would take 5 hours. For their part, the Defendants have said that if an officer were to come off the Fifth they would still require 3.5 hours—an allotment Plaintiff does not contest. Counsel for the officers, however, say that if their clients go off the Fifth, they will not agree to have their clients sit for more than Rule 30(d)(1)'s default seven-hour limit. With the parties seeking 8.5 hours of total time, and the officers refusing to sit for more than 7 hours, there is an active dispute.

Defendants' proposed solution is to cut Plaintiff's time to 3.5 hours. Defendants do not explain why *they* require 3.5 hours, or why Plaintiff's examination should shrink to make room for it. Indeed, the City goes further and states that Plaintiff should not receive five hours "under any scenario," but gives no reason. ECF 689 at 3.

**DISCUSSION**

Rule 30(d)(1) sets a presumptive deposition length of one day of seven hours. It also provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The Rules Committee stated that "[t]he presumptive duration may be extended" either by agreement or court order, and that "[t]he party seeking a court order to extend the examination . . . is expected

to show good cause to justify such an order." Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment. The Court echoed this standard in the hearing transcript cited by Defendants, stating that the Court would not allow for more than seven hours of deposition time "absent [a] showing of good cause." ECF 603 at 16:7-9.[1]

As an initial matter, there is no support for the proposition that Plaintiff, alone, bears the burden of establishing "good cause" for the total deposition time in this case. The parties collectively seek more than 7 hours of deposition time, but neither side seeks more than 7 hours for themselves: Plaintiff seeks 5 hours; Defendants seek 3.5. Plaintiff does not necessarily object to Defendants reserving 3.5 hours for each witness, but Defendants' brief is notable for making no effort to show that they have good cause for insisting that they require 3.5 hours for each witness. The Defendants' showing of good cause thus has not been made.

All the same, Plaintiff submits that if an officer comes off the Fifth, there is good cause for extending the deposition past seven hours. One reason can be found in the committee notes themselves: "In multi-party cases, the need for each party to examine the witness may warrant additional time . . . ." Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment. Otherwise, Rule 30(d)(1) directs that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." In that regard, Plaintiff can speak to her own need for a minimum of 5 hours were one of the officers to come off the Fifth and begin testifying in substance about events in this case. Plaintiff reviews those considerations below.

[1] Defendants contend that "the Court has already ruled on this issue." ECF 689 at 2 (citing ECF 603). But in the passage the Defendants cite, the Court stated that it would not allow more than seven hours of deposition time "*absent* [a] showing of good cause," ECF 603 at 16:9 (emphasis added), echoing Rule 30(d)(1).

Rule 26(b)(1) directs that parties should be allowed to obtain "proportional" discovery, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Plaintiff's requested 5-hour deposition time fits well within any proportionality analysis.

Should one of the officers come off the Fifth, it is difficult to imagine discovery more "importan[t]" to "the issues at stake" in this action. Fed. R. Civ. P. 26(b)(1). It is the officers' beating of Tyre Nichols that gave rise to and is at the heart of this case. And despite the existence of video, one need look no further than the two criminal trials of the officers to see that what happened in the beating, and why, is hotly contested.

With respect to the "amount in controversy," Mr. Nichols' injuries and eventual death resulting from the beating could not be more catastrophic. What is more, the Rules Committee made clear that even aside from those damages many cases "may have importance far beyond the monetary amount involved." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment. As one court explained, "[t]his factor looks to whether the action presents issues of civil rights, governmental action, public policy, or other vitally important personal or public values." *Santa Rosa Dev., LLC v. Santa Rosa Cnty.*, No. 3:22-CV-660, 2022 WL 19333304, at *3 (N.D. Fla. Oct. 31, 2022) (quotation omitted). Certainly the facts of this case meet those criteria, weighing in favor of modestly extended deposition time.

Additionally, Plaintiff has no other "access" to testimony from the officers about the version of events they would offer at trial. And should the officers come off the Fifth, Plaintiff's examination is likely to take considerable time given the breadth of factual issues involved. The

officers' encounter with Mr. Nichols is spread across two different scenes. Their beating of Mr. Nichols lasted for a sustained period and involved multiple participants who may not have testimony that agrees. Each of the officers also gave multiple prior written or recorded statements about the beating that would need to be explored. Each of the officers was also involved in other incidents in which civilians were beaten, which Plaintiff intends to explore as well. These prior incidents are important for Plaintiff's *Monell* claim. Plaintiff could reasonably occupy well beyond 5 hours to examine each of the officers on these topics. Plaintiff respectfully submits that her compromise offer of 5 hours is fair and reasonable.

Finally, the burden here simply does not outweigh the benefit of these examinations. The officers are on video participating in a shocking beating that resulted in Mr. Nichols' death. Their insistence on asserting their Fifth Amendment rights throughout this litigation forced Plaintiff to dismiss them as defendants to avoid delaying the trial for years. If the officers come off the Fifth now, after having effectively forced their own dismissal from this case, asking them to sit for an extra 1.5 hours beyond the default deposition time is hardly an undue imposition.

**CONCLUSION**

For the reasons stated above, should any of the officers come off the Fifth, the time for his deposition should be extended from 7 hours to 8.5 hours under Rule 30(d)(1). Because the officer depositions are set to begin on October 23, Plaintiff respectfully requests an expedited ruling on the relief requested herein.

Date: October 11, 2026

/s/ *Joshua M. Levin*

David L. Mendelson
(Tenn. Bar No. 016812)
Benjamin Wachtel
(Tenn. Bar No. 037986)

Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)

MENDELSON LAW FIRM
799 Estate Place
Memphis, TN 38187
(901) 763-2500 (ext. 103)
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump
(Tenn. Bar No. 038054)
Brooke Cluse*
(Tex. Bar No. 24123034)
BEN CRUMP LAW, PLLC
717 D Street N.W., Suite 310
Washington, D.C. 20004
(337) 501-8356
court@bencrump.com
brooke@bencrump.com

Colton Johnson Taylor* (Ill. Bar No. 6349356)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
cjohnson@rblaw.net

*Attorneys for Plaintiff*

* Admission *pro hac vice*

## CERTIFICATE OF CONSULTATION

Pursuant to LR 7.2(a)(1)(B), I certify that between October 6 and October 10, 2026, counsel for Plaintiff, the Defendants, and the Indicted Officers consulted regarding this dispute via email. Despite extended correspondence the parties were unable to resolve the dispute.

/s/ *Joshua M. Levin*