**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROWVAUGHN WELLS, Individually and as Administratrix of the Estate of Tyre Deandre Nichols, Deceased<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF MEMPHIS, TENNESSEE, PRESTON HEMPHILL, and DEWAYNE SMITH,<br><br>Defendants. | ) | No. 2:23-cv-02224-SHL-atc |

**ORDER DENYING DEFENDANTS' JOINT MOTION REGARDING ALLOCATION OF DEPOSITION TIME**

The Motion before the Court, Defendants' Joint Motion Regarding Allocation of Deposition Time, is an anticipatory one. In it, Defendants' position is this: IF the former Defendant Officers do not exercise their Fifth Amendment rights at their upcoming depositions, something they have repeatedly stated they will do, the Parties cannot agree on the time allocation for the depositions. In keeping with how the Parties have approached this case thus far, they seek to litigate an issue that is not likely to arise.

However, since they have raised the issue, the Court will rule. First, it appears that the Parties have come to an agreement, an unusual situation in this matter. That is, the Parties have agreed that if the former Defendant Officers DO exercise their Fifth Amendment rights, Plaintiff has agreed to a deposition time limit for their questions of 3.5 hours and Defendants will similarly restrict their questioning to 3.5 hours. Thus, if what is anticipated happens, there is no disagreement as to how things will proceed. Each deposition will last no longer than 7 hours.

In the unlikely event that the former Defendant Officers do not rely on their Fifth Amendment rights and answer questions about the encounter with Mr. Nichols, Plaintiff requests 5 hours of deposition time per witness and Defendants request 3.5 hours, which would exceed Fed. R. Civ. P 30(d)(1)'s 7 hour limit. However, as Plaintiff notes, the Rule itself allows for an extension of that time by agreement or court order. Moreover, despite Defendants' contention that the Magistrate Judge already ruled on this issue, her ruling was in the context of different depositions and she specifically stated that others may exceed 7 hours for good cause. It would be difficult to find better cause than the depositions of the officers directly involved in actions at the core of this case.

Therefore, Defendants' Motion is **DENIED**. In the event that the former Defendant Officers exercise their Fifth Amendment rights, the depositions shall be no longer than 7 hours, with each side allotted 3.5 hours of time for questions and answers. If the former Defendant Officers do not invoke their rights, the depositions shall be no longer than 8.5 hours, with Plaintiff allotted 5 hours and Defendants allotted 3.5 hours.

**IT IS SO ORDERED,** this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE