**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| RowVaughn Wells,<br><br>Plaintiff,<br><br>v.<br><br>The City of Memphis *et al.*,<br><br>Defendants. | Case No. 2:23-CV-02224 |

**JOINT MOTION FOR LEAVE TO TAKE THE DEPOSITION OF DESMOND MILLS AFTER THE OCTOBER 30, 2026 DEADLINE**

Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiff RowVaughn Wells and Defendants Preston Hemphill and DeWayne Smith (together, "movants"), through their undersigned counsel, move jointly for leave to take the deposition of former defendant Desmond Mills Jr. after the October 30, 2026 deadline for former defendant officer depositions, and request that the deadline for Mills's deposition be extended to December 11, 2026. Mills does not object. Defendant City of Memphis has voiced no objection. In support of their motion, Movants state as follows:

1. Under the operative scheduling order, the deadline for completing the depositions of the former defendant officers is October 30, 2026. ECF 672 at 1. Expert witness depositions must be completed by November 20, 2026, and dispositive motions are due January 22, 2027. *Id.* at 1–2.

2. A schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause supports the limited extension requested here.

3. The parties have worked diligently to complete the former defendant officer depositions by October 30. Plaintiff's counsel began coordinating the scheduling of those

depositions in July 2026 and, on August 26, 2026, asked all counsel for their availability from October 5 through October 30. Four of the five officer depositions are scheduled to take place before the deadline: Justin Smith on October 23, Tadarrius Bean on October 27, Demetrius Haley on October 28, and Emmitt Martin III on October 30.

4. On October 5, Hemphill and DeWayne Smith, who wish to depose Martin and Mills, requested their availability. Plaintiff later determined that she also needed to depose Martin and Mills after learning that both are located more than 100 miles from Memphis such that their depositions may be the only means of presenting their testimony at trial. *See* Fed. R. Civ. P. 32(a)(4)(B), 45(c)(1). Plaintiff did not learn where Martin and Mills were located until the week of October 12, 2026, less than three weeks before the deadline.

5. By that time, it was not feasible to fit Mills's deposition in before October 30. The parties were coordinating four other officer depositions in the remaining days around the schedules of eight sets of counsel (counsel for Plaintiff, the City, Hemphill and D. Smith, and each of the five former defendant officers). Distance compounded the difficulty: Martin and Mills are each located hundreds of miles from Memphis (where the other former defendant officers were being deposed) and from each other, so their depositions require counsel to travel long distances, including in locations without a daily direct commercial flight. Despite the parties' repeated efforts, they could not identify a mutually available date for Mills's deposition before the deadline.

6. The movants respectfully request an extension to December 11 to take Mills's deposition due to a number of scheduling conflicts in November. Mills's counsel has advised that he will be in a jury trial the week of November 2. The rest of November is largely consumed by expert discovery in this case: Plaintiff must depose Defendants' six experts by the November 20 deadline. ECF 672 at 1. And Thanksgiving falls the following week. An extension to December 11

will give the parties, Mills, and Mills's counsel a realistic window to schedule and complete the deposition.

7. The requested extension will not affect any other deadline in the scheduling order, including the January 8, 2027 deadline for *Daubert* motions, the January 22, 2027 dispositive motion deadline, or the May 17, 2027 trial date. ECF 672 at 1–2.

8. Mills does not object to the requested extension. Nor has the City voiced any objection. The requested extension will not prejudice the City or impact its summary judgment record, as the City has advised that it is not requesting the depositions of the officers. And in any event, Mills's deposition will be completed six weeks before the dispositive motion deadline.

9. This request is made in good faith and not for purposes of delay.

WHEREFORE, the movants respectfully request that the Court enter an order granting the parties leave to take the deposition of Desmond Mills Jr. after October 30, 2026, and extending the deadline for his deposition to December 11, 2026.

Dated: October 23, 2026

Respectfully submitted,

*/s/ Joshua M. Levin*
Antonio M. Romanucci* (Ill. Bar No. 6190290)
Sarah Raisch* (Ill. Bar No. 6305374)
Joshua M. Levin* (Ill. Bar No. 6320993)
Stephen H. Weil* (Ill. Bar No. 6291026)
Sam Harton* (Ill. Bar No. 6342112)
Colton Johnson Taylor* (Ill. Bar No. 6349356)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St., Ste. 900
Chicago, IL 60654
P: (312) 458-1000
aromanucci@rblaw.net
sraisch@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
sharton@rblaw.net
cjohnson@rblaw.net

*/s/ Betsy Bartlett Walton (with permission)*
Deborah E. Godwin
Betsy Bartlett Walton
**GODWIN, MORRIS, LAURENZI & BLOOMFIELD, P.C.**
80 Monroe, Suite 315
Memphis, Tennessee 38103
(901) 528-1702
dgodwin@gmlblaw.com
bwalton@gmlblaw.com

*Attorneys for Defendants Preston Hemphill and DeWayne Smith*

David L. Mendelson (Tenn. Bar No. 016812)
Benjamin Wachtel (Tenn. Bar No. 037986)
**MENDELSON LAW FIRM**
799 Estate Place
Memphis, TN 38187
+1 (901) 763-2500 (ext. 103), Telephone
+1 (901) 763-2525, Facsimile
dm@mendelsonfirm.com
bw@mendelsonfirm.com

Benjamin Crump (Tenn. Bar No. 038054)
Brooke Cluse* (Tex. Bar No. 24123034)
**BEN CRUMP LAW, PLLC**
717 D Street N.W., Suite 310
Washington, D.C. 20004
+1 (337) 501-8356 (Cluse), Telephone
court@bencrump.com
brooke@bencrump.com

*Attorneys for Plaintiff*

* Admission *pro hac vice*

**CERTIFICATE OF CONSULTATION**

Plaintiff's counsel, Joshua Levin, conferred with counsel for Defendants Hemphill and DeWayne Smith, Betsy Walton, by telephone on October 16 and 22, 2026, and Ms. Walton agreed to the relief requested in this motion. On October 16, Mr. Levin emailed counsel for all parties and the former defendant officers, describing the requested relief and asking for the City's position. As of the filing of this motion, the City has not responded. On October 19, Mr. Levin emailed Mills's counsel, Blake Ballin, to ask whether Mills objects to the requested extension. Mr. Ballin responded that Mills has no objection.

*/s/ Joshua M. Levin*