**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROWVAUGN WELLS, individually and as Administratrix ad Litem of the Estate of TYRE DEANDRE NICHOLS, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | No: 2:23-cv-02224-SHL-atc |
| THE CITY OF MEMPHIS, a municipality, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Further to Local Rule LR7.2(a)(1) counsel submits the following memorandum in support of the instant Motion.

The Federal Rules of Civil Procedure provide in part that * * * any person from whom discovery is sought may move for a protective order in the court where the action is pending. Rule 26(c)(1), Fed. R. Civ. P.

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

*Id*. Also,

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient,

less burdensome, or less expensive;

Fed. R. Civ. P. 26(b)(2)(C)(I).

Non-party movant Mills invokes those Rules in requesting the Court for a protective order providing that Mills' deposition shall proceed, but that the terms of the deposition be altered from in-person to video conference. The Court may specify that requested term under Rule 26(c)(1)(B), Fed. R. Civ. P., on the grounds that the discovery sought can be obtained by deposition via video conference, which would be less burdensome and less expensive.

At an in-person deposition, because counsel for Plaintiff would be in the same room as Mills, Movant would require the physical presence his attorney in Charleston, WV. Although there is an option for counsel for Defendants to participate in this deposition via video conference, an in-person deposition could also require them to travel from Memphis to Charleston. Google Maps reports driving time from Memphis to Charleston to be a nine- to eleven-hour transit depending upon the route chosen. The trip is a six-hundred-mile drive. For any attorney who feels compelled to attend the Mills deposition in person that amounts to one day driving there, one day of deposition, and one day to return. The Court may take notice of the air travel experiences of November 2026, yet, even with smooth sailing the time involved is not significantly diminished. Air travel would require an unnecessary expense in addition to the financial burden of reserving a hotel room for any attorney required to appear in Charleston.

Non-party movant Mills does not seek to replace Plaintiff's choice of discovery via deposition, only that the deposition take place via video conference. Counsel for Mills is aware that the Court denied relief to certain other Former Officer Defendants, ECF 686, who moved the Court to substitute Rule 31, Fed. R. Civ. P., written questions instead of depositions. Yet those Former Officer Defendants were merely speculating, anticipating problems with conventional

depositions. *See* ECF 686, Page ID 10588. Here, non-party movant Mills only seeks to eliminate the down time and cost of travel, not to eliminate the deposition on December 8, 2026.

A request similar to Mills' motion here was granted in *Kirlkand v. City of Maryville*, 2020 WL 12863656, at *3 (E.D. Tenn. Aug. 17, 2020). The *Kirlkand* defendant sought an in-person deposition of that plaintiff, and plaintiff moved under Rule 26(c) for the deposition to take place via Zoom. *Id*., at *1. Plaintiff prevailed on the grounds of COVID-19 risks, yet the district court noted that:

> As to Defendant's desire to observe in-person Plaintiff's demeanor and responses, Defendant does not identify a single case endorsing the view that depositions by video conference present an impediment to assessing witness credibility. Tellingly, courts have rejected such an argument, both before and during the COVID-19 pandemic.

*Id*., at *3 (cleaned up). *See also Brooks v. Charter Twp. of Clinton*, 2014 WL 1304624, at *4 (E.D. Mich. Mar. 31, 2014) (*The court also notes that parties routinely conduct depositions via video conference, and courts encourage the same because doing so minimizes travel costs.*) (*cleaned up*).

This Court granted a protective order on the grounds of undue burden or expense related to travel, when the discovering party could protect its interests adequately via teleconference. *Mueller Brass Co. v. Crompton*, No. 2:20-CV-02496-SHL-ATC, 2026 WL 1538151, at *3 (W.D. Tenn. June 1, 2026); *see also Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447, 450 (W.D. Tenn. 2008) (*If the Defendants wish to take an in-person oral deposition of such a plaintiff, they may travel to that plaintiff's city of residence. The Defendants may also use alternative means such as the telephone or video conferencing.*).

Here, an in-person deposition has absolutely no advantage over a deposition conducted by video conference. Video conference platforms have been developed to allow participants to

seamlessly show documents, images and videos to witnesses. The need to capture the testimony at a deposition is also met through a simple and routine recording of the video conference. In the year 2026, jurors are accustomed to communication on services such as Zoom or Facetime. This familiarity and the high quality of the video produced by these services allow jurors to effectively observe the demeanor and assess the credibility of witnesses. Additionally, when, as here, the witness will not provide substantive answers to questions but will instead invoke his Fifth Amendment right, the value of any analysis of demeanor or evaluation of credibility is greatly diminished. Absolutely nothing that can be accomplished through an in-person deposition cannot also be accomplished via videoconference. Instead, an in-person deposition only needlessly wastes the time and resources of those involved in this litigation.

The Court manifestly has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. *Kirlkand*, 2020 WL 12863656, at *1. Non-party movant Mills urges the Court to exercise that discretion and grant an order of protection providing that Mills' deposition shall be taken only by video conference.

/s/ Blake D. Ballin
Tennessee Bar Number 23491
Ballin, Ballin & Fishman, P.C.
200 Jefferson Ave., Suite 1250
Memphis, TN 38103
(901) 525-6278
bballin@bbfpc.com
*Attorney for Desmond Mills*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all interested parties via ECF Electronic mail this the **18th** day of November, 2026.

/s/ Blake D. Ballin